PARIENTE, J.
The Family Law Rules Committee (“the rules committee”) and the Family Court Steering Committee (“the steering committee”) have submitted to this Court proposed amendments to the Florida Family Law Rules of Procedure and the Florida Family Law Forms.[1] We published the committees’ proposed amendments in the January 1 and January 15, 2000 editions of The Florida Bar News, and nearly all of the resulting comments related to the proposed domestic and repeat violence injunction forms. We herein accordingly focus most of our attention on those forms, and additionally address who shall have continuing responsibility for the family law forms.
I. BACKGROUND
Simplifying the process has been, and continues to be, a primary goal of this Court in the family law context. Beginning with the establishment of the circuit court family divisions in 1991, this Court set out to “provide a better means for resolution of family issues in this state.” In re Report of the Comm’n on Family Courts, 588 So.2d 586, 592 (Fla.1991). Upon adopting family law rules and forms in 1995, this Court “extensively redrafted the [proposed] rules to eliminate as much complexity as possible ... [and] in an effort to assist the many pro se litigants in family law cases, ... redrafted the [proposed] rules to include Florida Supreme Court Approved Simplified Forms and instructional commentary and appendices.” In re Family Law Rules of Procedure, 663 So.2d 1047, 1048 (Fla.1995).
In again amending the family law rules and forms later in 1995, this Court directed “particular emphasis on revisions to *2 further simplify the family law process for the many pro se litigants in family law cases.” In re Family Law Rules of Procedure, 663 So.2d 1049, 1053 (Fla.1995). In later amending the family law rules and forms in 1998, this Court reiterated that “[t]he development of common sense rules and forms in family law cases, understandable by both lawyers and pro se litigants alike, is essential,” that “the rules governing family law eases should be crafted to establish an easy-to-understand process,” and that “[o]ur goal must be to simplify the process. Otherwise, we deny many citizens meaningful and affordable access to the courts, particularly when so many of them are self-represented.” Amendments to the Fla. Family Law Rules, 713 So.2d 1, 2 (Fla.1998).
This is especially true in the domestic violence context, wherein a great many of the litigants are unrepresented. As found by the Legislature, “the incidence of domestic violence in Florida is disturbingly high, and despite efforts of many to curb this violence, ... one person dies at the hands of a spouse, ex-spouse, or cohabitant approximately every 3 days.” § 741.32(1), Fla. Stat. (1999) (“Certification of Batterers’ Intervention Programs”); see also Weiand v. State, 732 So.2d 1044, 1053 (Fla.1999) (“It is now widely recognized that domestic violence ‘attacks are often repeated over time, and escape from the home is rarely possible without the threat of great personal violence or death.’ ”).
With so much at stake, simplicity in seeking, obtaining, and understanding the relief granted in domestic violence injunction cases is absolutely essential, especially in cases involving pro se litigants. We have in the past recognized that “domestic and repeat violence injunctions are an important and significant responsibility of family courts,” In re Family Law, 663 So.2d at 1049, and that it is extremely important to have “domestic violence issues addressed in an expeditious, efficient, and deliberative manner.” In re Report of the Comm’n on Family Courts, 646 So.2d 178, 182 (Fla.1994). We now reiterate that “we do not want these important issues to become bogged down in an administrative morass.” Id.
Uniformity in the form injunction orders themselves is likewise essential in this context. In adopting and requiring the use of standardized injunction forms in domestic and repeat violence cases in 1998, this Court recognized that, at that time, “most counties use[d] different injunction forms, which often result[ed] in enforcement problems across county lines for law enforcement officers” and that “standardized forms would assist law enforcement officers in the enforcement of injunctions because, at a glance, they would be able to easily determine the terms of an injunction no matter which court generated the injunction.” Amendments to the Fla. Family Law Rules, 713 So.2d at 3; see also In re Amendments to the Fla. Family Law Rules of Procedure (Self Help), 725 So.2d 365, 367 (Fla.1998) (explaining that adoption of the mandatory domestic violence injunction forms was to provide for statewide consistency in the use of the forms, and that “[t]his consistency was necessary given the distinct problems that are inherent in domestic violence cases”).
II. THE PROPOSED DOMESTIC AND REPEAT VIOLENCE INJUNCTION FORMS
The steering committee now explains that, after the adoption of the mandatory domestic and repeat violence injunction forms, “attorneys, judges, legal services organizations and other affected individuals and groups raised a number of concerns about the forms,” and that “[t]he Domestic Violence Subcommittee of the *3 Steering Committee carefully reviewed those concerns in developing the recommendations in [the present] petition.” As a result, according to the steering committee, “[t]he most significant proposed change to the form injunctions is the creation of separate forms for domestic violence cases involving children and domestic violence cases not involving children.”
We approve the steering committee’s proposal to create separate domestic violence injunction forms for cases involving children and cases not involving children. We below more specifically discuss the content of those domestic violence injunction forms, as well as the repeat violence injunction forms, proposed by the steering committee.[2] We also address related rule 12.610(c)(2)(A) proposed by the rules committee, which specifically pertains to the domestic and repeat violence injunction forms. We do not attempt to address every proposal and every comment received; rather, we focus our attention on the especially significant and pertinent proposals and comments, and particularly discuss all comments that have resulted in a modification to the proposed domestic and repeat violence injunction forms or related rule 12.610(c)(2)(A).
In so doing, we again emphasize the importance of simplicity and uniformity in these mandatory injunction forms. At the same time, however, we recognize that a “one size fits all” approach has the potential of rendering the injunction forms cumbersome for trial judges to use and litigants to understand. Accordingly, we have actively solicited and remain especially sensitive to comments from judges and others who use the forms on a daily basis.
A. Notice of Hearing
1. “For Example” Language: The proposed Temporary Injunction for Protection Against Domestic Violence forms in the “Notice of Hearing” section provide in pertinent part that at the scheduled hearing “the Court will consider whether the Court should issue an Injunction for Protection Against Domestic Violence, which would remain in effect until modified or dissolved by the Court, and whether other things should be ordered, including who should pay the filing fees and costs.” Attorneys Margaret Pearce of the Center Against Spouse Abuse and Denise Springer of Gulf Coast Legal Services suggest the following change at the end of this provision: “and whether other things should be ordered, including, for example, such matters as who should pay the filing fees and costs, visitation and support.” (Underscoring supplied to emphasize suggested changes.) They urge that “[t]his addition not only advises each party that these issues may be addressed at the hearing, but also clarifies the confusion by many petitioners and respondents who mistakenly believe that a permanent injunction will likewise automatically prohibit visitation.” They suggest that “[t]his can be particularly problematic when the petitioner appears for the return hearing to request a dismissal based on this belief.” We agree and, with minor modification, add the suggested “for example” language to the “with child(ren)” *4 form at issue, but of course omit the reference to visitation in the “without child(ren)” form at issue. We also sua sponte make clear in both of these forms that, at the scheduled hearing, “the Court will consider whether the Court should issue an Final Judgment of Injunction for Protection Against Domestic Violence.” (Struck-through type/underscoring supplied to emphasize changes.) We have made parallel changes in the Temporary Injunction for Protection Against Repeat Violence form.
2. “If Any” Language: The proposed Temporary Injunction for Protection Against Domestic Violence forms in the “Notice of Hearing” section also provide in pertinent part that “[a]ll witnesses and evidence must be presented at this time” (i.e., at the scheduled hearing). The steering committee urges that this proposed language “will clarify for the parties that the final hearing is evidentiary in nature.” Attorneys Pearce and Springer agree that “[i]t is a good idea to advise the parties that the return hearing is the time to present witnesses and evidence,” but point out that “there are rarely witnesses to domestic violence.” They therefore suggest that the sentence at issue should read: “All witnesses and evidence, if any, must be presented at this time,” urging that “[w]ithout the insertion of ‘if any,’ ... petitioners may be intimidated into thinking they do not have a chance if they do not have witnesses” and that “the currently proposed wording [may] appear[ ] as a mandate to bring witnesses and evidence, which may lead to unnecessarily lengthy hearings and much irrelevant testimony.” (Underscoring supplied to emphasize suggested change.) These insights are well-taken, and we accordingly add the suggested “if any” language to that proposed by the steering committee, which we approve.
3. Possible Abuse of the Domestic Violence Injunction Process: The proposed Temporary Injunction for Protection Against Domestic Violence forms in the “Notice of Hearing” section further provide in pertinent part that, “[i]n all cases where temporary support issues have been alleged in the pleadings, each party is ordered to bring his or her financial affidavit ..., tax return, pay stubs, and other evidence of financial income to the hearing.” The steering committee urges that this proposed language “will make it more likely that a court asked to establish support will have a sufficient evidentiary basis upon which to do so.”
Trial courts in the domestic violence injunction context clearly have the discretion to establish temporary support for the petitioner or any minor children involved. See § 741.30(6)(a)(4), Fla. Stat. (1999). However, Judge Irene H. Sullivan of the Sixth Judicial Circuit Court suggests that the domestic violence injunction process is sometimes abused “by those people really seeking support who have an existing case, without the need for an injunction.” In this vein, Judge Sullivan urges the following change to the proposed language at issue: “In all cases where temporary support issues have been alleged in the pleadings, and no other dissolution of marriage, paternity and/or support litigation is pending, each party is ordered to bring his or her financial affidavit....” (Struck-through type/ underscoring supplied to emphasize suggested changes.)
We share Judge Sullivan’s concerns about possible abuse of the domestic violence injunction process, but decline to adopt most of her suggested language for the notice of hearing at issue. As proposed by the steering committee, the notice of hearing plainly advises the parties where to be, when to be there, what to bring, and that certain assistance is avail *5 able to people with disabilities. Such straightforward simplicity in the notice of hearing is invaluable, especially in cases involving pro se litigants, for whom these forms were primarily developed. Guarding against possible abuse of the domestic violence injunction process, while of course a worthy and necessary goal, is more of a policy concern that falls outside the limited and functional purposes of the notice of hearing, and attempting to address such a concern in the notice of hearing may unnecessarily complicate matters.[3] We accordingly approve the language proposed by the steering committee in this regard, with only the word “all” deleted as suggested by Judge Sullivan.
4. Transcription: Finally, the proposed Temporary Injunction for Protection Against Domestic Violence forms in the “Notice of Hearing” section do not address transcription of the final hearing. This issue was recently discussed in Chief Judge Warner’s special concurrence in Lawrence v. Walker, 751 So.2d 68 (Fla. 4th DCA 1999), wherein the Fourth District Court of Appeal per curiam affirmed in an appeal from a final judgment for protection against domestic violence. In her special concurrence, Chief Judge Warner agreed that affirmance was compelled, “as we cannot evaluate the merits of the contentions raised by the appellant without a transcript of the hearing in which the evidence was presented.” Id. at 68 (Warner, C.J., specially concurring). Chief Judge Warner continued that
[t]he appellant complains that he did not know that the hearing would not be recorded or reported. He assumed that this was a criminal proceeding and that all such proceedings are recorded. A petition for an injunction against domestic violence, however, is a civil proceeding, and as yet there is no requirement that such matters be transcribed at public expense. Therefore, the party must arrange in advance for the reporting and transcription of the proceedings.
It is indeed unfortunate that parties frequently are unaware of this requirement until after the fact. With so much litigation being conducted pro se, it seems to me that in the notice for the final hearing on the injunction the parties should be alerted that if they want the hearing reported it is up to them to arrange for the services of a court reporter to transcribe the proceedings. Without a record, a party’s ability to exercise their appellate rights is, in most cases, lost before the final judgment is ever entered.
Id. (citations omitted; emphasis added) (Warner, C.J., specially concurring). We entirely agree, and accordingly borrow from similar language in existing forms to add the following language to the “Notice of Hearing” section of both the temporary domestic and repeat violence injunction forms:
NOTICE: Because this is a civil case, there is no requirement that these pro *6 ceedings be transcribed at public expense.
YOU ARE ADVISED THAT IN THIS COURT:
_a. a court reporter is provided by the court.
_b. electronic audio tape recording only is provided by the court. A party may arrange in advance for the services of and provide for a court reporter to prepare a written transcript of the proceedings at that party’s expense.
_c. no electronic audio tape recording or court reporting services are provided by the court. A party may arrange in advance for the services of and provide for a court reporter to prepare a written transcript of the proceedings at that party’s expense.
A RECORD, WHICH INCLUDES A TRANSCRIPT, MAY BE REQUIRED TO SUPPORT AN APPEAL. THE PARTY SEEKING THE APPEAL IS RESPONSIBLE FOR HAVING THE TRANSCRIPT PREPARED BY A COURT REPORTER. THE TRANSCRIPT MUST BE FILED WITH THE REVIEWING COURT OR THE APPEAL MAY BE DENIED.
B. Injunction and Terms
1. “Other Violation” Language: All of the proposed domestic and repeat violence injunction forms in the “Injunction and Terms” section set forth a ‘Violence Prohibited” provision, at the end of which attorneys Pearce and Springer suggest adding the following statutory language: “Respondent shall not commit any other violation of the injunction through an intentional unlawful threat, word, or act to do violence to the petitioner.” See §§ 741.31(4)(a)(4), 784.047(4), Fla. Stat. (1999) (domestic and repeat violence, respectively). We adopt this suggested “other violation” language based on the statutes cited.
2. No Contact Provision: All of the proposed domestic and repeat violence injunction forms in the “Injunction and Terms” section also provide in pertinent part:
No Contact.
a. Unless otherwise provided herein, Respondent shall have no contact with Petitioner. Respondent shall not directly or indirectly contact Petitioner in person, by mail, e-mail, fax, telephone, through another person, or in any other manner. Further, Respondent shall not contact or have any third party contact anyone connected with Petitioner’s employment or school to inquire about Petitioner or to send any messages to Petitioner. Unless otherwise provided herein, Respondent shall not go to, in, or within 500 feet of: Petitioner’s current residence ... or any residence to which Petitioner may move; Petitioner’s current or any subsequent place of employment ... or place where Petitioner attends school; or the following other places (if requested by Petitioner) where Petitioner or Petitioner’s minor children) go often: _ Respondent may not knowingly come within 100 feet of Petitioner’s automobile at any time.
[Initial if applies; Write N/A if not applicable]
_ b. Petitioner and Respondent are employed by the same employer, work at the same physical location, or attend the same school. Accordingly, the following restrictions apply: _
_ c. Other provisions regarding contact:
*7 (Struek-through type/underscoring supplied to emphasize proposed changes.)
a. Subdivision (b) Unnecessary: As urged at oral argument by Judge Robert K. Rouse, Jr., Chief Judge of the Seventh Judicial Circuit Court, judges seldom encounter the somewhat unique fact pattern reflected in subdivision (b) of the proposed “no contact” provision regarding the petitioner and respondent working together or attending the same school. Accordingly, he suggests striking subdivision (b), urging that judges can simply address this rare fact pattern whenever necessary in the subdivision for “other provisions regarding contact.” We agree and accordingly strike subdivision (b) of the proposed “no contact” provision.
b. “Other Provisions Regarding Contact”: Similarly, the subdivision for “other provisions regarding contact” in the proposed “no contact” provision can accommodate other case-specific fact patterns as the need arises. For example, we received similar comments from both the rules committee and Judge Patrick G. Kennedy of the Seventh Judicial Circuit Court urging explicit options for telephonic contact between the respondent and any minor children involved. Additionally, in questioning the proposed amendment barring any third-party contact between the respondent and the petitioner, the rules committee urges that “[wjhile ... such contact may be used by the respondent to harass or intimidate the petitioner, there may be legitimate reasons for third-party contact, such as arranging for visitation.” The steering committee counters that “the prohibition of indirect, third-party contact is appropriate in the bulk of domestic violence cases” and that the subdivision for “other provisions regarding contact” “permits modification of such a prohibition where necessary to arrange child visitation or where necessary for other proper purposes.”
We agree with the steering committee. Any specific instructions regarding telephonic or third-party contact — or any other exception to the standard “no contact” provision — may easily be inserted in the subdivision for “other provisions regarding contact” as necessary on a case-by-case basis.[4] Such an approach fosters the foundational goals of both simplicity and uniformity in the standard “no contact” provision at issue.
c.Clarifying Language: However, we are concerned that, as suggested by Judge Rouse at oral argument, a pro se respondent reading the standard “no contact” provision may see the initial, bolded “No Contact” heading, incorrectly perceive that heading as an unqualified directive, and read no further to realize that these or other exceptions may exist several lines down in the subdivision for “other provisions regarding contact.” This may be especially problematic in both the temporary and final domestic violence injunction with minor children forms, wherein child custody and visitation exceptions occur several full pages (not just several lines) from the initial, bolded “No Contact” heading.
*8 To remedy this potentially confusing situation, we insert in all the domestic and repeat violence injunction forms the following bolded language immediately after the initial, bolded “No Contact” heading: “Respondent shall have no contact with Petitioner unless otherwise provided in this section.” Additionally, in the temporary domestic violence injunction with minor children form, we continue this new bolded sentence to read “or unless paragraph 14 below provides for contact connected with the temporary custody of and visitation with minor child(ren),” and in the final domestic violence injunction with minor children form, continue it to read “or unless paragraphs 13 through 19 below provide for contact connected with the temporary custody of and visitation with minor child(ren).”
d. 500-Foot Prohibition: As to the 500-foot prohibition in the “no contact” provision at issue, Judge S. James Foxman of the Seventh Judicial Circuit Court suggests “instead of saying 500 feet, why not leave the number blank,” urging that “[w]e have too many situations where the 500 feet prohibition does not work.” However, leaving the space blank would contribute to a lack of uniformity which, as discussed above, is one of the foundational goals of the forms at issue. As also discussed above, any exception to the standard “no contact” provision (including a variance of the 500-foot prohibition) may easily be inserted in the subdivision for “other provisions regarding contact” as necessary on a case-by-case basis. Accordingly, in keeping with this Court’s prior explicit adoption of the 500-foot prohibition, we decline to strike it now. See Amendments to the Fla. Family Law Rules, 713 So.2d at 4 (“[W]here the forms prohibited a respondent from going ‘near’ a petitioner’s residence or place of employment, we have modified the forms to prohibit a respondent from going within 500 feet of petitioner’s residence or place of employment unless otherwise provided by the trial judge issuing the injunction.”).
Also as to the 500-foot prohibition, Judge Kennedy comments that
[t]he 500’ prohibition causes great confusion where the parties accidentally encounter each other in a public area such as a mall, a concert, or a school. Does the respondent then have the responsibility to leave immediately even though he or she was already there when the petitioner arrived? Perhaps the injunction should explain that should the parties accidentally meet in a public place, neither has the obligation to leave but the respondent shall not approach the petitioner nor attempt to communicate with petitioner in any way.
We decline to alter the forms based on this comment, but take this opportunity to stress that the 500-foot prohibition applies only to the specific locations listed (i.e., the petitioner’s residence, place of employment, school, or other specifically listed places that the petitioner or minor children go often).
3. Firearm Provision: The Final Judgment of Injunction for Protection Against Domestic Violence forms in the “Injunction and Terms” section also include a firearms provision that contains, among other things, a warning that provides in pertinent part:
NOTE: RESPONDENT IS ADVISED THAT IT IS A FEDERAL CRIMINAL FELONY OFFENSE TO SHIP OR TRANSPORT IN INTERSTATE OR FOREIGN COMMERCE, OR POSSESS IN OR AFFECTING COMMERCE, ANY FIREARM OR AMMUNITION; OR TO RECEIVE ANY FIREARM OR AMMUNITION WHICH HAS BEEN SHIPPED OR TRANSPORTED IN INTERSTATE *9 OR FOREIGN COMMERCE WHILE SUBJECT TO SUCH AN INJUNCTION.
Attorneys Pearce and Springer suggest adding the following language at the very end of the warning: “EVEN IF THIS ORDER STATES OTHERWISE.” They explain that “[apparently, some courts across the state are not prohibiting respondents from using or possessing a firearm, even though such a prohibition is mandated by law absent the possible exception of an active duty law enforcement officer.” However, we are concerned that adding the suggested language might be confusing, especially to pro se litigants, whose understanding of these forms is especially important. We therefore decline to adopt the suggested language, and instead approve the subject firearm warning as set forth by the steering committee.
C. Temporary Exclusive Use and Possession of Home
1. Alternatives in the “Possession of Home” Option: All of the proposed domestic violence injunction forms in the “Temporary Exclusive Use and Possession of Home” section set forth an option that provides in pertinent part: “Possession of the Home. ( ) Petitioner ( ) Respondent shall have temporary exclusive use and possession of the dwelling place located at: [space for address].” Attorneys Pearce and Springer suggest that this Court
[d]elete [the] brackets giving a place for the court to grant the respondent exclusive use. The respondent has not even pled for exclusive use. Just because exclusive use is denied or not requested by the petitioner (usually because s/he feels she must at least temporarily flee the home for her safety or because s/he believes she will be subjected to less wrath of the respondent if the respondent is given some time to secure another residence), does not mean the respondent should be awarded exclusive use. We are concerned that this may impact the petitioner negatively in later proceedings, including in a dissolution of marriage. Many petitioners who choose to stay at a shelter ór a relative’s home temporarily may feel it is safe and/or necessary to ask for exclusive use by the time of the return hearing.
We appreciate these insights, but are concerned with Pearce and Springer’s blanket premise that “[t]he respondent has not even pled for exclusive use.” While this is surely often the case, it is our understanding that respondents sometimes do affirmatively plead for exclusive use at the hearing for the Final Judgment of Injunction for Protection Against Domestic Violence. Even as to the Temporary Injunction for Protection Against Domestic Violence (where there typically is no hearing), we are not prepared to say that, as a matter of law, a respondent may never be awarded exclusive use.
Such an actual case or controversy is not presently before this Court, and it is not our role in approving forms to definitively rule on such undeveloped and unresolved points of law. See, e.g., Florida Bar Revisions to Simplified Forms, 774 So.2d 611, 612 (Fla.2000) (in approving simplified lease forms, stating that “[w]e express no opinion as to whether these approved lease forms comport with current law”); cf, e.g., Standard Jury Instructions—Civil Cases (No. 98-1), 746 So.2d 440, 441 (Fla.1999) (standard language in authorizing publication of jury instructions that “[i]n doing so we express no opinion on the correctness of these instructions and remind all interested parties that this approval forecloses neither requesting additional or alternative instructions nor contesting their legal correctness”). The bottom line is that judges generally seem to prefer having the petitioner/respondent alternatives in this con *10 text and, by including them in the present proposed forms, the steering committee implicitly advocates keeping them. We accordingly do so for the time being, but do not foreclose the possibility of further exploring this issue in future form-amendment cases or if and when it arises in an actual case or controversy in this Court.
2. Alternatives in the “Damaging/Removing” Option: Similarly, the proposed Temporary Injunction for Protection Against Domestic Violence forms in the “Temporary Exclusive Use and Possession of Home” section additionally set forth an option that provides in pertinent part: “()Petitioner ()Respondent shall not damage or remove any furnishings or fixtures from the parties’ former shared premises.” The steering committee explains that “[tjhis paragraph is only included in the temporary injunction form[s] and not in the final injunction form[s] so that the party who is put in possession of the home through a final injunction can control the furnishings and fixtures.”
Attorney Joel M. Cohen urges doing away with the petitioner/respondent alternatives in this context, and instead making the provision mandatory for both parties, commenting that “[a]s the intent of the law creating this cause of action [for a temporary injunction against domestic violence] is for safety and protection of the petitioner, there can be no legitimate reason why the petitioner should be able to use the Ex Parte Temporary Injunction to shield [himself or] herself while [he or] she effectuates ‘equitable distribution’ on a self help basis.” The rules committee advocates striking only the petitioner alternative, explicitly “questioning] the propriety of the court’s exercise of jurisdiction to enjoin the petitioner from removing items from the home as such relief would be outside the petition and access to the judiciary should not require that a petitioner give up property rights.” Judge Seymour Benson of the Eighteenth Judicial Circuit Court raises the same concern, stating that “[t]here is no injunction filed against the petitioner and therefore there should be no order enjoining the petitioner from taking certain actions including moving furniture or furnishings from the parties’ home,” and that “without a pleading addressed to the petitioner, I do not believe [the petitioner alternative] should be included.”
These comments thus run the full gamut from advocating a mutual mandatory injunction to urging an injunction only against the respondent in this context. We again appreciate all of these concerns and suggestions, but repeat that it is not our role in approving forms to definitively rule on such undeveloped and unresolved points of law. We accordingly approve this provision as proposed by the steering committee without expressing agreement or disagreement on the substantive questions underlying this issue.
D. Directions to Law Enforcement Officer
Extension of Temporary Injunction: The proposed Final Judgment of Injunction for Protection Against Domestic and Repeat Violence forms in the “Directions to Law Enforcement Officer” section provide in pertinent part that “[t]he temporary injunction, if any, entered in this case is dissolved extended until such time as service of this injunction is effected upon Respondent.” (Struck-through type/underscoring supplied to emphasize proposed changes.) The steering committee explains that
[t]he existing form final injunctions dissolve the temporary injunctions which preceded them. This dissolution is effective upon the signing of the final injunction. This can result in a gap in protection where the respondent is not immediately served with a copy of the *11 final injunction. This gap is eliminated by a proposed language change in both [the final] domestic violence and repeat violence injunction forms to the effect that the temporary injunction remains in effect until the respondent is served with the final injunction.
Attorneys Pearce and Springer comment that “[t]his is a terrific proposed modification,” insofar as “[w]ithout this provision, there is a minimum block in every case of 12 to 24 hours where there is no valid injunction because service has not yet been effected.” They add that “such a provision solves the problem when service of the final injunction cannot be effected because respondent has failed to notify the court of his or her new address. This has been particularly problematic when the respondent has vacated a shared dwelling to an unknown location.” We agree, and accordingly approve this amendment as proposed by the steering committee.
E. Rule 12.610(c)(2)(A)
As also relevant to the domestic and repeat violence injunction forms, the rules committee proposes amending rule 12.610(c)(2)(A) to provide in full:
Standardized Forms. The temporary and permanent injunction forms in these rules for repeat and domestic violence injunctions shall be the forms used in the issuance of injunctions under chapters 741 and 784, Florida Statutes. Additional provisions, not inconsistent with the standardized portions of those forms, may be added to the special provisions section of the temporary and permanent injunction forms, or at the end of each section to which they apply, on the written approval of the chief judge of the circuit. Copies of such additional provisions shall be sent to the Chief Justice, the chair of the Family Law Rules Committee of The Florida Bar, the chair of the Family Courts Steering Committee, and the chair of The Governor’s Task Force on Domestic and Sexual Violence.
(Underscoring supplied to emphasize proposed change.) The steering committee “concurs with [the rules committee’s] recommended changes” to this rule, elaborating that, under this rule,
[t]he chief judge of each circuit [would] be permitted to add [standard] local provisions at the end of each section of the forms as well as in the “other special provisions” section of the forms. This would allow a local provision to be included in the portion of the injunction to which the local provision is relevant. If the local provision is not in the relevant section of the injunction, an unsophisticated reader may not put the two related provisions together and understand what is required.
If the recommend[ation] is adopted, information about the local batterers’ intervention program may be printed on the form final injunctions, making it clear to the respondent where he or she must report and simultaneously eliminating the need for the judge to hand write this information on each of numerous injunctions.
Similarly, the firearms section might contain local directives on how and to whom to surrender a firearm. Permitting such limited local provisions in the forms will not change the general format of the forms. Florida will still have uniform injunctions that are understandable to law enforcement.
(Emphasis added.) We agree and accordingly approve the rules committee’s proposed amendment to rule 12.610(c)(2)(A). Significantly, however, to ensure that any such additional standard provisions (whether in the “special provisions” section of the subject forms or at the end of each *12 section to which they apply) are truly local in nature, we sua sponte adopt the requirement that any such added standard provisions must be approved by the Chief Justice before being incorporated into the forms of any particular circuit. Thus, the operative language at issue shall read as follows:
Additional standard provisions, not inconsistent with the standardized portions of those forms, may be added to the special provisions section of the temporary and permanent injunction forms, or at the end of each section to which they apply, on the written approval of the chief judge of the circuit, and upon final review and written approval by the Chief Justice. Copies of such additional standard provisions, once approved by the Chief Justice, shall be sent to-the Chief Justice the chair of the Family Law Rules Committee of The Florida Bar, the chair of the Family Courts Steering Committee, and the chair of The Governor’s Task Force on Domestic and Sexual Violence.
(Struck-through type/underscoring supplied to emphasize changes.) Accordingly, after a chief judge approves any additional standard provisions for inclusion in the temporary and permanent injunction forms in his or her circuit, that chief judge must submit the provisions via letter to the Chief Justice for final review and written approval before ultimately incorporating them into the standardized forms in the circuit at issue. We emphasize that, as elaborated above in discussing the domestic and repeat violence injunction forms, this rule shall in no way preclude an individual judge in a particular case from entering case-specific information or directions as “other provisions” at the end of each section to which they apply in the domestic and repeat violence injunction forms.
III. CONTINUING RESPONSIBILITY FOR THE FAMILY LAW FORMS
We now address who shall have the continuing responsibility of reviewing, revising, and otherwise maintaining the family law forms. In In re Amendments to the Fla. Family Law Rules of Procedure, 724 So.2d 1159, 1160 (Fla.1998), this Court addressed “whether the Florida Family Law Forms should be removed from the rule-making process, and if so, who should have the continuing responsibility for the forms,” holding:
Both committees agree that the majority of the forms should be removed from the rulemaking process and that the steering committee should have responsibility for the forms that are removed from the rules. The committees state that sixteen forms need to stay with the rules and be under the direction of the rules committee. Those forms would be referred to as “rules forms.”[5] They fur *13 ther recommend that the remaining Florida Family Law Forms be removed from the rules and be published separately as “Supreme Court Approved Forms.” It is these latter forms that would be the responsibility of the steering committee. In this way, the vast majority of the forms can be continually evaluated and updated by the steering committee, and these “Supreme Court Approved Forms” can be approved by this Court by opinion whenever necessary. We agree with this proposal.
This Court accordingly directed the rules committee to “to review all of the family law rules and to [submit] to this Court ... all of the family law rules that must be amended and all forms that must be renumbered to accomplish the purpose of removing the Supreme Court Approved Forms from the rules,” and directed the steering committee “to compile the forms to be removed from the rules forms and republished as Supreme Court Approved Forms and to submit those forms to this Court, together with any other proposed changes to those forms.” Id. at 1161.
The committees have complied with these directives and, except as already discussed above in the context of the domestic and repeat violence injunction forms, the vast majority of their proposed amendments are technical in nature and designed to accomplish the “split” in the family law forms mandated in In re Amendments. With minimal additions[6] and modifications [7] where necessary, we approve these many amendments without discussion and commend the committees for their collaborative efforts in this regard.
Significantly, however, now that this “split” has been achieved, the steering committee “seeks appointment by this Court of a committee which would be responsible for future review of the Florida Supreme Court Approved Family Law Forms” for which the steering committee itself is now responsible. The steering committee elaborates that
[previously, the Steering Committee requested that the Court assign the Steering Committee the responsibility for ongoing review and revision of the Florida Family Law Forms. This was consis *14 tent with the position of the Family Law Rules Committee of The Florida Bar. The Steering Committee has since determined that it has insufficient time and resources to devote to the ongoing review of the forms if it is also to focus on the broader policy issues assigned to it by this Court. The Steering Committee therefore respectfully requests and recommends that this Court establish a separate committee to work with the Court to maintain the forms.... The [separate] committee’s sole focus and assignment would be to review and recommend changes to existing family law forms.
The rules committee supports this proposal, recommending that “staffing for this new committee be provided by the Office of State Courts Administrator,” and “reiterating] its position that the forms specifically connected to the rules [i.e., the sixteen “rules forms” listed in footnote five above] ... should be retained in the Family Law Rules of Procedure and updated by the Rules Committee.” In a clarification comment, the steering committee concluded that
assigning the proposed committee responsibility for ongoing review of both Family Law Forms and [the sixteen] Rules Forms would promote consistency and simplify the review process but would deprive the Court of the experience and expertise of the established Rules Committee. In deference to the expressed desire of the Rules Committee to continue fulfilling its current responsibilities, the [steering committee] recommends that the proposed committee be assigned the responsibility for ongoing review of only the Family Law Forms and not the [sixteen] Rules Forms.
Attorney Henry P. Trawick, Jr., disagrees, commenting that “the responsibility for the forms should be placed in one entity.” We acknowledge the practicality of such a unified approach but, like the steering committee, defer for the time being to the expressed desire of the rules committee to be responsible for the sixteen “rules forms” through the rulemaking process. However, we hasten to emphasize that, if this division of the forms becomes unworkable, we will not hesitate to assign total responsibility for the forms to a single entity.
We further grant relief to the steering committee, but not exactly in the manner requested. Effective immediately, this Court shall henceforth internally review, revise, and otherwise maintain the “Supreme Court Approved Forms” at issue. We shall sua sponte make technical and readability changes to these forms as necessary and, for more substantial amendments, shall create and seek input from an informal “Advisory Workgroup on The Florida Supreme Court Approved Family Law Forms.” All amendments to the forms at issue ultimately shall be approved via written opinion, with previous publication for comment only when deemed necessary or desirable by the Court.
This plan comports with our overall vision that “the vast majority of the forms can be continually evaluated and updated ..., and these ‘Supreme Court Approved Forms’ can be approved by this Court by opinion whenever necessary.” In re Amendments, 724 So.2d at 1160. Just as importantly, this plan frees the steering committee to do what this Court originally created it to do; that is, “to provide support and assistance to the Supreme Court, as well as the individual circuits, on the development and full implementation of the family court concept in Florida.” In re Report of the Comm’n on Family Courts, 633 So.2d 14, 18 (Fla.1994). Its significant duties and responsibilities include: “(a) *15 making recommendations regarding family law litigation, model family courts (including self-help centers), and administrative policy and rules to advance recommended goals; (b) improving communication between the courts and other agencies; (c) addressing pro se litigant issues; and (d) funding recommendations.” In re Amendments, 724 So.2d at 1160. The steering committee is no longer directly responsible for any of the family law forms. Contrary indications in the rules in this regard have been stricken to reflect this development.
IV. CONCLUSION
Some might say that, although our goals in the family law context have been simplicity and uniformity, the end result appears to be a proliferation of forms. We acknowledge that there remains significant room for improvement, but we are proud of the fact that Florida remains a leader in this relatively uncharted area. We could not have come so far without the extraordinary efforts of the rules committee and steering committee members, whom we sincerely thank again for their perpetual hard work, insights, and dedication to improving the process for all involved. But work remains to be done and, as we have recognized in the past in this context, such “work regarding simplification will be a continuing process.” Amendments to the Fla. Family Law Rules, 713 So.2d at 9.
In this spirit of both appreciation for the past and commitment to the future, we hereby approve the family law rules and forms as follows in three appendices to this opinion:
Appendix A: Amendments to the Family Law Rules of Procedure. New language is indicated by underscoring; deletions are indicated by struck-through type. The comments are included for explanation and guidance only and are not adopted as an official part of the rules. The amendments shall take effect immediately.
Appendix B: Amendments to the Domestic and Repeat Violence Injunction Forms. We set these forms out separately and fully engrossed due to their importance and the attention accorded them in the present opinion. These forms may be used immediately, but are not required for use until sixty days from the issuance of this opinion because, as phrased by Administrative Judge Amy Karan of the Eleventh Judicial Circuit Court (Domestic Violence Division), “considering the extent of the modifications proposed, ... a minimum two month grace period [is necessary] for implementation to provide ample time to accomplish the necessary reprogramming, deployment, and training” in relation to these forms. As already discussed above, we express no opinion as to whether these approved forms comport with current law.
Appendix C: Amendments to All of the Family Law Forms: We consecutively set forth all the family law forms (i.e., both the “rules forms” and the “Florida Supreme Court Approved Forms,” including the domestic and repeat violence injunction forms set forth in Appendix B), fully engrossed, for immediate use.[8] We again express no opinion as to whether these approved forms comport with current law.
*16 This opinion, and all of the forms and rules discussed herein, may be accessed and downloaded from this Court’s website at www.flcourts.org (click on “Opinions and Rules” option, then, under the heading “Court Rules,” click on either “Family Law Rules and Opinions” or “Family Law Forms”).
It is so ordered.
WELLS, C.J., and SHAW, HARDING, ANSTEAD, LEWIS and QUINCE, JJ., concur.
APPENDIX A
RULE 12.000. PREFACE
These rules consist of two separate sections. Section I contains the procedural rules governing family law matters and their commentary. Section II contains forms, commentary-i-and ■ appendices. — The commentary and-appendices to the forms are included to assist' litigants-unrepre-senfed by counsel and do not, in and of themselves, constitute official rules or commentary of the Florida Supreme-Court.
Commentary
1995 Adoption. These rules were adopted after the Florida Supreme Court determined that separate rules for family court procedure were necessary. See In re Florida R. Fam. Ct. P., 607 So.2d 396 (Fla.1992). The court recognized that family law cases are different from other civil matters, emphasizing that the 1993 creation of family divisions in the circuit courts underscored the differences between family law matters and other civil matters. In adopting the family law rules, the Court stressed the need for simplicity due to the large number of pro se litigants (parties without counsel) in family law matters. In an effort to assist the many pro se litigants in this field, the Court has included simplified forms and instructional commentary in these rules. See Section II. The instructional commentary to the forms refers to these rules or the Florida Rules of Civil Procedure, where applicable.
The forms originally were adopted by the Court pursuant to Family Law Rules of Procedure, 663 So.2d 1047 (Fla.1995); In re Petition for Approval of Forms Pursuant to Rule 10-1.1(b) of the Rules Regulating the Florida Bar—Stepparent Adoption Forms, 613 So.2d 900 (Fla.1992); Rules Regulating the Florida Bar—Approval of Forms, 581 So.2d 902 (Fla.1991).
RULE 12.015. FAMILY LAW FORMS
(a) Forms Adopted as Rules. The forms listed in this rule shall be adopted by the rulemaking process in Fla. R. Jud. Admin. 2,130. The Family Law Rules Committee of The Florida Bar shall propose amendments to these forms and any associated instructions. These forms shall be designated “Florida Family Law Rules of Procedure Forms.” Forms coming under this provision are:
(1) 12.900(a), Disclosure From Non-lawyer;
(2) 12.901(a), Petition for Simplified Dissolution of Marriage;
(3) 12.902(b), Family Law Financial Affidavit (Short Form);
(4) 12.902(c), Family Law Financial Affidavit;
(5) 12.902(e), Child Support Guidelines Worksheet;
(6) 12.902(f)(3), Marital Settlement Agreement for Simplified Dissolution of Marriage;
(7) 12.910(a), Summons: Personal Service on an Individual;
(8) 12.913(b), Affidavit of Diligent Search and Inquiry;
(9) 12.920(a), Motion for Referral to General Master;
*17 (10) 12.920(b), Order of Referral to General Master;
(11) 12.920(c), Notice of Hearing Before General Master;
(12) 12.930(a), Notice of Service of Standard Family Law Interrogatories;
(13) 12.930(b), Standard Family Law Interrogatories for Original or Enforcement Proceedings;
(14) 12.930(c), Standard Family Law Interrogatories for Modification Proceedings;
(15) 12,932, Certificate of Compliance with Mandatory Disclosure; and
(16) 12.990(a), Final Judgment of Simplified Dissolution of Marriage.
(b) Other Family Law Forms. All additional Supreme Court approved forms shall be adopted by opinion of the Supreme Court of Florida and outside of the rulemaking procedures required by rule 2,130. These forms shall be designated “Florida Supreme Court Approved Family-Law Forms.”
Commentary
2000 Adoption. To help the many people in family law court cases who do not have attorneys to represent them (pro se litigants), the Florida Supreme Court added simplified forms and directions to the Florida Family Law Rules of Procedure when adopting the rules in 1995. These forms initially had been adopted by the Court in Family Law Rules of Procedure, 663 So.2d 1049 (Fla.1995); In re Petition for Approval of Forms Pursuant to Rule 10-1.1(b) of the Rules Regulating the Florida Bar—Stepparent Adoption Forms, 613 So.2d 900 (Fla.1992), and Rules Regulating The Florida Bar— Approval of Forms, 581 So.2d 902 (Fla.1991).
In 1997, in an effort to fulfill the spirit of the Court’s directives to simplify the process of litigation in family law matters, the Family Court Steering Committee completely revised the existing forms and added new forms and instructions. The rules and forms then constituted more than 500 pages.
This rule was adopted in recognition that the forms would require continuous updating and that the rulemaking process was too cumbersome for such an undertaking-
RULE 12.070. PROCESS
(a) Service of Initial Process. Upon the commencement of all family law actions, including proceedings to modify a final judgment, service of process shall be as set forth in Florida Rule of Civil Procedure 1.070.
(b) Summons. The summons, cross-claim summons, and third-party summons in family law matters shall be patterned after Florida Family Law Rules of Procedure Form 12.910(a) and shall specifically contain the following language:
WARNING: Rule 12.285, Florida Family Law Rules of Procedure, requires certain automatic disclosure of documents and information. Failure to comply can result in sanctions, including dismissal or striking of pleadings.
(c) Constructive Service. For constructive service of process, an affidavit of diligent search and inquiry, in substantial conformity with Florida Family Law Rules of Procedure Form 12.913(b), must be filed.
(d) Domestic and Repeat Violence Proceedings. This rule does not govern service of process in domestic and repeat violence proceedings,
RULE 12.105. SIMPLIFIED DISSOLUTION PROCEDURE
(a) Requirements for Use. The parties to the dissolution may file a petition for *18 simplified dissolution if they certify under oath that
(1) there are no minor or dependent children of the parties and the wife is not now pregnant;
(2) the parties have made a satisfactory division of their property and have agreed as to payment of their joint obligations; and
(3) the other facts set forth in Florida Family Law Rules of Procedure Form 12.901(a) (Petition for Simplified Dissolution of Marriage) are true.
(b) Consideration by Court. The clerk shall submit the petition to the court. The court shall consider the cause expeditiously. The parties shall appear before the court in every case and, if the court so directs, testify. The court, after examination of the petition and personal appearance of the parties, shall enter a judgment granting the dissolution (Florida Family Law Rules of Procedure Form 12.990(a)) if the requirements of this rule have been established and there has been compliance with the waiting period required by statute.
(c) Financial Affidavit and Settlement Agreement. The parties must each file a financial affidavit (Florida Family Law Rules_of_Procedure Form l£9Q-l(d)12.902(b) or 12.901(e)12.902(c)), and a marital settlement agreement (Florida Family Law Rules of Procedure Form 1&90-I(h)12.902(f)(3)).
(d) Final Judgment. Upon the entry of the judgment, the clerk shall furnish to each party a certified copy of the final judgment of dissolution, which shall be in substantially the form provided in Florida Family Law Rules of Procedure Form 12.990(a).
(e) Forms. The clerk or family law intake personnel shall provide forms for the parties whose circumstances meet the requirements of this rule and shall assist in the preparation of the petition for dissolution and other papers to be filed in the action.
Commentary
1995 Adoption. This rule was previously contained in Florida Rule of Civil Procedure 1.611, which included several unrelated issues. Those issues are now governed by separate family law rules for automatic disclosure, central governmental depository, and this rule for simplified dissolution procedure. Under this rule, the parties must file a financial affidavit (Florida Family Law Rules of Procedure Form -12.901(d)12,902(b) or 12.901(e)12.902(c)), (depending on their income and expenses) and a marital settlement agreement (Florida Family Law Rules of Procedure Form 12r901-(h)12.902(f)(3)).
RULE 12.285. MANDATORY DISCLOSURE
(a) Application.
(1) Scope. This rule shall apply to all proceedings within the scope of these rules except proceedings involving adoption, simplified dissolution, enforcement, contempt, injunctions for domestic or repeat violence, and uncontested dissolutions when the respondent is served by publication and does not file an answer. Additionally, no financial affidavit or other documents shall be required under this rule from a party seeking attorneys’ fees, suit money, or costs, if the basis for the request is solely under section 57.105, Florida Statutes, or any successor statute. Except for the provisions as to financial affidavits and child support guidelines worksheets, any portion of this rule may be modified by order of the court or agreement of the parties.
(2) Original and Duplicate Copies. Unless otherwise agreed by the parties or ordered by the court, copies of documents *19 required under this rule may be produced in lieu of originals. Originals, when available, shall be produced for inspection upon request. Parties shall not be required to serve duplicates of documents previously served.
(b)Time for Production of Documents.
(1) Temporary Financial Hearings. Any document required under this rule in any temporary financial relief proceeding shall be served on the other party for inspection and copying as follows.
(A) The party seeking relief shall serve the required documents on the other party with the notice of temporary financial hearing, unless the documents have been served under subdivision (b)(2) of this rule.
(B) The responding party shall serve the required documents on the party seeking relief on or before 5:00 p.m., 2 business days before the day of the temporary financial hearing if served by delivery or 7 days before the day of the temporary financial hearing if served by mail, unless the documents have been received previously by the party seeking relief under subdivision (b)(2) of this rule. A responding party shall be given no less than 12 days to serve the documents required under this rule, unless otherwise ordered by the court. If the 45-day period for exchange of documents provided for in subdivision (b)(2) of this rule will occur before the expiration of the 12 days, the provisions of subdivision (b)(2) control.
(2) Initial and Supplemental Proceedings. Any document required under this rule for any initial or supplemental proceeding shall be served on the other party for inspection and copying within 45 days of service of the initial pleading on the respondent.
(c) Disclosure Requirements for Temporary Financial Relief. In any proceeding for temporary financial relief heard within 45 days of the service of the initial pleading or within any extension of the time for complying with mandatory disclosure granted by the court or agreed to by the parties, the following documents shall be served on the other party:
(1) A financial affidavit in substantial conformity with Florida Family Law Rules of Procedure Form 12.9Ql(d-)12.902(b) if the party’s gross annual income is less than $50,000, or Florida Family Law Rules of Procedure Form 1279Q-l(e)12.902(c) if the party’s gross annual income is equal to or more than $50,000. This requirement cannot be waived by the parties. The affidavit also must be filed with the court.
(2) All federal and state income tax returns, gift tax returns, and intangible personal property tax returns filed by the party or on the party’s behalf for the past year. A party may file a transcript of the tax return as provided by Internal Revenue Service Form 4506 in lieu of his or her individual federal income tax return for purposes of a temporary hearing.
(3) IRS forms W-2,1099, and K-l for the past year, if the income tax return for that year has not been prepared.
(4) Pay stubs or other evidence of earned income for the 3 months prior to service of the financial affidavit.
(d) Parties’ Disclosure Requirements for Initial or Supplemental Proceedings. A party shall serve the following documents in any proceeding for an initial or supplemental request for permanent financial relief, including, but not limited to, a request for child support, alimony, equitable distribution of assets or debts, or attorneys’ fees, suit money, or costs:
(1) A financial affidavit in substantial conformity with Florida Family Law Rules *20 of Procedure Form -l&901(d)12.902(b) if the party’s gross annual income is less than $50,000, or Florida Family Law Rules of Procedure Form 12.901(e)12.902(c) if the party’s gross annual income is equal to or more than $50,000, which requirement cannot be waived by the parties. The financial affidavits also must be filed with the court. A party may request, by using the Standard Family Law Interrogatories, or the court on its own motion may order, a party whose gross annual income is less than $50,000 to complete Florida Family Law Rules of Procedure Form ■12t9Q-1-(q)12.902(c).
(2) All federal and state income tax returns, gift tax returns, and intangible personal property tax returns filed by the party or on the party’s behalf for the past 3 years.
(3) IRS forms W-2,1099, and K-l for the past year, if the income tax return for that year has not been prepared.
(4) Pay stubs or other evidence of earned income for the 3 months prior to service of the financial affidavit.
(5) A statement by the producing party identifying the amount and source of all income received from any source during the 3 months preceding the service of the financial affidavit required by this rule if not reflected on the pay stubs produced.
(6) All loan applications and financial statements prepared or used within the 12 months preceding service of that party’s financial affidavit required by this rule, whether for the purpose of obtaining or attempting to obtain credit or for any other purpose.
(7) All deeds within the last 3 years, all promissory notes within the last 12 months, and all present leases, in which the party owns or owned an interest, whether held in the party’s name individually, in the party’s name jointly with any other person or entity, in the party’s name as trustee or guardian for any other person, or in someone else’s name on the party’s behalf.
(8) All periodic statements from the last 3 months for all checking accounts, and from the last 12 months for all other accounts (for example, savings accounts, money market funds, certificates of deposit, etc.), regardless of whether or not the account has been closed, including those held in the party’s name individually, in the party’s name jointly with any other person or entity, in the party’s name as trustee or guardian for any other person, or in someone else’s name on the party’s behalf.
(9) All brokerage account statements in which either party to this action held within the last 12 months or holds an interest including those held in the party’s name individually, in the party’s name jointly with any person or entity, in the party’s name as trustee or guardian for any other person, or in someone else’s name on the party’s behalf.
(10) The most recent statement for any profit sharing, retirement, deferred compensation, or pension plan (for example, IRA, 401(k), 403(b), SEP, KEOGH, or other similar account) in which the party is a participant or alternate payee and the summary plan description for any retirement, profit sharing, or pension plan in which the party is a participant or an alternate payee. (The summary plan description must be furnished to the party on request by the plan administrator as required by 29 U.S.C. § 1024(b)(4).)
(11) The declarations page, the last periodic statement, and the certificate for all life insurance policies insuring the party’s life or the life of the party’s spouse, whether group insurance or otherwise, and all current health and dental insurance *21 cards covering either of the parties and/or their dependent children.
(12) Corporate, partnership, and trust tax returns for the last 3 tax years if the party has an ownership or interest in a corporation, partnership, or trust greater than or equal to 30%.
(13) All promissory notes for the last 12 months, all credit card and charge account statements and other records showing the party’s indebtedness as of the date of the filing of this action and for the last 3 months, and all present lease agreements, whether owed in the party’s name individually, in the party’s name jointly with any other person or entity, in the party’s name as trustee or guardian for any other person, or in someone else’s name on the party’s behalf.
(14) All written premarital or marital agreements entered into at any time between the parties to this marriage, whether before or during the marriage. Additionally, in any modification proceeding, each party shall serve on the opposing party all written agreements entered into between them at any time since the order to be modified was entered.
(15) All documents and tangible evidence supporting the producing party’s claim of special equity or nonmarital status of an asset or debt for the time period from the date of acquisition of the asset or debt to the date of production or from the date of marriage, if based on premarital acquisition.
(16) Any court orders directing a party to pay or receive spousal or child support.
(e)Duty to Supplement Disclosure; Amended Financial Affidavit.
(1) Parties have a continuing duty to supplement documents described in this rule, including financial affidavits, whenever a material change in their financial status occurs.
(2) If an amended financial affidavit or an amendment to a financial affidavit is filed, the amending party also shall serve any subsequently discovered or acquired documents supporting the amendments to the financial affidavit.
(f) Sanctions. Any document to be produced under this rule that is served on the opposing party fewer than 24 hours before a nonfinal hearing or in violation of the court’s pretrial order shall not be admissible in evidence at that hearing unless the court finds good cause for the delay. In addition, the court may impose other sanctions authorized by rule 12.380 as may be equitable under the circumstances. The court may also impose sanctions upon the offending lawyer in lieu of imposing sanctions on a party.
(g) Extensions of Time for Complying with Mandatory Disclosure. By agreement of the parties, the time for complying with mandatory disclosure may be extended. Either party also may file, at least 5 days before the due date, a motion to enlarge the time for complying with mandatory disclosure. The court shall grant the request for good cause shown.
(h) Objections to Mandatory Automatic Disclosure. Objections to the mandatory automatic disclosure required by this rule shall be served in writing at least 5 days prior to the due date for the disclosure or the objections shall be deemed waived. The filing of a timely objection, with a notice of hearing on the objection, automatically stays mandatory disclosure for those matters within the scope of the objection. For good cause shown, the court may extend the time for the filing of an objection or permit the filing of an otherwise untimely objection. The court shall impose sanctions for the filing of meritless or frivolous objections.
*22 (1) Certificate of Compliance. All parties subject to automatic mandatory disclosure shall file with the court a certificate of compliance, Florida Family Law Rules of Procedure Form 12.982, identifying with particularity the documents which have been delivered and certifying the date of service of the financial affidavit and documents by that party.
(j) Child Support Guidelines Worksheet. If the case involves child support, the parties shall file with the court at or prior to a hearing to establish or modify child support a Child Support Guidelines Worksheet in substantial conformity with Florida Family Law Rules of Procedure Form 12.90-l-(ff)12.902(e). This requirement cannot be waived by the parties.
(k) Place of Production.
(1)Unless otherwise agreed by the parties or ordered by the court, all production required by this rule shall take place in the county where the action is pending and in the office of the attorney for the party receiving production. Unless otherwise agreed by the parties or ordered by the court, if a party does not have an attorney or if the attorney does not have an office in the county where the action is pending, production shall take place in the county where the action is pending at a place designated in writing by the party receiving production, served at least 5 days before the due date for production.
(2) If venue is contested, on motion by a party the court shall designate the place where production will occur pending determination of the venue issue.
(l) Failure of Defaulted Party to Comply. Nothing in this rule shall be deemed to preclude the entry of a final judgment when a party in default has failed to comply with this rule.
Commentary
1995 Adoption. This rule creates a procedure for automatic financial disclosure in family law cases. By requiring production at an early stage in the proceedings, it is hoped that the expense of litigation will be minimized. See Dralus v. Dralus, 627 So.2d 505 (Fla. 2d DCA 1993); Wrona v. Wrona, 592 So.2d 694 (Fla. 2d DCA 1991); and Katz v. Katz, 505 So.2d 25 (Fla. 4th DCA 1987). A limited number of requirements have been placed upon parties making and spending less than $50,000 annually unless otherwise ordered by the court. In cases where the income or expenses of a party are equal to or exceed $50,000 annually, the requirements are much greater. Except for the provisions as to financial affidavits, other than as set forth in subdivision (k), any portion of this rule may be modified by agreement of the parties or by order of the court. For instance, upon the request of any party or on the court’s own motion, the court may order that the parties to the proceeding comply with some or all of the automatic mandatory disclosure provisions of this rule even though the parties do not meet the income requirements set forth in subdivision (d). Additionally, the court may, on the motion of a party or on its own motion, limit the disclosure requirements in this rule should it find good cause for doing so.
Committee Notes
1997 Amendment. Except for the form of financial affidavit used, mandatory disclosure is made the same for all parties subject to the rule, regardless of income. The amount of information required to be disclosed is increased for parties in the under-$50,000 category and decreased for parties in the $50,000-or-over category. The standard family law interrogatories are no longer mandatory, and their answers are designed to be supplemental and *23 not duplicative of information contained in the financial affidavits.
1998 Amendment. If one party has not provided necessary financial information for the other party to complete a child support guidelines worksheet, a good faith estimate should be made.
RULE 12.287. FINANCIAL AFFIDAVITS IN ENFORCEMENT AND CONTEMPT PROCEEDINGS
Any party in an enforcement or contempt proceeding may serve upon any other party a written request to file and serve a financial affidavit if the other party’s financial circumstances are relevant in the proceeding. The party to whom the request is made shall file and serve the requested financial affidavit within 10 days after the service of the written request. The court may allow a shorter or longer time. The financial affidavit shall be in substantial conformity with Florida Family Law Rules of Procedure Form 12.9Q4(d)12.902(b) (Short Form), all sections of which shall be completed.
RULE 12.340. INTERROGATORIES TO PARTIES
Interrogatories to parties shall be governed generally by Florida Rule of Civil Procedure 1.340, with the following exceptions.
(a) Service of Interrogatories.
(1) Initial Interrogatories. Initial interrogatories to parties in original and enforcement actions shall be those set forth in Florida Family Law Rules of Procedure Form 12.930(b). Parties governed by the mandatory disclosure requirements of rule 12.285 may serve the interrogatories set forth in Florida Family Law Rules of Procedure Form 12.930(b) as set forth in rule 1.340.
(2) Modification Interrogatories. Interrogatories to parties in cases involving modification of a final judgment shall be those set forth in Florida Family Law Rules of Procedure Form 12.930(c). Parties governed by the mandatory disclosure requirements of rule 12.285 may serve the interrogatories set forth in Florida Family Law Rules of Procedure Form 12.930(c) as set forth in rule 1.340.
(b) Additional Interrogatories. Ten interrogatories, including subparts, may be sent to a party in addition to the standard interrogatories contained in Florida Family Law Rules of Procedure Form 12.930(b) or Florida Family Law Rules of Procedure Form 12.930(c). A party must obtain permission of the court to send more than ten additional interrogatories.
Commentary
1995 Adoption. For parties governed under the disclosure requirements of rule 12.285(d) (income or expenses of $50,000 or more), the answers to the interrogatories contained in Form 12.930(b) must be automatically served on the other party. For parties governed under the disclosure requirements of rule 12.285(c) (income and expenses under $50,000), the service of the interrogatories contained in Form 12.930(b) is optional as provided in Florida Rule of Civil Procedure 1.340. Additionally, under this rule, 10 additional interrogatories, including subparts, may be submitted beyond those contained in Florida Family Law Rules of Procedure Form 12.930(b). Leave of court is required to exceed 10 additional interrogatories. The provisions of Florida Rule of Civil Procedure 1.340 are to govern the procedures and scope of the additional interrogatories.
Committee Note
1997 Amendment. The rule was amended to conform to the changes made to rule 12.285, Mandatory Disclosure. RULE 12.490. GENERAL MASTERS
(a) General Masters. Judges of the circuit court may appoint as many general *24 masters from among the members of The Florida Bar in the circuit as the judges find necessary, and the general masters shall continue in office until removed by the court. The order making an appointment shall be recorded. Every person appointed as a general master shall take the oath required of officers by the Constitution and the oath shall be recorded before the master discharges any duties of that office.
(b) Reference.
(1) No matter shall be heard by a general master without an appropriate order of reference and the consent to the referral of all parties. Consent, as defined in this rule, to a specific referral, once given, cannot be withdrawn without good cause shown before the hearing on the merits of the matter referred. Consent may be express or may be implied in accordance with the requirements of this rule.
(A) A written objection to the referral to a general master must be filed within 10 days of the service of the order of referral.
(B) If the time set for the hearing is less than 10 days after service of the order of referral, the objection must be filed before commencement of the hearing.
(C) If the order of referral is served within the first 20 days after the service of the initial process, the time to file an objection is extended to the time within which to file a responsive pleading.
(D) Failure to file a written objection within the applicable time period is deemed to be consent to the order of referral.
(2) The order of referral shall be in substantial conformity with Florida Family Law Rules of Procedure Form 12.920fa)(b), and shall contain the following language in bold type:
A REFERRAL TO A GENERAL MASTER REQUIRES THE CONSENT OF ALL PARTIES. YOU ARE ENTITLED TO HAVE THIS MATTER HEARD BEFORE A JUDGE. IF YOU DO NOT WANT TO HAVE THIS MATTER HEARD BEFORE THE GENERAL MASTER, YOU MUST FILE A WRITTEN OBJECTION TO THE REFERRAL WITHIN 10 DAYS OF THE TIME OF SERVICE OF THIS ORDER. IF THE TIME SET FOR THE HEARING IS LESS THAN 10 DAYS AFTER THE SERVICE OF THIS ORDER, THE OBJECTION MUST BE MADE BEFORE THE HEARING. IF THIS ORDER IS SERVED WITHIN THE FIRST 20 DAYS AFTER SERVICE OF PROCESS, THE TIME TO FILE AN OBJECTION IS EXTENDED TO THE TIME WITHIN WHICH A RESPONSIVE PLEADING IS DUE. FAILURE TO FILE A WRITTEN OBJECTION WITHIN THE APPLICABLE TIME PERIOD IS DEEMED TO BE A CONSENT TO THE REFERRAL.
REVIEW OF THE REPORT AND RECOMMENDATIONS MADE BY THE GENERAL MASTER SHALL BE BY EXCEPTIONS AS PROVIDED IN RULE 12.490(f), FLA. FAM. L.R.P. A RECORD, WHICH INCLUDES A TRANSCRIPT OF PROCEEDINGS, MAY BE REQUIRED TO SUPPORT THE EXCEPTIONS.
(3)The order of referral shall state with specificity the matter or matters being referred and the name of the general master to whom the matter is referred. The order of referral also shall state whether electronic recording or a court reporter is provided by the court, or whether a court reporter, if desired, must be provided by the litigants.
*25 (4) When a reference is made to a general master, any party or the general master may set the action for hearing.
(c) General Powers and Duties. Every general master shall perform all of the duties that pertain to the office according to the practice in chancery and rules of court and under the direction of the court except those duties related to domestic and repeat violence. A general master shall be empowered to administer oaths and conduct hearings, which may include the taking of evidence. All grounds for disqualification of a judge shall apply to general masters.
(d) Hearings.
(1) The general master shall assign a time and place for proceedings as soon as reasonably possible after the reference is made and give notice to each of the parties either directly or by directing counsel to file and serve a notice of hearing. If any party fails to appear, the general master may proceed ex parte or may adjourn the proceeding to a future day, giving notice to the absent party of the adjournment. The general master shall proceed with reasonable diligence in every reference and with the least delay practicable. Any party may apply to the court for an order to the general master to speed the proceedings and to make the report and to certify to the court the reason for any delay.
(2) The general master shall take testimony and establish a record which may be by electronic means as provided by Florida Rule of Judicial Administration 2.070(d) or by a court reporter. The parties may not waive this requirement.
(3) The general master shall have authority to examine under oath the parties and all witnesses upon all matters contained in the reference, to require production of all books, papers, writings, vouchers, and other documents applicable to it, and to examine on oath orally all witnesses produced by the parties. The general master may take all actions concerning evidence that can be taken by the circuit court and in the same manner. The general master shall have the same powers as a circuit judge to utilize communications equipment as defined and regulated by Florida Rule of Judicial Administration 2.071.
(4) The notice or order setting the cause for hearing shall be in substantial conformity with Florida Family Law Rules of Procedure Form 12.920(b)(c) and shall contain the following language in bold type:
SHOULD YOU WISH TO SEEK REVIEW OF THE REPORT AND RECOMMENDATION MADE BY THE GENERAL MASTER, YOU MUST FILE EXCEPTIONS IN ACCORDANCE WITH RULE 12.490(f), FLA. FAM. L.R.P. YOU WILL BE REQUIRED TO PROVIDE THE COURT WITH A RECORD SUFFICIENT TO SUPPORT YOUR EXCEPTIONS OR YOUR EXCEPTIONS WILL BE DENIED. A RECORD ORDINARILY INCLUDES A WRITTEN TRANSCRIPT OF ALL RELEVANT PROCEEDINGS. THE PERSON SEEKING REVIEW MUST HAVE THE TRANSCRIPT PREPARED IF NECESSARY FOR THE COURT’S REVIEW.
(5) The notice or order setting a matter for hearing shall state whether electronic recording or a court reporter is provided by the court. If the court provides electronic recording, the notice also shall state that any party may provide a court reporter at that party’s expense.
(e)General Master’s Report. The general master shall file a report that includes findings of fact and conclusions of law, together with recommendations. If a *26 court reporter was present, the report shall contain the name and address of the reporter.
(f) Filing Report; Notice; Exceptions. The general master shall file the report and recommendations and serve copies on all parties. The parties may serve exceptions to the report within 10 days from the time it is served on them. Any party may file cross-exceptions within 5 days from the service of the exceptions, provided, however, that the filing of cross-exceptions shall not delay the hearing on the exceptions unless good cause is shown. If no exceptions are filed within that period, the court shall take appropriate action on the report. If exceptions are filed, they shall be heard on reasonable notice by either party or the court.
(g) Record. For the purpose of the hearing on exceptions, a record, substantially in conformity with this rule, shall be provided to the court by the party seeking review if necessary for the court’s review.
(1) The record shall consist of the court file, including the transcript of the relevant proceedings before the general master and all depositions and evidence presented to the general master.
(2) The transcript of all relevant proceedings, if any, shall be delivered to the judge and provided to all other parties not less than 48 hours before the hearing on exceptions. If less than a full transcript of the proceedings taken before the general master is ordered prepared by the excepting party, that party shall promptly file a notice setting forth the portions of the transcript that have been ordered. The responding party shall be permitted to designate any additional portions of the transcript necessary to the adjudication of the issues raised in the exceptions or cross-exceptions.
(8) The cost of the original and all copies of the transcript of the proceedings shall be borne initially by the party seeking review, subject to appropriate assessment of suit monies. Should any portion of the transcript be required as a result of a designation filed by the responding party, the party making the designation shall bear the initial cost of the additional transcript.
Commentary
1995 Adoption. This rule is a modification of Florida Rule of Civil Procedure 1.490. That rule governed the appointment of both general and special masters. The appointment of special masters is now governed by Florida Family Law Rule of Procedure 12.492. This rule is intended to clarify procedures that were required under rule 1.490, and it creates additional procedures. The use of general masters should be implemented only when such use will reduce costs and expedite cases in accordance with Dralus v. Dralus, 627 So.2d 505 (Fla. 2d DCA 1993), Wrona v. Wrona, 592 So.2d 694 (Fla. 2d DCA 1991), and Katz v. Katz, 505 So.2d 25 (Fla. 4th DCA 1987).
RULE 12.610. INJUNCTIONS FOR DOMESTIC AND REPEAT VIOLENCE
(a) Application. This rule shall apply only to temporary and permanent injunctions for protection against domestic violence and temporary and permanent injunctions for protection against repeat violence. All other injunctive relief sought in cases to which the Family Law Rules apply shall be governed by Florida Rule of Civil Procedure 1.610.
(b) Petitions.
(1) Requirements for Use.
(A) Domestic Violence. Any person may file a petition for an injunction for protection against domestic violence if they certify under oath that
*27 (i) the party filing the injunction and the party against whom the injunction is sought are spouses, former spouses, persons related by blood or marriage, persons who are presently residing together as if a family or who have resided together in the past as if a family, or persons who have a child in common regardless of whether they have been married or have resided together at any time;
(ii) the party filing the petition was the victim of, or has reasonable cause to believe he or she is in imminent danger of becoming the victim of an assault, aggravated assault, battery, aggravated battery, sexual assault, sexual battery, stalking, aggravated stalking, kidnapping, false imprisonment, or any criminal offense resulting in physical injury or death perpetrated by the party against whom the injunction is sought; and
(iii) the specific facts and circumstances upon the basis of which relief is sought are true.
(B) Repeat Violence. Any person may file a petition for an injunction for protection against repeat violence if they certify under oath that
(i) two incidents of violence, defined as any assault, battery, sexual battery or stalking, one of which must have occurred within 6 months of the filing of the petition, have been committed by the person against whom the injunction is sought against the petitioner or the petitioner’s immediate family member; and
(ii) the specific facts and circumstances upon the basis of which relief is sought are true.
(2)Service of Petitions.
(A) Domestic Violence. Personal service by a law enforcement agency is required. The clerk of the court shall furnish a copy of the petition for an injunction for protection against domestic violence, financial affidavit (if support is sought), Uniform Child Custody Jurisdiction Act affidavit (if custody is sought), temporary injunction (if one has been entered), and notice of hearing to the appropriate sheriff or law enforcement agency of the county where the respondent resides or can be found for expeditious service of process.
(B) Repeat Violence. Personal service by a law enforcement agency is required. The clerk of the court shall furnish a copy of the petition for an injunction for protection against repeat violence, temporary injunction (if one has been entered), and notice of hearing to the appropriate sheriff or law enforcement agency of the county where the respondent resides or can be found for expeditious service of process.
(C) Additional Documents. Service of pleadings in cases of domestic or repeat violence other than petitions, supplemental petitions, and orders granting injunctions shall be governed by rule 12.080, except that service of a motion to modify or vacate an injunction should be by notice that is reasonably calculated to apprise the nonmoving party of the pen-dency of the proceedings.
(3)Consideration by Court. Upon the filing of a petition, the court shall set a hearing to be held at the earliest possible time. A denial of a petition for an ex parte injunction shall be by written order noting the legal grounds for denial. When the only ground for denial is no appearance of an immediate and present danger of domestic violence, the court shall set a full hearing on the petition for injunction with notice at the earliest possible time. Nothing herein affects a petitioner’s right to promptly amend any petition, or otherwise be heard in person on any petition consistent with these rules.
*28 (4) Forms.
(A) Provision of Forms. The clerk of the court or family or domestic/repeat violence intake personnel shall provide simplified forms, including instructions for completion, for any person whose circumstances meet the requirements of this rule and shall assist the petitioner in obtaining an injunction for protection against domestic or repeat violence as provided by law.
(B) Confidential Filing of Address. A petitioner’s address may be furnished to the court in a confidential filing separate from a petition or other form if, for safety reasons, a petitioner believes that the address should be concealed. The ultimate determination of a need for confidentiality must be made by the court as provided in Florida Rule of Judicial Administration 2.051.
(c) Orders of Injunction.
(1) Consideration by Court.
(A) Temporary Injunction. For the injunction for protection to be issued ex parte, it must appear to the court that an immediate and present danger of domestic or repeat violence exists. In an ex parte hearing for the purpose of obtaining an ex parte temporary injunction, the court may limit the evidence to the verified pleadings or affidavits or may receive additional testimony under oath if necessary for a determination of whether an immediate and present danger of domestic or repeat violence exists. If the respondent appears at the hearing or has received reasonable notice of the hearing, the court may hold a hearing on the petition.
(B) Permanent Injunction. A full evidentiary hearing shall be conducted.
(2) Issuing of Injunction.
(A) Standardized Forms. The temporary and permanent injunction da Supreme Court for repeat and domestic violence injunctions shall be the forms used in the issuance of injunctions under chapters 741 and 784, Florida Statutes. Additional standard provisions, not inconsistent with the standardized portions of those forms, may be added to the special provisions section of the temporary and permanent injunction forms, or at the end of each section to which they apply, on the written approval of the chief judge of the circuit, and upon final review and written approval by the Chief Justice. Copies of such additional standard provisions, once approved by the Chief Justice, shall be sent to the Chief-Justice, chair of the Family Law Rules Committee of The Florida Bar, the chair' of the Family Courts Steering Committee, and the chair of The Governor’s Task Force on Domestic and Sexual Violence.
(B) Bond. No bond shall be required by the court for the entry of an injunction for protection against domestic or repeat violence. The clerk of the court shall provide the parties with sufficient certified copies of the order of injunction for service.
(3)Service of Injunctions.
(A) Temporary Injunction. A temporary injunction for protection against domestic or repeat violence must be personally served. When the respondent has been served previously with the temporary injunction and has failed to appear at the initial hearing on the temporary injunction, any subsequent pleadings seeking an extension of time may be served on the respondent by the clerk of the court by certified mail in lieu of personal service by a law enforcement officer. If the temporary injunction was issued after a hearing because the respondent was present at the hearing or had reasonable notice of the hearing, the injunction *29 may be served in the manner provided for a permanent injunction.
(B) Permanent Injunction.
(i) Party Present at Hearing. The parties may acknowledge receipt of the permanent injunction for protection against domestic or repeat violence in writing on the face of the original order. If a party is present at the hearing and that party fails or refuses to acknowledge the receipt of a certified copy of the injunction, the clerk shall cause the order to be served by mailing certified copies of the injunction to the parties who were present at hearing at the last known address of each party. Service by mail is complete upon mailing. When an order is served pursuant to this subdivision, the clerk shall prepare a written certification to be placed in the court file specifying the time, date, and method of service and within 24 hours shall forward a copy of the injunction and the clerk’s affidavit of service to the sheriff with jurisdiction over the residence of the petitioner. This procedure applies to service of orders to modify or vacate injunctions for protection against domestic or repeat violence.
(ii) Party not Present at Hearing. Within 24 hours after the court issues, continues, modifies, or vacates an injunction for protection against domestic or repeat violence, the clerk shall forward a copy of the injunction to the sheriff with jurisdiction over the residence of the petitioner for service.
(4) Duration.
(A) Temporary Injunction. Any temporary injunction shall be effective for a fixed period not to exceed 15 days. A full hearing shall be set for a date no later than the date when the temporary injunction ceases to be effective. The court may grant a continuance of the temporary injunction and of the full hearing for good cause shown by any party, or upon its own motion for good cause, including failure to obtain service.
(B) Permanent Injunction. Any relief granted by an injunction for protection against domestic or repeat violence shall be granted for a fixed period or until further order of court. Such relief may be granted in addition to other civil and criminal remedies. Upon petition of the victim, the court may extend the injunction for successive periods or until further order of court. Broad discretion resides with the court to grant an extension after considering the circumstances. No specific allegations are required.
(5) Enforcement. The court may enforce violations of an injunction for protection against domestic or repeat violence in civil contempt proceedings, which are governed by rule 12.570, or in criminal contempt proceedings, which are governed by Florida Rule of Criminal Procedure 3.840, or, if the violation meets the statutory criteria, it may be prosecuted as a crime under Florida Statutes.
(6) Motion to Modify or Vacate Injunction. The petitioner or respondent may move the court to modify or vacate an injunction at any time. Service of a motion to modify or vacate injunctions shall be governed by subdivision 12.610(b)(2) of this rule. However, for service of a motion to modify to be sufficient if a party is not represented by an attorney, service must be in accord with rule 12.070, or in the alternative, there must be filed in the record proof of receipt of this motion by the nonmoving party personally.
(7) Forms. The clerk of the court or family or domestic/repeat violence intake personnel shall provide simplified forms including instructions for completion, for the persons whose circumstances meet the requirements of this rule and shall assist in the preparation of the affidavit in sup *30 port of the violation of an order of injunction for protection against domestic or repeat violence.
Commentary
1995 Adoption. A cause of action for an injunction for protection against domestic violence and repeat violence has been created by section 741.30, Florida Statutes (Supp.1994) (modified by chapter 95-195, Laws of Florida), and section 784.046, Florida Statutes (Supp.1994), respectively. This rule implements those provisions and is intended to be consistent with the procedures set out in those provisions except as indicated in this commentary. To the extent a domestic or repeat violence matter becomes criminal or is to be enforced by direct or indirect criminal contempt, the appropriate Florida Rules of Criminal Procedure will apply.
The facts and circumstances to be alleged under subdivision 12.610(b)(1)(A) include those set forth in Florida Family Law FormFlorida Supreme Court Approved Family Law Form 12.980(b). An injunction for protection against domestic or repeat violence may be sought whether or not any other cause of action is currently pending between the parties. However, the pendency of any such cause of action must be alleged in the petition. The relief the court may grant in a temporary or permanent injunction against domestic violence is set forth in section 741.30(6).
The facts and circumstances to be alleged under subdivision (b)(1)(B) include those set forth in Florida Family Law FormFlorida Supreme Court Approved Family Law Form 12.980(d). The relief the court may grant in a temporary or permanent injunction against repeat violence is set forth in section 784.046(7), Florida Statutes.
Subdivision (b)(4) expands sections 741.30(2)(c)l and (2)(c)2, Florida Statutes, to provide that the responsibility to assist the petitioner may be assigned not only to the clerk of court but also to the appropriate intake unit of the court. Family-Law FormFlorida Supreme Court Approved Family Law Form 12.980(b) provides the form for a petition for injunction against domestic violence. If the custody of a child is at issue, a Uniform Child Custody Jurisdiction Act affidavit must be provided and completed in conformity with Family Law FormFlorida Supreme Court Ap-proved_Family_Law_Form 12.901(f)12.902(d), If alimony or child support is sought a Financial Affidavit must be provided and completed in conformity with Florida Family Law Rules of Procedure Form 12J)Q-l-(-d-)12.902(b) or l£9Q-l-(-e-)12.902(c).
Subdivision (c)(1)(A) expands chapter 95-195, Laws of Florida, and section 784.046(6)(a), Florida Statutes, to make the limitation of evidence presented at an ex parte hearing permissive rather than mandatory given the due process concerns raised by the statutory restrictions on the taking of evidence.
Unlike traditional injunctions, under subdivision (c)(2), no bond will be required for the issuance of injunctions for protection against domestic or repeat violence. This provision is consistent with the statutes except that, unlike the statutes, it does not set a precise number of copies to be provided for service.
Subdivision (c)(3)(A) makes the procedure for service of a temporary order of injunction for protection against domestic violence and repeat violence consistent. This is intended to replace the differing requirements contained in sections 741.30(7)(b)3 and (7)(c)l and 784.046(8)(a)l, Florida Statutes.
Subdivision (c)(3)(B) makes the procedure for service of a permanent order of injunction for protection against domestic *31 violence and repeat violence consistent. This is intended to replace the differing requirements contained in sections 741.30(7)(a)3 and (7)(c)l and 784.046(8)(c)l, Florida Statutes, and to specifically clarify that service of the permanent injunction by mail is only effective upon a party who is present at the hearing which resulted in the issuance of the injunction.
Subdivision (c)(4)(A) restates sections 741.30(5)(c) and 784.046(6)(c), Florida Statutes, with some expansion. This subdivision allows the court upon its own motion to extend the protection of the temporary injunction for protection against domestic or repeat violence for good cause shown, which shall include, but not be limited to, failure to obtain service. This subdivision also makes the procedures in cases of domestic and repeat violence identical, resolving the inconsistencies in the statutes.
Subdivision (c)(4)(B) makes the procedures in cases of domestic and repeat violence identical, resolving inconsistencies in the statutes. As stated in section 741.30(l)(c), Florida Statutes, in the event a subsequent cause of action is filed under chapter 61, Florida Statutes, any orders entered therein shall take precedence over any inconsistent provisions of an injunction for protection against domestic violence which addresses matters governed by chapter 61, Florida Statutes.
Subdivision (c)(5) implements a number of statutes governing enforcement of injunctions against domestic or repeat violence. It is intended by these rules that procedures in cases of domestic and repeat violence be identical to resolve inconsistencies in the statutes. As such, the procedures set out in section 741.31(1), Florida Statutes, are to be followed for violations of injunctions for protection of both domestic and repeat violence. Pursuant to that statute, the petitioner may contact the clerk of the circuit court of the county in which the violation is alleged to have occurred to obtain information regarding enforcement.
Subdivision (c)(7) expands sections 741.30(2)(c)l and (2)(c)2, Florida Statutes, to provide that the responsibility to assist a petitioner may not only be assigned to the clerk of court but also to the appropriate intake unit of the court. This subdivision makes the procedures in cases of domestic and cases of repeat violence identical to resolve inconsistencies in the statutes.
Committee Note
1997 Amendment. This change mandates use of the injunction forms provided with these rules to give law enforcement a standardized form to assist in enforcement of injunctions. In order to address local concerns, circuits may add special provisions not inconsistent with the mandatory portions.
RULE 12.750. FAMILY SELF-HELP PROGRAMS
(a) Establishment of Programs. A chief judge, by administrative order, may establish a self-help program to facilitate access to family courts. The purpose of a self-help program is to assist self-represented litigants, within the bounds of this rule, to achieve fair and efficient resolution of their family law case. The purpose of a self-help program is not to provide legal advice to self-represented litigants. This rule applies only to programs established and operating under the auspices of the court pursuant to this rule.
(b) Definitions.
(1) “Family law case” means any case in the circuit that is assigned to the family law division.
(2) “Self-represented litigant” means any individual who seeks information to file, pursue, or respond to a family law *32 case without the assistance of a lawyer authorized to practice before the court.
(3) “Self-help personnel” means lawyer and nonlawyer personnel in a self-help program.
(4) “Self-help program” means a program established and operating under the authority of this rule.
(5) “Approved form” means (A) Supreme Cour-t-approved formsFlorida Family Law Rules of Procedure Forms or Florida Supreme Court Approved Family Law Forms or (B) forms that have been approved in writing by the chief judge of a circuit and that are not inconsistent with the Supreme Court approved forms, copies of which are to be sent to the Chief Justice, the chair of the Family Law Rules Committee of The Florida Bar, the chair of the Family Law Section of The Florida Bar, and the chair of the Family Court Steering Committee. Forms approved by a chief judge may be used unless specifically rejected by the Supreme Court.
(c) Services Provided. Self-help personnel may:
(1) encourage self-represented litigants to obtain legal advice;
(2) provide information about available pro bono legal services, low cost legal services, legal aid programs, and lawyer referral services;
(3) provide information about available approved forms, without providing advice or recommendation as to any specific course of action;
(4) provide approved forms and approved instructions on how to complete the forms;
(5) engage in limited oral communications to assist a person in the completion of blanks on approved forms;
(6) record information provided by a self-represented litigant on approved forms;
(7) provide, either orally or in writing, definitions of legal terminology from widely accepted legal dictionaries or other dictionaries without advising whether or not a particular definition is applicable to the self-represented litigant’s situation;
(8) provide, either orally or in writing, citations of statutes and rules, without advising whether or not a particular statute or rule is applicable to the self-represented litigant’s situation;
(9) provide docketed case information;
(10) provide general information about court process, practice, and procedure;
(11) provide information about mediation, required parenting courses, and courses for children of divorcing parents;
(12) provide, either orally or in writing, information from local rules or administrative orders;
(13) provide general information about local court operations;
(14) provide information about community services; and
(15) facilitate the setting of hearings.
(d) Limitations on Services. Self-help personnel shall not:
(1) provide legal advice or recommend a specific course of action for a self-represented litigant;
(2) provide interpretation of legal terminology, statutes, rules, orders, cases, or the constitution;
(3) provide information that must be kept confidential by statute, rule, or case law;
(4) deny a litigant’s access to the court;
*33 (5) encourage or discourage litigation;
(6) record information on forms for a self-represented litigant, except as otherwise provided by this rule;
(7) engage in oral communications other than those reasonably necessary to elicit factual information to complete the blanks on forms except as otherwise authorized by this rule;
(8) perform legal research for litigants;
(9) represent litigants in court; and
(10) lead litigants to believe that they are representing them as lawyers in any capacity or induce the public to rely upon them for legal advice.
(e) Unauthorized Practice of Law. The services listed in subdivision (c), when performed by nonlawyer personnel in a self-help program, shall not be the unauthorized practice of law.
(f) No Confidentiality. Notwithstanding ethics rules that govern attorneys, certified legal interns, and other persons working under the supervision of an attorney, information given by a self-represented litigant to self-help personnel is not confidential or privileged.
(g) No Conflict. Notwithstanding ethics rules that govern attorneys, certified legal interns, and other persons working under the supervision of an attorney, there is no conflict of interest in providing services to both parties.
(h) Notice of Limitation of Services Provided. Before receiving the services of a self-help program, self-help personnel shall thoroughly explain the “Notice of Limitation of Services Provided” disclaimer below. Each self-represented litigant, after receiving an explanation of the disclaimer, shall sign an acknowledgment that the disclaimer has been explained to the self-represented litigant and that the self-represented litigant understands the limitation of the services provided. The self-help personnel shall sign the acknowledgment certifying compliance with • this requirement. The original shall be filed by the self-help personnel in the court file and a copy shall be provided to the self-represented litigant.
NOTICE OF LIMITATION OF SERVICES PROVIDED
THE PERSONNEL IN THIS SELF-HELP PROGRAM ARE NOT ACTING AS YOUR LAWYER OR PROVIDING LEGAL ADVICE TO YOU. SELF-HELP PERSONNEL ARE NOT ACTING ON BEHALF OF THE COURT OR ANY JUDGE. THE PRESIDING JUDGE IN YOUR CASE MAY REQUIRE AMENDMENT OF A FORM OR SUBSTITUTION OF A DIFFERENT FORM. THE JUDGE IS NOT REQUIRED TO GRANT THE RELIEF REQUESTED IN A FORM. THE PERSONNEL IN THIS SELF-HELP PROGRAM CANNOT TELL YOU WHAT YOUR LEGAL RIGHTS OR REMEDIES ARE, REPRESENT YOU IN COURT, OR TELL YOU HOW TO TESTIFY IN COURT. SELF-HELP SERVICES ARE AVAILABLE TO ALL PERSONS WHO ARE OR WILL BE PARTIES TO A FAMILY CASE.
THE INFORMATION THAT YOU GIVE TO AND RECEIVE FROM SELF-HELP PERSONNEL IS NOT CONFIDENTIAL AND MAY BE SUBJECT TO DISCLOSURE AT A LATER DATE. IF ANOTHER PERSON INVOLVED IN YOUR CASE SEEKS ASSISTANCE FROM THIS SELF-HELP PROGRAM, THAT PERSON WILL BE GIVEN THE SAME TYPE OF ASSISTANCE THAT YOU RECEIVE.
*34 IN ALL CASES, IT IS BEST TO CONSULT WITH YOUR OWN ATTORNEY, ESPECIALLY IF YOUR CASE PRESENTS SIGNIFICANT ISSUES REGARDING CHILDREN, CHILD SUPPORT, ALIMONY, RETIREMENT OR PENSION BENEFITS, ASSETS, OR LIABILITIES.
_ I CAN READ ENGLISH.
__ I CANNOT READ ENGLISH. THIS NOTICE WAS READ TO ME
BY {NAME}_IN
{LANGUAGE}_
SIGNATURE
AVISO DE LIMITACION DE SERVICIOS OFRECIDOS
EL PERSONAL DE ESTE PROGRA-MA DE AYUDA PROPIA NO ESTA ACTUANDO COMO SU ABOGADO NI LE ESTA DANDO CONSEJOS LEGALES.
ESTE PERSONAL NO REPRESEN-TA NI LA CORTE NI NINGUN JUEZ. EL JUEZ ASIGNADO A SU CASO PUEDE REQUERIR UN CAMBIO DE ESTA FORMA O UNA FORMA DIFERENTE. EL JUEZ NO ESTA OBLIGADO A CONCEDER LA RE-PARACION QUE USTED PIDE EN ESTA FORMA.
EL PERSONAL DE ESTE PROGRA-MA DE AYUDA PROPIA NO LE PUEDE DECIR CUALES SON SUS DERECHOS NI SOLUCIONES LE-GALES, NO PUEDE REPRESEN-TARLO EN CORTE, NI DECIRLE COMO TESTIFICAR EN CORTE. SERVICIOS DE AYUDA PROPIA ESTAN DISPONIBLES A TODAS LAS PERSONAS QUE SON O SER-AN PARTES DE UN CASO FAMILIAR.
LA INFORMACION QUE USTED DA Y RECIBE DE ESTE PERSONAL NO ES CONFIDENCIAL Y PUEDE SER DESCUBIERTA MAS ADE-LANTE. SI OTRA PERSONA EN-VUELTA EN SU CASO PIDE AYUDA DE ESTE PROGRAMA, ELLOS RE-CIBIRAN EL MISMO TIPO DE AS-ISTENCIA QUE USTED RECIBE.
EN TODOS LOS CASOS, ES MEJOR CONSULTAR CON SU PROPIO ABOGADO, ESPECIALMENTE SI SU CASO TRATA DE TEMAS RES-PECTO A NINOS, MANTENIMIEN-TO ECONOMICO DE NINOS, MANU-TENCION MATRIMONIAL, RETIRO O BENEFICIOS DE PENSION, AC-TIVOS U OBLIGACIONES.
_ YO PUEDO LEER ESPAÑOL.
_ YO NO PUEDO LEER ESPAÑOL. ESTE AVISO FUE LEIDO A MI POR {NOMBRE}_ EN {IDIO-MA} _
FIRMA
If information is provided by telephone, the notice of limitation of services provided shall be heard by all callers prior to speaking to self-help staff.
(i) Exemption. Self-help personnel are not required to complete Florida Family Law Rules of Procedure Form 12.900(a), Disclosure From Nonlawyer, as required by rule 10-2.1, Rules Regulating The Florida Bar. The provisions in rule 10-2.1, Rules Regulating The Florida Bar, which require a nonlawyer to include the nonlaw-yer’s name and identifying information on a form if the nonlawyer assisted in the completion of a form, are not applicable to self-help personnel unless the self-help personnel recorded the information on the form as authorized by this rule.
*35 (j) Availability of Services. Self-help programs are available to all self-represented litigants in family law cases.
(k) Cost of Services. Self-help programs, as authorized by statute, may require self-represented litigants to pay the cost of services provided for by this rule, provided that the charge for persons who are indigent is substantially reduced or waived.
(l) Records. All records made or received in connection with the official business of a self-help program are judicial records and access to such records shall be governed by rule 2.051, Florida Rules of Judicial Administration.
(m) Domestic Violence Exclusion. Nothing in this rule shall restrict services provided by the clerk of the court or family or domestic/repeat violence intake personnel pursuant to rule 12.610.
Commentary
1998 Adoption. It should be emphasized that the personnel in the self-help programs should not be providing legal advice to self-represented litigants. Self-help personnel should not engage in any activities that constitute the practice of law or inadvertently create an attorney-client relationship. Self-help programs should consistently encourage self-represented litigants to seek legal advice from a licensed attorney. The provisions of this rule only apply to programs established by the chief judge.
Subdivision (b). This rule applies only to assistance offered in family law cases. The types of family law cases included in a family law division may vary based on local rule and it is anticipated that a local rule establishing a self-help program may also exclude types of family law cases from the self-help program. Programs may operate with lawyer personnel, nonlawyer personnel, or a combination thereof.
Subdivision (c)(2). The self-help program is encouraged to cooperate with the local bar to develop a workable system to provide this information. The program may maintain information about members of The Florida Bar who are willing to provide services to self-represented litigants. The program may not show preference for a particular service, program, or attorney.
Subdivision (c)(3). In order to avoid the practice of law, the self-help personnel should not recommend a specific course of action.
Subdivision (c)(5). Self-help personnel should not suggest the specific information to be included in the blanks on the forms. Oral communications between the self-help personnel and the self-represented litigant should be focused on the type of information the form is designed to elicit.
Subdivision (c)(8). Self-help personnel should be familiar with the court rules and the most commonly used statutory provisions. Requests for information beyond these commonly used statutory provisions would require legal research, which is prohibited by subdivision (d)(8).
Subdivision (c)(9). Self-help personnel can have access to the court’s docket and can provide information from the docket to the self-represented litigant.
Subdivision (f). Because an attorney-client relationship is not formed, the information provided by a self-represented litigant is not confidential or privileged.
Subdivision (g). Because an attorney-client relationship is not formed, there is no conflict in providing the limited services authorized under this rule to both parties.
Subdivision (h). It is intended that self-represented litigants who receive services from a self-help program understand that they are not receiving legal services. One *36 purpose of the disclosure is to prevent an attorney-client relationship from being formed.
In addition to the signed disclosure, it is recommended that each program post the disclosure in a prominent place in the self-help program. The written disclosure should be available and posted in the languages that are in prevalent use in the county.
Subdivision (i). This provision is to clarify that nonlawyer personnel are not required to use Florida Family Law Rules of Procedure Form 12.900(a) because the information is included in the disclosure required by this rule. Self-help personnel are required to include their name and identifying information on any form on which they record information for a self-represented litigant.
APPENDIX B
FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.980(d)(1). TEMPORARY INJUNCTION FOR PROTECTION AGAINST DOMESTIC VIOLENCE WITH MINOR CHILD(REN)
[[Image here]]
TEMPORARY INJUNCTION FOR PROTECTION AGAINST DOMESTIC VIOLENCE WITH MINOR CHILD(REN)
The Petition for Injunction for Protection Against Domestic Violence under section 741.30, Florida Statutes, and other papers filed in this Court have been reviewed. The Court has jurisdiction of the parties and the subject matter under the laws of Florida.
It is intended that this protection order meet the requirements of 18 U.S.C. § 2265 and therefore intended that it be accorded full faith and credit by the court of another state or Indian tribe and enforced as if it were the order of the enforcing state or of the Indian tribe.
NOTICE OF HEARING
Because this Temporary Injunction for Protection Against Domestic Violence has been issued without prior notice to Respondent, Petitioner and Respondent are instructed that they are scheduled to appear and testify at a hearing regarding this matter on {date} -, at-a.m./p.m., when the Court will consider whether the Court should issue a Final Judgment of Injunction for Protection Against Domestic Violence, which would remain in effect until modified or dissolved by the Court, and whether other things should be ordered, including, for example, such matters as visitation, support and who should pay the filing fees and costs. The hearing will be before The Honorable {name}_, at {room name/number, location, address, city}_, Florida. If Petitioner and/or Respondent do not appear, this temporary injunction may be continued in force, extended, dismissed, and/or additional orders may be granted, including the imposition of court costs.
*37 All witnesses and evidence, if any, must be presented at this time. In cases where temporary support issues have been alleged in the pleadings, each party is ordered to bring his or her financial affidavit Florida Family Law Rules of Procedure Form 12.902(b) or (c), tax return, pay stubs, and other evidence of financial income to the hearing.
NOTICE: Because this is a civil case, there is no requirement that these proceedings be transcribed at public expense.
YOU ARE ADVISED THAT IN THIS COURT:
_a. a court reporter is provided by the court.
_b. electronic audio tape recording only is provided by the court. A party may arrange in advance for the services of and provide for a court reporter to prepare a written transcript of the proceedings at that party’s expense.
_c. no electronic audio tape recording or court reporting services are provided by the court. A party may arrange in advance for the services of and provide for a court reporter to prepare a written transcript of the proceedings at that party’s expense.
A RECORD, WHICH INCLUDES A TRANSCRIPT, MAY BE REQUIRED TO SUPPORT AN APPEAL. THE PARTY SEEKING THE APPEAL IS RESPONSIBLE FOR HAVING THE TRANSCRIPT PREPARED BY A COURT REPORTER. THE TRANSCRIPT MUST BE FILED WITH THE REVIEWING COURT OR THE APPEAL MAY BE DENIED.
If you are a person with a disability who needs any accommodation in order to participate in this proceeding,you are entitled, at no cost to you, to the provision of certain assistance. Please contact {name} - {address} _, {telephone}_, within 2 working days of your receipt of this temporary injunction. If you are hearing or voice impaired, call TDD 1-800-955-8771.
FINDINGS
The statements made under oath by Petitioner make it appear that section 741.30, Florida Statutes, applies to the parties. It also appears that Petitioner is a victim of domestic violence by Respondent, and/or Petitioner has reasonable cause to believe he/she is in imminent danger of becoming a victim of domestic violence by Respondent, and that there is an immediate and present danger of domestic violence to Petitioner or persons lawfully with Petitioner.
TEMPORARY INJUNCTION AND TERMS
This injunction shall be effective until the hearing set above and in no event for longer than 15 days, unless extended by court order. This injunction is valid and enforceable in all counties of the State of Florida. The terms of this injunction may not be changed by either party alone or by both parties together. Only the Court may modify the terms of this injunction. Either party may ask the Court to change or end this injunction.
Any violation of this injunction, whether or not at the invitation of Petitioner or anyone else, may subject Respondent to civil or indirect criminal contempt proceedings, including the imposition of a fine or imprisonment. Certain willful violations of the terms of this injunction, such as: refusing to vacate the dwelling that the parties share; going to Petitioner’s residence, place of employment, school, or other place prohibited in this injunction; telephoning, contacting or communicating with Petitioner if prohibited by this injunction; or committing an act of domestic violence against Petitioner constitutes a misdemeanor of the first degree punishable by up to one year in jail, as provided by sections 775.082 and 775.083, Florida Statutes. In addition, it is a federal criminal felony offense, punishable by up to life imprisonment, depending on the nature of the violation, to cross state lines or enter Indian country for the purpose of engaging in conduct that is prohibited in this injunction. 18 U.S.C. § 2262.
*38 ORDERED and ADJUDGED:
1. Violence Prohibited. Respondent shall not commit, or cause any other person to commit, any acts of domestic violence against Petitioner. Domestic violence includes: assault, aggravated assault, battery, aggravated battery, sexual assault, sexual battery, stalking, aggravated stalking, kidnaping, false imprisonment, or any other criminal offense resulting in physical injury or death to Petitioner or any of Petitioner’s family or household members who are residing in the same single dwelling unit with Petitioner. Respondent shall not commit any other violation of the injunction through an intentional unlawful threat, word or act to do violence to the Petitioner.
2. No Contact. Respondent shall have no contact with Petitioner unless otherwise provided in this Section, or unless paragraph 14 below provides for contact connected with the temporary custody of and visitation with minor child(ren). a. Unless otherwise provided herein, Respondent shall have no contact with Petitioner. Respondent shall not directly or indirectly contact Petitioner in person, by mail, e-mail, fax, telephone, through another person, or in any other manner. Further, Respondent shall not contact or have any third party contact anyone connected with Petitioner’s employment or school to inquire about Petitioner or to send any messages to Petitioner. Unless otherwise provided herein, Respondent shall not go to, in, or within 500 feet of: Petitioner’s current residence {list address} _
or any residence to which Petitioner may move; Petitioner’s current or any subsequent place of employment {list address of current employment} _ -or place where Petitioner attends school {list address of school} _; or the following other places (if requested by Petitioner) where Petitioner or Petitioner’s minor child(ren) go often: _ Respondent may not knowingly come within 100 feet of Petitioner’s automobile at any time.
_ b. Other provisions regarding contact: _
3.Firearms.
[Initial all that apply; write N/A if does not apply]
— a. Respondent shall not use or possess a firearm or ammunition.
— b. Respondent shall surrender any firearms and ammunition in the Respondent’s possession to the-County Sheriffs Department until further order of the court.
— c. Other directives relating to firearms and ammunition: _
NOTE: RESPONDENT IS ADVISED THAT, IF A PERMANENT INJUNCTION FOR PROTECTION AGAINST DOMESTIC VIOLENCE IS ISSUED FOLLOWING A HEARING REGARDING THIS MATTER, IN MOST CASES IT WILL BE A VIOLATION OF § 790.233, FLORIDA STATUTES, AND A FIRST DEGREE MISDEMEANOR, FOR RESPONDENT TO HAVE IN HIS OR HER CARE, CUSTODY, POSSESSION OR CONTROL ANY FIREARM OR AMMUNITION. ADDITIONALLY, IT WILL BE A FEDERAL CRIMINAL FELONY OFFENSE TO SHIP OR TRANSPORT IN INTERSTATE OR FOREIGN COMMERCE, OR POSSESS IN OR AFFECTING COMMERCE, ANY FIREARM OR AMMUNITION; OR TO RECEIVE ANY FIREARM OR AMMUNITION WHICH HAS BEEN SHIPPED OR TRANSPORTED IN INTERSTATE OR *39 FOREIGN COMMERCE WHILE SUBJECT TO SUCH AN INJUNCTION. 18 U.S.C. § 922(g)(8).
4. Mailing Address. Respondent shall notify the Clerk of the Court of any change in his or her mailing address within ten (10) days of the change. All further papers (excluding the final injunction, if entered without Respondent being present at the hearing, and pleadings requiring personal service) shall be served by mail to Respondent’s last known address. Such service by mail shall be complete upon mailing. Rule 12.080, Fla.Fam.L.R.P., section 741.30, Florida Statutes.
[[Image here]]
TEMPORARY EXCLUSIVE USE AND POSSESSION OF HOME
[Initial all that apply; write N/A if does not apply]
6. _ Possession of the Home. ( ) Petitioner ( ) Respondent shall have temporary exclusive use and possession of the dwelling located at: _
7. _. Transfer of Possession of the Home. A law enforcement officer with jurisdiction over the home shall accompany ( ) Petitioner ( ) Respondent to the home, and shall place ( ) Petitioner ( ) Respondent in possession of the home.
8. _ Personal Items. ( ) Petitioner ( ) Respondent, in the presence of a law enforcement officer, may return to the premises described above ( ) on _, at _ a.m./p.m., or ( ) at a time arranged with the law enforcement department with jurisdiction over the home, for the purpose of obtaining his or her clothing and items of personal health and hygiene and tools of the trade. A law enforcement officer with jurisdiction over the home from which these items are to be retrieved shall accompany ( ) Petitioner ( ) Respondent to the home and stand by to insure that he/she vacates the premises with only his/her personal clothing, toiletries, tools of the trade, and any items listed in paragraph 10 below. The law enforcement agency shall not be responsible for storing or transporting any property. IF THE RESPONDENT IS NOT AWARDED POSSESSION OF THE HOME AND GOES TO THE HOME WITHOUT A LAW ENFORCEMENT OFFICER, IT IS A VIOLATION OF THIS INJUNCTION.
9. _ ( ) Petitioner ( ) Respondent shall not damage or remove any furnishings or fixtures from the parties’ former shared premises.
[[Image here]]
TEMPORARY SUPPORT
*40 Temporary support, if requested by Petitioner in the Petition for Injunction for Protection Against Domestic Violence, will be addressed by the Court after notice to Respondent and hearing on the matter.
TEMPORARY CUSTODY OF MINOR CHILD(REN)
11. Jurisdiction. Jurisdiction to determine custody of any minor child(ren) listed in paragraph 12 below is proper under the Uniform Child Custody Jurisdiction Act (UCCJA).
12. Temporary Custody of Minor Child(ren). ( ) Petitioner ( ) Respondent shall have temporary custody of the parties’ minor children) listed below:
Name Birth date
When requested by the custodial parent, law enforcement officers shall use any and all reasonable and necessary force to physically deliver the minor child(ren) listed above to custodial parent. The noncustodial parent shall not take the children) from the custody of custodial parent or any child care provider or other person entrusted by the custodial parent with the care of the children).
[Initial if applies; write N/A if does not apply]
— Neither party shall remove the minor children) from the State of Florida, which is the jurisdiction of this Court, prior to the hearing on this temporary injunction. Violation of this custody order may constitute a felony of the third degree under sections 787.03 and 787.04, Florida Statutes.
13. Contact with Minor Child(ren). Unless otherwise provided in paragraph 14 below, the noncustodial parent shall have no contact with the parties’ minor child(ren) until further order of the Court.
14. Other Additional Provisions Relating to the Minor Child(ren).
[[Image here]]
OTHER SPECIAL PROVISIONS

(This section to be used for inclusion of local provisions approved by the chief judge as provided in Florida Family Law Rule 12.610.)

*41 DIRECTIONS TO LAW ENFORCEMENT OFFICER IN ENFORCING THIS INJUNCTION (Provisions in this injunction that do not include a line for the judge to either initial or write N/A are considered mandatory provisions and should be interpreted to be part of this injunction.)
1. The Sheriff of_County, or any other authorized law enforcement officer, is ordered to serve this temporary injunction upon Respondent as soon as possible after its issuance.
2. This injunction is valid in all counties of the State of Florida. Violation of this injunction should be reported to the appropriate law enforcement agency. Law enforcement officers of the jurisdiction in which a violation of this injunction occurs shall enforce the provisions of this injunction and are authorized to arrest without warrant pursuant to section 901.15, Florida Statutes, for any violation of its provisions which constitutes a criminal act under section 741.31, Florida Statutes.
3. THIS INJUNCTION IS ENFORCEABLE IN ALL COUNTIES OF FLORIDA AND LAW ENFORCEMENT OFFICERS MAY EFFECT ARRESTS PURSUANT TO SECTION 901.15(6), FLORIDA STATUTES. The arresting agent shall notify the State Attorney’s Office immediately after arrest.
4. Reporting alleged violations. If Respondent violates the terms of this injunction and there has not been an arrest, Petitioner may contact the Clerk of the Circuit Court of the county in which the violation occurred and complete an affidavit in support of the violation, or Petitioner may contact the State Attorney’s office for assistance in filing an action for indirect civil contempt or indirect criminal contempt. Upon receiving such a report, the State Attorney is hereby appointed to prosecute such violations by indirect criminal contempt proceedings, or the State Attorney may decide to file a criminal charge, if warranted by the evidence.
ORDERED on_
CIRCUIT JUDGE
COPIES TO:
Sheriff of_County
Petitioner (or his or her attorney): _by U. S. Mail_by hand delivery in open court
Respondent:_forwarded to sheriff for service
_State Attorney’s Office
_Other:_
I CERTIFY the foregoing is a true copy of the original as it appears on file in the office of the Clerk of the Circuit Court of_County, Florida, and that I have furnished copies of this order as indicated above.
CLERK OF THE CIRCUIT COURT
(SEAL)
By: - Deputy Clerk
FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.980(d)(2). TEMPORARY INJUNCTION FOR PROTECTION AGAINST DOMESTIC VIOLENCE WITHOUT MINOR CHILD(REN)
IN THE CIRCUIT COURT OF THE_JUDICIAL CIRCUIT,
*42 IN AND FOR _ COUNTY, FLORIDA
-, Petitioner, Case No.: _ Division: _
and
Respondent.
TEMPORARY INJUNCTION FOR PROTECTION AGAINST DOMESTIC VIOLENCE WITHOUT MINOR CHILD(REN)
The Petition for Injunction for Protection Against Domestic Violence under section 741.30, Florida Statutes, and other papers filed in this Court have been reviewed. The Court has jurisdiction of the parties and the subject matter under the laws of Florida.
It is intended that this protection order meet the requirements of 18 U.S.C. § 2265 and therefore intended that it be accorded full faith and credit by the court of another state or Indian tribe and enforced as if it were the order of the enforcing state or of the Indian tribe.
NOTICE OF HEARING
Because this Temporary Injunction for Protection Against Domestic Violence has been issued without prior notice to Respondent, Petitioner and Respondent are instructed that they are scheduled to appear and testify at a hearing regarding this matter on {date} -, at_a.m./p.m., when the Court will consider whether the Court should issue a Final Judgment of Injunction for Protection Against Domestic Violence, which would remain in effect until modified or dissolved by the Court, and whether other things should be ordered, including, for example, such matters as who should pay the filing fees and costs, and support. The hearing will be before The Honorable {name}_at {room name/number, location, address, city}_, Florida. If Petitioner and/or Respondent do not appear, this temporary injunction may be continued in force, extended, dismissed, and/or additional orders may be granted, including the imposition of court costs.
All witnesses and evidence, if any, must be presented at this time. In cases where temporary support issues have been alleged in the pleadings, each party is ordered to bring his or her financial affidavit ( Florida Family Law Rules of Procedure Form 12.902(b) or (e)), tax return, pay stubs, and other evidence of financial income to the hearing.
NOTICE: Because this is a civil case, there is no requirement that these proceedings be transcribed at public expense.
YOU ARE ADVISED THAT IN THIS COURT:
— a. a court reporter is provided by the court.
— b. electronic audio tape recording only is provided by the court. A party may arrange in advance for the services of and provide for a court reporter to prepare a written transcript of the proceedings at that party’s expense.
— c. no electronic audio tape recording or court reporting services are provided by the court. A party may arrange in advance for the services of and provide for a court reporter to prepare a written transcript of the proceedings at that party’s expense.
A RECORD, WHICH INCLUDES A TRANSCRIPT, MAY BE REQUIRED TO SUPPORT AN APPEAL. THE PARTY SEEKING THE APPEAL IS RESPONSIBLE FOR HAVING THE TRANSCRIPT PREPARED BY A COURT REPORTER. THE TRANSCRIPT MUST BE FILED WITH THE REVIEWING COURT OR THE APPEAL MAY BE DENIED.
*43 If you are a person with a disability who needs any accommodation in order to participate in this proceeding,you are entitled, at no cost to you, to the provision of certain assistance. Please contact {name}-, {address}_, {telephone}_, within 2 working days of your receipt of this temporary injunction. If you are hearing or voice impaired, call TDD 1-800-955-8771.
FINDINGS
The statements made under oath by Petitioner make it appear that section 741.30, Florida Statutes, applies to the parties. It also appears that Petitioner is a victim of domestic violence by Respondent, and/or Petitioner has reasonable cause to believe he/she is in imminent danger of becoming a victim of domestic violence by Respondent, and that there is an immediate and present danger of domestic violence to Petitioner or persons lawfully with Petitioner.
TEMPORARY INJUNCTION AND TERMS
This injunction shall be effective until the hearing set above and in no event for longer than 15 days, unless extended by court order. This injunction is valid and enforceable in all counties of the State of Florida. The terms of this injunction may not be changed by either party alone or by both parties together. Only the Court may modify the terms of this injunction. Either party may ask the Court to change or end this injunction.
Any violation of this injunction, whether or not at the invitation of Petitioner or anyone else, may subject Respondent to civil or indirect criminal contempt proceedings, including the imposition of a fine or imprisonment. Certain willful violations of the terms of this injunction, such as: refusing to vacate the dwelling that the parties share; going to Petitioner’s residence, place of employment, school, or other place prohibited in this injunction; telephoning, contacting or communicating with Petitioner if prohibited by this injunction; or committing an act of domestic violence against Petitioner constitutes a misdemeanor of the first degree punishable by up to one year in jail, as provided by sections 775.082 and 775.083, Florida Statutes. In addition, it is a federal criminal felony offense, punishable by up to life imprisonment, depending on the nature of the violation, to cross state lines or enter Indian country for the purpose of engaging in conduct that is prohibited in this injunction. 18 U.S.C. § 2262.
ORDERED and ADJUDGED:
1. Violence Prohibited. Respondent shall not commit, or cause any other person to commit, any acts of domestic violence against Petitioner. Domestic violence includes: assault, aggravated assault, battery, aggravated battery, sexual assault, sexual battery, stalking, aggravated stalking, kidnaping, false imprisonment, or any other criminal offense resulting in physical injury or death to Petitioner or any of Petitioner’s family or household members who are residing in the same single dwelling unit with Petitioner. Respondent shall not commit any other violation of the injunction through an intentional unlawful threat, word or act to do violence to the Petitioner.
2. No Contact. Respondent shall have no contact with Petitioner unless otherwise provided in this section.
a. Unless otherwise provided herein, Respondent shall have no contact with Petitioner. Respondent shall not directly or indirectly contact Petitioner in person, by mail, e-mail, fax, telephone, through another person, or in any other manner. Further, Respondent shall not contact or have any third party contact anyone connected with Petitioner’s employment or school to inquire about Petitioner or to send any messages to Petitioner. Unless otherwise provided herein, Respondent shall not go to, in, or within 500 feet of: Petitioner’s current residence {list address} -
*44 or any residence to which Petitioner may move; Petitioner’s current or any subsequent place of employment {list address of current employment} _ _or place where Petitioner attends school {list address of school} -; or the following other places (if requested by Petitioner) where Petitioner or Petitioner’s minor child(ren) go often: _ Respondent may not knowingly come within 100 feet of Petitioner’s automobile at any time.
_ b. Other provisions regarding contact: -
3.Firearms.
[Initial all that apply; write N/A if does not apply]
_ a. Respondent shall not use or possess a firearm or ammunition.
_ b. Respondent shall surrender any firearms and ammunition in the Respondent’s possession to the_County Sheriffs Department until further order of the court.
_ c. Other directives relating to firearms and ammunition: _
NOTE: RESPONDENT IS ADVISED THAT, IF A PERMANENT INJUNCTION FOR PROTECTION AGAINST DOMESTIC VIOLENCE IS ISSUED FOLLOWING A HEARING REGARDING THIS MATTER, IN MOST CASES IT WILL BE A VIOLATION OF § 790.233, FLORIDA STATUTES, AND A FIRST DEGREE MISDEMEANOR, FOR RESPONDENT TO HAVE IN HIS OR HER CARE, CUSTODY, POSSESSION OR CONTROL ANY FIREARM OR AMMUNITION. ADDITIONALLY, IT WILL BE A FEDERAL CRIMINAL FELONY OFFENSE TO SHIP OR TRANSPORT IN INTERSTATE OR FOREIGN COMMERCE, OR POSSESS IN OR AFFECTING COMMERCE, ANY FIREARM OR AMMUNITION; OR TO RECEIVE ANY FIREARM OR AMMUNITION WHICH HAS BEEN SHIPPED OR TRANSPORTED IN INTERSTATE OR FOREIGN COMMERCE WHILE SUBJECT TO SUCH AN INJUNCTION. 18 U.S.C. § 922(g)(8).
4.Mailing Address. Respondent shall notify the Clerk of the Court of any change in his or her mailing address within ten (10) days of the change. All further papers (excluding the final injunction, if entered without Respondent being present at the hearing, and pleadings requiring personal service) shall be served by mail to Respondent’s last known address. Such service by mail shall be complete upon mailing. Rule 12.080, Fla.Fam.L.R.P., section 741.30, Florida Statutes.
5.Additional order necessary to protect Petitioner from domestic violence:
[[Image here]]
TEMPORARY EXCLUSIVE USE AND POSSESSION OF HOME
[Initial all that apply; write N/A if does not apply]
*45 6. _ Possession of the Home. ( ) Petitioner ( ) Respondent shall have temporary exclusive use and possession of the dwelling located at: -
7. _ Transfer of Possession of the Home. A law enforcement officer with jurisdiction over the home shall accompany ( ) Petitioner ( ) Respondent to the home, and shall place ( ) Petitioner ( ) Respondent in possession of the home.
8. _ Personal Items. ( ) Petitioner ( ) Respondent, in the presence of a law enforcement officer, may return to the premises described above ( ) on _, at _ a.m./p.m., or ( ) at a time arranged with the law enforcement department with jurisdiction over the home, for the purpose of obtaining his or her clothing and items of personal health and hygiene and tools of the trade. A law enforcement officer with jurisdiction over the home from which these items are to be retrieved shall accompany ( ) Petitioner ( ) Respondent to the home and stand by to insure that he/she vacates the premises with only his/her personal clothing, toiletries, tools of the trade, and any items listed in paragraph 10 below. The law enforcement agency shall not be responsible for storing or transporting any property. IF THE RESPONDENT IS NOT AWARDED POSSESSION OF THE HOME AND GOES TO THE HOME WITHOUT A LAW ENFORCEMENT OFFICER, IT IS A VIOLATION OF THIS INJUNCTION.
9. _ ( ) Petitioner ( ) Respondent shall not damage or remove any furnishings or fixtures from the parties’ former shared premises.
10. _ Other: -
TEMPORARY SUPPORT
Temporary support, if requested by Petitioner in the Petition for Injunction for Protection Against Domestic Violence, will be addressed by the Court after notice to Respondent and hearing on the matter.
OTHER SPECIAL PROVISIONS

(This section to be used for inclusion of local provisions approved by the chief judge as provided in Florida Family Law Rule 12.610.)

DIRECTIONS TO LAW ENFORCEMENT OFFICER IN ENFORCING THIS INJUNCTION

(Provisions in this injunction that do not include a line for the judge to either initial or write N/A are considered mandatory provisions and should be interpreted to be part of this

injunction.)

1. The Sheriff of_County, or any other authorized law enforcement officer, is ordered to serve this temporary injunction upon Respondent as soon as possible after its issuance.
2. This injunction is valid in all counties of the State of Florida. Violation of this injunction should be reported to the appropriate law enforcement agency. Law enforcement officers of the jurisdiction in which a violation of this injunction occurs shall enforce the provisions of this injunction and are authorized to arrest without warrant pursuant to section 901.15, Florida Statutes, for any violation of its provisions which constitutes a criminal act under section 741.31, Florida Statutes.
*46 3. THIS INJUNCTION IS ENFORCEABLE IN ALL COUNTIES OF FLORIDA AND LAW ENFORCEMENT OFFICERS MAY EFFECT ARRESTS PURSUANT TO SECTION 901.15(6), FLORIDA STATUTES. The arresting agent shall notify the State Attorney’s Office immediately after arrest.
4. Reporting alleged violations. If Respondent violates the terms of this injunction and there has not been an arrest, Petitioner may contact the Clerk of the Circuit Court of the county in which the violation occurred and complete an affidavit in support of the violation, or Petitioner may contact the State Attorney’s office for assistance in filing an action for indirect civil contempt or indirect criminal contempt. Upon receiving such a report, the State Attorney is hereby appointed to prosecute such violations by indirect criminal contempt proceedings, or the State Attorney may decide to file a criminal charge, if warranted by the evidence.
ORDERED on_
CIRCUIT JUDGE
COPIES TO:
Sheriff of_:_County Petitioner (or his or her attorney): _by U. S. Mail — by hand delivery in open court
Respondent:_forwarded to sheriff for service
_State Attorney’s Office
_Other:_
I CERTIFY the foregoing is a true copy of the original as it appears on file in the office of the Clerk of the Circuit Court of_County, Florida, and that I have furnished copies of this order as indicated above.
CLERK OF THE CIRCUIT COURT
(SEAL)
By: - Deputy Clerk
FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.980(e)(1). FINAL JUDGMENT OF INJUNCTION FOR PROTECTION AGAINST DOMESTIC VIOLENCE WITH MINOR CHILD(REN) (AFTER NOTICE)
IN THE CIRCUIT COURT OF THE_JUDICIAL CIRCUIT, IN AND FOR_COUNTY, FLORIDA
Case No.:. Division:—
Petitioner,
and
Respondent.
FINAL JUDGMENT OF INJUNCTION FOR PROTECTION AGAINST DOMESTIC VIOLENCE WITH MINOR CHILD(REN) (AFTER NOTICE)
*47 The Petition for Injunction for Protection Against Domestic Violence under section 741.30, Florida Statutes, and other papers filed in this Court have been reviewed. The Court has jurisdiction of the parties and the subject matter.
It is intended that this protection order meet the requirements of 18 U.S.C. § 2265 and therefore intended that it be accorded full faith and credit by the court of another state or Indian tribe and enforced as if it were the order of the enforcing state or of the Indian tribe.
HEARING
This cause came before the Court for a hearing to determine whether an Injunction for Protection Against Domestic Violence in this case should be ( ) issued ( ) modified ( ) extended.
The hearing was attended by ( ) Petitioner ( ) Respondent
( ) Petitioner’s Counsel ( ) Respondent’s Counsel
FINDINGS
On {date}_, a notice of this hearing was served on Respondent together with a copy of Petitioner’s petition to this Court and the temporary injunction, if issued. Service was within the time required by Florida law, and Respondent was afforded an opportunity to be heard.
After hearing the testimony of each party present and of any witnesses, or upon consent of Respondent, the Court finds, based on the specific facts of this case, that Petitioner is a victim of domestic violence or has reasonable cause to believe that he/she is in imminent danger of becoming a victim of domestic violence by Respondent.
INJUNCTION AND TERMS
This injunction shall be in full force and effect until( ) further order of the Court or ( )_This injunction is valid and enforceable in all counties of the State of Florida. The terms of this injunction may not be changed by either party alone or by both parties together. Only the Court may modify the terms of this injunction. Either party may ask the Court to change or end this injunction at any time.
Any violation of this injunction, whether or not at the invitation of Petitioner or anyone else, may subject Respondent to civil or indirect criminal contempt proceedings, including the imposition of a fine or imprisonment. Certain willful violations of the terms of this injunction, such as: refusing to vacate the dwelling that the parties share; going to Petitioner’s residence, place of employment, school, or other place prohibited in this injunction; telephoning, contacting or communicating with Petitioner if prohibited by this injunction; or committing an act of domestic violence against Petitioner constitutes a misdemeanor of the first degree punishable by up to one year in jail, as provided by sections 775.082 and 775.083, Florida Statutes. In addition, it is a federal criminal felony offense, punishable by up to life imprisonment, depending on the nature of the violation, to cross state lines or enter Indian country for the purpose of engaging in conduct that is prohibited in this injunction. 18 U.S.C. § 2262.
ORDERED and ADJUDGED:
1. Violence Prohibited. Respondent shall not commit, or cause any other person to commit, any acts of domestic violence against Petitioner. Domestic violence ineludes: assault, aggravated assault, battery, aggravated battery, sexual assault, sexual battery, stalking, aggravated stalking, kidnaping, false imprisonment, or any other criminal offense resulting in physical injury or death to Petitioner or any of Petitioner’s family or household members who is residing in the same single dwelling unit with Petitioner. *48 Respondent shall not commit any other violation of the injunction through an intentional unlawful threat, word or act to do violence to the Petitioner.
2.No Contact. Respondent shall have no contact with the Petitioner unless otherwise provided in this section, or unless paragraphs 13 through 19 below provide for contact connected with the temporary custody of and visitation with minor child(ren).
a. Unless otherwise provided herein, Respondent shall have no contact with Petitioner. Respondent shall not directly or indirectly contact Petitioner in person, by mail, e-mail, fax, telephone, through another person, or in any other manner. Further, Respondent shall not contact or have any third party contact anyone connected with Petitioner’s employment or school to inquire about Petitioner or to send any messages to Petitioner. Unless otherwise provided herein, Respondent shall not go to, in, or within 500 feet of: Petitioner’s current residence {list address} -
or any residence to which Petitioner may move; Petitioner’s current or any subsequent place of employment {list address of current employment} - _or place where Petitioner attends school {list address of school} -; or the following other places (if requested by Petitioner) where Petitioner or Petitioner’s minor child(ren) go often: _ Respondent may not knowingly come within 100 feet of Petitioner’s automobile at any time.
b. Other provisions regarding contact: _
3.Firearms. Unless paragraph a. is initialed below, Respondent shall not have in his or her care, custody, possession or control any firearm or ammunition. It is a violation of section 790.233, Florida Statutes, and a first degree misdemeanor, for the respondent to have in his or her care, custody, possession or control any firearm or ammunition.
[Initial if applies; Write N/A if not applicable]
_ a. Respondent is a state or local officer as defined in section 943.10(14), Florida Statutes, who holds an active certification, who receives or possesses a firearm or ammunition for use in performing official duties on behalf of the officer’s employing agency and is not prohibited by the court from having in his or her care, custody, possession or control a firearm or ammunition. The officer’s employing agency may prohibit the officer from having in his or her care, custody, possession or control a firearm or ammunition.
_ b. Respondent shall surrender any firearms and ammunition in the Respondent’s possession to the_County Sheriffs Department.
_ c. Other directives relating to firearms and ammunition: _
NOTE: RESPONDENT IS ADVISED THAT IT IS A FEDERAL CRIMINAL FELONY OFFENSE TO SHIP OR TRANSPORT IN INTERSTATE OR FOREIGN COMMERCE, OR POSSESS IN OR AFFECTING COMMERCE, ANY FIREARM OR AMMUNITION; OR TO RECEIVE ANY FIREARM OR AMMUNITION WHICH HAS BEEN SHIPPED OR TRANSPORTED IN INTERSTATE OR FOREIGN COMMERCE WHILE SUBJECT TO SUCH AN INJUNCTION. 18 U.S.C. § 922(g)(8).
4.Evaluation/Counseling.
[Initial all that apply; write N/A if does not apply]
*49 a. The Court finds that Respondent has:
_ i. willfully violated the ex parte injunction;
_ ii. been convicted of, had adjudication withheld on, or pled nolo contendere to a crime involving violence or a threat of violence; and/or
_ iii. in this state or any other state, had at any time a prior injunction for protection entered against the respondent after a hearing with notice.

Note: If respondent meets any of the above enumerated criteria, the Court must order the Respondent to attend a batterers’ intervention program unless it makes written factual findings stating why such a program would not be appropriate. See § 711.30(6)(d), Florida Statutes.

b. Within ( ) 10 days ( ) days, (but no more than 10 days) of the date of this injunction, Respondent shall enroll in and thereafter without delay complete the following, and Respondent shall provide proof of such enrollment to the Clerk of Circuit Court within ( ) 30 days ( ) days, (but no more than 30 days) of the date of this injunction:
_ i. A certified batterers’ intervention program from a list of programs to be provided by the Court or any entity designated by the Court. Respondent shall also successfully complete any substance abuse or mental health evaluation that the assessing program counselor deems necessary as a predicate to completion of the batterers’ intervention program.
_ ii. A substance abuse evaluation at: - or a similarly qualified facility and any substance abuse treatment recommended by that evaluation.
_ iii. A mental health evaluation by a licensed mental health professional at: _or any other similarly qualified facility and any mental health treatment recommended by that evaluation.
_ iv. Other: -
_ c. Although Respondent meets the statutory mandate of attendance at a batterers’ intervention program, the Court makes the following written findings as to why the condition of batterers’ intervention program would be inappropriate: -
_ d. Petitioner is referred to a certified domestic violence center and is provided with a list of certified domestic violence centers in this circuit, which Petitioner may contact.
5. Court Costs. Pursuant to section 741.30(2)(a), Florida Statutes, filing fees to the Clerk of the Circuit Court and service fees to the sheriff are waived, subject to subsequent order of the Court; OR costs in the amount of $_for the filing fee, plus $_for the sheriffs fee, for a total of $- are taxed against ( ) Petitioner ( ) Respondent ( ) Other (explain)-, for which sum let execution issue. This amount shall be paid to the {county}Clerk of the Circuit Court, within 30 days of the date of this injunction. If Respondent is directed to pay filing fees or service fees and Petitioner has previously paid said fees, the clerk shall refund same to Petitioner, upon payment by Respondent.
6. Mailing Address. Respondent shall notify the Clerk of the Court of any change in his or her mailing address within ten (10) days of the change. All further papers (excluding pleadings requiring personal service) shall be served by mail to Respondent’s last known address. Such service by mail shall be complete upon mailing. Rule 12.080, Fla.Fam.L.R.P., section 741.30, Florida Statutes.
7.Other provisions necessary to protect Petitioner from domestic violence:
*50 [[Image here]]
TEMPORARY EXCLUSIVE USE AND POSSESSION OF HOME
[Initial if applies; Write N/A if not applicable]
8. __ Possession of the Home. ( ) Petitioner ( ) Respondent shall have temporary exclusive use and possession of the dwelling located at: _
9. — Transfer of Possession of the Home. A law enforcement officer with jurisdiction over the home shall accompany ( ) Petitioner ( ) Respondent to the home, and shall place ( ) Petitioner ( ) Respondent in possession of the home.
10. — Personal Items. ( ) Petitioner ( ) Respondent, in the presence of a law enforcement officer, may return to the premises described above ( ) on -, at - a.m./p.m., or ( ) at a time arranged with the law enforcement department with jurisdiction over the home, accompanied by a law enforcement officer only, for the purpose of obtaining his or her clothing and items of personal health and hygiene and tools of the trade. A law enforcement officer with jurisdiction over the premises shall go with ( ) Petitioner ( ) Respondent to the home and stand by to insure that he/she vacates the premises with only his/her personal clothing, toiletries, tools of the trade, and any items listed in paragraph 11 below. The law enforcement agency shall not be responsible for storing or transporting any property. IF THE RESPONDENT IS NOT AWARDED POSSESSION OF THE HOME AND GOES TO THE HOME WITHOUT A LAW ENFORCEMENT OFFICER, IT IS A VIOLATION OF THIS INJUNCTION.
11. — The following other personal possessions may also be removed from the premises at this time: _
12. _ Other:
TEMPORARY CUSTODY OF AND VISITATION WITH MINOR CHILD(REN)
13. Jurisdiction. Jurisdiction to determine custody of and visitation with any minor children) listed in paragraph 2 below is proper under the Uniform Child Custody Jurisdiction Act (UCCJA).
14. Temporary Custody of Minor Child(ren). ( ) Petitioner ( ) Respondent shall have temporary custody of the parties’ minor child(ren) listed below:
Name Birth date
[[Image here]]
*51 When requested by the custodial parent, law enforcement officers shall use any and all reasonable and necessary force to physically deliver the minor child(ren) listed above to custodial parent. The noncustodial parent shall not take the child(ren) from the custody of custodial parent or any child care provider or other person entrusted by the custodial parent with the care of the children).
15. Type of Contact/Visitation with Minor Child(ren). The noncustodial parent shall have:
[Initial one only]
_ a. no contact with the parties minor children) until further order of the Court.
_ b. the following specified visitation with the parties’ minor children), subject to any limitations set out below: {specify days and times} _
16. Limitations on Visitation. The above specified visitation shall be: [Initial all that apply; write N/A if does not apply]
_ a. unsupervised.
_ b. supervised by the following specified responsible adult: _ _ c. at a supervised visitation center located at: _
and shall be subject to the available times and rules of the supervised visitation center. The cost of such visits shall be paid by ( ) custodial parent ( ) noncustodial parent ( ) both: _
17.Arrangements for Contact/Visitation with Minor Child(ren). [Initial all that apply; write N/A if does not apply]
_ a. A responsible person shall coordinate the visitation arrangements of the minor child(ren). If specified, the responsible person shall be: {name} _
_ b. Other conditions for visitation arrangements as follows: _
18.Exchange of Minor Child(ren).
[Initial all that apply; write N/A if does not apply]
_ a. The parties shall exchange the child(ren) at ( ) school or daycare, or ( ) at the following location(s): _
_ b. A responsible person shall conduct all exchanges of the child(ren). The noncustodial parent shall not be present during the exchange. If specified, the responsible person shall be: {name} _
_ c. Other conditions for visitation exchange as follows:
19.Other Additional Provisions Relating to the Minor Child(ren).
*52 [[Image here]]
TEMPORARY SUPPORT
20. Temporary Alimony.
[Initial all that apply; write N/A if does not apply]
_ a. The court finds that there is a need for temporary alimony and that ( ) Petitioner ( ) Respondent (hereinafter Obligor) has the present ability to pay alimony and shall pay temporary alimony to ( ) Petitioner ( ) Respondent (hereinafter Obligee) in the amount of $_•_per month, payable ( ) in accordance with Obligor’s employer’s payroll cycle, and in any event, at least once a month ( ) other {explain} _ beginning {date}_This alimony shall continue until modified by court order, until a final judgment of dissolution of marriage is entered, until Obligee dies, until this injunction expires, or until {date}_, whichever occurs first.
_ b. ( ) Petitioner ( ) Respondent shall be required to maintain health insurance coverage for the other party. Any uncovered medical costs for the party awarded alimony shall be assessed as follows: _
_ c. Other provisions relating to alimony:
21. Temporary Child Support.
[Initial all that apply; write N/A if does not apply]
_ a. The Court finds that there is a need for temporary child support and that the noncustodial parent (hereinafter Obligor) has the present ability to pay child support. The amounts in the Child Support Guidelines Worksheet, Florida Family Law Form 12.902(e), filed by ( ) Petitioner ( ) Respondent are correct OR the Court makes the following findings: The Petitioner’s net monthly income is $_, (Child Support Guidelines _%). The Respondent’s net monthly income is $_, (Child Support Guidelines _%). Monthly child care costs are $_Monthly health/dental insurance costs are $_
_ b. Amount. Obligor shall pay temporary child support in the amount of $_, per month payable ( ) in accordance with Obligor’s employer’s payroll cycle, and in any event at least once a month ( ) other {explain}: _ beginning {date} _, and continuing until further order of the court, or until {date/event} _, {explain}_ If the child support ordered deviates from the guidelines by more than 5%, the factual findings which support that deviation are: _
_ c. ( ) Petitioner ( ) Respondent shall be required to maintain ( ) health ( ) dental insurance coverage for the parties’ minor children) so long as reasonably available. OR ( ) Health ( ) dental insurance is not reasonably available at this time.
_ d. Any reasonable and necessary uninsured medical/dental/prescription drug costs for the minor children) shall be assessed as follows: _
_ e. Florida Supreme Court Approved Family Law Form 12.902(j), Notice of Social Security Number, is incorporated herein by reference.
_ f. Other provisions relating to child support: _
*53 [[Image here]]
22. Method of Payment.
[Initial one only]
_ a. Obligor shall pay any temporary child supporValimony ordered through income deduction, and such support shall be paid to the state disbursement unit. Obligor is individually responsible for paying this support obligation in the event that all or any portion of said support is not deducted from Obligor’s income. Obligor shall also pay the applicable state disbursement unit service charge. Until child supporValimony payments are deducted from Obligor’s paycheck pursuant to the Income Deduction Order, Obligor is responsible for making timely payments directly to the state disbursement unit.
_ b. Temporary child supporValimony shall be paid through the state disbursement unit in the office of the {name of county}_County Clerk of Circuit Court. Obligor shall also pay the applicable state disbursement unit service charge. Income deduction is not in the best interests of the children) because: -
_ c. Other provisions relating to method of payment:
OTHER SPECIAL PROVISIONS

(This section to be used for inclusion of local provisions approved by the chief judge as provided in Florida Family Law Rule 12.610.)

DIRECTIONS TO LAW ENFORCEMENT OFFICER IN ENFORCING THIS INJUNCTION

(Provisions in this injunction that do not include a line for the judge to either initial or write N/A are considered mandatory provisions and should be interpreted to be part of this injunction.)

1. This injunction is valid in all counties of the State of Florida. Violation of this injunction should be reported to the appropriate law enforcement agency. Law enforcement officers of the jurisdiction in which a violation of this injunction occurs shall enforce the provisions of this injunction and are authorized to arrest without warrant pursuant to section 901.15, Florida Statutes, for any violation of its provisions, except those regarding child support and/or alimony, which constitutes a criminal act under section 741.31, Florida Statutes. When inconsistent with this order, any subsequent court order issued under Chapter 61, Florida Statutes, shall take precedence over this order on all matters relating to property division, alimony, child custody, or child support.
2. THIS INJUNCTION IS ENFORCEABLE IN ALL COUNTIES OF FLORIDA, AND LAW ENFORCEMENT OFFICERS MAY EFFECT ARRESTS PURSUANT TO SECTION 901.15(6), FLORIDA STATUTES. The arresting agent shall notify the State Attorney’s Office immediately after arrest.
3. Reporting alleged violations. If Respondent violates the terms of this injunction and there has not been an arrest, Petitioner may contact the Clerk of the Circuit Court of the county in which the violation occurred and complete an affidavit in support of the violation, or Petitioner may contact the State Attorney’s office for assistance in filing an action for indirect civil contempt or indirect criminal contempt. Upon receiving such a report, the State Attorney is hereby appointed to prosecute such violations by indirect criminal contempt proceedings, or the State Attorney may decide to file a criminal charge, if warranted by the evidence.
*54 4. Respondent, upon service of this injunction, shall be deemed to have knowledge of and to be bound by all matters occurring at the hearing and on the face of this injunction.
5. The temporaiy injunction, if any, entered in this case is extended until such time as service of this injunction is effected upon Respondent.
ORDERED on_
CIRCUIT JUDGE
COPIES TO:
Sheriff of_County
Petitioner (or his or her attorney): _ byU.S. Mail
_ by hand delivery in open court (Petitioner must acknowledge receipt in writing on the face of the original order — see below.)
Respondent (or his or her attorney): _ forwarded to sheriff for service
_ by hand delivery in open court (Respondent must acknowledge receipt in writing on the face of the original order — see below.)
_ by certified mail (may only be used when Respondent is present at the hearing and Respondent fails or refuses to acknowledge the receipt of a certified copy of this injunction.)
_ State Attorney's Office
_ Batterer’s intervention program (if ordered)
_ Central Governmental Depository (if ordered)
_ Department of Revenue
_ Other:_
I CERTIFY the foregoing is a true copy of the original as it appears on file in the office of the Clerk of the Circuit Court of_County, Florida, and that I have furnished copies of this order as indicated above.
CLERK OF THE CIRCUIT COURT
(SEAL)
By: - Deputy Clerk
ACKNOWLEDGMENT
I, {Name of Petitioner} Injunction for Protection. _, acknowledge receipt of a certified copy of this
Petitioner
ACKNOWLEDGMENT
I, {Name of Respondent}_, acknowledge receipt of a certified copy of this Injunction for. Protection.
Respondent
FORM 12.980(e)(2). FINAL JUDGMENT OF INJUNCTION FOR PROTECTION AGAINST DOMESTIC VIOLENCE WITHOUT MINOR CHILD(REN) (AFTER NOTICE)
*55 IN THE CIRCUIT COURT OF THE_JUDICIAL CIRCUIT, IN AND FOR_COUNTY, FLORIDA
Case No.: _ Division: _
Petitioner,
and
Respondent.
FINAL JUDGMENT OF INJUNCTION FOR PROTECTION AGAINST DOMESTIC VIOLENCE WITHOUT MINOR CHILD(REN) (AFTER NOTICE)
The Petition for Injunction for Protection Against Domestic Violence under section 741.30, Florida Statutes, and other papers filed in this Court have been reviewed. The Court has jurisdiction of the parties and the subject matter.
It is intended that this protection order meet the requirements of 18 U.S.C. § 2265 and therefore intended that it be accorded full faith and credit by the court of another state or Indian tribe and enforced as if it were the order of the enforcing state or of the Indian tribe.
HEARING
This cause came before the Court for a hearing to determine whether an Injunction for Protection Against Domestic Violence in this case should be ( ) issued ( ) modified ( ) extended.
The hearing was attended by ( ) Petitioner ( ) Respondent
( ) Petitioner’s Counsel ( ) Respondent’s Counsel
FINDINGS
On {date}_, a notice of this hearing was served on Respondent together with a copy of Petitioner’s petition to this Court and the temporary injunction, if issued. Service was within the time required by Florida law, and Respondent was afforded an opportunity to be heard.
After hearing the testimony of each party present and of any witnesses, or upon consent of Respondent, the Court finds, based on the specific facts of this case, that Petitioner is a victim of domestic violence or has reasonable cause to believe that he/she is in imminent danger of becoming a victim of domestic violence by Respondent.
INJUNCTION AND TERMS
This injunction shall be in full force and effect until ( ) further order of the Court ( )_. This injunction is valid and enforceable in all counties of the State of Florida. The terms of this injunction may not be changed by either party alone or by both parties together. Only the Court may modify the terms of this injunction. Either party may ask the Court to change or end this injunction at any time.
Any violation of this injunction, whether or not at the invitation of Petitioner or anyone else, may subject Respondent to civil or indirect criminal contempt proceedings, including the imposition of a fine or imprisonment. Certain willful violations of the *56 terms of this injunction, such as: refusing to vacate the dwelling that the parties share; going to Petitioner’s residence, place of employment, school, or other place prohibited in this injunction; telephoning, contacting or communicating with Petitioner if prohibited by this injunction; or committing an act of domestic violence against Petitioner constitutes a misdemeanor of the first degree punishable by up to one year in jail, as provided by sections 775.082 and 775.083, Florida Statutes. In addition, it is a federal criminal felony offense, punishable by up to life imprisonment, depending on the nature of the violation, to cross state lines or enter Indian country for the purpose of engaging in conduct that is prohibited in this injunction. 18 U.S.C. § 2262.
ORDERED and ADJUDGED:
1. Violence Prohibited. Respondent shall not commit, or cause any other person to commit, any acts of domestic violence against Petitioner. Domestic violence includes: assault, aggravated assault, battery, aggravated battery, sexual assault, sexual battery, stalking, aggravated stalking, kidnaping, false imprisonment, or any other criminal offense resulting in physical injury or death to Petitioner or any of Petitioner’s family or household members who is residing in the same single dwelling unit with Petitioner. Respondent shall not commit any other violation of the injunction through an intentional unlawful threat, word or act to do violence to the Petitioner.
2. No Contact. Respondent shall have no contact with the Petitioner unless otherwise provided in this section.
a. Unless otherwise provided herein, Respondent shall have no contact with Petitioner. Respondent shall not directly or indirectly contact Petitioner in person, by mail, e-mail, fax, telephone, through another person, or in any other manner. Further, Respondent shall not contact or have any third party contact anyone connected with Petitioner’s employment or school to inquire about Petitioner or to send any messages to Petitioner. Unless otherwise provided herein, Respondent shall not go to, in, or within 500 feet of: Petitioner’s current residence {list address} _ or any residence to which Petitioner may move; Petitioner’s current or any subsequent place of employment {list address of current employment} ________ _or place where Petitioner attends school {list address of school} _; or the following other places (if requested by Petitioner) where Petitioner or Petitioner’s minor child(ren) go often: _ Respondent may not knowingly come within 100 feet of Petitioner’s automobile at any time.
b. Other provisions regarding contact: _
3.Firearms. Unless paragraph a. is initialed below, Respondent shall not have in his or her care, custody, possession or control any firearm or ammunition. It is a violation of section 790.233, Florida Statutes, and a first degree misdemeanor, for the respondent to have in his or her care, custody, possession or control any firearm or ammunition.
[Initial if applies; Write N/A if not applicable]
_ a. Respondent is a state or local officer as defined in section 943.10(14), Florida Statutes, who holds an active certification, who receives or possesses a firearm or ammunition for use in performing official duties on behalf of the officer’s employing agency and is not prohibited by the court from having in his or her care, custody, possession or control a firearm or ammunition. The officer’s employing agency may *57 prohibit the officer from having in his or her care, custody, possession or control a firearm or ammunition.
_ b. Respondent shall surrender any firearms and ammunition in the Respondent’s possession to the_County Sheriffs Department.
_ c. Other directives relating to firearms and ammunition: _
NOTE: RESPONDENT IS ADVISED THAT IT IS A FEDERAL CRIMINAL FELONY OFFENSE TO SHIP OR TRANSPORT IN INTERSTATE OR FOREIGN COMMERCE, OR POSSESS IN OR AFFECTING COMMERCE, ANY FIREARM OR AMMUNITION; OR TO RECEIVE ANY FIREARM OR AMMUNITION WHICH HAS BEEN SHIPPED OR TRANSPORTED IN INTERSTATE OR FOREIGN COMMERCE WHILE SUBJECT TO SUCH AN INJUNCTION. 18 U.S.C. § 922(g)(8).
4. Evaluation/Counseling.
[Initial all that apply; write N/A if does not apply]
a. The Court finds that Respondent has:
_ i. willfully violated the ex parte injunction;
_ ii. been convicted of, had adjudication withheld on, or pled nolo contendere to a crime involving violence or a threat of violence; and/or
_ iii. in this state or any other state, had at any time a prior injunction for protection entered against the respondent after a hearing with notice.

Note: If respondent meets any of the above enumerated criteria, the Court must order the Respondent to attend a batterers’ intervention program unless it makes written facttial findings stating why such a program would not be appropriate. See § 711.30(6) (d), Florida Statutes.

b. Within ( ) 10 days ( ) days, (but no more than 10 days) of the date of this injunction, Respondent shall enroll in and thereafter without delay complete the following, and Respondent shall provide proof of such enrollment to the Clerk of Circuit Court within ( ) 30 days ( ) days, (but no more than 30 days) of the date of this injunction:
_ i. A certified batterers’ intervention program from a list of programs to be provided by the Court or any entity designated by the Court. Respondent shall also successfully complete any substance abuse or mental health evaluation that the assessing program counselor deems necessary as a predicate to completion of the batterers’ intervention program.
_ ii. A substance abuse evaluation at: _ or a similarly qualified facility and any substance abuse treatment recommended by that evaluation.
_ iii. A mental health evaluation by a licensed mental health professional at: _or any other similarly qualified facility and any mental health treatment recommended by that evaluation.
_ iv. Other: _
_ c. Although Respondent meets the statutory mandate of attendance at a batterers’ intervention program, the Court makes the following written findings as to why the condition of batterers’ intervention program would be inappropriate: _
_ d. Petitioner is referred to a certified domestic violence center and is provided with a list of certified domestic violence centers in this circuit, which Petitioner may contact.
5. Court Costs. Pursuant to section 741.30(2)(a), Florida Statutes, filing fees to the Clerk of the Circuit Court and service fees to the sheriff are waived, subject to subsequent order of the Court; OR costs in the amount of $_for the filing fee, plus $_for the sheriffs fee, for a total of $_ are taxed against ( ) Petitioner ( ) Respondent ( ) Other (explain) _, for which sum let execution issue. This amount shall be paid to the {county}Clerk of the Circuit Court, within 30 days of the date of this injunction. If Respondent is *58 directed to pay filing fees or service fees and Petitioner has previously paid said fees, the clerk shall refund same to Petitioner, upon payment by Respondent.
6. Mailing Address. Respondent shall notify the Clerk of the Court of any change in his or her mailing address within ten (10) days of the change. All further papers (excluding pleadings requiring personal service) shall be served by mail to Respondent’s last known address. Such service by mail shall be complete upon mailing. Rhle 12.080, Fla.Fam.L.R.P., section 741.30, Florida Statutes.
7. Other provisions necessary to protect Petitioner from domestic violence: _
TEMPORARY EXCLUSIVE USE AND POSSESSION OF HOME
[Initial if applies; Write N/A if not applicable]
8. _ Possession of the Home. ( ) Petitioner ( ) Respondent shall have temporary exclusive use and possession of the dwelling located at: _
9. _ Transfer of Possession of the Home. A law enforcement officer with jurisdiction over the home shall accompany ( ) Petitioner ( ) Respondent to the home, and shall place ( ) Petitioner ( ) Respondent in possession of the home.
10. _ Personal Items. ( ) Petitioner ( ) Respondent, in the presence of a law enforcement officer, may return to the premises described above ( ) on _, at _ a.m./p.m., or ( ) at a time arranged with the law enforcement department with jurisdiction over the home, accompanied by a law enforcement officer only, for the purpose of obtaining his or her clothing and items of personal health and hygiene and tools of the trade. A law enforcement officer with jurisdiction over the premises shall go with ( ) Petitioner ( ) Respondent to the home and stand by to insure that he/she vacates the premises with only his/her personal clothing, toiletries, tools of the trade, and any items listed in paragraph 12 below. The law enforcement agency shall not be responsible for storing or transporting any property. IF THE RESPONDENT IS NOT AWARDED POSSESSION OF THE HOME AND GOES TO THE HOME WITHOUT A LAW ENFORCEMENT OFFICER, IT IS A VIOLATION OF THIS INJUNCTION.
11. _ The following other personal possessions may also be removed from the premises at this time: _
12. _ Other:
TEMPORARY SUPPORT
*59 13. Temporary Alimony.
[Initial all that apply; write N/A if does not apply]
_ a. The court finds that there is a need for temporary alimony and that ( ) Petitioner ( ) Respondent (hereinafter Obligor) has the present ability to pay alimony and shall pay temporary alimony to ( ) Petitioner ( ) Respondent (hereinafter Obligee) in the amount of $_per month, payable ( ) in accordance with Obligor’s employer’s payroll cycle, and in any event, at least once a month ( ) other {explain} _ beginning {date}_This alimony shall continue until modified by court order, until a final judgment of dissolution of marriage is entered, until Obligee dies, until this injunction expires, or until {date}_, whichever occurs first.
_ b. ( ) Petitioner ( ) Respondent shall be required to maintain health insurance coverage for the other party. Any uncovered medical costs for the party awarded alimony shall be assessed as follows:-
_ c. Other provisions relating to alimony:
14. Method of Payment.
[Initial one only]
_ a. Obligor shall pay any temporary alimony ordered through income deduction, and such support shall be paid to the Central Government Depository in_ County. Obligor is individually responsible for paying this support obligation in the event that all or any portion of said support is not deducted from Obligor’s income. Obligor shall also pay the applicable Central Government Depository service charge. Until alimony payments are deducted from Obligor’s paycheck pursuant to the Income Deduction Order, Obligor is responsible for making timely payments directly to the Central Government Depository.
_ b. Temporary alimony shall be paid through the Central Government Depository in the office of the {name of county} _County Clerk of Circuit Court.
Obligor shall also pay the applicable Central Government Depository service charge. _ c. Other provisions relating to method of payment: _
OTHER SPECIAL PROVISIONS

(This section to be used for inclusion of local provisions approved by the chief judge as provided in Florida Family Law Rule 12.610.)

DIRECTIONS TO LAW ENFORCEMENT OFFICER IN ENFORCING THIS INJUNCTION

(Provisions in this injunction that do not include a line for the judge to either initial or write N/A are considered mandatory provisions and should be interpreted to be part of this injunction.)

1. This injunction is valid in all counties of the State of Florida. Violation of this injunction should be reported to the appropriate law enforcement agency. Law enforcement officers of the jurisdiction in which a violation of this injunction occurs shall enforce the provisions of this injunction and are authorized to arrest without warrant pursuant to section 901.15, Florida Statutes, for any violation of its provisions, except those regarding child support and/or alimony, which constitutes a criminal act under section 741.31, Florida Statutes. When inconsistent with this order, any subsequent court order issued under Chapter 61, Florida Statutes, shall take precedence over *60 this order on all matters relating to property division, alimony, child custody, or child support.
2. THIS INJUNCTION IS ENFORCEABLE IN ALL COUNTIES OF FLORIDA, AND LAW ENFORCEMENT OFFICERS MAY EFFECT ARRESTS PURSUANT TO SECTION 901.15(6), FLORIDA STATUTES. The arresting agent shall notify the State Attorney’s Office immediately after arrest.
3. Reporting alleged violations. If Respondent violates the terms of this injunction and there has not been an arrest, Petitioner may contact the Clerk of the Circuit Court of the county in which the violation occurred and complete an affidavit in support of the violation, or Petitioner may contact the State Attorney’s office for assistance in filing an action for indirect civil contempt or indirect criminal contempt. Upon receiving such a report, the State Attorney is hereby appointed to prosecute such violations by indirect criminal contempt proceedings, or the State Attorney may decide to file a criminal charge, if warranted by the evidence.
4. Respondent, upon service of this injunction, shall be deemed to have knowledge of and to be bound by all matters occurring at the hearing and on the face of this injunction.
5. The temporary injunction, if any, entered in this case is extended until such time as service of this injunction is effected upon Respondent.
ORDERED on_
CIRCUIT JUDGE
COPIES TO:
Sheriff of_County
Petitioner (or his or her attorney): by U. S. Mail
by hand delivery in open court (Petitioner must acknowledge receipt in writing on the face of the original order — see below.)
Respondent (or his or her attorney): forwarded to sheriff for service
by hand delivery in open court (Respondent must acknowledge receipt in writing on the face of the original order — see below.)
by certified mail (may only be used when Respondent is present at the hearing and Respondent fails or refuses to acknowledge the receipt of a certified copy of this injunction.)
_State Attorney’s Office
_Batterer’s intervention program (if ordered)
.__ Central Governmental Depository (if ordered)
___ Department of Revenue
_ Other:_
I CERTIFY the foregoing is a true copy of the original as it appears on file in the office of the Clerk of the Circuit Court of_ County, Florida, and that I have furnished copies of this order as indicated above.
CLERK OF THE CIRCUIT COURT
(SEAL)
By: - Deputy Clerk
ACKNOWLEDGMENT
*61 I, {Name of Petitioner} _, acknowledge receipt of a certified copy of this Injunction for Protection.
Petitioner
ACKNOWLEDGMENT
I, {Name of Respondent}_, acknowledge receipt of a certified copy of this Injunction for Protection.
Respondent
FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.980(1). TEMPORARY INJUNCTION FOR PROTECTION AGAINST REPEAT VIOLENCE
IN THE CIRCUIT COURT OF THE_JUDICIAL CIRCUIT, IN AND FOR_COUNTY, FLORIDA
Case No.:_ Division:_
Petitioner,
and
Respondent.
TEMPORARY INJUNCTION FOR PROTECTION AGAINST REPEAT VIOLENCE
The Petition for Injunction for Protection Against Repeat Violence under section 784.046, Florida Statutes, and other papers filed in this Court have been reviewed. The Court has jurisdiction of the parties and the subject matter under the laws of Florida. The term “Petitioner” as used in this injunction includes the person on whose behalf this injunction is entered.
It is intended that this protection order meet the requirements of 18 U.S.C. § 2265 and therefore intended that it be accorded full faith and credit by the court of another state or Indian tribe and enforced as if it were the order of the enforcing state or of the Indian tribe.
SECTION I. NOTICE OF HEARING
Because this Temporary Injunction for Protection Against Repeat Violence has been issued without notice to Respondent, Petitioner and Respondent are instructed that they are scheduled to appear and testify at a hearing regarding this matter on {date}-, at _a.m./p.m., when the Court will consider whether the Court should issue a Final Judgment of Injunction for Protection Against Repeat Violence, which shall remain in effect until modified or dissolved by the Court, and whether other things should be ordered, including, for example, such matters as who should pay the filing fees and costs. The hearing will be before The Honorable {name}_, at {room name/number, location, address, city}_, Florida. If Petitioner and/or Respondent do not appear, this temporary injunction may be continued in force, extended, or dismissed, and/or additional orders may be granted, including the imposition of court costs. All witnesses and evidence, if any, must be presented at this time.
*62 NOTICE: Because this is a civil case, there is no requirement that these proceedings be transcribed at public expense.
YOU ARE ADVISED THAT IN THIS COURT:
_a. a court reporter is provided by the court.
_. b. electronic audio tape recording only is provided by the court. A party may arrange in advance for the services of and provide for a court reporter to prepare a written transcript of the proceedings at that party’s expense.
_ c. no electronic audio tape recording or court reporting services are provided by the court. A party may arrange in advance for the services of and provide for a court reporter to prepare a written transcript of the proceedings at that party’s expense.
A RECORD, WHICH INCLUDES A TRANSCRIPT, MAY BE REQUIRED TO SUPPORT AN APPEAL. THE PARTY SEEKING THE APPEAL IS RESPONSIBLE FOR HAVING THE TRANSCRIPT PREPARED BY A COURT REPORTER. THE TRANSCRIPT MUST BE FILED WITH THE REVIEWING COURT OR THE APPEAL MAY BE DENIED.
If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact
{name} _, {address} _, {telephone}_, within 2 working days of your receipt of this temporary injunction. If you are hearing or voice impaired, call TDD 1-800-955-8771.
SECTION II. FINDINGS
The statements made under oath by Petitioner make it appear that section 784.046, Florida Statutes, applies to the parties, that Petitioner is a victim of repeat violence and that an immediate and present danger of repeat violence exists to Petitioner or to a member of Petitioner’s immediate family.
SECTION III. TEMPORARY INJUNCTION AND TERMS
This injunction shall be effective until the hearing set above and in no event for longer than 15 days, unless extended by court order. This injunction is valid and enforceable in all counties of the State of Florida. The terms of this injunction may not be changed by either party alone or by both parties together. Only the Court may modify the terms of this injunction. Either party may ask the Court to change or end this injunction.
Willful violation of the terms of this injunction, such as refusing to vacate the dwelling which the parties share, going to Petitioner’s residence, place of employment, school, or other place prohibited in this injunction, telephoning, contacting or communicating with Petitioner, if prohibited by this injunction, or committing an act of repeat violence against Petitioner constitutes a misdemeanor of the first degree punishable by up to one year in jail, as provided by sections 775.082 and 775.083, Florida Statutes.
Any party violating this injunction may be subject to civil or indirect criminal contempt proceedings, including the imposition of a fine or imprisonment, and also may be charged with a crime punishable by a fine, jail, or both, as provided by Florida Statutes.
ORDERED and ADJUDGED:
1. Violence Prohibited. Respondent shall not commit, or cause any other person to commit, any acts of violence against Petitioner, including assault, battery, sexual battery, or stalking. Respondent shall not commit any other violation of the injunction through an intentional unlawful threat, word, or act to do violence to the Petitioner.
*63 2.No Contact. Respondent shall have no contact with the Petitioner unless otherwise provided in this section.
a. Unless otherwise provided herein, Respondent shall have no contact with Petitioner. Respondent shall not directly or indirectly contact Petitioner in person, by mail, e-mail, fax, telephone, through another person, or in any other manner. Further, Respondent shall not contact or have any third party contact anyone connected with Petitioner’s employment or school to inquire about Petitioner or to send any messages to Petitioner. Unless otherwise provided herein, Respondent shall not go to, in, or within 500 feet of: Petitioner’s current residence {list address} - or any residence to which Petitioner may move; Petitioner’s current or any subsequent place of employment {list address of current employment} - _or place where Petitioner attends school {list address of school} _; or the following other places (if requested by Petitioner) where Petitioner or Petitioner’s minor children) go often:
[Initial if applies; Write N/A if not applicable]
_ b. Respondent may not knowingly come within 100 feet of Petitioner’s automobile at any time.
_ c. Other provisions regarding contact: -
3.Firearms.
[Initial all that apply; write N/A if does not apply]
_ a. Respondent shall not use or possess a firearm or ammunition.
_ b. Respondent shall surrender any firearms and ammunition in Respondent’s possession to the_County Sheriffs Department.
_ c. Other directives relating to firearms and ammunition: -
4. Mailing Address. Respondent shall notify the Clerk of the Court of any change in his or her mailing address within ten (10) days of the change. All further papers (excluding pleadings requiring personal service) shall be served by mail to Respondent’s last known address. Such service by mail shall be complete upon mailing. Rule 12.080, Fla.Fam.L.R.P., section 784.046, Florida Statutes.
5. Additional order(s) necessary to protect Petitioner from repeat violence: -
SECTION IY. OTHER SPECIAL PROVISIONS

(This section to be used for inclusion of local provisions approved by the chief judge as provided in Florida Family Laiv Rule 12.610.)

SECTION V. DIRECTIONS TO LAW ENFORCEMENT OFFICER IN ENFORCING THIS INJUNCTION

*64
(Provisions in this injunction that do not include a line for the judge to either initial or write N/A are considered mandatory provisions and should be interpreted to be part of this injunction.)

1. The Sheriff of_County, or any other authorized law enforcement officer, is ordered to serve this temporary injunction upon Respondent as soon as possible after its issuance.
2. This injunction is valid and enforceable in all counties of the State of Florida. Violation of this injunction should be reported to the appropriate law enforcement agency. Law enforcement officers of the jurisdiction in which a violation of this injunction occurs shall enforce the provisions of this injunction and are authorized to arrest without a warrant pursuant to section 901.15, Florida Statutes, for any violation of its provisions, which constitutes a criminal act under section 784.047, Florida Statutes.
3. Should any Florida law enforcement officer having jurisdiction have probable cause to believe that Respondent has knowingly violated this injunction, the officer may arrest Respondent, confine him/her in the county jail without bail, and shall bring him/her before the Initial Appearance Judge on the next regular court day so that Respondent can be dealt with according to law. The arresting agent shall notify the State Attorney’s Office immediately after arrest. THIS INJUNCTION IS ENFORCEABLE IN ALL COUNTIES OF FLORIDA AND LAW ENFORCEMENT OFFICERS MAY EFFECT ARRESTS PURSUANT TO SECTION 901.15(6), FLORIDA STATUTES.
4. Reporting alleged violations. If Respondent violates the terms of this injunction and there has not been an arrest, Petitioner may contact the Clerk of the Circuit Court of the county in which the violation occurred and complete an affidavit in support of the violation or Petitioner may contact the State Attorney’s office for assistance in filing an action for indirect civil contempt or indirect criminal contempt. Upon receiving such a report, the State Attorney is hereby appointed to prosecute such violations by indirect criminal contempt proceedings, or the State Attorney may decide to file a criminal charge, if warranted by the evidence.
ORDERED on_
CIRCUIT JUDGE
COPIES TO:
Sheriff of_County
Petitioner_by U. S. Mail_by hand delivery
Respondent:_forwarded to sheriff for service
_Other:_
I CERTIFY the foregoing is a true copy of the original as it appears on file in the office of the Clerk of the Circuit Court of_County, Florida, and that I have furnished copies of this order as indicated above.
CLERK OF THE CIRCUIT COURT
(SEAL)
By: - Deputy Clerk
FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.980(m). FINAL JUDGMENT OF INJUNCTION FOR PROTECTION AGAINST REPEAT VIOLENCE (AFTER NOTICE)
IN THE CIRCUIT COURT OF THE_JUDICIAL CIRCUIT, IN AND FOR_COUNTY, FLORIDA
*65 Case No.: -
Division: _
Petitioner,
and
Respondent.
FINAL JUDGMENT OF INJUNCTION FOR PROTECTION AGAINST REPEAT VIOLENCE (AFTER NOTICE)
The Petition for Injunction for Protection Against Repeat Violence under section 784.046, Florida Statutes, and other papers filed in this Court have been reviewed. The Court has jurisdiction of the parties and the subject matter. The term “Petitioner” as used in this injunction includes the person on whose behalf this injunction is entered.
It is intended that this protection order meet the requirements of 18 U.S.C. § 2265 and therefore intended that it be accorded full faith and credit by the court of another state or Indian tribe and enforced as if it were the order of the enforcing state or of the Indian tribe.
SECTION I. HEARING
This cause came before the Court for a hearing to determine whether an Injunction for Protection Against Repeat Violence in this ease should be ( ) issued ( ) modified ( ) extended.
The hearing was attended by ( ) Petitioner ( ) Respondent
( ) Petitioner’s Counsel ( ) Respondent’s Counsel
SECTION II. FINDINGS
On {date}_, a notice of this hearing was served on Respondent together with a copy of Petitioner’s petition to this Court and the temporary injunction, if issued. Service was within the time required by Florida law, and Respondent was afforded an opportunity to be heard.
After hearing the testimony of each party present and of any witnesses, or upon consent of Respondent, the Court finds, based on the specific facts of this case, that Petitioner is a victim of repeat violence.
SECTION III. INJUNCTION AND TERMS
This injunction shall be in full force and effect until ( ) further order of the Court ( ) {date}_This injunction is valid and enforceable throughout all counties in the State of Florida. The terms of this injunction may not be changed by either party alone or by both parties together. Only the Court may modify the terms of this injunction. Either party may ask the Court to change or end this injunction.
Willful violation of the terms of this injunction, such as refusing to vacate the dwelling which the parties share, going to Petitioner’s residence, place of employment, school, or other place prohibited in this injunction, telephoning, contacting or communicating with Petitioner, if prohibited by this injunction, or committing an act of repeat violence against Petitioner constitutes a misdemeanor of the first degree punishable by up to one year in jail, as provided by sections 775.082 and 775.083, Florida Statutes.
*66 Any party violating this injunction shall be subject to civil or indirect criminal contempt proceedings, including the imposition of a fine or imprisonment, and also may be charged with a crime punishable by a fine, jail, or both, as provided by Florida Statutes.
ORDERED and ADJUDGED:
1. Violence Prohibited. Respondent shall not commit, or cause any other person to commit, any acts of violence against Petitioner, including assault, battery, sexual battery, or stalking. Respondent shall not commit any other violation of the injunction through an intentional unlawful threat, word or act to do violence to the Petitioner.
2. No Contact. Respondent shall have no contact with Petitioner unless otherwise provided in this section.
a. Unless otherwise provided herein, Respondent shall have no contact with Petitioner. Respondent shall not directly or indirectly contact Petitioner in person, by mail, e-mail, fax, telephone, through another person, or in any other manner. Further, Respondent shall not contact or have any third party contact anyone connected with Petitioner’s employment or school to inquire about Petitioner or to send any messages to Petitioner. Unless otherwise provided herein, Respondent shall not go to, in, or within 500 feet of: Petitioner’s current residence {list address} _ or any residence to which Petitioner may move; Petitioner’s current or any subsequent place of employment {list address of current employment} _ -or place where Petitioner attends school {list address of school} _; or the following other places (if requested by Petitioner) where Petitioner or Petitioner’s minor children) go often: _
[Initial if applies; Write N/A if not applicable]
— b. Respondent may not knowingly come within 100 feet of Petitioner’s automobile at any time.
_ c. Other provisions regarding contact: _
3.Firearms.
[Initial all that apply; write N/A if does not apply]
— a. Respondent shall not use or possess a firearm or ammunition.
—. b. Respondent shall surrender any firearms and ammunition in the Respondent’s possession to the_County Sheriffs Department.
— c. Other directives relating to firearms and ammunition: _
4.Court Costs. Pursuant to section 784.046(3)(b), Florida Statutes, filing fees to the Clerk of the Circuit Court and service fees to the sheriff are waived, subject to subsequent order of the court; OR costs in the amount of $_ for the filing fee, plus $_for the sheriffs fee, for a total of $_ are taxed against ( ) Petitioner ( ) Respondent ( ) Other {explain} _, for which sum let execution issue. This amount shall be paid to the office of the {name of county} ____ Clerk of the Circuit Court, within 30 days of the date of this injunction. If Respondent is directed to pay filing fees or service fees and Petitioner has previously paid said fees, the clerk shall refund same to Petitioner, upon payment by Respondent.
*67 5. Mailing Address. Respondent shall notify the Clerk of the Court of any change in his or her mailing address within ten (10) days of the change. All further papers (excluding pleadings requiring personal service) shall be served by mail to Respondent’s last known address. Such service by mail shall be complete upon mailing. Rule 12.080, Fla.Fam.L.R.P., section 784.046, Florida Statutes.
6. Additional order(s) necessary to protect Petitioner from repeat violence:_
SECTION IV. OTHER SPECIAL PROVISIONS

(This section to be used for inclusion of local provisions approved by the chief judge as provided in Florida Family Law Rule 12.610.)

SECTION V. DIRECTIONS TO LAW ENFORCEMENT OFFICER IN ENFORCING THIS INJUNCTION

(Provisions in this injunction that do not include a line for the judge to either initial or write N/A are considered mandatory provisions and should be interpreted to be part of this injunction.)

1. This injunction is valid and enforceable in all counties of the State of Florida. Violation of this injunction should be reported to the appropriate law enforcement agency. Law enforcement officers of the jurisdiction in which a violation of this injunction occurs shall enforce the provisions of this injunction and are authorized to arrest without a warrant pursuant to section 901.15, Florida Statutes, for any violation of its provision, which constitutes a criminal act under section 784.047, Florida Statutes.
2. Should any Florida law enforcement officer having jurisdiction have probable cause to believe that Respondent has knowingly violated this injunction, the officer may arrest Respondent, confine him/her in the county jail without bail, and shall bring him/her before the Initial Appearance Judge on the next regular court day so that Respondent can be dealt with according to law. The arresting agent shall notify the State Attorney’s Office immediately after arrest. THIS INJUNCTION IS ENFORCEABLE IN ALL COUNTIES OF FLORIDA AND LAW ENFORCEMENT OFFICERS MAY EFFECT ARRESTS PURSUANT TO SECTION 901.15(6), FLORIDA STATUTES.
3. Reporting alleged violations. If Respondent violates the terms of this injunction and there has not been an arrest, Petitioner may contact the Clerk of the Circuit Court of the county in which the violation occurred and complete an affidavit in support of the violation or Petitioner may contact the State Attorney’s office for assistance in filing an action for indirect civil contempt or indirect criminal contempt. Upon receiving such a report, the State Attorney is hereby appointed to prosecute such violations by indirect criminal contempt proceedings, or the State Attorney may decide to file a criminal charge, if warranted by the evidence.
4. Respondent, upon service of this injunction, shall be deemed to have knowledge of and to be bound by all matters occurring at the hearing and on the face of this injunction.
*68 5. The temporary injunction, if any, entered in this case is extended until such time as service of this injunction is effected upon Respondent.
ORDERED on_
CIRCUIT JUDGE
COPIES TO:
Sheriff of_County
Petitioner (or his or her attorney): _ by U. S. Mail
— by hand delivery in open court (Petitioner must acknowledge receipt in writing on the face of the original order — see below)
Respondent (or his or her attorney): _ forwarded to sheriff for service
— by hand delivery in open court (Respondent must acknowledge receipt in writing on the face of the original order — see below)
— by certified mail (may only be used when Respondent is present at the hearing and Respondent fails or refuses to acknowledge the receipt of certified copy of this injunction)
_State Attorney’s Office
__Other:_
I CERTIFY the foregoing is a true copy of the original as it appears on file in the office of the Clerk of the Circuit Court of- County, Florida, and that I have furnished copies of this order as indicated above.
CLERK OF THE CIRCUIT COURT
(SEAL)
By: - Deputy Clerk
ACKNOWLEDGMENT
I, {Name of Petitioner} -, acknowledge receipt of a certified copy of this Injunction for Protection.
Petitioner
ACKNOWLEDGMENT
I, {Name of Respondent}-, acknowledge receipt of a certified copy of this Injunction for Protection.
Respondent
APPENDIX C
FAMILY LAW FORMS, COMMENTARY, AND INSTRUCTIONS
GENERAL INFORMATION FOR SELF-REPRESENTED LITIGANTS
*69 You should read this General Information thoroughly before taking any other steps to file your case or represent yourself in court. Most of this information is not repeated in the attached forms. This information should provide you with an overview of the court system, its participants, and its processes. It should be useful whether you want to represent yourself in a pending matter or have a better understanding of the way family court works. This is not intended as a substitute for legal advice from an attorney. Each case has its own particular set of circumstances, and an attorney may advise you of what is best for you in your individual situation.
These instructions are not the only place that you can get information about how a family case works. You may want to look at other books for more help. The Florida Statutes, Florida Family Law Rules of Procedure, Florida Rules of Civil Procedure, and other legal information or books may be found at the public library or in a law library at your county courthouse or a law school in your area. If you are filing a petition for Name Change and/or Adoption, these instructions may not apply.
If the word(s) is printed in bold, this means that the word is being emphasized. Throughout these instructions, you will also find words printed in bold and underlined. This means that the definitions of these words may be found in the glossary of common family law terms at the end of this general information section.
Commentary
1995 Adoption. To help the many people in family law court cases who do not have attorneys to represent them (pro se litigants), the Florida Supreme Court added these simplified forms and directions to the Florida Family Law Rules of Procedure. The directions refer to the Florida Family Law Rules of Procedure or the Florida Rules of Civil Procedure. Many of the forms were adapted from the forms accompanying the Florida Rules of Civil Procedure. Practitioners should refer to the committee notes for those forms for rale history.
The forms were adopted by the Court pursuant to Family Law Rules of Procedure, 667 So. 2d 202 (Fla. 1995); In re Petition for Approval of Forms Pursuant to Rule 10-1.1(b) of the Rules Regulating the Florida Bar—Stepparent Adoption Forms, 613 So. 2d 900 (Fla. 1992); Rules Regulating the Florida Bar—Approval of Forms, 581 So. 2d 902 (Fla. 1991).
Although the forms are part of these rules, they are not all inclusive and additional forms, as necessary, should be taken from the Florida Rules of Civil Procedure as provided in Florida Family Law Rules of Procedure. Also, the following notice has been included to strongly encourage individuals to seek the advice, when needed, of an attorney who is a member in good standing of the Florida Bar.
1997 Amendment. In 1997, the Florida Family Law Forms were completely revised to simplify and correct the forms. Additionally, the appendices were eliminated, the instructions contained in the appendices were incorporated into the forms, and the introduction following the Notice to Parties was created. Minor changes were also made to the Notice to Parties set forth below.
NOTICE TO PARTIES WHO ARE NOT REPRESENTED BY AN ATTORNEY WHO IS A MEMBER IN GOOD STANDING OF THE FLORIDA BAR
If you have questions or concerns about these forms, instructions, commentary, the use of the forms, or your legal rights, it is strongly recommended that you talk to an attorney. If you do not know an attorney, you should call the lawyer referral service listed in the yellow pages of the telephone book under “Attorney.” If you do not have the money to hire an attorney, you should call the legal aid office in your area.
Because the law does change, the forms and information about them may have become outdated. You should be aware that changes may have taken place in the law or court rules that would affect the accuracy of the forms or instructions.
In no event will the Florida Supreme Court, The Florida Bar, or anyone contributing to the production of these forms or instructions be liable for any direct, indirect, or consequential damages resulting from their use.
FAMILY LAW PROCEDURES
Communication with the court ... Ex parte communication is communication with the judge with only one party present. Judges are not allowed to engage in ex parte communica *70 tion except in very limited circumstances, so, absent specific authorization to the contrary, you should not try to speak with or write to the judge in your case unless the other party is present or has been properly notified. If you have something you need to tell the judge, you must ask for a hearing and give notice to the other party or file a written statement in the court file and send a copy of the written statement to the other party.
Filing a case ... A case begins with the filing of a petition. A petition is a written request to the court for some type of legal action. The person who originally asks for legal action is called the petitioner and remains the petitioner throughout the case.
A petition is given to the clerk of the circuit court, whose office is usually located in the county courthouse or a branch of the county courthouse. A case number is assigned and an official court file is opened. Delivering the petition to the clerk’s office is called filing a case. A filing fee is usually required.
Once a case has been filed, a copy must be given to (served on) the respondent. The person against whom the original legal action is being requested is called the respondent, because he or she is expected to respond to the petition. The respondent remains the respondent throughout the case.
Service ... When one party files a petition, motion, or other pleading, the other party must be “served” with a copy of the document. This means that the other party is given proper notice of the pending action(s) and any scheduled hearings. Personal service of the petition and summons on the respondent by a deputy sheriff or private process server is required in all original petitions and supplemental petitions, unless constructive service is permitted by law. Personal service may also be required in other actions by some judges. After initial service of the original or supplemental petition and summons by a deputy sheriff or private process server, service of most motions and other documents or papers filed in the case generally may be made by regular U.S. mail or hand delivery. However, service by certified mail is required at other times so you have proof that the other party actually received the papers. The instructions with each form will advise you of the type of service required for that form. If the other party is represented by an attorney, you should serve the attorney and send a copy to the other party, except for original or supplemental petitions, which must be personally served on the respondent.
Other than the initial original or supplemental petitions, anytime you file additional pleadings or motions in your case, you must provide a copy to the other party and include a certificate of service. Likewise, the other party must provide you with copies of everything that he or she files. Service of additional documents is usually completed by U.S. mail. For more information, see the instructions for Certificate of Service (General), Florida Supreme Court Approved Family Law Form 12.914.
Forms for service of process are included in the Florida Family Law Forms, along with more detailed instructions and information regarding service. The instructions to those forms should be read carefully to ensure that you have the other party properly served. If proper service is not obtained, the court cannot hear your case.
Note: If you absolutely do not know where the other party to your case lives or if the other party resides in another state, you may be able to use constructive service. However, if constructive service is used, other than granting a divorce, the court may only grant limited relief. For more information on constructive service, see Notice of Action for Dissolution of Marriage, Florida Supreme Court Approved Family Law Form 12.913(a), and Affidavit of Diligent Search and Inquiry, Florida Family Law Rules of Procedure Form 12.913(b). Additionally, if the other party is in the military service of the United States, additional steps for service may be required. See, for example, Memorandum for Certificate of Military Service, Florida Supreme Court Approved Family Law Form 12.912(a). In sum, the law regarding constructive service and service on an individual in the military service is very complex and you may wish to consult an attorney regarding these issues. *71 Default ... After being served with a petition or counterpetition, the other party has 20 days to file a response. If a response to a petition is not filed, the petitioner may file a Motion for Default, Florida Supreme Court Approved Family Law Form 12.922(a), with the clerk. This means that you may proceed with your case and set a final hearing, and a judge will make a decision, even if the other party will not cooperate. For more information, see rule 12.080(c), Florida Family Law Rules of Procedure.
Answer and counterpetition ... After being served, the respondent has 20 days to file an answer admitting or denying each of the allegations contained in the petition. In addition to an answer, the respondent may also file a eounterpetition. In a counterpetition, the respondent may request the same or some other relief or action not requested by the petitioner. If the respondent files a counterpetition, the petitioner should then file an Answer to Counter-petition, Florida Supreme Court Approved Family Law Form 12.903(d), and either admit or deny the allegations in the respondent’s counterpetition.
Mandatory disclosure ... Rule 12.285, Florida Family Law Rules of Procedure, requires each party in a dissolution of marriage to exchange certain information and documents, and file a Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c). Failure to make this required disclosure within the time required by the Florida Family Law Rules of Procedure may allow the court to dismiss the case or to refuse to consider the pleadings of the party failing to comply. This requirement also must be met in other family law cases, except adoptions, simplified dissolutions of marriage, enforcement proceedings, contempt proceedings, and proceedings for injunctions for domestic or repeat violence. The Certificate of Compliance with Mandatory Disclosure, Florida Family Law Rules of Procedure Form 12.932, lists the documents that must be given to the other party. For more information see rule 12.285, Florida Family Law Rules of Procedure, and the instructions to the Certificate of Compliance with Mandatory Disclosure, Florida Family Law Rules of Procedure Form 12.932.
Setting a hearing or trial ... Generally, the court will have hearings on motions, final hearings on uncontested or default cases, and trials on contested cases. Before setting your case for final hearing or trial, certain requirements such as completing mandatory disclosure and filing certain papers and having them served on the other party must be met. These requirements vary depending on the type of case and the procedures in your particular jurisdiction. For further information, you should refer to the instructions for the type of form you are filing.
Next, you must obtain a hearing or trial date so that the court may consider your request. You should ask the clerk of court, or family law intake staff about the local procedure for setting a hearing or trial, which you should attend. These family law forms contain orders and final judgments, which the judge may use. You should ask the clerk of court or family law intake staff if you need to bring one of these forms with you to the hearing or trial. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties’ names, and leave the rest blank for the judge to complete at your hearing or trial.
Below are explanations of symbols or parts of different family law forms ...
{specify} , {date} , {name(s)} , {street} , {city} , {state} , {phone} Throughout these forms, you will find hints such as those above. These tell you what to put in the blank(s).
[/ one only] [/ all that apply]
These show how many choices you should check. Sometimes you may check only one, while other times you may check several choices. ( ) This also shows an area where you must make a choice. Check the ( ) in front of the choice that applies to you or your case.
Florida Family Law Form
The symbol above tells you about another family law form you may need.
*72 IN THE CIRCUIT COURT OF THE_(1)_JUDICIAL CIRCUIT, IN AND FOR_(2)_COUNTY, FLORIDA
Case No.:_(3). Division:_(4).
.(5) and Petitioner,
-(6)-, Respondent.
Line 1 The clerk of court can tell you the number of your judicial circuit. Type or print it here.
Line 2 Type or print your county name on line (2).
Line 3 If you are filing an initial petition or pleading, the Clerk of the Court will assign a case number after the case is filed. You should type or print this case number on all papers you file in this case.
Line 4 The clerk of the court can tell you the name of the division in which your case is being filed, and you should type or print it here. Divisions vary from court to court. For example, your case may be filed in the civil division, the family division, or the juvenile division.
Line 5 Type or print the legal name of the person who originally filed the case on line 5. This person is the petitioner because he/she is the one who filed the original petition.
Line 6 Type or print the other party's legal name on line 6. The other party is the respondent because he/she is responding to the petition.
I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this petition and that the punishment for knowingly making a false statement includes fines and/or imprisonment.
Dated: _(1)_ (2). Signature of Petitioner
Printed Name:_(3). Address: _(4).
City, State, Zip:_(5).
Telephone Number:_(6).
Pax Number:_(7).
Some forms require that your signature be witnessed. You must sign the form in the presence of-a notary public or deputy clerk (employee of the clerk of the court’s office). When signing the form, you must have a valid photo identification unless the notary knows you personally. You should completely fill in all lines (1 & 3-7) except 2 with the requested information, if applicable. Line 2, the signature line, must be signed in the presence of the notary public or deputy clerk.
STATE OF FLORIDA COUNTY OF_ Sworn to or affirmed and signed before me on_by_
NOTARY PUBLIC or DEPUTY CLERK
[Print, type, or stamp commissioned name of notary or clerk.]
*73 _ Personally known
_ Produced identification
Type of identification produced_
DO NOT SIGN OR FILL IN THIS PART OF ANY FORM. This section of the form is to be completed by the notary public who is witnessing your signature.
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW: [ fill in all blanks] I, {full legal name and trade name of nonlawyer}_(1)_, a nonlawyer, located at {street}_(2)_, {city}-(3)-, {state}-(4)-, {phone} _(5)_, helped {name}_(6)_, who is the petitioner, fill out this form.
This section should be completed by anyone who helps you fill out these forms but is not an attorney who is a member in good standing of The Florida Bar, which means that he or she is not licensed to practice law in Florida.
Line 1 The nonlawyer who helps you should type or print his or her name on line 1. Lines 2-5 The nonlawyer’s address and telephone number should be typed or printed on lines 2-5.
Line 6 Your name should be typed or printed on line 6.
In addition, a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900 (a), should be completed if a nonlawyer assists you. The disclosure is available as a family law form and should be completed before the nonlawyer helps you. This is to be sure that you understand the role and limitations of a nonlawyer. You and the nonlawyer should keep a copy of this disclosure for your records.
FAMILY LAW GLOSSARY OF COMMON TERMS AND DEFINITIONS
Note: The following definitions are intended to be helpful, BUT they are not intended to constitute legal advice or address every possible meaning of the term(s) contained in this glossary.
Affidavit — a written statement in which the facts stated are sworn or affirmed to be true.
Answer — written response by a respondent that states whether he or she admits (agrees with) or denies (disagrees with) the allegations in the petition. Any allegations not specifically denied are considered to be admitted.
Appeal — asking a district court of appeal to review the decision in your ease. There are strict procedural and time requirements for filing an appeal.
Asset — everything owned by you or your spouse, including property, cars, furniture, bank accounts, jewelry, life insurance policies, businesses, or retirement plans. An asset may be marital or nonmarital, but that distinction is for the court to determine if you and your spouse do not agree.
Attorney — a person with special education and training in the field of law who is a member in good standing of The Florida Bar and licensed to practice law in Florida. An attorney is the only person who is allowed to give you legal advice. An attorney may file your case and represent you in court, or just advise you of your rights before you file your own case. In addition to advising you of your rights, an attorney may tell you what to expect and help prepare you for court. In family law matters, you are not entitled to a court-appointed lawyer, like a public defender in a criminal case. However, legal assistance is often available for those who are unable to hire a private attorney. You may consult the yellow pages of the telephone directory for a listing of legal aid or lawyer referral services in your area, or ask your local clerk of court or family law intake staff what services are available in your area. You may also *74 obtain information from the Florida Supreme Court’s Internet site located at http:// www.flcourts.org/courts/supct.
Bond — money paid to the clerk of court by one party in a case, to be held and paid to an enjoined party in the event that the first party causes loss or damage of property as a result of wrongfully enjoining the other party.
Central Governmental Depository — the office of the clerk of court that is responsible for collecting and disbursing court-ordered alimony and child support payments. The depository also keeps payment records and files judgments if support is not paid.
Certificate of Service — a document that must be filed whenever a form you are using does not contain a statement for you to fill in showing to whom you are sending copies of the form.
Florida Supreme Court Approved Family Law Form 12.914 is the certificate of service form and contains additional instructions.
Certified Copy — a copy of an order or final judgment, certified by the clerk of the circuit court to be an authentic copy.
Certified Mail — mail which requires the receiving party to sign as proof that they received it.
Child Support — money paid from one parent to the other for the benefit of their dependent or minor child(ren).
Clerk of the Circuit Court — elected official in whose office papers are filed, a case number is assigned, and case files are maintained. The clerk’s office usually is located in the county courthouse.
Constructive Service — notification of the other party by newspaper publication or posting of notice at designated places when the other party cannot be located for personal service. You may also be able to use constructive service when the other party lives in another state. Constructive service is also called “service by publication.” However, when constructive service is used, the relief the Court may grant is limited. For more information on service, see the instructions for Florida Family Law Rules of Procedure Forms 12.910(a) and 12.913(b) and Florida Supreme Court Approved Family Law Form 12.913(a).
Contested Issues — any or all issues upon which the parties are unable to agree and which must be resolved by the judge at a hearing or trial.
Contingent Asset — an asset that you may receive or get later, such as income, tax refund, accrued vacation or sick leave, a bonus, or an inheritance.
Contingent Liability — a liability that you may owe later, such as payments for lawsuits, unpaid taxes, or debts that you have agreed or guaranteed to pay if someone else does not.
Counterpetition — a written request to the court for legal action, which is filed by a respondent after being served with a petition.
Default — a failure of a party to respond to the pleading of another party. This failure to respond may allow the court to decide the case without input from the party who did not appear or respond.
Delinquent — late.
Dependent Child(ren) — child(ren) who depend on their parent(s) for support either because they are under the age of 18, they have a mental or physical disability that prevents them from supporting themselves, or they are in high school while between the ages of 18 and 19 and are performing in good faith with reasonable expectation of graduation before the age of 19.
*75 Deputy Clerk — an employee of the office of the clerk of court, which is usually located in the county courthouse or a branch of the county courthouse.
Dissolution of Marriage — divorce; a court action to end a marriage.
Enjoined — prohibited by the court from doing a specific act.
Ex Parte — communication with the judge by only one party. In order for a judge to speak with either party, the other party must have been properly notified and have an opportunity to be heard. If you have something you wish to tell the judge, you should ask for a hearing or file information in the clerk of court’s office, with certification that a copy was sent to the other party.
Family Law Intake Staff — a court’s employee(s) who is (are) available to assist you in filing a family law case. Family law intake staff are not attorneys and cannot give legal advice. They may only assist you with filling out the form(s). Your local clerk’s office can tell you if your county has such assistance available.
Filing — delivering a petition, response, motion, or other pleading in a court case to the clerk of court’s office.
Filing Fee — an amount of money, set by law, that the petitioner must pay when filing a case. If you cannot afford to pay the fee, you must file an Affidavit of Indigency, Florida Supreme Court Approved Family Law Form 12.902(a), to ask the clerk to file your case without payment of the fee.
Final Hearing — trial in your case.
Financial Affidavit — a sworn statement that contains information regarding your income, expenses, assets, and liabilities.
Final Judgment — a written document signed by a judge and recorded in the clerk of the circuit court’s office that contains the judge’s decision in your case.
Guardian ad Litem — a neutral person who may be appointed by the court to evaluate or investigate your child’s situation, and file a report with the court about what is in the best interests of your children). Guardians do not “work for” either party. The guardian may interview the parties, visit their homes, visit the ehild(ren)’s school(s) and speak with teachers, or use other resources to make their recommendation.
Hearing — a legal proceeding before a judge or designated officer (general master or hearing officer) on a motion.
Judge — an elected official who is responsible for deciding matters on which you and the other parties in your case are unable to agree. A judge is a neutral person who is responsible for ensuring that your case is resolved in a manner which is fair, equitable, and legal. A judge is prohibited by law from giving you or the other party any legal advice, recommendations, or other assistance, and may not talk to either party unless both parties are present, represented, or at a properly scheduled hearing.
Judicial Assistant — the judge’s personal staff assistant.
Liabilities — everything owed by you or your spouse, including mortgages, credit cards, or car loans. A liability may be marital or nonmarital, but that distinction is for the court to determine if you and your spouse do not agree.
Lump Sum Alimony — money ordered to be paid by one spouse to another in a limited number of payments, often a single payment.
*76 Mandatory Disclosure — items that must be disclosed by both parties except those exempted from disclosure by Florida Family Law Rule 12.285.
Marital Asset — generally, anything that you and/or your spouse acquired or received (by gift or purchase) during the marriage. For example, something you owned before your marriage may be nonmarital. An asset may only be determined to be marital by agreement of the parties or determination of the judge.
Marital Liability — generally, any debt that you and/or your spouse incurred during the marriage. A debt may only be determined to be nonmarital by agreement of the parties or determination of the judge.
Mediator — a person who is trained and certified to assist parties in reaching an agreement before going to court. Mediators do not take either party’s side and are not allowed to give legal advice. They are only responsible for helping the parties reach an agreement and putting that agreement into writing. In some areas, mediation of certain family law cases may be required before going to court.
Modification — a change made by the court in an order or final judgment.
Motion — a request made to the court, other than a petition.
No Contact — a court order directing a party not speak to, call, send mail to, visit, or go near his or her spouse, ex-spouse, child(ren), or other family member.
Nonlawyer — a person who is not a member in good standing of The Florida Bar.
Nonmarital Asset — generally, anything owned separately by you or your spouse. An asset may only be determined to be nonmarital by either agreement of the parties or determination of the judge.
Nonmarital Liability — generally, any debt that you or your spouse incurred before your marriage or since your separation. A debt may only be determined to be nonmarital by either agreement of the parties or determination of the judge.
Nonparty — a person who is not the petitioner or respondent in a court case.
Notary Public — a person authorized to witness signatures on court related forms.
Obligee — a person to whom money, such as child support or alimony, is owed.
Obligor — a person who is ordered by the court to pay money, such as child support or alimony.
Order — a written decision signed by a judge and filed in the clerk of the circuit court’s office, that contains the judge’s decision on part of your case, usually on a motion.
Original Petition — see Petition.
Parenting Course — a class that teaches parents how to help their children) cope with divorce and other family issues.
Party — a person involved in a court case, either as a petitioner or respondent.
Paternity Action — A lawsuit used to determine whether a designated individual is the father of a specific child or children.
Payor — an employer or other person who provides income to an obligor.
*77 Permanent Alimony — spousal support ordered to be paid at a specified, periodic rate until modified by a court order, the death of either party, or the remarriage of the Obligee, whichever occurs first. .
Personal Service — when a summons and a copy of a petition (or other pleading) that has been filed with the court are delivered by a deputy sheriff or private process server to the other party. Personal service is required for all petitions and supplemental petitions.
Petition — a written request to the court for legal action, which begins a court case.
Petitioner — the person who files a petition that begins a court case.
Pleading' — a formal written statement of exactly what a party wants the court to do in a lawsuit or court action.
Primary Residence — the home in which the child(ren) spends most of his/her (their) time'.
Pro Se Litigant' — a person who appears in court without the assistance of a lawyer.
Pro Se Coordinator — see Family Law Intake Staff.
Reasonable Visitation — visitation between the nonresidential parent and children) that provides frequent and unhampered contact with the children). Such visitation is designed to encourage a close and continuing relationship with due regard for educational commitments of child(ren), any health or social factors of the children), business and personal commitments of both parents, and home arrangements of both parents.
Rehabilitative Alimony — spousal support ordered to be paid for a limited period of time to allow one of the parties an opportunity to complete a plan of education or training, according to a rehabilitative plan accepted by the court, so that he or she may better support himself or herself.
Respondent — the person who is served with a petition requesting some legal action against him or her.
Rotating Custody — physical custody of child(ren) after divorce, which is alternated between the mother and father at specified periods of time, as determined by the court. Rotating custody allows each parent equal time with the children).
Scientific Paternity Testing — a medical test to determine who is the father of a child.
Secondary Residential Responsibility (Visitation) — the time that the parent with whom the child(ren) does (do) not have primary residence spends with the children).
Service — the delivery of legal documents to a party. This must be accomplished as directed by Florida Family Law Rules 12.070 and 12.080.
Shared Parental Responsibility — an arrangement under which both parents have full parental rights and responsibilities for their children), and the parents make major decisions affecting the welfare of the children) jointly. Shared Parental Responsibility is presumptive in Florida.
Sole Parental Responsibility — a parenting arrangement under which the responsibility for the minor child(ren) is given to one parent by the court, with or without rights of visitation to the other parent.
Specified Visitation — a parenting arrangement under which a specific schedule is established for the visitation and exchange of the children).
*78 Spouse — a husband or wife.
Supervised Visitation — a parenting arrangement under which visitation between a parent and his or her child(ren) is supervised by either a friend, family member, or a supervised visitation center.
Supplemental Petition — a petition that may be filed by either party after the judge has made a decision in a case and a final judgment or order has been entered. For example, a supplemental petition may be used to request that the court modify the previously entered final judgment or order.
Trial — the final hearing in a contested case.
Uncontested — any and all issues on which the parties are able to agree and which are part of a marital settlement agreement.
INSTRUCTIONS FOR FLORIDA FAMILY LAW RULES OF PROCEDURE FORM 12.900(a), DISCLOSURE FROM NONLAWYER
When should this form be used?
This form must be used when anyone who is not a lawyer in good standing with The Florida Bar helps you complete any Florida Family Law Form. Attorneys who are licensed to practice in other states but not Florida, or who have been disbarred or suspended from the practice of law in Florida, are nonlawyers for the purposes of the Florida Family Law Forms and instructions.
The nonlawyer must complete this form and both of you are to sign it.
In addition, on any other form with which a nonlawyer helps you, the nonlawyer shall complete the nonlawyer section located at the bottom of the form unless .otherwise specified in the instructions to the form. This is to protect you and be sure that you are informed in advance of the nonlawyer’s limitations.
What should I do next?
After this form has been completed, both you and the nonlawyer should keep a copy for your records.
Special notes ...
This disclosure form does NOT act as or constitute a waiver, disclaimer, or limitation of liability.
FORM 12.900(a). DISCLOSURE FROM NONLAWYER
IN THE CIRCUIT COURT OF THE_JUDICIAL CIRCUIT, IN AND FOR_COUNTY, FLORIDA
Case No.: Division: .
Petitioner,
and
Respondent.
DISCLOSURE FROM NONLAWYER
*79 I, {full legal name} _, certify that {nonlavryer’s full legal and trade names} _, explained to me that he or she is not an attorney who is a member in good standing of The Florida Bar and that he or she CANNOT: 1) give me legal advice; 2) tell me what my legal rights or remedies are; 3) represent me in court; or 4) tell me how to testify in court.
This nonlawyer further explained to me that he or she CAN ONLY: 1) help me fill out forms that have been approved by the Supreme Court of Florida; 2) ask me questions to fill in the form(s); and 3) show or explain to me how to file the form(s).
[/ one only]
_ I can read English.
_ I cannot read English, but this disclosure was read to me [ fill in both blanks] by {name}_in {language}-
Dated: _ _ Signature of Party
Signature of NONLAWYER Printed Name: _ Address: _ Telephone Number: _
INSTRUCTIONS FOR FLORIDA FAMILY LAW RULES OF PROCEDURE FORM 12.901(a), PETITION FOR SIMPLIFIED DISSOLUTION OF MARRIAGE
When should this form be used?
This form should be used when a husband and wife are filing for a simplified dissolution of marriage. You and/or your spouse must have lived in Florida for at least 6 months before filing for a dissolution in Florida. You may file a simplified dissolution of marriage in Florida if all of the following are true:
• You and your spouse agree that the marriage cannot be saved.
• You and your spouse have no minor or dependent children) together and the wife is not now pregnant.
• You and your spouse have worked out how the two of you will divide the things that you both own (your assets) and who will pay what part of the money you both owe (your liabilities), and you are both satisfied with this division.
• You are not seeking support (alimony) from your spouse, and vice versa.
• Neither you nor your spouse wish to have any financial information other than that provided in the financial affidavits.
• You are willing to give up your right to
trial and appeal.
• You and your spouse are both willing to go into the clerk’s office to sign the petition (not necessarily together).
• You and your spouse are both willing to go to the final hearing (at the same time).
If you do not meet the criteria above, you must file a regular petition for dissolution of marriage.
This petition should be typed or printed in black ink. Each of you must sign the petition in the presence of a deputy clerk (in the clerk’s office), although you do not have to go into the clerk’s office at the same time. You will need to provide picture identification (valid driver’s license or *80 official identification card) for the clerk to witness your signatures.
What should I do next?
1. After completing this form, you should file the original with the clerk of the circuit court in the county where you live and keep a copy for your records. In addition to this petition, you must file the forms listed below.
• Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c). (Each of you must complete a separate financial affidavit.)
• Notice of Social Security Number, Florida Supreme Court Approved Family Law Form 12.902(j). (Each of you must complete a separate notice.)
• Marital Settlement Agreement, Florida Family Law Rules of Procedure Form 12.902(f)(8). (You will complete one agreement together.)
2. You must prove to the court that the husband and/or wife has (have) lived in Florida for more than 6 months before filing the petition for dissolution of marriage. Residence can be proved by:
• a valid Florida driver’s license, Florida identification card, or voter registration card issued to one of you at least 6 months prior to filing for dissolution of marriage; or
• the testimony of another person who knows that either you or your spouse has resided in Florida for more than 6 months and is available to testify in court; or
• an affidavit. To prove residence by affidavit, use an Affidavit of Corroborating Witness, Florida Supreme Court Approved Family Law Form 12.902(i). This form must be signed by a person who knows that either you or your spouse has lived in Florida for more than 6 months before the date that you filed the petition for dissolution of marriage. This affidavit may be signed in the presence of the clerk of the court or in the presence of a notary public, who must affix his or her seal at the proper place on the affidavit.
3. You must pay the appropriate filing fees to the clerk of the circuit court. If you and your spouse cannot afford to pay the filing fees, you may ask the court to waive the filing fees. If requesting a waiver, you will need to fill out an Affidavit of Indi-gency, Florida Supreme Court Approved Family Law Form 12.902(a), and file it with your petition for dissolution of marriage.
4. Either you or the clerk of court will need to complete a civil cover sheet found in Form 1.997 of the Florida Rules of Civil Procedure. The clerk’s office can provide this form.
5. You must obtain a date and time for a court appearance from the clerk of court. On that date, you and your spouse must appear together before a judge. You should complete a Final Judgment of Simplified Dissolution of Marriage, Florida Family Law Rules of Procedure Form 12.990(a), and bring it with you to the hearing. At that time, if all of the papers are in order, the judge may grant a final judgment dissolving your marriage under simplified dissolution of marriage procedures by signing the final judgment which you have provided.
6. If you fail to complete this procedure, the court may dismiss the case to clear its records.
Where can I look for more information?
Before proceeding, you should read “General Information for Self-Represented Litigants” found at the beginning of these forms. The words that are *81 in “bold underline” in these instructions are defined there. For further information, see chapter 61, Florida Statutes, and Rule 12.105, Florida Family Law Rules of Procedure.
Special notes ...
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
FORM 12.901(a). PETITION FOR SIMPLIFIED DISSOLUTION OF MARRIAGE
IN THE CIRCUIT COURT OF THE_JUDICIAL CIRCUIT, IN AND FOR_COUNTY, FLORIDA
Case No.: Division: .
Husband,
and
Wife.
PETITION FOR SIMPLIFIED DISSOLUTION OF MARRIAGE
We, {full legal name}-- Husband, and {full legal name} _, Wife, being sworn, certify that the following, information is true:
[ fill in all blanks]
1. We are both asking the Court for a dissolution of our marriage.
2. Husband lives in {name}_County, {state}-, and has lived there since {date}_Wife lives in {name}_County, {state}-, and has lived there since {date}_
3. We were married to each other on {date}-in the city of {city}-in state of {state}_, or country of {country}-
4. Our marriage is irretrievably broken.
5. Together, we have no minor (under 18) or dependent children and the wife is not pregnant.
6. We have made a marital settlement agreement dividing our assets (what we own) and our liabilities (what we owe). We are satisfied with this agreement. Our marital settlement agreement, Florida Family Law Rules of Procedure Form 12.902(f)(3), is attached. This agreement was signed freely and voluntarily by each of us and we intend to be bound by it.
7. We have each completed and signed financial affidavits, Florida Family Law Rules of Procedure Forms 12.902(b) or (c), which are attached to this petition.
*82 8. Completed Notice of Social Security Number forms, Florida Supreme Court Approved Family Law Forml2.902(j), are filed with this petition.
9. [/ one only] ( ) yes ( ) no Wife wants to be known by her former name, which was {full legal name}_
10. We each certify that we have not been threatened or pressured into signing this petition. We each understand that the result of signing this petition may be a final judgment ending our marriage and allowing no further relief.
11. We each understand that we both must come to the hearing to testify about the things we are asking for in this petition.
12. We understand that we each may have legal rights as a result of our marriage and that by signing this petition we may be giving up those rights.
13. We ask the Court to end our marriage and approve our marital settlement agreement.
I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this petition and that the punishment for knowingly making a false statement includes fines and/or imprisonment.
Dated: _ _ Signature of HUSBAND Printed Name:_ Address:_ City, State, Zip:_ Telephone Number:_ Pax Number:_
STATE OF FLORIDA COUNTY OF _
Sworn to or affirmed and signed before me on_by_
NOTARY PUBLIC or DEPUTY CLERK
[Print, type, or stamp commissioned name of notary or deputy clerk.]
_ Personally known
_ Produced identification
Type of identification produced_
I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this petition and that the punishment for knowingly making a false statement includes fines and/or imprisonment.
Dated: _ _ Signature of WIFE Printed Name: _ Address: _ City, State, Zip: _ Telephone Number: _ Fax Number: _
STATE OF FLORIDA COUNTY OF_:_
Sworn to or affirmed and signed before me on_by_
*83 NOTARY PUBLIC or DEPUTY CLERK
[Print, type, or stamp commissioned name of notary or deputy clerk.]
_ Personally known
_ Produced identification
Type of identification produced-
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW: [ fill in all blanks] I, {full legal name and trade name of nonlawyer} -, a nonlawyer, located at {street} -, {city} -, {state} _, {phone}_, helped {name} -, [/ one only] ( ) Husband ( ) Wife or ( ) both, fill out this form.
INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.901(b)(1), PETITION FOR DISSOLUTION OF MARRIAGE WITH DEPENDENT OR MINOR CHILD(REN)
When should this form be used?
This form should be used when a husband or wife is filing for a dissolution of marriage and you and your spouse have a dependent or minor child(ren) together or the wife is pregnant. You and/or your spouse must have lived in Florida for at least 6 months before filing for a dissolution in Florida. You must file this form if the following is true:
• You and your spouse have a dependent or minor children) together or the wife is pregnant.
This form should be typed or printed in black ink. After completing this form, you should sign the form before a notary public or deputy clerk. You should file the original with the clerk of the circuit court in the county where you live and keep a copy for your records.
What should I do next?
For your case to proceed, you must properly notify your spouse of the petition. If you know where he or she lives, you should use personal service. If you absolutely do not know where he or she lives, you may use constructive service. You may also be able to use constructive service if your spouse resides in another state or country. However, if constructive service is used, other than granting a divorce, the court may only grant limited relief. For more information on constructive service, see Notice of Action for Dissolution of Marriage, Florida Supreme Court Approved Family Law Form 12.913(a), and Affidavit of Diligent Search and Inquiry,
Florida Family Law Rules of Procedure Form 12.913(b). If your spouse is in the military service of the United States, additional steps for service may be required. See, for example, Memorandum for Certificate of Military Service, Florida Supreme Court Approved Family Law Form 12.912(a). In sum, the law regarding constructive service and service on an individual in the military service is very complex and you may wish to consult an attorney regarding these issues.
If personal service is used, the respondent has 20 days to answer after being served with your petition. Your case will then generally proceed in one of the following three ways:
*84 DEFAULT ... If after 20 days, your spouse has not filed an answer, you may file a Motion for Default, Florida Supreme Court Approved Family Law Form 12.922(a), with the clerk of court. Then, if you have filed all of the required papers, you may call the clerk, family law intake staff, or .judicial assistant to set a final hearing. You must notify your spouse of the hearing by using a Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.
UNCONTESTED ... If your spouse files an answer that agrees with everything in your petition or an answer and waiver, and you have complied with mandatory disclosure and filed all of the required papers, you may call the clerk, family law intake staff, or judicial assistant to set a final hearing. You must notify your spouse of the hearing by using a Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.
CONTESTED ... If your spouse files an answer or an answer and counterpetition, which disagrees with or denies anything in your petition, and you are unable to settle the disputed issues, you should file a Notice for Trial, Florida Supreme Court Approved Family Law Form 12.924, after you have complied with mandatory disclosure and filed all of the required papers. Some circuits may require the completion of mediation before a final hearing may be set. You should contact the clerk, family law intake staff, or judicial assistant for instructions on how to set your case for trial (final hearing). If your spouse files an answer and counterpetition, you should answer the counterpetition within 20 days using an Answer to Counterpetition, Florida Supreme Court Approved Family Law Form 12.903(d).
Where can I look for more information?
Before proceeding, you should read “General Information for Self-Represented Litigants” found at the beginning of these forms. The words that are in “bold underline” in these instructions are defined there. For further information, see chapter 61, Florida Statutes.
Special notes ...
If this is a domestic violence case and you want to keep your address confidential for safety reasons, do not enter the address, telephone, and fax information at the bottom of this form. Instead, file Petitioner’s Request for Confidential Filing of Address, Florida Supreme Court Approved Family Law Form 12.980(i).
With this form, you must also file the following:
• Uniform Child Custody Jurisdiction Act (UCCJA) Affidavit, Florida Supreme Court Approved Family Law Form 12.902(d).
• Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e), if you are asking that child support be ordered in the final judgment. (If you do not know your spouse’s income, you may file this worksheet after his or her financial affidavit has been served on you.)
• Affidavit of Corroborating Witness, Florida Supreme Court Approved Family Law Form 12.902(f) OR photocopy of current Florida driver’s license, Florida identification card, or voter’s registration card (issue date of copied document must be at least six months before date case is actually filed with the clerk of the circuit court).
• Affidavit of Indigency, Florida Supreme Court Approved Family Law *85 Form 12.902(a), if you are requesting that filing fees be waived.
• Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.902(f)(1), if you and your spouse have reached an agreement on any or all of the issues.
• Notice of Social Security Number, Florida Supreme Court Approved Family Law Form 12.902®.
• Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902 (b) or (c). (This must be filed within 45 days of service of the petition on the respondent, if not filed at the time of the petition.)
• Certificate of Compliance with Mandatory Disclosure, Florida Family Law Rules of Procedure Form 12.932. (This must be filed within 45 days of service of the petition on the respondent, if not filed at the time of the petition, unless you and your spouse have agreed not to exchange these documents.)
Child Custody ... If you and your spouse are unable to agree about with whom the child(ren) will live most of the time, a judge will decide for you. The judge will decide the parenting arrangements based on the child(ren)’s best interests. Regardless of whether there is an agreement, the court reserves jurisdiction to modify issues relating to the minor children).
The judge may request a parenting evaluation or appoint a guardian ad litem in your case. This means that a neutral person will review your situation and report to the judge concerning parenting issues. The purpose of such intervention is to be sure that the best interests of the child(ren) is (are) being served. For more information, you may consult section 61.13, Florida Statutes.
Some circuits may require the completion of a parenting course before a final hearing may be set. You should contact the clerk, family law intake staff, or judicial assistant about requirements for parenting courses where you live.
Listed below are some terms with which you should become familiar before completing your petition. If you do not fully understand any of the terms below or their implications, you should speak with an attorney before going any further.
• Shared Parental Responsibility
• Sole Parental Responsibility
• Rotating Custody
• Primary Residential Responsibility
• Secondary Residential Responsibility
• Reasonable visitation
• Specified visitation
• Supervised visitation
• No contact
Child Support ... The court may order one parent to pay child support to assist the other parent in meeting the child(ren)’s material needs. Both parents are required to provide financial support, but one parent may be ordered to pay a portion of his or her support for the child(ren) to the other parent. If you are requesting custody or primary residential responsibility for the children), you should request child support in your petition. Florida has adopted guidelines for determining the amount of child support to be paid. These guidelines are based on the combined income of both parents and take into account the financial contributions of both parents. You must file a Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or *86 (c), and your spouse will be required to do the same. From your financial affidavits, you should be able to calculate the amount of child support that should be paid using the Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e). Because the child support guidelines take several factors into consideration, change over time, and vary from state to state, your child support obligation may be more or less than that of other people in seemingly similar situations.
Alimony ... Alimony may be awarded to a spouse if the judge finds that he or she needs it and that the other spouse has the ability to pay it. If you want alimony, you must request it in writing in the original petition or counterpetition. If you do not request alimony in writing before the final hearing, it is waived (you may not request it later). You may request either permanent alimony, lump sum alimony, or rehabilitative alimony.
Marital/Nonmarital Assets and Liabilities ... Florida law requires an equitable distribution of marital assets and marital liabilities. “Equitable” does not necessarily mean “equal.” Many factors, including child support, custody, and alimony awards, may lead the court to make an unequal (but still equitable) distribution of assets and liabilities. Nonmarital assets and nonmarital liabilities are those assets and liabilities which the parties agree or the court determines belong to, or are the responsibility of, only one of the parties. If the parties agree or the court finds an asset or liability to be nonmarital, the judge will not consider it when distributing marital assets and liabilities.
Temporary Relief :.If you need temporary relief regarding temporary use of assets, temporary responsibility for liabilities, parental responsibility and visitation with children), temporary child support, or temporary alimony, you may file a Motion for Temporary Support with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.947(a). For more information, see the instructions for that form.
Marital Settlement Agreement ... If you and your spouse are able to reach an agreement on any or all of the issues, you should file a Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.902(f)(1). Both of you must sign this agreement before a notary public or deputy clerk. Any issues on which you are unable to agree will be considered contested and settled by the judge at the final hearing.
Final Judgment Form ... These family law forms contain a Final Judgment of Dissolution of Marriage with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.990(c)(1), which the judge may use if your case is contested. If you and your spouse reach an agreement on all of the issues, the judge may use a Final Judgment of Dissolution of Marriage with Dependent or Minor Child(ren) (Uncontested), Florida Supreme Court Approved Family Law Form 12.990(b)(1). You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring a final judgment with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties’ names, and leave the rest blank for the judge to complete at your hearing or trial.
Nonlawyer ... Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Flori *87 da Family Law Rules of Procedure Form 12.900 (a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps y0U complete,
FORM 12.901(b)(1). PETITION FOR DISSOLUTION OF MARRIAGE WITH DEPENDENT OR MINOR CHILD(REN)
IN THE CIRCUIT COURT OF THE_JUDICIAL CIRCUIT, IN AND FOR_COUNTY, FLORIDA
Case No.: _ Division: _
Petitioner,
and
Respondent.
PETITION FOR DISSOLUTION OF MARRIAGE WITH DEPENDENT OR MINOR CHILD(REN)
I,{full legal name}_, the [/ one only] ( ) Husband ( ) Wife, being sworn, certify that the following statements are true:
1. JURISDICTION/RESIDENCE ( ) Husband ( ) Wife ( ) Both has (have) lived in Florida for at least 6 months before the filing of this Petition for Dissolution of Marriage.
2. The husband [/ one only] ( ) is ( ) is not a member of the military service. The wife [/ one only] ( ) is ( ) is not a member of the military service.
3. MARRIAGE HISTORY
Date of marriage: {month, day, year} -
Place of marriage: {city, state, country} -
Date of separation: {month, day, year}_(□ / if approximate)
4. DEPENDENT OR MINOR CHILD(REN)
[/ all that apply]
_ a. The wife is pregnant. Baby is due on: {date}_
_ b. The minor (under 18) child(ren) common to both parties are:
[[Image here]]
_ c. The minor children) born or conceived during the marriage who are not common to both parties are:
[[Image here]]
*88 _ d. The children) common to both parties who are 18 or older but who are dependent upon the parties due to a mental or physical disability are: Name Place of Birth Birth date Sex
5. A completed Uniform Child Custody Jurisdiction Act (UCCJA) Affidavit, Florida Supreme Court Approved Family Law Form 12.902(d), is filed with this petition. (You must complete and attach this form in a dissolution of marriage with minor child(ren)).
6. A completed Notice of Social Security Number, Florida Supreme Court Approved Family Law Form 12.902(j), is filed with this petition.
7. This petition for dissolution of marriage should be granted because:
[/ one only]
_ a. The marriage is irretrievably broken.
_ b. One of the parties has been adjudged mentally incapacitated for a period of 3 years prior to the filing of this petition. A copy of the Judgment of Incapacity is attached.
SECTION I. MARITAL ASSETS AND LIABILITIES [/ one only]
_ 1. There are no marital assets or liabilities.
_ 2. There are marital assets or liabilities. All marital and nonmarital assets and liabilities are (or will be) listed in the financial affidavits, Florida Family Law Rules of Procedure Form 12.902(b) or (c), to be filed in this case.
[/ all that apply]
— a. All marital assets and liabilities have been divided by a written agreement between the parties, which is attached, to be incorporated into the final judgment of dissolution of marriage. (The parties may use Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Children), Florida Supreme Court Approved Family Law Form 12.902(f)(1)).
— b. The Court should determine how the assets and liabilities of this marriage are to be distributed, under section 61.075, Florida Statutes.
_ c. Petitioner should be awarded an interest in Respondent’s property because:
SECTION II. SPOUSAL SUPPORT (ALIMONY)
[/ one only]
— 1. Petitioner forever gives up his/her right to spousal support (alimony) from Respondent.
— 2. Petitioner requests that the Court order Respondent to pay the following spousal support (alimony) and claims that he or she has a need for the support that he or she is requesting and Respondent has the ability to pay that support. Spousal support (alimony) is requested in the amount of $_every ( ) week ( ) other week ( ) month, beginning {date} _and continuing until {date or event}_ Explain why the Court should order Respondent to pay and any specific request(s) for type of alimony (temporary, permanent, rehabilitative, and/or lump sum): _
*89 [/ if applies] ( ) Petitioner requests life insurance on Respondent’s life, provided by Respondent, to secure such support.
SECTION III. CHILD CUSTODY, PARENTAL RESPONSIBILITY, AND VISITATION
1.The minor child(ren) currently reside(s) with ( ) Mother ( ) Father ( ) Other: {explain} -
2.Parental Responsibility. It is in the child(ren)’s best interests that parental responsibility be:
[/ one only]
_ a. shared by both Father and Mother.
_ b. awarded solely to ( ) Father ( ) Mother. Shared parental responsibility would be detrimental to the children) because: _
3.Primary Residential Parent (Custody). It is in the best interests of the child(ren) that the primary residential parent be ( ) Father ( ) Mother ( ) undesignated ( ) rotating because:_
4.Visitation or Time Sharing. Petitioner requests that the court order [/ all that apply]
_ a. no visitation.
_ b. limited visitation.
_ c. supervised visitation.
_ d. supervised or third-person exchange of child(ren).
_ e. visitation or time sharing as determined by the Court.
_ f. a visitation or time sharing schedule as follows:
Explain the requested visitation or time sharing schedule:
[[Image here]]
Explain why this request is in the best interests of the child(ren):
[[Image here]]
Has the above visitation or time sharing schedule been agreed to by the parties? ( ) yes ( ) no
SECTION IV. CHILD SUPPORT
[/ one only]
_ 1. Petitioner requests that the Court award child support as determined by Florida’s child support guidelines, section 61.30, Florida Statutes. A completed Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e), is, or will be filed. Such support should be ordered retroactive to:
*90 _ a. the date of separation {date}_
_ b. the date of the filing of this petition.
_ c. other {date} _ {explain} _
_ 2. Petitioner requests that the Court award child support to be paid beyond the age of 18 years because:
_ a. the following children) {name(s)} _is (are) dependent because of a mental or physical incapacity which began before the age of 18. {explain} _
_ b. the following child(ren) {name(s)}_is (are) dependent in fact and is (are) in high school while he/she (they) are between the ages of 18 and 19; said children) is (are) performing in good faith with reasonable expectation of graduation before the age of 19.
_ 3. Petitioner requests that the Court award a child support amount that is more than or less than Florida’s child support guidelines. Petitioner understands that Motion to Deviate from Child Support Guidelines, Florida Supreme Court Approved Family Law Form 12.943, must be filed before the court will consider this request.
_ 4. Petitioner requests that medical/dental insurance coverage for the minor children) be provided by:
[/ one only]
_ a. Father.
_ b. Mother.
_ 5. Petitioner requests that uninsured medical/dental expenses for the child(ren) be paid:
[/ one only]
_ a. by Father.
_ b. by Mother.
_ c. by Father and Mother [each pay one-half].
— d. according to the percentages in the Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e).
_ e. Other {explain}: _
_ 6. Petitioner requests that life insurance to secure child support be provided by:
_ a. Father.
_ b. Mother.
_ c. Both.
SECTION Y. OTHER
1. [If Petitioner is also the Wife, / one only] ( ) yes ( ) no Petitioner/Wife wants to be known by her former name, which was {full legal name}_
2. Other relief {specify}: _
SECTION VI. PETITIONER’S REQUEST (This section summarizes what you are asking the Court to include in the final judgment of dissolution of marriage.)
Petitioner requests that the Court enter an order dissolving the marriage and:
[/ all that apply]
_ 1. distributing marital assets and liabilities as requested in Section I of this petition;
*91 _ 2. awarding spousal support (alimony) as requested in Section II of this petition;
_ 3. establishing the primary residential parent (custody), parental responsibility, and visitation for the dependent or minor child(ren) common to both parties, as requested in Section III of this petition;
_ 4. establishing child support for the dependent or minor children) common to both parties, as requested in Section IV of this petition;
_ 5. restoring Wife’s former name as requested in Section V of this petition;
_ 6. awarding other relief as requested in Section V of this petition; and any other terms the Court deems necessary.
I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this petition and that the punishment for knowingly making a false statement includes fines and/or imprisonment.
Dated: - -
Signature of Petitioner
Printed Name: -
Address:_
City, State, Zip: -
Telephone Number:-
Fax Number: -
STATE OF FLORIDA
COUNTY OF _
Sworn to or affirmed and signed before me on-by-
NOTARY PUBLIC or DEPUTY CLERK
[Print, type, or stamp commissioned name of notary or deputy clerk.]
_ Personally known
_ Produced identification
Type of identification produced-
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW: [ fill in all blanks]
I, {full legal name and trade name of nonlawyer} -, a nonlawyer, located at {street} -, {city} -, {state} _, {phone} --, helped {name} -, who is the (one of the) petitioner(s), fill out this form.
INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.901(b)(2), PETITION FOR DISSOLUTION OF MARRIAGE WITH PROPERTY BUT NO DEPENDENT OR MINOR CHILD(REN)
When should this form be used?
This form may be used when a husband or wife is filing for a dissolution of marriage, and the husband and wife have marital assets and/or marital liabilities but they do not have any dependent children nor is the wife is now pregnant. You and/or your spouse must have lived in Florida for at least 6 months before filing for a dissolution in Florida. If you and your spouse agree on all issues and both can attend the hearing, you may want to file a simplified dissolution of marriage petition, Florida Family Law Rules of Procedure Form 12.901(a). However, you cannot file for a simplified dissolution of marriage if any of the following are true:
*92 • You disagree about property, debts, or other matters and wish to have a judge settle them for you.
• Either you or your spouse is seeking support (alimony).
• You would like to ask questions and get documents concerning your spouse’s income, expenses, assets, debts, or other matters before having a trial or settlement.
• You would like to reserve your rights to have any matters reconsidered or appeal the judge’s decision.
This form should be typed or printed in black ink. After completing this form, you should sign the form before a notary public or deputy clerk. You should file the original with the clerk of the circuit court in the county where you live and keep a copy for your records.
What should I do next?
For your case to proceed, you must properly notify your spouse of the petition. If you know where he or she lives, you should use personal service. If you absolutely do not know where he or she lives, you may use constructive service. You may also be able to use constructive service if your spouse resides in another state or country. However, if constructive service is used, other than granting a divorce, the court may only grant limited relief. For more information on constructive service, see Notice of Action for Dissolution of Marriage, Florida Supreme Court Approved Family Law Form 12.913(a), and Affidavit of Diligent Search and Inquiry,
Florida Family Law Rules of Procedure Form 12.913(b). If your spouse is in the military service of the United States, additional steps for service may be required. See, for example, Memorandum for Certificate of Military Service, Florida Supreme Court Approved Family Law Form 12.912(a). In sum, the law regarding constructive service and service on an individual in the military service is very complex and you may wish to consult an attorney regarding these issues.
If personal service is used, the respondent has 20 days to answer after being served with your petition. Your case will then generally proceed in one of the following three ways:
DEFAULT ... If after 20 days, your spouse has not filed an answer, you may file a Motion for Default, Florida Supreme Court Approved Family Law Form 12.922(a), with the clerk of court. Then, if you have filed all of the required papers, you may call the clerk, family law intake staff, or judicial assistant to set a final hearing. You must notify your spouse of the hearing by using a Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.
UNCONTESTED ... If the respondent files an answer that agrees with everything in your petition or an answer and waiver, and you have complied with mandatory disclosure and filed all of the required papers, you may call the clerk, family law intake staff, or judicial assistant to set a final hearing. You must notify your spouse of the hearing by using a Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.
CONTESTED ... If the respondent files an answer or an answer and counterpetition, which disagrees with or denies anything in your petition, and you are unable to settle the disputed issues, you should file a Notice for Trial, Florida Supreme Court Approved Family Law Form 12.924, after you have complied with mandatory disclosure and filed all of the re-
*93 quired papers. Some circuits may require the completion of mediation before a final hearing may be set. You should contact the clerk, family law intake staff, or judicial assistant for instructions on how to set your case for trial (final hearing). If the respondent files an answer and counter-petition, you should answer the counter-petition within 20 days using an Answer to Counterpetition, Florida Supreme Court Approved Family Law Form 12.903(d).
Where can I look for more information?
Before proceeding, you should read “General Information for Self-Represented Litigants” found at the beginning of these forms. The words that are in “bold underline” in these instructions are defined there. For further information, see chapter 61, Florida Statutes.
Special notes ...
If this is a domestic violence case and you want to keep your address confidential for safety reasons, do not enter the address, telephone, and fax information at the bottom of this form. Instead, file Petitioner’s Request for Confidential Filing of Address, Florida Supreme Court Approved Family Law Form 12.980(i).
With this form, you must also file the following:
• Affidavit of Corroborating Witness, Florida Supreme Court Approved Family Law Form 12.902(f) OR photocopy of current Florida driver’s license, Florida identification card, or voter’s registration card (issue date of copied document must be at least six months before date case is actually filed with the clerk of the circuit court).
• Affidavit of Indigency, Florida Supreme Court Approved Family Law Form 12.902(a), if you are requesting that filing fees be waived.
• Marital Settlement Agreement for Dissolution of Marriage with No Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.902(f)(2), if you and your spouse have reached an agreement on any or all of the issues.
• Notice of Social Security Number, N Florida Supreme Court Approved Family Law Form 12.902(j).
• Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902 (b) or (c). (This must be filed within 45 days of service of the petition on the respondent, if not filed at the time of the petition.)
• Certificate of Compliance with Mandatory Disclosure, Florida Family Law Rules of Procedure Form 12.932. (This must be filed within 45 days of service of the petition on the respondent, if not filed at the time of the petition, unless you and your spouse have agreed not to exchange these documents.)
Alimony ... Alimony may be awarded to a spouse if the judge finds that he or she needs it and that the other spouse has the ability to pay it. If you want alimony, you must request it in writing in the original petition or counterpetition. If you do not request alimony in writing before the final hearing, it is waived (you may not request it later). You may request either permanent alimony, lump sum alimony, or rehabilitative alimony. Marital/Nonmarital Assets and Liabilities ... Florida law requires an equitable distribution of marital assets and marital liabilities. “Equitable” does not necessarily mean “equal.” Many factors, including alimony awards, may lead the court to make an unequal (but still equitable) distribution of assets and liabilities. Nonmar- *94 ital assets and nonmarital liabilities are those assets and liabilities which the parties agree or the court determines belong to, or are the responsibility of, only one of the parties. If the parties agree or the court finds an asset or liability to be non-marital, the judge will not consider it when distributing marital assets and liabilities. Temporary Relief ... If you need temporary relief regarding temporary use of assets, temporary responsibility for liabilities, or temporary alimony, you may file a Motion for Temporary Support with No Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.947(c). For more information, see the instructions for that form. Marital Settlement Agreement ... If you and your spouse are able to reach an agreement on any or all of the issues, you should file a Marital Settlement Agreement for Dissolution of Marriage with Property But No Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.902(f)(2). Both husband and wife must sign this agreement before a notary public or deputy clerk. Any issues on which you are unable to agree will be considered contested and settled by the judge at the final hearing.
Final Judgment Form ... These family law forms contain a Final Judgment of Dissolution of Marriage with Property but No Dependent or Minor Child(ren),
Florida Supreme Court Approved Family Law Form 12.990(c)(2), which the judge may use if your case is contested. If you and your spouse reach an agreement on all of the issues, the judge may use a Final Judgment of Dissolution of Marriage with Property but No Dependent or Minor Child(ren) (Uncontested), Florida Supreme Court Approved Family Law Form 12.990(b)(2). You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring a final judgment with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties’ names, and leave the rest blank for the judge to complete at your hearing or trial.
Nonlawyer ... Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900 (a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
FORM 12.901(b)(2). PETITION FOR DISSOLUTION OF MARRIAGE WITH PROPERTY BUT NO DEPENDENT OR MINOR CHILD(REN)
IN THE CIRCUIT COURT OF THE_JUDICIAL CIRCUIT, IN AND FOR_COUNTY, FLORIDA
Case No.: _ Division: _
Petitioner,
and
Respondent.
*95 PETITION FOR DISSOLUTION OF MARRIAGE WITH PROPERTY BUT NO DEPENDENT OR MINOR CHILD(REN)
I,{full legal name}_, the [/ one only] ( ) Husband ( ) Wife, being sworn, certify that the following statements are true:
1. JURISDICTION/RESIDENCE ( ) Husband ( ) Wife ( ) Both has (have) lived in Florida for at least 6 months before the filing of this Petition for Dissolution of Marriage.
2. The husband [/ one only] ( ) is ( ) is not a member of the military service. The wife [/ one only] ( ) is ( ) is not a member of the military service.
3. MARRIAGE HISTORY
Date of marriage: {month, day, year} -
Place of marriage: {city, state, country} -
Date of separation: {month, day, year}-(□ J if approximate)
4. THERE ARE NO MINOR (under 18) OR DEPENDENT CHILD(REN) COMMON TO BOTH PARTIES AND THE WIFE IS NOT PREGNANT.
5. A completed Notice of Social Security Number, Florida Supreme Court Approved Family Law Form 12.902(j), is filed with this petition.
6. THIS PETITION FOR DISSOLUTION OF MARRIAGE SHOULD BE GRANTED BECAUSE:
[/ one only]
_ a. The marriage is irretrievably broken.
_ b. One of the parties has been adjudged mentally incapacitated for a period of 3 years before the filing of this petition. A copy of the Judgment of Incapacity is attached.
SECTION I. MARITAL ASSETS AND LIABILITIES [/ one only]
_ 1. There are no marital assets or liabilities.
_ 2. There are marital assets or liabilities. All marital and nonmarital assets and liabilities are (or will be) listed in the financial affidavits, Florida Family Law Rules of Procedure Form 12.902(b) or (c), to be filed in this case. [/ all that apply]
_ a. All marital assets and debts have been divided by a written agreement between the parties, which is attached to be incorporated into the final judgment of dissolution of marriage. (The parties may use Marital Settlement Agreement for Simplified Dissolution of Marriage, Florida Family Law Rules of Procedure Form 12.902(f)(3) or Marital Settlement Agreement for Dissolution of Marriage with No Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.902(f)(2)).
_ b. The Court should determine how the assets and liabilities of this marriage are to be distributed, under section 61.075, Florida Statutes.
_ c. Petitioner should be awarded an interest in Respondent’s property because:
SECTION II. SPOUSAL SUPPORT (ALIMONY)
[/ one only]
_ 1. Petitioner forever gives up his/her right to spousal support (alimony) from Respondent.
*96 _ 2. Petitioner requests that the Court order Respondent to pay the following spousal support (alimony) and claims that he or she has a need for the support that he or she is requesting and Respondent has the ability to pay that support. Spousal support (alimony) is requested in the amount of $_every ( ) week ( ) other week ( ) month, beginning {date} _and continuing until {date or event}_ Explain why the Court should order Respondent to pay and any specific request(s) for type of alimony (temporary, permanent, rehabilitative, and/or lump sum): _
[/ if applies] ( ) Petitioner requests life insurance on Respondent’s life, provided by Respondent, to secure such support.
SECTION III. OTHER
1. [If Petitioner is also the Wife, / one only] ( ) yes ( ) no Petitioner/Wife wants to be known by her former name, which was {full legal name}_
2. Other relief {specify}: _
SECTION IY. PETITIONER’S REQUEST (This section summarizes what you are asking the Court to include in the final judgment of dissolution of marriage.) Petitioner requests that the Court enter an order dissolving the marriage and: [/ all that apply]
_ 1. distributing marital assets and liabilities as requested in Section I of this petition;
_ 2. awarding spousal support (alimony) as requested in Section II of this petition;
_ 3. restoring Wife’s former name as requested in Section III of this petition;
_ 4. awarding other relief as requested in Section III of this petition; and any other terms the Court deems necessary.
I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this petition and that the punishment for knowingly making a false statement includes fines and/or imprisonment.
Dated: _ _
Signature of Petitioner
Printed Name: _
Address: _
City, State, Zip: _
Telephone Number: _
Fax Number: _
STATE OF FLORIDA COUNTY OF _
Sworn to or affirmed and signed before me on_by_
NOTARY PUBLIC or DEPUTY CLERK
*97 [Print, type, or stamp commissioned name of notary or clerk.]
_ Personally known
_ Produced identification
Type of identification produced-
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW: [ fill in all blanks] I, {full legal name and trade name of nonlawyer} -, a nonlawyer, located at {street} -, {city} -, {state} _, {phone} _, helped {name} -, who is the (one of the) petitioner(s), fill out this form.
INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.901(b)(3), PETITION FOR DISSOLUTION OF MARRIAGE WITH NO DEPENDENT OR MINOR CHILD(REN) OR PROPERTY
When should this form be used?
This form may be used when a husband or wife is filing for a dissolution of marriage, and the husband and wife have no marital assets and/or marital liabilities and they do not have any dependent children nor is the wife is now pregnant. You and/or your spouse must have lived in Florida for at least 6 months before filing for a dissolution in Florida. If you and your spouse agree on all issues and both can attend the hearing, you may want to file a petition for simplified dissolution of marriage, Florida Family Law Rules of Procedure Form 12.901(a). However, you may file this form if all of the following are true:
• You have no marital assets or marital debts.
• Neither you nor your spouse is seeking support (alimony).
This form should be typed or printed in black ink. After completing this form, you should sign the form before a notary public or deputy clerk. You should file the original with the clerk of the circuit court in the county where you live and keep a copy for your records.
What should I do next?
For your case to proceed, you must properly notify your spouse of the petition. If you know where he or she lives, you should use personal service. If you absolutely do not know where he or she lives, you may use constructive service. You may also be able to use constructive service if your spouse resides in another state or country. However, if constructive service is used, other than granting a divorce, the court may only grant limited relief. For more information on constructive service, see Notice of Action for Dissolution of Marriage, Florida Supreme Court Approved Family Law Form 12.913(a), and Affidavit of Diligent Search and Inquiry,
Florida Family Law Rules of Procedure Form 12.913(b). If your spouse is in the military service of the United States, additional steps for service may be required. See, for example, Memorandum for Certificate of Military Service, Florida Supreme Court Approved Family Law Form 12.912(a). In sum, the law regarding constructive service and service on an individual in the military service is very complex and you may wish to consult an attorney regarding these issues.
If personal service is used, the respondent has 20 days to answer after being served *98 with your petition. Your case will then generally proceed in one of the following three ways:
DEFAULT ... If after 20 days, your spouse has not filed an answer, you may file a Motion for Default, Florida Supreme Court Approved Family Law Form 12.922(a), with the clerk of court. Then, if you have filed all of the required papers, you may call the clerk, family law intake staff, or judicial assistant to set a final hearing. You must notify your spouse of the hearing by using a Notice of Hearing (General), . Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.
UNCONTESTED ... If the respondent files an answer that agrees with everything in your petition or an answer and waiver, and you have complied with mandatory disclosure and filed all of the required papers, you may call the clerk, family law intake staff, or judicial assistant to set a final hearing. You must notify your spouse of the hearing by using a Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.
CONTESTED ... If the respondent files an answer or an answer and counterpetition, which disagrees with or denies anything in your petition, and you are unable to settle the disputed issues, you should file a Notice for Trial, Florida Supreme Court Approved Family Law Form 12.924, after you have complied with mandatory disclosure and filed all of the required papers. Some circuits may require the completion of mediation before a final hearing may be set. You should contact the clerk, family law intake staff, or judicial assistant for instructions on how to set your case for trial (final hearing). If the respondent files an answer and counter-petition, you should answer the counter-petition within 20 days using an Answer to Counterpetition, Florida Supreme Court Approved Family Law Form 12.903(d).
Where can I look for more information?
Before proceeding, you should read “General Information for Self-Represented Litigants” found at the beginning of these forms. The words that are in “bold underline” in these instructions are defined there. For further information, see chapter 61, Florida Statutes.
Special notes ...
If this is a domestic violence case and you want to keep your address confidential for safety reasons, do not enter the address, telephone, and fax information at the bottom of this form. Instead, file Petitioner’s Request for Confidential Filing of Address, Florida Supreme Court Approved Family Law Form 12.980(i).
With this form, you must also file the following:
• Affidavit of Corroborating Witness, Florida Supreme Court Approved Family Law Form 12.902(i) OR photocopy of current Florida driver’s license, Florida identification card, or voter’s registration card (issue date of copied document must be at least six months before date case is actually filed with the clerk of the circuit court).
• Affidavit of Indigency, Florida Supreme Court Approved Family Law Form 12.902(a), if you are requesting that filing fees be waived.
• Notice of Social Security Number, Florida Supreme Court Approved Family Law Form 12.902(j).
• Family Law Financial Affidavit, Florida Family Law Rules of Proce *99 dure Form 12.902(b) or (c). (This must be filed within 45 days of service of the petition on the respondent, if not filed at the time of the petition.)
• Certificate of Compliance with Mandatory Disclosure, Florida Family Law Rules of Procedure Form 12.932. (This must be filed within 45 days of service of the petition on the respondent, if not filed at the time of the petition, unless you and your spouse have agreed not to exchange these documents.)
Final Judgment Form ... These family law forms contain a Final Judgment of Dissolution of Marriage with No Property or Minor Child(ren) (Uncontested),
Florida Supreme Court Approved Family Law Form 12.990(b)(3). You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring a final judgment with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties’ names, and leave the rest blank for the judge to complete at your hearing or trial.
Nonlawyer ... Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900 (a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
FORM 12.901(b)(3). PETITION FOR DISSOLUTION OF MARRIAGE WITH NO DEPENDENT OR MINOR CHILD(REN) OR PROPERTY
IN THE CIRCUIT COURT OF THE_JUDICIAL CIRCUIT, IN AND FOR_COUNTY, FLORIDA
Case No.: - Division: -
Petitioner,
and
Respondent.
PETITION FOR DISSOLUTION OF MARRIAGE WITH NO DEPENDENT OR MINOR CHILD(REN) OR PROPERTY
I,{full legal name}_, the [/ one only] ( ) Husband ( ) Wife, being sworn, certify that the following statements are true:
1. JURISDICTION/RESIDENCE
( ) Husband ( ) Wife ( ) Both has (have) lived in Florida for at least 6 months before the filing of this Petition for Dissolution of Marriage.
2. The husband [/ one only] ( ) is ( ) is not a member of the military service.
The wife [/ one only] ( ) is ( ) is not a member of the military service.
3. MARRIAGE HISTORY
Date of marriage: {month, day, year} -
Place of marriage: {city, state, country} -
Date of separation: {month, day, year}-(□ / if approximate)
*100 4. THERE ARE NO MINOR (under 18) OR DEPENDENT CHILD(REN) COMMON TO BOTH PARTIES AND THE WIFE IS NOT PREGNANT.
5. A completed Notice of Social Security Number, Florida Supreme Court Approved Family Law Form 12.902(j), is filed with this petition.
6. THIS PETITION FOR DISSOLUTION OF MARRIAGE SHOULD BE GRANTED BECAUSE:
[/ one only]
_ a. The marriage is irretrievably broken.
_ b. One of the parties has been adjudged mentally incapacitated for a period of 3 years before the filing of this petition. A copy of the Judgment of Incapacity is attached.
7. THERE ARE NO MARITAL ASSETS OR LIABILITIES.
8. PETITIONER FOREVER GIVES UP HIS/HER RIGHTS TO SPOUSAL SUPPORT (ALIMONY) FROM RESPONDENT.
9. [If Petitioner is also the Wife, / one only] ( ) yes ( ) no Petitioner/Wife wants to be known by her former name, which was {full legal name}_
10. Other relief {specify}'. _
PETITIONER’S REQUEST (This section summarizes what you are asking the Court to include in the final judgment of dissolution of marriage.)
Petitioner requests that the Court enter an order dissolving the marriage and:
[/ all that apply]
— 1. restoring Wife’s former name as specified in paragraph 9 of this petition;
— 2. awarding other relief as specified in paragraph 10 of this petition; and any other terms the Court deems necessary.
I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this petition and that the punishment for knowingly making a false statement includes fines and/or imprisonment.
Dated: _ _
Signature of Petitioner
Printed Name:_
Address: _
City, State, Zip: _
Telephone Number: _
Pax Number: _
STATE OF FLORIDA COUNTY OF _
Sworn to or affirmed and signed before me on_by
NOTARY PUBLIC or DEPUTY CLERK
[[Image here]]
*101 [Print, type, or stamp commissioned name of notary or deputy clerk.]
_ Personally known
_ Produced identification
Type of identification produced-
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW: [ fill in all blanks] I, {full legal name and trade name of nonlawyer} -, a nonlawyer, located at {street} -, {city} -, {state} _, {phone} _, helped {name} -, who is the (one of the) petitioner(s), fill out this form.
INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.902(a), AFFIDAVIT OF INDIGENCY
When should this form be used?
This form should be used by anyone in a family law case who is unable to pay court fees and costs and is requesting a waiver of those fees and costs.
This form should be typed or printed in black ink. After completing this form, you should sign the form before a notary public or deputy clerk. You should file the original with the clerk of the circuit court in the county where the petition was filed and keep a copy for your records. In addition, you must attach a Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b), to this form.
What should I do next?
A copy of this form, along with all of the other necessary forms, must be mailed or hand delivered to your spouse in your case.
Where can I look for more information?
Before proceeding, you should read “General Information for Self-Represented Litigants” found at the beginning of these forms. The words that are in “bold underline” in these instructions are defined there.
Special notes ...
If this is a domestic violence case and you want to keep your address confidential for safety reasons, do not enter the address, telephone, and fax information at the bottom of this form. Instead, file Petitioner’s Request for Confidential Filing of Address, Florida Supreme Court Approved Family Law Form 12.980(i). Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900 (a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
FORM 12.902(a). AFFIDAVIT OF INDIGENCY
IN THE CIRCUIT COURT OF THE_JUDICIAL CIRCUIT, IN AND FOR_COUNTY, FLORIDA
Case No.: -
Division: -
*102 Petitioner,
and
Respondent.
AFFIDAVIT OF INDIGENCY
I, {full legal name}-, being sworn, certify that the following statements are true:
I am financially insolvent and unable to pay the charges, costs, or fees otherwise payable by law to the clerk of the circuit court or sheriff in this civil action. I make this claim because: [/ one only]
— a. I am currently receiving public assistance in the amount of: $_per ( ) week ( ) month. My public assistance case number is:_My financial affidavit, Florida Family Law Rules of Procedure Form 12.902(b), is attached.
— b. I am unable to pay those clerk’s fees and costs because of indigency, based on facts contained in my Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b), which is attached.
I CERTIFY THAT NO PERSON HAS BEEN PAID OR PROMISED ANY PAYMENT OF ANY REMUNERATION BY ME FOR SERVICES PERFORMED ON MY BEHALF IN CONNECTION WITH THIS ACTION OR PROCEEDING.
I certify that a copy of this document was [/ one only] ( ) mailed ( ) faxed and mailed ( ) hand delivered to the person(s) listed below on {date}_
Other party or his/her attorney:
Name: _
Address: _
City, State, Zip: _
Fax Number: _
I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this affidavit and that the punishment for knowingly making a false statement includes fines and/or imprisonment.
Dated: _ _
Signature of Party
Printed Name: _
Address: _
City, State, Zip: _
Telephone Number: _
Pax Number: _
STATE OF FLORIDA COUNTY OF _
Sworn to or affirmed and signed before me on _by_
PUBLIC or DEPUTY CLERK
[Print, type, or stamp commissioned name of notary or clerk.]
*103 _ Personally known
_ Produced identification
Type of identification produced-
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW: [ fill in all blanks] I, {full legal name and trade name of nonlawyer} -, a nonlawyer, located at {street} -, {city} -, {state} _, {phone} _, helped {name} -, Who is the [/ one only]._petitioner or_respondent, fill out this form.
INSTRUCTIONS FOR FLORIDA FAMILY LAW RULES OF PROCEDURE FORM 12.902(b), FAMILY LAW FINANCIAL AFFIDAVIT (SHORT FORM)
When should this form be used?
This form should be used when you are involved in a family law case which requires a financial affidavit and your individual gross income is UNDER $50,000 per year.
This form should be typed or printed in black ink. After completing this form, you should sign the form before a notary public. You should file the original with the clerk of the circuit court in the county where the petition was filed and keep a copy for your records.
What should I do next?
A copy of this form must be mailed or hand delivered to the other party in your case, if it is not served on him or her with your initial papers. This must be accomplished within 45 days of service of the petition.
Where can I look for more information?
Before proceeding, you should read “General Information for Self-Represented Litigants” found at the beginning of these forms. The words that are in “bold underline” in these instructions are defined there. For further information, see rule 12.285, Florida Family Law Rules of Procedure.
Special notes ...
If this is a domestic violence case and you want to keep your address confidential for safety reasons, do not enter the address, telephone, and fax information at the bottom of this form. Instead, file Petitioner’s Request for Confidential Filing of Address, Florida Supreme Court Approved Family Law Form 12.980®.
The affidavit must be completed using monthly income and expense amounts. If you are paid or your bills are due on a schedule which is not monthly, you must convert those amounts. Hints are provided below for making these conversions.
Hourly — If you are paid by the hour, you may convert your income to monthly as follows:
Hourly amount x Hours worked per week = Weekly amount
Weekly amount ' x 52 Weeks per year = Yearly amount
Yearly amount 4- 12 Months per year = Monthly Amount
Daily — If you are paid by the day, you may convert your income to monthly as follows:
Daily amount x Days worked per week = Weekly amount
Weekly amount x 52 Weeks per year = Yearly amount
Yearly amount h- 12 Months per year = Monthly Amount
Weekly — If you are paid by the week, you may convert your income to monthly as follows:
Weekly amount x 52 Weeks per year = Yearly amount
Yearly amount 12 Months per year = Monthly Amount
Bi-weekly — If you are paid every two weeks, you may convert your income to monthly as follows:
Bi-weekly amount x 26 = Yearly amount
*104 Yearly amount -*■ 12 Months per year = Monthly Amount
Bi-monthly — If you are paid twice per month, you may convert your income to monthly as follows:
Bi-monthly amount x 2 = Monthly Amount
Expenses may be converted in the same manner.
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
FORM 12.902(b). FAMILY LAW FINANCIAL AFFIDAVIT (SHORT FORM)
IN THE CIRCUIT COURT OF THE_JUDICIAL CIRCUIT, IN AND FOR_COUNTY, FLORIDA
Case No.: Division:-
Petitioner,
and
Respondent.
FAMILY LAW FINANCIAL AFFIDAVIT (SHORT FORM) (Under $50,000 Individual Gross Annual Income)
I, {full legal name} true: _, being sworn, certify that the following information is
My Occupation: _ _ Employed by: _
Business Address:
Pay Rate:. . ( — ) every week ( ) every other week ( ) twice a month ( )monthly ( ) other:.
□ Check here if unemployed and explain on a separate sheet your efforts to find employment.
SECTION I. PRESENT MONTHLY GROSS INCOME:
All amounts must be MONTHLY. See the instructions with this form to figure out money amounts for anything that is NOT paid monthly. Attach more paper, if needed. Items included under “other” should be listed separately with separate dollar amounts.
1. $. 1; Monthly gross salary or wages
2. _ 2. Monthly bonuses, commissions, allowances, overtime, tips, and similar payments
3. Monthly business income from sources such as self-employment, partnerships, close corporations, and/or independent contracts (gross receipts minus ordinary and necessary expenses required to produce income) (□ Attach sheet itemizing such income and expenses.) co
4. Monthly disability benefits/SSI
5. Monthly Workers’ Compensation cn
6. Monthly Unemployment Compensation C5
*105 [[Image here]]
17. PRESENT MONTHLY GROSS INCOME (Add lines 1-16) TOTAL: 17.
PRESENT MONTHLY DEDUCTIONS:
[[Image here]]
26. TOTAL DEDUCTIONS ALLOWABLE UNDER SECTION 61.30, FLORIDA STATUTES (Add lines 18 through 25) TOTAL: 26.
PRESENT NET MONTHLY INCOME (Subtract line 26 from line 17) 27.
SECTION II. AVERAGE MONTHLY EXPENSES
HOUSEHOLD: Mortgage or rent Property taxes Utilities Telephone Food Meals outside home Maintenance/Repairs Other:_ ■Other:
B. AUTOMOBILE Gasoline Repairs Insurance
C. CHILD(REN)’S EXPENSES Day care $- Lunch money $_ Clothing $- Grooming $_ Gifts for holidays $-
*106 Medical/dental (uninsured) $_
Other:_ $_
D. INSURANCE
Medical/dental $_
Child(ren)’s medical/dental $_
Life $_
E. OTHER EXPENSES NOT LISTED ABOVE
Clothing $_
Medical/Dental (uninsured) $_
Grooming $_
Entertainment $_
Gifts $_
Religious organizations $_
Miscellaneous $_
Other:_ $_
- $-
- $-
- $-
- $-
- $-
- $-
F. PAYMENTS TO CREDITORS MONTHLY CREDITOR: PAYMENT
- $-
- $-
- $-
- $-
- $-
- $-
- $-
- $-
- $-
- $-
- $-
28. TOTAL MONTHLY EXPENSES (add ALL monthly amounts in A through F above) 28. $_
SUMMARY
29. TOTAL PRESENT MONTHLY NET INCOME (from line 27 of SECTION I. INCOME) 29. $_
30. TOTAL MONTHLY EXPENSES (from line 28 above) 30. $_
31. SURPLUS (If line 29 is more than line 30, subtract line 30 from line 29. This is the amount of your surplus. Enter that amount here.) 31. $_
32. (DEFICIT) (If line 30 is more than line 29, subtract line 29 from line 30. This is the amount of your deficit. Enter that amount here.) 32. ($_)
SECTION III. ASSETS AND LIABILITIES
Use the nonmarital column only if this is a petition for dissolution of marriage and you believe an item is “nonmarital,” meaning it belongs to only one of you and should not be divided. You should indicate to whom you believe the item(s) or debt belongs. (Typically, you will only use this column if property/debt was owned/owed by one spouse before the marriage. See the “General Information for Self-Represented Litigants” found at the beginning of these forms and section 61.075(1), Florida Statutes, for definitions of “marital” and “nonmari-tal” assets and liabilities.)
A. ASSETS:
DESCRIPTION OF ITEM(S). List a description of each Nonmarital
separate item owned by you (and/or your spouse, if this is a peti- (/ correct column)
*107 [[Image here]]
B. LIABILITIES:
[[Image here]]
*108 C. CONTINGENT ASSETS AND LIABILITIES:
INSTRUCTIONS: If you have any POSSIBLE assets (income potential, accrued vacation or sick leave, bonus, inheritance, etc.) or POSSIBLE liabilities (possible lawsuits, future unpaid taxes, contingent tax liabilities, debts assumed by another), you must list them here.
[[Image here]]
SECTION IY. CHILD SUPPORT GUIDELINES WORKSHEET
( Florida Family Law Rules of Procedure Form 12.902(e), Child Support Guidelines Worksheet, MUST be filed with the court at or prior to a hearing to establish or modify child support. This requirement cannot be waived by the parties.)
[/ one only]
_ A Child Support Guidelines Worksheet IS or WILL BE filed in this case. This case involves the establishment or modification of child support.
_ A Child Support Guidelines Worksheet IS NOT being filed in this case. The establishment or modification of child support is not an issue in this case.
I certify that a copy of this document was [/ one only] ( ) mailed ( ( ) hand delivered to the person(s) listed below on {date} _ ) faxed and mailed
Other party or his/her attorney:
Name: _
Address: _
City, State, Zip:
Fax Number: _
I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this affidavit and that the punishment for knowingly making a false statement includes fines and/or imprisonment.
Dated:
Signature of Party
Printed Name:_
Address: _
City, State, Zip: _
Telephone Number:
Pax Number: _
STATE OF FLORIDA COUNTY OF_
Sworn to or affirmed and signed before me on by
NOTARY PUBLIC or DEPUTY CLERK
*109 [Print, type, or stamp commissioned name of notary or deputy clerk.]
_ Personally known
_ Produced identification
Type of identification produced_
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW: [ fill in all blanks] I, {full legal name and trade name of nonlawyer} _, a nonlawyer, located at {street} _, {city} _, {state} _, {phone} _, helped {name} _, who is the [/ one only]_petitioner or_respondent, fill out this form.
INSTRUCTIONS FOR FLORIDA FAMILY LAW RULE OF PROCEDURE FORM 12.902(c), FAMILY LAW FINANCIAL AFFIDAVIT
When should this form be used?
This form should be used when you are involved in a family law case which requires a financial affidavit and your individual gross income is $50,000 OR MORE per year.
This form should be typed or printed in black ink. After completing this form, you should sign the form before a notary public. You should then file the original with the clerk of the circuit court in the county where the petition was filed and keep a copy for your records.
What should I do next?
A copy of this form must be mailed or hand delivered to the other party in your case, if it is not served on him or her with your initial papers. This must be accomplished within 45 days of service of the petition.
Where can I look for more information?
Before proceeding, you should read “General Information for Self-Represented Litigants” found at the beginning of these forms. The words that are in “bold underline” in these instructions are defined there. For further information, see rule 12.285, Florida Family Law Rules of Procedure.
Special notes ...
If this is a domestic violence case and you want to keep your address confidential for safety reasons, do not enter the address, telephone, and fax information at the bottom of this form. Instead, file Petitioner’s Request for Confidential Filing of Address, Florida Supreme Court Approved Family Law Form 12.980(i).
The affidavit must be completed using monthly income and expense amounts. If you are paid or your bills are due on a schedule which is not monthly, you must convert those amounts. Hints are provided below for making these conversions.
Hourly — If you are paid by the hour, you may convert your income to monthly as follows:
Hourly amount x Hours worked per week = Weekly amount
Weekly amount x 52 Weeks per year = Yearly amount
Yearly amount -e 12 Months per year = Monthly Amount
Daily — If you are paid by the day, you may convert your income to monthly as follows:
Daily amount x Days worked per week = Weekly amount
Weekly amount x 52 Weeks per year = Yearly amount
*110 Yearly amount 4- 12 Months per year = Monthly Amount
Weekly — If you are paid by the week, you may convert your income to monthly as follows:
Weekly amount x 52 Weeks per year = Yearly amount
Yearly amount h- 12 Months per year = Monthly Amount
Bi-weekly — If you are paid every two weeks, you may follows: convert your income to monthly as
Bi-weekly amount x 26 = Yearly amount
Yearly amount 4- 12 Months per year = Monthly Amount
Bi-monthly — If you are paid twice per month, you may follows: convert your income to monthly as
Bi-monthly amount x 2 = Monthly Amount
Expenses may be converted in the same manner.
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
FORM 12.902(c). FAMILY LAW FINANCIAL AFFIDAVIT
[[Image here]]
FAMILY LAW FINANCIAL AFFIDAVIT ($50,000 or more Individual Gross Annual Income)
I, {full legal name} being sworn, certify that the following information is true:
I am currently ^
all that apply]
_ a. Unemployed Describe your efforts to find employment, how soon you expect to be employed, and the pay you expect to receive: _
_ b. Employed by: _
Address: _
City, State, Zip code: Telephone Number: _
SECTION I. INCOME
Date of Birth:_ H
Social Security Number:_ W
My occupation is: _!_ CO
*111 [[Image here]]
LAST YEAR’S GROSS INCOME: Your Income Other Party’s Income (if known) YEAR_ $_ $_
PRESENT MONTHLY GROSS INCOME:
All amounts must be MONTHLY. See the instructions with this form to figure out money amounts for anything that is NOT paid monthly. Attach more paper, if needed. Items included under “other” should be listed separately with separate dollar amounts.
1. Monthly gross salary or wages 1. $.
2. Monthly bonuses, commissions, allowances, overtime, tips, and similar payments 2. _
3. Monthly business income from sources such as self-employment, partnerships, close corporations, and/or independent contracts (Gross receipts minus ordinary and necessary expenses required to produce income.) 3. _
(□ Attach sheet itemizing such income and expenses.)
4. Monthly disability benefits/SSI 4. _
5. Monthly Workers’ Compensation 5. _
6. Monthly Unemployment Compensation 6. _
7. Monthly pension, retirement, or annuity payments 7. _
8. Monthly Social Security benefits 8. _
9. Monthly alimony actually received
9a. From this case: $_
9b. From other case(s): _ Add 9a and 9b 9. _
10. Monthly interest and dividends 10. _
11. Monthly rental income (gross receipts minus ordinary and necessary expenses required to produce income) (□ Attach sheet itemizing such income and expense items.) 11. _
12. Monthly income from royalties, trusts, or estates 12. _
13. Monthly reimbursed expenses and in-kind payments to the extent that they reduce personal living expenses (□ Attach sheet itemizing each item and amount.) 13. _
14. Monthly gains derived from dealing in property (not including nonrecurring gains) 14. _
Any other income of a recurring nature (identify source)
15. _ 15. _
16. _ 16. _
17. PRESENT MONTHLY GROSS INCOME (Add lines 1-16) TOTAL: 17. $.
PRESENT MONTHLY DEDUCTIONS:
All amounts must be MONTHLY. See the instructions with this form to figure out money amounts for anything that is NOT paid monthly.
18. Monthly federal, state, and local income tax (corrected for filing status and allowable dependents and income tax liabilities)
a. Filing Status __
b. Number of dependents claimed_ 18. $-
19. Monthly FICA or self-employment taxes 19. -
20. Monthly Medicare payments 20. -
*112 AUTOMOBILE: 26. Monthly gasoline and oil 27. Monthly repairs 28. Monthly auto tags and emission testing 29. Monthly insurance 30. Monthly payments (lease or financing) 1. Monthly mortgage or rent payments 1. $. 2. Monthly property taxes (if not included in mortgage) 2. _ 3. Monthly insurance on residence (if not included in mortgage) 3. _ 4. Monthly condominium maintenance fees and homeowner’s association fees 4. _ 5. Monthly electricity 5. _ 6. Monthly water, garbage, and sewer 6. _ 7. Monthly telephone 7. _ 8. Monthly fuel oil or natural gas 8. _ 9. Monthly repairs and maintenance 9. _ 10. Monthly lawn care 10. _ 11. Monthly pool maintenance 11. _ 12. Monthly pest control 12. _ 13. Monthly mise, household 13. _ 14. Monthly food and home supplies 14. _ 15. Monthly meals outside home 15. _ 16. Monthly cable t.v. 16. _ 17. Monthly alarm service contract 17. _ 18. Monthly service contracts on appliances 18. _ 19. Monthly maid service 19. _ Other: 20. _ 20. _ 21. _ 21. _ 22. _ 22. _ 23. _ 23. _ 24. _ 24. _ 25. SUBTOTAL (add lines 1 through 24) 25. $. CO DO to to to O CD CO -q Cl
[[Image here]]
Proposed/Estimated Expenses. If this is a dissolution of marriage case and your expenses as listed below do not reflect what you actually pay currently, you should write “estimate” next to each amount that is estimated.
HOUSEHOLD:
*113 [[Image here]]
35. SUBTOTAL (add lines 26 through 34) 35. $.
MONTHLY EXPENSES FOR CHILDREN COMMON TO BOTH PARTIES:
[[Image here]]
MONTHLY EXPENSES FOR CHILD(REN) FROM ANOTHER RELATIONSHIP: (other than court-ordered child support)
[[Image here]]
MONTHLY INSURANCE:
[[Image here]]
*114 [[Image here]]
MONTHLY PAYMENTS TO CREDITORS: (only when payments are currently made by you on outstanding balances)
[[Image here]]
105. TOTAL MONTHLY EXPENSES: (add lines 25, 35, 58, 63, 69, 90, and 104 of Section II, Expenses) 105. $
SUMMARY
106. TOTAL PRESENT MONTHLY NET INCOME (from line 27 of SECTION I. INCOME) 106. $
107. TOTAL MONTHLY EXPENSES (from line 105 above) 107. $
108. SURPLUS (If line 106 is more than line 107, subtract line 107 from line 106. This is the amount of your surplus. Enter that amount here.) 108. $
109. (DEFICIT) (If line 107 is more than line 106, subtract line 106 from line 107. This is the amount of your deficit. Enter that amount here.) 109. $
*115 SECTION III. ASSETS AND LIABILITIES
A. ASSETS (This is where you list what you OWN.)
INSTRUCTIONS:
STEP 1: In column A, list a description of each separate item owned by you (and/or your spouse, if this is a petition for dissolution of marriage). Blank spaces are provided if you need to list more than one of an item.
STEP 2: If this is a petition for dissolution of marriage, check the box in Column A next to any item that you are requesting the judge award to you.
STEP 3: In column B, write what you believe to be the current fair market value of all items listed.
STEP 4: Use column C only if this is a petition for dissolution of marriage and you believe an item is “nonmarital,” meaning it belongs to only one of you and should not be divided. You should indicate to whom you believe the item belongs. (Typically, you will only use Column C if property was owned by one spouse before the marriage. See the “General Information for Self-Represented Litigants” found at the beginning of these forms and section 61.075(1), Florida Statutes, for definitions of “marital” and “nonmarital” assets and liabilities.)
[[Image here]]
*116 [[Image here]]
*117 [[Image here]]
B. LIABILITIES/DEBTS (This is where you list what you OWE.)
INSTRUCTIONS:
STEP 1: In column A, list a description of each separate debt owed by you (and/or your spouse, if this is a petition for dissolution of marriage). Blank spaces are provided if you need to list more than one of an item.
STEP 2: If this is a petition for dissolution of marriage, check the box in Column A next to any debt(s) for which you believe you should be responsible.
STEP 3: In column B, write what you believe to be the current amount owed for all items listed.
STEP 4: Use column C only if this is a petition for dissolution of marriage and you believe an item is “nonmarital,” meaning the debt belongs to only one of you and should not be divided. You should indicate to whom you believe the debt belongs. (Typically, you will only use Column C if the debt was owed by one spouse before the marriage. See the “General Information for Self-Represented Litigants” found at the beginning of these forms and section 61.075(1), Florida Statutes, for definitions of “marital” and “nonmarital” assets and liabilities.)
[[Image here]]
*118 [[Image here]]
C. NET WORTH (excluding contingent assets and liabilities)
Total Assets (enter total of Column B in Asset Table; Section A) $_
Total Liabilities (enter total of Column B in Liabilities Table; Section B) $_
TOTAL NET WORTH (Total Assets minus Total Liabilities) (excluding contingent assets and liabilities) $_
D. CONTINGENT ASSETS AND LIABILITIES INSTRUCTIONS:
If you have any POSSIBLE assets (income potential, accrued vacation or sick leave, bonus, inheritance, etc.) or POSSIBLE liabilities (possible lawsuits, future unpaid taxes, contingent tax liabilities, debts assumed by another), you must list them here.
[[Image here]]
*119 [[Image here]]
F. CHILD SUPPORT GUIDELINES WORKSHEET. Florida Family Law Rules of Procedure Form 12.902(e), Child Support Guidelines Worksheet, MUST be filed with the court at or prior to a hearing to establish or modify child support. This requirement cannot be waived by the parties.
[/ one only]
_ A Child Support Guidelines Worksheet IS or WILL BE filed in this case. This case involves the establishment or modification of child support.
_ A Child Support Guidelines Worksheet IS NOT being filed in this case. The establishment or modification of child support is not an issue in this case.
I certify that a copy of this financial affidavit was: ( ) mailed, ( ) faxed and mailed, or ( ) hand delivered to the person(s) listed below on {date}-
Other party or his/her attorney:
Name: -
Address: _
City, State, Zip: -
Fax Number: -
I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this affidavit and that the punishment for knowingly making a false statement includes fines and/or imprisonment.
Dated: - -
Signature of Party
Printed Name: -
Address: _
City, State, Zip: -
Telephone Number: -
Fax Number: -
STATE OF FLORIDA
COUNTY OF _
Sworn to or affirmed and signed before me on-by-
NOTARY PUBLIC or DEPUTY CLERK
*120 [Print, type, or stamp commissioned name of notary or deputy clerk.]
_ Personally known
_ Produced identification
Type of identification produced_
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW: [ fill in all blanks] I, {full legal name and trade name of nonlawyer} _, a nonlawyer, located at {street} _, {city} _, {state} _, {phone} _, helped {name} _, who is the [/ one only]_petitioner or_respondent, fill out this form.
INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.902(d), UNIFORM CHILD CUSTODY JURISDICTION ACT (UCCJA) AFFIDAVIT
When should this form be used?
This form should be used in any case involving custody of or visitation with any minor child(ren). This affidavit is required even if the custody and visitation of the minor child(ren) are not in dispute. This form should be typed or printed in black ink. After completing this form, you should sign the form before a notary public or deputy clerk. You should then file the original with the clerk of the circuit court in the county where the petition was filed and keep a copy for your records.
What should I do next?
A copy of this form must be mailed or hand delivered to the other party in your case, if it is not served on him or her with your initial papers.
Where can I look for more information?
Before proceeding, you should read “General Information for Self-Represented Litigants” found at the beginning of these forms. The words that are in “bold underline” in these instructions are defined there. For further information, see sections 61.1302-61.1354, Florida Statutes.
Special notes ...
If you are the petitioner in an injunction for protection against domestic violence case and you have filed Petitioner’s Request for Confidential Filing of Address, Florida Supreme Court Approved Family Law Form 12.980(i), you should write “confidential” in any space on this form that would require you to write the address where you are currently living.
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900 (a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
FORM 12.902(d). UNIFORM CHILD CUSTODY JURISDICTION ACT (UCCJA) AFFIDAVIT
IN THE CIRCUIT COURT OF THE_JUDICIAL CIRCUIT,
*121 IN AND FOR_COUNTY, FLORIDA
Case No.: _ Division: _
Petitioner,
and
Respondent.
UNIFORM CHILD CUSTODY JURISDICTION ACT (UCCJA) AFFIDAVIT
I, {full legal name}_, being sworn, certify that the following statements are true:
1. The number of minor child(ren) subject to this proceeding is-The name,
social security number, place of birth, birth date, and sex of each child; the present address, periods of residence, and places where each child has lived within the past five (5) years; and the name, present address, and relationship to the child of each person with whom the child has lived during that time are:
THE FOLLOWING INFORMATION IS TRUE ABOUT CHILD #1:
[[Image here]]
THE FOLLOWING INFORMATION IS TRUE ABOUT CHILD #_:
[[Image here]]
*122 THE FOLLOWING INFORMATION IS TRUE ABOUT CHILD #_:
[[Image here]]
2. Participation in custody proceeding(s):
[/ one only]
_ I HAVE NOT participated as a party, witness, or in any capacity in any other litigation or custody proceeding in this or any other state, concerning custody of a child subject to this proceeding.
_ I HAVE participated as a party, witness, or in any capacity in any other litigation or custody proceeding in this or another state, concerning custody of a child subject to this proceeding. Explain:
a. Name of each child: _
b. Type of proceeding: _
c. Court and state: _
d. Date of court order or judgment (if any): _
3. Information about custody proceeding(s):
[/ one only]
— I HAVE NO INFORMATION of any custody proceeding pending in a court of this or any other state concerning a child subject to this proceeding.
— I HAVE THE FOLLOWING INFORMATION concerning a custody proceeding pending in a court of this or another state concerning a child subject to this proceeding, other than set out in item 2. Explain:
a. Name of each child: _
b. Type of proceeding: _
c. Court and state: _
d. Date of court order or judgment (if any): _
4. Persons not a party to this proceeding:
[/ one only]
— I DO NOT KNOW OF ANY PERSON not a party to this proceeding who has physical custody or claims to have custody or visitation rights with respect to any child subject to this proceeding.
_ I KNOW THAT THE FOLLOWING NAMED PERSON(S) not a party to this proceeding has (have) physical custody or claim(s) to have custody or visitation rights with respect to any child subject to this proceeding:
[[Image here]]
*123 5. Knowledge of prior child support proceedings:
[/ one only]
_ The children) described in this affidavit are NOT subject to existing child support order(s) in this or any state or territory.
_ The children) described in this affidavit are subject to the following existing child support order(s):
a. Name of each child: ___
b. Type of proceeding: -
c. Court and address: -:-
d. Date of court order/judgment (if any): -
e. Amount of child support paid and by whom: -
6. I acknowledge that I have a continuing duty to advise this Court of any custody, visitation, child support, or guardianship proceeding (including dissolution of marriage, separate maintenance, child neglect, or dependency) concerning the child(ren) in this state or any other state about which information is obtained during this proceeding.
I certify that a copy of this document was [/ one only] ( ) mailed ( ) faxed and mailed ( ) hand delivered to the person(s) listed below on {date}-
[[Image here]]
I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this affidavit and that the punishment for knowingly making a false statement includes fines and/or imprisonment.
[[Image here]]
STATE OF FLORIDA COUNTY OF_
Sworn to or affirmed and signed before me on by
NOTARY PUBLIC or DEPUTY CLERK
[Print, type, or stamp commissioned name of notary or clerk.]
Personally known
Produced identification Type of identification produced_
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW: [ fill in all blanks]
*124 I, {full legal name and trade name of nonlawyer} _ a nonlawyer, located at {street} _, {city} _ {state} -, {phone} _, helped {name} _ who is the [/ one only]_petitioner or_respondent, fill out this form.
INSTRUCTIONS FOR FLORIDA FAMILY LAW RULES OF PROCEDURE FORM 12.902(e), CHILD SUPPORT GUIDELINES WORKSHEET
When should this form be used?
You should complete this worksheet if child support is being requested in your case. If you know the income of the other party, this worksheet should accompany your financial affidavit. If you do not know the other party’s income, this form must be completed after the other party files his or her financial affidavit, and serves a copy on you.
This form should be typed or printed in black ink. After completing this form, you should sign the form before a notary public or deputy clerk. You should then file the original with the clerk of the circuit court in the county where your case is filed and keep a copy for your records.
What should I do next?
A copy of this form must be mailed or hand delivered to the other party in your case, if it is not served on him or her with your initial papers.
Where can I look for more information?
Before proceeding, you should read “General Information for Self-Repre-
sented Litigants” found at the beginning of these forms. The words that are in “bold underline” in these instructions are defined there. For further information, see section 61.30, Florida Statutes
Special notes ...
If this is a domestic violence case and you want to keep your address confidential for safety reasons, do not enter the address, telephone, and fax information at the bottom of this form. Instead, file Petitioner’s Request for Confidential Filing of Address, Florida Supreme Court Approved Family Law Form 12.980(f).
The chart below contains the guideline amounts that you should use when calculating child support. This amount is based on the number of children and the combined income of the parents, and it is divided between the parents in direct proportion to their income or earning capacity. From time to time, some of the amounts in the child support guidelines chart will change.' Be sure you have the most recent version of the chart before using it.
Because the guidelines are based on monthly amounts, it may be necessary to convert some income and expense figures from other frequencies to monthly. You should do this as follows:
x 2 = Monthly amount If payment is twice per month Payment amount
= Yearly amount due = Monthly amount If payment is every two weeks Payment amount x 26 Yearly amount h- 12
If payment is weekly Weekly amount Yearly amount = Yearly amount due = Monthly amount + x
*125 If you or the other parent request that the court award an amount that is different than the guideline amount, you must also complete and attach a Motion to Deviate from Child Support Guidelines, Florida Supreme Court Approved Family Law Form 12.943.
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
CHILD SUPPORT GUIDELINES CHART
[[Image here]]
*126 [[Image here]]
*127 [[Image here]]
*128 [[Image here]]
FORM 12.902(e). CHILD SUPPORT GUIDELINES WORKSHEET
IN THE CIRCUIT COURT OF THE_JUDICIAL CIRCUIT, IN AND FOR_COUNTY, FLORIDA
Case No.: Division: .
Petitioner,
and
Respondent.
CHILD SUPPORT GUIDELINES WORKSHEET
I, {full legal name}_, certify that the following statements are true:
*129 [[Image here]]
*130 [[Image here]]
10. ADJUSTMENTS TO GUIDELINES AMOUNT. If you or the other parent are requesting the Court to award a child support amount that is more or less than the child support guidelines, you must complete and file Motion to Deviate from Child Support Guidelines, Florida Supreme Court Approved Family Law Form 12.943.
[/ one only]
_ a. Deviation from the guidelines amount is requested. The Motion to Deviate from Child Support Guidelines, Florida Supreme Court Approved Family Law Form 12.943, is attached.
_ b. Deviation from the guidelines amount is NOT requested. The Motion to Deviate from Child Support Guidelines, Florida Supreme Court Approved Family Law Form 12.943, is not attached.
I certify that a copy of this document was [/ one only] ( ) mailed ( ) faxed and mailed ( ) hand delivered to the person(s) listed below on {date}_
Other party or his/her attorney:
Name: _
Address: _
City, State, Zip: _
Fax Number: _
Date: _ _ Signature of Party
Printed Name:_
Address:_
City, State, Zip:_
Telephone Number: _
Fax Number: _
STATE OF FLORIDA COUNTY OF_
Sworn to or affirmed and signed before me on_by_
NOTARY PUBLIC or DEPUTY CLERK
[Print, type, or stamp commissioned name of notary or deputy clerk.]
_ Personally known
_ Produced identification
— Type of identification produced_
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW: [ fill in all blanks] I, {full legal name and trade name of nonlawyer}_, a nonlawyer, located at {street} _, {city} _, {state} _, {phone}_, helped {name}_, who is the [/ one only]_petitioner or_respondent, fill out this form.
*131 INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.902(f)(1), MARITAL SETTLEMENT AGREEMENT FOR DISSOLUTION OF MARRIAGE WITH DEPENDENT OR MINOR CHILD(REN)
When should this form be used?
This form should be used when a Petition for Dissolution of Marriage with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.901(b)(1), has been filed and the parties have reached an agreement on some or all of the issues at hand.
This form should be typed or printed in black ink. Both parties must sign the agreement and have their signatures witnessed by a notary public or deputy clerk. After completing this form, you should file the original with the clerk of the circuit court in the county where the petition was filed and keep a copy for your records. You should then refer to the instructions for your petition, answer, or answer and counterpetition concerning the procedures for setting a hearing or trial (final hearing).
Where can I look for more information?
Before proceeding, you should read “General Information for Self-Represented Litigants” found at the beginning of these forms. The words that are in “bold underline” in these instructions are defined there. For further information, see chapter 61,.Florida Statutes, and the instructions for the petition and/or answer that were filed in this case.
Special notes ...
With this form you must also file a Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e), if not already filed.
This form does not act to transfer title to the property. Such transfer must be done by deed or supplemental final judgment.
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900 (a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or-her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
FORM 12.902(f)(1). MARITAL SETTLEMENT AGREEMENT FOR DISSOLUTION OF MARRIAGE WITH DEPENDENT OR MINOR CHILD(REN)
IN THE CIRCUIT COURT OF THE_JUDICIAL CIRCUIT IN AND FOR_COUNTY, FLORIDA
Case No.: _ Division: _
Petitioner,
and
Respondent.
*132 MARITAL SETTLEMENT AGREEMENT FOR DISSOLUTION OF MARRIAGE WITH DEPENDENT OR MINOR CHILD(REN)
We, {Husband’s full legal name} _, and {Wife’s full legal name} _, being sworn, certify that the following statements are true:
1. We were married to each other on {date}_
2. Because of irreconcilable differences in our marriage (no chance of staying together), we have made this agreement to settle once and for all what we owe to each other and what we can expect to receive from each other. Each of us states that nothing has been held back, that we have honestly included everything we could think of in listing our assets (everything we own and that is owed to us) and our debts (everything we owe), and that we believe the other has been open and honest in writing this agreement.
3. We have both filed a Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c). Because we have voluntarily made full and fair disclosure to each other of all our assets and debts, we waive any further disclosure under rule 12.285, Florida Family Law Rules of Procedure.
4. Each of us agrees to execute and exchange any papers that might be needed to complete this agreement, including deeds, title certificates, etc.
SECTION I. MARITAL ASSETS AND LIABILITIES
A. Division of Assets. We divide our assets (everything we own and that is owed to us) as follows:
Any personal item(s) not listed below is the property of the party currently in possession of the item(s).
1. Wife shall receive as her own and Husband shall have no further rights or responsibilities regarding these assets:_
[[Image here]]
*133 [[Image here]]
2. Husband shall receive as his own and Wife shall have no further rights or responsibilities regarding these assets:
ASSETS: DESCRIPTION OF ITEM(S) WIFE SHALL RECEIVE (To avoid confusion at a later date, describe each item as clearly as
possible. You do not need to list account numbers. Current Fair
Where applicable, include whether the name on any Market Value
title/deed/account described below is wife’s, husband’s, or both.)_
[[Image here]]
*134 [[Image here]]
B. Division of Liabilities/Debts. We divide our liabilities (everything we owe) as follows:
1. Wife shall pay as her own the following and will not at any time ask Husband to pay these debts/bills:
LIABILITIES: DESCRIPTION OF DEBT(S) TO BE PAID BY WIFE
(To avoid confusion at a later date, describe each item as
[[Image here]]
*135 [[Image here]]
2. Husband shall pay as his own the following and will not at any time ask Wife to pay these debts/bills:
LIABILITIES: DESCRIPTION OF DEBT(S) TO BE PAID BY HUSBAND
(To avoid confusion at a later date, describe each item as clearly as possible. You do not need to list account Monthly Current numbers. Where applicable, include whether the name on Payment Amount any mortgage note, or account described below is wife’s, Owed husband’s, or both.)
[[Image here]]
*136 [[Image here]]
SECTION II. SPOUSAL SUPPORT (ALIMONY) (If you have not agreed on this matter, write “n/a” on the lines provided.)
[/ one only]
— 1. Each of us forever gives up any right to spousal support (alimony) that we may have.
— 2. ( )HUSBAND ( )WIFE agrees to pay spousal support (alimony) in the amount of $-every ( )week ( )other week ( )month, beginning {date}_and continuing until {date or event}_ Explain type of alimony (temporary, permanent, rehabilitative, and/or lump sum) and any other specifics: _ [/ if applies] ( )Life insurance in the amount of $_to secure the above support. will be provided by the obligor.
SECTION III. CHILD CUSTODY, PARENTAL RESPONSIBILITY, AND VISITATION (If you have not reached an agreement on any of these issues, write “n/a” on the lines provided. The Court reserves the right to modify any agreement(s) concerning the minor children).)
1.The parties’ minor child(ren) are:
Name Birth date
2.Parental responsibility for the minor children) will be: _ a. shared {explain any exceptions} _ b. sole to ( )Father ( )Mother {explain reasons}
3. The primary residential parent will be ( )Father ( )Mother and the other parent will be the secondary residential parent OR the primary residential parent will be ( )undesignated ( Rotating.
4. Secondary Residential Responsibility, Visitation, or Time Sharing will be as follows:
*137 [[Image here]]
5. Neither parent shall take the children) from the custody of the other parent or any child care provider or other person entrusted by the other parent with the care of the children) without the agreement of the other party during the other party’s time of parental responsibility or visitation.
SECTION IV. CHILD SUPPORT
1. ( )Mother ( )Father will pay child support, under Florida’s child support guidelines, section 61.30, Florida Statutes, to the primary residential or sole parent named above. Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e), is completed and attached. This parent shall be obligated to pay child support in the amount of $_, every ( )week ( )other week { )month, beginning {date}_and continuing until modified by court order, the youngest child turns 18, becomes emancipated, marries, dies, otherwise becomes self-supporting or, if after the age of 18, until {date}-If the child support amount above deviates from the guidelines by 5% or more, explain the reason(s) here: -
2. Child Support Arrearage. There currently is a child support arrearage of $-for retroactive child support and/or $_for previously ordered unpaid child support.
*138 The total of $_in child support arrearage shall be repaid at the rate of $_ every ( )week ( )other week ( )month, beginning {date}_, until paid in full including statutory interest.
3.Health Insurance. ( )Mother ( )Father will maintain health insurance coverage for the parties’ minor children). The party providing coverage will provide insurance cards to the other party showing coverage. OR ( )Healthinsurance is not reasonably available at this time. Any uninsured/ unreimbursed medical costs for the minor child(ren) shall be assessed as follows:
_ a. Shared equally by both parents. _ b. Prorated according to the child support guideline percentages. _ c. Other {explain}: _ As to these uninsured/unreimbursed medical expenses, the party who incurs the expense shall submit a request for reimbursement to the other party within 30 days, and the other party, within 30 days of receipt, shall submit the applicable reimbursement for that expense, according to the schedule of reimbursement set out in this paragraph.
4.Dental Insurance. ( )Mother ( )Father will maintain ( )dental insurance coverage for the parties’ minor' children). The party providing coverage will provide insurance cards to the other party showing coverage. OR ( )dental insurance is not reasonably available at this time. Any uninsured/ unreimbursed dental costs for the minor child(ren) shall be assessed as follows:
_ a. Shared equally by both parents.
— b. Prorated according to the child support guideline percentages.
_ c. Other {explain}:_ As to these umnsured/unreimbursed dental expenses, the party who incurs the expense shall submit a request for reimbursement to the other party within 30 days, and the other party, within 30 days of receipt, shall submit the applicable reimbursement for that expense, according to the schedule of reimbursement set out in this paragraph.
5. Life Insurance. ( )Mother ( )Father shall be required to maintain life insurance coverage for the benefit of the parties’ minor children) in the amount of $_until the youngest child turns 18, becomes emancipated, marries, dies, or otherwise becomes self-supporting.
6. IRS Income Tax Deduction(s). The parent granted primary residential responsibility or sole parental responsibility of the parties’ minor child(ren) shall have the benefit of any tax deductions for the child(ren) or as follows: {explain} _ The other parent will convey any applicable IRS form regarding the income tax deduction.
7.Other provisions relating to child support (e.g., uninsured medical/dental expenses, insurance coverage, life insurance to secure child support, orthodontic payments, college fund, etc.): _______
SECTION Y. OTHER
*139 [[Image here]]
SECTION VI. We have not agreed on the following issues:
[[Image here]]
I certify that I have been open and honest in entering into this settlement agreement. I am satisfied with this agreement and intend to be bound by it.
[[Image here]]
STATE OF FLORIDA COUNTY OF_
Sworn to or affirmed and signed before me on-by
NOTARY PUBLIC or DEPUTY CLERK
[Print, type, or stamp commissioned name of notary or clerk.]
_ Personally known
_ Produced identification
Type of identification produced-
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW: [ fill in all blanks] I, {full legal name and trade name of nonlawyer} -, a nonlawyer, located at {street} -, {city} -, {state} _, {phone} _, helped {Husband’s name} -, who is the [/ one only]_petitioner or_respondent, fill out this form.
I certify that I have been open and honest in entering into this settlement agreement. I am satisfied with this agreement and intend to be bound by it.
Dated: Signature of Wife
Printed Name:_
Address: _
City, State, Zip:_
Telephone Number: _ Fax Number:_
*140 STATE OF FLORIDA COUNTY OF _
Sworn to or affirmed and signed before me on_by
NOTARY PUBLIC or DEPUTY CLERK
[Print, type, or stamp commissioned name of notary or clerk.]
_ Personally known
___ Produced identification
Type of identification produced_
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW: [ fill in all blanks] I, {full legal name and trade name of nonlauryer} _, a nonlawyer, located at {street} _, {city} _, {state} _, {phone} _, helped {Wife’s name} _, who is the [/ one only]_petitioner or_respondent, fill out this form.
INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.902(f)(2), MARITAL SETTLEMENT AGREEMENT FOR DISSOLUTION OF MARRIAGE WITH PROPERTY BUT NO DEPENDENT OR MINOR CHILD(REN)
When should this form be used?
This form should be used when a Petition for Dissolution of Marriage with Property but no Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.901(b)(2), has been filed and the parties have reached an agreement on some or all of the issues at hand.
This form should be typed or printed in black ink. Both parties must sign the agreement and have their signatures witnessed by a notary public or deputy clerk. After completing this form, you should file the original with the clerk of the circuit court in the county where the petition was filed and keep a copy for your records.
You should then refer to the instructions for your petition, answer, or answer and counterpetition concerning the procedures for setting a hearing or trial (final hearing).
Where can I look for more information?
Before proceeding, you should read “General Information for Self-Represented Litigants” found at the beginning of these forms. The words that are in “bold underline” in these instructions are defined there. For further information, see chapter 61, Florida Statutes, and the instructions for the petition and/or answer that were filed in this case.
Special notes ...
This form does not act to transfer title to the property. Such transfer must be done by deed or supplemental final judgment.
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law *141 Rules of Procedure Form 12.900 (a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete,
FORM 12.902(f)(2). MARITAL SETTLEMENT AGREEMENT FOR DISSOLUTION OF MARRIAGE WITH PROPERTY BUT NO DEPENDENT OR MINOR CHILD(REN)
IN THE CIRCUIT COURT OF THE_JUDICIAL CIRCUIT, IN AND FOR_COUNTY, FLORIDA
Case No.: _ Division: _
Petitioner,
and
Respondent.
MARITAL SETTLEMENT AGREEMENT FOR DISSOLUTION OF MARRIAGE WITH PROPERTY BUT NO DEPENDENT OR MINOR CHILD(REN)
We, {Husband’s full legal name} -, and {Wife’s full legal name} -- being sworn, certify that the following statements are true:
1. We were married to each other on {date}-
2. Because of irreconcilable differences in our marriage (no chance of staying together), we have made this agreement to settle once and for all what we owe to each other and what we can expect to receive from each other. Each of us states that nothing has been held back, that we have honestly included everything we could think of in listing our assets (everything we own and that is owed to us) and our debts (everything we owe), and that we believe the other has been open and honest in writing this agreement.
3. We have both filed a Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c). Because we have voluntarily made full and fair disclosure to each other of all our assets and debts, we waive any further disclosure under rule 12.285, Florida Family Law Rules of Procedure.
4. Each of us agrees to execute and exchange any papers that might be needed to complete this agreement, including deeds, title certificates, etc.
SECTION I. MARITAL ASSETS AND LIABILITIES
A. Division of Assets. We divide our assets (everything we own and that is owed to us) as follows: Any personal item(s) not listed below is the property of the party currently in possession of the item(s).
1. Wife shall receive as her own and Husband shall have no further rights or responsibilities regarding these assets:
ASSETS: DESCRIPTION OF ITEM(S) WIFE SHALL RECEIVE Current Fair
Market Value
(To avoid confusion at a later date, describe each item as clearly as possible. You do not need to list account numbers. Where applicable,
*142 [[Image here]]
*143 [[Image here]]
2. Husband shall receive as his own and Wife shall have no further rights or responsibilities regarding these assets:
ASSETS: DESCRIPTION OF ITEM(S) HUSBAND SHALL RECEIVE Current Fair Market Value
(To avoid confusion at a later date, describe each item as clearly as possible. You do not need to list account numbers. Where applicable, include whether the name on any title/deed/account described below is wife’s, husband’s or both.)
[[Image here]]
*144 [[Image here]]
B. Division of Liabilities/Debts. We divide our liabilities (everything we owe) as follows:
1. Wife shall pay as her own the following and will not at any time ask Husband to pay these debts/bills:
LIABILITIES: DESCRIPTION OF DEBT(S) TO BE PAID BY WIFE (To avoid confusion at a later date, describe each item as clearly as possible. You do not need to list account numbers. Where Current applicable, include whether the name on any mortgage, note, or Monthly Amount account described below is wife’s, husband’s, or both.) Payment Owed
[[Image here]]
*145 [[Image here]]
2. Husband shall pay as his own the following and will not at any time ask Wife to pay these debts/bills:.
LIABILITIES: DESCRIPTION OF DEBT(S) TO BE PAID BY HUSBAND (To avoid confusion at a later date, describe each item as clearly as possible. You do not need to list account numbers. Where Current applicable, include whether the name on any mortgage, note, or Monthly Amount account described below is wife’s, husband’s, or both.) Payment Owed
[[Image here]]
*146 [[Image here]]
[[Image here]]
SECTION II. SPOUSAL SUPPORT (ALIMONY) (If you have not agreed on this matter, write “n/a” on the lines provided.)
[/ one only]
- 1. Each of us forever gives up any right to spousal support (alimony) that we may have.
[[Image here]]
SECTION III. OTHER
[[Image here]]
SECTION IV. We have not agreed on the following issues:
[[Image here]]
I certify that I have been open and honest in entering into this settlement agreement. I am satisfied with this agreement and intend to be bound by it.
Dated:_ _
Signature of Husband
Printed Name:_
Address:_
City, State, Zip:_
Telephone Number: _
Pax Number:_
STATE OF FLORIDA
*147 COUNTY OF_
Sworn to or affirmed and signed before me on-by
NOTARY PUBLIC or DEPUTY CLERK
[Print, type, or stamp commissioned name of notary or clerk.]
_ Personally known
_ Produced identification
Type of identification produced_
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW: [ fill in all blanks] I, {full legal name and trade name of nonlawyer} -, a nonlawyer, located at {street} -, {city} -, {state} _, {phone} _, helped {Husband’s name} _, who is the [/ one only]_petitioner or-respondent, fill out this form.
I certify that I have been open and honest in entering into this settlement agreement. I am satisfied with this agreement and intend to be bound by it.
[[Image here]]
STATE OF FLORIDA COUNTY OF_
Sworn to or affirmed and signed before me on-by
NOTARY PUBLIC or DEPUTY CLERK
[Print, type, or stamp commissioned name of notary or clerk.]
_ Personally known
_ Produced identification
Type of identification produced-
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW: [ fill in all blanks] I, {full legal name and trade name of nonlawyer} -- a nonlawyer, located at {street} -, {city} -, {state} _, {phone} _, helped {Wife’s name} -, who is the [/ one only]_petitioner or_respondent, fill out this form.
*148 INSTRUCTIONS FOR FLORIDA FAMILY LAW RULES OF PROCEDURE FORM 12.902(f)(3), MARITAL SETTLEMENT AGREEMENT FOR SIMPLIFIED DISSOLUTION OF MARRIAGE
When should this form be used?
This form should be used when a Petition for Simplified Dissolution of Marriage, Florida Family Law Rules of Procedure Form 12.901(a), has been filed and the parties have reached an agreement on all of the issues at hand.
This form should be typed or printed in black ink. Both parties must sign the agreement and have their signatures witnessed by a notary public or deputy clerk. After completing this form, you should file the original with the clerk of the circuit court in the county where the petition was filed and keep a copy for your records. You should then refer to the instructions for your petition, answer, or answer and counterpetition concerning the procedures for setting a hearing or trial (final hearing).
Where can I look for more information?
Before proceeding, you should read “General Information for Self-Represented Litigants” found at the beginning of these forms. For further information, see chapter 61, Florida Statutes, and the instructions for the petition which was filed in this case.
Special notes ...
This form does not act to transfer title to the property. Such transfer must be done by deed or supplemental final judgment.
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law
Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
FORM 12.902(f)(3). MARITAL SETTLEMENT AGREEMENT FOR SIMPLIFIED DISSOLUTION OF MARRIAGE
IN THE CIRCUIT COURT OF THE_JUDICIAL CIRCUIT, IN AND FOR_COUNTY, FLORIDA
Case No.: _ Division: _
Petitioner,
and
Respondent.
MARITAL SETTLEMENT AGREEMENT FOR SIMPLIFIED DISSOLUTION OF MARRIAGE
We, {Husband’s full legal name} _ and {Wife’s full legal name} _ being sworn, certify that the following statements are true:
*149 1. We were married to each other on {date}-
2. Because of irreconcilable differences in our marriage (no chance of staying together), we have made this agreement to settle once and for all what we owe to each other and what we can expect to receive from each other. Each of us states that nothing has been held back, that we have honestly included everything we could think of in listing our assets (everything we own and that is owed to us) and our debts (everything we owe), and that we believe the other has been open and honest in writing this agreement.
3. We have both filed a Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c). Because we have voluntarily made full and fair disclosure to each other of all our assets and debts, we waive any further disclosure under rule 12.285, Florida Family Law Rules of Procedure.
4. Each of us agrees to execute and exchange any papers that might be needed to complete this agreement, including deeds, title certificates, etc.
SECTION I. MARITAL ASSETS AND LIABILITIES
A. Division of Assets. We divide our assets (everything we own and that is owed to us) as follows: Any personal item(s) not listed below is the property of the party currently in possession of the item(s).
1. Wife shall receive as her own and Husband shall have no further rights or responsibilities regarding these assets:
ASSETS: DESCRIPTION OF ITEM(S) WIFE SHALL RECEIVE Current Fair (To avoid confusion at a later date, describe each item as clearly as possible. Market Value You do not need to list account numbers. Where applicable, include whether the name on any title/deed/account described below is wife’s, husband’s, or both.)
[[Image here]]
*150 [[Image here]]
2. Husband shall receive as his own and Wife shall have no further rights or responsibilities regarding these assets:
ASSETS: DESCRIPTION OF ITEM(S) HUSBAND SHALL RECEIVE Current Fair (To avoid confusion at a later date, describe each item as clearly as possible. Market Value You do not need to list account numbers. Where applicable, include whether the name on any title/deed/account described
[[Image here]]
*151 [[Image here]]
*152 [[Image here]]
*153 [[Image here]]
SECTION II. SPOUSAL SUPPORT (ALIMONY). Each of us forever gives up any right to spousal support (alimony) that we may have.
SECTION III. OTHER
I certify that I have been open and honest in entering into this settlement agreement. I am satisfied with this agreement and intend to be bound by it. Dated: _ _
*154 [[Image here]]
STATE OF FLORIDA COUNTY OF_
Sworn to or affirmed and signed before me on_by
NOTARY PUBLIC or DEPUTY CLERK
[Print, type, or stamp commissioned name of notary or deputy clerk.]
_ Personally known
_ Produced identification
Type of identification produced_
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW: [ fill in all blanks] I, {full legal name and trade name of nonlawyer} _, a nonlawyer, located at {street} _, {city} _, {state} _:_, {phone} _, helped {Husband’s name} _, who is the [/ one only]_petitioner or_respondent, fill out this form.
I certify that I have been open and honest in entering into this settlement agreement. I am satisfied with this agreement and intend to be bound by it.
[[Image here]]
STATE OF FLORIDA COUNTY OF_
Sworn to or affirmed and signed before me on_by_
NOTARY PUBLIC or DEPUTY CLERK
[Print, type, or stamp commissioned name of notary or deputy clerk.]
_ Personally known
_ Produced identification
Type of identification produced_
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW: [ fill in all blanks] I, {full legal name and trade name of nonlawyer} _, a nonlawyer, located at {street} _, {city} _, {state} -, {phone} _:_, helped {Wife’s name} _, who is the [/ one only]_petitioner or_respondent, fill out this form.
*155 INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.902®, AFFIDAVIT OF CORROBORATING WITNESS
When should this form be used?
This form may be used to prove residency in a dissolution of marriage proceeding. To get a divorce in Florida, either the husband or the wife must have lived in Florida for at least 6 months before filing the petition. Residency may be proved by a valid Florida driver’s license, Florida identification card, or voter’s registration card (issue date of document must be at least 6 months before the date the case is actually filed with the clerk of the circuit court), or the testimony or affidavit of someone other than you or your spouse. This form is used to prove residency by affidavit. The person signing this form must know that you have lived in the State of Florida for at least 6 months before the date you signed your petition for dissolution of marriage.
This form should be typed or printed in black ink, and signed in the presence of a notary public or deputy clerk. After completing this form, you should file the original with the clerk of the circuit court in the county where the petition was filed and keep a copy for your records.
What should I do next?
A copy of this form must be mailed or hand delivered to the other party in your case, if it is not served on him or her with your initial papers.
Where can I look for more information?
Before proceeding, you should read “General Information for Self-Represented Litigants” found at the beginning of these forms. The words that are in “bold underline” in these instructions are defined there. For further information, see section 61.021, Florida Statutes or section 61.052(2), Florida Statutes.
Special notes ...
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900 (a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
FORM 12.902(i). AFFIDAVIT OF CORROBORATING WITNESS
IN THE CIRCUIT COURT OF THE_JUDICIAL CIRCUIT, IN AND FOR_COUNTY, FLORIDA
[[Image here]]
AFFIDAVIT OF CORROBORATING WITNESS
*156 I, {full legal name}_, being sworn, certify that the following statements are true: I am a resident of the State of Florida. I have known {name}_ since {approximate date}_, (more than 6 months before the date of filing the petition in this action) and know of my own personal knowledge that this person has resided in the State of Florida for at least 6 months before the date of this affidavit. I have attached a copy of my Florida driver’s license or Florida identification card to this affidavit.
I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this affidavit and that the punishment for knowingly making a false statement includes fines and/or imprisonment.
Dated: _ _
Signature of Corroborating Witness
Printed Name:_
Address: _
City, State, Zip:_
Telephone Number: _
STATE OF FLORIDA COUNTY OF_
Sworn to or affirmed and signed before me on_by_
NOTARY PUBLIC or DEPUTY CLERK
[Print, type, or stamp commissioned name of notary or clerk.]
_ Personally known
_ Produced identification
Type of identification produced_
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW: [ fill in all blanks]
I, {full legal name and trade name of nonlawyer} _, a nonlawyer, located at {street} _, {city} _, {state} -, {phone} _, helped {name} _, [/ one only]_petitioner or_respondent, fill out this form.
INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.902®, NOTICE OF SOCIAL SECURITY NUMBER
When should this form be used?
This form must be completed and filed by each party in all paternity, child support, and dissolution of marriage cases, regardless of whether the case involves a minor children) and/or property.
This form should be typed or printed in black ink. After completing this form, you should file the original with the clerk of the circuit court in the county where your case was filed and keep a copy for your records.
What should I do next?
A copy of this form must be mailed or hand delivered to the other party in your case, if it is not served on him or her with your initial papers.
Where can I look for more information?
Before proceeding, you should read “General Information for Self-Represented Litigants” found at the begin *157 ning of these forms. The words that are in “bold underline” in these instructions are defined there. For further information, see sections 61.052 and 61.13, Florida Statutes.
Special notes ...
If this is a domestic violence case and you want to keep your address confidential for safety reasons, do not enter the address, telephone, and fax information at the bottom of this form. Instead, file Petitioner’s Request for Confidential Filing of Address, Florida Supreme Court Approved Family Law Form 12.980®.
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900 (a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
FORM 12.902(3)- NOTICE OF SOCIAL SECURITY NUMBER
IN THE CIRCUIT COURT OF THE_JUDICIAL CIRCUIT, IN AND FOR_COUNTY, FLORIDA
[[Image here]]
NOTICE OF SOCIAL SECURITY NUMBER
I, {full legal name}_, certify that my social security number is-, as required in section 61.052(7), sections 61.13(9) or (10), section 742.031(3), sections 742.032(l)-(3), and/or sections 742.10(l)-(2), Florida Statutes. My date of birth is-
[/ one only]
_ 1. This notice is being filed in a dissolution of marriage case in which the parties have no minor children in common.
_ 2. This notice is being filed in a paternity or child support case, or in a dissolution of marriage in which the parties have minor children in common. The minor child(ren)’s name(s), date(s) of birth, and social security number(s) is/are:
[[Image here]]

{Attach additional pages if necessary.}

*158 Disclosure of social security numbers shall be limited to the purpose of administration of the Title IV-D program for child support enforcement.
I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this notice and that the punishment for knowingly making a false statement includes fines and/or imprisonment.
Dated: _ _
Signature
Printed Name: _
Address: _
City, State, Zip: _
Telephone Number: _
Pax Number: _
STATE OF FLORIDA COUNTY OF _
Sworn to or affirmed and signed before me on_by_
NOTARY PUBLIC or DEPUTY CLERK
[Print, type, or stamp commissioned name of notary or clerk]
_ Personally known
_ Produced identification
Type of identification produced_
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW: [ fill in all blanks]
I, {full legal name and trade name of nonlawyer} _, a nonlawyer, located at {street} _, {city} _, {state} _, {phone} _, who is the [/ one only]_petitioner or_ helped {name} _, _ respondent, fill out this form.
INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.903(a), ANSWER, WAIVER, AND REQUEST FOR COPY OF FINAL JUDGMENT OF DISSOLUTION OF MARRIAGE
When should this form be used?
This form should be used when you have been served with a petition for dissolution of marriage and you do not wish to contest it or appear at a hearing. If you file this form, you are admitting all of the allegations in the petition, saying that you do not need to be notified of or appear at the final hearing, and that you would like a copy of the final judgment mailed to you.
This form should be typed or printed in black ink, and your signature should be witnessed by a notary public or deputy clerk. After completing this form, you should sign the form before a notary public. You should file the original with the clerk of the circuit court in the county where the petition was filed and keep a copy for your records.
What should I do next?
You have 20 days to answer after being served with the other party’s petition. A copy of this form, along with all of the other forms required with this answer and waiver, must be mailed or hand delivered to the other party in your case.
*159 Where can I look for more information?
Before proceeding, you should read “General Information for Self-Represented Litigants” found at the beginning of these forms. The words that are in “bold underline” in these instructions are defined there.
Special notes ...
With this form, you must also file the following:
• Uniform Child Custody Jurisdiction Act (UCCJA) Affidavit, Florida Supreme Court Approved Family Law Form 12.902(d), if the case involves a dependent or minor child(ren).
• Child Support Guidelines Worksheet,
Florida Family Law Rules of Procedure Form 12.902(e), if the case involves a dependent or minor children). (If you do not know the other party’s income, you may file this worksheet after his or her financial affidavit has been served on you).
• Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.902(f)(1), or Marital Settlement Agreement for Dissolution of Marriage with No Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.902(f)(2), if you have reached an agreement on any or all of the issues.
• Notice of Social Security Number,
Florida Supreme Court Approved Family Law Form 12.902(j).
• Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c). (This must be filed within 45 days of service of the petition on you, if not filed at the time you file this answer.)
• Certificate of Compliance with Mandatory Disclosure, Florida Family Law Rules of Procedure Form 12.932. (This must be filed within 45 days of service of the petition on you, if not filed at the time you file this answer, unless you and the other party have agreed not to exchange these documents.)
Child Custody ... By filing this answer and waiver, you are agreeing to any child custody requests in the petition. The judge may request a parenting evaluation or appoint a guardian ad litem in your case. This means that a neutral person will review your situation and report to the judge concerning parenting issues. The purpose of such intervention is to be sure that the best interests of the child(ren) is (are) being served. For more information, you may consult section 61.13, Florida Statutes.
Some circuits may require the completion of a parenting course before a final hearing may be set. You should contact‘the clerk, family law intake staff, or judicial assistant about requirements for parenting courses where you live.
Listed below are some terms with which you should become familiar before completing your answer to the petition. If you do not fully understand any of the terms below or their implications, you should speak with an attorney before going any further.
• Shared Parental Responsibility
• Sole Parental Responsibility
• Rotating Custody
• Primary Residential Responsibility
• Secondary Residential Responsibility
• Reasonable visitation
• Specified visitation
• Supervised visitation
• No contact
*160 Child Support ... By filing this answer and waiver, you are agreeing to any child support requests in the petition. The court may order one parent to pay child support to assist the other parent in meeting the child(ren)’s material needs. Both parents are required to provide financial support, but one parent may be ordered to pay a portion of his or her support for the child(ren) to the other parent. Florida has adopted guidelines for determining the amount of child support to be paid. These guidelines are based on the combined income of both parents and take into account the financial contributions of both parents. You must file a Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c), and your spouse will be required to do the same. From your financial affidavits, you should be able to calculate the amount of child support that should be paid using the Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e). Because the child support guidelines take several factors into consideration, change over time, and vary from state to state, your child support obligation may be more or less than that of other people in seemingly similar situations.
Alimony ... By filing this answer and waiver, you are agreeing to any alimony requests in the petition. Alimony may be awarded to a spouse if the judge finds that he or she needs it and that the other spouse has the ability to pay it. If you want alimony, you must request it in writing in a counterpetition and should not use this form. If you do not request alimony in writing before the final hearing, it is waived (you may not request it later). You may request either permanent alimony, lump sum alimony, or rehabilitative alimony.
Marital/Nonmarital Assets and Liabilities ... Florida law requires an equitable distribution of marital assets and marital liabilities. “Equitable” does not necessarily mean “equal.” Many factors, including child support, custody, and alimony awards, may lead the court to make an unequal (but still equitable) distribution of assets and liabilities. Nonmarital assets and nonmarital liabilities are those assets and liabilities which the parties agree or the court determines belong to, or are the responsibility of, only one of the parties. By filing this answer and waiver, you are agreeing to any requests in the petition regarding division of assets and liabilities.
Final Judgment ... You should receive a copy of the Final Judgment in the mail. If, for some reason you do not, you should call the clerk’s office to request a copy. It is important for you to review a copy of the Final Judgment in your case to see what happened and to know what you must do and what you are entitled to receive.
Nonlawyer ... Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900 (a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
FORM 12.903(a). ANSWER, WAIVER, AND REQUEST FOR COPY OF FINAL JUDGMENT OF DISSOLUTION OF MARRIAGE
IN THE CIRCUIT COURT OF THE_JUDICIAL CIRCUIT, IN AND FOR_COUNTY, FLORIDA
*161 [[Image here]]
ANSWER, WAIVER, AND REQUEST FOR COPY OF FINAL JUDGMENT OF DISSOLUTION OF MARRIAGE
I,{full legal name} _, Respondent, being sworn, certify that the following information is true:
1. Respondent answers the Petition for Dissolution of Marriage filed in this action and admits all the allegations. By admitting all of the allegations in the petition, respondent agrees to all relief requested in the petition including any requests regarding child custody and visitation, child support, alimony, distribution of marital assets and liabilities, and temporary relief.
2. Respondent waives notice of hearing as well as all future notices in connection with the Petition for Dissolution of Marriage, as filed. Respondent also waives appearance at the final hearing.
3. Respondent requests that a copy of the Final Judgment of Dissolution of Marriage entered in this case be forwarded to Respondent at the address below.
4. If this case involves minor child(ren), a completed Uniform Child Custody Jurisdiction Act (UCCJA) Affidavit, Florida Supreme Court Approved Family Law Form 12.902(d), is filed with this answer.
5. A completed Notice of Social Security Number, Florida Supreme Court Approved Family Law Form 12.902(j), is filed with this answer.
6. A completed Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c), is filed with this answer.
I certify that a copy of this document was [/ one only] ( ) mailed ( ) faxed and mailed ( ) hand delivered to the person(s) listed below on {date}-
Other party or his/her attorney:
Name: -
Address: -
City, State, Zip: -
Fax Number: _
I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this answer and waiver and that the punishment for knowingly making a false statement includes fines and/or imprisonment.
Dated: - -
Signature of Respondent
Printed Name: -
Address:-
City, State, Zip: -
Telephone Number: -
*162 [[Image here]]
_ Personally known
_ Produced identification
Type of identification produced_
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW: [ fill in all blanks]
I, {full legal name and trade name of nonlawyer} _, a nonlawyer, located at {sfreei} _, {city} _, {state} -, {phone} _, helped {name}_, who is the respondent, fill out this form.
INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.903(b), ANSWER TO PETITION FOR DISSOLUTION OF MARRIAGE
When should this form be used?
This form should be used when you are responding to a petition for dissolution of marriage and you wish to admit or deny all of the allegations in the petition but you do not plan to file a counterpetition seeking relief. You can use this form to answer any petition for dissolution of marriage, whether or not there are minor child(ren). This form should be typed or printed in black ink. After completing this form, you should sign the form before a notary public or deputy clerk. You should file the original with the clerk of the circuit court in the county where the petition was filed and keep a copy for your records. This must be done within 20 days of receiving the petition.
What should I do next?
A copy of this form, along with all of the other forms required with this answer, must be mailed or hand delivered to the other party in your case. You have 20 days to answer after being served with the other party’s petition. After you file your answer, the case will generally proceed in one of the following two ways:
UNCONTESTED ... If you file an answer that agrees with everything in the other party’s petition and you have complied with mandatory disclosure and filed all of the required papers, either party may call the clerk, family law intake staff, or judicial assistant to set a final hearing. If you request the final hearing, you must notify the other party of the hearing by using a Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.
CONTESTED ... If you file an answer which disagrees with or denies anything in the petition, and you are unable to settle the disputed issues, either party may file a Notice for Trial, Florida Supreme Court Approved Family Law Form 12.924, after you have complied with mandatory disclosure and filed all of the required *163 papers. Some circuits may require the completion of mediation before a final hearing may be set. You should contact the clerk, family law intake staff, or judicial assistant for instructions on how to set your case for trial (final hearing).
Where can I look for more information?
Before proceeding, you should read “General Information for Self-Represented Litigants” found at the beginning of these forms. The words that are in “bold underline” in these instructions are defined there. See chapter 61, Florida Statutes, for more information.
Special notes ...
With this form, you must also file the following:
• Uniform Child Custody Jurisdiction Act (UCCJA) Affidavit, Florida Supreme Court Approved Family Law Form 12.902(d), if the case involves a dependent or minor children).
• Child Support Guidelines Worksheet,
Florida Family Law Rules of Procedure Form 12.902(e), if the case involves a dependent or minor child(ren). (If you do not know the other party’s income, you may file this worksheet after his or her financial affidavit has been served on you).
• Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.902(f)(1), or Marital Settlement Agreement for Dissolution of Marriage with Property but No Dependent or Minor Child(ren),
Florida Supreme Court Approved Family Law Form 12.902(f)(2), if you have reached an agreement on any or all of the issues.
• Notice of Social Security Number,
Florida Supreme Court Approved Family Law Form 12.902(j).
• Family Law Financial Affidavit,
Florida Family Law Rules of Procedure Form 12.902(b) or (c). (This must be filed within 45 days of service of the petition on you, if not filed at the time you file this answer.)
• Certificate of Compliance with Mandatory Disclosure, Florida Family Law Rules of Procedure Form 12.932. (This must be filed within 45 days of service of the petition on you, if not filed at the time you file this answer, unless you and the other party have agreed not to exchange these documents.)
Child Custody ... If you and your spouse are unable to agree about with whom the child(ren) will live most of the time, a judge will decide for you. The judge will decide the parenting arrangements based on the child(ren)’s best interests. Regardless of whether there is an agreement, the court reserves jurisdiction to modify issues relating to the minor child(ren).
The judge may request a parenting evaluation or appoint a guardian ad litem in your case. This means that a neutral person will review your situation and report to the judge concerning parenting issues. The purpose of such intervention is to be sure that the best interests of the child(ren) is (are) being served. For more information, you may consult section 61.13, Florida Statutes.
Some circuits may require the completion of a parenting course before a final hearing may be set. You should contact the clerk, family law intake staff, or judicial assistant about requirements for parenting courses where you live.
*164 Listed below are some terms with which you should become familiar before completing your answer to the petition. If you do not fully understand any of the terms below or their implications, you should speak with an attorney before going any further.
• Shared Parental Responsibility
• Sole Parental Responsibility
• Rotating Custody
• Primary Residential Responsibility
• Secondary Residential Responsibility
• Reasonable visitation
• Specified visitation
• Supervised visitation
• No contact
Child Support ... The court may order one parent to pay child support to assist the other parent in meeting the child(ren)’s material needs. Both parents are required to provide financial support, but one parent may be ordered to pay a portion of his or her support for the child(ren) to the other parent. If you are requesting custody or primary residential responsibility for one or more children, you should request child support in a counterpetition, Florida Supreme Court Approved Family Law Form 12.903(c)(1), and you cannot use this form. Florida has adopted guidelines for determining the amount of child support to be paid. These guidelines are based on the combined income of both parents and take into account the financial contributions of both parents. You must file a Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c), and your spouse will be required to do the same. From your financial affidavits, you should be able to calculate the amount of child support that should be paid using the Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e). Because the child support guidelines take several factors into consideration, change over time, and vary from state to state, your child support obligation may be more or less than that of other people in seemingly similar situations.
Alimony ... Alimony may be awarded to a spouse if the judge finds that he or she needs it and that the other spouse has the ability to pay it. If you want alimony, you must request it in writing in a counter-petition. Florida Supreme Court Approved Family Law Form 12.903(c)(1) (with dependent or minor child(ren)), or Florida Supreme Court Approved Family Law Form 12.903(c)(2) (no dependent or minor children)). If you do not request alimony in writing before the final hearing, it is waived (you may not request it later).
Marital/Nonmarital Assets and Liabilities ... Florida law requires an equitable distribution of marital assets and marital liabilities. “Equitable” does not necessarily mean “equal.” Many factors, including child support, custody, and alimony awards, may lead the court to make an unequal (but still equitable) distribution of assets and liabilities. Nonmarital assets and nonmarital liabilities are those assets and liabilities which the parties agree or the court determines belong to, or are the responsibility of, only one of the parties. If the parties agree or the court finds an asset or liability to be nonmarital, the judge will not consider it when distributing marital assets and liabilities.
Temporary Relief ... If you need temporary relief regarding temporary use of assets, temporary responsibility for liabilities, parental responsibility and visitation with child(ren), temporary child support, or temporary alimony, you may file a Motion for Temporary Support with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law *165 Form 12.947(a), or, if there are no dependent or minor child(ren), Motion for Temporary Support with No Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.947(c). For more information, see the instructions for these forms.
Marital Settlement Agreement ... If you and your spouse are able to reach an agreement on any or all of the issues, you should file a Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.902(f)(1), or Marital Settlement Agreement for Dissolution of Marriage with No Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.902(f)(2). Both parties must sign this agreement before a notary public or deputy clerk. Any issues on which you are unable to agree will be considered contested and settled by the judge at the final hearing.
Final Judgment Form ... These family law forms contain a Final Judgment of Dissolution of Marriage with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.990(c)(1), and Final Judgment of Dissolution of Marriage with Property but No Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.990(c)(2), which the judge may use if your case is contested. If you and your spouse reach an agreement on all of the issues, the judge may use Final Judgment of Dissolution of Marriage with Dependent or Minor Child(ren) (Uncontested), Florida Supreme Court Approved Family Law Form 12.990(b)(1), Final Judgment of Dissolution of Marriage with Property but No Dependent or Minor Child(ren) (Uncontested), Florida Supreme Court Approved Family Law Form 12.990(b)(2), or Final Judgment of Dissolution of Marriage with No Property and No Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.990(b)(3). You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring a final judgment with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties’ names, and leave the rest blank for the judge to complete at your hearing or trial.
Nonlawyer ... Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900 (a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
FORM 12.903(b). ANSWER TO PETITION FOR DISSOLUTION OF MARRIAGE
IN THE CIRCUIT COURT OF THE_JUDICIAL CIRCUIT, IN AND FOR_COUNTY, FLORIDA
[[Image here]]
*166 Respondent.
ANSWER TO PETITION FOR DISSOLUTION OF MARRIAGE
I,{full legal name} -, Respondent, being sworn, certify that the following information is true:
1. I agree with Petitioner as to the allegations raised in the following numbered paragraphs in the Petition and, therefore, admit those allegations: {indicate section and paragraph number} _' _
2.I disagree with Petitioner as to the allegations raised in the following numbered paragraphs in the Petition and, therefore, deny those allegations: {indicate section and paragraph number} _,_
3.I currently am unable to admit or deny the allegations raised in the following paragraphs due to lack of information: {indicate section and paragraph number} _
4. If this case involves a dependent or minor child(ren), a completed Uniform Child Custody Jurisdiction Act (UCCJA) Affidavit, Florida’ Supreme Court Approved Family Law Form 12.902(d), is filed with this answer.
5. If this case involves a dependent or minor children), a completed Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e), is [/ one only] ( ) filed with this answer or ( ) will be filed after the other party serves his or her financial affidavit.
6. A completed Notice of Social Security Number, Florida Supreme Court Approved Family Law Form 12.902(j), is filed with this answer.
7. A completed Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c), [/ one only] ( ) is filed with this answer or ( ) will be timely filed.
I certify that a copy of this document was [/ one only] ( ) mailed ( ) faxed and mailed ( ) hand delivered to the person(s) listed below on {date}_
Petitioner or his/her attorney:
Name: _
Address: _
City, State, Zip: _
Fax Number: _!_
I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this answer and that the punishment for knowingly making a false statement includes fines and/or imprisonment.
Dated: _ _
Signature of Respondent
Printed Name: _
Address:_
City, State, Zip: _
Telephone Number: _
Fax Number: _
*167 STATE OF FLORIDA COUNTY OF _
Sworn to or affirmed and signed before me on-by-
NOTARY PUBLIC or DEPUTY CLERK
[Print, type, or stamp commissioned name of notary or clerk.]
_ Personally known
_ Produced identification
Type of identification produced-
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW: [ fill in all blanks]
I, {full legal name and trade name of nonlawyer} -, a nonlawyer, located at {street} -, {city} -.-, {state} _, {phone} _, helped {name} -, who is the respondent, fill out this form.
INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.903(c)(1), ANSWER TO PETITION AND COUNTERPETITION FOR DISSOLUTION OF MARRIAGE WITH DEPENDENT OR MINOR CHILD(REN)
When should this form be used?
This form should be used when you are responding to a petition for dissolution of marriage with dependent or minor child(ren) and you are asking the court for something not contained in the petition. The answer portion of this form is used to admit or deny the allegations contained in the petition, and the counterpetition portion of this form is used to ask for whatever you want the court to do for you.
This form should be typed or printed in black ink. After completing this form, you should sign the form before a notary public or deputy clerk. You should file the original with the clerk of the circuit court in the county where the petition was filed and keep a copy for your records.
What should I do next?
You have 20 days to answer after being served with the other party’s petition. A copy of this form must be mailed or hand delivered to the other party. After you file an answer and counterpetition your case will then generally proceed as follows:
The other party is required to answer your counterpetition within 20 days using an Answer to Counterpetition, Florida Supreme Court Approved Family Law Form 12.903(d).
UNCONTESTED ... Your dissolution is uncontested if you and your spouse agree on all issues raised in the petition and the counterpetition. If this is the case, and you and the other party have complied with mandatory disclosure and filed all of the required papers, either party may call the clerk, family law intake staff, or judicial assistant to set a final hearing. If you request the hearing, you must notify the other party of the hearing by using a Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.
*168 CONTESTED ... Your dissolution is contested if you and your spouse disagree on any issues raised in the petition or counterpetition. If you are unable to settle the disputed issues, either party may file a Notice for Trial, Florida Supreme Court Approved Family Law Form 12.924, after you have complied with mandatory disclosure and filed all of the required papers. Some circuits may require the completion of mediation before a final hearing may be set. You should contact the clerk, family law intake staff, or judicial assistant for instructions on how to set your case for trial (final hearing).
Where can I look for more information?
Before proceeding, you should read “General Information for Self-Represented Litigants” found at the beginning of these forms. The words that are in “bold underline” in these instructions are defined there. For further information, see chapter 61, Florida Statutes.
Special notes ...
With this form, you must also file the following:
• Uniform Child Custody Jurisdiction Act (UCCJA) Affidavit, Florida Supreme Court Approved Family Law Form 12.902(d)
• Child Support Guidelines Worksheet,
Florida Family Law Rules of Procedure Form 12.902(e). (If you do not know the other party’s income, you may file this worksheet after his or her financial affidavit has been served on you.)
• Affidavit of Corroborating Witness,
Florida Supreme Court Approved Family Law Form 12.902(i) OR photocopy of current Florida driver’s license, Florida identification card, or voter’s registration card (issue date of copied document must be at least six months before date case is actually filed with the clerk of the circuit court).
• Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.902(f)(1), if you have reached an agreement on any or all of the issues.
• Notice of Social Security Number,
Florida Supreme Court Approved Family Law Form 12.902(j).
• Family Law Financial Affidavit,
Florida Family Law Rules of Procedure Form 12.902(b) or (c). (This must be filed within 45 days of service of the petition on you, if not filed at the time you file this answer.)
• Certificate of Compliance with Mandatory Disclosure, Florida Family Law Rules of Procedure Form 12.932. (This must be filed within 45 days of service of the petition on you, if not filed at the time you file this answer, unless you and the other party have agreed not to exchange these documents.)
Child Custody ... If you and your spouse are unable to agree about with whom the child(ren) will live most of the time, a judge will decide for you. The judge will decide the parenting arrangements based on the ehild(ren)’s best interests. Regardless of whether there is an agreement, the court reserves jurisdiction to modify issues relating to the minor child(ren).
The judge may request a parenting evaluation or appoint a guardian ad litem in your case. This means that a neutral person will review your situation and report to the judge concerning parenting issues. The purpose of such intervention is to be sure that the best interests of the child(ren) is *169 (are) being served. For more information, you may consult section 61.13, Florida Statutes.
Some circuits may require the completion of a parenting course before a final hearing may be set. You should contact the clerk, family law intake staff, or judicial assistant about requirements for parenting courses or mediation where you live.
Listed below are some terms with which you should become familiar before completing your petition. If you do not fully understand any of the terms below or their implications, you should speak with an attorney before going any further.
• Shared Parental Responsibility
• Sole Parental Responsibility
• Rotating Custody
• Primary Residential Responsibility
• Secondary Residential Responsibility
• Reasonable visitation
• Specified visitation
• Supervised visitation
• No contact
Child Support ... The court may order one parent to pay child support to assist the other parent in meeting the ehild(ren)’s material needs. Both parents are required to provide financial support, but one parent may be ordered to pay a portion of his or her support for the ehild(ren) to the other parent. If you are requesting custody or primary residential responsibility for one or more children, you should request child support in your counterpetition. Florida has adopted guidelines for determining the amount of child support to be paid. These guidelines are based on the combined income of both parents and take into account the financial contributions of both parents. You must file a Family Law Financial Affidavit,
Florida Family Law Rules of Procedure Form 12.902(b) or (c), and your spouse will be required to do the same. From your financial affidavits, you should be able to calculate the amount of child support that should be paid using the Child Support Guidelines Worksheet,
Florida Family Law Rules of Procedure Form 12.902(e). Because the child support guidelines take several factors into consideration, change over time, and vary from state to state, your child support obligation may be more or less than that of other people in seemingly similar situations.
Alimony ... Alimony may be awarded to a spouse if the judge finds that he or she needs it and that the other spouse has the ability to pay it. If you want alimony, you must request it in writing in your coun-terpetition. If you do not request alimony in writing before the final hearing, it is waived (you may not request it later). You may request either permanent alimony, lump sum alimony, or rehabilitative alimony.
Marital/Nonmarital Assets and Liabilities ... Florida law requires an equitable distribution of marital assets"and marital liabilities. “Equitable” does not necessarily mean “equal.”Many factors, including child support, custody, and alimony awards, may lead the court to make an unequal (but still equitable) distribution of assets and liabilities. Nonmarital assets and nonmarital liabilities are those assets and liabilities which the parties agree or the court determines belong to, or are the responsibility of, only one of the parties. If the parties agree or the court finds an asset or liability to be nonmarital, the judge will not consider it when distributing marital assets and Labilities.
Temporary Relief ... If you need temporary relief regarding temporary use of assets, temporary responsibility for liabilities, parental responsibility and visitation *170 with children), temporary child support, or temporary alimony, you may file a Motion for Temporary Support with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.947(a). For more information, see the instructions for that form.
Marital Settlement Agreement ... If you and your spouse are able to reach an agreement on any or all of the issues, you should file a Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.902(f)(1). Both parties must sign this agreement before a notary public or deputy clerk. Any issues on which you are unable to agree will be considered contested and settled by the judge at the final hearing.
Final Judgment Form ... These family law forms contain a Final Judgment of Dissolution of Marriage with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.990(c)(1), which the judge may use if your case, is contested. If you and your spouse reach an agreement on all of the issues, the judge may use a Final Judgment of Dissolution of Marriage with Dependent or Minor Child(ren) (Uncontested), Florida Supreme Court Approved Family Law Form 12.990(b)(1). You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring a final judgment with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties’ names, and leave the rest blank for the judge to complete at your hearing or trial.
Nonlawyer ... Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900 (a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
FORM 12.903(c)(1). ANSWER TO PETITION AND COUNTERPETITION FOR DISSOLUTION OF MARRIAGE WITH DEPENDENT OR MINOR CHILD(REN)
IN THE CIRCUIT COURT OF THE_JUDICIAL CIRCUIT, IN AND FOR_COUNTY, FLORIDA
[[Image here]]
ANSWER TO PETITION AND COUNTERPETITION FOR DISSOLUTION OF MARRIAGE WITH DEPENDENT OR MINOR CHILD(REN)
I, {full legal name}-, Respondent, being sworn, certify that the following information is true:
ANSWER TO PETITION
*171 1.I agree with Petitioner as to the allegations raised in the following numbered paragraphs in the Petition and, therefore, admit those allegations: {indicate section and paragraph number} -
2.I disagree with Petitioner as to the allegations raised in the following numbered paragraphs in the Petition and, therefore, deny those allegations: {indicate section and paragraph number} ___
3.I currently am unable to admit or deny the following paragraphs due to lack of information: {indicate section and paragraph number} -
COUNTERPETITION FOR DISSOLUTION OF MARRIAGE WITH MINOR CHILD(REN)
1. JURISDICTION/RESIDENCE
( ) Husband ( ) Wife ( ) Both has (have) lived in Florida for at least 6 months before the filing of this Petition for Dissolution of Marriage.
2. Petitioner [/ one only] ( ) is ( ) is not a member of the military service.
Respondent [/ one only] ( ) is ( ) is not a member of the military service.
3. MARRIAGE HISTORY
Date of marriage: {month, day, year}-
Place of marriage: {city, state, country} -
Date of separation: {month, day, year}-(□ / if approximate)
4. DEPENDENT OR MINOR CHILD(REN)
[/ all that apply]
_ a. The wife is pregnant. Baby is due on: {date}-
_ b. The minor (under 18) children) common to both parties are:
[[Image here]]
_ c. The minor children) born or conceived during the marriage who are not common to both parties are:
[[Image here]]
The birth father(s) of the above minor children) is (are) {name and address} -
_ d. The child(ren) common to both parties who are 18 or older but who are dependent upon the parties due to a mental or physical disability are:
[[Image here]]
5.A completed Uniform Child Custody Jurisdiction Act (UCCJA) Affidavit, Florida Supreme Court Approved Family Law Form 12.902(d), is filed with this eounterpetition. You must complete and attach this form in a dissolution of marriage with minor children).
*172 6. A completed Notice of Social Security Number, Florida Supreme Court Approved Family Law Form 12.902®, is filed with this counterpetition.
7. This counterpetition for dissolution of marriage should be granted because:
[/ one only]
_ a. The marriage is irretrievably broken.
_ b. One of the parties has been adjudged mentally incapacitated for a period of 3 years prior to the filing of this counterpetition. A copy of the Judgment of Incapacity is attached.
SECTION I. MARITAL ASSETS AND LIABILITIES
[/ one only]
_ 1. There are no marital assets or liabilities.
_ 2. There are marital assets or liabilities. All marital and nonmarital assets and liabilities are (or will be) listed in the financial affidavits, Florida Family Law Rules of Procedure Form 12.902(b) or (c), to be filed in this case.
[/ all that apply]
_ a. All marital assets and liabilities have been divided by a written agreement between the parties, which is attached to be incorporated into the final judgment of dissolution of marriage. (The parties may use Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Children), Florida Supreme Court Approved Family Law Form 12.902(f)(1)).
_ b. The Court should determine how the assets and liabilities of this marriage are to be distributed, under section 61.075, Florida Statutes.
[[Image here]]
SECTION II. SPOUSAL SUPPORT (ALIMONY)
[/ one only]
_ 1. Respondent forever gives up his/her right to spousal support (alimony) from Petitioner.
— 2. Respondent requests that the Court order Petitioner to pay the following spousal support (alimony) and claims that he or she has a need for the support that he or she is requesting and Petitioner has the ability to pay that support. Spousal support (alimony) is requested in the amount of $_every ( ) week ( ) other week ( ) month, beginning {date} - and continuing until {date or event}
[[Image here]]
[/ if applies] ( .) Respondent requests life insurance on Petitioner’s life, provided by Petitioner, to secure such support.
SECTION III. CHILD CUSTODY, PARENTAL RESPONSIBILITY, AND VISITATION
*173 1.The minor child(ren) currently reside(s) with ( ) Mother ( ) Father ( ) Other: {explain} ___
2.Parental Responsibility. It is in the child(ren)’s best interests that parental responsibility be:
[/ one only]
_ a. shared by both Father and Mother.
[[Image here]]
3.Primary Residential Parent (Custody). It is in the best interests of the children) that the primary residential parent be ( ) Father ( ) Mother ( ) undesignated ( ) rotating because: -
4.Visitation or Time Sharing. Respondent requests that the court order [/ all that apply]
_ a. no visitation.
_ b. limited visitation.
_ c. supervised visitation.
_ d. supervised or third-party exchange of child(ren).
_ e. visitation or time sharing as determined by the Court.
_ f. a visitation or time sharing schedule as follows:
[[Image here]]
Has the above visitation or time sharing schedule been agreed to by the parties?
( ) yes ( ) no
SECTION IV. CHILD SUPPORT
[/ all that apply]
_ 1. Respondent requests that the Court award child support as determined by Florida’s child support guidelines, section 61.30, Florida Statutes. A completed Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e), is, or will be filed. Such support should be ordered retroactive to:
_ a. the date of separation {date}-
_ b. the date of the filing of this petition.
_ c. other {date} _ {explain} -
_ 2. Respondent requests that the- Court award child support to be paid beyond the age of 18 years because:
*174 _ a. the following child(ren) {name(s)} _!_ is (are) dependent because of a mental or physical incapacity which began before the age of 18. {explain} _
_ b. the following children) {name(s)}_is (are) dependent in fact and is (are) in high school while he/she (they) are between the ages of 18 and 19; said children) is (are) performing in good faith with reasonable expectation of graduation before the age of 19.
_ 3. Respondent requests that the Court award a child support amount that is more than or less than Florida’s child support guidelines. Respondent understands that Motion to Deviate from Child Support Guidelines, Florida Supreme Court Approved Family Law Form 12.943, must be filed before the court will consider this request.
_ 4. Respondent requests that medical/dental insurance coverage for the minor children) be provided by:
[/ one only]
_ a. Father.
__ b. Mother.
_ 5. Respondent requests that uninsured medical/dental expenses for the children) be paid:
[/ one only]
_ a. by Father.
_ b. by Mother.
_ c. by Father and Mother each paying one-half.
_ d. according to the percentages in the Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e).
._. e. Other {explain}: _
_ 6. Respondent requests that life insurance to secure child support be provided by:
_ a. Father.
_ b. Mother.
_ c. Both.
SECTION V. OTHER
1. [If Respondent is also the Wife, J one only] ( ) yes ( ) no Respondent/Wife wants to be known by her former name, which was {full legal name}_
[[Image here]]
SECTION VI. RESPONDENT’S/COUNTERPETITIONER’S REQUEST (This section summarizes what you are asking the Court to include in the final judgment of dissolution of marriage.)
Respondent requests that the Court enter an order dissolving the marriage and:
[/ all that apply]
*175 _ 1. distributing marital assets and liabilities as requested in Section I of this petition;
_ 2. awarding spousal support (alimony) as requested in Section II of this petition;
_ 3. establishing the primary residential parent (custody), parental responsibility, and visitation for the dependent or minor children) common to both parties, as requested in Section III of this petition;
_ 4. establishing child support for the dependent or minor children) common to both parties, as requested in Section IV of this petition;
_ 5. restoring Wife’s former name as requested in Section Y of this petition;
_ 6. awarding other relief as requested in Section V of this petition; and any other terms the Court deems necessary.
I certify that a copy of this document was [/ one only] ( ) mailed ( ) faxed and mailed ( ) hand delivered to the person(s) listed below on {date}_
Petitioner or his/her attorney:
Name: _
Address: _
City, State, Zip: -
Fax Number: _
I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this answer and counterpetition and that the punishment for knowingly making a false statement includes fines and/or imprisonment.
Dated: _ _
Signature of Respondent/Counterpetitioner
Printed Name: _
Address: _
City, State, Zip: _
Telephone Number: _
Pax Number: _
[[Image here]]
_ Personally known
_ Produced identification
Type of identification produced_
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW: [ fill in all blanks]
I, {full legal name and trade name of nonlawyer}_, a nonlawyer, located at {street} _, {city} _____, {state} _, {phone} _, helped {name} ___, who is the respondent, fill out this form.
*176 INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.903(c)(2), ANSWER TO PETITION, AND COUNTERPETITION FOR DISSOLUTION OF MARRIAGE WITH PROPERTY BUT NO ' DEPENDENT OR MINOR CHILD(REN)
When should this form be used?
This form should be used when you are responding to a petition for dissolution of marriage with property but no dependent or minor child(ren) and you are asking the court for something not contained in the petition. The answer portion of this form is used to admit or deny the allegations contained in the petition, and the counter-petition portion of this form is used to ask for whatever you want the court to do for you.
This form should be typed or printed in black ink. After completing this form, you should sign the form before a notary public or deputy clerk. You should file the original with the clerk of the circuit court in the county where the petition was filed and keep a copy for your records.
What should I do next?
You have 20 days to answer after being served with the other party’s petition. A copy of this form must be mailed or hand delivered to the other party. After you file an answer and counterpetition your case will then generally proceed as follows:
The other party is required to answer your counterpetition within 20 days using an Answer to Counterpetition, Florida Supreme Court Approved Family Law Form 12.903(d).
UNCONTESTED ... Your dissolution is uncontested if you and your spouse agree on all issues raised in the petition and the counterpetition. If this is the case, and you and the other party have complied with mandatory disclosure and filed all of the required papers, either party may call the clerk, family law intake staff, or judicial assistant to set a final hearing. If you request the hearing, you must notify the other party of the hearing by using a Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.
CONTESTED ... Your dissolution is contested if you and your spouse disagree on any issues raised in the petition or counterpetition. If you are unable to settle the disputed issues, either party may file a Notice for Trial, Florida Supreme Court Approved Family Law Form 12.924, after you have complied with mandatory disclosure and filed all of the required papers. Some circuits may require the completion of mediation before a final hearing may be set. You should contact the clerk, family law intake staff, or judicial assistant for instructions on how to set your case for trial (final hearing).
Where can I look for more information?
Before proceeding, you should read “General Information for Self-Represented Litigants” found at the beginning of these forms. The words that are in “bold underline” in these instructions are defined there. For further information, see chapter 61, Florida Statutes.
Special notes ...
With this form, you must also file the following:
• Affidavit of Corroborating Witness,
Florida Supreme Court Approved Family Law Form 12.902(i) OR photocopy of current Florida driver’s license, Florida identification card, or voter’s *177 registration card (issue date of copied document must be at least six months before date case is actually filed with the clerk of the circuit court).
• Marital Settlement Agreement for Dissolution of Marriage with No Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.902(f)(2), if you have reached an agreement on any or all of the issues.
• Notice of Social Security Number,
Florida Supreme Court Approved Family Law Form 12.902(j).
• Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c). (This must be filed within 45 days of service of the petition on you, if not filed at the time you file this answer.)
• Certificate of Compliance with Mandatory Disclosure, Florida Family Law Rules of Procedure Form 12.932. (This must be filed within 45 days of service of the petition on you, if not filed at the time you file this answer, unless you and the other party have agreed not to exchange these documents.)
Alimony ... Alimony may be awarded to a spouse if the judge finds that he or she needs it and that the other spouse has the ability to pay it. If you want alimony, you must request it in writing in your coun-terpetition. If you do not request alimony in writing before the final hearing, it is waived (you may not request it later). You may request either permanent alimony, lump sum alimony, or rehabilitative alimony.
Marital/Nonmarital Assets and Liabilities ... Florida law requires an equitable distribution of marital assets and marital liabilities. “Equitable” does not necessarily mean “equal.” Many factors, including alimony awards, may lead the court to make an unequal (but still equitable) distribution of assets and liabilities. Nonmar-ital assets and nonmarital liabilities are those assets and liabilities which the parties agree or the court determines belong to, or are the responsibility of, only one of the parties. If the parties agree or the court finds an asset or liability to be non-marital, the judge will not consider it when distributing marital assets and liabilities.
Temporary Relief ... If you need temporary relief regarding temporary use of assets, temporary responsibility for liabilities, or temporary alimony, you may file a Motion for Temporary Support with No Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.947(c). For more information, see the instructions for that form.
Marital Settlement Agreement ... If you and your spouse are able to reach an agreement on any or all of the issues, you should file a Marital Settlement Agreement for Dissolution of Marriage with No Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.902(f)(2). Both parties must sign this agreement before a notary public. Any issues on which you are unable to agree will be considered contested and settled by the judge at the final hearing.
Final Judgment Forms ... These family law forms contain a Final Judgment of Dissolution of Marriage with Property but No Dependent or Minor Child(ren), N Florida Supreme Court Approved Family Law Form 12.990(c)(2), which the judge may use if your case is contested. If you and your spouse reach an agreement on all of the issues, the judge may use a Final Judgment of Dissolution of Marriage with Property but No Dependent or Minor Child(ren) (Uncontested), Florida Supreme Court Approved Family Law Form 12.990(b)(2). You should check *178 with the clerk, family law intake staff, or judicial assistant to see if you need to bring a final judgment with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties’ names, and leave the rest blank for the judge to complete at your hearing or trial.
Nonlawyer ... Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900 (a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
FORM 12.903(c)(2). ANSWER TO PETITION AND COUNTERPETITION FOR DISSOLUTION OF MARRIAGE WITH PROPERTY BUT NO DEPENDENT OR MINOR CHILD(REN)
[[Image here]]
ANSWER TO PETITION AND COUNTERPETITION FOR DISSOLUTION OF MARRIAGE WITH PROPERTY BUT NO DEPENDENT OR MINOR CHILD(REN)
I,{full legal name}-, Respondent, being sworn, certify that the following information is true:
ANSWER TO PETITION
1. I agree with Petitioner as to the allegations raised in the following numbered paragraphs in the Petition and, therefore, admit those allegations: {indicate section and paragraph number} _
2.I disagree with Petitioner as to the allegations raised in the following numbered paragraphs in the Petition and, therefore, deny those allegations: {indicate section and paragraph number} _
3.I currently am unable to admit or deny the following paragraphs due to lack of information: {indicate section and paragraph number} _
COUNTERPETITION FOR DISSOLUTION OF MARRIAGE WITH PROPERTY BUT NO DEPENDENT OR MINOR CHILD(REN)
1. JURISDICTION/RESIDENCE
*179 ( ) Husband ( ) Wife ( ) Both has (have) lived in Florida for at least 6 months before the filing of this Petition for Dissolution of Marriage.
2. Petitioner [/ one only] ( ) is ( ) is not a member of the military service.
Respondent [/ one only] ( ) is ( ) is not a member of the military service.
3. MARRIAGE HISTORY
Date of marriage: {month, day, year}_
Place of marriage: {city, state, country} _
Date of separation: {month, day, year}___(□ / if approximate)
4. THERE ARE NO MINOR (UNDER 18) OR DEPENDENT CHILD(REN) COMMON TO BOTH PARTIES AND THE WIFE IS NOT PREGNANT.
5. A completed Notice of Social Security Number, Florida Supreme Court Approved Family Law Form 12.902(j), is filed with this counterpetition.
6. This counterpetition for dissolution of marriage should be granted because:
[/ one only]
_ a. The marriage is irretrievably broken.
_ b. One of the parties has been adjudged mentally incapacitated for a period of 3 years prior to the filing of this counterpetition. A copy of the Judgment of Incapacity is attached.
SECTION I. MARITAL ASSETS AND LIABILITIES [/ one only]
_ 1. There are no marital assets or liabilities.
_ 2. There are marital assets or liabilities. Ml marital and nonmarital assets and liabilities are (or will be) listed in the financial affidavits, Florida Family Law Rules of Procedure Form 12.902(b) or (c), to be filed in this case.
[/ all that apply]
_ a. Ml marital assets and liabilities have been divided by a written agreement between the parties, which is attached to be incorporated into the final judgment of dissolution of marriage. (The parties may use Marital Settlement Agreement for Dissolution of Marriage with No Dependent or Minor Children), Florida Supreme Court Approved Family Law Form 12.902(f)(2)).
_ b. The Court should determine how the assets and liabilities of this marriage are to be distributed, under section 61.075, Florida Statutes.
[[Image here]]
SECTION II. SPOUSAL SUPPORT (ALIMONY)
[/ one only]
_ 1. Respondent forever gives up his/her right to spousal support (alimony) from Petitioner.
_ 2. Respondent requests that the Court order Petitioner to pay the following spousal support (alimony) and claims that he or she has a need for the support that he or she is requesting and Petitioner has the ability to pay that support. Spousal support (alimony) is requested in the amount of $_every ( ) week ( ) other week ( ) month, beginning {date} _and continuing until {date or event}Explain why the Court should order Petitioner to pay and any specific request(s) for type of alimony (temporary, permanent, rehabilitative, and/or lump sum): -
*180 [[Image here]]
[/ if applies] ( ) Respondent requests life insurance on Petitioner’s life, provided by Petitioner, to secure such support.
SECTION III. OTHER
1. [If Respondent is also the Wife, / one only] ( ) yes ( ) no Respondent/Wife wants to be known by her former name, which was {full legal name}_
[[Image here]]
SECTION IV. RESPONDENT’S/COUNTERPETITIONER’S REQUEST (This section summarizes what you are asking the Court to include in the final judgment of dissolution of marriage.)
Respondent requests that the Court enter an order dissolving the marriage and:
[/ all that apply]
_ 1. distributing marital assets and liabilities as requested in Section I of this petition;
— 2. awarding spousal support (alimony) as requested in Section II of this petition;
___ 3. restoring Wife’s former name as requested in Section III of this petition;
— 4. awarding other relief as requested in Section III of this petition; and any other terms the Court deems necessary.
I certify that a copy of this document was [/ one only] ( ) mailed ( ) faxed and mailed ( ) hand delivered to the person(s) listed below on {date}_
Petitioner or his/her attorney:
Name: _
Address: _
City, State, Zip: _
Fax Number: _
I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this answer and counterpetition and that the punishment for knowingly making a false statement includes fines and/or imprisonment.
Dated: _ _
Signature of Respondent/Counterpetitioner
Printed Name: _
Address: _
City, State, Zip: _
Telephone Number: _
Fax Number: _
STATE OF FLORIDA COUNTY OF _
Sworn to or affirmed and signed before me on_by
*181 NOTARY PUBLIC or DEPUTY CLERK
[Print, type, or stamp commissioned name of notary or clerk.]
_ Personally known
_ Produced identification
Type of identification produced-
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW: [ fill in all blanks]
I, {full legal name and trade name of nonlawyer} _, a nonlawyer, located at {street} _, {city} _, {sfafe} _, {phone} _, helped {name} _, who is the respondent, fill out this form.
INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.903(c)(3), ANSWER TO PETITION AND COUNTERPETITION FOR DISSOLUTION OF MARRIAGE WITH NO DEPENDENT OR MINOR CHILD(REN) OR PROPERTY
When should this form be used?
This form should be used when you are responding to a petition for dissolution of marriage with no dependent or minor child(ren) or property and you are asking the court for something not contained in the petition. The answer portion of this form is used to admit or deny the allegations contained in the petition, and the counterpetition portion of this form is used to ask for whatever you want the court to do for you such as restoring your former name.
This form should be typed or printed in black ink. After completing this form, you should sign the form before a notary public or deputy clerk. You should file the original with the clerk of the circuit court in the county where the petition was filed and keep a copy for your records.
What should I do next?
You have 20 days to answer after being served with the other party’s petition. A copy of this form must be mailed or hand delivered to the other party. After you file an answer and counterpetition your case will then generally proceed as follows:
The other party is required to answer your counterpetition within 20 days using an Answer to Counterpetition, Florida Supreme Court Approved Family Law Form 12.903(d).
UNCONTESTED ... Your dissolution is uncontested if you and your spouse agree on all issués raised in the petition and the counterpetition. If this is the case, and you and the other party have complied with mandatory disclosure and filed all of the required papers, either party may call the clerk, family law intake staff, or judicial assistant to set a final hearing. If you request the hearing, you must notify the other party of the hearing by using a Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.
CONTESTED ... Your dissolution is contested if you and your spouse disagree on any issues raised in the petition or counterpetition. If you are unable to settle *182 the disputed issues, either party may file a Notice for Trial, Florida Supreme Court Approved Family Law Form 12.924, after you have complied with mandatory disclosure and filed all of the required papers. Some circuits may require the completion of mediation before a final hearing may be set. You should contact the clerk, family law intake staff, or judicial assistant for instructions on how to set your case for trial (final hearing).
Where can I look for more information?
Before proceeding, you should read “General Information for Self-Represented Litigants” found at the beginning of these forms. The words that are in “bold underline” in these instructions are defined there. For further information, see chapter 61, Florida Statutes.
Special notes ...
With this form, you must also file the following:
• Affidavit , of Corroborating Witness,
Florida Supreme Court Approved Family Law Form 12.902(i) OR photocopy of current Florida driver’s license, Florida identification card, or voter’s registration card (issue date of copied document must be at least six months before date case is actually filed with the clerk of the circuit court).
• Notice of Social Security Number,
Florida Supreme Court Approved Family Law Form 12.902(j).
• Family Law Financial Affidavit,
Florida Family Law Rules of Procedure Form 12.902(b) or (c). (This must be filed within 45 days of service of the petition on you, if not filed at the time you file this answer.)
• Certificate of Compliance with Mandatory Disclosure, Florida Family Law Rules of Procedure Form 12.932. (This must be filed within 45 days of service of the petition on you, if not filed at the time you file this answer, unless you and the other party have agreed not to exchange these documents.)
Alimony ... By using this form, you are forever giving up your rights to spousal support (alimony) from petitioner. Alimony may be awarded to a spouse if the judge finds that he or she needs it and that the other spouse has the ability to pay it. If you want alimony, you must request it in writing in an appropriate answer and counterpetition (see the other answer and counterpetition forms included in these forms for the appropriate form).
Marital/Nonmarital Assets and Liabilities ... By using this form, you are stating that there are no marital assets and/or liabilities.
Final Judgment Form ... These family law forms contain a Final Judgment of Dissolution of Marriage with No Property or Minor Child(ren) (Uncontested),
Florida Supreme Court Approved Family Law Form 12.990(b)(3). You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring a final judgment with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties’ names, and leave the rest blank for the judge to complete at your hearing or trial.
Nonlawyer ... Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900 (a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of *183 the last page of every form he or she helps you complete.
FORM 12.903(c)(3). ANSWER TO PETITION AND COUNTERPETITION FOR DISSOLUTION OF MARRIAGE WITH NO DEPENDENT OR MINOR CHILD(REN) OR PROPERTY
IN THE CIRCUIT COURT OF THE_JUDICIAL CIRCUIT, IN AND FOR_COUNTY, FLORIDA
[[Image here]]
ANSWER TO PETITION AND COUNTERPETITION FOR DISSOLUTION OF MARRIAGE WITH NO DEPENDENT OR MINOR CHILD(REN) OR PROPERTY
I, {full legal name} information is true: _, Respondent, being sworn, certify that the following
ANSWER TO PETITION
1.I agree with Petitioner as to the allegations raised in the following numbered paragraphs in the Petition and, therefore, admit those allegations: {indicate section and paragraph number} _
2.I disagree with Petitioner as to the allegations raised in the following numbered paragraphs in the Petition and, therefore, deny those allegations: {indicate section and paragraph number} _
3.I currently am unable to admit or deny the following paragraphs due to lack of information: {indicate section and paragraph number} _
COUNTERPETITION FOR DISSOLUTION OF MARRIAGE WITH NO DEPENDENT OR MINOR CHILD(REN) OR PROPERTY
1. JURISDICTION/RESIDENCE
( ) Husband ( ) Wife ( ) Both has (have) lived in Florida for at least 6 months before the filing of this Petition for Dissolution of Marriage.
2. Petitioner [/ one only] ( ) is ( ) is not a member of the military service.
Respondent [/ one only] ( ) is ( ) is not a member of the military service.
3. MARRIAGE HISTORY
Date of marriage: {month, day, year} -
Place of marriage: {city, state, country} _
Date of separation: {month, day, year}_(□ J if approximate)
*184 4. THERE ARE NO MINOR (under 18) OR DEPENDENT CHILD(REN) COMMON TO BOTH PARTIES AND THE WIFE IS NOT PREGNANT.
5. A completed Notice of Social Security Number, Florida Supreme Court Approved Family Law Form 12.902(j), is filed with this counterpetition.
6. THIS COUNTERPETITION FOR DISSOLUTION OF MARRIAGE SHOULD BE GRANTED BECAUSE:
[/ one only]
_ a. The marriage is irretrievably broken.
_ b. One of the parties has been adjudged mentally incapacitated for a period of 3 years before the filing of this counterpetition. A copy of the Judgment of Incapacity is attached.
7. THERE ARE NO MARITAL ASSETS OR LIABILITIES.
8. RESPONDENT FOREVER GIVES UP HIS/HER RIGHTS TO SPOUSAL SUPPORT (ALIMONY) FROM PETITIONER.
9. [If Respondent is also the Wife, / one only] ( ) yes ( ) no Respondent/Wife wants to be known by her former name, which was {full legal name}_
10.Other relief {specify}: _
RESPONDENT’S/COUNTERPETITIONER’S REQUEST (This section summarizes what you are asking the Court to include in the final judgment of dissolution of marriage.) Respondent requests that the Court enter an order dissolving the marriage and:
[/ all that apply]
— 1. restoring Wife’s former name as specified in paragraph 9 of this petition;
— 2. awarding other relief as specified in paragraph 10 of this petition; and any other terms the Court deems necessary.
I certify that a copy of this document was [/ one only] ( ) mailed ( ) faxed and mailed ( ) hand delivered to the person(s) listed below on {date}_
Petitioner or his/her attorney:
Name: _
Address: _
City, State, Zip: _
Fax Number: _
I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this answer and counterpetition and that the punishment for knowingly making a false statement includes fines and/or imprisonment.
Dated: _ _
Signature of Respondent
Printed Name:_
Address: _
City, State, Zip: _
Telephone Number: _
*185 [[Image here]]
_ Personally known
_ Produced identification
Type of identification produced_
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW: [ fill in all blanks]
I, {full legal name and trade name of nonlawyer} -, a nonlawyer, located at {street} -, {city} -, {state} _, {phone} _, helped {name} -, who is the respondent, fill out this form.
INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.903(d), ANSWER TO COUNTERPETITION
When should this form be used?
This form should be used by a petitioner to respond to the respondent’s counter-petition. You should use this form to admit or deny the allegations contained in the counterpetition.
This form should be typed or printed in black ink. After completing this form, you should sign the form before a notary public or deputy clerk. You should file the original with the clerk of the circuit court in the county where the case is filed and keep a copy for your records.
What should I do next?
You have 20 days to answer after being served with the other party’s counterpetition. A copy of this form must be mailed or hand delivered to the other party.
To proceed with your case, you should refer to the instructions to your petition regarding setting a case for trial under “UNCONTESTED” and “CONTESTED.”
Where can I look for more information?
Before proceeding, you should read “General Information for Self-Represented Litigants” found at the beginning of these forms. The words that are in “bold underline” in these instructions are defined there.
Special notes ...
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900 (a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
*186 FORM 12.903(d). ANSWER TO COUNTERPETITION
IN THE CIRCUIT COURT OF THE_JUDICIAL CIRCUIT, IN AND FOR_COUNTY, FLORIDA
[[Image here]]
ANSWER TO COUNTERPETITION
I,{full legal name}_, being sworn, certify that the following information is true:
1. I agree with Petitioner as to the allegations raised in the following numbered paragraphs in the Petition and, therefore, admit those allegations: {indicate section and paragraph number} _
2.I disagree with Petitioner as to the allegations raised in the following numbered paragraphs in the Petition and, therefore, deny those allegations: {indicate section and paragraph number} _
3.I am currently unable to admit or deny the following paragraphs due to lack of information: {indicate section and paragraph number} _
I certify that a copy of this document was [/ one only] ( ) mailed ( ) faxed and mailed ( ) hand delivered to the person(s) listed below on {date}.
Respondent or his/her attorney:
Name: _
Address: _
City, State, Zip: _
Fax Number: _
I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this answer and that the punishment for knowingly making a false statement includes fines and/or imprisonment.
Dated: _ _
Signature of Petitioner
Printed Name:_
Address: _
City, State, Zip: _
Telephone Number: _
Pax Number:_
STATE OF FLORIDA COUNTY OF _
*187 Sworn to or affirmed and signed before me on-by-
NOTARY PUBLIC or DEPUTY CLERK
[Print, type, or stamp commissioned name of notary or clerk.]
_ Personally known
_ Produced identification
Type of identification produced_
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW: [ fill in all blanks]
I, {full legal name and trade name of nonlawyer} -, a nonlawyer, located at {street} _, {city} -, {state}_, {phone} - who is the petitioner, fill out this form. helped {name}
INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.903(e), ANSWER TO SUPPLEMENTAL PETITION
When should this form be used?
This form should be used when you are responding to a supplemental petition for modification of custody or visitation, child support, or alimony. This form is used to admit or deny all of the allegations in the supplemental petition if you do not plan to file a counterpetition. There is no form for a counterpetition to a supplemental petition in these Family Law Forms. If you want to file a counterpetition to a supplemental petition you will need to either seek legal assistance or create a form yourself. You may construct an answer and cousiterpetition using the pertinent sections contained in the Answer to Petition and Counterpetition for Dissolution of Marriage with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.903(c)(1), or Answer to Petition and Counterpetition for Dissolution of Marriage with Property but No Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.903(c)(2). This form should be typed or printed in black ink. After completing this form, you should sign the form before a notary public or deputy clerk. You should file the original with the clerk of the circuit court in the county where the case was filed and keep a copy for your records. This must be done within 20 days of receiving the supplemental petition.
What should I do next?
A copy of this form, along with all of the other forms required with this answer, must be mailed or hand delivered to the other party in your case. Regardless of whether you file a counterpetition, you have 20 days to answer after being served with the other party’s supplemental petition. After you file your answer, the case will generally proceed in one of the following two ways:
UNCONTESTED ... If you file an answer that agrees with everything in the other party’s supplemental petition and you have complied with mandatory disclosure and filed all of the required papers, either party may call the clerk, family law intake staff, or judicial assistant to set a *188 final hearing. If you request the hearing, you must notify the other party of the hearing by using a Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.
CONTESTED ... If you file an answer which disagrees with or denies anything in the supplemental petition, and you are unable to settle the disputed issues, either party may file a Notice for Trial, Florida Supreme Court Approved Family Law Form 12.924, after you have complied with mandatory disclosure and filed all of the required papers. Some circuits may require the completion of mediation before a final hearing may be set. If you request the hearing, you should contact the clerk, family law intake staff, or judicial assistant for instructions on how to set your case for trial (final hearing).
Where can I look for more information?
Before proceeding, you should read “General Information for Self-Represented Litigants” found at the beginning of these forms. The words that are in “bold underline” in these instructions are defined there. See chapter 61, Florida Statutes, for more information.
Special notes ...
With this form, you must also file the following:
• Uniform Child Custody Jurisdiction Act (UCCJA) Affidavit, Florida Supreme Court Approved Family Law Form 12.902(d), if the case involves child(ren).
• Child Support Guidelines Worksheet,
Florida Family Law Rules of Procedure Form 12.902(e), if child support is an issue. (If you do not know the other party’s income, you may file this worksheet after his or her financial affidavit has been served on you.)
• Settlement Agreement, if you have reached an agreement on any or all of the issues. Although there is no form for this in these Florida Family Law Forms, you may construct a settlement agreement using the pertinent sections contained in Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.902(f)(1), or Marital Settlement Agreement for Dissolution of Marriage with No Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.902(f)(2).
• Notice of Social Security Number,
Florida Supreme Court Approved Family Law Form 12.902(j), if not previously filed.
• Family Law Financial Affidavit,
Florida Family Law Rules of Procedure Form 12.902(b) or (c). (This must be filed within 45 days of service of the supplemental petition on you, if not filed at the time you file your answer.)
• Certificate of Compliance with Mandatory Disclosure, Florida Family Law Rules of Procedure Form 12.932. (This must be filed within 45 days of service of the supplemental petition on you, if not filed at the time of you file your answer, unless you and the other party have agreed not to exchange these documents.) ,
Child Custody ... If this case involves child custody issue and if you and the other party are unable to agree about with whom the children) will live most of the time, a judge will decide for you. The judge will decide the parenting arrangements based on the child(ren)’s best interests. Regardless of whether there is an *189 agreement, the court reserves jurisdiction to modify issues relating to the minor child(ren).
The judge may request a parenting evaluation or appoint a guardian ad litem in your case. This means that a neutral person will review your situation and report to the judge concerning parenting issues. The purpose of such intervention is to be sure that the best interests of the child(ren) is (are) being served. For more information, you may consult section 61.13, Florida Statutes. Some circuits may require the completion of a parenting course before a final hearing may be set. You should contact the clerk, family law intake staff, or judicial assistant about requirements for parenting courses or mediation where you live.
Listed below are some terms with which you should become familiar before completing your supplemental petition. If you do not fully understand any of the terms below or their implications, you should speak with an attorney before going any further.
• Shared Parental Responsibility
• Sole Parental Responsibility
• Rotating Custody
• Primary Residential Responsibility
• Secondary Residential Responsibility
• Reasonable visitation
• Specified visitation
• Supervised visitation
• No contact
Child Support ... If this case involves child support issues, the court may order one parent to pay child support to assist the other parent in meeting the child(ren)’s material needs. Both parents are required to provide financial support, but one parent may be ordered to pay a portion of his or her support for the child(ren) to the other parent. Florida has adopted guidelines for determining the amount of child support to be paid. These guidelines are based on the combined income of both parents and take into account the financial contributions of both parents. You must file a Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c), and the other parent will be required to do the same. From your financial affidavits, you should be able to calculate the amount of child support that should be paid using the Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e). Because the child support guidelines take several factors into consideration, change over time, and vary from state to state, your child support obligation may be more or less than that of other people in seemingly similar situations.
Temporary Relief ... If you need temporary relief regarding parental responsibility and visitation with children), child support or alimony, you may file a Motion for Temporary Support with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.947(a) or, if you need temporary relief regarding alimony and there are no dependent or minor child(ren), you may file a Motion for Temporary Support with No Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.947(c). For more information, see the instructions for these forms.
Settlement Agreement ... If you and the other party are able to reach an agreement on any or all of the issues, you should file a Settlement Agreement. Although there is no form for this in these Florida Family Law Forms, you may construct a settlement agreement using the pertinent sections contained in Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren), Florida Supreme Court *190 Approved Family Law Form 12.902(f)(1), or Marital Settlement Agreement for Dissolution of Marriage with No Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.902(f)(2). Both parties must sign this agreement before a notary public or deputy clerk. Any issues on which you are unable to agree will be considered contested and settled by the judge at the final hearing.
Final Judgment Form ... These family law forms contain a Supplemental Final Judgment Modifying Parental Responsibility/Visitation, Florida Supreme Court Approved Family Law Form 12.993(a), a Supplemental Final Judgment Modifying Child Support, Florida Supreme Court Approved Family Law Form 12.993(b), and a Supplemental Final Judgment Modifying Alimony, N Florida Supreme Court Approved Family Law Form 12.993(c), which the judge may use, as appropriate. You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring a final judgment with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties’ names, and leave the rest blank for the judge to complete at your hearing or trial.
Nonlawyer ... Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900 (a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
FORM 12.903(e). ANSWER TO SUPPLEMENTAL PETITION
IN THE CIRCUIT COURT OF THE_JUDICIAL CIRCUIT, IN AND FOR_COUNTY, FLORIDA
[[Image here]]
ANSWER TO SUPPLEMENTAL PETITION
I, {full legal name}-, being sworn, certify that the following information is true:
1. I agree with Petitioner as to the allegations raised in the following numbered paragraphs in the Supplemental Petition and, therefore, admit those allegations: {indicate section and paragraph number} _
2. I disagree with Petitioner as to the allegations raised in the following numbered paragraphs in the Supplemental Petition and, therefore, deny those allegations: {indicate section and paragraph number} _
*191 3.I currently am unable to admit or deny the following paragraphs due to lack of information: {indicate section and paragraph number} -
4. A completed Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c), is, or will be, filed.
5. A completed Notice of Social Security Number, Florida Supreme Court Approved Family Law Form 12.902(j), is filed with this answer, if one has not been previously filed in this case.
[/ if applies]
_ 6. This case involves custody or visitation with a minor child(ren), and a completed Uniform Child Custody Jurisdiction Act (UCCJA) Affidavit, Florida Supreme Court Approved Family Law Form 12.902(d), is filed with this answer.
_ 7. This case involves child support, and a completed Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e), is filed or will be filed with the court.
I certify that a copy of this document was [/ one only] ( ) mailed ( ) faxed and mailed ( ) hand delivered to the person(s) listed below on {date}-
Petitioner or his/her attorney:
Name: -
Address: _
City, State, Zip: -
Fax Number: _
I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this answer and that the punishment for knowingly making a false statement includes fines and/or imprisonment.
Dated: - -
Signature of Respondent
Printed Name:_
Address: _-
City, State, Zip:-
Telephone Number: -
Fax Number: -
STATE OF FLORIDA COUNTY OF_
Sworn to or affirmed and signed before me on-by
NOTARY PUBLIC or DEPUTY CLERK
[Print, type, or stamp commissioned name of notary or clerk.]
_ Personally known
_ Produced identification
Type of identification produced
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW: [ fill in all blanks]
*192 I, {full legal name and trade name of nonlawyer} _ a nonlawyer, located at {street} _, {city} {state} _, {phone} _, helped {name} _ who is the respondent, fill out this form.
INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.904(a), PETITION FOR SUPPORT UNCONNECTED WITH DISSOLUTION OF MARRIAGE WITH DEPENDENT OR MINOR CHILD(REN)
When should this form be used?
This form may be used to ask the court to enter a support order if you and your spouse are separated, and your spouse has the ability to contribute to you and your minor child(ren), but has failed to do so. You can only use this form if a dissolution of marriage has not been filed and the child(ren) live primarily with you. If a petition for dissolution of marriage has been filed, you should file a Motion for Temporary Support with Dependent or Minor Child(ren), Florida Supreme • Court Approved Family Law Form 12.947(a), instead of using this petition. Also, if you are requesting that an order be entered for you to pay support to your spouse, you should not file this form.
This petition cannot address the issues of property, debts, custody, or visitation. It only deals with alimony and child support.
This form should be typed or printed in black ink. After completing this form, you should sign the form before a notary public or deputy clerk. You should file the original with the clerk of the circuit court in the county where you live and keep a copy for your records.
What should I do next?
For your case to proceed, you must properly notify the other party in your case of the petition. If you know where he or she lives, you should use personal service. If you absolutely do not know where he or she lives, you may use constructive service. You may also be able to use constructive service if the other party resides in another state or country. However, if constructive service is used, other than granting a divorce, the court may only grant limited relief. For more information on constructive service, see Notice of Action for Dissolution of Marriage, Florida Supreme Court Approved Family Law Form 12.913(a), and Affidavit of Diligent Search and Inquiry, Florida Family Law Rules of Procedure Form 12.913(b). If you need to use constructive service, use the Notice of Action for Dissolution of Marriage, Florida Supreme Court Approved Family Law Form 12.913(a), after striking through “for Dissolution of Marriage” and inserting “for Support Unconnected with Dissolution of Marriage with Dependent or Minor Children).” If the other party is in the military service of the United States, additional steps for service may be required. See, for example, Memorandum for Certificate of Military Service, Florida Supreme Court Approved Family Law Form 12.912(a). In sum, the law regarding constructive service and service on an individual in the military service is very complex and you may wish to consult an attorney regarding these issues.
If personal service is used, the other party has 20 days to answer after being served with your petition. Your case will then generally proceed in one of the following three ways:
*193 DEFAULT ... If after 20 days, no answer has been filed, you may file a Motion for Default, Florida Supreme Court Approved Family Law Form 12.922(a), with the clerk of court. Then, if you have filed all of the required papers, you may call the clerk, family law intake staff, or judicial assistant to set a final hearing. You must notify the other party of the hearing by using a Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.
UNCONTESTED ... If the respondent files an answer that agrees with everything in your petition or an answer and waiver, and you have complied with mandatory disclosure and filed all of the required papers, you may call the clerk, family law intake staff, or judicial assistant to set a final hearing. You must notify the other party of the hearing by using a Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.
CONTESTED ... If the respondent files an answer or an answer and counterpetition, which disagrees with or denies anything in your petition, and you are unable to settle the disputed issues, you should file a Notice for Trial, Florida Supreme Court Approved Family Law Form 12.924, after you have complied with mandatory disclosure and filed all of the required papers. Some circuits may require the completion of mediation before a final hearing may be set. Then you should contact the clerk, family law intake staff, or judicial assistant for instructions on how to set your case for trial (final hearing). If the respondent files an answer and coun-terpetition, you should answer the counter-petition within 20 days using an Answer to Counterpetition, Florida Supreme Court Approved Family Law Form 12.903(d).
Where can I look for more information?
Before proceeding, you should read “General Information for Self-Represented Litigants” found at the beginning of these forms. The words that are in “bold underline” in these instructions are defined there. For further information, see section 61.09, Florida Statutes.
Special notes ...
With this form you must also file the following:
• Notice of Social Security Number, N Florida Supreme Court Approved Family Law Form 12.902(j).
• Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c). (This must be filed within 45 days of service of the petition on the respondent, if not filed at the time of the petition.)
• Certificate of Compliance with Mandatory Disclosure, Florida Family Law Rules of Procedure Form 12.932. (This must be filed within 45 days of service of the petition on the respondent, if not filed at the time of the petition, unless you and the other party have agreed not to exchange these documents.)
• Child Support Guidelines Worksheet,
Florida Family Law Rules of Procedure Form 12.902(e), if you are asking that child support be ordered in the final judgment. (If you do not know the other party’s income, you may file this worksheet after his or her financial affidavit has been served on you.)
• Affidavit of Indigency, Florida Supreme Court Approved Family Law Form 12.902(a), if you are requesting that filing fees be waived.
*194 Child Support ... The court may order one parent to pay child support to assist the other parent in meeting the child(ren)’s material needs. Both parents are required to provide financial support, but one parent may be ordered to pay a portion of his or her support for the child(ren) to the other parent. Florida has adopted guidelines for determining the amount of child support to be paid. These guidelines are based on the combined income of both parents and take into account the financial contributions of both parents. You must file a Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c), and your spouse will be required to do the same. From your financial affidavits, you should be able to calculate the amount of child support that should be paid using the Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e). Because the child support guidelines take several factors into consideration, change over time, and vary from state to state, your child support obligation may be more or less than that of other people in seemingly similar situations.
Temporary Relief ... If you need temporary relief regarding child support or temporary alimony, you may file a Motion for Temporary Support with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.947(a). For more information, see the instructions for that form.
Final Judgment Form ... These family law forms contain a Final Judgment of Support Unconnected with Dissolution of Marriage with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.994(a), which the judge may use if your case is contested. You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring a final judgment with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties’ names, and leave the rest blank for the judge to complete at your hearing or trial.
Nonlawyer ... Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out tjiese forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900 (a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
FORM 12.904(a). PETITION FOR SUPPORT UNCONNECTED WITH DISSOLUTION OF MARRIAGE WITH DEPENDENT OR MINOR CHILD(REN)
IN THE CIRCUIT COURT OF THE_JUDICIAL CIRCUIT, IN AND FOR_COUNTY, FLORIDA
[[Image here]]
*195 PETITION FOR SUPPORT UNCONNECTED WITH DISSOLUTION OF MARRIAGE WITH DEPENDENT OR MINOR CHILD(REN)
I,{full legal name}_, the [/ one only] ( ) Husband ( ) Wife, being sworn, certify that the following statements are true:
1. JURISDICTION
( ) Husband ( ) Wife ( ) Both live in Florida at the filing of this Petition for Support Unconnected with Dissolution of Marriage, which is filed pursuant to section 61.09, Florida Statutes.
2. Petitioner [/ one only] ( ) is ( ) is not a member of the military service.
Respondent [/ one only] ( ) is ( ) is not a member of the military service.
3. MARRIAGE HISTORY
Date of marriage: {month, day, year} _
Place of marriage: {city, state, country} -
Date of separation: {month, day, year}_(□ / if approximate)
4. MINOR CHILD(REN)
[/ all that apply]
_ a. The wife is pregnant. The baby is due on: {date}-
_ b. The minor (under 18) children) common to both parties are:
[[Image here]]
_ c. The minor children) born or conceived during the marriage who are not common to both parties are:
[[Image here]]
The birth father(s) of the above minor children) is (are) {name and address} -
_ d. The children) common to both parties who are 18 or older but who are dependent upon the parties due to a mental or physical incapacity are:
[[Image here]]
5. A completed Notice of Social Security Number, Florida Supreme Court Approved Family Law Form 12.902(j), is filed with this petition.
6. A completed Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c), is, or will be, filed.
7. A completed Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e), is, or will be, filed.
SECTION I. SPOUSAL SUPPORT (ALIMONY)
[/ one only]
*196 _ 1. Petitioner does not request spousal support (alimony) from Respondent at this time.
_ 2. Respondent has the ability to contribute to the maintenance of Petitioner and has failed to do so. Petitioner requests that the Court order Respondent to pay the following spousal support (alimony) and claims that he or she has a need for the support that he or she is requesting. Spousal support (alimony) is requested in the amount of $_every ( ) week ( ) other week ( ) month, beginning {date}_, and continuing until {date or event} _
[[Image here]]
[/ if applies] ( ) Petitioner requests life insurance on Respondent’s life, provided by Respondent, to secure such support.
SECTION II. CHILD SUPPORT
Respondent has the ability to contribute to the maintenance of his or her minor children) and has failed to do so. Petitioner has custody of the minor children) or the children) has (have) primary residence with Petitioner.
[/ all that apply]
— 1. Petitioner requests that the Court award child support as determined by Florida’s child support guidelines, section 61.30, Florida Statutes.
— 2. Petitioner requests that the Court award child support to be paid beyond the age of 18 years because:
_ a. the following children), {name(s)} _, is (are) dependent because of a mental or physical incapacity which began prior to the age of 18 {explain}: _
_ b. the following child(ren), {name(s)} _, is (are) dependent in fact and is (are) in high school while he/she (they) are between the ages of 18 and 19; said child(ren) is (are) performing in good faith with reasonable expectation of graduation before the age of 19.
— 3. Petitioner requests that medical/dental insurance coverage for the minor children) be provided by: [/ one only]
_ a. Father.
_ b. Mother.
— 4. Petitioner requests that uninsured medical/dental expenses for the children) be paid:
W one only]
_ a. by Father.
_ b. by Mother.
— c. by Father and Mother each paying one-half.
— d. according to the percentages in the Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e).
_ e. Other {explain}:_
*197 _ 5. Petitioner requests that life insurance to secure child support be provided by:
_ a. Father.
_ b. Mother.
_ c. Both.
[[Image here]]
SECTION IV. PETITIONER’S REQUEST (This section summarizes what you are asking the Court to include in the order for support.)
Petitioner requests that the Court enter an order establishing support and:
[/ all that apply]
_ a. awarding spousal support (alimony) as requested in Section I of this petition;
_ b. establishing child support for the minor children) common to both parties, as requested in Section II of this petition;
_ e. awarding other relief as requested in Section III of this petition; and any other terms the Court deems necessary.
I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this petition and that the punishment for knowingly making a false statement includes fines and/or imprisonment.
Dated: - -
Signature of Petitioner
Printed Name:_
Address:_
City, State, Zip: _
Telephone Number:_
Fax Number: _
STATE OF FLORIDA COUNTY OF_
Sworn to or affirmed and signed before me on_by-
NOTARY PUBLIC or DEPUTY CLERK
[Print, type, or stamp commissioned name of notary or clerk.]
_ Personally known
_ Produced identification
Type of identification produced-
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW: [ fill in all blanks]
I, {full legal name and trade name of nonlawyer} -, a nonlawyer, located at {street} -, {city} -, {state} _, {phone} _, helped {name}-, who is the petitioner, fill out this form.
*198 INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.904(b), PETITION FOR SUPPORT UNCONNECTED WITH DISSOLUTION OF MARRIAGE WITH NO DEPENDENT OR MINOR CHILD(REN)
When should this form be used?
This form may be used if you and your spouse are separated, but a dissolution of marriage has not been filed, and you are requesting alimony. If a petition for dissolution has been filed, you should file a Motion for Temporary Support with No Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.947(c), instead of using this petition. Also, if you are requesting that an order be entered for you to pay support to your spouse, you should not file this form.
This petition does not address the issues of property or debts. It only deals with alimony.
This form should be typed or printed in black ink. After completing this form, you. should sign the form before a notary public or deputy clerk. You should file the original with the clerk of the circuit court in the county where you live and keep a copy for your records.
What should I do next?
For your case to proceed, you must properly notify the other party in your case of the petition. If you know where he or she lives, you should use personal service. If you absolutely do not know where he or she lives, you may use constructive service. You may also be able to use constructive service if the other party resides in another state or country. However, if constructive service is used, other than granting a divorce, the court may only grant limited relief. For more information on constructive service, see Notice of Action for Dissolution of Marriage, Florida Supreme Court Approved Family Law Form 12.913(a), and Affidavit of Diligent Search and Inquiry, Florida Family Law Rules of Procedure Form 12.913(b). If you need to use constructive service, use the Notice of Action for Dissolution of Marriage, Florida Supreme Court Approved Family Law Form 12.913(a), after striking through “for Dissolution of Marriage” and inserting “for Support Unconnected with Dissolution for Marriage with No Dependent or Minor Child(ren).” If the other party is in the military service of the United States, additional steps for service may be required. See, for example, Memorandum for Certificate of Military Service, Florida Supreme Court Approved Family Law Form 12.912(a). In sum, the law regarding constructive service and service on an individual in the military service is very complex and you may wish to consult an attorney regarding these issues.
If personal service is used, the other party has 20 days to answer after being served with your petition. Your case will then generally proceed in one of the following three ways:
DEFAULT ... If after 20 days, no answer has been filed, you may file a Motion for Default, Florida Supreme Court Approved Family Law Form 12.922(a), with the clerk of court. Then, if you have filed all of the required papers, you may call the clerk, family law intake staff, or judicial assistant to set a final hearing, You must notify the other party of the hearing by using a Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form. *199 UNCONTESTED ... If the respondent files an answer that agrees with everything in your petition or an answer and waiver, and you have complied with mandatory disclosure and filed all of the required papers, you may call the clerk, family law intake staff, or judicial assistant to set a final hearing. You must notify the other party of the hearing by using a Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.
CONTESTED ... If the respondent files an answer or an answer and counterpetition, which disagrees with or denies anything in your petition, and you are unable to settle the disputed issues, you should file a Notice for Trial, Florida Supreme Court Approved Family Law Form 12.924, after you have complied with mandatory disclosure and filed all of the required papers. Some circuits may require the completion of mediation before a final hearing may be set. Then you should contact the clerk, family law intake staff, or judicial assistant for instructions on how to set your case for trial (final hearing). If the respondent files an answer and coun-terpetition, you should answer the counter-petition within 20 days using an Answer to Counterpetition, Florida Supreme Court Approved Family Law Form 12.903(d).
Where can I look for more information?
Before proceeding, you should read “General Information for Self-Represented Litigants” found at the beginning of these forms. The words that are in “bold underline” in these instructions are defined there. For further information, see section 61.09, Florida Statutes.
Special notes ...
With this form you must also file the following:
• Notice of Social Security Number,
Florida Supreme Court Approved Family Law Form 12.902(j).
• Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c). (This must be filed within 45 days of service of the petition on the respondent, if not filed at the time of the petition.)
• Certificate of Compliance with Mandatory Disclosure, Florida Family Law Rules of Procedure Form 12.932. (This must be filed within 45 days of service of the petition on the respondent, if not filed at the time of the petition, unless you and the other party have agreed not to exchange these documents.)
• Affidavit of Indigency, Florida Supreme Court Approved Family Law Form 12.902(a), if you are requesting that filing fees be waived.
Alimony ... Alimony may be awarded to a spouse if the judge finds that he or she needs it and that the other spouse has the ability to pay it. If you want alimony, you must request it in writing in the original petition. If you do not request alimony in writing before the final hearing, it is waived (you may not request it later). You may request either permanent alimony, lump sum alimony, or rehabilitative alimony.
Temporary Relief ... If you need temporary relief regarding alimony, you may file a Motion for Temporary Support with No Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.947(c). For more information, see the instructions for that form. Final Judgment Form ... These family law forms contain a Final Judgment of Support Unconnected with Dissolution *200 of Marriage with No Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.994(b), which the judge may use if your case is contested. You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring a final judgment with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties’ names, and leave the rest blank for the judge to complete at your hearing or trial.
Nonlawyer ... Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900 (a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
FORM 12.904(b). PETITION FOR SUPPORT UNCONNECTED WITH DISSOLUTION OF MARRIAGE WITH NO DEPENDENT OR MINOR CHILD(REN)
IN THE CIRCUIT COURT OF THE_JUDICIAL CIRCUIT, IN AND FOR_COUNTY, FLORIDA
[[Image here]]
PETITION FOR SUPPORT UNCONNECTED WITH DISSOLUTION OF MARRIAGE WITH NO DEPENDENT OR MINOR CHILD(REN)
I,{full legal name}_, the [/ one only] ( ) Husband ( ) Wife, being sworn, certify that the following statements are true:
1. JURISDICTION
( ) Husband ( ) Wife ( ) Both live in Florida at the filing of this Petition for Support Unconnected with Dissolution of Marriage, which is filed pursuant to section 61.09, Florida Statutes.
2. Petitioner [/ one only] ( ) is ( ) is not a member of the military service.
Respondent [/ one only] ( ) is ( ) is not a member of the military service.
3. MARRIAGE HISTORY
Date of marriage: {month, day, year} _
Place of marriage: {city, state, country} _
Date of separation: {month, day, year}_(□ / if approximate)
4. A completed Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b)or (e), is, or will be, filed.
*201 5. A completed Notice of Social Security Number, Florida Supreme Court Approved Family Law Form 12.902(j), is, or will be filed.
SECTION I. SPOUSAL SUPPORT (ALIMONY)
_ 1. Respondent has the ability to contribute to the maintenance of Petitioner and has failed to do so. Petitioner requests that the Court order Respondent to pay the following spousal support (alimony) and claims that he or she has a need for the support that he or she is requesting. Spousal support (alimony) is requested in the amount of $_every ( ) week ( ) other week ( ) month, beginning {date}_, and continuing until {date or event} -
[[Image here]]
[/ if applies] ( ) Petitioner requests life insurance on Respondent’s life, provided by Respondent, to secure such support.
[[Image here]]
SECTION III. PETITIONER’S REQUEST (This section summarizes what you are asking the Court to include in the order for support.)
Petitioner requests that the Court enter an order establishing support and:
[/ all that apply]
_ a. awarding spousal support (alimony) pursuant to Section I of this petition;
_ b. awarding other relief as specified in Section II of this petition; and any other terms the Court deems necessary.
I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this petition and that the punishment for knowingly making a false statement includes fines and/or imprisonment.
Dated: _ _
Signature of Petitioner
Printed Name:_
Address:-
City, State, Zip:_
Telephone Number:-
Fax Number: _
[[Image here]]
*202 [Print, type, or stamp commissioned name of notary or clerk.]
_ Personally known
_ Produced identification
Type of identification produced_
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW: [ fill in all blanks]
I, {full legal name and trade name of nonlawyer} _, a nonlawyer, located at {street} _, {city} _, {state} _, {phone}_, helped {name}_, who is the petitioner, fill out this form.
INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.905(a), SUPPLEMENTAL PETITION TO MODIFY CUSTODY OR VISITATION AND OTHER RELIEF
When should this form be used?
This form should be used when you are asking the court to change current court-ordered custody or visitation arrangements. The court can change an order granting shared parental responsibility, including a primary residential responsibility/custody order if the judge finds that there has been a substantial change in the circumstances of the parties and the change is in the child(ren)’s best interests.
This form should be typed or printed in black ink. After completing this form, you should sign the form before a notary public or deputy clerk. You should file this form in the county where the original order was entered. If the order was entered in another state, or if the child(ren) live(s) in another state, you should speak with an attorney about where to file this form. You should file the original with the clerk of the circuit court and keep a copy for your records.
What should I do next?
For your case to proceed, you must properly notify the other party in your case of the supplemental petition. If you know where he or she lives, you should use personal service. If you absolutely do not know where he or she lives, you may use constructive service. You may also be able to use constructive service if the other party resides in another state or country. However, if constructive service is used, other than granting a divorce, the court may only grant limited relief. For more information on constructive service, see Notice of Action for Dissolution of Marriage, Florida Supreme Court Approved Family Law Form 12.913(a), and Affidavit of Diligent Search and Inquiry,
Florida Family Law Rules of Procedure Form 12.913(b). If the other party is in the military service of the United States, additional steps for service may be required. See, for example, Memorandum for Certificate of Military Service, Florida Supreme Court Approved Family Law Form 12.912(a). In sum, the law regarding constructive service and service on an individual in the military service is very complex and you may wish to consult an attorney regarding these issues.
If personal service is used, the other party has 20 days to answer after being served with your supplemental petition. Your case will then generally proceed in one of the following three ways:
DEFAULT ... If after 20 days, no answer has been filed, you may file a Motion for Default, Florida Supreme Court Approved Family Law Form 12.922(a), with the clerk of court. Then, if you have *203 filed all of the required papers, you may call the clerk, family law intake staff, or .judicial assistant to set a final hearing. You must notify the other party of the hearing by using a Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form. UNCONTESTED ... If the respondent files an answer that agrees with everything in your supplemental petition or an answer and waiver, and you have complied with mandatory disclosure and filed all of the required papers, you may call the clerk, family law intake staff, or judicial assistant to set a final hearing. You must notify the other party of the hearing by using a Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.
CONTESTED ... If the respondent files an answer or an answer and counterpetition, which disagrees with or denies anything in your supplemental petition, and you are unable to settle the disputed issues, you should file a Notice for Trial,
Florida Supreme Court Approved Family Law Form 12.924, after you have complied with mandatory disclosure and filed all of the required papers. Some circuits may require the completion of mediation before a final hearing may be set. Then you should contact the clerk, family law intake staff, or judicial assistant for instructions on how to set your case for trial (final hearing). If the respondent files an answer and counterpetition, you should answer the counterpetition within 20 days using an Answer to Counterpetition, Florida Supreme Court Approved Family Law Form 12.903(d).
Where can I look for more information?
Before proceeding, you should read “General Information for Self-Represented Litigants” found at the beginning of these forms. The words that are in “bold underline” in these instructions are defined there. For further information, see chapter 61, Florida Statutes.
Special notes ...
With this form, you must also file the following:
• Uniform Child Custody Jurisdiction Act (UCCJA) Affidavit, Florida Supreme Court Approved Family Law Form 12.902(d).
• Child Support Guidelines Worksheet,
Florida Family Law Rules of Procedure Form 12.902(e). (If you do not know the other party’s income, you may file this worksheet after his or her financial affidavit has been served on you.)
• Affidavit of Indigency, Florida Supreme Court Approved Family Law Form 12.902(a), if you are requesting that filing fees be waived.
• Settlement Agreement, if you have reached an agreement on any or all of the issues. Although there is no form for this in these Florida Family Law Forms, you may construct a settlement agreement using the pertinent sections contained in Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.902(f)(1).
• Notice of Social Security Number,
N Florida Supreme Court Approved Family Law Form 12.902(j), if not previously filed.
• Family Law Financial Affidavit,
Florida Family Law Rules of Procedure Form 12.902(b) or (c). (This must *204 be filed within 45 days of service of the supplemental petition on the respondent, if not filed at the time of the supplemental petition.)
• Certificate of Compliance with Mandatory Disclosure, Florida Family Law Rules of Procedure Form 12.932. (This must be filed within 45 days of service of the supplemental petition on the respondent, if not filed at the time of the supplemental petition, unless you and the other party have agreed not to exchange these documents.)
Child Custody ... If you and the respondent are unable to agree about with whom the child(ren) will live most of the time, a judge will decide for you. The judge will decide the parenting arrangements based on the ehild(ren)’s best interests. Regardless of whether there is an agreement, the court reserves jurisdiction to modify issues relating to the minor child(ren).
The judge may request a parenting evaluation or appoint a guardian ad litem in your case. This means that a neutral person will review your situation and report to the judge concerning parenting issues. The purpose of such intervention is to be sure that the best interests of the child(ren) is (are) being served. For more information, you may consult section 61.13, Florida Statutes.
Some circuits may require the completion of a parenting course before a final hearing may be set. You should contact the clerk, family law intake staff, or judicial assistant about requirements for parenting courses or mediation where you live.
Listed below are some terms with which you should become familiar before completing your supplemental petition. If you do not fully understand any of the terms below or their implications, you should speak with an attorney before going any further.
• Shared Parental Responsibility
• Sole Parental Responsibility
• Rotating Custody
• Primary Residential Responsibility
• Secondary Residential Responsibility
• Reasonable visitation
• Specified visitation
• Supervised visitation
• No contact
Child Support ... The court may order one parent to pay child support to assist the other parent in meeting the ehild(ren)’s material needs. Both parents are required to provide financial support, but one parent may be ordered to pay a portion of his or her support for the child(ren) to the other parent. If you are requesting custody or primary residential responsibility for one or more children, you should request child support in your supplemental petition. Florida has adopted guidelines for determining the amount of child support to be paid. These guidelines are based on the combined income of both parents and take into account the financial contributions of both parents. You must file a Family Law Financial Affidavit,
Florida Family Law Rules of Procedure Form 12.902(b) or (c), and the other parent will be required to do the same. From your financial affidavits, you should be able to calculate the amount of child support that should be paid using the Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e). Because the child support guidelines take several factors into consideration, change over time, and vary from state to state, your child support obligation may be more or less than that of other people in seemingly similar situations.
Temporary Relief ... If you need temporary relief regarding parental responsibili *205 ty and visitation with child(ren), or temporary child support, you may file a Motion for Temporary Support with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.947(a). For more information, see the instructions for that form.
Settlement Agreement ... If you and the respondent are able to reach an agreement on any or all of the issues, you should file a Settlement Agreement. Although there is no form for this in these Florida Family Law Forms, you may construct a settlement agreement using the pertinent sections contained in Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.902(f)(1). Both parties must sign this agreement before a notary public. Any issues on which you are unable to agree will be considered contested and settled by the judge at the final hearing.
Final Judgment Form ... These family law forms contain a Supplemental Final Judgment Modifying Parental Responsibility/Visitation, Florida Supreme Court Approved Family Law Form 12.993(a), which the judge may use. You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring it with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties’ names, and leave the rest blank for the judge to complete at your hearing or trial. Nonlawyer ... Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900 (a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
FORM 12.905(a). SUPPLEMENTAL PETITION TO MODIFY CUSTODY OR VISITATION AND OTHER RELIEF
[[Image here]]
1. The parties to this action were granted a final judgment of ( ) dissolution of marriage ( ) paternity on {date}_A copy of the final judgment and any modification(s) is attached.
*206 2. Paragraph(s)_of the ( ) final judgment or ( ) most recent modification thereof describes the present custody and/or visitation ordered.
[[Image here]]
6. If the requested modification is granted, Petitioner requests that child support be modified, consistent with the modification of custody or visitation. A Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e), is, or will be filed.
7. A completed Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c), is, or will be, filed.
8. A completed Uniform Child Custody Jurisdiction Act (UCCJA) Affidavit, Florida Supreme Court Approved Family Law Form 12.902(d), is filed with this petition.
9. If not previously filed in this case, a completed Notice of Social Security Number, Florida Supreme Court Approved Family Law Form 12.902(j), is filed with this petition.
10. Other: __
I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this petition and that the punishment for knowingly making a false statement includes fines and/or imprisonment.
Dated: _ _
Signature of Party
Printed Name:_
Address: _
City, State, Zip: _
Telephone Number: _
Fax Number:_
*207 STATE OF FLORIDA COUNTY OF_
[[Image here]]
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW: [ fill in all blanks]
I, {full legal name and trade name of nonlawyer} _, a nonlawyer, located at {street} -, {city} -, {state} _, {phone} _, helped {name} -, who is the [/ one only]_petitioner or_respondent, fill out this form.
INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.905(b), SUPPLEMENTAL PETITION FOR MODIFICATION OF CHILD SUPPORT
When should this form be used?
This form should be used when you are asking the court to change a current court-ordered child support obligation. The court can change a child support order if the judge finds that there has been a substantial change in the circumstances of the parties and the change is in the child(ren)’s best interests.
This form should be typed or printed in black ink. After completing this form, you should sign the form before a notary public or deputy clerk. You should file this form in the county where the original order was entered. If the order was entered in another state, or if the child(ren) live(s) in another state, you should speak with an attorney about where to file this form. You should file the original with the clerk of the circuit court and keep a copy for your records.
What should I do next?
For your case to proceed, you must properly notify the other party in your case of the supplemental petition. If you know where he or she lives, you should use personal service. If you absolutely do not know where he or she lives, you may use constructive service. You may also be able to use constructive service if the other party resides in another state or country. However, if constructive service is used, other than granting a divorce, the court may only grant limited relief. For more information on constructive service, see Notice of Action for Dissolution of Marriage, Florida Supreme Court Approved Family Law Form 12.913(a), and Affidavit of Diligent Search and Inquiry,
Florida Family Law Rules of Procedure Form 12.913(b). If the other party is in the military service of the United States, additional steps for service may be required. See, for example, Memorandum for Certificate of Military Service, Florida Supreme Court Approved Family Law Form 12.912(a). In sum, the law regarding constructive service and service on *208 an individual in the military service is very complex and you may wish to consult an attorney regarding these issues.
If personal service is used, the other party has 20 days to answer after being served with your supplemental petition. Your case will then generally proceed in one of the following three ways:
DEFAULT ... If after 20 days, no answer has been filed, you may file a Motion for Default, Florida Supreme Court Approved Family Law Form 12.922(a), with the clerk of court. Then, if you have filed all of the required papers, you may call the clerk, family law intake staff, or judicial assistant to set a final hearing. You must notify the other party of the hearing by using a Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form. UNCONTESTED ... If the respondent files an answer that agrees with everything in your supplemental petition or an answer and waiver, and you have complied with mandatory disclosure and filed all of the required papers, you may call the clerk, family law intake staff, or judicial assistant to set a final hearing. You must notify the other party of the hearing by using a Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.
CONTESTED ... If the respondent files an answer or an answer and counterpetition, which disagrees with or denies anything in your supplemental petition, and you are unable to settle the disputed issues, you should file a Notice for Trial,
Florida Supreme Court Approved Family Law Form 12.924, after you have complied with mandatory disclosure and filed all of the required papers. Some circuits may require the completion of mediation before a final hearing may be set. Then you should contact the clerk, family law intake staff, or judicial assistant for instructions on how to set your case for trial (final hearing). If the respondent files an answer and counterpetition, you should answer the counterpetition within 20 days using an Answer to Counterpetition, Florida Supreme Court Approved Family Law Form 12.903(d).
Where can I look for more information?
Before proceeding, you should read “General Information for Self-Represented Litigants” found at the beginning of these forms. The words that are in “bold underline” in these instructions are defined there. For further information, see chapter 61, Florida Statutes.
Special notes ...
With this form, you must also file the following:
• Child Support Guidelines Worksheet,
Florida Family Law Rules of Procedure Form 12.902(e). (If you do not know the other party’s income, you may file this worksheet after his or her financial affidavit has been served on you.)
• Affidavit of Indigency, Florida Supreme Court Approved Family Law Form 12.902(a), if you are requesting that filing fees be waived.
• Settlement Agreement, if you have reached an agreement on any or all of the issues. Although there is no form for this in these Florida Family Law Forms, you may construct a settlement agreement using the pertinent sections contained in Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren), Florida Supreme *209 Court Approved Family Law Form 12.902(f)(1).
• Notice of Social Security Number,
Florida Supreme Court Approved Family Law Form 12.902(j), if not previously filed.
• Family Law Financial Affidavit,
Florida Family Law Rules of Procedure Form 12.902(b) or (c). (This must be filed within 45 days of service of the supplemental petition on the respondent, if not filed at the time of the supplemental petition.)
• Certificate of Compliance with Mandatory Disclosure, Florida Family Law Rules of Procedure Form 12.932. (This must be filed within 45 days of service of the supplemental petition on the respondent, if not filed at the time of the supplemental petition, unless you and the other party have agreed not to exchange these documents.)
Child Support ... The court may order one parent to pay child support to assist the other parent in meeting the child(ren)’s material needs. Both parents are required to provide financial support, but one parent may be ordered to pay a portion of his or her support for the child(ren) to the other parent. Florida has adopted guidelines for determining the amount of child support to be paid. These guidelines are based on the combined income of both parents and take into account the financial contributions of both parents. You must file a Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c), and the other parent will be required to do the same. From your financial affidavits, you should be able to calculate the amount of child support that should be paid using the Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e). Because the child support guidelines take several factors into consideration, change over time, and vary from state to state, your child support obligation may be more or less than that of other people in seemingly similar situations.
Temporary Relief ... If you need temporary relief regarding child support, you may file a Motion for Temporary Support with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.947(a). For more information, see the instructions for that form.
Settlement Agreement ... If you and the respondent are able to reach an agreement on any or all of the issues, you should file a Settlement Agreement. Although there is no form for this in these Florida Family Law Forms, you may construct a settlement agreement using the pertinent sections contained in Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.902(f)(1). Both parties must sign this agreement before a notary public or deputy clerk. Any issues on which you are unable to agree will be considered contested and settled by the judge at the final hearing.
Final Judgment Form ... These family law forms contain a Supplemental Final Judgment Modifying Child Support, Florida Supreme Court Approved Family Law Form 12.993(b), which the judge may use. You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring it with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties’ names, and leave the rest blank for the judge to complete at your hearing or trial.
Nonlawyer ... Remember, a person who is NOT an attorney is called a nonlawyer. *210 If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900 (a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
FORM 12.905(b). SUPPLEMENTAL PETITION FOR MODIFICATION OF CHILD SUPPORT
[[Image here]]
1. The parties to this action were granted a final judgment ( ) of dissolution of marriage ( ) of paternity ( ) for support unconnected with a dissolution of marriage on {date} _A copy of the final judgment and any modification(s) is attached.
2. Paragraph(s)-of the ( ) final judgment or ( ) most recent modification thereof establishes the present child support at $_every ( ) week ( ) other week ( ) month, beginning on {date}_
[[Image here]]
*211 [[Image here]]
I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this petition and that the punishment for knowingly making a false statement includes fines and/or imprisonment.
[[Image here]]
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW: [ fill in all blanks]
I, {full legal name and trade name of nonlawyer} -- a nonlawyer, located at {street} -, {city} -, {state} _, {phone} _, helped {name} -, who is the [/ one only]_petitioner or_respondent, fill out this form.
*212 INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.905(c), SUPPLEMENTAL PETITION FOR MODIFICATION OF ALIMONY
When should this form be used?
This form should be used when you are asking the court to change a current court-ordered alimony obligation. The court can change an alimony order if the judge finds that there has been a substantial change in the circumstances of the parties.
This form should be typed or printed in black ink. After completing this form, you should sign the form before a notary public or deputy clerk. You should file this form in the county where the original order was entered. If the order was entered in another state, or if the respondent lives in another state, you should speak with an attorney about where to file this form. You should file the original with the clerk of the circuit court and keep a copy for your records.
What should I do next?
For your case to proceed, you must properly notify the other party in your case of the supplemental petition. If you know where he or she lives, you should use personal service. If you absolutely do not know where he or she lives, you may use constructive service. You may also be able to use constructive service if the other party resides in another state or country. However, if constructive service is" used, other than granting a divorce, the court may only grant limited relief. For more information on constructive service, see Notice of Action for Dissolution of Marriage, Florida Supreme Court Approved Family Law Form 12.918(a), and Affidavit of Diligent Search and Inquiry,
Florida Family Law Rules of Procedure Form 12.913(b). If the other party is in the military service of the United States, additional steps for service may be required. See, for example, Memorandum for Certificate of Military Service, Florida Supreme Court Approved Family Law Form 12.912(a). In sum, the law regarding constructive service and service on an individual in the military service is very complex and you may wish to consult an attorney regarding these issues.
If personal service is used, the other party has 20 days to answer after being served with your supplemental petition. Your case will then generally proceed in one of the following three ways:
DEFAULT ... If after 20 days, no answer has been filed, you may file a Motion for Default, Florida Supreme Court Approved Family Law Form 12.922(a), with the clerk of court. Then, if you have filed all of the required papers, you may call the clerk, family law intake staff, or judicial assistant to set a final hearing. You must notify the other party of the hearing by using a Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.
UNCONTESTED ... If the respondent files an answer that agrees with everything in your supplemental petition or an answer and waiver, and you have complied with mandatory disclosure and filed all of the required papers, you may call the clerk, family law intake staff, or judicial assistant to set a final hearing. You must notify the other party of the hearing by using a Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.
*213 CONTESTED ... If the respondent files an answer or an answer and counterpetition, which disagrees with or denies anything in your supplemental petition, and you are unable to settle the disputed issues, you should file a Notice for Trial,
Florida Supreme Court Approved Family Law Form 12.924, after you have complied with mandatory disclosure and filed all of the required papers. Some circuits may require the completion of mediation before a final hearing may be set. Then you should contact the clerk, family law intake staff, or judicial assistant for instructions on how to set your case for trial (final hearing). If the respondent files an answer and counterpetition, you should answer the counterpetition within 20 days using an Answer to Counterpetition, Florida Supreme Court Approved Family Law Form 12.903(d).
Where can I look for more information?
Before proceeding, you should read “General Information for Self-Represented Litigants” found at the beginning of these forms. The words that are in “bold underline” in these instructions are defined there. For further information, see chapter 61, Florida Statutes.
Special notes ...
With this form, you must also file the following:
• Affidavit of Indigency, Florida Supreme Court Approved Family Law Form 12.902(a), if you are requesting that filing fees be waived.
• Settlement Agreement, if you have reached an agreement on any or all of the issues. Although there is no form for this in these Florida Family Law Forms, you may construct a settlement agreement using the pertinent sections contained in Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.902(f)(1), or Marital Settlement Agreement for Dissolution of Marriage with No Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.902(f)(2).
• Family Law Financial Affidavit,
Florida Family Law Rules of Procedure Form 12.902(b) or (c). (This' must be filed within 45 days of service of the supplemental petition on the respondent, if not filed at the time of the supplemental petition.)
• Certificate of Compliance with Mandatory Disclosure, Florida Family Law Rules of Procedure Form 12.932. (This must be filed within 45 days of service of the supplemental petition on the respondent, if not filed at the time of the supplemental petition, unless you and the other party have agreed not to exchange these documents.)
Alimony ... In order to modify an order for alimony, a judge must find that there has been a substantial change in circumstances.
Temporary Relief ... If you need temporary relief regarding modification of alimony, you may file a Motion for Temporary Support with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.947(a), or Motion for Temporary Support with No Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.947(d), whichever is appropriate. For more information, see the instruction for those forms.
Settlement Agreement ... If you and the respondent are able to reach an agreement *214 on- any or all of the issues, you should file a Settlement Agreement. Although there is no form for this in these Florida Family Law Forms, you may construct a settlement agreement using the pertinent sections contained in Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren),
Florida Supreme Court Approved Family Law Form 12.902(f)(1), or Marital Settlement Agreement for Dissolution of Marriage with No Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.902(f)(2). Both parties must sign this agreement before a notary public. Any issues on which you are unable to agree-will be considered contested and settled by the judge at the final hearing.
Final Judgment Form ... These family law forms contain a Supplemental Final Judgment Modifying Alimony, Florida Supreme Court Approved Family Law Form 12.993(c), which the judge may use. You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring it with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties’ names, and leave the rest blank for the judge to complete at your hearing or trial.
Nonlawyer ... Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
FORM 12.905(c). SUPPLEMENTAL PETITION FOR MODIFICATION OF ALIMONY
[[Image here]]
SUPPLEMENTAL PETITION FOR MODIFICATION OF ALIMONY
I,{full legal name}_:_, being sworn, certify that the following information is true:
1. The parties to this action were granted a final judgment ( ) of dissolution of marriage ( ) for support unconnected with a dissolution of marriage on {date}_A copy of the final judgment and any modification(s) is attached.
2. Paragraph(s)-of the ( ) final judgment or ( ) most recent modification thereof establishes the present alimony at $_every-( ) week ( ) other week ( ) month, beginning on {date}_
3. Since the final judgment or most recent modification thereof, there has been a substantial change in circumstances, requiring a modification in alimony. This’change in
*215 [[Image here]]
5. A completed Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c), is, or will be, filed.
6. Other: -
I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this petition and that the punishment for knowingly making a false statement includes fines and/or imprisonment.
[[Image here]]
*216 IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW: [ fill in all blanks]
I, {full legal name and trade name of nonlawyer} _, a nonlawyer, located at {street} _, {city} _, {state} _, {phone} _, helped {name} _, who is the [/ one only]_petitioner or_respondent, fill out this form.
INSTRUCTIONS FOR FLORIDA FAMILY LAW RULES OF PROCEDURE FORM 12.910(a), SUMMONS: PERSONAL SERVICE ON AN INDIVIDUAL
When should this form be used?
This form should be used to obtain personal service on the other party when you begin your lawsuit. Service is required for all documents filed in your case. Service means giving a copy of the required papers to the other party using the procedure that the law requires. Generally, there are two ways to make service: (1) personal service, or (2) service by mail or hand delivery. A third method for service is called constructive service; however, the relief a court may grant may be limited in a case where constructive service has been used.
The law requires that certain documents be served by personal service if personal service is possible. Personal service means that a summons (this form) and a copy of the forms you are filing with the court that must be personally served are delivered by a deputy sheriff or private process server
• directly to the other party, or
• to someone over the age of fifteen with whom the other party lives.
Personal service is required for all petitions, including petitions for modification. You cannot serve these papers on the other party yourself or by mail or hand delivery. Personal service must be made by the sheriffs department in the county where the other party lives or works or by a private process server certified in the county where the other party lives or works.
In many counties, there are private process servers who, for a fee, will personally serve the summons and other documents that require personal service. You should look under “process servers” in the yellow pages of the telephone book for a list of private process servers in your area. You may use a private process server to serve any paper required to be personally served in a family law case except a petition for injunction for protection against domestic or repeat violence.
How do I start?
When you begin your lawsuit, you need to complete this form (summons) and a Process Service Memorandum, Florida Supreme Court Approved Family Law Form 12.910(b). The forms should be typed or printed legibly in black ink. Next, you will need to take these forms and, if you have not already done so, file your petition with the clerk of the circuit court in the county where you live. You should keep a copy of the forms for your records. The clerk will sign the summons, and then the summons, a copy of the papers to be served, and the process service memorandum must be delivered to the appropriate sheriffs office or to a private process server for service on the other party.
IF THE OTHER PARTY LIVES IN THE COUNTY WHERE SUIT IS FILED: Ask the clerk in your county about any local procedures regarding service. Generally, if the other party lives in the county in which you are filing suit and *217 you want the sheriffs department to serve the papers, you will file the summons along with a Process Service Memorandum, Florida Supreme Court Approved Family Law Form 12.910(b), with the clerk and the clerk will forward those papers to the sheriff for service. Make sure that you attach a copy of the papers you want personally served to the summons. You may also need to provide the sheriff with a stamped envelope addressed to you. This will allow the sheriff to send the proof of service to you, after the sheriff serves your papers on the other party. However, in some counties the sheriff may send the proof of service directly to the clerk. If you are instructed to supply a self-addressed, stamped envelope and you receive the proof of service, you should file the proof of service with the clerk after you receive it from the sheriff. Also, you will need to find out how much the sheriff charges to serve the papers. Personal checks are not accepted. You should attach to the summons a cashier’s check or money order made payable to the sheriff, and either give it to the clerk for delivery to the sheriff or send all of the paperwork and the fee to the sheriff yourself. The clerk will tell you which procedure to use. The costs for service may be waived if you are indigent.
If you want a private process server to serve the other party, you should still bring the summons to the clerk’s office and have the clerk sign it for you. You should deliver the summons, along with the copy of your initial petition and any other papers to be served, and a Process Service Memorandum, Florida Supreme Court Approved Family Law Form 12.910(b), to the private process server. The private process server will charge you a fee for serving the papers. After service is complete, proof of service by the private process server must be filed with the clerk. You should discuss how this will occur with the private process server.
IF THE OTHER PARTY LIVES IN ANOTHER COUNTY: If the other party lives in another county, service needs to be made by a sheriff in the county where the other party lives or by a private process server certified in the county where the other party lives. Make sure that you attach a copy of the papers you want personally served to the summons as well as the Process Service Memorandum, Florida Supreme Court Approved Family Law Form 12.910(b). If you want the sheriff to serve the papers, the clerk may send your papers to that sheriffs office for you, or you may have to send the papers yourself. The clerk will tell you which procedure to use. Either way, you will need to provide the sheriff with a stamped envelope addressed to you. This will allow the sheriff to send the proof of service to you, after the sheriff serves your papers on the other party. You should file the proof of service with the clerk after you receive it from the sheriff. Also, you will need to find out how much the sheriff charges to serve the papers. Personal checks are not accepted. You should attach to the summons a cashier’s check or money order made payable to the sheriff, and either give it to the clerk for delivery to the sheriff or send all of the paperwork and the fee to the sheriff yourself. The clerk will tell you which procedure to use. The costs for service may be waived if you are indigent.
If you want a private process server to serve the other party, you should still bring the summons to the clerk’s office where the clerk will sign it for you. You should deliver the summons, along with the copy of your initial petition and any other papers to be served, and a Process Service Memorandum, Florida Supreme Court Approved Family Law Form 12.910(b), to the private process server. *218 The private process server will charge you a fee for serving the papers. After service is complete, proof of service by the private process server must be filed with the clerk. You should discuss how this will occur with the private process server.
IF THE OTHER PARTY CANNOT BE LOCATED OR DOES NOT LIVE IN FLORIDA: If, after you have made a diligent effort to locate the other party, you absolutely cannot locate the other party, you may serve the other party by publication. Service by publication is also known as constructive service. You may also be able to use constructive service if the other party does not live in Florida. However, Florida courts have only limited jurisdiction over a party who is served by constructive service and may have only limited jurisdiction over a party living outside of Florida regardless of whether that party is served by constructive or personal service; that is, the judge’s power to order the other party to do certain things may be limited. For example, the judge may be able to grant your request for a divorce, but the judge may not be able to address issues such as child support, spousal support (alimony), or division of property or debts.
Regardless of the type of service used, if the other party once lived in Florida but is living outside of Florida now, you should include in your petition a statement regarding the length of time the party lived in Florida, if any, and when. For example: “Respondent last lived in Florida from {date}_to {date}_”
This area of the law is very complex and you may need to consult with an attorney regarding the proper type of service to be used in your case if the other party does not live in Florida or cannot be located.
What happens when the papers are served on the other party?
The date and hour of service are written on the original summons and on all copies of it by the person making the service. The person who delivers the summons and copies of the petition must file a proof of service with the clerk or provide a proof of service to you for filing with the court. It is your responsibility to make sure the proof of service has been returned to the clerk and placed in your case file.
Where can I look for more information?
Before proceeding, you should read “General Information for Self-Represented Litigants” found at the beginning of these forms. For further information regarding service of process, see chapters 48 and 49, Florida Statutes, and rule 1.070, Florida Rules of Civil Procedure, as well as the instructions for Notice of Action for Dissolution of Marriage,
Florida Supreme Court Approved Family Law Form 12.913(a), and Affidavit of Diligent Service and Inquiry, Florida Family Law Rules of Procedure Form 12.913(b).
Special notes ...
If you have been unable to obtain proper service on the other party within 120 days after filing your lawsuit, the court will dismiss your lawsuit against the other party unless you can show the court a good reason why service was not made within 120 days. For this reason, if you had the local sheriff serve the papers, you should check with the clerk every couple of weeks after completing the service papers to see if service has been completed. You may need to supply the sheriff with a new or better address. If you had a private process server or a sheriff in another county serve the papers, you should be in contact with that person or sheriff until you re *219 ceive proof of service from that person or sheriff. You should then file the proof of service with the clerk immediately.
If the other party fails to respond, i.e., fails to file a written response with the court, within 20 days after the service of the summons, you are entitled to request a default. See the instructions to Motion for Default, Florida Supreme Court Approved Family Law Form 12.922 (a), and Default, Florida Supreme Court Approved Family Law Form 12.922(b), for further information. You will need to file a Nonmilitary Affidavit, Florida Supreme Court Approved Family Law Form 12.912(b), before a default may be granted.
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
FORM 12.910(a). SUMMONS: PERSONAL SERVICE ON AN INDIVIDUAL
[[Image here]]
SUMMONS: PERSONAL SERVICE ON AN INDIVIDUAL ORDEN DE COMPARECENCIA: SERVICIO PERSONAL EN UN INDIVIDUO CITATION: L’ASSIGNATION PERSONAL SUR UN INDIVIDUEL
TO/PARA/A: {enter other party’s full legal name} -, {address(including city and state)/location for service}-
IMPORTANT
A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint/petition with the clerk of this circuit court, located at: {street address}A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the Court to hear your side of the case.
If you do not file your written response on time, you may lose the case, and your wages, money, and property may be taken thereafter without further warning from the Court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).
If you choose to file a written response yourself, at the same time you file your written response to the Court, you must also mail or take a copy of your written response to the party serving this summons at:
*220 [[Image here]]
Copies of all court documents in this case, including orders, are available at the Clerk of the Circuit Court’s office. You may review these documents, upon request.
You must keep the Clerk of the Circuit Court’s office notified of your current address. (You may file Notice of Current Address, Florida Supreme Court Approved Family Law Form 12.915.) Future papers in this lawsuit will be mailed to the address on record at the clerk’s office.
WARNING: Rule 12.285, Florida Family Law Rules of Procedure, requires certain automatic disclosure of documents and information. Failure to comply can result in sanctions, including dismissal or striking of pleadings.
IMPORTANTE
Usted ha sido demandado legalmente. Tiene veinte (20) dias, contados a partir del recibo de esta notificación, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Localizado en:_Una llamada telefónica no lo protegerá. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podría ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, usted puede consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefónica.
Si desea responder a la demanda por su cuenta, al mismo tiempo en que presente su respuesta ante el tribunal, usted debe enviar por correo o entregar una copia de su respuesta a la persona denominada abajo.
Si usted elige presentar personalmente una respuesta por escrito, en el mismo momento que usted presente su respuesta por escrito al Tribunal, usted debe enviar por correo o llevar una copia de su respuesta por escrito a la parte entregando esta orden de comparencencia a:
Nombre y dirección de la parte que entrega la orden de comparencencia: _
Copias de todos los documentos judiciales de este caso, incluyendo las ordenes, están disponibles en la oficina del Secretario de Juzgado del Circuito [Clerk of the Circuit Court’s office]. Estos documentos pueden ser revisados a su solicitud.
Usted debe de manener informada a la oficina del Secretario de Juzgado del Circuito de su dirección actual. (Usted puede presentar_el Formulario: Ley de Familia de la Florida 12.915, [ Florida Supreme Court Approved Family Law Form 12.915], Notificación de la Dirección Actual [Notice of Current Address].) Los pápelos que se presenten en el futuro en esta demanda judicial serán env ados por correo a la dirección que este registrada en la oficina del Secretario.
ADVERTENCIA: Regla 12.285 (Rule 12.285), de las Reglas de Procedimiento de Ley de Familia de la Florida [Florida Family Law Rules of Procedure], requiere cierta revelación automática de documentos e información. El incumplimient, puede resultar en sanciones, incluyendo la desestimación o anulación de los alegatos.
IMPORTANT
*221 Des poursuites judiciaries ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de Fassignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Qui se trouve a: {L’Adresse}-Un simple coup de telephone est insuffisant pour vous proteger; vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le delai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. II y a d’autres obligations juridiques et vous pouvez requerir les services immediats d’un avocat. Si vous ne connaissez pas d’avocat, vous pourriez telephoner a un service de reference d’avocats ou a un bureau d’assistance juridique (figurant a l’annuaire de telephones).
Si vous ehoisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie au carbone ou une photocopie de votre reponse ecrite a la partie qui vous depose cette citation.
Nom et adresse de la partie qui depose cette citation: -
Les photocopies de tous les documents tribunals de cette cause, y compris des arrets, sont disponible au bureau du greffier. Vous pouvez revue ces documents, sur demande.
II faut aviser le greffier de votre adresse actuelle. (Vous pouvez deposer Florida Supreme Court Approved Family Law Form 12.915, Notice of Current Address.) Les documents de 1’avenir de ce proees seront envoyer a F adresse que vous donnez au bureau du greffier.
ATTENTION: La regie 12.285 des regles de procedure du droit de la famille de la Floride exige que Fon remette certains renseignements et certains documents a la partie adverse. Tout refus de les fournir pourra donner lieu a des sanctions, y compris le rejet ou la suppression d’un ou de plusieurs actes de procedure.
THE STATE OF FLORIDA
TO EACH SHERIFF OF THE STATE: You are commanded to serve this summons and a copy of the complaint in this lawsuit on the above-named person.
[[Image here]]
INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.910(b), PROCESS SERVICE MEMORANDUM
When should this form be used?
You should use this form to give the sheriffs department (or private process server) instructions for serving the other party in your case with the Summons: Personal Service on an Individual, Florida Family Law Rules of Procedure Form 12.910(a), and other papers to be served. On this form, you can tell the sheriffs department the best times to find the person at work and/or at home. You can also include a map to the other person’s home or work place to help the sheriff find the person and deliver the summons. Do not forget to attach to the summons a copy of your initial petition and any other papers *222 you want personally served on the other party.
This form should be typed or printed in black ink. After completing this form, you should file the original with the clerk of the circuit court in the county where your petition was filed and attach a copy to the Summons: Personal Service on an Individual, Florida Family Law Rules of Procedure Form 12.910(a). You should also keep a copy for your records.
Where can I look for more information?
Before proceeding, you should read “General Information for Self-Represented Litigants” found at the beginning of these forms. You should read the instructions for Summons: Personal Service on an Individual, Florida Family Law Rules of Procedure Form 12.910(a), for additional information.
Special notes ...
If this is a domestic violence case and you want to keep your address confidential for safety reasons, do not enter your address, telephone, and fax information at the bottom of this form. Instead, write “confidential” in the spaces provided for that information and file Petitioner’s Request for Confidential Filing of Address, Florida Supreme Court Approved Family Law Form 12.980(i).
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
FORM 12.910(b). PROCESS SERVICE MEMORANDUM
IN THE CIRCUIT COURT OF THE_JUDICIAL CIRCUIT, IN AND FOR_COUNTY, FLORIDA
[[Image here]]
PROCESS SERVICE MEMORANDUM
[[Image here]]
*223 If the party to be served owns, has, and/or is known to have guns or other weapons, describe what type of weapon(s): -
[[Image here]]
Signature of Party
* Printed Name: _
* Address: _
* City, State, Zip:_
* Telephone Number:_:_
* Pax Number:_
* If this is a domestic violence case, do not enter this information if your address or telephone number need to be kept confidential for safety reasons; instead write “confidential” in the spaces provided and file Florida Supreme Court Approved Family Law Form 12.9800), Petitioner’s Request for Confidential Filing of Address.
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW: [ fill in all blanks]
I, {full legal name and trade name of nonlauryer} -;-, a nonlawyer, located at {street} -, {city} -, {state} _, {phone} _, helped {name} -, who is the petitioner, fill out this form.
INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.912(a), MEMORANDUM FOR CERTIFICATE OF MILITARY SERVICE
When should this form be used?
This form should be used if you DO NOT KNOW whether the other party in your case is on active duty in a branch of the military service of the United States. Fill out this form and mail one copy to each of the military offices at the addresses on the form. You may be charged a service fee by each military service branch for their response. To assist you in determining the amount of each military branch’s fee, phone numbers are listed below. You will need to call each number to find out their fee for this search. Even if you believe that the other party has never or would never join the military, you must show the court proof that he or she is not a member of the military. Therefore, you may need to use this form to provide the court with such proof. See the instructions for the Nonmilitary Affidavit, Florida Supreme Court Approved Family Law Form 12.912(b), for additional information.
COAST GUARD: U.S. Coast Guard Commander (CGPC-ADM-3), Coast Guard Personnel Command, 2100 2nd St., S.W., ■ Room 1616, Washington, D. C. 20593, Phone: (202) 267-1340
AIR FORCE: AFPC MSIMDL, 550 C Street, W., Suite 50, Randolph AFB, TX 78150-4752, Phone: (210) 652-5775
NAVY: BUPERS, PERS 02116, 2 Navy Annex, Washington, D. C. 20370-0216, Phone: (703) 614-5011 or (703) 614-9221
MARINE CORPS: USMC-CMC, HQMC-MMSB-10, 2008 Elliot Road, Room 201, Quantico, VA 22134-5030, Phone: (703) 784-3941
PUBLIC HEALTH SERVICE: Surgeon General, U.S. Public Health Service, Div. of Comm., Off. Personnel, 5600 Fishers Lane, Room 4-21, Rockville, MD 20857, Phone: (301) 594-2963
*224 ARMY: Army World Wide Locator, U.S. Army Enlisted Records and Evaluation Center, 8899 East 56th Street, Indianapolis, IN 46249-5301, Phone: (703) 325-3732
This form should be typed or printed in black ink. You should complete this form for each branch of the United States’ military listed above, and mail the form to each branch with a check for the appropriate amount and a stamped, self-addressed envelope. You should keep a copy of the form for your records. After you have received a verification of nonmilitary status from each branch, you will need to attach those verifications to a Nonmilitary Affidavit, Florida Supreme Court Approved Family Law Form 12.912(b), for filing with the clerk.
Special notes ...
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900 (a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
FORM 12.912(a). MEMORANDUM FOR CERTIFICATE OF MILITARY SERVICE
IN THE CIRCUIT COURT OF THE_JUDICIAL CIRCUIT, IN AND FOR_COUNTY, FLORIDA
[[Image here]]
MEMORANDUM FOR CERTIFICATE OF MILITARY SERVICE
TO: ( ) U.S. Coast Guard Commander (CGPC-ADM-3), Coast Guard Personnel Command, 2100 2nd St., S.W., Room 1616, Washington, D. C. 20593
( ) AFPC MSIMDL, 550 C Street, W., Suite 50, Randolph AFB, TX 78150-4752
( ) BUPERS, PERS 02116, 2 Navy Annex, Washington, D. C. 20370-0216
( ) USMC-CMC, HQMC-MMSB-10, 2008 Elliot Road, Room 201, Quantico, VA 22134-5030
( ) Surgeon General, U.S. Public Health Service, Div. of Comm., Off. Personnel, 5600 Fishers Lane, Room 4-21, Rockville, MD 20857
( ) Army World Wide Locator, U.S. Army Enlisted Records and Evaluation Center, 8899 East 56th Street, Indianapolis, IN 46249-5301
RE: _ _!_ {Name of Respondent} {Respondent’s Social Security Number}
This case involves a family matter. It is imperative that a determination be made whether the above-named individual, who has an interest in these proceedings, is presently in the military service of the United States, and the dates of induction and discharge, if any. This information is requested under section 581 of the Soldiers’ and Sailors’ Civil Relief Act of 1940, as amended. Please supply a verification as soon as possible. My check for $_for your search fee and a self-addressed, stamped envelope are enclosed.
*225 Dated:
Signature of Petitioner
Printed Name: _
Address: _
City, State, Zip: _
Telephone Number: _
Fax Number: _
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW: [ fill in all blanks]
I, {full legal name and trade name of norilatwyer} -, a nonlawyer, located at {street} -, {city} -, {state} _, {phone} _, helped {name} -, who is the petitioner, fill out this form.
INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.912(b), NONMILITARY AFFIDAVIT
When should this form be used?
You should use this form when ALL of the following statements are true:
• The other person in your case has been served, whether by personal service or constructive service.
• The other person in your case has not responded to your petition.
• You are requesting that the court enter a default judgment against the other person.
• You ABSOLUTELY KNOW FOR CERTAIN that the other person is NOT in the military service.
This 'form should be typed or printed in black ink. After completing this form, you should sign the form before a notary public or deputy clerk. You must file the original of this form with the clerk of the circuit court when you file your Motion for Default, Florida Supreme Court Approved Family Law Form 12.922(a). You must also attach copies of all verifications of nonmilitary service that you received from each branch of the United States’ military service. You should keep a copy for your records.
Special notes ...
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900 (a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
FORM 12.912(b). NONMILITARY AFFIDAVIT
IN THE CIRCUIT COURT OF THE_JUDICIAL CIRCUIT, IN AND FOR_COUNTY, FLORIDA
[[Image here]]
*226 Respondent.
NONMILITARY AFFIDAVIT
I, {full legal name}_, being sworn, certify that the following information is true:
[/ all that apply]
_ 1. I know of my own personal knowledge that Respondent is not on active duty in the armed services of the United States.
_ 2. I have inquired of the armed services of the United States and the U.S. Public Health Service to determine whether the Respondent is a member of the armed services and am attaching certificates stating that Respondent is not now in the armed services.
I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this affidavit and that the punishment for knowingly making a false statement includes fines and/or imprisonment.
Dated: _ _
Signature of Petitioner
Printed Name: _
Address: _
City, State, Zip: _
Telephone Number:_
Pax Number:_
STATE OF FLORIDA COUNTY OF _
Sworn to or affirmed and signed before me on_by_
NOTARY PUBLIC or DEPUTY CLERK
[Print, type, or stamp commissioned name of notary or clerk.]
_ Personally known
_ Produced identification
Type of identification produced_
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW: [ fill in all blanks]
I, {full legal name and trade name of nonlawyer} _, a nonlawyer, located at {street} _, {city} _, {state} _, {phone} _, helped {name} _, who is the petitioner, fill out this form.
INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.913(a), NOTICE OF ACTION FOR DISSOLUTION OF MARRIAGE
When should this form be used?
This form may be used to obtain constructive service (also called service by publication) in a dissolution of marriage case if you do not know where your spouse lives or if your spouse lives outside Florida and you are unable to obtain personal service. However, if you use constructive service, the court may grant only limited relief because its jurisdiction is limited. For example, the court can grant your divorce *227 but cannot decide issues of child support, spousal support (alimony), or division of property or debts. This is a complicated area of the law and you may wish to consult an attorney before using constructive service.
You should complete this form by typing or printing the appropriate information in black ink. You should insert your spouse’s name and last known address and then file this form with the clerk of the circuit court in the county where your petition for dissolution of marriage was filed. You must also complete and file an Affidavit of Diligent Search and Inquiry, Florida Family Law Rules of Procedure Form 12.913(b). You should keep a copy for your records.
After the Affidavit of Diligent Search and Inquiry, Florida Family Law Rules of Procedure Form 12.913(b),* is filed, the clerk will sign this form. The form must then be given to a qualified local newspaper to be published for four consecutive weeks. When in doubt, ask the clerk which newspapers in your area are “qualified.” The newspaper will charge you for this service. If you cannot afford to pay the cost of publication of this notice in a qualified newspaper, you may ask the clerk to post the notice at a place designated for such postings. You will need to file an Affidavit of Indigency, Florida Supreme Court Approved Family Law Form 12.902(a). If the clerk determines that you cannot afford these costs, the clerk will post the notice of action. In Dade, Bro-ward, and Duval counties, you may ask the clerk to publish your notice without charge.
Where can I look for more information?
Before proceeding, you should read “General Information for Self-Represented Litigants” found at the beginning of these forms. For further information, see rule 12.070, Florida Family Law Rules of Procedure, and rule 1.070, Florida Rules of Civil Procedure.
Special notes ...
If the other party fails to respond to your petition within the time limit stated in the notice of action that is published or posted, you are entitled to request a default. (See Motion for Default, Florida Supreme Court Approved Family Law Form 12.922(a), and Default, Florida Supreme Court Approved Family Law Form 12.922(b).)
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900 (a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
FORM 12.913(a). NOTICE OF ACTION FOR DISSOLUTION OF MARRIAGE
IN THE CIRCUIT COURT OF THE_JUDICIAL CIRCUIT, IN AND FOR_COUNTY, FLORIDA
[[Image here]]
*228 [[Image here]]
NOTICE OF ACTION FOR DISSOLUTION OF MARRIAGE
TO: {name of Respondent} _ {Respondent’s last known address} _
YOU ARE NOTIFIED that an action has been filed against you and that you are required to serve a copy of your written defenses, if any, to it on {name of Petitioner}_, whose address is-on or before {date}_, and file the original with the clerk of this Court at {clerk’s address} _, before service on Petitioner or immediately thereafter. If you fail to do so, a default may be entered against you for the relief demanded in the petition.
Copies of all court documents in this case, including orders, are available at the Clerk of the Circuit Court’s office. You may review these documents upon request.
You must keep the Clerk of the Circuit Court’s office notified of your current address. (You may file Notice of Current Address, Florida Supreme Court Approved Family Law Form 12.915.) Future papers in this lawsuit will be mailed to the address on record at the clerk’s office.
WARNING: Rule 12.285, Florida Family Law Rules of Procedure, requires certain automatic disclosure of documents and information. Failure to comply can result in sanctions, including dismissal or striking of pleadings.
Dated:_CLERK OF THE CIRCUIT COURT
By: - Deputy Clerk
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW: [ fill in all blanks]
I, {full legal name and trade name of nonlawyer} _, a nonlawyer, located at {street} _, {city} _ {state} _, {phone} _, who is the petitioner, fill out this form. helped {name} _,
INSTRUCTIONS FOR FLORIDA FAMILY LAW RULES OF PROCEDURE FORM 12.913(b), AFFIDAVIT OF DILIGENT SEARCH AND INQUIRY
When should this form be used?
This form is to be used with Notice of Action for Dissolution of Marriage, Florida Supreme Court Approved Family Law Form 12.913(a), to obtain constructive service (also called service by publication) in a dissolution of marriage case. This form includes a checklist of places you can look for information on the location of your spouse. While you do not have to look in all of these places, the court must believe that you have made a very serious effort to get information about your spouse’s location and that you have followed up on any information you received.
This form should be typed or printed in black ink. After completing this form, you should sign the form before a notary public or deputy clerk. You should file the *229 original and a Notice of Action for Dissolution of Marriage, Florida Supreme Court Approved Family Law Form 12.913(a), with the clerk of the circuit court in the county where your petition for dissolution of marriage is filed. You should keep a copy for your records.
Where can I look for more information?
Before proceeding, you should read “General Information for Self-Represented Litigants” found at the beginning of these forms. For further information, see rule 12.070, Florida Family Law Rules of Procedure and rule 1.070(e) and (f), Florida Rules of Civil Procedure.
Special notes ...
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
FORM 12.913(b). AFFIDAVIT OF DILIGENT SEARCH AND INQUIRY
IN THE CIRCUIT COURT OF THE_JUDICIAL CIRCUIT, IN AND FOR_COUNTY, FLORIDA
[[Image here]]
AFFIDAVIT OF DILIGENT SEARCH AND INQUIRY
I, {full legal name}_, being sworn, certify that the following information is true:
1. I have made diligent search and inquiry to discover the name and current residence of Respondent: {Specify details of search} Refer to checklist below and identify all actions taken (any additional information included such as the date the action was taken and the person with whom you spoke is helpful) (attach additional sheet if necessary):
[/ all that apply]
_ United States Post Office inquiry through Freedom of Information Act for current address or any relocations.
_ Last known employment of Respondent, including name and address of employer. You should also ask for any addresses to which W-2 Forms were mailed, and, if a pension or profit-sharing plan exists, then for any addresses to which any pension or plan payment is and/or has been mailed.
_ Unions from which Respondent may have worked or that governed particular trade or craft.
_ Regulatory agencies, including professional or occupational licensing.
_ Names and addresses of relatives and contacts with those relatives, and inquiry as to Respondent’s last known address. You are to follow up any leads of any addresses where Respondent may have moved. Relatives include, but are not limited to: parents, *230 brothers, sisters, aunts, uncles, cousins, nieces, nephews, grandparents, great-grandparents, former in-laws, stepparents, stepchildren.
_ Information about the Respondent’s possible death and, if dead, the date and location of the death.
.__ Telephone listings in the last known locations of Respondent’s residence.
— Internet at http://www.switchboard.com or other Internet people finder or the library-checked for me.
._ Law enforcement arrest and/or criminal records in the last known residential area of Respondent.
— Highway Patrol records in the state of Respondent’s last known address.
— Department of Motor Vehicle records in the state of Respondent’s last known address.
— Department of Corrections records in the state of Respondent’s last known address.
— Title IV-D (child support enforcement) agency records in the state of Respondent’s last known address.
— Hospitals in the last known area of Respondent’s residence.
.__ Utility companies, which include water, sewer, cable TV, and electric, in the last known area of Respondent’s residence.
— Letters to the Armed Forces of the U.S. and their response as to whether or not there is any information about Respondent. (See Memorandum for Certificate of Military Service, Florida Supreme Court Approved Family Law Form 12.912(a).)
— Tax Assessor’s and Tax Collector’s Office in the area where Respondent last resided.
[[Image here]]
2. The age of Respondent is [/ one only] ( ) known {enter age}_or ( ) unknown.
3. Respondent’s current residence
[/ one only]
_ a. Respondent’s current residence is unknown to me.
— b. Respondent’s current residence is in some state or country other than Florida, and Respondent’s last known address is:_
— c. The Respondent, having residence in Florida, has been absent from Florida for more than 60 days prior to the date of this affidavit, or conceals him(her)self so that process cannot be served personally upon him or her, and I believe there is no person in the state upon whom service of process would bind this absent or concealed Respondent.
I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this affidavit and that the punishment for knowingly making a false statement includes fines and/or imprisonment.
Dated: _ _
Signature of Petitioner
Printed Name: _
Address: _
City, State, Zip: _
Telephone Number: _
Fax Number: _
STATE OF FLORIDA COUNTY OF _
Sworn to or affirmed and signed before me on_by_
NOTARY PUBLIC or DEPUTY CLERK
*231 _ [Print, type, or stamp commissioned name of notary or clerk.]
_ Personally known
_ Produced identification
Type of identification produced-
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW: [ fill in all blanks]
I, {full legal name and trade name of nonlawyer} -, a nonlawyer, located at {street} -, {city} -, {state} _, {phone} _, helped {name} -, who is the petitioner, fill out this form.
INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.914, CERTIFICATE OF SERVICE
When should this form be used?
After the petition has been properly served (through either a personal service or constructive service), both parties must send copies of all additional documents or papers they file with the clerk to the other party or his or her attorney, if he or she has one. Each time you file a document, you must certify that you provided the other party with a copy. Many of the Florida Family Law Forms already have a place above the signature line for this certification. It looks like this:
I certify that a copy of this document was [/ one only] ( ) mailed ( ) faxed and mailed ( ) hand-delivered to the person(s) listed below on {date}-
Other party or his/her attorney: Name:
Address: -
City, State, Zip: -
Fax Number: _
If a form you are filing has a certificate, you do not need to file a separate Certificate of Service, Florida Supreme Court Approved Family Law Form 12.914. However, each time you file a document that does not have a certificate like the one above, you must file a Certificate of Service, Florida Supreme Court Approved Family Law Form 12.914, and send a copy of the document to the other party. This includes letters to the judge.
This form should be typed or printed in black ink. After completing this form (giving the name of each form, document, or paper filed), you should sign the form before a notary public or deputy clerk. You should file the original with the clerk of the circuit court in the county where your case was filed and keep a copy for your records.
The copy you are providing to the other party must be mailed (postmarked) or delivered to the opposing party or his or her attorney on the same day indicated on the certificate of service.
Where can I look for more information?
Before proceeding, you should read “General Information for Self-Represented Litigants” found at the beginning of these forms. For more information, see rule 1.080, Florida Rules of Civil Procedure and rule 12.080, Florida Family Law Rules of Procedure.
Special notes ...
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900 (a), be *232 fore he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
FORM 12.914. CERTIFICATE OF SERVICE
[[Image here]]
CERTIFICATE OF SERVICE
I certify that a copy of {name of document(s)} _ was [/ one only] ( ) mailed ( ) faxed and mailed ( ) hand delivered to the person listed below on {date}_
Other party or his/her attorney:
Name: _
Address: _
City, State, Zip: _
Fax Number: _
Signature of Party
Printed Name: _:_
Address: _
City, State, Zip: _
Telephone Number: _
Pax Number: _
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW: [ fill in all blanks]
I, {full legal name and trade name of nonlawyer} _, a nonlawyer, located at {street} _, {city} _, {state} -, {phone} _, helped {name} _, who is the [/ one only] - petitioner or _ respondent, fill out this form.
INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.915, NOTICE OF CURRENT ADDRESS
When should this form be used?
This form should be used to inform the clerk and the other party of your current address or any change of address. It is very important that the court and the other party in your case have your correct address.
This form should be typed or printed in black ink. After completing this form, you should file the original with the clerk of the circuit court in the county where your case is filed and keep a copy for your records.
*233 What should I do next?
A copy of this form must be mailed or hand delivered to any other party in your case.
Where can I look for more information?
Before proceeding, you should read “General Information for Self-Represented Litigants” found at the beginning of these forms.
Special notes ...
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
FORM 12.915. NOTICE OF CURRENT ADDRESS
IN THE CIRCUIT COURT OF THE_JUDICIAL CIRCUIT, IN AND FOR_COUNTY, FLORIDA
[[Image here]]
NOTICE OF CURRENT ADDRESS
I, {full legal name} _, being sworn, certify that my current address is: {street} - {City} -, {State} -• {Zip} _, {Telephone No.}_{Fax No.}-
I understand that I must keep the clerk’s office notified of my current address and that all future papers in this lawsuit will be mailed to the address on record at the clerk’s office.
I certify that a copy of this document was [/ one only] ( ) mailed ( ) faxed and mailed ( ) hand-delivered to the person(s) listed below on {date}-
Other party or his/her attorney:
Name: -
Address: -
City, State, Zip: -
Fax Number: -
[[Image here]]
*234 NOTARY PUBLIC or DEPUTY CLERK
[Print, type, or stamp commissioned name of notary or clerk.]
_ Personally known
_ Produced identification
(Type of identification produced)_
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW: [ fill in all blanks]
I, {full legal name and trade name of nonlawyer} _, a nonlawyer, located at {street} _, {city} _, {state} _, {phone} _, helped {name} _, who is the [/ one only]_petitioner or_respondent, fill out this form.
INSTRUCTIONS FOR FLORIDA FAMILY LAW RULES OF PROCEDURE FORMS 12.920(a), MOTION FOR REFERRAL TO GENERAL MASTER, 12.920(b), ORDER OF REFERRAL TO GENERAL MASTER, and 12.920(c), NOTICE OF HEARING BEFORE GENERAL MASTER
When should these forms be used?
A general master is an attorney appointed by a .judge to take testimony and recommend decisions on certain matters connected with a divorce. These recommendations are then reviewed by the judge and are generally approved unless contrary to the law or the facts of the case. The primary purposes of having general masters hear family law matters are to reduce the costs of litigation and to speed up cases. Either party may request that their case, or portions of their case, be heard by a general master by filing Motion for Referral to General Master, Florida Family Law Rules of Procedure Form 12.920(a). You must also prepare an Order of Referral to General Master, Florida Family Law Rules of Procedure Form 12.920(b), to submit to the judge assigned to your case. Many times, the court, either on its own motion or under current administrative orders of the court, may refer your case to a general master. Even in those instances, you may be required to prepare and submit an Order of Referral to General Master, Florida Family Law Rules of Procedure Form 12.920(b), to the judge. Once a general master has been appointed to your case, the general master will assign a time and place for a hearing as soon as reasonably possible after the referral is made. The general master will give notice of that hearing to each of the parties directly or will direct a party or attorney in the case to file and serve a notice of hearing on the other party. If you are asked to send the notice of hearing, you will need to use the form entitled Notice of Hearing Before General Master, Florida Family Law Rules of Procedure Form 12.920(c). Regardless of who prepares the notice of hearing, the moving party (the one who requested referral to the general master) is required to have the notice properly served on the other party. These forms should be typed or printed in black ink. After completing this form, you should file the original with the clerk of the circuit court in the county where your case is filed and keep a copy for your records.
What should I do next?
If you are filing a Motion for Referral to General Master, Florida Family Law *235 Rules of Procedure Form 12.920(a), you need to send or deliver your motion directly to the judge assigned to your case, along with an Order of Referral to General Master, Florida Family Law Rules of Procedure Form 12.920(b), and an addressed, stamped envelope for each party in the case. The judge will then either grant or deny the motion, usually without a hearing.
If you are required to submit a Order of Referral to General Master, Florida Family Law Rules of Procedure Form 12.920(b), to the judge assigned to your case, you will need to send or deliver the order directly to the judge, along with addressed, stamped envelopes for each party in the caset
The party who prepares any of these forms must file the original with the clerk of the circuit court. A copy of the motion must be mailed or hand delivered to any other party in your case.
Where can I look for more information?
Before proceeding, you should read “General Information for Self-Represented Litigants” found at the beginning of these forms. For further information, see rule 12.490, Florida Family Law Rules of Procedure.
Special notes ...
IMPORTANT: After the judge refers your case to a general master, either party (including the party who was required to prepare and submit the Order of Referral) may object to the referral within 10 days of the date that the referral is made (if the Order of Referral is served by mail, the parties have an additional 5 days within which to object to the referral). Every litigant is entitled to have his or her case heard by a judge. However, before you decide to object to an Order of Referral to General Master, you should consider the potential extra costs and time delays that may result from having a judge hear your case instead of a general master. You may want to speak with an attorney in your area who can assist you in making a more informed decision regarding whether you should file an objection to an Order of Referral to General Master.
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
FORM 12.920(a). MOTION FOR REFERRAL TO GENERAL MASTER
[[Image here]]
MOTION FOR REFERRAL TO GENERAL MASTER
*236 [[Image here]]
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW: [ fill in all blanks]
I, {¡full legal name and trade name of nonlawyer} _, a nonlawyer, located at {street} _, {city} _, {state} _, {phone} _, helped {name} _, who is the [/ one only]_petitioner or__ respondent, fill out this form.
FORM 12.920(b). ORDER OF REFERRAL TO GENERAL MASTER
[[Image here]]
ORDER OF REFERRAL TO GENERAL MASTER THIS CASE IS REFERRED TO THE GENERAL MASTER on the following issues:
1. _
2. _
3. _
4. _
AND ANY OTHER MATTER RELATED THERETO.
*237 IT IS FURTHER ORDERED that the above issues are referred to General Master {name} -, for further proceedings, under rule 12.490 of the Florida Family Law Rules of Procedure and current administrative orders of the Court. Financial Affidavits, Florida Family Law Rules of Procedure Form 12.902(b) or (c), shall be filed in accordance with Florida Family Law Rule of Procedure 12.285. The General Master is authorized to administer oaths and conduct hearings, which may include taking of evidence, and shall file a report and recommendations that contain findings of fact, conclusions of law, and the name of the court reporter, if any.
The General Master shall assign a time for the proceedings as soon as reasonably possible after this referral is made and shall give notice to'each of the parties either directly or by directing counsel or a party to file and serve a notice of hearing.
Counties within the State of Florida may have different rules. Please consult the ( ) Clerk of the Court ( ) Family Law Intake Staff ( ) other _ relating to this procedure.
A REFERRAL TO A GENERAL MASTER REQUIRES THE CONSENT OF ALL PARTIES. YOU ARE ENTITLED TO HAVE THIS MATTER HEARD BY A JUDGE. IF YOU DO NOT WANT TO HAVE THIS MATTER HEARD BY THE GENERAL MASTER, YOU MUST FILE A WRITTEN OBJECTION TO THE REFERRAL WITHIN 10 DAYS OF THE TIME OF SERVICE OF THIS ORDER. IF THE TIME SET FOR THE HEARING IS LESS THAN 10 DAYS AFTER SERVICE OF THIS ORDER, THE OBJECTION MUST BE MADE BEFORE THE HEARING. IF THIS ORDER IS SERVED WITHIN THE FIRST 20 DAYS AFTER SERVICE OF PROCESS, THE TIME TO FILE AN OBJECTION IS EXTENDED TO THE TIME WITHIN WHICH A RESPONSIVE PLEADING IS DUE. FAILURE TO FILE A WRITTEN OBJECTION WITHIN THE APPLICABLE TIME PERIOD IS DEEMED TO BE A CONSENT TO THE REFERRAL.
If either party files a timely objection, this matter shall be returned to the undersigned judge with a notice stating the amount of time needed for hearing.
REVIEW OF THE REPORT AND RECOMMENDATIONS MADE BY THE GENERAL MASTER SHALL BE BY EXCEPTIONS AS PROVIDED IN RULE 12.490(f), FLORIDA FAMILY LAW RULES OF PROCEDURE. A RECORD, WHICH INCLUDES A TRANSCRIPT, MAY BE REQUIRED TO SUPPORT EXCEPTIONS.
YOU ARE ADVISED THAT IN THIS CIRCUIT:
_ a. electronic recording is provided by the court. A party may provide a court reporter at that party’s expense.
_ b. a court reporter is provided by the court.
SHOULD YOU WISH TO SEEK REVIEW OF THE REPORT AND RECOMMENDATION MADE BY THE GENERAL MASTER, YOU MUST FILE EXCEPTIONS IN ACCORDANCE WITH RULE 12.490(f), FLORIDA FAMILY LAW RULES OF PROCEDURE. YOU WILL BE REQUIRED TO PROVIDE THE COURT WITH A RECORD SUFFICIENT TO SUPPORT YOUR EXCEPTIONS, OR YOUR EXCEPTIONS WILL BE DENIED. A RECORD ORDINARILY INCLUDES A WRITTEN TRANSCRIPT OF ALL RELEVANT PROCEEDINGS. THE PERSON SEEKING REVIEW MUST HAVE THE TRANSCRIPT PREPARED IF NECESSARY FOR THE COURT’S REVIEW.
ORDERED on_
CIRCUIT JUDGE
*238 COPIES TO:
Petitioner (or his or her attorney)
Respondent (or his or her attorney)
General Master
FORM 12.920(c). NOTICE OF HEARING BEFORE GENERAL MASTER
IN THE CIRCUIT COURT OF THE_JUDICIAL CIRCUIT, IN AND FOR_COUNTY, FLORIDA
[[Image here]]
If the matter before the General Master is a Motion for Civil Contempt/Enforcement, FAILURE TO APPEAR AT THE HEARING MAY RESULT IN THE COURT ISSUING A WRIT OF BODILY ATTACHMENT FOR YOUR ARREST. IF YOU ARE ARRESTED, YOU MAY BE HELD IN JAIL UP TO 48 HOURS BEFORE A HEARING IS HELD.
PLEASE GOVERN YOURSELF ACCORDINGLY.
This part to be filled out by the court or filled in with information you have obtained from the court:
If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact {name} _, {address}_, {telephone}_, within 2 working days of your receipt of this Notice of Hearing. If you are hearing or voice impaired, call TDD 1-800-955-8771.
SHOULD YOU WISH TO SEEK REVIEW OF THE REPORT AND RECOMMENDATION MADE BY THE GENERAL MASTER, YOU MUST FILE EXCEPTIONS IN ACCORDANCE WITH RULE 12.490(f), FLORIDA FAMILY LAW RULES OF PROCEDURE. YOU WILL BE REQUIRED TO PROVIDE THE COURT WITH A RECORD SUFFICIENT TO SUPPORT YOUR EXCEPTIONS, OR YOUR EXCEPTIONS WILL BE DENIED. A RECORD ORDINARILY INCLUDES A WRITTEN TRANSCRIPT OF ALL RELEVANT PROCEEDINGS. THE PERSON SEEKING REVIEW MUST HAVE THE TRANSCRIPT PREPARED IF NECESSARY FOR THE COURT’S REVIEW.
*239 YOU ARE HEREBY ADVISED THAT IN THIS CIRCUIT:
_ a. electronic recording is provided by the court. A party may provide a court reporter at that party’s expense.
_ b. a court reporter is provided by the court.
If you are represented by an attorney or plan to retain an attorney for this matter you should notify the attorney of this hearing.
If this matter is resolved, the moving party shall contact the General Master’s Office to cancel this hearing.
I certify that a copy of this document was [/ one only] ( ) mailed ( ) faxed and mailed ( ) hand delivered to the person(s) listed below on {date}_
Other party or his/her attorney:
Name: _
Address: -
City, State, Zip: _
Fax Number: _
Dated: -
Signature of Party
Printed Name: _
Address: _
City, State, Zip:_
Telephone Number:_
Pax Number: _
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW: [ fill in all blanks]
I, {full legal name and trade name of nonlawyer} _, a nonlawyer, located at {street} _____, {city} -, {state} _, {phone} _, who is the [ one only]____. petitioner or_ helped {name} __, _ respondent, fill out this form.
INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.921, NOTICE OF HEARING (CHILD SUPPORT ENFORCEMENT HEARING OFFICER)
When should this form be used?
A child support enforcement hearing officer is an attorney who has been appointed by administrative order of the court to take testimony and recommend decisions in cases involving the establishment, enforcement, and/or modification of child support. If your case only involves issues pertaining to child support, you cannot object to the referral of your case to a hearing officer.
Use this form anytime you have set a hearing before a child support enforcement hearing officer and have been instructed to send notice of the hearing to the other party. Before you fill out this form, you should coordinate a hearing time and date with the hearing officer and the other party. If the Department of Revenue is a party to the case, you may need to schedule your hearing time with the attorney for the Department of Revenue.
This form should be typed or printed in black ink. After completing this form, you *240 should file the original with the clerk of the circuit court in the county where your case is filed and keep a copy for your records.
What should I do next?
A copy of this form must be mailed or hand delivered to the other party in your case.
Where can I look for more information?
Before proceeding, you should read “General Information for Self Represented Litigants” found at the beginning of these forms. For further information, See Rule 12.941, Florida Family Law Rules of Procedure.
Special notes ...
An attorney who has been appointed by the court to serve as a child support enforcement hearing officer can also be appointed to serve as a general master. If your case involves only child support issues, your case properly may be referred to a general master acting as a child support enforcement hearing officer.
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900 (a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
FORM 12.921. NOTICE OF HEARING (CHILD SUPPORT ENFORCEMENT HEARING OFFICER)
[[Image here]]
NOTICE OF HEARING (CHILD SUPPORT ENFORCEMENT HEARING OFFICER)
TO: {name of other party} _
[[Image here]]
If the matter before the Child Support Enforcement Hearing Officer is a Motion for Civil Contempt/Enforcement, FAILURE TO APPEAR AT THE HEARING MAY RESULT IN THE COURT ISSUING A WRIT OF BODILY ATTACHMENT FOR Y OUR ARREST. IF YOU ARE ARRESTED, YOU MAY BE HELD IN JAIL UP TO 48 HOURS BEFORE A HEARING IS HELD.
*241 This part to be filled out by the court or filled in with information you have obtained from the court:
If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact {name} -, {address}_{telephone}_within 2 working days of your receipt of this Notice of Hearing. If you are hearing or voice impaired, call TDD 1-800-955-8771.
If you are represented by an attorney or plan to retain an attorney for this matter, you should notify the attorney of this hearing.
If this matter is resolved, the moving party shall contact the hearing officer’s office to cancel this hearing.
I certify that a copy of this document was [/ one only] ( ) mailed ( ) faxed and mailed ( ) hand delivered to the person(s) listed below on {date}-
Other party or his/her attorney:
Name: -
Address: _
City, State, Zip: -
Fax Number: _
Dated: -
Signature of Party
Printed Name:_
Address: _
City, State, Zip:_
Telephone Number: _
Fax Number: _
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW: [ fill in all blanks]
I, {full legal name and trade name of nonlawyer} -, a nonlawyer, located at {street} -, {city} -, {state} _, {phone} _, helped {name} _, who is the [/ one only]_petitioner or_respondent, fill out this form.
INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORMS 12.922(a), MOTION FOR DEFAULT, and 12.922(b), DEFAULT
When should these forms be used?
If the other party has failed to file or serve any documents within 20 days after the date of service of your petition, you may ask the clerk of the circuit court to enter a default against him or her by filling out this form and filing it with the court. Generally, a default allows you to obtain an earlier final hearing to finish your case. Once the default is signed by the clerk, you can request a trial or final hearing in your case.
To obtain a default, you will need to complete Motion for Default, Florida Supreme Court Approved Family Law Form 12.922(a). You will then need to file your motion for default along with the Default, Florida Supreme Court Approved Family Law Form 12.922(b), so that the clerk can enter a default for you if your motion is proper.
*242 This form should be typed or printed in black ink. After completing this form, you should file the original with the clerk of the circuit court in the county where you filed your petition and keep a copy for your records.
What should I do next?
After the default has been entered, you must ask for a hearing, so that the judge can consider your petition. To do this, you must contact the clerk’s office,' family law intake staff, or judicial assistant to schedule a hearing and file a Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923, with the clerk. A copy of the notice of hearing must be mailed or hand-delivered to each party in the case. You must send a notice of final hearing to the defaulted party.
Where can I look for more information?
Before proceeding, you should read “General Information for Self-Represented Litigants” found at the beginning of these forms. For further information, see rule 1.500, Florida Rules of Civil Procedure, concerning defaults and rule 1.140, Florida Rules of Civil Procedure, concerning the time within which a party can file an answer or other responsive pleading to a petition. See also rule 12.080, Florida Family Law Rules of Procedure.
Special notes ...
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900 (a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
FORM 12.922(a). MOTION FOR DEFAULT
[[Image here]]
MOTION FOR DEFAULT
TO THE CLERK OF THE CIRCUIT COURT:
PLEASE ENTER A DEFAULT AGAINST RESPONDENT WHO HAS FAILED TO RESPOND TO THE PETITION.
I certify that a copy of this document was [/ one only] ( ) mailed ( ) faxed and mailed ( ) hand delivered to the person(s) listed below on {date}_
Other party or his/her attorney:
*243 [[Image here]]
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW: [ fill in all blanks]
I, {full legal name and trade name of nonlawyer} -:-, a nonlawyer, located at {street} -, {city} -, {state}_, {phone} _, helped {name}-, who is the petitioner, fill out this form.
FORM 12.922(b). DEFAULT
IN THE CIRCUIT COURT OF THE_JUDICIAL CIRCUIT, IN AND FOR_COUNTY, FLORIDA
[[Image here]]
DEFAULT
A default is entered in this action against Respondent for failure to serve or file a response or any paper as is required by law.
[[Image here]]
*244 Signature of Petitioner
Printed Name: _
Address: _
City, State, Zip: _
Telephone Number: _
Fax Number: _
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW: [ fill in all blanks]
I, {full legal name and trade name of nonlawyer} _, a nonlawyer, located at {street} _, {city} _, {state} _, {phone} _, helped {name} _, who is the petitioner, fill out this form.
INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.922(c), MOTION TO SET ASIDE DEFAULT OR DEFAULT JUDGMENT
When should this form be used?
If a default or default judgment has been entered against you, and you believe, because of a mistake, inadvertence, excusable neglect, newly discovered evidence, or fraud, that it should not have been entered against you, you can use this form to request that the court set aside the default or default judgment.
This form should be typed or printed in black ink. After completing this form, you should sign the form before a notary public or deputy clerk. You should file the original with the clerk of the circuit court in the county where the default was entered and keep a copy for your records.
What should I do next?
After you file this form with the clerk and serve a copy on the other party in the case, you must schedule a hearing so that the court can consider your motion. You should contact the clerk, family law intake staff, or judicial assistant to schedule a hearing. Once you have scheduled the hearing date and time, you will need to complete and send out, a notice for that hearing. To do so, use Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.
Where can I look for more information?
Before proceeding, you should read “General Information for Self-Represented Litigants” found at the beginning of these forms. For further information, see rule 12.540, Florida Family Law Rules of Procedure, and rules 1.500(d) and 1.540(b), Florida Rules of Civil Procedure.
Special notes ...
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900 (a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
FORM 12.922(c). MOTION TO SET ASIDE DEFAULT OR DEFAULT JUDGMENT
IN THE CIRCUIT COURT OF THE_JUDICIAL CIRCUIT, IN AND FOR_COUNTY, FLORIDA
*245 [[Image here]]
MOTION TO SET ASIDE DEFAULT OR DEFAULT JUDGMENT
I,{full legal name}_, request that the Court enter an order to set aside the ( ) Default ( ) Default Judgment entered against me and that I be given the opportunity to present my views.
The Court should do this because:
[[Image here]]
I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this motion and that the punishment for knowingly making a false statement includes fines and/or imprisonment.
Dated: -
Signature of Party
Printed Name: _
Address: _
City, State, Zip: _
*246 [[Image here]]
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW: [ fill in all blanks]
I, {full legal name and trade name of nonlawyer} _, a nonlawyer, located at {street} _, {city} _, {state} _, {phone} _, helped {name} _, who is the respondent, fill out this form.
INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.923, NOTICE OF HEARING (GENERAL)
When should this form be used?
Anytime you have set a hearing before a judge, you must send notice of the hearing to the other party. IMPORTANT: If your hearing has been set before a general master, you should use Notice of Hearing Before General Master, Florida Family Law Rules of Procedure Form 12.920(c). If your hearing has been set before a child support enforcement hearing officer, you should use Notice of Hearing (Child Support Hearing Officer), Florida Supreme Court Approved Family Law Form 12.921.
This form should be typed or printed in black ink. After completing this form, you should file the original with the clerk of the circuit court in the county where your case w^as filed and keep a copy for your records.
What should I do next?
A copy of this form must be mailed or hand delivered to the other party in your case. If a default has been entered, you must still send this form to the other party to notify the other party of the final hearing.
Where can I look for more information?
Before proceeding, you should read “General Information for Self-Represented Litigants” found at the beginning of these forms. For further information on serving notices of hearing, see rule 1.090(d), Florida Civil Rules of Procedure.
Special notes ...
To set a hearing date and time, you will usually have to make a good-faith effort to coordinate a mutually convenient date and time for you, the other parties in the case, and the judge, except in certain emergency situations. Some circuits may have additional procedural requirements that you must follow when you notify the court and other parties of your scheduled hearing. *247 Therefore, before you complete this form, you should contact the clerk’s office, family law intake staff, or judicial assistant for information regarding the proper procedure to follow.
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900 (a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
FORM 12.923. NOTICE OF HEARING (GENERAL)
IN THE CIRCUIT COURT OF THE_JUDICIAL CIRCUIT, IN AND FOR_COUNTY, FLORIDA
[[Image here]]
NOTICE OF HEARING (GENERAL)
[ fill in all blanks]
TO: {name of other party} -:-
There will be a hearing before Judge {name} -, on {date}_, at {time}_m., in Room_of the-Courthouse, on the following issues: -;-:- _hour(s)/... minutes have been reserved for this hearing.
This part to be filled out by the court or to be filled in with information you obtained from the court:
If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact {name} -- {address} _, {telephone} _, within 2 working days of your receipt of this Notice of Hearing. If you are hearing or voice impaired, call TDD 1-800-955-8771.
If you are represented by an attorney or plan to retain an attorney for this matter, you should notify the attorney of this hearing.
If this matter is resolved, the moving party shall contact the judge’s office to cancel this hearing.
I certify that a copy of this document was [/ one only] ( ) mailed ( ) faxed and mailed ( ) hand delivered to the person(s) listed below on {date}-
Other party or his/her attorney:
Name: -
Address: -
*248 City, State, Zip:
Fax Number: _
Dated: _
Signature of Party
Printed Name: _
Address: _
City, State, Zip: _
Telephone Number: _
Fax Number: _
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW: [ fill in all blanks]
I, {full legal name and trade name of nonlawyer} _, a nonlawyer, located at {street} ._, {city} _, {state} _, {phone} _, helped {name} _, who is the [/ one only]_petitioner or_respondent, fill out this form.
INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.924, NOTICE FOR TRIAL
When should this form be used?
Generally, the court will have trials (or final hearings) on contested cases. This form is to be used to notify the court that your case is ready to be set for trial. Before setting your case for trial, certain requirements such as completing mandatory disclosure and filing certain papers and having them served on the other party must be met. These requirements vary depending on the type of case and the procedures in your particular circuit. In some circuits you must complete mediation or a parenting course before you can set a final hearing by using a Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form. Other circuits may require that you set the trial using an Order Setting Trial. Contact the clerk of the circuit court, family law intake staff, or judicial assistant to determine how the judge assigned to your case sets trials. For further information, you should refer to the instructions for the type of form you are filing. This form should be typed or printed in black ink. After completing this form, you should file the original with the clerk of the circuit court in the county where your case is filed and keep a copy for your records.
What should I do next?
A copy of this form must be mailed or hand delivered to the other party in your case.
Where can I look for more information?
Before proceeding, you should read “General Information for Self-Represented Litigants” found at the beginning of these forms. For further information, see rule 12.440, Florida Family Law Rules of Procedure.
Special notes ...
These family law forms contain orders and final judgments, which the judge may use. You should ask the clerk of court, family law intake staff, or judicial assistant if you need to bring one of these forms with you to the hearing or trial. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties’ names, and leave the rest *249 blank for the judge to complete at your hearing or trial.
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900 (a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
FORM 12.924. NOTICE FOR TRIAL
IN THE CIRCUIT COURT OF THE_JUDICIAL CIRCUIT, IN AND FOR_COUNTY, FLORIDA
[[Image here]]
NOTICE FOR TRIAL
Pursuant to rule 12.440, Florida Family Law Rules of Procedure, the party signing below states that the case is ready to be set for trial. The estimated time needed for the parties to present their cases is: {hours}-
I certify that a copy of this document was [/ one only] ( ) mailed ( ) faxed and mailed ( ) hand delivered to the person(s) listed below on {date}-
Other party or his/her attorney:
Name: -
Address: -
City, State, Zip: -
Fax Number: -
Dated: -
Signature of Party
Printed Name:-
Address: -
City, State, Zip: -
Telephone Number: -
Fax Number: -
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW: [ fill in all blanks]
I, {full legal name and trade name of nonlauyyer} .-, a nonlawyer, located at {street} -, {city} -, {siaie} _, {phone} _, helped {name} -, who is the [/ one only]_petitioner or_respondent, fill out this form.
*250 INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.927, NOTICE OF VOLUNTARY DISMISSAL
When should this form be used?
If you are the petitioner in a case and you wish to discontinue (dismiss) the case, you may use this form to request that the court dismiss your petition. If you are the respondent in a case and you have filed a counterpetition, you may use this form to request that the court dismiss your coun-terpetition.
WARNING: If your case involves both a petition and a counterpetition, a notice of voluntary dismissal filed by one party will NOT dismiss the other party’s petition or counterpetition. The other party also must file a notice of voluntary dismissal for the entire case to stop completely.
This form should be typed or printed in black ink. After completing this form, you should file the original with the clerk of the circuit court in the county where your case is filed and keep a copy for your records.
What should I do next?
A copy of this form must be mailed or hand-delivered to each party in the case.
Where can I look for more information?
Before proceeding, you should read “General Information for Self-Represented Litigants” found at the beginning of these forms. For further information, see rule 12.420, Florida Family Law Rules of Procedure.
Special notes ...
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900 (a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
FORM 12.927. NOTICE OF VOLUNTARY DISMISSAL
IN THE CIRCUIT COURT OF THE_JUDICIAL CIRCUIT, IN AND FOR__ COUNTY, FLORIDA
[[Image here]]
NOTICE OF VOLUNTARY DISMISSAL
Í, {jhill legal name}_, give notice that:
[/ one only]
— a. I am the Petitioner in this case and I voluntarily dismiss my petition.
— b. I am the Respondent in this case and I voluntarily dismiss my counterpetition.
*251 I certify that a copy of this document was [/ one only] ( ) mailed ( ) faxed and mailed ( ) hand delivered to the person(s) listed below on {date}-
Other party or his/her attorney:
Name: -
Address: _
City, State, Zip: _
» Fax Number: -
Dated: -
Signature of Party
Printed Name: _
Address:-
City, State, Zip:_
Telephone Number:_
Fax Number:_
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW: [ fill in all blanks]
I, {full legal name and trade name of nonlawyer} -, a nonlawyer, located at {street} -, {city} -, {state} _, {phone} -, who is the [/ one only]_petitioner or_ helped {name}_, _ respondent, fill out this form.
INSTRUCTIONS FOR FLORIDA FAMILY LAW RULES OF PROCEDURE FORM 12.930(a), NOTICE OF SERVICE OF STANDARD FAMILY LAW INTERROGATORIES
When should this form be used?
You should use this form to tell the court that you are asking the other party in your case to answer certain standard questions in writing. These questions are called interrogatories, and they must relate to your case. The standard family law interrogatories are designed to supplement the information provided in the Financial Affidavit, Family Law Rules of Procedure Forms 12.902(b) or (c). You should carefully read the standard interrogatory forms, Family Law Rules of Procedure Form 12.930(b) and (c), to determine which questions, if any, the other party needs to answer in order to provide you with information not covered by the financial affidavit forms.
This form should be typed or printed in black ink. You must indicate whether you are sending the interrogatories for original and enforcement proceedings or the interrogatories for modification proceedings. You must also indicate which questions you are asking the other party to answer. After completing this form you should file the original with the clerk of the circuit court in the county where your case was filed and keep a copy for your records.
What should I do next?
A copy of this form, along with two copies of the appropriate interrogatories, Family Law Rules of Procedure Form 12.930(b) or (c), must be mailed or hand delivered to the other party in your case.
You may want to inform the other party of the following information:
As a general rule, within 30 days after service of interrogatories, the other party must answer the questions in writing and *252 mail (have postmarked) the answers to you. His or her answers may be written on as many separate sheets of paper as necessary. He or she should number each page and indicate which question(s) he or she is answering, and be sure to make a copy for him/herself. All answers to these questions are made under oath or affirmation as to their truthfulness. Each question must be answered separately and as completely as the available information permits.
The other party may object to a question by writing the legal reason for the objection in the space provided. He or she may also ask the court for a protective order granting him or her permission not to answer certain questions and protecting him or her from annoyance, embarrassment, apprehension, or undue burden or expense. If the other party fails to either answer or object to the questions within 30 days, he or she may be subject to court sanctions.
Where can I look for more information?
Before proceeding, you should read “General Information for Self-Represented Litigants” found at the beginning of these forms. For further information, see rules 12.280, 12.285, 12.340, and 12.380, Florida Family Law Rules of Procedure, and rules 1.280, 1.340, and 1.380, Florida Rules of Civil Procedure.
Special notes ...
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of Disclosure from Nonlawyer, Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
FORM 12.930(a). NOTICE OF SERVICE OF STANDARD FAMILY LAW INTERROGATORIES
IN THE CIRCUIT COURT OF THE_JUDICIAL CIRCUIT, IN AND FOR_COUNTY, FLORIDA
[[Image here]]
NOTICE OF SERVICE OF STANDARD FAMILY LAW INTERROGATORIES
I, {full legal name} _, have on {date}_, served upon {name of person served} _, to be answered under oath within 30 days after service, the Standard Family Law Interrogatories for
[/ one only]
( ) Original or Enforcement Proceedings ( ) Modification Proceedings
I am requesting that the following standard questions be answered: [/ all that apply] _1 _2 _3 _4 _5 _6 _7
*253 Background Education Employment Assets Liabilities Miscellaneous Long Form
Information Affidavit
In addition, I am requesting that the attached {#}-questions be answered.
I certify that a copy of this document was [/ one only] ( ) mailed ( ) faxed and mailed ( ) hand delivered to the person(s) listed below on {date}-
Other party or his/her attorney:
Name: -
Address: -
City, State, Zip: -
Fax Number: -
Dated: - -
Signature of Party
Printed Name:_
Address:-
City, State, Zip:_
Telephone Number:-
Fax Number: _:-
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW: [ fill in all blanks]
I, {full legal name and trade name of nonlawyer} -, a nonlawyer, located at {street} -, {city} -, {state} _, {phone} _, helped {name} -, who is the [/ one only]_petitioner or_respondent, fill out this form.
INSTRUCTIONS FOR FLORIDA FAMILY LAW RULES OF PROCEDURE FORM 12.930(b), STANDARD FAMILY LAW INTERROGATORIES FOR ORIGINAL OR ENFORCEMENT PROCEEDINGS
When should this form be used?
This form should be used to ask the other party in your case to answer certain standard questions in writing. These questions are called interrogatories, and they must relate to your case. If the other party fails to answer the questions, you may ask the judge to order the other party to answer the questions. (You cannot ask these questions before the petition has been filed.)
The questions in this form should be used in original proceedings or enforcement proceedings and are meant to supplement the information provided in the Financial Affidavit, Family Law Rules of Procedure Form 12.902(b) or (c). You should read all of the questions in this form to determine which questions, if any, the other party needs to answer in order to provide you with information not covered in the financial affidavit forms. If there are questions to which you already know the answer, you may choose not to ask them.
This form should be typed or printed in black ink. You must complete the box at the beginning of this form to indicate which questions you are requesting that the other party answer. You should send 2 copies of this form and the Notice of Service of Standard Family Law Interrogatories, Family Law Rules of Procedure Form 12.930(a), to the other party. You should also keep a copy for your records. You do not need to file this form with the clerk of the circuit court. However, you must file the Notice of Service of Standard Family Law Interrogatories, Family Law Rules of Procedure Form 12.930(a), to tell the court that you have sent this form to the other party.
*254 Where can I look for more information?
Before proceeding, you should read “General Information for Self-Represented Litigants” found at the beginning of these forms. For further information, see the instructions for Notice of Service of Standard Family Law Interrogatories, Family Law Rules of Procedure Form 12.930(a), rules 12.280, 12.285, 12.340, and 12.380, Florida Family Law Rules of Procedure, and rules 1.280, 1.340, and 1.380, Florida Rules of Civil Procedure.
Special notes ...
In addition to the standard questions in this form, you may ask up to 10 additional questions. You should type or print legibly your additional questions on a separate sheet of paper and attach it to this form. If you want to ask more than 10 additional questions, you will need to get permission from the judge.
You may want to inform the other party of the following information: As a general rule, within 30 days after service of interrogatories, the other party must answer the questions in writing and mail (have postmarked) the answers to you. His or her answers shall be written in the blank space provided after each separately numbered interrogatory. If sufficient space is not provided, the answering party may attach additional papers with the answers and refer to them in the space provided in the interrogatories. He or she should be sure to make a copy for him/herself. All answers to these questions are made under oath or affirmation as to their truthfulness. Each question must be answered separately and as completely as the available information permits. The other party may object to a question by writing the legal reason for the objection in the space provided. He or she may also ask the court for a protective order granting him or her permission not to answer certain questions and protecting him or her from annoyance, embarrassment, apprehension, or undue burden or expense. If the other party fails to either answer or object to the questions within 30 days, he or she may be subject to court sanctions.
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of Disclosure from Nonlawyer, Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
FORM 12.930(b). STANDARD FAMILY LAW INTERROGATORIES FOR ORIGINAL OR ENFORCEMENT PROCEEDINGS
IN THE CIRCUIT COURT OF THE_JUDICIAL CIRCUIT, IN AND FOR_COUNTY, FLORIDA
[[Image here]]
*255 STANDARD FAMILY LAW INTERROGATORIES FOR ORIGINAL OR ENFORCEMENT PROCEEDINGS
TO BE COMPLETED BY THE PARTY SERVING THESE INTERROGATORIES
I am requesting that the following standard questions be answered: [/ all that apply] _1 _2 _3 _4 _5 _6 _7
Background Education Employment Assets Liabilities Miscellaneous Long Form
Information Affidavit
In addition, I am requesting that the attached {#}questions be answered.
The answers to the following questions are intended to supplement the information provided in the Financial Affidavits, Family Law Rules of Procedure Form 12.902(b) or (c). You should answer the group of questions indicated in the above shaded box. The questions should be answered in the blank space provided below each separately numbered question. If sufficient space is not provided, you may attach additional papers with the answers and refer to them in the space provided in the interrogatories. You should be sure to make a copy for yourself. Each question must be answered separately and as completely as the available information permits. All answers are to be made under oath or affirmation as to their truthfulness. ’
I,{name of person answering interrogatories} _, being sworn, certify that the following information is true:
1. BACKGROUND INFORMATION:
a. State your full legal name and any other name by which you have been known.
b. State your present residence and telephone numbers.
c. State your place and date of birth.
2.EDUCATION:
a. List all business, commercial, and professional licenses that you have obtained.
b. List all of your education including, but not limited to, vocational or specialized training, including the following:
(1) name and address of each- educational institution.
(2) dates of attendance.
(3) degrees or certificates obtained or anticipated dates of same.
3.EMPLOYMENT:
a. For each place of your employment or self-employment during the last 3 years, state the following:
(1) name, address, and telephone number of your employer.
(2) dates of employment.
(3) job title and brief description of job duties.
(4) starting and ending salaries.
(5) name of your direct supervisor.
(6) all benefits received, including, for example, health, life, and disability insurance; expense account; use of automobile or automobile expense reimbursement; reimbursement for travel, food, or lodging expenses; payment of dues in any clubs or associations; and pension or profit sharing plans.
*256 b. Other than as an employee, if you have been engaged in or associated with any business, commercial, or professional activity within the last 3 years that was not detailed above, state for each such activity the following:
(1) name, address, and telephone number of each activity.
(2) dates you were connected with such activity.
(3) position title and brief description of activities.
(4) starting and ending compensation.
(5) name of all persons involved in the business, commercial, or professional activity with you.
(6) all benefits and compensation received, including, for example, health, life, and disability insurance; expense account; use of automobile or automobile expense reimbursement; reimbursement for travel, food, or lodging expenses; payment of dues in any clubs or associations; and pension or profit sharing plans.
c. If you have been unemployed at any time during the last 3 years, state the dates of unemployment. If you have not been employed at any time in the last 3 years, give the information requested above in question 3.a for your last period of employment.
4. ASSETS:
a.Real Estate. State the street address of all real property that you own or owned during the last 3 years. For each property, state the following:
(1) the names and addresses of any other persons or entities holding any interest and their percentage of interest.
(2) the purchase price, the cost of any improvements made since it was purchased, and the amount of any depreciation taken.
(3) the fair market value on the date of your separation from your spouse.
(4) the fair market value on the date of the filing of the petition for dissolution of marriage.
b.Tangible Personal Property. List all items of tangible personal property that are owned by you or in which you have had any interest during the last 3 years including, but not limited to, motor vehicles, tools, furniture, boats, jewelry, art objects or other collections, and collectibles whose fair market value exceeds $100. For each item, state the following:
(1) the percentage and type interest you hold.
(2) the names and addresses of any other persons or entities holding any interest.
(3) the date you acquired your interest.
(4) the purchase price.
(6) the present fair market value.
(6) the fair market value on the date of your separation from your spouse.
(7) the fair market value on the date of the filing of the petition for dissolution of marriage.
c.Intangible Personal Property. Other than the financial accounts (checking, savings, money market, credit union accounts, or other such cash management accounts) listed in the answer to interrogatory 4.d below, list all items of intangible personal property that are owned by you or in which you have had any ownership interest (including closed accounts) within the last 3 years, including but not limited to, partnership and business interests (including good will), stocks, stock funds, mutual funds, bonds, bond funds, real estate investment trust, receivables, certificates of deposit, notes, mortgages, and debts owed to you by another entity or person. For each item, state the following:
*257 (1) the percentage and type interest you hold.
(2) the names and addresses of any other persons or entities holding any interest and the names and addresses of the persons and entities who are indebted to you.
(3) the date you acquired your interest.
(4) the purchase price, acquisition cost, or loaned amount.
(5) the fair market value or the amounts you claim are owned by or owed to you:
(a) presently, at the time of answering these interrogatories.
(b) on the date of your separation from your spouse.
(c) on the date of the filing of the petition for dissolution of marriage.
You may comply with this interrogatory (4.c) by providing copies of all periodic (monthly, quarterly, semi-annual, or annual) account statements for each such account for the preceding 3 years. However, if the date of acquisition, the purchase price and the market valuations are not clearly reflected in the periodic statements which are furnished then these questions must be answered separately. You do not have to resubmit any periodic statements previously furnished under rule 12.285 (Mandatory Disclosure).
d.Financial Accounts. For all financial accounts (checking, savings, money market, credit union accounts, or other such cash management accounts) listed in your Financial Affidavit, in which you have had any legal or equitable interest, regardless of whether the interest is or was held in your own name individually, in your name with another person, or in any other name, give the following:
(1) name and address of each institution.
(2) name in which the account is or was maintained.
(3) account numbers.
(4) name of each person authorized to make withdrawals from the accounts.
(5) highest balance within each of the preceding 3 years.
(6) lowest balance within each of the preceding 3 years.
You may comply with this interrogatory (4.d) by providing copies of all periodic (monthly, quarterly, semi-annual, or annual) account statements for each such account for the preceding 3 years. You do not have to resubmit account statements previously furnished pursuant to rule 12.285 (Mandatory Disclosure).
e.Closed Financial Accounts. For all financial accounts (checking, savings, money market, credit union accounts, or other such cash management accounts) closed within the last 3 years, in which you have had any legal or equitable interest, regardless of whether the interest is or was held in your own name individually, in your name with another person, or in any other name, give the following:
(1) name and address of each institution.
(2) name in which the account is or was maintained.
(3) account numbers.
(4) name of each person authorized to make withdrawals from the accounts.
(5) date account was closed.
f.Trust. For any interest in an estate, trust, insurance policy, or annuity, state the following:
(1) If you are the beneficiary of any estate, trust, insurance policy, or annuity, give for each one the following:
(a) identification of the estate, trust, insurance policy, or annuity.
(b) the nature, amount, and frequency of any distributions of benefits.
(c) the total value of the beneficiaries’ interest in the benefit.
*258 (d) whether the benefit is vested or contingent.
(2)If you have established any trust or are the trustee of a trust, state the following:
(a) the date the trust was established.
(b) the names and addresses of the trustees.
(c) the names and addresses of the beneficiaries.
(d) the names and addresses of the persons or entities who possess the trust documents.
(e) each asset that is held in each trust, with its fair market value.
g.Canceled Life Insurance Policies. For all policies of life insurance within the preceding 3 years that you no longer hold, own, or have any interest in, state the following:
(1) name of company that issued the policy and policy number.
(2) name, address, and telephone number of agent who issued the policy.
(3) amount of coverage.
(4) name of insured.
(5) name of owner of policy.
(6) name of beneficiaries.
(7) premium amount.
(8) date the policy was surrendered.
(9) amount, if any, of monies distributed to the owner.
h.Name of Accountant, Bookkeeper, or Records Keeper. State the names, addresses, and telephone numbers of your accountant, bookkeeper, and any other persons who possess your financial records, and state which records each possesses.
i.Safe Deposit Boxes, Lock Boxes, Vaults, Etc. For all safe deposit boxes, lock boxes, vaults, or similar types of depositories, state the following:
(1) The names and addresses of all banks, depositories, or other places where, at any time during the period beginning 3 years before the initiation of the action, until the date of your answering this interrogatory, you did any of the following:
(a) had a safe deposit box, lock box, or vault.
(b) were a signatory or co-signatory on a safe deposit box, lock box, or vault.
(c) had access to a safe deposit box, lock box, or vault.
(d) maintained property.
(2) The box or identification numbers and the name and address of each person who has had access to any such depository during the same time period.
(3) All persons who have possession of the keys or combination to the safe deposit box, lock box, or vault.
(4) Any items removed from any safe deposit boxes, lock boxes, vaults, or similar types of depositories by you or your agent during that time, together with the present location and fair market value of each item.
(5) All items in any safe deposit boxes, lock boxes, vaults, or similar types of depositories and fair market value of each item.
5. LIABILITIES:
a. Loans, Liabilities, Debts, and Other Obligations. For all loans, liabilities, debts, and other obligations (other than credit cards and charge accounts) listed in your Financial Affidavit, indicate for each the following:
(1) name and address of the creditor.
*259 (2) name in which the obligation is or was incurred.
(3) loan or account number, if any.
(4) nature of the security, if any.
(5) payment schedule.
(6) present balance and current status of your payments.
(7) total amount of arrearage, if any.
(8) balance on the date of your separation from your spouse.
(9) balance on the date of the filing of the petition for dissolution of marriage.
You may comply with this interrogatory (5.a) by providing copies of all periodic (monthly, quarterly, semi-annual, or annual) account statements for each such account for the preceding 3 years. You do not have to resubmit account statements previously furnished under rule 12.285 (Mandatory Disclosure).
b. Credit Cards and Charge Accounts. For all financial accounts (credit cards, charge accounts, or other such accounts) listed in your Financial Affidavit, in which you have had any legal or equitable interest, regardless of whether the interest is or was held in your own name individually, in your name with another person, or in any other name, give the following:
(1) name and address of the creditor.
(2) name in which the account is or was maintained.
(3) names of each person authorized to sign on the accounts.
(4) account numbers.
(5) present balance and current status of your payments.
(6) total amount of arrearage, if any.
(7) balance on the date of your separation from your spouse.
(8) balance on the date of the filing of the petition for dissolution of marriage.
(9) highest and lowest balance within each of the preceding 3 years.
You may comply with this interrogatory (5.b) by providing copies of all periodic (monthly quarterly, semi-annual, or annual) account statements for each such account for the preceding 3 years. You do not have to resubmit account statements previously furnished under rule 12.285 (Mandatory Disclosure).
c. Closed Credit Cards and Charge Accounts. For all financial accounts (credit cards, charge accounts, or other such accounts) closed with no remaining balance, within the last 3 years, in which you have had any legal or equitable interest, regardless of whether the interest is or was held in your own name individually, in your name with another person, or in any other name, give the following:
(1) name and address of each creditor.
(2) name in which the account is or was maintained.
(3) account numbers.
(4) names of each person authorized to sign on the accounts.
(5) date the balance was paid off.
(6) amount of final balance paid off.
You may comply with this interrogatory (5.c) by providing copies of all periodic (monthly, quarterly, semi-annual, or annual) account statements for each such account for the preceding 3 years. You do not have to resubmit account statements previously furnished under rule 12.285 (Mandatory Disclosure).
6. MISCELLANEOUS:
*260 a. If you are claiming a special equity in any assets, list the asset, the amount claimed as special equity, and all facts upon which you rely in your claim.
b. If you are claiming an asset or liability is nonmarital, list the asset or liability and all facts upon which you rely in your claim.
e. If the mental or physical condition of a spouse or child is an issue, identify the person and state the name and address of all health care providers involved in the treatment of that person for said mental or physical condition.
d. If custody of minor children is an issue, state why, and the facts that support your contention that you should be the primary residential parent or have sole parental responsibility of the children).
7. LONG FORM AFFIDAVIT: If you filed the short form affidavit, Florida Family Law Rules of Procedure Form 12.902(b), and you were specifically requested in the Notice of Service of Standard Family Law Interrogatories to file the Long Form Affidavit, Forml2.902(c), you must do so within the time to serve the answers to these interrogatories.
I certify that a copy of this document was [/ one only] ( ) mailed ( ) faxed and mailed ( ) hand delivered to the person(s) listed below on {date}_
Other party or his/her attorney:
Name: _
Address: _
City, State, Zip: _
Fax Number: _
I understand that I am swearing or affirming under oath to the truthfulness of the answers to these interrogatories and that the punishment for knowingly making a false statement includes fines and/or imprisonment.
Dated: _ _
Signature of Party
Printed Name: _
Address: _
City, State, Zip: _
Telephone Number: _
Fax Number:_
STATE OF FLORIDA COUNTY OF_
Sworn to or affirmed and signed before me on_by
NOTARY PUBLIC or DEPUTY CLERK
[Print, type, or stamp commissioned name of notary or clerk.]
— Personally known
— Produced identification
Type of identification produced_
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW: [ fill in all blanks]
*261 I, {full legal name and trade name of nonlawyer} - a nonlawyer, located at {street} -, {city} - {state} _, {phone} _, helped {name} - who is the [f one only]_petitioner or_respondent, fill out this form.
INSTRUCTIONS FOR FLORIDA FAMILY LAW RULES OF PROCEDURE FORM 12.930(c), STANDARD FAMILY LAW INTERROGATORIES FOR MODIFICATION PROCEEDINGS
When should this form be used?
This form should be used to ask the other party in your case to answer certain standard questions in writing. These questions are called interrogatories, and they must relate to yo.ur case. If the other party fails to answer the questions, you may ask the judge to order the other party to answer the questions. (You cannot ask these questions before the petition has been filed.)
The questions in this form should be used in modification proceedings and are meant to supplement the information provided in the Financial Affidavits, Family Law Rules of Procedure Form 12.902(b) or (c). You should read all of the questions in this form to determine which questions, if any, the other party needs to answer in order to provide you with information not covered in the financial affidavit forms. If there are questions to which you already know the answer, you may choose not to ask them.
This form should be typed or printed in black ink. You must complete the box at the beginning of this form to indicate which questions you are requesting that the other party answer. You should send two copies of this form and the Notice of Service of Standard Family Law Interrogatories, Family Law Rules of Procedure Form 12.930(a), to the other party. You should also keep a copy for your records. You do not need to file this form with the clerk of the circuit court. However, you must file the Notice of Service of Standard Family Law Interrogatories, Family Law Rules of Procedure Form 12.930(a), to tell the court that you have sent this form to the other party.
Where can I look for more information?
Before proceeding, you should read “General Information for Self-Represented Litigants” found at the beginning of these forms. For further information, see the instructions for Notice of Service of Standard Family Law Interrogatories, Family Law Rules of Procedure Form 12.930(a), rules 12.280, 12.285, 12.340, and 12.380, Florida Family Law Rules of Procedure and rules 1.280, 1.340, and 1.380, Florida Rules of Civil Procedure.
Special notes ...
In addition to the standard questions in this form, you may ask up to 10 additional questions. You should type or print your additional questions on a separate sheet of paper and attach it to this form. If you want to ask more than 10 additional questions, you will need to get permission from the judge.
You may want to inform the other party of the following information: As a general rule, within 30 days after service of interrogatories, the other party must answer the questions in writing and mail (have postmarked) the answers to you. His or her answers shall be written in the blank space provided after each separately numbered interrogatory. If sufficient space is not provided, the answering party may attach additional papers with the answers and refer to them in the space provided in *262 the interrogatories. He or she should be sure to make a copy for him/herself. All answers to these questions are made under oath or affirmation as to their truthfulness. Each question must be answered separately and as completely as the available information permits. The other party may object to a question by writing the legal reason for the objection in the space provided. He or she may also ask the court for a protective order granting him or her permission not to answer certain questions and protecting him or her from annoyance, embarrassment, apprehension, or undue burden or expense. If the other party fails to either answer or object to the questions within 30 days, he or she may be subject to court sanctions.
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of Disclosure from Nonlawyer, Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
FORM 12.930(c). STANDARD FAMILY LAW INTERROGATORIES FOR MODIFICATION PROCEEDINGS
IN THE CIRCUIT COURT OF THE_JUDICIAL CIRCUIT, IN AND FOR_COUNTY, FLORIDA
[[Image here]]
STANDARD FAMILY LAW INTERROGATORIES FOR MODIFICATION PROCEEDINGS
TO BE COMPLETED BY THE PARTY SERVING THESE INTERROGATORIES
I am requesting that the following standard questions be answered: [/ all that apply] _1 _2 _3 _4 _5 _6 _7
Background Education Employment Assets Liabilities Miscellaneous Long Form
Information Affidavit
In addition, I am requesting that the attached {#}_questions be answered.
The answers to the following questions are intended to supplement the information provided in the Financial Affidavits, Family Law Rules of Procedure Form 12.902(b) or (c). You should answer the group of questions indicated in the above'shaded box. The questions should be answered in the blank space provided below each separately numbered question. If sufficient space is not provided, you may attach additional papers with the answers and refer to them in the space provided in the interrogatories. You should be sure to make a copy for yourself. Each question must be answered separately and as completely as the available information permits. All answers are to be made under oath or affirmation as to their truthfulness.
*263 I,{name of person ansivering interrogatories} - being sworn, certify that the following information is true:
1. BACKGROUND INFORMATION:
a. State your full legal name and any other name by which you have been known.
b. State your present residence and telephone numbers.
c. State your place and date of birth.
2.EDUCATION:
a. List all business, commercial, and professional licenses that you have obtained since the entry of the Final Judgment sought to be modified.
b. List all of your education since the entry of the Final Judgment sought to be modified including, but not limited to, vocational or specialized training, including the following:
(1) name and address of each educational institution.
(2) dates of attendance.
(3) degrees or certificates obtained or anticipated dates of same.
3.EMPLOYMENT:
a. For each place of your employment or self-employment since the entry of the Final Judgment sought to be modified, state the following:
(1) name, address, and telephone number of your employer.
(2) dates of employment.
(3) job title and brief description of job duties.
(4) starting and ending salaries.
(5) name of your direct supervisor.
(6) all benefits received, including, for example, health, life, and disability insurance; expense account; use of automobile or automobile expense reimbursement; reimbursement for travel, food, or lodging expenses; payment of dues in any clubs or associations; and pension or profit sharing plans.
b. Other than as an employee, if you have been engaged in or associated with any business, commercial, or professional activity since the entry of the Final Judgment sought to be modified that was not detailed above, state for each such activity the following:
(1) name, address, and telephone number of each activity.
(2) dates you were connected with such activity.
(3) position title and brief description of activities.
(4) starting and ending compensation.
(5) name of all persons involved in the business, commercial, or professional activity with you.
(6) all benefits and compensation received, including, for example, health, life, and disability insurance; expense account; use of automobile or automobile expense reimbursement; reimbursement for travel, food, or lodging expenses; payment of dues in any clubs or associations; and pension or profit sharing plans.
c.If you have been unemployed at any time since the entry of the Final Judgment sought to be modified, state the dates of unemployment. If you have not been employed at any time since the entry of the Final Judgment sought to be modified, give the information requested above in question 3.a for your last period of employment.
*264 4. ASSETS:
a. Real Estate. State the street address of all real property that you own or owned during the last 3 years, or since the entry of the Final Judgment sought to be modified, if shorter. For each property, state the following:
(1) the names and addresses of any other persons or entities holding any interest and their percentage of interest.
(2) the present fair market value.
b. Tangible Personal Property. List all items of tangible personal property that are owned by you or in which you have had any interest during the last 3 years, or since the entry of the Final Judgment sought to be modified, if shorter, including, but not limited to, motor vehicles, tools, furniture, boats, jewelry, art objects or other collections, and collectibles whose fair market value exceeds $100. For each item, state the following:
(1) the percentage and type interest you hold.
(2) the names and addresses of any other persons or entities holding any interest.
(3) the present fair market value.
c. Intangible Personal Property. Other than the financial accounts (checking, savings, money market, credit union accounts, or other such cash management accounts) listed in the answer to interrogatory 4.d below, list all items of intangible personal property that are owned by you or in which you have had any ownership interest (including closed accounts) within the last 3 years, or since the entry of the Final Judgment sought to be modified, if shorter, including, but not limited to, partnership and business interests (including good will), stocks, stock funds, mutual funds, bonds, bond funds, real estate investment trusts, receivables, certificates of deposit, notes, mortgages, and debts owed to you by another entity or person. For each item, state the following:
(1) the percentage and type interest you hold.
(2) the names and addresses of any other persons or entities holding any interest and the names and addresses of the persons and entities who are indebted to you.
(3) the present fair market value or the amounts you claim are owned by or owed to you, at the time of answering these interrogatories.
You may comply with this interrogatory (4.c) by providing copies of all periodic (monthly, quarterly, semi-annual, or annual) account statements for each such account for the preceding 3 years, or since the entry of the Final Judgment sought to be modified, if shorter. However, if the date of acquisition, the purchase price, and the market valuations are not clearly reflected in the periodic statements which are furnished, then these questions must be answered separately. You do not have to resubmit any periodic statements previously furnished under rule 12.285 (Mandatory Disclosure).
d. Financial Accounts. For all financial accounts (checking, savings, money market, credit union accounts, or other such cash management accounts) listed in your Financial Affidavit, in which you have had any legal or equitable interest, regardless of whether the interest is or was held in your own name individually, in your name with another person, or in any other name, give the following:
(1) name and address of each institution.
(2) name in which the account is or was maintained.
(3) account numbers.
(4) names of each person authorized to make withdrawals from the accounts.
(5) highest balance within each of the preceding 3 years, or since the entry of the Final Judgment sought to be modified, if shorter.
*265 (6) lowest balance within each of the preceding 3 years, or since the entry of the Final Judgment sought to be modified, if shorter.
You may comply with this interrogatory (4.d) by providing copies of all periodic (monthly, quarterly, semi-annual, or annual) account statements for each such account for the preceding 3 years, or since the entry of the Final Judgment sought to be modified, if shorter. You do not have to resubmit account statements previously furnished under rule 12.285 (Mandatory Disclosure).
e. Closed Financial Accounts. For all financial accounts (checking, savings, money market, credit union accounts, or other such cash management accounts) closed within the last 3 years, or since the entry of the Final Judgment sought to be modified, if shorter, in which you have had any legal or equitable interest, regardless of whether the interest is or was held in your own name individually, in your name with another person, or in any other name, give the:
(1) name and address of each institution.
(2) name in which the account is or was maintained.
(3) account numbers.
(4) name of each person authorized to make withdrawals from the accounts.
(5) date account was closed.
f. Trust. For any interest in an estate, trust, insurance policy, or annuity, state the following:
(1) if you are the beneficiary of any estate, trust, insurance policy, or annuity, give for each one the following:
(a) identification of the estate, trust, insurance policy, or annuity.
(b) the nature, amount, and frequency of any distributions of benefits.
(c) the total value of the beneficiaries’ interest in the benefit.
(d) whether the benefit is vested or contingent.
(2) if you have established any trust or are the trustee of a trust, state the following:
(a) the date the trust was established.
(b) the names and addresses of the trustees.
(e) the names and addresses of the beneficiaries.
(d) the names and addresses of the persons or entities who possess the trust documents.
(e) each asset that is held in each trust, with its fair market value.
g. Name of Accountant, Bookkeeper, or Records Keeper. State the names, addresses, and telephone numbers of your accountant, bookkeeper, and any other persons who possess your financial records, and state which records each possesses.
5. LIABILITIES:
a. Loans, Liabilities, Debts, and Other Obligations. For all loans, liabilities, debts, and other obligations (other than credit cards and charge accounts) listed in your Financial Affidavit, indicate for each the following:
(1) name and address of the creditor.
(2) name in which the obligation is or was incurred.
(3) loan or account number, if any.
(4) nature of the security, if any.
(5) payment schedule.
*266 (6) present balance and current status of your payments.
(7) total amount of arrearage, if any.
You may comply with this interrogatory (5.a) by providing copies of all periodic (monthly, quarterly, semi-annual, or annual) account statements for each such account for the preceding 3 years, or since the entry of the Final Judgment sought to be modified, if shorter. You do not have to resubmit account statements previously furnished under rule 12.285 (Mandatory Disclosure).
b. Credit Cards and Charge Accounts. For all financial accounts (credit cards, charge accounts, or other such accounts) listed in your Financial Affidavit, in which you have had any legal or equitable interest, regardless of whether the interest is or was held in your own name individually, in your name with another person, or in any other name, give the following:
(1) name and address of the creditor.
(2) name in which the account is or was maintained.
(3) name of each person authorized to sign on the accounts.
(4) account numbers.
(5) present balance and current status of your payments.
(6) total amount of arrearage, if any.
(7) highest and lowest balance within each of the preceding 3 years, or since the entry of the Final Judgment sought to be modified, if shorter.
You may comply with this interrogatory (5.b) by providing copies of all periodic (monthly, quarterly, semi-annual, or annual) account statements for each such account for the preceding 3 years, or since the entry of the Final Judgment sought to be modified, if shorter. You do not have to resubmit account statements previously furnished under rule 12.285 (Mandatory Disclosure).
c. Closed Credit Cards and Charge Accounts. As to all financial accounts (credit card, charge accounts, or other such accounts) closed with no remaining balance, within the last 3 years, or since the entry of the Final Judgment sought to be modified, if shorter, in which you have had any legal or equitable interest, regardless of whether the interest is or was held in your own name individually, in your name with another person, or in any other name, give the following:
(1) name and address of each creditor.
(2) name in which the account is or was maintained.
(3) account numbers.
(4) name of each person authorized to sign on the accounts.
(5) date the balance was paid off.
(6) amount of final balance paid off.
You may comply with this interrogatory (5.c) by providing copies of all periodic (monthly, quarterly, semi-annual, or annual) account statements for each such account for the preceding 3 years, or since the entry of the Final Judgment sought to be modified, if shorter. You do not have to resubmit account statements previously furnished under rule 12.285 (Mandatory Disclosure).
6. MISCELLANEOUS:
a. If you are claiming a diminished earning capacity since the entry of the Final Judgment sought to be modified as grounds to modify alimony or deviate from the child support established in your case, describe in detail how your earning capacity is lowered *267 and state all facts upon which you rely in your claim. If unemployed, state how, why, and when you lost your job.
b. If you are claiming a change in a mental or physical condition since the entry of the Final Judgment sought to be modified as grounds to modify alimony or change the child support established in your case, describe in detail how your mental and/or physical capacity has changed and state all facts upon which you rely in your claim. Identify the change in your mental and/or physical capacity, and state the name and address of all health care providers involved in the treatment of this mental or physical condition.
c. If you are requesting a change in shared or sole parental responsibility, primary residency, the parenting schedule, or any combination thereof, for the minor children), describe in detail the change in circumstances since the entry of the Final Judgment sought to be modified that you feel justify the requested change. State when the change of circumstances occurred, how the change of circumstances affects the children), and why it is in the best interests of the child(ren) that the Court make the requested change. Attach your parenting schedule.
d. If you do not feel the requested change in shared or sole parental responsibility, primary residency, the parenting schedule, or any combination thereof, for the minor child(ren) is in their best interests, describe in detail any facts since the entry of the Final Judgment sought to be modified that you feel justify the Court denying the requested change. State, in your opinion, what change, if any, of the parenting arrangement is justified or agreeable to you and why it is in the best interests of the children).
7. LONG FORM AFFIDAVIT: If you filed the short form affidavit, Florida Family Law Rules of Procedure Form 12.902(b), and you were specifically requested in the Notice of Service of Standard Family Law Interrogatories to file the Long Form Affidavit, Form 12.902(c), you must do so within the time to serve the answers to these interrogatories.
I certify that a copy of this document was [/ one only] ( ) mailed ( ) faxed and mailed ( ) hand delivered to the person(s) listed below on {date}-
Other party or his/her attorney:
Name: -
Address: _
City, State, Zip: -
Fax Number: -
I understand that I am swearing or affirming under oath to the truthfulness of the answers to these interrogatories and that the punishment for knowingly making a false statement includes fines and/or imprisonment.
Dated: _ _
Signature of Party-
Printed Name: _
Address: -
City, State, Zip: _
Telephone Number: -
Fax Number: _
STATE OF FLORIDA COUNTY OF_
Sworn to or affirmed and signed before me on-by
*268 NOTARY PUBLIC or DEPUTY CLERK
[Print, type, or stamp commissioned name of notary or clerk.]
_ Personally known
_ Produced identification
Type of identification produced_
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW: [ fill in all blanks]
I, {full legal name and trade name of nonlawyer} _, a nonlawyer, located at {street} _, {city} _, {state} _, {phone} _, who is the [/ one only]_petitioner or_ helped {name} _, _ respondent, fill out this form.
INSTRUCTIONS FOR SUPREME COURT APPROVED FAMILY LAW FORMS 12.931(a), NOTICE OF PRODUCTION FROM NONPARTY and 12.931(b), SUBPOENA FOR PRODUCTION OF DOCUMENTS FROM NONPARTY
When should these forms be used?
These forms should be used if you need copies of documents (for a purpose relating to your case) from a nonparty in your case. Both forms should be typed or printed in black ink.
Notice of Production from Nonparty,
Florida Supreme Court Approved Family Law Form 12.931(a), is used to notify the other party in your case that in 10 days you are going to subpoena documents from a nonparty. Subpoena for Production of Documents from Nonparty, Florida Supreme Court Approved Family Law Form 12.931(b), is the actual subpoena directing the nonparty to produce specific documents. You must file the originals of these forms with the clerk of the circuit court. A copy of these forms must be mailed or hand delivered to any other party in your case.
What should I do next?
Ten days after you serve the Notice of Production from Nonparty, Florida Supreme Court Approved Family Law Form 12.931(a), on the other party in your case (15 days if service is by mail), you should ask the clerk of the court to sign the subpoena. You should contact the deputy sheriff or private process server and have the subpoena personally served on the person named in the subpoena.
Where can I look for more information?
Before proceeding, you should read “General Information for Self-Represented Litigants” found at the beginning of these forms. Because these papers must also comply with rule 12.280, Florida Family Law Rule of Procedure, and rules 1.280, 1.350, 1.351, and 1.410, Florida Rules of Civil Procedure, you also should read those rules.
Special notes ...
If the other party in your case objects in writing within 10 days (allow an additional 5 days if served by mail) of service of the Notice of Production from Nonparty,
Florida Supreme Court Approved Family Law Form 12.931(a), you may not use this procedure to obtain documents from the nonparty unless and until the court orders otherwise. *269 The nonparty receiving the subpoena may charge you a reasonable fee for copies of the documents.
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900 (a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
FORM 12.931(a). NOTICE OF PRODUCTION FROM NONPARTY
IN THE CIRCUIT COURT OF THE_JUDICIAL CIRCUIT, IN AND FOR_COUNTY, FLORIDA
[[Image here]]
NOTICE OF PRODUCTION FROM NONPARTY
TO: _ {all parties}
YOU ARE NOTIFIED that, after 10 days from the date of service of this notice, the undersigned will apply to the clerk of this Court for issuance of the attached subpoena directed to {name of person, organization, or agency}_, who is not a party, to produce the items listed at the time and place specified in the subpoena. Objections to the issuance of this subpoena must be filed with the clerk of the circuit court within 10 days.
I certify that a copy of this document was [/ one only] ( ) mailed ( ) faxed and mailed ( ) hand delivered to the person(s) listed below on {date}-
[[Image here]]
*270 Pax Number:_
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:,[ fill in all blanks]
I, {full legal name and trade name of nonlawyer} _, a nonlawyer, located at {street} _, {city} _, {state} _, {phone} _, helped {name} _, who is the [/ one only]_petitioner or_respondent, fill out this form.
FORM 12.931(b). SUBPOENA FOR PRODUCTION OF DOCUMENTS FROM NON-PARTY
IN THE CIRCUIT COURT OF THE_JUDICIAL CIRCUIT, IN AND FOR_COUNTY, FLORIDA
[[Image here]]
SUBPOENA FOR PRODUCTION OF DOCUMENTS FROM NONPARTY
THE STATE OF FLORIDA TO: _
YOU MUST go to {place} _!_, on {date}-, at {time}-, a.m./p.m. and bring with you at that time and place the following: __ These items will be inspected and may be copied at that time. You will not have to leave the original items.
You may obey this subpoena by providing readable copies of the items to be produced to the party or his/her attorney whose name appears on this subpoena on or before the scheduled date of production. You may condition the preparation of the copies upon payment in advance of the reasonable cost of preparation. If you mail or deliver the copies to the attorney whose name appears on this subpoena before the date indicated above, you do not have to appear in person.
You may be in contempt of court if you fail to: (1) appear as specified; (2) furnish the records instead of appearing as provided above; or (3) object to this subpoena.
You can only be excused by the person whose name appears on this subpoena and, unless excused by that person or the Court, you shall respond as directed.
[[Image here]]
*271 Deputy Clerk
This part to be filled out by the court or filled in with information you have obtained from the court:
If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact {name} -, {address} _, {telephone} -, within 2 working days of your receipt of this subpoena. If you are hearing or voice impaired, call TDD 1-800-955-8771.
I CERTIFY that I gave notice to every other party to this action of my intent to serve a subpoena upon a person who is not a party to this action directing that person to produce documents or things without deposition. I also certify that no objection under Florida Rule of Civil Procedure 1.851 has been received by the undersigned within 10 days of service of this notice, if service was by hand delivery or appropriate facsimile transmission, and within 15 days if service was by mail.
Dated: _
Signature of Party
Printed Name: _
Address: _
City, State, Zip:_
Telephone Number:_
Fax Number: -
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW: [ fill in all blanks]
I, {full legal name and trade name of nonlawyer}-, a nonlawyer, located at {street}-, {city}-, {siaie} _, {phone} -, who is the [/ one only]_petitioner or — helped {name} _, _ respondent, fill out this form.
INSTRUCTIONS FOR FLORIDA FAMILY LAW RULES OF PROCEDURE FORM 12.932, CERTIFICATE OF COMPLIANCE WITH MANDATORY DISCLOSURE
When should this form be used?
Mandatory disclosure requires each par-(y in a dissolution of marriage case to provide the other party with certain financial information and documents. These documents must be provided by mail or hand delivery to the other party within 45 days of service of the petition for dissolution of marriage or supplemental petition for modification on the respondent. The mandatory disclosure rule applies to all original and supplemental dissolution of marriage cases, except simplified dissolution of marriage cases and cases where the respondent is served by constructive service and does not answer. You should use this form to notify the court and the other party that you have complied with the mandatory disclosure rule.
Each party must provide the other party with the documents listed in section 2 of this form if the relief being sought is permanent regardless of whether it is an initial or supplemental proceeding. Of the documents listed on this form, the financial affidavit is the only document that must be filed with the court and sent to the other party; all other documents should be sent to the other party but not filed with the court. If your individual gross annual income is under $50,000, you should complete the Family Law Financial Affidavit (Short Form), Florida Family Law Rules of Procedure Form *272 12.902(b). If your individual gross annual income is $50,000 or more, you should complete the Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(c).
In addition, there are separate mandatory disclosure requirements that apply to temporary financial hearings, which are listed in section 1 of this form. The party seeking temporary financial relief must serve these documents on the other party with the notice of temporary financial hearing. The responding party must either deliver the required documents to the party seeking temporary financial relief on or before 5:00 p.m., 2 business days before the hearing on temporary financial relief, or mail (postmark) them to the party seeking temporary financial relief 7 days before the hearing on temporary financial relief. Any documents that have already been served under the requirements for temporary or initial proceedings, do not need to be re-served again in the same proceeding. If a supplemental petition is filed, seeking modification, then the mandatory disclosure requirements begin again.
This form should be typed or printed in black ink. After completing this form, you should file the original with the clerk of the circuit court in the county where your case is filed and keep a copy for your records. A copy of this form must be mailed or hand delivered to any other party in your case.
What should I do next?
After you have provided the other party all of the financial information and documents and have filed this form certifying that you have complied with this rule, you are under a continuing duty to promptly give the other party any information or documents that change your financial status or that make the information already provided inaccurate. Refer to the instructions regarding the petition in your case to determine how you should proceed after filing this form.
Where can I look for more information?
Before proceeding, you should read “General Information for Self-Represented Litigants” found at the beginning of these forms. For further information, see rule 12.285, Florida Family Law Rules of Procedure.
Special notes ...
You may provide copies of required documents; however, the originals must be produced for inspection if the other party requests to see them.
Although the financial affidavits are based on individual gross income, either party may ask the other party to complete the Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(c), by serving the appropriate interrogatory form. (See Standard Family Law Interrogatories, Florida Family Law Rules of Procedure Form 12.930(b) (original proceedings) or (e) (modification proceedings)).
Any portion of the mandatory disclosure rule may be modified by order of the judge or agreement of the parties. Therefore, you and your spouse may agree that you will not require each other to produce the documents required under the mandatory disclosure rule. This exception does not apply to the Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c), which is required in all cases and cannot be waived.
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of Disclosure from *273 Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete,
FORM 12.932. CERTIFICATE OF COMPLIANCE WITH MANDATORY DISCLOSURE
IN THE CIRCUIT COURT OF THE_JUDICIAL CIRCUIT, IN AND FOR_COUNTY, FLORIDA
[[Image here]]
CERTIFICATE OF COMPLIANCE WITH MANDATORY DISCLOSURE
I, {full legal name}_, certify that I have complied with the mandatory disclosure required by Florida Family Law Rule 12.285 as follows: -
1. FOR TEMPORARY FINANCIAL RELIEF, ONLY: The date the following documents were served:-
[ / all that apply]
_ a. Financial Affidavit (Filing of a Financial Affidavit cannot be waived.)
( ) Florida Family Law Rules of Procedure Form 12.902(b) (short form)
( ) Florida Family Law Rules of Procedure Form 12.902(c) (long form)
_ b. ( ) All personal (1040) federal tax, gift tax, and intangible personal property tax returns for the preceding year; or
( ) Transcript of tax return as provided by IRS form 4506; or
( ) IRS forms W-2, 1099, and K-l for the past year because the income tax return for the past year has not been prepared.
_ c. Pay stubs or other evidence of earned income for the 3 months before the service of the financial affidavit.
2. FOR INITIAL, SUPPLEMENTAL, AND PERMANENT FINANCIAL RELIEF:
The date the following documents were served:-
[ / all that apply]
_ a. Financial Affidavit (Filing of a Financial Affidavit cannot be waived.)
( ) Florida Family Law Rules of Procedure Form 12.902(b) (short form)
( ) Florida Family Law Rules of Procedure Form 12.902(c) (long form)
b. ( ) All personal (1040) federal and state tax income returns, gift tax returns, and intangible personal property tax returns for the preceding 3 years;
( ) IRS forms W-2, 1099, and K-l for the past year because the income tax return for the past year has not been prepared.
_ c. Pay stubs or other evidence of earned income for the 3 months before the service of the financial affidavit.
_ d. A statement identifying the source and amount of all income for the 3 months before the service of the financial affidavit, if not reflected on the pay stubs produced.
_ e. All loan applications and financial statements prepared for any purpose or used for any purpose within the 12 months preceding the service of the financial affidavit.
*274 _ f. All deeds to real estate in which I presently own or owned an interest within the past 3 years. All promissory notes in which I presently own or owned an interest within the last 12 months. All present leases in which I own an interest.
_ g. All periodic statements for the last 3 months for all checking accounts and for the last year for all savings accounts, money market funds, certificates of deposit, etc.
_ h. All brokerage account statements for the last 12 months.
_ i. Most recent statement for any pension, profit sharing, deferred compensation, or retirement plan (for example, IRA, 401(k), 403(b), SEP, KEOGH, etc.) and summary plan description for any such plan in which I am a participant or alternate payee.
_ j. The declarations page, the last periodic statement, and the certificate for any group insurance for all life insurance policies insuring my life or the life of my spouse.
_ k. All health and dental insurance cards covering either of me or my spouse and/or our dependent child(ren).
_ 1. Corporate, partnership, and trust tax returns for the last 3 tax years, in which I have an ownership or interest greater than or equal to 30%.
_ m. All credit card and charge account statements and other records showing my(our) indebtedness as of the date of the filing of this action and for the prior 3 months. All promissory notes on which I presently owe or owed within the past year. All lease agreements I presently owe.
_ n. All premarital and marital agreements between the parties to this case.
_ o. If a modification proceeding, all written agreements entered into between the parties at any time since the order to be modified was entered.
_ p. All documents and tangible evidence relating to claims for special equity or nonmarital status of an asset or debt.
— q. Any court order directing that I pay or receive spousal support (alimony) or child support.
I certify that a copy of this document was [ / one only] ( ) mailed ( ) faxed and mailed ( ) hand delivered to the person(s) listed below on {date}_
Other party or his/her attorney:
Name: _
Address: _
City, State, Zip: _
Fax Number: _
Dated: _
Signature of Party
Printed Name: _
Address: _
City, State, Zip: _
Telephone Number: _
Fax Number: _
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW: [ fill in all blanks]
I, {full legal name and trade name of nonlawyer} _, a nonlawyer, located at {street} _, {city} _, {state} -, {phone} _, helped {name} _, who is the [/ one only]_petitioner or_respondent, fill out this form.
*275 INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.940(d), MOTION TO MODIFY OR DISSOLVE TEMPORARY INJUNCTION
When should this form be used?
If a temporary injunction, either ex parte or after a hearing, has been entered against you, you may use this form to ask the court to modify or dissolve that injunction.
This form should be typed or printed in black ink. After completing this form, you should file the original with the clerk of the circuit court in the county where the injunction was entered and keep a copy for your records. You should ask the clerk to process your motion through their emergency procedures. A hearing will be held within 5 working days. You should ask for the date and time of your hearing and should file Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923 or other appropriate notice of hearing form, and send a copy to the other party.
What should I do next?
A copy of this form must be mailed or hand delivered to the other party, along with a notice of hearing.
Where can I look for more information?
Before proceeding, you should read “General Information for Self-Represented Litigants” found at the beginning of these forms. For further information, see chapter 61, Florida Statutes, and rule 1.610, Florida Rules of Civil Procedure.
Special notes ...
With this form you must also file the following, if you have not already done so:
• Uniform Child Custody Jurisdiction Act (UCCJA) Affidavit, Florida Supreme Court Approved Family Law Form 12.902(d), if the custody of a minor children) is at issue.
Order ... These family law forms contain an Order Dissolving Temporary Injunction, Florida Supreme Court Approved Family Law Form 12.940(e), which the judge may use. You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring a blank order form with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties’ names, and leave the rest blank for the judge to complete at your hearing or trial.
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
FORM 12.940(d). MOTION TO MODIFY OR DISSOLVE TEMPORARY INJUNCTION
IN THE CIRCUIT COURT OF THE_JUDICIAL CIRCUIT, IN AND FOR_COUNTY, FLORIDA
[[Image here]]
*276 [[Image here]]
MOTION TO MODIFY OR DISSOLVE TEMPORARY INJUNCTION
( ) Petitioner ( ) Respondent requests the Court to enter an order ( ) dissolving the temporary injunction issued in the above styled case ( ) modifying the temporary injunction issued in the above styled case in the following manner: _
I am the party against whom this temporary injunction has been granted and under rule 1.610, Florida Rules of Civil Procedure, I request that a hearing be held within 5 days after the filing of this motion.
I certify that a copy of this document was [/ one only] ( ) mailed ( ) faxed and mailed ( ) hand delivered to the person(s) listed below on {date}_
Other party or his/her attorney:
Name: _
Address: _
City, State, Zip: _
Fax Number: _
Dated: _
Signature of Party
Printed Name:_
Address:_
City, State, Zip:_
Telephone Number:_
Fax Number: _
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW: [ fill in all blanks]
I, {full legal name and trade name of nonlawyer} _, a nonlawyer, located at {street} _;_, {city} _, {state} -, {phone} _, helped {name} _, who is the [/ one only]_petitioner or_respondent, fill out this form.
FORM 12.940(e). ORDER DISSOLVING TEMPORARY INJUNCTION
IN THE CIRCUIT COURT OF THE_JUDICIAL CIRCUIT, IN AND FOR_COUNTY, FLORIDA
[[Image here]]
ORDER DISSOLVING TEMPORARY INJUNCTION
*277 Upon ( ) Petitioner’s ( ) Respondent’s motion and after hearing, the Court, being fully-advised in the premises,
ORDERS that the temporary injunction entered on {date}_in the above-styled case is hereby dissolved.
ORDERED on {date}_, at {time}-
CIRCUIT JUDGE
COPIES TO:
Petitioner (or his or her attorney)
Respondent (or his or her attorney)
Office of Citizenship-Legal Assistance
Passport Services
United States Department of State
1425 “K” Street, N.W., Room 300
Washington, D. C. 10522-1705
INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.941(a), VERIFIED MOTION FOR TEMPORARY INJUNCTION TO PREVENT REMOVAL OF MINOR CHILD(REN) AND/OR DENIAL OF PASSPORT SERVICES
When should this form be used?
You should use this form if you want the court to enter an order that your minor child(ren) is (are) not to be removed from the State of Florida while a case involving the child(ren)’s custody is pending, that passport services for the minor child(ren) be prohibited, and/or that existing passports be turned over to you.
This form should be typed or printed in black ink. If you want the court to enter an ex parte order, without giving the other side advance notice of the hearing, you should explain your reasons in paragraph 5 of this form. After completing this form, you should sign the form before a notary public. You should file the original with the clerk of the circuit court in the county where your case is pending and keep a copy for your records. You should also ask the clerk to process your motion though their emergency procedures.
What should I do next?
If the court enters an order without advance notice to the other party, you should take a certified copy of the order to the sheriffs office for further assistance. You must have this form and the court’s order, served by personal service on the other party. You should read the court’s order carefully. Look for directions in the order that apply to you and note the time and place of the hearing scheduled in the order. You should go to the hearing with whatever evidence you have regarding your motion.
If the court will not enter an order without advance notice to the other side, you should check with the clerk of court, family law intake staff, or judicial assistant for information on the local procedure for scheduling a hearing on your motion, unless the court sets a hearing in its order denying your request for an ex parte hearing. When you know the date and time of your hearing, you should file Notice of Hearing (General), Florida Supreme *278 Court Approved Family Law Form 12.923 or other appropriate notice of hearing form, and use personal service to notify the other party of your motion, the court’s order, if any, and the hearing.
Where can I look for more information?
Before proceeding, you should read “General Information for Self-Represented Litigants” found at the beginning of these forms. For further information, see chapter 61, Florida Statutes, and rule 1.610, Florida Rules of Civil Procedure.
Special notes ...
If you have an attorney, your attorney must certify in writing the efforts that have been made to give the other party notice, if no notice is given.
The court may require you to post a bond as a condition of the injunction.
With this form you must also file the following, if you have not already done so, and provide a copy to the other party:
• Uniform Child Custody Jurisdiction Act (UCCJA) Affidavit, Florida Supreme Court Approved Family Law Form 12.902(d).
Temporary Injunctions ... These family law forms contain a Temporary Injunction to Prevent Removal of Minor Child(ren) and/or Denial of Passport Services (Ex Parte), Florida Supreme Court Approved Family Law Form 12.941(b), which the judge may use if he or she enters an order without a hearing, and a Temporary Injunction to Prevent Removal of Minor Child(ren) and/or Denial of Passport Services (After Notice),
Florida Supreme Court Approved Family Law Form 12.941(c), which the judge may use if he or she enters an order after a hearing. You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring a blank order form with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties’ names, and leave the rest blank for the judge to complete at your hearing.
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900 (a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
FORM 12.941(a). VERIFIED MOTION FOR TEMPORARY INJUNCTION TO PREVENT REMOVAL OF MINOR CHILD(REN) AND/OR DENIAL OF PASSPORT SERVICES
IN THE CIRCUIT COURT OF THE_JUDICIAL CIRCUIT, IN AND FOR_COUNTY, FLORIDA
[[Image here]]
*279 VERIFIED MOTION FOR TEMPORARY INJUNCTION TO PREVENT REMOVAL OF MINOR CHILD(REN) AND/OR DENIAL OF PASSPORT SERVICES
( ) Petitioner ( ) Respondent requests the Court to enter a temporary injunction to prevent removal of the following listed minor child(ren) from the jurisdiction of this Court and deny passport services for the child(ren) and says:
1.The minor child(ren) subject to this request is (are):
[[Image here]]
2. The children) has (have) been a resident(s) of_County, Florida since {date}-
3. A completed Uniform Child Custody Jurisdiction Act (UCCJA) Affidavit, Florida Supreme Court Approved Family Law Form 12.902(d), is filed with this motion.
4. It is in the best interests of the minor child(ren) that the Court order the following: [/ all that apply]
_ a. The children) not be removed from the jurisdiction of this Court while litigation is pending because:-
_ b. Passport services for the minor children) be prohibited because:.
_ c. Existing passports for the minor children) be immediately turned over to ( ) Petitioner ( ) Respondent because: _
5.This motion should be granted ( ) with ( ) without notice to the other party. {If without notice, explain why there would be immediate and irreparable harm if the other party is given notice.} -
WHEREFORE, ( ) Petitioner ( ) Respondent requests the following from the Court: [/ all that apply]
_ a. enter a temporary injunction to prevent removal of the child(ren) named above from the jurisdiction of this Court while this action is pending;
_ b. enter an order denying passport services for the minor children);
_ c. enter an order requiring that any existing passports for the minor child(ren) be immediately delivered to ( ) Petitioner ( ) Respondent;
_ d. enter a temporary injunction without notice to the other party.
I certify that a copy of this document was [/ one only] ( ) mailed ( ) faxed and mailed ( ) hand delivered to the person(s) listed below on {date}_or ( ) was not delivered to the person(s) listed below because-
*280 [[Image here]]
Other party or his/her attorney:
Name: _
Address:_
City, State, Zip: _
Fax Number: _
I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this verified motion and that the punishment for knowingly making a false statement includes fines and/or imprisonment.
Dated: _ _
Signature of Party
Printed Name: _
Address:_
City, State, Zip:_
Telephone Number:_
Fax Number: _
STATE OF FLORIDA COUNTY OF_
Sworn to or affirmed and signed before me on_by
NOTARY PUBLIC or DEPUTY CLERK
[Print, type, or stamp commissioned name of notary or clerk.]
_ Personally known
_ Produced identification
Type of identification produced_
If the party filing this motion is represented by an attorney, the attorney must complete the following:
[[Image here]]
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW: [ fill in all blanks]
*281 I, {full legal name and trade name of nonlawyer}-, a nonlawyer, located at {street}-.-, {city} -, {state} _, {phone} _, helped {name} _, who is the [/ one only]_petitioner or_respondent, fill out this form.
FORM 12.941(b). TEMPORARY INJUNCTION TO PREVENT REMOVAL OF MINOR CHILD(REN) AND/OR DENIAL OF PASSPORT SERVICES (EX PARTE)
IN THE CIRCUIT COURT OF THE_JUDICIAL CIRCUIT, IN AND FOR_COUNTY, FLORIDA
[[Image here]]
TEMPORARY INJUNCTION TO PREVENT REMOVAL OF MINOR CHILD(REN) AND/OR DENIAL OF PASSPORT SERVICES (EX PARTE)
Upon verified motion of ( ) Petitioner ( ) Respondent, the Court has jurisdiction of the parties and the subject matter and the Court being fully advised, it is ORDERED and ADJUDGED that:
NOTICE OF HEARING
This Temporary Injunction to Prevent Removal of Child(ren) has been issued without prior notice to Respondent. Pursuant to Rule 1.610, Florida Rules of Civil Procedure, the other party may file a motion to dissolve or modify this temporary injunction and a hearing will be scheduled within 5 days of that motion.
[/ if applies]
_ If no motion to dissolve is filed, Petitioner and Respondent are instructed that they are scheduled to appear and testify at a hearing regarding this matter on {date}-, at _a.m./p.m., when the Court will consider whether the Court should continue, modify, or dissolve this Temporary Injunction to Prevent Removal of Children) and/or Denial of Passport Services, which would remain in effect until modified or dissolved by the Court, and whether other things should be ordered, including who should pay the filing fees and costs. The hearing will be before The Honorable {name} -, at {room name/number, location, address, city} -, Florida. If Petitioner and/or Respondent do (does) not appear, this temporary injunction may be continued in force, extended, or dismissed, and/or additional orders may be issued, including the imposition of court costs.
If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact {name} -- {address} _, {telephone} -, within 2 working days of your receipt of this temporary injunction. If you are hearing or voice impaired, call TDD 1-800-955-8771.
FINDINGS
1. It appears from specific facts shown by verified motion that immediate and irreparable injury, loss, or damage will result to the minor children) if a temporary injunction is not issued without notice to the other party.
*282 2. ( ) Petitioner’s ( ) Respondent’s attorney has certified in writing any efforts made to give notice.
3. The reasons why notice should not be given are: _
TEMPORARY INJUNCTION
[ / all that apply]
_ 1. The following children) shall not be removed from the jurisdiction of this Court during the pendency of this proceeding, or until further order of this Court:
[[Image here]]
— 2. ( ) Petitioner ( ) Respondent shall not apply for any passports or passport services on behalf of the ehild(ren).
— 3. ( ) Petitioner ( ) Respondent shall immediately deliver any existing passports for the children) to {name}_
4. The Court may enforce compliance with the terms of this injunction through civil and/or indirect criminal contempt proceedings, which may include arrest, incarceration, and/or the imposition of a fine.
5. Violation of this injunction may constitute criminal contempt of court.
6. Bond.
— a. Bond is waived because this injunction is issued solely to prevent physical injury or abuse of a natural person.
— b. This order is conditioned upon ( ) Petitioner ( ) Respondent posting bond in the sum of $_with the clerk of this Court.
7. Expiration. This injunction shall remain in effect until the minor child(ren) reach(es) the age of 18, until the hearing scheduled herein, if any, or {date}_, whichever occurs first, unless modified by further order of this Court.
ORDERED on {date}_, at {time}_
CIRCUIT JUDGE
COPIES TO:
Petitioner (or his or her attorney)
Respondent (or his or her attorney)
Office of Citizenship-Legal Assistance
Passport Services
United States Department of State
1425 “K” Street, N.W., Room 300
Washington, D. C. 10522-1705
FORM 12.941(c). TEMPORARY INJUNCTION TO PREVENT REMOVAL OF MINOR CHILD(REN) AND/OR DENIAL OF PASSPORT SERVICES (AFTER NOTICE)
*283 IN THE CIRCUIT COURT OF THE_JUDICIAL CIRCUIT, IN AND FOR_COUNTY, FLORIDA
[[Image here]]
TEMPORARY INJUNCTION TO PREVENT REMOVAL OF MINOR CHILD(REN) AND/OR DENIAL OF PASSPORT SERVICES (AFTER NOTICE)
Upon verified motion of ( ) Petitioner ( ) Respondent, the Court has jurisdiction of the parties and the subject matter and the Court being fully advised, it is ORDERED and ADJUDGED that:
[ / all that apply]
_ 1. The following minor child(ren) shall not be removed from the jurisdiction of this Court during the pendency of this proceeding, or until further order of this Court:
[[Image here]]
_ 2. ( ) Petitioner ( ) Respondent shall not apply for any passports or passport services on behalf of the ehild(ren).
_ 3. ( ) Petitioner ( ) Respondent shall immediately deliver any existing passports for the chüd(ren) to {name}-
4. The Court may enforce compliance with the terms of this injunction through civil and/or indirect criminal contempt proceedings, which may include arrest, incarceration, and/or the imposition of a fine.
5. Violation of this injunction may constitute criminal contempt of court.
6. Bond.
_ a. Bond is waived because this injunction is issued solely to prevent physical injury or abuse of a natural person.
_ b. This order is conditioned upon ( ) Petitioner ( ) Respondent posting bond in the sum of $_with the clerk of this Court.
7. Expiration. This temporary injunction shall remain in effect until the minor children) reach(es) the age of 18, or until {date}-, not to exceed one year from the date of this order, whichever occurs first, unless modified by further order of this Court.
ORDERED on {date}-, at {time}-
CIRCUIT JUDGE
*284 COPIES TO:
Petitioner (or his or her attorney)
Respondent (or his or her attorney)
Office of Citizenship-Legal Assistance
Passport Services
United States Department of State
1425 “K” Street, N.W., Room 300
Washington, D. C. 10522-1705
INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.941(d), EMERGENCY VERIFIED MOTION FOR CHILD PICK-UP ORDER
When should this form be used?
You may use this form to request that the court enter an order directing the sheriff or other law enforcement officer to take a minor child(ren) from the person who currently has physical possession of the child(ren) and deliver the child(ren) to your physical custody. This form should only be used in an emergency by a person who has a pre-existing legal right to physical possession of a minor child. This means that you already have a court order awarding you legal custody of the children) OR you are the birth mother of one or more children born out of wedlock and no court order has addressed any other person’s parental rights. Before proceeding, you should read “General Information for Self-Represented Litigants” found at the beginning of these forms.
This form should be typed or printed in black ink. This form presumes that you want the court to enter an ex parte order without giving the other side advance notice of the hearing. You should explain your reasons for why such an ex parte order should be entered in paragraph 7 of this form. After completing this form, you should sign the form before a notary public or deputy clerk. You should file the original, along with all of the other forms required, with the clerk of the circuit court in the county where the children) is (are) physically located and keep a copy for your records. You should also ask the clerk to process your motion though their emergency procedures.
What should I do next?
If the court enters an order without advance notice to the other party, you should take a certified copy of the order to the sheriffs office for further assistance. You must have this form and the court’s order served by personal service on the other party. You should read the court’s order carefully. The order may require the sheriff to place the child(ren) somewhere other than in your physical possession. Look for directions in the order that apply to you and note the time and place of the hearing scheduled in the order. You should go to the hearing with whatever evidence you have regarding your motion.
If the court will not enter an order without advance notice to the other side, you should check with the clerk of court, judicial assistant, or family law intake staff for information on the local procedure for scheduling a hearing on your motion, unless the court sets a hearing in its order denying your request for an ex parte hearing. When you know the date and time of your hearing, you should file Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923, and use personal service to notify the other party of your motion, the court’s order, if any, and the hearing.
*285 Special notes ...
With this form you must also file the following:
• Uniform Child Custody Jurisdiction Act (UCCJA) Affidavit, Florida Supreme Court Approved Family Law Form 12.902(d).
• A certified copy of the court order showing that you have legal custody of the child(ren), if any.
OR
A certified copy of the child(ren)’s birth certificate, if you are the birth mother of a child born out of wedlock and no court order addressing paternity exists.
OR
A certified copy of any judgment establishing paternity or custody of the minor child(ren).
Order ... These family law forms contain an Order to Pick-Up Minor Child(ren),
Florida Supreme Court Approved Family Law Form 12.941(e), which the judge may use. You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring a blank order form with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties’ names, and leave the rest blank for the judge to complete at your hearing.
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900 (a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
FORM 12.941(d). EMERGENCY VERIFIED MOTION FOR CHILD PICK-UP ORDER
IN THE CIRCUIT COURT OF THE_JUDICIAL CIRCUIT, IN AND FOR_COUNTY, FLORIDA
[[Image here]]
EMERGENCY VERIFIED MOTION FOR CHILD PICK-UP ORDER
I, {full legal name}_, being sworn, certify that the following information is true:
1. This is a motion to enforce existing custody rights (as an operation of law or court-ordered) regarding the following minor children):
[[Image here]]
*286 [[Image here]]
2. Currently, the children) subject to this motion is (are) in the physical possession of {full legal name} _ whose address or present physical location is: _ This individual’s relationship to the minor children) is:
3. I ( ) am ( ) am not married to the person named in paragraph 2.
4. Custody status of minor child(ren). I have a superior right to custody of the minor children) over the person named in paragraph 2 because:
[ / all that apply]:
_ a. Custody has been established by a court. A final judgment or order awarding custody of the minor ehild(ren) was made on {date}_, in {name of court} -{case number}-This order awarded primary physical custody of the minor child(ren) to me. This final judgment or order applies to the following minor child(ren): {list name(s) of the child(ren) or write “all”} _ A certified copy of said final judgment or order is attached, has not been modified, and is still in effect. [ / if applies] ( ) This order is an out-of-state court order which is entitled to full faith and credit enforcement under the Uniform Child Custody Jurisdiction Act and/or the federal Parental Kidnaping Prevention Act.
b. Custody is established as an operation of law. I am the birth mother of the minor children) who was (were) born out of wedlock and there is no final judgment or order awarding custody of the following minor child(ren): {list name(s) of the children) or write “all”} _
— Paternity has not been established. A certified copy of the minor child(ren)’s birth certificate is attached and has not been amended.
— Paternity has been established. A certified copy of the final judgment of paternity, which shows no award of custody was made, is attached. This custody order has not been changed and is still in effect.
_ c. Other: _
5. A completed Uniform Child Custody Jurisdiction Act (UCCJA) Affidavit, Florida Supreme Court Approved Family Law Form 12.902(d), is filed with this motion.
6. Facts relating to the minor child(ren)’s current situation.
[ / all that apply]
— a. The person named in paragraph 2 wrongfully removed or wrongfully detained the minor children) from my custody on {date} _ as follows: _
□ Check here if you are attaching additional pages to continue these facts.
*287 _ b. I believe that the minor child(ren) is (are) in immediate danger of harm or removal from this court’s jurisdiction while with the person named in paragraph 2 based on the following: -
_ e. The current location of the minor child(ren) is:
( ) unknown
( ) believed to be at the following address(es) with the following people {list both the address and the people you believe will be there}: _
7.Advance notice of this motion to the individual named in paragraph 2 should not be required because: -
8. If needed, I can be contacted for notice of an emergency or expedited hearing at the following addresses/locations:
Name of Contact Person: -
Address: ___
Telephone number(s) where I (or my designee) can be reached: {give name of individual to call}-
Name of Contact Person: -
Address:-
Telephone number(s) where I (or my designee) can be reached: {give name of individual to call}-
9. Attorneys’ Fees, Costs, and Suit Monies.
[ / if applies]
_ I have filed this motion because of wrongful acts of the person listed in paragraph two above. I request that this Court award reasonable attorney’s fees, costs, and suit monies as applicable or authorized under Florida law, the UCCJA, and other legal authorities.
WHEREFORE, I request an Emergency Order to Pick-Up Minor Child(ren), without advance notice, directing all sheriffs of the State of Florida or other authorized law enforcement officers in this state or any other state to pick up, the previously named minor children) and deliver them to my physical custody.
I understand that I am swearing or affirming under oath to the truthfulness of the claims made above and that the punishment for knowingly making a false statement includes fines and/or imprisonment.
Dated: -
Signature of Party-
Printed Name: -
Address:-
City, State, Zip: -
Telephone Number:-
Fax Number:_
STATE OF FLORIDA COUNTY OF_
*288 [[Image here]]
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW: [ fill in all blanks]
I, {full legal name and trade name of nonlawyer} _, a nonlawyer, located at {street} _, {city} _, {state} -, {phone} _, helped {name} _, who is the [/ one only]_petitioner or_respondent, fill out this form. FORM 12.941(e). ORDER TO PICK-UP MINOR CHILD(REN)
IN THE CIRCUIT COURT OF THE_JUDICIAL CIRCUIT, IN AND FOR_COUNTY, FLORIDA
[[Image here]]
ORDER TO PICK-UP MINOR CHILD(REN)
An Emergency Verified Motion for Child Pick-Up Order has been filed by ( ) Petitioner ( ) Respondent, alleging facts which under existing law are determined to be sufficient to authorize taking into custody the minor children) named below. Based on this motion, this Court makes the following findings, notices, and conclusions:
JURISDICTION
This Court has jurisdiction over issues surrounding the minor child(ren) listed below based on the following:
[/ all that apply]
— a. This Court exercised and continues to exercise original jurisdiction over the minor children listed below under the Uniform Child Custody Jurisdiction Act (UCCJA), specifically, section 61.1308, Florida Statutes.
— b. A certified out-of-state custody decree has been presented to this Court with a request for full faith and credit recognition and enforcement under the Parental Kidnaping Prevention Act, 28 U.S.C. § 1738A. This Court has jurisdiction to enforce this decree under the UCCJA, specifically section 61.1328, Florida Statutes.
— c. By operation of Florida law governing the primary custody rights of children born out of wedlock, this Court has jurisdiction over the child(ren) listed below because this (these) child(ren) was (were) bom in the State of Florida and no prior court action involving the minor children) has addressed a putative father’s rights to custody or other parental rights. See sections 742.031 and 744.301, Florida Statutes.
*289 _ d. Pursuant to the UCCJA, specifically section 61.133, Florida Statutes, this Court has jurisdiction to modify a custody decree of another state .and has consulted with the Court which took initial jurisdiction over the minor child(ren) to determine this authority.
_ e. Other: -
NOTICE OF HEARING
Because this Order to Pick-Up Minor Children) has been issued without prior notice to the non-movant {name} -, all parties involved in this matter are informed that they are scheduled to appear and testify at a hearing regarding this matter on {date}_, at_m., at which time the Court will consider whether the Court should issue a further order in this case, and whether other things should be ordered, including who should pay the filing fees and costs. The hearing will be before The Honorable {name} -, at {room name/number, location, address, city} -, Florida. If a party does not appear, this order may be continued in force, extended, or dismissed, and/or additional orders may be issued, including the imposition of court costs.
If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact {name} -, {address} -, {telephone} _, within 2 working days of your receipt of this order. If you are hearing or voice impaired, call TDD 1-800-955-8771.
ORDER
This Court ORDERS AND DIRECTS any and all sheriffs of the State of Florida (or any other authorized law enforcement officer in this state or in any other state) to immediately take into custody the minor children) identified below from anyone who has possession and:
__ 1. Place the minor child(ren) in the physical custody of {name} -, {Social Security No.} _, who ( ) may ( ) may not remove the minor child(ren) from the jurisdiction of this Court.
OR
_ 2. Accompany the minor child(ren) to the undersigned judge, if the minor child(ren) is (are) picked up during court hours, for immediate hearing on the issue of custody. It is the intention of this Court that the nonmoving party, minor children), and movant appear immediately upon service of this order before the undersigned judge, if available, or duty judge to conduct a hearing as to which party is entitled to lawful custody of the minor child(ren) at issue. It is not the intention of the court to turn over the children) to the movant on an ex parte basis. Neither party should be permitted to remove the child(ren) from the jurisdiction of this Court pending a hearing. If unable to accomplish the above, the sheriff/officer shall take the children) into custody and place them with the Department of Children and Family Services of the State of Florida pending an expedited hearing herein.
OR
_ 3. Place the minor child(ren) in the physical custody of {agency}-, who shall contact the undersigned judge for an expedited hearing. The sheriff/officer shall not delay the execution of this court order for any reason or permit the situation to arise where the nonmoving party is allowed to remove the children) from the jurisdiction of this court.
*290 4. NEITHER PARTY OR ANYONE AT THEIR DIRECTION, EXCEPT PURSUANT TO THIS ORDER, MAY REMOVE THE CHILD(REN) FROM THE JURISDICTION OF THIS COURT PENDING FURTHER HEARING. SHOULD THE NONMOVING PARTY IN ANY WAY VIOLATE THE MANDATES OF THIS ORDER IN THE PRESENCE OF THE LAW ENFORCEMENT OFFICER, THIS OFFICER IS TO IMMEDIATELY ARREST AND INCARCERATE THE OFFENDING PARTY UNTIL SUCH TIME AS THE OFFENDING PARTY MAY BE BROUGHT BEFORE THIS COURT FOR FURTHER PROCEEDINGS.
All sheriffs of the State for Florida are authorized and ORDERED to serve (and/or execute) and enforce this order in the daytime or in the nighttime and any day of the week, except as limited by this order above.
Except as limited by the above, if necessary, the sheriff/officer is authorized to take all reasonable, necessary, and appropriate measures to effectuate this order. The sheriff/officer shall not delay the execution of this order for any reason or permit the situation to arise where the child(ren) is (are) removed from the jurisdiction of this Court before execution of this order.
The minor child(ren) is (are) identified as follows:
[[Image here]]
COPIES TO:
Petitioner (or his or her attorney)
Respondent (or his or her attorney)
INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.942(a), MOTION FOR APPOINTMENT OF GUARDIAN AD LITEM
When should this form be used?
This form may be used by either party in a family law case involving custody, parental responsibility, visitation, or paternity of a minor children) to request that the judge appoint a guardian ad litem to represent the best interests of the minor child(ren). You should use this form if you feel that your child(ren) needs someone other than you to ensure that both the judicial system and the other partyfles) act(s) in the best interests of the child(ren). A guardian ad litem may be a volunteer who has been trained and certified by the State of Florida Guardian ad Litem Program or an attorney who is a member in good standing with The Florida Bar.
*291 This form should be typed or printed in black ink. After completing this form, you should file the original with the clerk of the circuit court in the county where your ease is filed and keep a copy for your records.
What should I do next?
A copy of this form must be mailed or hand delivered to the other party in your case.
It is possible that there will be a hearing on your motion. The judge may want to hear the reasons you feel an appointment of a guardian ad litem is necessary, or, the other party may object to your motion. If a hearing is required, check with the clerk of court, family law court staff, or judicial assistant for information on the local procedure for scheduling a hearing. When you know the date and time of your hearing, you should file Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form, and provide a copy to the other party.
Where can I look for more information?
Before proceeding, you should read “General Information for Self-Represented Litigants” found at the beginning of these forms. You may also want to contact the Guardian ad Litem Program office in your area or see sections 61.401-405, Florida Statutes.
Special notes ...
Order ... These family law forms contain an Order Appointing a Guardian ad Li-tem, Florida Supreme Court Approved Family Law Form 12.942(b), which the judge may use. You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring a blank order form with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties’ names, and leave the rest blank for the judge to complete at your hearing or trial.
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900 (a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
FORM 12.942(a). MOTION FOR APPOINTMENT OF GUARDIAN AD LITEM
IN THE CIRCUIT COURT OF THE_JUDICIAL CIRCUIT, IN AND FOR_COUNTY, FLORIDA
[[Image here]]
MOTION FOR APPOINTMENT OF GUARDIAN AD LITEM
*292 ( ) Petitioner ( ) Respondent requests that the Court enter an order appointing a guardian ad litem with all powers, privileges, and responsibilities authorized in section 61.403, Florida Statutes, and states:
1.The following minor child(ren) is (are) subject to this proceeding:
[[Image here]]
2. Verified allegations of child abuse or neglect as defined in section 39.01(2) or (5), Florida Statutes, ( ) HAVE ( ) HAVE NOT been made in this case.
3. The matters before the Court regarding the minor child(ren) are:
— a. sole/shared parental responsibility
— b. primary/secondary residential parent
— c. visitation
_ d. other: _
4. It is in the best interests of the minor child(ren) that a guardian ad litem be appointed to advance the best interests of the minor child(ren) because: _
I certify that a copy of this document was [/ one only] ( ) mailed ( ) faxed and mailed ( ) hand delivered to the person(s) listed below on {date}_
Other party or his/her attorney:
Name: _
Address: _
City, State, Zip: _
Fax Number: _
Dated: _ _
Signature of Party
Printed Name: _
Address: _
City, State, Zip: _
Telephone Number: _
Fax Number: _
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW: [ fill in all blanks]
I, {full legal name and trade name of nonlawyer} _, a nonlawyer, located at {street} _, {city} _, {state} _, {phone} _, helped {name} _, who is the [/ one only]_petitioner or_respondent, fill out this form.
FORM 12.942(b). ORDER APPOINTING GUARDIAN AD LITEM
IN THE CIRCUIT COURT OF THE_JUDICIAL CIRCUIT, IN AND FOR_COUNTY, FLORIDA
Case No.: _
Division: _
*293 [[Image here]]
ORDER APPOINTING GUARDIAN AD LITEM
Upon ( ) Petitioner’s ( ) Respondent’s ( ) Court’s own motion to appoint guardian ad litem for the minor child(ren) herein and the Court finding that
_ a. verified allegations of child abuse or neglect as defined in section 39.01(2) or (5), Florida Statutes, have been made and are determined to be well-founded,
OR
_ b. it is otherwise in the best interests of the ehild(ren) that a guardian ad litem be appointed to advance the best interests of the minor child(ren) because: - it is thereupon
ORDERED as follows:
1.A guardian ad litem shall be appointed for the minor child(ren), {name(s)} now residing at {street address}-
2.The State of Florida Guardian ad Litem Program for the_Judicial Circuit shall assign a certified guardian ad litem for the minor children). Upon filing of the Notice of Acceptance, the guardian ad litem can be served c/o Guardian ad Litem Program, {address} - Pursuant to the State of Florida Guardian ad Litem Standards of Operation adopted by the Supreme Court of Florida, if the Guardian ad Litem Program is appointed in the absence of a well founded allegation of abuse or neglect, an automatic discharge by the Court will occur upon filing of a Motion to Discharge by the Program if the Program does not have sufficient volunteer and/or supervisory resources available to accommodate this appointment.
OR
{name}_, an attorney in good standing with The Florida Bar, is appointed to serve as a private guardian ad litem for the above minor children). The fees of the private guardian shall be paid by: ( ) Petitioner ( ) Respondent ( ) each party equally ( ) other, {specify} -
3. The guardian ad litem is a party to any judicial proceeding from the date of this order until the date of discharge and shall have all of the powers, privileges, and responsibilities authorized in section 61.403, Florida Statutes, to the extent necessary to advance the best interests of the minor child(ren).
4. The guardian ad litem must be provided with copies of all pleadings, notices, stipulations, and other documents filed in this action and is entitled to reasonable notice before any action affecting the ehild(ren) is taken by either of the parties, their counsel, or the Court. The guardian ad litem is entitled, through counsel, to be present at any depositions, hearings, or other proceedings concerning the minor child(ren).
*294 5. The guardian ad litem may investigate the allegations of the pleadings affecting the minor child(ren), and after proper notice may interview witnesses or any other person having information concerning the welfare of the minor child(ren).
6. The guardian ad litem shall maintain any information received from any source described in section 61.403(2), Florida Statutes, as confidential and shall not disclose such information except in reports to the Court served upon both parties to this cause and their counsel, or as directed by the Court.
7. The parties, or any other person entrusted by the parties with the care of the minor child(ren) shall allow the guardian ad litem access to the minor child(ren) at reasonable times and locations and no person shall obstruct the guardian ad litem from the minor child(ren).
8. The guardian ad litem shall submit his or her recommendations to the Court regarding any stipulation or agreement, whether incidental, temporary, or permanent, which affects the interest or welfare of the minor child(ren), within 10 days after the date the stipulation or agreement is served upon the guardian ad litem.
9. The guardian ad litem shall file a written report with the Court, which may include recommendations and a statement of the wishes of the minor children). The report must be filed and served on all parties at least 20 days prior to the hearing at which it will be presented unless the Court waives such time period. The guardian ad litem’s report shall address the following areas, subject to any conditions ordered by this Court:
_ a. parental responsibility of child(ren);
_ b. residence of children);
— c. visitation, including times and locations;
— d. appearance of children) at depositions/hearings;
— e. relocation;
— f. best interests of children) regarding scientific tests; and/or
— g. other_
This appointment is subject to the following conditions:
10.The guardian ad litem is automatically discharged without further order 30 days after the entry of a final order or judgment in this proceeding, unless otherwise ordered by the Court.
[[Image here]]
*295 INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.943, MOTION TO DEVIATE FROM CHILD SUPPORT GUIDELINES
When should this form be used?
Child support in Florida is determined by the child support guidelines found in section 61.30, Florida Statutes. The court, at its discretion, may raise or lower the child support guidelines amount by up to 6%. In addition, the court may raise or lower the guidelines support amount by more than 5%, if written reasons are given for the adjustment. The court may make these additional adjustments based on certain considerations, which are reflected in this form. You should review this form to determine if any of the reasons for adjusting the child support guidelines amount apply to your situation and you should complete this form only if you want the court to order more child support or less child support than the amount required by the child support guidelines.
This form should be typed or printed in black ink. After completing this form, you should file the original with the clerk of the circuit court in the county where your case is filed and keep a copy for your records.
What should I do next?
A copy of this form must be mailed or hand delivered to the other party in your case.
Where can I look for more information?
Before proceeding, you should read “General Information for Self-Represented Litigants” found at the beginning of these forms. For further information, see section 61.30, Florida Statutes.
Special notes ...
More information on the child support guidelines as well as a chart for converting income and expenses to monthly amounts if paid or incurred on other than a monthly basis is contained in the instructions to Florida Family Law Financial Affidavit, N Florida Family Law Rules of Procedure Form 12.902(b) or (c), and the Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e).
With this form you must also file the following, if not already filed:
• Florida Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c).
• Child Support Guidelines Worksheet,
Florida Family Law Rules of Procedure Form 12.902(e). (If you do not know the other party’s income, you should file this worksheet as soon as you receive a copy of his or her financial affidavit.)
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900 (a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
FORM 12.943. MOTION TO DEVIATE FROM CHILD SUPPORT GUIDELINES
IN THE CIRCUIT COURT OF THE_JUDICIAL CIRCUIT, IN AND FOR_COUNTY, FLORIDA
*296 [[Image here]]
MOTION TO DEVIATE FROM CHILD SUPPORT GUIDELINES
( ) Petitioner ( ) Respondent requests that the Court enter an order granting the following:
SECTION I
[/ one only]
— a. MORE child support than the amount required by the child support guidelines. The Court should order MORE child support than the amount required by the child support guidelines because of:
[/ all that apply to your situation]
_ 1. Extraordinary medical, psychological, educational, or dental expenses;
_ 2. Seasonal variations in one or both parent’s income;
_ 3. Age(s) of the child(ren), taking into consideration the greater needs of older child(ren);
_ 4. Special needs that have been met traditionally within the family budget even though the fulfilling of those needs will cause support to exceed the guidelines;
— 5. The amount of time each child will spend with each parent under the shared parental arrangement;
_ 6. The direct and indirect financial expenses for each child as set forth in s. 61.30(ll)(b)3, Florida Statutes;
— 7. Total available assets of mother, father, and child(ren);
__ 8. Impact of IRS dependency exemption and waiver of that exemption;
— 9. Residency of subsequently born or adopted child(ren) with the obligor, including consideration of the subsequent spouse’s income;
— 10. The comparative income of each parent, considering all relevant factors, as provided in s. 61.30(2)(a), Florida Statutes;
_ 11. The station in life of each parent and each child;
— 12. The standard of living experienced by the entire family during the marriage;
— 13. The financial status and ability of each parent; and/or
— 14. Any other adjustment that is needed to achieve an equitable result, which may include reasonable and necessary expenses jointly incurred during the marriage.
Explain any items marked above: _
— b. LESS child support than the amount required by the child support guidelines. The Court should order LESS child support than the amount required by the child support guidelines because of:
[/ all that apply to your situation]
— 1. Extraordinary medical, psychological, educational, or dental expenses;
— 2. Independent income of children), excluding the child(ren)’s SSI income;
— 3. Payment of both child support and spousal support to a parent that regularly has been paid and for which there is a demonstrated need;
— 4. Seasonal variations in one or both parent’s income;
— 5. Age of the child(ren), taking into consideration the greater needs of older child(ren);
*297 _ 6. The amount of time each child will spend with each parent under the shared parental arrangement;
_ 7. The direct and indirect financial expenses for each child as set forth in s. 61.30(ll)(b), Florida Statutes;
_ 8. The comparative income of each parent, considering all relevant factors, as provided in s. 61.30(2)(a), Florida Statutes;
_ 9. Total available assets of obligee, obligor, and children);
_ 10. Impact of IRS dependency exemption and waiver of that exemption;
_ 11. Application of the child support guidelines requires the obligor to pay more than 55% of gross income for a single support order;
_ 12. The station in life of each parent and each child;
_ 13. The standard of living experienced by the entire family during the marriage;
_ 14. The financial status and ability of each parent; and/or
_ 15. Any other adjustment that is needed to achieve an equitable result, which may include reasonable and necessary expenses jointly incurred during the marriage.
Explain any items marked above: -
SECTION II. INCOME AND ASSETS OF CHILD (REN) COMMON TO BOTH PARTIES
List the total of any independent income or assets of the children) common to both parties (income from Social Security, gifts, stocks/bonds, employment, trust fund(s), investment(s), etc.). Attach an explanation.
TOTAL VALUE OF ASSETS OF CHILD(REN) $- TOTAL MONTHLY INCOME OF CHILD(REN) $_
SECTION III. EXPENSES FOR CHILD(REN) COMMON TO BOTH PARTIES
All amounts must be MONTHLY. See the instructions with this form to figure out money amounts for anything that is NOT paid monthly. Attach more paper, if needed. Items included under “other” should be listed separately with separate dollar amounts.
[[Image here]]
*298 22. Monthly insurance (life, etc.) {explain}:_ 22. $_ Other {explain}_:
23. _ 23. $_
24. _ 24. $_
25. _ 25 $_
_ 26! TOTAL EXPENSES FOR CHILD(REN) COMMON TO BOTH PARTIES
(add lines 1 through 25) 26. $_____
I have filed, will file, or am filing with this form the following additional documents:
1. Florida Family Law Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c).
2. Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e).
I certify that a copy of this document was [/ one only] ( ) mailed ( ) faxed and mailed ( ) hand delivered to the person(s) listed below on {date}_
Other party or his/her attorney:
Name: _
Address: _
City, State, Zip: _
Fax Number: _
I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this motion and that the punishment for knowingly making a false statement includes fines and/or imprisonment.
[[Image here]]
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW: [ fill in all blanks]
I, {full legal name and trade name of nonlawyer} _, a nonlawyer, located at {street} _, {city} _, {state} -, {phone} _, helped {name} _, who is the [/ one only] — petitioner or_respondent, fill out this form.
*299 INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.944(a), MOTION FOR TESTIMONY AND ATTENDANCE OF MINOR CHILD(REN)
When should this form be used?
Rule 12.407, Florida Family Law Rules, provides that minor children may not be deposed (have their deposition taken), brought to court to appear as a witness or to attend a hearing, or subpoenaed to appear at a hearing without prior order of the court. This rule applies in all cases except when there is an emergency or the case is an uncontested adoption. You should use this form to request that the court enter an order authorizing a minor children) to appear at a court proceeding.
This form should be typed or printed in black ink. After completing this form, you should file the original with the clerk of the circuit court in the county where your case is filed and keep a copy for your records.
What should I do next?
A copy of this form must be mailed or hand delivered to any other party(ies) in your case, including the guardian ad litem, if one has been appointed.
It is possible that there will be a hearing on your motion. The judge may want to hear the reasons you feel this motion should be granted, or the other party may object to your motion. If a hearing is required, check with the clerk of court, judicial assistant, or family law intake staff for information on the local procedure for scheduling a hearing. When you know the date and time of your hearing, you should file Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form, and provide a copy to any other party.
Where can I look for more information?
Before proceeding, you should read “General Information for Self-Represented Litigants” found at the beginning of these forms. For further information, see rule 12.407, Florida Family Law Rules of Procedure.
Special notes ...
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900 (a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
FORM 12.944(a). MOTION FOR TESTIMONY AND ATTENDANCE OF MINOR CHILD(REN)
IN THE CIRCUIT COURT OF THE_JUDICIAL CIRCUIT, IN AND FOR_COUNTY, FLORIDA
[[Image here]]
*300 Respondent.
MOTION FOR TESTIMONY AND ATTENDANCE OF MINOR CHILD(REN)
( ) Petitioner ( ) Respondent requests that the Court enter an order authorizing one or more of the actions listed below related to the following minor child(ren):
[[Image here]]
[/ all that apply]
[[Image here]]
*301 IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW: [ fill in all blanks]
I, {full legal name and trade name of nonlawyer} -, a nonlawyer, located at {street} -, {city} -, {state} _, {phone} _, helped {name} -, who is the [/ one only]_petitioner or_respondent, fill out this form.
FORM 12.944(b). ORDER FOR TESTIMONY AND ATTENDANCE OF MINOR CHILD(REN)
IN THE CIRCUIT COURT OF THE_JUDICIAL CIRCUIT, IN AND FOR_COUNTY, FLORIDA
[[Image here]]
ORDER FOR TESTIMONY AND ATTENDANCE OF MINOR CHILD(REN)
Upon motion of ( ) Petitioner ( ) Respondent for testimony or attendance of minor children) in these proceedings, and the Court finding that a showing of good cause has been made in support of the motion, it is
ORDERED that
[/ all that apply]
_ 1. Minor children), {name(s)} -, be subpoenaed to appear at hearing now scheduled for {date}-
_ 2. Minor children), {name(s)} -, attend deposition of {name(s)} _ now scheduled for {date} - at {location} -—
_ 3. Minor child(ren)’s, {name(s)} -, deposition be taken on {date} _at {location} -
_ 4. Minor child(ren), {name(s)} -, be brought to court to attend hearing now scheduled for {date}_at {location}
_ 5. Minor children), {name(s)} -- be brought to court to testify in a hearing now scheduled for {date} - at {location} -..
If the minor child or the person bringing the child is a person with a disability who needs any accommodation in order to participate in this proceeding, the child is entitled, at no cost, to the provision of certain assistance. Please contact {name} -, {address}_, {telephone}_, within 2 working days of your receipt of this order. If you are hearing or voice impaired, call TDD 1-800-955-8771.
[[Image here]]
*302 [[Image here]]
ORDERED on
CIRCUIT JUDGE
COPIES TO:
Petitioner (or his or her attorney)
Respondent (or his or her attorney)
INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.947(a), MOTION FOR TEMPORARY SUPPORT WITH DEPENDENT OR MINOR CHILD(REN)
When should this form be used?
This form may be used by:
(1) the respondent or the petitioner in a pending dissolution of marriage action. For you to use this form, a petition for dissolution of marriage must have already been filed. You should use this form to ask the court to award any of the following: temporary use of assets; temporary exclusive use of the marital home; temporary responsibility for liabilities/debts; temporary spousal support (alimony); temporary custody of a minor child(ren); temporary child support; and other relief.
OR
(2) the petitioner in a pending action for support unconnected with a dissolution. For you to use this form, a petition for support unconnected with a dissolution of marriage must have already been filed. You should use this form to ask the court to award temporary spousal support (alimony) and/or temporary child support.
This form should be typed or printed in black ink. After completing this form, you should file the original with the clerk of the circuit court in the county where the petition for dissolution of marriage was filed and keep a copy for your records.
What should I do next?
A copy of this form, along with all of the other forms required with this motion, must be mailed or hand delivered to the other party in your case. When you have filed all of the required forms, you are ready to set a hearing on your motion. You should check with the clerk, family law intake staff, or judicial assistant for information on the local procedure for scheduling a hearing. When you know the date and time of your hearing, you should notify the other party using a Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.
Where can I look for more information?
Before proceeding, you should read “General Information for Self-Represented Litigants” found at the beginning of these forms. Words in “bold underline” in these instructions are defined there. For further information, see chapter 61, Florida Statutes, rule 12.285, Florida Family Law Rules of Procedure, and rule 1.610, Florida Rules of Civil Procedure.
Special notes ...
If you use paragraph l.c. of this form to ask the court to enter a temporary injunc *303 tion, the court may require you to post a bond.
With this form you must also file the following, if not already filed:
• Uniform Child Custody Jurisdiction Act (UCCJA) Affidavit, Florida Supreme Court Approved Family Law Form 12.902(d), if you are asking the court to determine temporary custody of minor child(ren).
• Notice of Social Security Number,
Florida Supreme Court Approved Family Law Form 12.902(j).
• Family Law Financial Affidavit,
Florida Family Law Rules of Procedure Form 12.902 (b) or (c). (This must be filed within 45 days if not filed at the time of the petition.)
• Certificate of Compliance with Mandatory Disclosure, Florida Family Law Rules of Procedure Form 12.932.
• Child Support Guidelines Worksheet,
Florida Family Law Rules of Procedure Form 12.902(e), if you are asking that temporary child support be ordered. (If you do not know the other party’s income, you may file this worksheet as soon as a copy of his or her financial affidavit has been served on you.)
Temporary Order ... These family law forms contain a Temporary Order for Support with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.947(b), which the judge may use. You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring it with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties’ names, and leave the rest blank for the judge to complete at your hearing.
Nonlawyer. Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900 (a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
FORM 12.947(a). MOTION FOR TEMPORARY SUPPORT WITH DEPENDENT OR MINOR CHILD(REN)
IN THE CIRCUIT COURT OF THE_JUDICIAL CIRCUIT, IN AND FOR_COUNTY, FLORIDA
[[Image here]]
MOTION FOR TEMPORARY SUPPORT WITH DEPENDENT OR MINOR CHILD(REN)
The ( ) Petitioner ( ) Respondent requests that the Court enter an order granting the following temporary support:
*304 [/ or complete all that apply]
1.Assets and Liabilities.
[[Image here]]
*305 [[Image here]]
6. A completed Uniform Child Custody Jurisdiction Act (UCCJA) Affidavit, Florida Supreme Court Approved Family Law Form 12.902(d), is filed with this motion or has already been filed with the Court.
7. A completed Certificate of Compliance with Mandatory Disclosure, Florida Family Law Rules of Procedure Form 12.932, is filed with this motion or has already been filed with the Court.
8. A completed Notice of Social Security Number, Florida Supreme Court Approved Family Law Form 12.9020’), is filed with this motion or has already been filed with the Court.
I request that the Court hold a hearing on this matter and grant the relief specifically requested and any other relief this Court may déem just and proper.
I certify that a copy of this document was [/ one only] ( ) mailed ( ) faxed and mailed ( ) hand delivered to the person(s) listed below on {date}-
Other party or his/her attorney:
Name: _
Address: -
City, State, Zip: _
Fax Number: _
Dated: _
Signature of Party
Printed Name:_
Address: _
City, State, Zip: -
Telephone Number: _
Fax Number: -
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW: [ fill in all blanks]
I, {full legal name and trade name of nonlawyer} -, a nonlawyer, located at {street} -, {city} -, {state} _, {phone} _, helped {name} _, who is the [/ one only]_petitioner or_respondent, fill out this form.
FORM 12.947(b). TEMPORARY ORDER OF SUPPORT WITH DEPENDENT OR MINOR CHILD(REN)
IN THE CIRCUIT COURT OF THE_JUDICIAL CIRCUIT, IN AND FOR_COUNTY, FLORIDA
[[Image here]]
*306 TEMPORARY ORDER OF SUPPORT WITH DEPENDENT OR MINOR CHILD(REN)
This cause came before this Court for a hearing on a Motion for Temporary Support with Dependent or Minor Child(ren). The Court, having reviewed the file and heard the testimony, makes these findings of fact and ORDERS as follows:
The Court has jurisdiction over the subject matter and the parties.
SECTION I. MARITAL ASSETS AND LIABILITIES
A. Injunction.
1. ( ) Petitioner ( ) Respondent is (are) prohibited and enjoined from disposing of any marital assets without the written permission of the other party or a court order. If checked here ( ), the person(s) prohibited and enjoined from disposing of any marital assets may continue to pay all ordinary and usual expenses.
2. The Court may enforce compliance with the terms of this injunction through civil and/or indirect criminal contempt proceedings, which may include arrest, incarceration, and/or the imposition of a fine.
3. Violation of this injunction may constitute criminal contempt of court.
4. Bond. This order is conditioned upon ( ) Petitioner ( ) Respondent posting bond in the sum of $_with the clerk of this Court.
B. Temporary Use of Assets.
1. The assets listed below are temporarily determined to be marital assets. Each party shall temporarily have the use of, as his/her own, the assets awarded in this section, and the other party shall temporarily have no further use of said assets. Any personal property not listed below shall be for the use of party currently in possession of that item(s), and he or she may not dispose of that item(s) without the written permission of the other party or a court order.___
[[Image here]]
*307 C. Temporary Responsibility for Liabilities/Debts.
1. The liabilities listed below are temporarily determined to be marital. Each party shall pay as his or her own the marital liabilities indicated below and shall keep said payments current. The other party shall temporarily have no further responsibility for the payment of these debts. _
[[Image here]]
SECTION II. TEMPORARY EXCLUSIVE USE AND POSSESSION OF HOME
[/ all that apply]
_ 1. ( ) Petitioner ( ) Respondent shall have temporary exclusive use and possession of the dwelling located at: {address} - until {date or event}
_ 2. ( ) Petitioner ( ) Respondent may make a visit to the premises described in the paragraph above for the purpose of obtaining his or her clothing and items of personal health and hygiene and to obtain any items awarded in this order. This visit shall occur after notice to the person granted temporary exclusive use and possession of the dwelling and at the earliest convenience of both parties.
_ 3. Other:-
SECTION III. TEMPORARY CUSTODY OF AND VISITATION WITH DEPENDENT OR MINOR CHILD(REN)
1. Jurisdiction. The Court has jurisdiction to determine temporary custody of and visitation with the parties’ minor children) listed in paragraph 2 below.
2. The parties’ dependent or minor child(ren) is (are):
[[Image here]]
*308 [[Image here]]
3.Temporary Parental Responsibility for the Minor Child(ren).
[/ one only]
— a. The parties shall have temporary shared parental responsibility for the parties’ minor child(ren). ( ) Mother ( ) Father shall have temporary primary residential responsibility of the minor child(ren) and the other parent shall have temporary secondary residential responsibility, as set forth in paragraph 4 below. OR The temporary primary residential parent shall be ( ) undesignated ( ) rotating with time sharing for the ( ) Mother ( ) Father as set forth in paragraph 4 below.
— b. ( ) Mother ( ) Father shall have temporary sole parental responsibility for the parties’ minor children). Temporary shared parental responsibility would be detrimental to the children) at this time because: _
The other parent shall have temporary visitation with the parties’ minor child(ren) as set forth in paragraph 4 below.
4.Temporary Secondary Residential Responsibility, Temporary Visitation, or Temporary Time Sharing with Minor Child(ren). The parent granted temporary secondary residential responsibility, visitation, or time sharing shall have:
[/ one only]
— a. reasonable visitation or time sharing with the parties’ minor child(ren) after reasonable notice and as agreed to by the parties, subject to any limitations in paragraph 5 below. The Court reserves jurisdiction to set a specific schedule.
[[Image here]]
— c. no contact with the parties’ minor child(ren) until further order of the Court, due to the existing conditions that are detrimental to the welfare of the minor child(ren). {explain} __
5.Limitations on Temporary Parental Responsibility, Visitation, and Time Sharing. Neither parent shall take the child(ren) from the custody of the other parent or any child care provider or other person entrusted by the other parent with the care of the child(ren) without the agreement of the other party during the other party’s time of temporary parental responsibility or temporary visitation. The above reasonable (paragraph 4.a. above) or specified (paragraph 4.b. above) temporary visitation shall be:
[/ if applies]
— a. supervised by a responsible adult who is mutually agreeable to the parties. If the parties cannot agree, the supervising adult shall be: {name}_
— b. at a supervised visitation center located at: {address} _
*309 subject to the available times and rules of the supervised visitation center. The cost of such visits shall be paid by ( ) Mother ( ) Father ( ) Both.
6. Communication Arrangements for Temporary Secondary Parenting, Visitation, and Time Sharing with Child(ren).
[/ if applies]
_ The parties’ communications to arrange visitation or time sharing and discuss issues relating to the child(ren) (if temporary shared parenting, time sharing or visitation is provided in paragraph 3 above) are restricted as follows: ( ) telephone, ( ) fax, e-mail, or letter, ( ) a responsible person shall coordinate the visitation or time sharing arrangements of the minor children). If the parties cannot agree, the responsible person shall be: {name} - ( ) other conditions for arrangements or discussions: {explain} -
7. Exchange of Minor Child(ren). The exchange of the minor child(ren) shall be on time as scheduled and as agreed to by the parties. The following conditions, if checked below, shall also apply.
[/ all that apply]
_ a. The parties shall temporarily exchange the child(ren) at the following location(s):
_ b. The parent granted temporary secondary parenting, visitation, or time sharing shall not get out of the vehicle, and the other parent shall not approach the vehicle, during the time the child(ren) are exchanged.
_ c. A responsible person shall conduct all exchanges of the child(ren). The parent granted temporary secondary parenting, temporary visitation, or time sharing shall not be present during the exchange. If the parties’ cannot agree, the responsible person shall be: {name} -
_ d. Other conditions for exchange of the children) are as follows: -
_ 8. Injunction Prohibiting Removing the Child(ren). The Court hereby temporarily prohibits and enjoins the ( ) Mother ( ) Father ( ) Both from permanently removing the minor children) from the State of Florida without a court order or the written consent of the other party.
[[Image here]]
SECTION IV. TEMPORARY ALIMONY
1. ( ) The Court denies the request(s) for temporary alimony. OR
( ) The Court finds that there is a need for, and that ( ) Petitioner ( ) Respondent, hereinafter Obligor, has/had the present ability to pay temporary alimony as follows:
[/ all that apply]
*310 - a. Temporary Periodic. Obligor shall pay temporary periodic alimony to Obligee in the amount of $- per month, payable ( ) in accordance with Obligor’s employer’s payroll cycle, and in any event, at least once a month ( ) other {explain} beginning {date}-This temporary periodic alimony shall continue until modified by court order, the death of either party, or until, {date/event}_, whichever occurs first.
— b. Lump Sum. Obligor shall pay temporary lump sum alimony to Obligee in the amount of $_This amount shall be paid as follows: _
c. Rehabilitative. Obligor shall pay temporary rehabilitative alimony to Obligee in the amount of $-per month, payable ( ) in accordance with Obligor’s employer’s payroll cycle, and in any event, at least once a month ( ) other {explain} _ beginning {date}-This temporary rehabilitative alimony shall continue until modified by court order, the death of either party or until {date/event} -, whichever occurs first. The temporary rehabilitative plan presented demonstrated the following: _
— d. Retroactive. Obligor shall pay retroactive alimony in the amount of $-for the period of {date} _through {date} _, which shall be paid pursuant to paragraph 3 below.
2.Reasons for Awarding/Denying Temporary Alimony Award. The reasons for awarding'denying temporary alimony are as follows:
— a. length of the marriage of the party receiving temporary alimony: _ years;
— b. age of party receiving temporary alimony:_;
— c. health of party receiving temporary alimony: ( ) excellent ( ) good ( ) poor ( ) other___;
_ d. other factors
□ Check here if additional pages are attached.
3.Retroactive Alimony. ( ) Petitioner ( ) Respondent shall pay to the other party the temporary retroactive alimony of $-, as of {date}_This amount shall be paid in the amount of $-per month, payable in accordance with Obligor’s employer’s payroll cycle, and in any event at least once a month ( ) other {explain} beginning {date}_, until paid in full including statutory interest.
4.Insurance.
[/ all that apply]
— a. Health Insurance. ( ) Petitioner ( ) Respondent shall temporarily be required to pay health insurance premiums for the other party not to exceed $_per month. Further, ( ) Petitioner ( ) Respondent shall pay any uninsured medical costs for the other party not exceed $-per year. As to these uninsured medical expenses, the party who is entitled to reimbursement of the uninsured medical expense shall submit request for reimbursement to the other party within 30 days, and the other party shall, within 30 days after receipt, submit the applicable reimbursement for that expense.
— b. Life Insurance (to secure payment of support). To secure the temporary alimony obligations set forth in this order, the Obligor shall temporarily maintain life insurance *311 coverage on his/her life naming the Obligee as the sole irrevocable beneficiary, so long as reasonably available. This temporary insurance shall be in the amount of at least $_ and shall remain in effect until this temporary obligation for alimony terminates.
6. Other provisions relating to temporary alimony: -
SECTION Y. TEMPORARY CHILD SUPPORT
1. The Court finds that there is a need for temporary child support and that the ( ) Mother ( ) Father (hereinafter Obligor) has the present ability to pay child support. The amounts in the Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e), filed by the ( ) Mother ( ) Father are correct OR the Court makes the following findings: The Mother’s net monthly income is $-
The Father’s net monthly income is $_Monthly child care costs are $_Monthly health/dental insurance costs are $_
2. Amount. Obligor shall be obligated to pay temporary child support in the amount of $_per month payable ( ) in accordance with Obligor’s payroll cycle, and in any event at least once a month ( ) {explain} - _beginning {date}_, and continuing until further court order or until {date/event} -, {explain}If the temporary child support ordered deviates from the guidelines by more than 5%, the factual findings which support that deviation are: _
3. Retroactive Child Support.
[/ if applies]
_ ( ) Mother ( ) Father shall pay to the other party the temporary retroactive child support of $_, as of {date}_This amount shall be paid in the amount of $_per month, payable in accordance with Obligor’s employer’s payroll cycle, and in any event at least once a month ( ) other {explain} - _beginning {date} _, until paid in full including statutory interest.
4. Insurance.
[/ all that apply]
_ a. Health/Dental Insurance. ( ) Mother ( ) Father shall be required to temporarily maintain ( ) health ( ) dental insurance coverage for the parties’ minor child(ren), so long as reasonably available. The party providing coverage shall be required to convey cards showing coverage to the other party. OR ( ) Health ( ) dental insurance is not reasonably available at this time.
_ b. Reasonable and necessary uninsured medical/dental/prescription drug costs for the minor child(ren) shall temporarily be assessed as follows:
( ) Shared equally by both parents.
( ) Prorated according to the child support guideline percentages.
( ) Other {explain}: - As to these uninsured medical/dental/prescription drug expenses, the party who incurs the expense shall submit request for reimbursement to the other party within 30 days, and the other party, within 30 days of receipt, shall submit the applicable reimbursement for that expense, according to the schedule of reimbursement set out in this paragraph.
*312 5.Life Insurance (to secure payment of support). To secure the temporary child support obligations in this order, ( ) Petitioner ( ) Respondent ( ) Each party shall temporarily maintain life insurance coverage, in an amount of at least $-, on ( ) his life ( ) her life ( ) his/her life naming the ( ) minor children) as the sole irrevocable beneficiary(ies) ( ) primary residential parent as the sole irrevocable beneficiary as Trustee for the minor child(ren), so long as reasonably available. The obligation to maintain the life insurance coverage shall continue until the Court orders otherwise or until {date/event} _
6.IRS Income Tax Deduction(s). The party granted temporary primary residential responsibility or temporary sole parental responsibility of the minor children) shall have the benefit of any tax deductions for the children), OR, if checked here, ( ) assignment of any tax deduction for the.children) shall be as follows: _
7.Other provisions relating to temporary child support:
SECTION YI. METHOD OF PAYMENT
Obligor shall pay any temporary court-ordered child support/alimony and arrears, if any, as follows:
1. Central Governmental Depository.
[/ if applies]
— a. Obligor shall pay temporary court-ordered support directly to the Central Governmental Depository in {name} -County, along with any depository service charge.
— b. Both parties have requested and the court finds that it is in the best interests of the child(ren) that temporary support payments need not be directed through the Central Governmental Depository. However, either party may subsequently apply to the depository pursuant to section 61.13(l)(d)3, Florida Statutes, to require payments through the Central Governmental Depository.
2. Income Deduction.
[/ if applies]
— a. Immediate. Obligor shall pay through income deduction, pursuant to a separate Income Deduction Order which shall be effective immediately. Obligor is individually responsible for paying this temporary support obligation until all of said support is deducted from Obligor’s income. Until temporary support payments are deducted from Obligor’s paycheck, Obligor is responsible for making timely payments directly to the Central Governmental Depository or the Obligee, as previously set forth in this order.
— b. Deferred. Income deduction is ordered this day, but it shall not be effective until a delinquency of $-, or, if not specified, an amount equal to one month’s obligation occurs. Income deduction is not being implemented immediately based on the following findings: Income deduction is not in the best interests of the child(ren) because: {explain} _:_:_
AND
there is proof of timely payment of a previously ordered obligation without an income deduction order in cases of modification,
AND
( ) there is an agreement by the Obligor to advise the central governmental depository of any change in payor and health insurance OR ( ) there is a signed written agreement providing an alternative arrangement between the Obligor and the Obligee.
3.Bonus/one-time payments. ( ) All ( )-% ( ) No income paid in the form of a bonus or other similar one-time payment, up to the amount of any arrearage or the *313 remaining balance thereof owed pursuant to this order, shall be forwarded to Obligee pursuant to the payment method prescribed above.
4. Other provisions relating to method of payment.
SECTION VII. TEMPORARY ATTORNEY FEES, COSTS, AND SUIT MONEY
1. ( ) Petitioner’s ( ) Respondent’s request(s) for temporary attorney fees, costs, and suit money is (are) denied because-
2. The Court finds there is a need for and an ability to pay temporary attorney fees, costs, and suit money. ( ) Petitioner ( ) Respondent is hereby ordered to pay to the other party $_in temporary attorney fees, and $_in costs. The Court further finds that the temporary attorney fees awarded are based on the reasonable rate of $_ per hour and reasonable hours. Other provisions relating to temporary attorney fees, costs, and suit money are as follows: -
SECTION VIII. OTHER PROVISIONS
[[Image here]]
ORDERED on {date}_, at {time}
CIRCUIT JUDGE
COPIES TO:
Petitioner (or his or her attorney)
Respondent (or his or her attorney)
Central Governmental Depository
Other: _
INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.947(c), MOTION FOR TEMPORARY SUPPORT WITH NO DEPENDENT OR MINOR CHILD(REN)
When should this form be used?
This form may be used by:
(1) the respondent or the petitioner in a pending dissolution of marriage action. For you to use this form, a petition for dissolution of marriage must have already been filed. You should use this form to ask the court to award any of the following: temporary use of assets; temporary exclusive use of the marital home; temporary responsibility for liabilities/debts; temporary spousal support (alimony); and other relief.
OR
(2) the petitioner in a pending action for support unconnected with a dissolution. For you to use this form, a petition for support unconnected with a dissolution of marriage must have already been filed. You should use this form to ask the court *314 to award temporary spousal support (alimony).
This form should be typed or printed in black ink. After completing this form, you should file the original with the clerk of the circuit court in the county where the petition for dissolution of marriage was filed and keep a copy for your records.
What should I do next?
A copy of this form, along with all of the other forms required with this motion, must be mailed or hand delivered to the other party in your case. When you have filed all of the required forms, you are ready to set a hearing on your motion. You should check with the clerk, family law intake staff, or judicial assistant for information on the local procedure for scheduling a hearing. When you know the date and time of your hearing, you should notify the other party using a Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.
Where can I look for more information?
Before proceeding, you should read “General Information for Self-Represented Litigants” found at the beginning of these forms. Words in “bold underline” in these instructions are defined there. For further information, see chapter 61, Florida Statutes, rule 12.285, Florida Family Law Rules of Procedure, and rule 1.610, Florida Rules of Civil Procedure.
Special notes ...
If you use paragraph l.c. of this form to ask the court to enter a temporary injunction, the court may require you to post a bond.
With this form you must also file the following, if not already filed:
• Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902 (b) or (c). (This must be filed within 45 days if not filed at the time of the petition.)
• Notice of Social Security Number,
Florida Supreme Court Approved Family Law Form 12.902(j).
• Certificate of Compliance with Mandatory Disclosure, Florida Family Law Rules of Procedure Form 12.932.
Temporary Order ... These family law forms contain a Temporary Support Order with No Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.947(d), which the judge may use. You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring it with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties’ names, and leave the rest blank for the judge to complete at your hearing.
Nonlawyer. Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900 (a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
FORM 12.947(c). MOTION FOR TEMPORARY SUPPORT WITH NO DEPENDENT OR MINOR CHILD(REN)
*315 IN THE CIRCUIT COURT OF THE_JUDICIAL CIRCUIT, IN AND FOR_COUNTY, FLORIDA
[[Image here]]
MOTION FOR TEMPORARY SUPPORT WITH NO DEPENDENT OR MINOR CHILD(REN)
( ) Petitioner ( ) Respondent requests that the Court enter an order granting the following temporary support:
[/ or complete all that apply]
I.Assets and Liabilities.
[[Image here]]
*316 [[Image here]]
5. A completed Certificate of Compliance with Mandatory Disclosure, Florida Family Law Rules of Procedure Form 12.932, is filed with this motion or has already been filed with the Court.
6. A completed Notice of Social Security Number, Florida Supreme Court Approved Family Law Form 12.902(j), is filed with this motion or has already been filed with the Court.
I request that the Court hold a hearing on this matter and grant the relief specifically requested and any other relief this Court may deem just and proper.
I certify that a copy of this document was [/ one only] ( ) mailed ( ) faxed and mailed ( ) hand delivered to the person(s) listed below on {date}_
Other party or his/her attorney:
Name: _
Address: _
City, State, Zip: _
Fax Number: _
Dated:_
Signature of Party
Printed Name: _
Address:_
City, State, Zip: _
Telephone Number: _
Pax Number: _
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW: [ fill in all blanks]
I, {full legal name and trade name of nonlawyer} _, a nonlawyer, located at {street} _, {city} _, {state} _, {phone} _, helped {name} _, who is the [/ one only]_petitioner or_respondent, fill out this form.
FORM 12.947(d). TEMPORARY SUPPORT ORDER WITH NO DEPENDENT OR MINOR CHILD(REN)
IN THE CIRCUIT COURT OF THE_JUDICIAL CIRCUIT, IN AND FOR_COUNTY, FLORIDA
[[Image here]]
*317 Respondent.
TEMPORARY SUPPORT ORDER WITH NO DEPENDENT OR MINOR CHILD(REN)
This cause came before this Court for a hearing on a Motion for Temporary Support with No Dependent or Minor Child(ren). The Court, having reviewed the file and heard the testimony, makes these findings of fact and ORDERS as follows:
The Court has jurisdiction over the subject matter and the parties.
SECTION I. MARITAL ASSETS AND LIABILITIES
A. Injunction.
1. ( ) Petitioner ( ) Respondent is (are) prohibited and enjoined from disposing of any marital assets without the written permission of the other party or a court order. If checked here ( ), the person(s) prohibited and enjoined from disposing of any marital assets may continue to pay all ordinary and usual expenses.
2. The Court may enforce compliance with the terms of this injunction through civil and/or indirect criminal contempt proceedings, which may include arrest, incarceration, and/or the imposition of a fine.
3. Violation of this injunction may constitute criminal contempt of court.
4. Bond. This order is conditioned upon ( ) Petitioner ( ) Respondent posting bond in the sum of $_with the clerk of this Court.
B. Temporary Use of Assets.
1. The assets listed below are temporarily determined to be marital assets. Each party shall temporarily have the use of, as his/her own, the assets awarded in this section, and the other party shall temporarily have no further use of said assets. Any personal property not listed below shall be for the use of party currently in possession of that item(s), and he or she may not dispose of that item(s) without the written permission of the other party or a court order._
[[Image here]]
*318 [[Image here]]
C. Temporary Responsibility for Liabilities/Debts.
1. The liabilities listed below are temporarily determined to be marital. Each party shall pay as his or her own the marital liabilities indicated below and shall keep said payments current. The other party shall temporarily have no further responsibility for the payment of these debts._
[[Image here]]
SECTION II. TEMPORARY EXCLUSIVE USE AND POSSESSION OF HOME
[/ all that apply]
_ 1. ( ) Petitioner ( ) Respondent shall have temporary exclusive use and possession of the dwelling located at: {address} _ until {date or event}
— 2. ( ) Petitioner ( ) Respondent may make a visit to the premises described in the paragraph above for the purpose of obtaining his or her clothing and items of personal health and hygiene and to obtain any items awarded in this order. This visit shall occur after notice to the person granted temporary exclusive use and possession of the dwelling and at the earliest convenience of both parties.
_ 3. Other: _
SECTION III. TEMPORARY ALIMONY
1. ( ) The Court denies the request(s) for temporary alimony. OR
( ) The Court finds that there is a need for, and that ( ) Petitioner ( ) Respondent, hereinafter Obligor, has/had the present ability to pay, temporary alimony as follows:
[/ all that apply]
*319 a. Temporary Periodic. Obligor shall pay temporary periodic alimony to Obligee in the amount of $_ per month, payable ( ) in accordance with Obligor’s employer’s payroll cycle, and in any event, at least once a month ( ) other {explain} beginning {date}_This temporary periodic alimony shall continue until modified by court order, the death of either party, or until, {date/event} _, _whichever occurs first.
b. Lump Sum. Obligor shall pay temporary lump sum alimony to Obligee in the amount of $_This amount shall be paid as follows: _
_ c. Rehabilitative. Obligor shall pay temporary rehabilitative alimony to Obligee in the amount of $_per month, payable ( ) in accordance with Obligor’s employer’s payroll cycle, and in any event, at least once a month ( ) other {explain} _ beginning {date}_This temporary rehabilitative alimony shall continue until modified by court order, the death of either party or until {date/event}_, whichever occurs first. The temporary rehabilitative plan presented demonstrated the following: -
_ d. Retroactive. Obligor shall pay retroactive alimony in the amount of $_for the period of {date} _through {date} _, which shall be paid pursuant to paragraph 3 below.
2.Reasons for Awarding/Denying Temporary Alimony Award. The reasons for awarding/denying temporary alimony are as follows:
_ a. length of the marriage of the party receiving temporary alimony: _ years;
___ b. age of party receiving temporary alimony:_;
_ e. health of party receiving temporary alimony: ( ) excellent ( ) good ( ) poor
( ) other-;
_ d. other factors-
□ Check here if additional pages are attached.
3.Retroactive Alimony. ( ) Petitioner ( ) Respondent shall pay to the other party the temporary retroactive alimony of $_, as of {date}_This amount shall be paid in the amount of $_per month, payable in accordance with Obligor’s employer’s payroll cycle, and in any event at least once a month ( ) other {explain} - beginning {date}_, until paid in full including statutory interest.
4.Insurance.
[/ all that apply]
_ a. Health Insurance. ( ) Petitioner ( ) Respondent shall temporarily be required to pay health insurance premiums for the other party not to exceed $-per month. Further, ( ) Petitioner ( ) Respondent shall pay any uninsured medical costs for the other party not exceed $_per year. As to these uninsured medical expenses, the party who is entitled to reimbursement of the uninsured medical expense shall submit request for reimbursement to the other party within 30 days, and the other party shall, within 30 days after receipt, submit the applicable reimbursement for that expense.
*320 — b. Life Insurance (to secure payment of support). To secure the temporary alimony obligations set forth in this order, the Obligor shall temporarily maintain life insurance coverage on his/her life naming the Obligee as the sole irrevocable beneficiary, so long as reasonably available. This temporary insurance shall be in the amount of at least $- and shall remain in effect until this temporary obligation for alimony terminates.
5. Other provisions relating to temporary alimony: _
SECTION IV. METHOD OF PAYMENT
Obligor shall pay any temporary court-ordered alimony and arrears, if any, as follows:
1. Central Governmental Depository.
[/ if applies]
— a. Obligor shall pay temporary court-ordered support directly to the Central Governmental Depository in {name} _ County, along with any depository service charge.
— b. Both parties have requested and the court finds that it is in the best interests that temporary support payments need not be directed through the Central Governmental Depository. However, either party may subsequently apply to the depository pursuant to section 61.13(l)(d)3, Florida Statutes, to require payments through the Central Governmental Depository.
2. Income Deduction.
[/ if applies]
— a. Immediate. Obligor shall pay through income deduction, pursuant to a separate Income Deduction Order which shall be effective immediately. Obligor is individually responsible for paying this temporary support obligation until all of said support is deducted from Obligor’s income. Until support payments are deducted from Obligor’s paycheck, Obligor is responsible for making timely payments directly to the Central Governmental Depository or the Obligee, as previously set forth in this order.
— b. Deferred. Income deduction is ordered this day, but it shall not be effective until a delinquency of $-, or, if not specified, an amount equal to one month’s obligation occurs. Income deduction is not being implemented immediately based on the following findings: there are no minor child(ren) common to the parties,
AND
there is proof of timely payment of a previously ordered obligation without an income deduction order in cases of modification,
AND
( ) there is an agreement by the Obligor to advise the central governmental depository of any change in payor and health insurance OR ( ) there is a signed written agreement providing an alternative arrangement between the Obligor and the Obligee.
3. Bonus/one-time payments. ( ) All ( )_% ( ) No income paid in the form of a bonus or other similar one-time payment, up to the amount of any arrearage or the remaining balance thereof owed pursuant to this order, shall be forwarded to Obligee pursuant to the payment method prescribed above.
4. Other provisions relating to method of temporary payment: _
SECTION V. TEMPORARY ATTORNEY FEES, COSTS, AND SUIT MONEY
— 1. ( ) Petitioner’s ( ) Respondent’s request(s) for temporary attorney fees, costs, and suit money is (are) denied because_
*321 2. The Court finds there is a need for and an ability to pay temporary attorney fees, costs, and suit money. ( ) Petitioner ( ) Respondent is hereby ordered to pay to the other party $_ in temporary attorney fees, and $_in costs. The Court further finds that the temporary attorney fees awarded are based on the reasonable rate of $_per hour and-reasonable hours. Other provisions relating to temporary attorney fees, costs, and suit money are as follows: .-
SECTION VI. OTHER PROVISIONS
[[Image here]]
INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.960, MOTION FOR CIVIL CONTEMPT/ENFORCEMENT
When should this form be used?
You may use this form to ask the court to enforce a prior court order or final judgment.
What should I do next?
To initiate a civil contempt/enforcement proceeding against a party who is not complying with a prior court order, you must file a motion with the court explaining what the party has failed to do. This form should be typed or printed in black ink. After completing this form, you should sign it before a notary public or deputy clerk. You should then file the original with the clerk of the circuit court in the county where your case was filed and keep a copy for your records.
A copy of this form must be personally served by a sheriff or private process server or mailed* or hand delivered to any other partyfies) in your case. *Please note that if notice is mailed, the court in certain circumstances may not consider mailing to be adequate notice. If you want to be sure, you should have the motion personally served. This is a technical area of the law; if you have any questions about it, you should consult a lawyer. For more information on personal service, see the instructions for Summons: Personal Service on an Individual, Florida Family Law Rules of Procedure Form 12.910(a).
The court will then set a hearing. You should check with the clerk of court, judicial assistant, or family law intake staff for information on the local procedure for scheduling a hearing. Once you know the time and date of the hearing, you will need to complete Notice of Hearing on Motion for Contempt/Enforcement,
*322 Florida Supreme Court Approved Family Law Form 12.961, or, if applicable, Notice of Hearing (Child Support Enforcement Hearing Officer), Florida Supreme Court Approved Family Law Form 12.921, or Order of Referral to General Master, Florida Family Law Rules of Procedure Form 12.920(b), which will specify a time and place for a hearing on the issue. A copy of this form must be mailed or hand delivered to the other party. Again, if notice is mailed, the court in certain circumstances may not consider mailing to be adequate notice. If you want to be sure, you should have the notice personally served. This is a technical area of the law; if you have any questions about it, you should consult a lawyer. For more information on personal service, see the instructions for Summons: Personal Service on an Individual, Florida Family Law Rules of Procedure Form 12.910(a).
At the hearing, as in any other civil proceeding, you, as the moving party, will have the burden of proving the other party has not obeyed a prior court order. Once noncompliance is established, the other party will have an opportunity to show an inability to comply with the prior court order. If he or she is unable to do so, the judge may find the other party to be in contempt. If so, the judge may order appropriate sanctions to compel compliance by the other party, including jail, payment of attorneys’ fees, suit money, or costs, and coercive or compensatory fines, and may order any other relief permitted by law.
Where can I look for more information?
Before proceeding, you should read “General Information for Self-Represented Litigants” found at the beginning of these forms. See also section 61.14, Florida Statutes and rule 12.615, Florida Family Law Rules of Procedure.
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
FORM 12.960. MOTION FOR CIVIL CONTEMPT/ENFORCEMENT
IN THE CIRCUIT COURT OF THE_JUDICIAL CIRCUIT, IN AND FOR , COUNTY, FLORIDA
[[Image here]]
MOTION FOR CIVIL CONTEMPT/ENFORCEMENT
( ) Petitioner ( ) Respondent requests that the Court enter an order of civil contempt/enforcement against ( ) Petitioner ( ) Respondent in this case because:
*323 1. A final judgment or order {title of final judgment or order}_in this case was entered on {date} _, by {court, city, and state} -
□ Check here if the judgment or order is not from this Court and attach a copy.
[[Image here]]
□ Check here if additional pages are attached.
[[Image here]]
□ Check here if additional pages are attached.
4. I respectfully request that the Court issue an order holding the above-named person in civil contempt, if appropriate, and/or providing the following relief:
_ a. enforcing or compelling compliance with the prior order or judgment;
awarding a monetary judgment; b.
if a monetary judgment was included in the prior order, issuing a writ of execution or garnishment or other appropriate process;
awarding prejudgment interest; d.
requiring the other party to pay costs and fees in connection with this motion; e.
if the other party is found to be in civil contempt, ordering a compensatory fine; f.
if the other party is found to be in civil contempt, ordering a coercive fine;
if the other party is found to be in civil contempt, ordering incarceration of the other party; h.
issuing a writ of possession for real property, writ for possession of personal property, or other appropriate writ;
issuing a writ of bodily attachment if the other party fails to appear at the hearing set on this motion; J-
requiring the other party to make payments through the central governmental depository;
requiring the support payments to be automatically deducted from the other party’s income or funds; 1.
m. requiring the other party to seek employment;
[[Image here]]
[[Image here]]
*324 [[Image here]]
I certify that a copy of this document was [/ one only] ( ) mailed ( ) faxed and mailed ( ) hand delivered to the person(s) listed below on {date}_
Other party or his/her attorney:
Name: _
Address: _
City, State, Zip: _
Fax Number: _
I understand that I am swearing or affirming under oath to the truthfulness of the claims made above and that the punishment for knowingly making a false statement includes fines and/or imprisonment.
[[Image here]]
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW: [ fill in all blanks]
I, {full legal name and trade name of nonlawyer} _, a nonlawyer, located at {street}_, {city} _, {state}_, {phone}_, helped {name} _, who is the [/ one only]_petitioner or_respondent, fill out this form.
INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.961, NOTICE OF HEARING ON MOTION FOR CONTEMPT/ENFORCEMENT
When should this form be used?
Use this form anytime you have set a hearing on a Motion for Contempt/Enforcement, Florida Supreme Court Approved Family Law Form 12.960, for a support matter under rule 12.615, Florida Family Law Rules of Procedure. Before you fill out this form, you should coordinate a hearing time and date with the judge or hearing officer and the other *325 party. If the Department of Revenue is a party to the case, you may need to schedule your hearing time with the attorney for the Department of Revenue.
If your case is to be heard by a child support enforcement hearing officer, the following information applies: A child support enforcement hearing officer is an attorney who has been appointed by administrative order of the court to take testimony and recommend decisions in cases involving the establishment, enforcement, and/or modification of child support, and the enforcement of alimony in conjunction with an ongoing child support arrearage order. If your case only involves issues pertaining to child support, you cannot object to the referral of your case to a hearing officer. If your case is going to be heard by a general master, you should use Notice of Hearing Before General Master, Florida Family Law Rules of Procedure Form 12.920(c).
This form should be typed or printed in black ink. After completing this form, you should file the original with the clerk of the circuit court in the county where your case was filed and keep a copy for your records.
What should I do next?
A copy of this form must be personally served by a sheriff or private process server or mailed or hand delivered to any other party(ies) in your case. Please note that if notice is mailed, the court in certain circumstances may not consider mailing to be adequate notice. This is a technical area of the law; if you have any questions about it, you should consult a lawyer. For more information on personal service, see the instructions for Summons: Personal Service on an Individual, Florida Family Law Rules of Procedure Form 12.910(a).
Where can I look for more information?
Before proceeding, you should read “General Information for Self-Represented Litigants” found at the beginning of these forms. For further information, see rules 12.615 and 12.941, Florida Family Law Rules of Procedure.
Special notes ...
An attorney who has been appointed by the court to serve as a child support enforcement hearing officer can also be appointed to serve as a general master. If your case involves only child support issues, your case properly may be referred to a general master acting as a child support enforcement hearing officer.
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
FORM 12.961. NOTICE OF HEARING ON MOTION FOR CONTEMPT/ENFORCEMENT
IN THE CIRCUIT COURT OF THE_JUDICIAL CIRCUIT, IN AND FOR_COUNTY, FLORIDA
[[Image here]]
*326 [[Image here]]
NOTICE OF HEARING ON MOTION FOR CONTEMPT/ENFORCEMENT IN SUPPORT MATTERS (RULE 12.615)
TO: {name of other party} _
There will be a hearing before_{name of judge or hearing officer}, on {date}_, at {time}_m., in room_of the_Courthouse, on the ( ) Petitioner’s ( ) Respondent’s Motion for Contempt on support matters. _hour(s)/... minutes have been reserved for this hearing.
FAILURE TO APPEAR AT THE HEARING MAY RESULT IN THE COURT ISSUING A WRIT OF BODILY ATTACHMENT FOR YOUR ARREST. IF YOU ARE ARRESTED, YOU MAY BE HELD IN JAIL UP TO 48 HOURS BEFORE A HEARING IS HELD.
This part to be filled out by the court or to be filled in with information you obtained from the court:
If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact {name} _, {address}_, {telephone}_, within 2 working days of your receipt of this Notice of Hearing. If you are hearing or voice impaired, call TDD 1-800-955-8771.
— If you are represented by an attorney or plan to retain an attorney for this matter, you should notify the attorney of this hearing.
— If this matter is resolved, the moving party shall contact the judge or hearing officer’s office to cancel this hearing.
— I certify that a copy of this document was [/ one only] ( ) mailed ( ) faxed and mailed ( ) hand delivered to the person(s) listed below on {date}_
Other party or his/her attorney:
Name: _
Address: _
City, State, Zip: _
Fax Number: _
Dated: _
Signature of Party
Printed Name:_
Address:_
City, State, Zip:_
Telephone Number:_
Pax Number: _
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW: [ fill in all blanks]
I, {full legal name and trade name of nonlawyer} _, a nonlawyer, located at {street} _, {city} _,
*327 {state} _, {phone} -, who is the [/ one only]_petitioner or — helped {name} _, _respondent, fill out this form.
INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.980(a), AFFIDAVIT AND MOTION FOR WAIVER OF FEES FOR PETITION FOR INJUNCTION FOR PROTECTION
When should this form be used?
If you need to file a petition for an injunction for protection against domestic violence or repeat violence and you do not have enough money to pay filing fees to the clerk of the circuit court or service fees to the sheriff, you may use this form to request that the fees be waived. Later, the court will decide who, if anyone, should pay those fees.
This form should be typed or printed in black ink. You should complete the first section of this form, and sign it in front of a notary public or deputy clerk. You should then file the original of this form with your petition for injunction for protection. You should keep a copy for your records. If you have any questions or need assistance completing this form, the clerk or family law intake staff will help you.
What should I do next?
A copy of this form must be mailed, faxed and mailed, or hand delivered to the respondent in your case.
Special notes ...
With this form you will also need to file the following:
• Family Law Financial Affidavit,
Florida Family Law Rules of Procedure Form 12.902(b) or (c).
FORM 12.980(a). AFFIDAVIT AND MOTION FOR WAIVER OF FEES FOR PETITION FOR INJUNCTION FOR PROTECTION
IN THE CIRCUIT COURT OF THE_JUDICIAL CIRCUIT, IN AND FOR_COUNTY, FLORIDA
[[Image here]]
AFFIDAVIT AND MOTION FOR WAIVER OF FEES FOR PETITION FOR INJUNCTION FOR PROTECTION
I, {full legal name of petitioner} -- certify that I do not have enough money to pay filing fees to the Clerk of the Circuit Court or service fees to the sheriff or other authorized law enforcement agency and ask that, as allowed by section 741.30(2)(a) or section 784.046(3)(b), Florida Statutes, the fees be waived subject to a later order of the Court about the payment of those fees.
I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this affidavit and motion and that the punishment for knowingly making a false statement includes fines and/or imprisonment.
*328 [[Image here]]
CLERK’S CERTIFICATE AS TO AFFIDAVIT AND MOTION FOR WAIVER OF FEES
[[Image here]]
INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.980(b), PETITION FOR INJUNCTION FOR PROTECTION AGAINST DOMESTIC VIOLENCE
When should this form be used?
If you are a victim of any act of domestic violence or have reasonable cause to believe that you are in imminent danger of becoming a victim of domestic violence, you can use this form to ask the court for a protective order prohibiting domestic violence. Because you are making a request to the court, you are called the petitioner. The person whom you are asking the court to protect you from is called the respondent. Domestic violence includes: assault, aggravated assault, battery, aggravated battery, sexual assault, sexual battery, stalking, aggravated stalking, kidnapping, false imprisonment, or any other criminal offense resulting in physical injury or death to .petitioner by any of petitioner’s family or household members who are residing in the same single dwelling unit with petitioner.
The domestic violence laws only apply to your situation if the respondent is your spouse, former spouse, related to you by blood or marriage, living with you now or has lived with you in the past (if you are or were living as a family), or the other parent of your child(ren), whether or not you have ever been married or ever lived together. If the respondent is not one of the above, you should look at Petition for Injunction for Protection Against Re *329 peat Violence, Florida Supreme Court Approved Family Law Form 12.980(g), to determine if your situation will qualify for an injunction for protection against repeat violence.
If you are under the age of eighteen and you have never been married or had the disabilities of nonage removed by a court, then one of your parents or your legal guardian must sign this petition with you.
This form should be typed or printed in black ink. You should complete this form (giving as much detail as possible) and sign it in front of a notary public or the clerk of the circuit court in the county where you live. The clerk will take your completed petition to a judge. You should keep a copy for your records. If you have any questions or need assistance completing this form, the clerk or family law intake staff will help you.
What should I do if the judge grants my petition?
If the facts contained in your petition convince the judge that you are a victim of domestic violence or that an imminent danger of domestic violence exists, the judge will sign an immediate Temporary Injunction for Protection Against Domestic Violence with Minor Child(ren),
Florida Supreme Court Approved Family Law Form 12.980(d)(1). A temporary injunction is issued without notice to the respondent. The clerk will give your petition, the temporary injunction, and any other papers filed with your petition to the sheriff or other law enforcement officer for personal service on the respondent. The temporary injunction will take effect immediately after the respondent is served with a copy of it. It lasts until a full hearing can be held or for a period of 15 days, whichever comes first. The court may extend the temporary injunction beyond 15 days for a good reason, which may include failure to obtain service on the respondent.
The temporary injunction is issued “ex parte.” This means that the judge has considered only the information presented by one side — YOU. The temporary injunction gives a date that you should appear in court for a hearing. At that hearing, you will be expected to testify about the facts in your petition. The respondent will be given the opportunity to testify at this hearing, also. At the hearing, the judge will decide whether to issue a Final Judgment of Injunction for Protection Against Domestic Violence with Minor Child(ren)(After Notice), Florida Supreme Court Approved Family Law Form 12.980(e)(1), which will remain in effect for a specific time period or until modified or dissolved by the court. If you and/or the respondent do not appear, the temporary injunction may be continued in force, extended, or dismissed, and/or additional orders may be granted, including the imposition of court costs.
If the judge signs a temporary or final injunction, the clerk will provide you with the necessary copies. Make sure that you keep one certified copy of the injunction with you at all times!
What can I do if the judge denies my petition?
If your petition is denied on the grounds that it appears to the court that no imminent danger of domestic violence exists, the court will set a full hearing, at the earliest possible time, on your petition. The respondent will be notified by personal service of your petition and the hearing. If your petition is denied, you may: amend your petition by filing a Supplemental Affidavit in Support of Petition for Injunction for Protection Against Domestic Violence or Repeat Violence,
Florida Family Law Form 12.980(h); at *330 tend the hearing and present facts that support your petition; and/or dismiss your petition.
Where can I look for more information?
Before proceeding, you should read “General Information for Self-Represented Litigants” found at the beginning of these forms. The words that are in “bold underline” are defined in that section. The clerk of the circuit court or family law intake staff will help you complete any necessary domestic violence forms and can give you information about local domestic violence victim assistance programs, shelters, and other related services. You may also call the Domestic Violence Hotline at 1-800-500-1119. For further information, see chapter 741, Florida Statutes, and rule 12.610, Florida Family Law Rules of Procedure.
Special notes ...
With this form you may also need to file the following:
• Uniform Child Custody Jurisdiction Act (UCCJA) Affidavit, Florida Supreme Court Approved Family Law Form 12.902(d), must be completed and filed if you are asking the court to determine issues of temporary custody or visitation with regards to a minor child(ren).
• Notice of Social Security Number,
Florida Supreme Court Approved Family Law Form 12.902(j), must be completed and filed if you are asking the court to determine issues of temporary child support.
• Family Law Financial Affidavit,
Florida Family Law Rules of Procedure Form 12.902(b) or (c), must be completed and filed if you are seeking temporary alimony or temporary child support.
• Child Support Guidelines Worksheet,
Florida Family Law Rules of Procedure Form 12.902(e), MUST be filed with the court at or prior to a hearing to establish or modify child support.
Additionally, if you fear that disclosing your address to the respondent would put you in danger, you should complete Petitioner’s Request for Confidential Filing of Address, Florida Supreme Court Approved Family Law Form 12.980(f), and file it with the clerk of the circuit court and write “confidential” in the space provided on the petition.
FORM 12.980(b). Petition for Injunction for Protection Against Domestic Violence
IN THE CIRCUIT COURT OF THE_JUDICIAL CIRCUIT, IN AND FOR_COUNTY, FLORIDA
[[Image here]]
PETITION FOR INJUNCTION FOR PROTECTION AGAINST DOMESTIC VIOLENCE
I, {full legal name}-, being sworn, certify that the following statements are true:
*331 SECTION I. PETITIONER (This section is about you. It must be completed. However, if you fear that disclosing your address to the respondent would put you in danger, you should complete and file Petitioner’s Request for Confidential Filing of Address, Florida Supreme Court Approved Family Law Form 12.980(i), and write “confidential” in the space provided on this form for your address and telephone number.)
1. Petitioner currently lives at: {street address}{city, state and zip code} - Telephone Number: {area code and number} _
2. Filing Fees
[/ one only]
_ a. Petitioner is paying the filing fee and sheriffs or other authorized law enforcement agency’s service fees.
_ b. Petitioner does not have enough money to pay the filing fee or service fees and is filing an Affidavit and Motion for Waiver of Fees for Petition for Injunction for Protection, Florida Supreme Court Approved Family Law Form 12.980(a), and a Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c). Petitioner asks that he or she not have to pay the fees necessary to process the petition and serve the injunction and other motions or orders needed to enforce the injunction, subject to later order(s) of the Court about the payment of such fees.
3. Petitioner’s attorney’s name, address, and telephone number is: - (If you do not have an attorney, write “none.”)
SECTION II. RESPONDENT (This section is about the person you want to be protected from. It must be completed.)
1.Respondent currently lives at: {street address, city, state, and zip code} - Respondent’s Driver’s License number is: {if known}-
2. Respondent is:
[/ all that apply]
_ a. the spouse of Petitioner. Date of Marriage:-
_ b. the former spouse of Petitioner.
Date of Marriage:_
Date of Divorce:_
_ c. related by blood or marriage to Petitioner. Specify relationship: _-
_ d. a person who is or was living in one home with Petitioner, as if a family.
_ e. a person with whom Petitioner has a child in common, even if Petitioner and Respondent never were married or living together.
3. Petitioner has known Respondent since {date}-
4. Respondent’s last known place of employment: - Employment address: -— Working hours:-----
5. Physical description of Respondent: Race: _ Sex: Male_ Female_Date of Birth: - Height: _Weight: _Eye Color: -Hair Color: - Distinguishing marks or scars: - Vehicle: (make/model)_ Color:- Tag Number:-
*332 6. Other names Respondent goes by (aliases or nicknames): _
7. Respondent’s attorney’s name, address, and telephone number is: (If you do not know whether Respondent has an attorney, write “unknown.” If Respondent does not have an attorney, write “none.”)
SECTION III. CASE HISTORY AND REASON FOR SEEKING PETITION (This section must be completed.)
1. Has Petitioner ever received or tried to get an injunction for protection against domestic violence against Respondent in this or any other court? — Yes_No If yes, what happened in that case? (include case number, if known)
2. Has Respondent ever received or tried to get an injunction for protection against domestic violence against Petitioner? _Yes_No If yes, what happened in that case? (include case number, if known)
8.Describe any other court case that is either going on now or that happened in the past, including a dissolution of marriage, paternity action, or child support enforcement action, between Petitioner and Respondent {include city, state, and case number, if knotm}: _
4. Petitioner is the victim of an act of domestic violence or has reasonable cause to believe that he or she is in imminent danger of becoming the victim of an act of domestic violence. Below is a brief description of the latest act of violence or threat of violence that causes Petitioner to honestly fear imminent domestic violence by Respondent. (Use additional sheets if necessary.)
[[Image here]]
□ Check here if you are attaching additional pages to continue these facts.
5. Additional Information
[/ all that apply]
_ a. Other acts or threats of domestic violence as described on attached sheet.
— b. This or other acts of domestic violence have been previously reported to {person or agency}-._
*333 _ c. Respondent owns, has, and/or is known to have guns or other weapons. Describe weapon(s): -
_ d. Respondent has a drug problem.
_ e. Respondent has an alcohol problem.
_ f. Respondent has a history of mental health problems. If checked, answer the following, if known.
Has Respondent ever been the subject of a Baker Act proceeding? ( ) Yes ( ) No Is Respondent supposed to take medication for mental health problems?
( ) Yes ( ) No
If yes, is Respondent currently taking his/her medication? ( ) Yes ( ) No
SECTION IV. TEMPORARY EXCLUSIVE USE AND POSSESSION OF HOME (Complete this section only if you want the Court to grant you temporary exclusive use and possession of the home that you share with the Respondent.)
1. Petitioner claims the following about the home that Petitioner and Respondent share or that Petitioner left because of domestic violence:
[/ all that apply]
_ a. Petitioner needs the exclusive use and possession of the home that the parties share at {street address}-, {city, state, zip code}-
_ b. Petitioner cannot get another safe place to live because: _
_ c. If kept out of the home, Respondent has the money to get other housing or may live without money at {street address} _, {city, state, zip code}_
2. The home is:
[/ one only]
_ a. owned or rented by Petitioner and Respondent jointly.
_ b. solely owned or rented by Petitioner.
_ c. solely owned or rented by Respondent.
SECTION V. TEMPORARY CUSTODY OF MINOR CHILD(REN) (Complete this section only if you are seeking temporary custody of any minor child. You must be the natural parent, adoptive parent, or guardian by court order of the minor children). If you are asking the court to determine, issues of temporary custody with regards to a minor child, you must also complete and file a Uniform Child Custody Jurisdiction Act (UCCJA) Affidavit, Florida Supreme Court Approved Family Law Form 12.902(d).) Note: If the paternity of the minor child(ren) listed below has not been established through either marriage or court order, the Court may deny temporary custody, visitation, and/or support.
1. Petitioner is the natural parent, adoptive parent, or guardian by court order of the minor children) whose name(s) and age(s) is (are) listed below.
[[Image here]]
*334 2. The minor child(ren) whom Petitioner is seeking temporary custody of:
[/ one only]
_ a. saw the domestic violence described in this petition happen.
_ b. were at the place where the domestic violence happened but did not see it.
_ c. were not there when the domestic violence happened this time but have seen previous acts of domestic violence by Respondent.
_ d. have not witnessed domestic violence by Respondent.
3. Name any other minor children) who were there when the domestic violence happened. Include child(ren)’s name, age, sex, and parents’ names._
4.Visitation
[/ all that apply]
_ a. Petitioner requests that the Court order reasonable visitation by Respondent with the minor child(ren), as follows: _
— b. Petitioner requests that the Court order supervised exchange of the minor children) or exchange through a responsible person designated by the Court. The following person is suggested as a responsible person for purposes of such exchange. Explain: _
— c. Petitioner requests that the Court limit visitation by Respondent with the minor child(ren). Explain: _
— d. Petitioner requests that the Court prohibit visitation by Respondent with the minor children) because Petitioner genuinely fears that Respondent imminently will abuse, remove, or hide the minor children) from Petitioner. Explain: _
SECTION VI. TEMPORARY SUPPORT (Complete this section only if you are seeking financial support from the Respondent. You must also complete and file a Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c), and Notice of Social Security Number, Florida Supreme Court Approved Family Law Form 12.902(j), if you are seeking child support. A Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e), must be filed with the court at or prior to a hearing to establish or modify child support.)
[/ all that apply]
— 1. Petitioner claims a need for the money he or she is asking the Court to make Respondent pay, and that Respondent has the ability to pay that money.
— 2. Petitioner requests that the Court order Respondent to pay the following temporary alimony to Petitioner. (Petitioner must be married to Respondent to ask for temporary alimony.) Temporary Alimony Requested $_every ( ) week ( ) other week ( ) month.
— 3. Petitioner requests that the Court order Respondent to pay the following temporary child support to Petitioner. (The respondent must be the natural parent, adoptive parent, or guardian by court order of the minor children) for the court to order the respondent to pay child support.) Temporary child support is requested in the amount of $_every ( ) week ( ) other week ( ) month.
*335 SECTION VII. INJUNCTION (This section summarizes what you are asking the Court to include in the injunction. This section must be completed.)
1. Petitioner asks the Court to enter a TEMPORARY INJUNCTION for protection against domestic violence that will be in place from now until the scheduled hearing in this matter.
2. Petitioner asks the Court to enter, after a hearing has been held on this petition, a final judgment on injunction prohibiting Respondent from committing any acts of domestic violence against Petitioner and:
a. prohibiting Respondent from going to or within 500 feet of any place the Petitioner lives;
b. prohibiting Respondent from going to or within 500 feet of the Petitioner’s place(s) of employment or school; the address of Petitioner’s place(s) of employment or school is:
c.prohibiting Respondent from contacting Petitioner by mail, by telephone, through another person, or in any other manner;
[/ all that apply]
_ d. prohibiting Respondent from going to or within 500 feet of the following place(s) Petitioner or Petitioner’s minor children) must go often {include address}-. _
_ e. granting Petitioner temporary exclusive use and possession of the home Petitioner and Respondent share;
_ f. granting Petitioner temporary exclusive custody of the parties’ minor children);
_ g. establishing visitation rights with the parties’ minor children);
_ h. granting temporary alimony for Petitioner;
_ i. granting temporary child support for the minor child(ren);
_ j. ordering Respondent to participate in treatment, intervention, and/or counseling services;
_ k. referring Petitioner to a certified domestic violence center; and any other terms the Court deems necessary for the protection of Petitioner and/or Petitioner’s children), including injunctions or directives to law enforcement agencies, as provided in section 741.30, Florida Statutes.
I UNDERSTAND THAT BY FILING THIS PETITION, I AM ASKING THE COURT TO HOLD A HEARING ON THIS PETITION, THAT BOTH RESPONDENT AND I WILL BE NOTIFIED OF THE HEARING, AND THAT I MUST APPEAR AT THE HEARING.
I HAVE READ EVERY STATEMENT MADE IN THIS PETITION, AND EACH STATEMENT IS TRUE AND CORRECT. I UNDERSTAND THAT THE STATEMENTS MADE IN THIS PETITION ARE BEING MADE UNDER PENALTY OF PERJURY, PUNISHABLE AS PROVIDED IN SECTION 837.02, FLORIDA STATUTES.
[[Image here]]
*336 _ Personally known [Print, type, or stamp commissioned name of notary or clerk.]
_ Produced identification
Type of identification produced_
FORM 12.980(c)(1). ORDER SETTING HEARING ON PETITION FOR INJUNCTION FOR PROTECTION AGAINST DOMESTIC VIOLENCE OR REPEAT VIOLENCE WITHOUT ISSUANCE OF AN INTERIM TEMPORARY INJUNCTION
IN THE CIRCUIT COURT OF THE_JUDICIAL CIRCUIT, IN AND FOR_COUNTY, FLORIDA
[[Image here]]
ORDER SETTING HEARING ON PETITION FOR INJUNCTION FOR PROTECTION AGAINST ( ) DOMESTIC VIOLENCE ( ) REPEAT VIOLENCE WITHOUT ISSUANCE OF AN INTERIM TEMPORARY INJUNCTION
The Petition for Injunction for Protection Against Domestic Violence filed under section 741.30, Florida Statutes, or Repeat Violence under section 784.046, Florida Statutes, has been reviewed. This Court has jurisdiction of the parties and of the subject matter. A Temporary Injunction for Protection Against Domestic or Repeat Violence, pending the hearing scheduled below, is NOT being entered at this time but an injunction may be entered after the hearing, depending on the findings made by the Court at that time.
FINDINGS
The Court finds that the facts, as stated in the Petition alone and without a hearing on the matter, do not demonstrate that Petitioner is a victim of domestic or repeat violence or that Petitioner has reasonable cause to believe that he or she is in imminent danger of becoming a victim of domestic violence. Therefore, there is not a sufficient factual basis upon which the court can enter a Temporary Injunction for Protection Against Domestic or Repeat Violence prior to a hearing. A hearing is scheduled on the Petition for Injunction for Protection Against Domestic or Repeat Violence in section II of this Order. Petitioner may amend or supplement the Petition at any time to state further reasons why a Temporary Injunction should be ordered which would be in effect until the hearing scheduled below.
NOTICE OF HEARING
Petitioner and Respondent are ordered to appear and testify at a hearing on the Petition for Injunction for Protection Against Domestic or Repeat Violence on {date} -, at_a.m./p.m. at {location}_, at which time the Court will consider whether a Final Judgment of Injunction for Protection Against Domestic or Repeat Violence should be entered. If entered, the injunction will remain in effect until a fixed date set by the Court or until modified or dissolved by the Court. At the hearing, the Court will determine whether other things should be ordered, including, for example, such matters as visitation, support and who should pay the filing fees and costs.
*337 If Petitioner and/or Respondent do not appear, orders may be entered, including the imposition of court costs or an injunction.
All witnesses and evidence, if any, must be presented at this time. In cases where temporary support issues have been alleged in the pleadings, each party is ordered to bring his or her financial affidavit ( Florida Family Law Rules of Procedure Form 12.902(b) or (c)), tax return, pay stubs, and other evidence of financial income to the hearing.
NOTICE: Because this is a civil case, there is no requirement that these proceedings be transcribed at public expense.
YOU ARE ADVISED THAT IN THIS COURT:
_ a. a court reporter is provided by the court.
_b. electronic audio tape recording only is provided by the court. A party may arrange in advance for the services of and provide for a court reporter to prepare a written transcript of the proceedings at that party’s expense.
_ c. no electronic audio tape recording or court reporting services are provided by the court. A party may arrange in advance for the services of and provide for a court reporter to prepare a written transcript of the proceedings at that party’s expense.
A RECORD, WHICH INCLUDES A TRANSCRIPT, MAY BE REQUIRED TO SUPPORT AN APPEAL. THE PARTY SEEKING THE APPEAL IS RESPONSIBLE FOR HAVING THE TRANSCRIPT PREPARED BY A COURT REPORTER. THE TRANSCRIPT MUST BE FILED WITH THE REVIEWING COURT OR THE APPEAL MAY BE DENIED.
If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance.
Please contact {name} _, {address} _, {telephone} _, within 2 working days of your receipt of this order. If you are hearing or voice impaired, call TDD 1-800-955-8771.
Nothing in this order limits Petitioner’s rights to dismiss the petition.
[[Image here]]
FORM 12.980(c)(2). ORDER DENYING PETITION FOR INJUNCTION FOR PROTECTION AGAINST DOMESTIC VIOLENCE OR REPEAT VIOLENCE
*338 IN THE CIRCUIT COURT OF THE_JUDICIAL CIRCUIT, IN AND FOR_COUNTY, FLORIDA
[[Image here]]
ORDER DENYING PETITION FOR INJUNCTION FOR PROTECTION AGAINST ( ) DOMESTIC VIOLENCE ( ) REPEAT VIOLENCE
The Court has reviewed the Petition for Injunction for Protection Against Domestic or Repeat Violence filed in this cause and finds that Petitioner has failed to comply with one or more statutory requirements applicable to that petition including the following:
— 1. Petitioner has failed to allege in a petition directed to domestic violence that Respondent is a member of Petitioner’s family or resides in the same dwelling unit with Petitioner.
_ 2. Petitioner has used a petition form other than that which is approved by the Court and the form used lacks the statutorily required components.
— 3. Petitioner has failed to complete a mandatory portion of the petition.
_ 4. Petitioner has failed to sign the petition.
[[Image here]]
It is therefore, ORDERED AND ADJUDGED that the Petition is denied without prejudice to amend or supplement the petition to cure the above stated defects.
[[Image here]]
I CERTIFY the foregoing is a true copy of the original as it appears on file in the office of the Clerk of the Circuit Court of_County, Florida, and that I have furnished copies of this order as indicated above.
CLERK OF THE CIRCUIT COURT
(SEAL)
*339 By: - Deputy Clerk
FORM 12.980(d)(1). TEMPORARY INJUNCTION FOR PROTECTION AGAINST DOMESTIC VIOLENCE WITH MINOR CHILD(REN)
IN THE CIRCUIT COURT OF THE_JUDICIAL CIRCUIT, IN AND FOR_COUNTY, FLORIDA
[[Image here]]
TEMPORARY INJUNCTION FOR PROTECTION AGAINST DOMESTIC VIOLENCE WITH MINOR CHILD(REN)
The Petition for Injunction for Protection Against Domestic Violence under section 741.30, Florida Statutes, and other papers filed in this Court have been reviewed. The Court has jurisdiction of the parties and the subject matter under the laws of Florida.
It is intended that this protection order meet the requirements of 18 U.S.C. § 2265 and therefore intended that it be accorded full faith and credit by the court of another state or Indian tribe and enforced as if it were the order of the enforcing state or of the Indian tribe.
NOTICE OF HEARING
Because this Temporary Injunction for Protection Against Domestic Violence has been issued without prior notice to Respondent, Petitioner and Respondent are instructed that they are scheduled to appear and testify at a hearing regarding this matter on {date} _, at_a.m./p.m., when the Court will consider whether the Court should issue a Final Judgment of Injunction for Protection Against Domestic Violence, which would remain in effect until modified or dissolved by the Court, and whether other things should be ordered, including, for example, such matters as visitation, support and who should pay the filing fees and costs. The hearing will be before The Honorable {víame} -, at {room name/number, location, address, city} _, Florida. If Petitioner and/or Respondent do not appear, this temporary injunction may be continued in force, extended, dismissed, and/or additional orders may be granted, including the imposition of court costs.
All witnesses and evidence, if any, must be presented at this time. In cases where temporary support issues have been alleged in the pleadings, each party is ordered to bring his or her financial affidavit ( Florida Family Law Rules of Procedure Form 12.902(b) or (c)), tax return, pay stubs, and other evidence of financial income to the hearing.
NOTICE: Because this is a civil case, there is no requirement that these proceedings be transcribed at public expense.
YOU ARE ADVISED THAT IN THIS COURT:
_a. a court reporter is provided by the court.
*340 _b. electronic audio tape recording only is provided by the court. A party may arrange in advance for the services of and provide for a court reporter to prepare a written transcript of the proceedings at that party’s expense.
_ c. no electronic audio tape recording or court reporting services are provided by the court. A party may arrange in advance for the services of and provide for a court reporter to prepare a written transcript of the proceedings at that party’s expense.
A RECORD, WHICH INCLUDES A TRANSCRIPT, MAY BE REQUIRED TO SUPPORT AN APPEAL. THE PARTY SEEKING THE APPEAL IS RESPONSIBLE FOR HAVING THE TRANSCRIPT PREPARED BY A COURT REPORTER. THE TRANSCRIPT MUST BE FILED WITH THE REVIEWING COURT OR THE APPEAL MAY BE DENIED.
If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact {name} _, {address} _, {telephone} _, within 2 working days of your receipt of this temporary injunction. If you are hearing or voice impaired, call TDD 1-800-955-8771.
FINDINGS
The statements made under oath by Petitioner make it appear that section 741.30, Florida Statutes, applies to the parties. It also appears that Petitioner is a victim of domestic violence by Respondent, and/or Petitioner has reasonable cause to believe he/she is in imminent danger of becoming a victim of domestic violence by Respondent, and that there is an immediate and present danger of domestic violence to Petitioner or persons lawfully with Petitioner.
TEMPORARY INJUNCTION AND TERMS
This injunction shall be effective until the hearing set above and in no event for longer than 15 days, unless extended by court order. This injunction is valid and enforceable in all counties of the State of Florida. The terms of this injunction may not be changed by either party alone or by both parties together. Only the Court may modify the terms of this injunction. Either party may ask the Court to change or end this injunction.
Any violation of this injunction, whether or not at the invitation of Petitioner or anyone else, may subject Respondent to civil or indirect criminal contempt proceedings, including the imposition of a fine or imprisonment. Certain willful violations of the terms of this injunction, such as: refusing to vacate the dwelling that the parties share; going to Petitioner’s residence, place of employment, school, or other place prohibited in this injunction; telephoning, contacting or communicating with Petitioner if prohibited by this injunction; or committing an act of domestic violence against Petitioner constitutes a misdemeanor of the first degree punishable by up to one year in jail, as provided by sections 775.082 and 775.083, Florida Statutes. In addition, it is a federal criminal felony offense, punishable by up to life imprisonment, depending on the nature of the violation, to cross state lines or enter Indian country for the purpose of engaging in conduct that is prohibited in this injunction. 18 U.S.C. § 2262.
ORDERED and ADJUDGED:
1. Violence Prohibited. Respondent shall not commit, or cause any other person to commit, any acts of domestic violence against Petitioner. Domestic violence includes: assault, aggravated assault, battery, aggravated battery, sexual assault, sexual battery, stalking, aggravated stalking, kidnaping, false imprisonment, or any other criminal offense resulting in physical injury or death to Petitioner or any of Petitioner’s family or household members who are residing in the same single dwelling unit with Petitioner. *341 Respondent shall not commit any other violation of the injunction through an intentional unlawful threat, word or act to do violence to the Petitioner.
2.No Contact. Respondent shall have no contact with Petitioner unless otherwise provided in this Section, or unless paragraph 14 below provides for contact connected with the temporary custody of and visitation with minor child(ren). a. Unless otherwise provided herein, Respondent shall have no contact with Petitioner. Respondent shall not directly or indirectly contact Petitioner in person, by mail, e-mail, fax, telephone, through another person, or in any other manner. Further, Respondent shall not contact or have any third party contact anyone connected with Petitioner’s employment or school to inquire about Petitioner or to send any messages to Petitioner. Contact at legal proceedings or through legal counsel constitutes an exception. Unless otherwise provided herein, Respondent shall not go to, in, or within 500 feet of: Petitioner’s current residence {list address} _ or any residence to which Petitioner may move; Petitioner’s current or any subsequent place of employment {list address of current employment} _ _or place where Petitioner attends school {list address of school} _; or the following other places (if requested by Petitioner) where Petitioner or Petitioner’s minor child(ren) go often: - Respondent may not knowingly come within 100 feet of Petitioner’s automobile at any time.
_ b. Other provisions regarding contact: _
3.Firearms.
[Initial all that apply; write N/A if does not apply]
_ a. Respondent shall not use or possess a firearm or ammunition.'
_ b. Respondent shall surrender any firearms and ammunition in the Respondent’s possession to the_County Sheriffs Department until further order of the court.
_ c. Other directives relating to firearms and ammunition: _
NOTE: RESPONDENT IS ADVISED THAT, IF A PERMANENT INJUNCTION FOR PROTECTION AGAINST DOMESTIC VIOLENCE IS ISSUED FOLLOWING A HEARING REGARDING THIS MATTER, IN MOST CASES IT WILL BE A VIOLATION OF § 790.233, FLORIDA STATUTES, AND A FIRST DEGREE MISDEMEANOR, FOR RESPONDENT TO HAVE IN HIS OR HER CARE, CUSTODY, POSSESSION OR CONTROL ANY FIREARM OR AMMUNITION. ADDITIONALLY, IT WILL BE A FEDERAL CRIMINAL FELONY OFFENSE TO SHIP OR TRANSPORT IN INTERSTATE OR FOREIGN COMMERCE, OR POSSESS IN OR AFFECTING COMMERCE, ANY FIREARM OR AMMUNITION; OR TO RECEIVE ANY FIREARM OR AMMUNITION WHICH HAS BEEN SHIPPED OR TRANSPORTED IN INTERSTATE OR FOREIGN COMMERCE WHILE SUBJECT TO SUCH AN INJUNCTION. 18 U.S.C. § 922(g)(8).
4.Mailing Address. Respondent shall notify the Clerk of the Court of any change in his or her mailing address within ten (10) days of the change. All further papers (excluding the final injunction, if entered without Respondent being present at the hearing, and pleadings requiring personal service) shall be served by mail to Respondent’s last known address. Such service by mail shall be complete upon mailing. Rule 12.080, Fla.Fam.L.R.P., section 741.30, Florida Statutes.
*342 [[Image here]]
TEMPORARY EXCLUSIVE USE AND POSSESSION OF HOME
[Initial all that apply; write N/A if does not apply]
6. — Possession of the Home. ( ) Petitioner ( ) Respondent shall have temporary exclusive use and possession of the dwelling located at: _
7. _ Transfer of Possession of the Home. A law enforcement officer with jurisdiction over the home shall accompany ( ) Petitioner ( ) Respondent to the home, and shall place ( ) Petitioner ( ) Respondent in possession of the home.
8. _ Personal Items. ( ) Petitioner ( ) Respondent, in the presence of a law enforcement officer, may return to the premises described above ( ) on _, at_a.m./p.m., or ( ) at a time arranged with the law enforcement department with jurisdiction over the home, for the purpose of obtaining his or her clothing and items of personal health and hygiene and tools of the trade. A law enforcement officer with jurisdiction over the home from which these items are to be retrieved shall accompany ( ) Petitioner ( ) Respondent to the home and stand by to insure that he/she vacates the premises with only his/her personal clothing, toiletries, tools of the trade, and any items listed in paragraph 10 below. The law enforcement agency shall not be responsible for storing or transporting any property. IF THE RESPONDENT IS NOT AWARDED POSSESSION OF THE HOME AND GOES TO THE HOME WITHOUT A LAW ENFORCEMENT OFFICER, IT IS A VIOLATION OF THIS INJUNCTION.
9. — ( ) Petitioner ( ) Respondent shall not damage or remove any furnishings or fixtures from the parties’ former shared premises.
[[Image here]]
TEMPORARY SUPPORT
Temporary support, if requested by Petitioner in the Petition for Injunction for Protection Against Domestic Violence, will be addressed by the Court after notice to Respondent and hearing on the matter.
TEMPORARY CUSTODY OF MINOR CHILD(REN)
11.Jurisdiction. Jurisdiction to determine custody of any minor child(ren) listed in paragraph 12 below is proper under the Uniform Child Custody Jurisdiction Act (UCCJA).
12. Temporary Custody of Minor Child(ren). ( ) Petitioner ( ) Respondent shall have temporary custody of the parties’ minor child(ren) listed below:
*343 [[Image here]]
When requested by the custodial parent, law enforcement officers shall use any and all reasonable and necessary force to physically deliver the minor children) listed above to custodial parent. The noncustodial parent shall not take the children) from the custody of custodial parent or any child care provider or other person entrusted by the custodial parent with the care of the children).
[Initial if applies; write N/A if does not apply]
_ Neither party shall remove the minor children) from the State of Florida, which is the jurisdiction of this Court, prior tó the hearing on this temporary injunction. Violation of this custody order may constitute a felony of the third degree under sections 787.03 and 787.04, Florida Statutes.
13. Contact with Minor Child(ren). Unless otherwise provided in paragraph 14 below, the noncustodial parent shall have no contact with the parties’ minor ehild(ren) until further order of the Court.
[[Image here]]
OTHER SPECIAL PROVISIONS

(This section to be used for inclusion of local provisions approved by the chief judge as provided in Florida Family Law Rule 12.610.)

DIRECTIONS TO LAW ENFORCEMENT OFFICER IN ENFORCING THIS INJUNCTION

(Provisions in this injunction that do not include a line for the judge to either initial or write N/A are considered mandatory provisions and should be interpreted to be part of this injunction.)

1. The Sheriff of_ County, or any other authorized law enforcement officer, is ordered to serve this temporary injunction upon Respondent as soon as possible after its issuance.
2. This injunction is valid in all counties of the State of Florida. Violation of this injunction should be reported to the appropriate law enforcement agency. Law enforce *344 ment officers of the jurisdiction in which a violation of this injunction occurs shall enforce the provisions of this injunction and are authorized to arrest without warrant pursuant to section 901.15, Florida Statutes, for any violation of its provisions which constitutes a criminal act under section 741.31, Florida Statutes.
3. THIS INJUNCTION IS ENFORCEABLE IN ALL COUNTIES OF FLORIDA AND LAW ENFORCEMENT OFFICERS MAY EFFECT ARRESTS PURSUANT TO SECTION 901.15(6), FLORIDA STATUTES. The arresting agent shall notify the State Attorney’s Office immediately after arrest.
4. Reporting alleged violations. -If Respondent violates the terms of this injunction and there has not been an arrest, Petitioner may contact the Clerk of the Circuit Court of the county in which the violation occurred and complete an affidavit in support of the violation, or Petitioner may contact the State Attorney’s office for assistance in filing an action for indirect civil contempt or indirect criminal contempt. Upon receiving such a report, the State Attorney is hereby appointed to prosecute such violations by indirect criminal contempt proceedings, or the State Attorney may decide to file a criminal charge, if warranted by the evidence.
[[Image here]]
*345 TEMPORARY INJUNCTION FOR PROTECTION AGAINST DOMESTIC VIOLENCE WITHOUT MINOR CHILD(REN)
The Petition for Injunction for Protection Against Domestic Violence under section 741.30, Florida Statutes, and other papers filed in this Court have been reviewed. The Court has jurisdiction of the parties and the subject matter under the laws of Florida.
It is intended that this protection order meet the requirements of 18 U.S.C. § 2265 and therefore intended that it be accorded full faith and credit by the court of another state or Indian tribe and enforced as if it were the order of the enforcing state or of the Indian tribe.
NOTICE OF HEARING
Because this Temporary Injunction for Protection Against Domestic Violence has been issued without prior notice to Respondent, Petitioner and Respondent are instructed that they are scheduled to appear and testify at a hearing regarding this matter on {date} _, at_a.m./p.m., when the Court will consider whether the Court should issue a Final Judgment of Injunction for Protection Against Domestic Violence, which would remain in effect until modified or dissolved by the Court, and whether other things should be ordered, including, for example, such matters as who should pay the filing fees and costs, and support. The hearing will be before The Honorable {name} -, at {room name/number, location, address, city} - _, Florida. If Petitioner and/or Respondent do not appear, this temporary injunction may be continued in force, extended, dismissed, and/or additional orders may be granted, including the imposition of court costs.
All witnesses and evidence, if any, must be presented at this time. In cases where temporary support issues have been alleged in the pleadings, each party is ordered to bring his or her financial affidavit ( Florida Family Law Rules of Procedure Form 12.902(b) or (c)), tax return, pay stubs, and other evidence of financial income to the hearing.
NOTICE: Because this is a civil case, there is no requirement that these proceedings be transcribed at public expense.
YOU ARE ADVISED THAT IN THIS COURT:
_ a. a court reporter is provided by the court.
_b. electronic audio tape recording only is provided by the court. A party may arrange in advance for the services of and provide for a court reporter to prepare a written transcript of the proceedings at that party’s expense.
_ c. no electronic audio tape recording or court reporting services are provided by the court. A party may arrange in advance for the services of and provide for a court reporter to prepare a written transcript of the proceedings at that party’s expense.
A RECORD, WHICH INCLUDES A TRANSCRIPT, MAY BE REQUIRED TO SUPPORT AN APPEAL. THE PARTY SEEKING THE APPEAL IS RESPONSIBLE FOR HAVING THE TRANSCRIPT PREPARED BY A COURT REPORTER. THE TRANSCRIPT MUST BE FILED WITH THE REVIEWING COURT OR THE APPEAL MAY BE DENIED.
If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact {name} _, {address} _, {telephone} -, within 2 working days of your receipt of this temporary injunction. If you are hearing or voice impaired, call TDD 1-800-955-8771.
FINDINGS
*346 The statements made under oath by Petitioner make it appear that section 741.30, Florida Statutes, applies to the parties. It also appears that Petitioner is a victim of domestic violence by Respondent, and/or Petitioner has reasonable cause to believe he/she is in imminent danger of becoming a victim of domestic violence by Respondent, and that there is an immediate and present danger of domestic violence to Petitioner or persons lawfully with Petitioner.
TEMPORARY INJUNCTION AND TERMS
This injunction shall be effective until the hearing set above and in no event for longer than 15 days, unless extended by court order. This injunction is valid and enforceable in all counties of the State of Florida. The terms of this injunction may not be changed by either party alone or by both parties together. Only the Court may modify the terms of this injunction. Either party may ask the Court to change or end this injunction.
Any violation of this injunction, whether or not at the invitation of Petitioner or anyone else, may subject Respondent to civil or indirect criminal contempt proceedings, including the imposition of a fine or imprisonment. Certain willful violations of the terms of this injunction, such as: refusing to vacate the dwelling that the parties share; going to Petitioner’s residence, place of employment, school, or other place prohibited in this injunction; telephoning, contacting or communicating with Petitioner if prohibited by this injunction; or committing an act of domestic violence against Petitioner constitutes a misdemeanor of the first degree punishable by up to one year in jail, as provided by sections 775.082 and 775.083, Florida Statutes. In addition, it is a federal criminal felony offense, punishable by up to life imprisonment, depending on the nature of the violation, to cross state lines or enter Indian country for the purpose of engaging in conduct that is prohibited in this injunction. 18 U.S.C. § 2262.
ORDERED and ADJUDGED:
1. Violence Prohibited. Respondent shall not commit, or cause any other person to commit, any acts of domestic violence against Petitioner. Domestic violence includes: assault, aggravated assault, battery, aggravated battery, sexual assault, sexual battery, stalking, aggravated stalking, kidnaping, false imprisonment, or any other criminal offense resulting in physical injury or death to Petitioner or any of Petitioner’s family or household members who are residing in the same single dwelling unit with Petitioner. Respondent shall not commit any other violation of the injunction through an intentional unlawful threat, word or act to do violence to the Petitioner.
2. No Contact. Respondent shall have no contact with Petitioner unless otherwise provided in this section.
a. Unless otherwise provided herein, Respondent shall have no contact with Petitioner. Respondent shall not directly or indirectly contact Petitioner in person, by mail, e-mail, fax, telephone, through another person, or in any other manner. Further, Respondent shall not contact or have any third party contact anyone connected with Petitioner’s employment or school to inquire about Petitioner or to send any messages to Petitioner. Contact at legal proceedings or through legal counsel constitutes an exception. Unless otherwise provided herein, Respondent shall not go to, in, or within 500 feet of: Petitioner’s current residence {list address} _ or any residence to which Petitioner may move; Petitioner’s current or any subsequent place of employment {list address of current employment} _ -or place where Petitioner attends school {list address of school} _; or the following other places (if requested by Petitioner) where Petitioner or Petitioner’s minor child(ren) go often: _
*347 Respondent may not knowingly come within 100 feet of Petitioner’s automobile at any time.
b. Other provisions regarding contact: -
3.Firearms.
[Initial all that apply; write N/A if does not apply]
_ a. Respondent shall not use or possess a firearm or ammunition.
_ b. Respondent shall surrender any firearms and ammunition in the Respondent’s possession to the_County Sheriffs Department until further order of the court.
_ c. Other directives relating to firearms and ammunition: _
NOTE: RESPONDENT IS ADVISED THAT, IF A PERMANENT INJUNCTION FOR PROTECTION AGAINST DOMESTIC VIOLENCE IS ISSUED FOLLOWING A HEARING REGARDING THIS MATTER, IN MOST CASES IT WILL BE A VIOLATION OF § 790.233, FLORIDA STATUTES, AND A FIRST DEGREE MISDEMEANOR, FOR RESPONDENT TO HAVE IN HIS OR HER CARE, CUSTODY, POSSESSION OR CONTROL ANY FIREARM OR AMMUNITION. ADDITIONALLY, IT WILL BE A FEDERAL CRIMINAL FELONY OFFENSE TO SHIP OR TRANSPORT IN INTERSTATE OR FOREIGN COMMERCE, OR POSSESS IN OR AFFECTING COMMERCE, ANY FIREARM OR AMMUNITION; OR TO RECEIVE ANY FIREARM OR AMMUNITION WHICH HAS BEEN SHIPPED OR TRANSPORTED IN INTERSTATE OR FOREIGN COMMERCE WHILE SUBJECT TO SUCH AN INJUNCTION. 18 U.S.C. § 922(g)(8).
4.Mailing Address. Respondent shall notify the Clerk of the Court of any change in his or her mailing address within ten (10) days of the change. All further papers (excluding the final injunction, if entered without Respondent being present at the hearing, and pleadings requiring personal service) shall be served by mail to Respondent’s last known address. Such service by mail shall be complete upon mailing. Rule 12.080, Fla.Fam.L.R.P., section 741.30, Florida Statutes.
[[Image here]]
TEMPORARY EXCLUSIVE USE AND POSSESSION OF HOME
[Initial all that apply; write N/A if does not apply]
6. _ Possession of the Home. ( ) Petitioner ( ) Respondent shall have temporary exclusive use and possession of the dwelling located at: -
7. _ Transfer of Possession of the Home. A law enforcement officer with jurisdiction over the home shall accompany ( ) Petitioner ( ) Respondent to the home, and shall place ( ) Petitioner ( ) Respondent in possession of the home.
8. _ Personal Items. ( ) Petitioner ( ) Respondent, in the presence of a law enforcement officer, may return to the premises described above ( ) on *348 _, at_a.m./p.m., or ( ) at a time arranged with the law enforcement department with jurisdiction over the home, for the purpose of obtaining his or her clothing and items of personal health and hygiene and tools of the trade. A law enforcement officer with jurisdiction over the home from which these items are to be retrieved shall accompany ( ) Petitioner ( ) Respondent to the home and stand by to insure that he/she vacates the premises with only his/her personal clothing, toiletries, tools of the trade, and any items listed in paragraph 10 below. The law enforcement agency shall not be responsible for storing or transporting any property. IF THE RESPONDENT IS NOT AWARDED POSSESSION OF THE HOME AND GOES TO THE HOME WITHOUT A LAW ENFORCEMENT OFFICER, IT IS A VIOLATION OF THIS INJUNCTION.
9. — ( ) Petitioner ( ) Respondent shall not damage or remove any furnishings or fixtures from the parties’ former shared premises.
10. _ Other: _
TEMPORARY SUPPORT
Temporary support, if requested by Petitioner in the Petition for Injunction for Protection Against Domestic Violence, will be addressed by the Court after notice to Respondent and hearing on the matter.
OTHER SPECIAL PROVISIONS

(This section to be used for inclusion of local provisions approved by the chief judge as provided in Florida Family Law Rule 12.610.)

DIRECTIONS TO LAW ENFORCEMENT OFFICER IN ENFORCING THIS INJUNCTION

(Provisions in this injunction that do not include a line for the judge to either initial or write N/A are considered mandatory provisions and should be interpreted to be part of this injunction.)

1. The Sheriff of- County, or any other authorized law enforcement officer, is ordered to serve this temporary injunction upon Respondent as soon as possible after its issuance.
2. This injunction is valid in all counties of the State of Florida. Violation of this injunction should be reported to the appropriate law enforcement agency. Law enforcement officers of the jurisdiction in which a violation of this injunction occurs shall enforce the provisions of this injunction and are authorized to arrest without warrant pursuant to section 901.15, Florida Statutes, for any violation of its provisions which constitutes a criminal act under section 741.31, Florida Statutes.
3. THIS INJUNCTION IS ENFORCEABLE IN ALL COUNTIES OF FLORIDA AND LAW ENFORCEMENT OFFICERS MAY EFFECT ARRESTS PURSUANT TO SECTION 901.15(6), FLORIDA STATUTES. The arresting agent shall notify the State Attorney’s Office immediately after arrest.
4. Reporting alleged violations. If Respondent violates the terms of this injunction and there has not been an arrest, Petitioner may contact the Clerk of the Circuit Court of the county in which the violation occurred and complete an affidavit in support of the violation, or Petitioner may contact the State Attorney’s office for assistance in filing an action for indirect civil contempt or indirect criminal contempt. Upon receiving such a report, the State Attorney is hereby appointed to prosecute such violations by indirect *349 criminal contempt proceedings, or the State Attorney may decide to file a criminal charge, if warranted by the evidence.
[[Image here]]
FINAL JUDGMENT OF INJUNCTION FOR PROTECTION AGAINST DOMESTIC VIOLENCE WITH MINOR CHILD(REN) (AFTER NOTICE)
The Petition for Injunction for Protection Against Domestic Violence under section 741.30, Florida Statutes, and other papers filed in this Court have been reviewed. The Court has jurisdiction of the parties and the subject matter.
It is intended that this protection order meet the requirements of 18 U.S.C. § 2265 and therefore intended that it be accorded full faith and credit by the court of another state or Indian tribe and enforced as if it were the order of the enforcing state or of the Indian tribe.
HEARING
*350 This cause came before the Court for a hearing to determine whether an Injunction for Protection Against Domestic Violence in this case should be ( ) issued ( ) modified ( ) extended.
The hearing was attended by ( ) Petitioner ( ) Respondent
( ) Petitioner’s Counsel ( ) Respondent’s Counsel
FINDINGS
On {date}-, a notice of this hearing was served on Respondent together with a copy of Petitioner’s petition to this Court and the temporary injunction, if issued. Service was within the time required by Florida law, and Respondent was afforded an opportunity to be heard.
After hearing the testimony of each party present and of any witnesses, or upon consent of Respondent, the Court finds, based on the specific facts of this case, that Petitioner is a victim of domestic violence or has reasonable cause to believe that he/she is in imminent danger of becoming a victim of domestic violence by Respondent.
INJUNCTION AND TERMS
This injunction shall be in full force and effect until( ) further order of the Court or ( )-This injunction is valid and enforceable in all counties of the State of Florida. The terms of this injunction may not be changed by either party alone or by both parties together. Only the Court may modify the terms of this injunction. Either party may ask the Court to change or end this injunction at any time.
Any violation of this injunction, whether or not at the invitation of Petitioner or anyone else, may subject Respondent to civil or indirect criminal contempt proceedings, including the imposition of a fine or imprisonment. Certain willful violations of the terms of this injunction, such as: refusing to vacate the dwelling that the partiés share; going to Petitioner’s residence, place of employment, school, or other place prohibited in this injunction; telephoning, contacting or communicating with Petitioner if prohibited by this injunction; or committing an act of domestic violence against Petitioner constitutes a misdemeanor of the first degree punishable by up to one year in jail, as provided by sections 775.082 and 775.083, Florida Statutes. In addition, it is a federal criminal felony offense, punishable by up to life imprisonment, depending on the nature of the violation, to cross state lines or enter Indian country for the purpose of engaging in conduct that is prohibited in this injunction. 18 U.S.C. § 2262.
ORDERED and ADJUDGED:
1. Violence Prohibited. Respondent shall not commit, or cause any other person to commit, any acts of domestic violence against Petitioner. Domestic violence includes: assault, aggravated assault, battery, aggravated battery, sexual assault, sexual battery, stalking, aggravated stalking, kidnaping, false imprisonment, or any other criminal offense resulting in physical injury or death to Petitioner or any of Petitioner’s family or household members who is residing in the same single dwelling unit with Petitioner. Respondent shall not commit any other violation of the injunction through an intentional unlawful threat, word or act to do violence to the Petitioner.
2. No Contact. Respondent shall have no contact with the Petitioner unless otherwise provided in this section, or unless paragraphs 13 through 19 below provide for contact connected with the temporary custody of and visitation with minor child(ren).
a. Unless otherwise provided herein, Respondent shall have no contact with Petitioner. Respondent shall not directly or indirectly contact Petitioner in person, by mail, e-mail, fax, telephone, through another person, or in any other manner. Further, Respondent shall not contact or have any third party contact anyone connected with Petitioner’s *351 employment or school to inquire about Petitioner or to send any messages to Petitioner. Contact at legal proceedings or through legal counsel constitutes an exception. Unless otherwise provided herein, Respondent shall not go to, in, or within 500 feet of: Petitioner’s current residence {list address} - or any residence to which Petitioner may move; Petitioner’s current or any subsequent place of employment {list address of current employment} - or place where Petitioner attends school {list address of school} -; or the following other places (if requested by Petitioner) where Petitioner or Petitioner’s minor children) go often: - Respondent may not knowingly come within 100 feet of Petitioner’s automobile at any time.
_ b. Other provisions regarding contact: -:-
3. Firearms. Unless paragraph a. is initialed below, Respondent shall not have in his or her care, custody, possession or control any firearm or ammunition. It is a violation of section 790.233, Florida Statutes, and a first degree misdemeanor, for the respondent to have in his or her care, custody, possession or control any firearm or ammunition.
[Initial if applies; Write N/A if not applicable]
_ a. Respondent is a state or local officer as defined in section 943.10(14), Florida Statutes, who holds an active certification, who receives or possesses a firearm or ammunition for use in performing official duties on behalf of the officer’s employing agency and is not prohibited by the court from having in his or her care, custody, possession or control a firearm or ammunition. The officer’s employing agency may prohibit the officer from having in his or her care, custody, possession or control a firearm or ammunition.
_ b. Respondent shall surrender any firearms and ammunition in the Respondent’s possession to the_County Sheriffs Department.
_ c. Other directives relating to firearms and ammunition: -
NOTE: RESPONDENT IS ADVISED THAT IT IS A FEDERAL CRIMINAL FELONY OFFENSE TO SHIP OR TRANSPORT IN INTERSTATE OR FOREIGN COMMERCE, OR POSSESS IN OR AFFECTING COMMERCE, ANY FIREARM OR AMMUNITION; OR TO RECEIVE ANY FIREARM OR AMMUNITION WHICH HAS BEEN SHIPPED OR TRANSPORTED IN INTERSTATE OR FOREIGN COMMERCE WHILE SUBJECT TO SUCH AN INJUNCTION. 18 U.S.C. § 922(g)(8).
4. Evaluation/Counseling.
[Initial all that apply; write N/A if does not apply]
a. The Court finds that Respondent has:
_ i. willfully violated the ex parte injunction;
_ ii. been convicted of, had adjudication withheld on, or pled nolo contendere to a crime involving violence or a threat of violence; and/or
_ iii. in this state or any other state, had at any time a prior injunction for protection entered against the respondent after a hearing with notice.

Note: If respondent meets any of the above enumerated criteria, the Court must order the Respondent to attend a batterers’ intervention program unless it makes ivritten factual findings stating why such a program tvould not be appropriate. See § 7J}1.30(6) (d), Florida Statutes.

*352 b. Within ( )10 days ( ) days, (but no more than 10 days) of the date of this injunction, Respondent shall enroll in and thereafter without delay complete the following, and Respondent shall provide proof of such enrollment to the Clerk of Circuit Court within ( )30 days ( ) days, (but no more than 30 days) of the date of this injunction:
_ i. A certified batterers’ intervention program from a list of programs to be provided by the Court or any entity designated by the Court. Respondent shall also successfully complete any substance abuse or mental health evaluation that the assessing program counselor deems necessary as a predicate to completion of the batterers’ intervention program.
_ ii. A substance abuse evaluation at:_ - or a similarly qualified facility and any substance abuse treatment recommended by that evaluation.
_ iii. A mental health evaluation by a licensed mental health professional at: _ or any other similarly qualified facility and any mental health treatment recommended by that evaluation.
_ iv. Other: _
_ c. Although Respondent meets the statutory mandate of attendance at a batterers’ intervention program, the Court makes the following written findings as to why the condition of batterers’ intervention program would be inappropriate: _
_ d. Petitioner is referred to a certified domestic violence center and is provided with a list of certified domestic violence centers in this circuit, which Petitioner may contact.
5. Court Costs. Pursuant to section 741.30(2)(a), Florida Statutes, filing fees to the Clerk of the Circuit Court and service fees to the sheriff are waived, subject to subsequent order of the Court; OR costs in the amount of $_for the filing fee, plus $_for the sheriffs fee, for a total of $_ are taxed against ( ) Petitioner ( ) Respondent ( ) Other (explain) _, for which sum let execution issue. This amount shall be paid to the {county}_ Clerk of the Circuit Court, within 30 days of the date of this injunction. If Respondent is directed to pay filing fees or service fees and Petitioner has previously paid said fees, the clerk shall refund same to Petitioner, upon payment by Respondent.
6. Mailing Address. Respondent shall notify the Clerk of the Court of any change in his or her mailing address within ten (10) days of the change. All further papers (excluding pleadings requiring personal service) shall be served by mail to Respondent’s last known address. Such service by mail shall be complete upon mailing. Rule 12.080, Fla.Fam.L.R.P., section 741.30, Florida Statutes.
[[Image here]]
TEMPORARY EXCLUSIVE USE AND POSSESSION OF HOME
[Initial if applies; Write N/A if not applicable]
*353 8. _ Possession of the Home. ( ) Petitioner ( ) Respondent shall have temporary exclusive use and possession of the dwelling located at: _
9. _ Transfer of Possession of the Home. A law enforcement officer with jurisdiction over the home shall accompany ( ) Petitioner ( ) Respondent to the home, and shall place ( ) Petitioner ( ) Respondent in possession of the home.
10. _ Personal Items. ( ) Petitioner ( ) Respondent, in the presence of a law enforcement officer, may return to the premises described above ( ) on _, at _ a.m./p.m., or ( ) at a time arranged with the law enforcement department with jurisdiction over the home, accompanied by a law enforcement officer only, for the purpose of obtaining his or her clothing and items of personal health and hygiene and tools of the trade. A law enforcement officer with jurisdiction over the premises shall go with ( ) Petitioner ( ) Respondent to the home and stand by to insure that he/she vacates the premises with only his/her personal clothing, toiletries, tools of the trade, and any items listed in paragraph 11 below. The law enforcement agency shall not be responsible for storing or transporting any property. IF THE RESPONDENT IS NOT AWARDED POSSESSION OF THE HOME AND GOES TO THE HOME WITHOUT A LAW ENFORCEMENT OFFICER, IT IS A VIOLATION OF THIS INJUNCTION.
11. _ The following other personal possessions may also be removed from the premises at this time:
12. _ Other:
TEMPORARY CUSTODY OF AND VISITATION WITH MINOR CHILD(REN)
13. Jurisdiction. Jurisdiction to determine custody of and visitation with any minor child(ren) listed in paragraph 2 below is proper under the Uniform Child Custody Jurisdiction Act (UCCJA).
14. Temporary Custody of Minor Child(ren). ( ) Petitioner ( ) Respondent shall have temporary custody of the parties’ minor child(ren) listed below:
[[Image here]]
When requested by the custodial parent, law enforcement officers shall use any and all reasonable and necessary force to physically deliver the minor child(ren) listed above to custodial parent. The noncustodial parent shall not take the child(ren) from the custody of custodial parent or any child care provider or other person entrusted by the custodial parent with the care of the children).
15. Type of Contact/Visitation with Minor Child(ren). The noncustodial parent shall have:
[Initial one only]
_ a. no contact with the parties minor child(ren) until further order of the Court.
*354 _ b. the following specified visitation with the parties’ minor children), subject to any limitations set out below: {specify days and times} _
16. Limitations on Visitation. The above specified visitation shall be: [Initial all that apply; write N/A if does not apply]
_ a. unsupervised.
_ b. supervised by the following specified responsible adult: _
_ c. at a supervised visitation center located at: _ and shall be subject to the available times and rules of the supervised visitation center. The cost of such visits shall be paid by ( ) custodial parent ( ) noncustodial parent ( ) both: _
17.Arrangements for Contact/Visitation with Minor Child(ren).
[Initial all that apply; write N/A if does not apply]
_ a. A responsible person shall coordinate the visitation arrangements of the minor child(ren). If specified, the responsible person shall be: {name} _
_ b. Other conditions for visitation arrangements as follows: _
18.Exchange of Minor Child(ren).
[Initial all that apply; write N/A if does not apply]
[[Image here]]
TEMPORARY SUPPORT
*355 20.Temporary Alimony.
[Initial all that apply; write N/A if does not apply]
_ a. The court finds that there is a need for temporary alimony and that ( ) Petitioner ( ) Respondent (hereinafter Obligor) has the present ability to pay alimony and shall pay temporary alimony to ( ) Petitioner ( ) Respondent (hereinafter Obligee) in the amount of $_per month, payable ( ) in accordance with Obligor’s employer’s payroll cycle, and in any event, at least once a month ( ) other {explain} — beginning {date}_This alimony shall continue until modified by court order, until a final judgment of dissolution of marriage is entered, until Obligee dies, until this injunction expires, or until {date}_, whichever occurs first.
_ b. ( ) Petitioner ( ) Respondent shall be required to maintain health insurance coverage for the other party. Any uncovered medical costs for the party awarded alimony shall be assessed as follows:-
_ c. Other provisions relating to alimony:
21.Temporary Child Support.
[Initial all that apply; write N/A if does not apply]
_ a. The Court finds that there is a need for temporary child support and that the noncustodial parent (hereinafter Obligor) has the present ability to pay child support. The amounts in the Child Support Guidelines Worksheet, Florida Family Law Forml2.902(e), filed by ( ) Petitioner ( ) Respondent are correct OR the Court makes the following findings: The Petitioner’s net monthly income is $-, (Child Support Guidelines _%). The Respondent’s net monthly income is $-, (Child Support Guidelines_%). Monthly child care costs are $_Monthly health/dental insurance costs are $_
_ b. Amount. Obligor shall pay temporary child support in the amount of $-, per month payable ( ) in accordance with Obligor’s employer’s payroll cycle, and in any event at least once a month ( ) other {explain}: - beginning {date} _, and continuing until further order of the court, or until {date/event} -- {explain} --- If the child support ordered deviates from the guidelines by more than 5%, the factual findings which support that deviation are: _
_ c. ( ) Petitioner ( ) Respondent shall be required to maintain ( ) health ( ) dental insurance coverage for the parties’ minor child(ren) so long as reasonably available. OR ( ) Health ( ) dental insurance is not reasonably available at this time.
_ d. Any reasonable and necessary uninsured medical/dental/prescription drug costs for the minor child(ren) shall be assessed as follows: -
_ e. Florida Supreme Court Approved Family Law Form 12.902(j), Notice of Social Security Number, is incorporated herein by reference.
_ f. Other provisions relating to child support: -
22.Method of Payment.
[Initial one only]
_ a. Obligor shall pay any temporary child support/alimony ordered through income deduction, and such support shall be paid to the state disbursement unit. Obligor is individually responsible for paying this support obligation in the event that all or any portion of said support is not deducted from Obligor’s income. Obligor shall also pay the applicable state disbursement unit service charge. Until child supporValimony payments *356 are deducted from Obligor’s paycheck pursuant to the Income Deduction Order, Obligor is responsible for making timely payments directly to the state disbursement unit.
___ b. Temporary child support/alimony shall be paid through the state disbursement unit in the office of the {name of county}_County Clerk of Circuit Court. Obligor shall also pay the applicable state disbursement unit service charge. Income deduction is not in the best interests of the children) because: _
_ c. Other provisions relating to method of payment:
OTHER SPECIAL PROVISIONS

(This section to be used for inclusion of local provisions approved by the chief judge as provided in Florida Family Law Bule 12.610.)

DIRECTIONS TO LAW ENFORCEMENT OFFICER IN ENFORCING THIS INJUNCTION

(Provisions in this injunction that do not include a line for the judge to either initial or write N/A are considered mandatory provisions and should be interpreted to be part of this injunction.)

1. This injunction is valid in all counties of the State of Florida. Violation of this injunction should be reported to the appropriate law enforcement agency. Law enforcement officers of the jurisdiction in which a violation of this injunction occurs shall enforce the provisions of this injunction and are authorized to arrest without warrant pursuant to section 901.15, Florida Statutes, for any violation of its provisions, except those regarding child support and/or alimony, which constitutes a criminal act under section 741.31, Florida Statutes. When inconsistent with this order, any subsequent court order issued under Chapter 61, Florida Statutes, shall take precedence over this order on all matters relating to property division, alimony, child custody, or child support.
2. THIS INJUNCTION IS ENFORCEABLE IN ALL COUNTIES OF FLORIDA, AND LAW ENFORCEMENT OFFICERS MAY EFFECT ARRESTS PURSUANT TO SECTION 901.15(6), FLORIDA STATUTES. The arresting agent shall notify the State Attorney’s Office immediately after arrest.
3. Reporting alleged violations. If Respondent violates the terms of this injunction and there has not been an arrest, Petitioner may contact the Clerk of the Circuit Court of the county in which the violation occurred and complete an affidavit in support of the violation, or Petitioner may contact the State Attorney’s office for assistance in filing an action for indirect civil contempt or indirect criminal contempt. Upon receiving such a report, the State Attorney is hereby appointed to prosecute such violations by indirect criminal contempt proceedings, or the State Attorney may decide to file a criminal charge, if warranted by the evidence.
4. Respondent, upon service of this injunction, shall be deemed to have knowledge of and to be bound by all matters occurring at the hearing and on the face of this injunction.
5. The temporary injunction, if any, entered in this case is extended until such time ás service of this injunction is effected upon Respondent.
[[Image here]]
*357 Sheriff of_County
Petitioner (or his or her attorney): — by U.S. Mail
_ by hand delivery in open court (Petitioner must acknowledge receipt in writing on the face of the original order — see below.)
Respondent (or his or her attorney): _ forwarded to sheriff for service
_ by hand delivery in open court (Respondent must acknowledge receipt in writing on the face of the original order — see below.)
_ by certified mail (may only be used when Respondent is present at the hearing and Respondent fails or refuses to acknowledge the receipt of a certified copy of this injunction.)
_ State Attorney’s Office
_ Batterer’s intervention program (if ordered)
_ Central Governmental Depository (if ordered)
_ Department of Revenue
_ Other:-
I CERTIFY the foregoing is a true copy of the original as it appears on file in the office of the Clerk of the Circuit Court of-County, Florida, and that I have furnished copies of this order as indicated above.
[[Image here]]
*358 FINAL JUDGMENT OF INJUNCTION FOR PROTECTION AGAINST DOMESTIC VIOLENCE WITHOUT MINOR CHILD(REN) (AFTER NOTICE)
The Petition for Injunction for Protection Against Domestic Violence under section 741.30, Florida Statutes, and other papers filed in this Court have been reviewed. The Court has jurisdiction of the parties and the subject matter.
It is intended that this protection order meet the requirements of 18 U.S.C. § 2265 and therefore intended that it be accorded full faith and credit by the court of another state or Indian tribe and enforced as if it were the order of the enforcing state or of the Indian tribe.
HEARING
This cause came before the Court for a hearing to determine whether an Injunction for Protection Against Domestic Violence in this case should be ( ) issued ( ) modified ( ) extended.
The hearing was attended by ( ) Petitioner ( ) Respondent
( ) Petitioner’s Counsel ( ) Respondent’s Counsel
FINDINGS
On {date}-, a notice of this hearing was served on Respondent together with a copy of Petitioner’s petition to this Court and the temporary injunction, if issued. Service was within the time required by Florida law, and Respondent was afforded an opportunity to be heard.
After hearing the testimony of each party present and of any witnesses, or upon consent of Respondent, the Court finds, based on the specific facts of this case, that Petitioner is a victim of domestic violence or has reasonable cause to believe that he/she is in imminent danger of becoming a victim of domestic violence by Respondent.
INJUNCTION AND TERMS
This injunction shall be in full force and effect until ( ) further order of the Court ( )-This injunction is valid and enforceable in all counties of the State of Florida. The terms of this injunction may not be changed by either party alone or by both parties together. Only the Court may modify the terms of this injunction. Either party may ask the Court to change or end this injunction at any time.
Any violation of this injunction, whether or not at the invitation of Petitioner or anyone else, may subject Respondent to civil or indirect criminal contempt proceedings, including the imposition of a fine or imprisonment. Certain willful violations of the terms of this injunction, such as: refusing to vacate the dwelling that the parties share; going to Petitioner’s residence, place of employment, school, or other place prohibited in this injunction; telephoning, contacting or communicating with Petitioner if prohibited by this injunction; or committing an act of domestic violence against Petitioner constitutes a misdemeanor of the first degree punishable by up to one year in jail, as provided by sections 775.082 and 775.083, Florida Statutes. In addition, it is a federal criminal felony offense, punishable by up to life imprisonment, depending on the nature of the violation, to cross state lines or enter Indian country for the purpose of engaging in conduct that is prohibited in this injunction. 18 U.S.C. § 2262.
ORDERED and ADJUDGED:
*359 1. Violence Prohibited. Respondent shall not commit, or cause any other person to commit, any acts of domestic violence against Petitioner. Domestic violence includes: assault, aggravated assault, battery, aggravated battery, sexual assault, sexual battery, stalking, aggravated stalking, kidnaping, false imprisonment, or any other criminal offense resulting in physical injury or death to Petitioner or any of Petitioner’s family or household members who is residing in the same single dwelling unit with Petitioner. Respondent shall not commit any other violation of the injunction through an intentional unlawful threat, word or act to do violence to the Petitioner.
2. No Contact. Respondent shall have no contact with the Petitioner unless otherwise provided in this section.
a. Unless otherwise provided herein, Respondent shall have no contact with Petitioner. Respondent shall not directly or indirectly contact Petitioner in person, by mail, e-mail, fax, telephone, through another person, or in any other manner. Further, Respondent shall not contact or have any third party contact anyone connected with Petitioner’s employment or school to inquire about Petitioner or to send any messages to Petitioner. Contact at legal proceedings or through legal counsel constitutes an exception. Unless otherwise provided herein, Respondent shall not go to, in, or within 500 feet of: Petitioner’s current residence {list address} - or any residence to which Petitioner may move; Petitioner’s current or any subsequent place of employment {list address of current employment} - or place where Petitioner attends school {list address of school} or the following other places (if requested by Petitioner) where Petitioner or Petitioner’s minor child(ren) go often: _:Respondent may not knowingly come within 100 feet of Petitioner’s automobile at any time.
_ b. Other provisions regarding contact: _
3.Firearms. Unless paragraph a. is initialed below, Respondent shall not have in his or her care, custody, possession or control any firearm or ammunition. It is a violation of section 790.233, Florida Statutes, and a first degree misdemeanor, for the respondent to have in his or her care, custody, possession or control any firearm or ammunition.
[Initial if applies; Write N/A if not applicable]
_ a. Respondent is a state or local officer as defined in section- 943.10(14), Florida Statutes, who holds an active certification, who receives or possesses a firearm or ammunition for use in performing official duties on behalf of the officer’s employing agency and is not prohibited by the court from having in his or her care, custody, possession or control a firearm or ammunition. The officer’s employing agency may prohibit the officer from having in his or her care, custody, possession or control a firearm or ammunition.
_ b. Respondent shall surrender any firearms and ammunition in the Respondent’s possession to the_County Sheriffs Department.
_ e. Other directives relating to firearms and ammunition: -
*360 NOTE: RESPONDENT IS ADVISED THAT IT IS A FEDERAL CRIMINAL FELONY OFFENSE TO SHIP OR TRANSPORT IN INTERSTATE OR FOREIGN COMMERCE, OR POSSESS IN OR AFFECTING COMMERCE, ANY FIREARM OR AMMUNITION; OR TO RECEIVE ANY FIREARM OR AMMUNITION WHICH HAS BEEN SHIPPED OR TRANSPORTED IN INTERSTATE OR FOREIGN COMMERCE WHILE SUBJECT TO SUCH AN INJUNCTION. 18 U.S.C. § 922(g)(8).
4.Evaluation/Counseling.
[Initial all that apply; write N/A if does not apply]
a. The Court finds that Respondent has:
— i. willfully violated the ex parte injunction;
— ii. been convicted of, had adjudication withheld on, or pled nolo contendere to a crime involving violence or a threat of violence; and/or
— iii. in this state or any other state, had at any time a prior injunction for protection entered against the respondent after a hearing with notice.

Note: If respondent meets any of the above enumerated criteria, the Court must order the Respondent to attend a batterers’ intervention program unless it makes written factual findings stating why such a program would not be appropriate. See § 74.1.80(6) (d), Florida Statutes.

b. Within ( )10 days ( )— days, (but no more than 10 days) of the date of this injunction, Respondent shall enroll in and thereafter without delay complete the following, and Respondent shall provide proof of such enrollment to the Clerk of Circuit Court within ( )30 days ( )— days, (but no more than 30 days) of the date of this injunction:
— i. A certified batterers’ intervention program from a list of programs to be provided by the Court or any entity designated by the Court. Respondent shall also successfully complete any substance abuse or mental health evaluation that the assessing program counselor deems necessary as a predicate to completion of the batterers’ intervention program.
— ii. A substance abuse evaluation at:_ or a similarly qualified facility and any substance abuse treatment recommended by that evaluation.
— iii. A mental health evaluation by a licensed mental health professional at: -or any other similarly qualified facility and any mental health treatment recommended by that evaluation.
_ iv. Other: __
— c. Although Respondent meets the statutory mandate of attendance at a batterers’ intervention program, the Court makes the following written findings as to why the condition of batterers’ intervention program would be inappropriate:
— d. Petitioner is referred to a certified domestic violence center and is provided with a list of certified domestic violence centers in this circuit, which Petitioner may contact.
5. Court Costs. Pursuant to section 741.30(2)(a), Florida Statutes, filing fees to the Clerk of the Circuit Court and service fees to the sheriff are waived, subject to subsequent order of the Court; OR costs in the amount of $_for the filing fee, plus $_for the sheriffs fee, for a total of $_are taxed against ( ) Petitioner ( ) Respondent
( ) Other (explain) __, for which sum let execution issue. This amount shall be paid to the {county}_ Clerk of the Circuit Court, within 30 days of the date of this injunction. If Respondent is directed to pay filing fees or service fees and Petitioner has previously paid said fees, the clerk shall refund same to Petitioner, upon payment by Respondent.
6. Mailing Address. Respondent shall notify the Clerk of the Court of any change in his or her mailing address within ten (10) days of the change. All further papers (excluding pleadings requiring personal service) shall be served by mail to Respondent’s last known address. Such service by mail shall be complete upon mailing. Rule 12.080, Fla.Fam.L.R.P., section 741.30, Florida Statutes.
*361 [[Image here]]
TEMPORARY EXCLUSIVE USE AND POSSESSION OF HOME
[Initial if applies; Write N/A if not applicable]
8. _ Possession of the Home. ( ) Petitioner ( ) Respondent shall have temporary exclusive use and possession of the dwelling located at: -
9. _ Transfer of Possession of the Home. A law enforcement officer with jurisdiction over the home shall accompany ( ) Petitioner ( ) Respondent to the home, and shall place ( ) Petitioner ( ) Respondent in possession of the home.
10. _ Personal Items. ( ) Petitioner ( ) Respondent, in the presence of a law enforcement officer, may return to the premises described above ( ) on — , at _ a.m./p.m., or ( ) at a time arranged with the law enforcement department with jurisdiction over the home, accompanied by a law enforcement officer only, for the purpose of obtaining his or her clothing and items of personal health and hygiene and tools of the trade. A law enforcement officer with jurisdiction over the premises shall go with ( ) Petitioner ( ) Respondent to the home and stand by to insure that he/she vacates the premises with only his/her personal clothing, toiletries, tools of the trade, and any items listed in paragraph 12 below. The law enforcement agency shall not be responsible for storing or transporting any property. IF THE RESPONDENT IS NOT AWARDED POSSESSION OF THE HOME AND GOES TO THE HOME WITHOUT A LAW ENFORCEMENT OFFICER, IT IS A VIOLATION OF THIS INJUNCTION.
11. _ The following other personal possessions may also be'removed from the premises at this time: -
12. _ Other:
TEMPORARY SUPPORT
13.Temporary Alimony.
[Initial all that apply; write N/A if does not apply]
_ a. The court finds that there is a need for temporary alimony and that ( ) Petitioner ( ) Respondent (hereinafter Obligor) has the present ability to pay alimony and shall pay temporary alimony to ( ) Petitioner ( ) Respondent (hereinafter Obligee) in the amount of $_per month, payable ( ) in accordance with Obligor’s employer’s *362 payroll cycle, and in any event, at least once a month ( ) other {explain} beginning {date}-This alimony shall continue until modified by court order, until a final judgment of dissolution of marriage is entered, until Obligee dies, until this injunction expires, or until {date}_, whichever occurs first.
b. ( ) Petitioner ( ) Respondent shall be required to maintain health insurance coverage for the other party. Any uncovered medical costs for the party awarded alimony shall be assessed as follows: _
_ c. Other provisions relating to alimony:
14. Method of Payment.
[Initial one only]
_ a. Obligor shall pay any temporary alimony ordered through income deduction, and such support shall be paid to the Central Government Depository in _ County. Obligor is individually responsible for paying this support obligation in the event that all or any portion of said support is not deducted from Obligor’s income. Obligor shall also pay the applicable Central Government Depository service charge. Until alimony payments are deducted from Obligor’s paycheck pursuant to the Income Deduction Order, Obligor is responsible for making timely payments directly to the Central Government Depository.
— b. Temporary alimony shall be paid through the Central Government Depository in the office of the {name of county}_County Clerk of Circuit Court. Obligor shall also pay the applicable Central Government Depository service charge.
_ c. Other provisions relating to method of payment: _
OTHER SPECIAL PROVISIONS

(This section to be used for inclusion of local provisions approved by the chief judge as provided in Florida Family Law Rule 12.610.)

DIRECTIONS TO LAW ENFORCEMENT OFFICER IN ENFORCING THIS INJUNCTION

(Provisions in this injunction that do not include a line for the judge to either initial or write N/A are considered mandatory provisions and should be interpreted to be part of this injunction.)

1. This injunction is valid in all counties of the State of Florida. Violation of this injunction should be reported to the appropriate law enforcement agency. Law enforcement officers of the jurisdiction in which a violation of this injunction occurs shall enforce the provisions of this injunction and are authorized to arrest without warrant pursuant to section 901.15, Florida Statutes, for any violation of its provisions, except those regarding child support and/or alimony, which constitutes a criminal act under section 741.31, Florida Statutes. When inconsistent with this order, any subsequent court order issued under Chapter 61, Florida Statutes, shall take precedence over this order on all matters relating to property division, alimony, child custody, or child support.
2. THIS INJUNCTION IS ENFORCEABLE IN ALL COUNTIES OF FLORIDA, AND LAW ENFORCEMENT OFFICERS MAY EFFECT ARRESTS PURSUANT TO SECTION 901.15(6), FLORIDA STATUTES. The arresting agent shall notify the State Attorney’s Office immediately after arrest.
3. Reporting alleged violations. If Respondent violates the terms of this injunction and there has not been an arrest, Petitioner may contact the Clerk of the Circuit Court of the county in which the violation occurred and complete an affidavit in support of the violation, or Petitioner may contact the State Attorney’s office for assistance in filing an *363 action for indirect civil contempt or indirect criminal contempt. Upon receiving such a report, the State Attorney is hereby appointed to prosecute such violations by indirect criminal contempt proceedings, or the State Attorney may decide to file a criminal charge, if warranted by the evidence.
4. Respondent, upon service of this injunction, shall be deemed to have knowledge of and to be bound by all matters occurring at the hearing and on the face of this injunction.
5. The temporary injunction, if any, entered in this case is extended until such time as service of this injunction is effected upon Respondent.
[[Image here]]
ACKNOWLEDGMENT
I, {Name of Respondent}_, acknowledge receipt of a certified copy of this Injunction for Protection.
*364 [[Image here]]
ORDER OF DISMISSAL OF TEMPORARY INJUNCTION FOR PROTECTION AGAINST ( ) DOMESTIC VIOLENCE ( ) REPEAT VIOLENCE
THIS CAUSE came before the Court on {date} _, upon Petitioner’s action for an injunction for protection against domestic violence or repeat violence, and it appearing to the Court as follows:
[/ all that apply]
_ Petitioner failed to appear at the hearing scheduled in this cause.
_ Petitioner appeared at the hearing but desires to voluntarily dismiss this action.
_ The evidence presented is insufficient under Florida law (section 741.30 or 784.046, Florida Statutes) to allow the Court to issue an injunction for protection against domestic or repeat violence.
Accordingly, the case is dismissed without prejudice.
__ Petitioner shall pay filing fees to the Clerk of the Circuit Court for a total of $_, for which sum let execution issue. This amount shall be paid to the {county}_ Clerk of the Circuit Court, within 30 days of the date of this order.
[[Image here]]
I CERTIFY the foregoing is a true copy of the original as it appears on file in the office of the Clerk of the Circuit Court of_County, Florida, and that I have furnished copies of this order as indicated above.
[[Image here]]
*365 INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.980(g), PETITION FOR INJUNCTION FOR PROTECTION AGAINST REPEAT VIOLENCE
When should this form be used?
If you or a member of your immediate family are a victim of repeat violence, you can use this form to ask the court for a protective order prohibiting repeat violence. Repeat violence means that two incidents of violence have been committed against you or a member of your immediate family by another person, one of which must have been within 6 months of filing this petition. Repeat violence includes assault, battery, sexual battery, or stalking. Because you are making a request to the court, you are called the petitioner. The person whom you are asking the court to protect you from is called the respondent. If you are under the age of eighteen and have never been married or had the disabilities of nonage removed by a court, one of your parents or your legal guardian must sign this petition on your behalf.
The parent or legal guardian of any minor child who is living at home may seek an injunction for protection against repeat violence on behalf of the minor child. With respect to a minor child who is living at home, the parent or legal guardian must have been an eye-witness to, or have direct physical evidence or affidavits from eyewitnesses of, the specific facts and circumstances that form the basis of the petition.
If the respondent is your spouse, former spouse, related to you by blood or marriage, living with you now or has lived with you in the past (if you are or were living as a family), or the other parent of your child(ren), whether or not you have ever been married or ever lived together, you should use Petition for Injunction for Protection Against Domestic Violence, Florida Supreme Court Approved Family Law Form 12.980(b), rather than this form,
This form should be typed or printed in black ink. You should complete this form (giving as much detail as possible) and sign it the presence of a notary or in front of the cjerk of the circuit court in the county were you live. The clerk will take your completed petition to a judge. You should keep a copy for your records. If have any questions or need assistance completing this form, the clerk or family law intake staff will help you.
What should I do if the judge grants my petition?
If the facts contained in your petition convince the judge that you or a member of your immediate family are a victim of repeat violence and that an immediate and present danger of repeat violence to you or that family exists, the judge will sign a Temporary Injunction for Protection Against Repeat Violence, Florida Supreme Court Approved Family Law Form 12.980®. A temporary injunction is issued without notice to the respondent. The clerk will give your petition, the temporary injunction, and any other papers filed with your petition to the sheriff or other law enforcement officer for personal service on the respondent. The temporary injunction will take effect immediately after the respondent is served with a copy of it. It lasts until a full hearing can be held or for a period of 15 days, whichever comes first. The court may extend the temporary injunction beyond 15 days for a *366 good reason, which may include failure to obtain service on the respondent.
The temporary injunction is issued “ex parte.” This means that the judge has considered only the information presented by one side — YOU. Section I of the temporary injunction gives a date that you should appear in court for a hearing. You will be expected to testify about the facts in your petition. The respondent will be given the opportunity to testify at this hearing, also. At the hearing, the judge will decide whether to issue a Final Judgment of Injunction for Protection Against Repeat Violence (After Notice),
Florida Supreme Court Approved Family Law Form 12.980(m), which will remain in effect for a specific time period or until modified or dissolved by the court. If you and/or the respondent do not appear, the temporary injunction may be continued in force, extended, or dismissed, and/or additional orders may be granted, including the imposition of court costs.
If the judge signs a temporary or final injunction, the clerk will provide you with the necessary copies. Make sure that you keep one certified copy of the injunction with you at all times!
What can I do if the judge denies my petition?
If your petition is denied on the grounds that it appears to the court that no immediate and present danger of repeat violence exists, the court will set a full hearing on your petition. The respondent will be notified by personal service of your petition and the hearing. If your petition is denied, you may: amend your petition by filing a Supplemental Affidavit in Support of Petition for Injunction for Protection, Florida Supreme Court Approved Family Law Form 12.980 (h); attend the hearing and present facts that support your petition; and/or dismiss your petition.
Where can I look for more information?
Before proceeding, you should read “General Information for Self-Represented Litigants” found at the beginning of these forms. The words that are in “bold underline” are defined in that section. The clerk of the circuit court or family law intake staff will help you complete any necessary forms. For further information, see section 784.046, Florida Statutes, and rule 12.610, Florida Family Law Rules of Procedure.
FORM 12.980(g). PETITION FOR INJUNCTION FOR PROTECTION AGAINST REPEAT VIOLENCE
IN THE CIRCUIT COURT OF THE ___ JUDICIAL CIRCUIT, IN AND FOR_COUNTY, FLORIDA
[[Image here]]
PETITION FOR INJUNCTION FOR PROTECTION AGAINST REPEAT VIOLENCE
*367 I,{full legal name}_, being sworn, certify that the following statements are true:
SECTION I. PETITIONER (This section is about you. It must be completed.)
1.Petitioner currently lives at: {address, city, state, zip code} _
[/ if applies]
_ Petitioner seeks an injunction for protection on behalf of a minor child. Petitioner is the parent or legal guardian of {full legal name} _, a minor child who ( ) is ( ) is not living at home.
2. Filing Fees
[/ one only]
_ a. Petitioner is paying the filing fee and sheriffs (or other authorized law enforcement agency’s) service fees.
_ b. Petitioner does not have enough money to pay the filing fee or service fees and is filing an Affidavit and Motion for Waiver of Fees for Petition for injunction for Protection, Florida Supreme Court Approved Family Law Form 12.980(a), and a Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c). Petitioner asks that he/she not have to pay the fees necessary to process the petition and serve the injunction and any motions or orders needed to enforce the injunction, subject to later order(s) of the Court about the payment of such fees.
3. Petitioner’s attorney’s name, address, and telephone number is: _ (If you do not have an attorney, write “none.”)
SECTION II. RESPONDENT (This section is about the person you want to be protected from. It must be completed.)
1. Respondent currently lives at: {address, city, state, and zip code} _ Respondent’s Driver’s License number is: {if known}
2. Petitioner has known Respondent since {date} _
3. Respondent’s last known place of employment: _ Employment address: _ Working hours: _
4. Physical description of Respondent:
Race: _Sex: Male Female Date of Birth: _
Height: Weight: Eye Color: _Hair Color: _
Distinguishing marks and/or scars: _
Vehicle: (make/model) _ Color: _Tag Number: _
5. Other names Respondent goes by (aliases or nicknames): -
6. Respondent’s attorney’s name, address, and telephone number is: (If you do not know whether Respondent has an attorney, write “unknown.” If Respondent does not have an attorney, write “none.”)
SECTION III. CASE HISTORY AND REASON FOR SEEKING PETITION (This section must be completed.)
*368 1.Has Petitioner ever received or tried to get an injunction for protection against repeat violence against Respondent in this or any other court? Yes ._. No If yes, what happened in that case? {include case number, if known}
2. Has Respondent ever received or tried to get a repeat violence injunction for protection against Petitioner?
Yes _ No If yes, what happened in that case? (include city, state, and case number, if known)
3. Describe any other court case that is either going on now or that happened in the past between Petitioner and Respondent (include case number, if known):
4.Respondent has directed at least two incidents of “violence,” meaning assault, battery, sexual battery, or stalking against Petitioner or a member of Petitioner’s immediate family. One of these two incidents of “violence” has occurred within 6 months of the date of filing of this petition. The most recent incident (including date and location) is described below.
On {date} _, at {location} _, Respondent_
□ Check here if you are attaching additional pages to continue these facts.
5.Other prior incidents (including dates and location) are described below:
On {date} _, at {location} _
[[Image here]]
□ Check here if you are attaching additional pages to continue these facts.
[[Image here]]
7.Additional Information
[/ all that apply]
*369 a.Respondent owns, has, and/or is known to have guns or other weapons. Describe weapon(s): -
b.This or prior acts of repeat violence have been previously reported to: {person or agency} -
SECTION IV. INJUNCTION (This section must be completed.)
1. Petitioner asks the Court to enter an injunction prohibiting Respondent from committing any acts of violence against Petitioner and:
a. prohibiting Respondent from going to or within 500 feet of any place Petitioner lives;
b. prohibiting Respondent from going to or within 500 feet of Petitioner’s place(s) of employment or the school that Petitioner attends; the address of Petitioner’s place(s) of employment and/or school is: -
c. prohibiting Respondent from contacting Petitioner by mail, by e-mail, in writing, through another person, or in any other manner;
d. ordering Respondent not to use or possess any guns or firearms;
[/ all that apply]
_ e. prohibiting Respondent from going to or within 500 feet of the following place(s) Petitioner or Petitioner’s immediate family must go to often: _ _; and any other terms the Court deems necessary for the safety of Petitioner and Petitioner’s immediate family.
I UNDERSTAND THAT BY FILING THIS PETITION, I AM ASKING THE COURT TO HOLD A HEARING ON THIS PETITION, THAT BOTH THE RESPONDENT AND I WILL BE NOTIFIED OF THE HEARING, AND THAT I MUST APPEAR AT THE HEARING.
I UNDERSTAND THAT I AM SWEARING OR AFFIRMING UNDER OATH TO THE TRUTHFULNESS OF THE CLAIMS MADE IN THIS PETITION AND THAT THE PUNISHMENT FOR KNOWINGLY MAKING A FALSE STATEMENT INCLUDES FINES AND/OR IMPRISONMENT.
[[Image here]]
*370 Type of identification produced __
INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.980(h), SUPPLEMENTAL AFFIDAVIT IN SUPPORT OF PETITION FOR INJUNCTION FOR PROTECTION AGAINST DOMESTIC VIOLENCE OR REPEAT VIOLENCE
When should this form be used?
You may use this form if your Petition for Injunction for Protection Against Domestic Violence, Florida Supreme Court Approved Family Law Form 12.980(b), or your Petition for Injunction for Protection Against Repeat Violence,
Florida Supreme Court Approved Family Law Form 12.980(g), was denied by the judge. You should use this supplemental affidavit to add facts or clarify the facts you wrote in your original petition. For a domestic violence case, you should include FACTS that establish that you have been a victim of violence or are in imminent danger of becoming a victim of violence from the respondent. For a repeat violence case, you should include FACTS that establish that you or a member of your immediate family have or has been a victim of at least two prior incidents of violence, that one of those incidents occurred within the last six months and that there is an immediate and present risk of danger to you or a member of your immediate family.
This form should be typed or printed in black ink. After completing this form, you should sign the form before a notary public or the clerk of the circuit court. You should then file the original with the clerk in the county where the petition was filed and keep a copy for your records.
What should I do next?
After you complete this supplemental affidavit, the clerk will attach it to your original petition and all the documents will be submitted to the judge as your “Amended Petition.”
FORM 12.980(h). SUPPLEMENTAL AFFIDAVIT IN SUPPORT OF PETITION FOR INJUNCTION FOR PROTECTION AGAINST DOMESTIC VIOLENCE OR REPEAT VIOLENCE
IN THE CIRCUIT COURT OF THE_JUDICIAL CIRCUIT, IN AND FOR_COUNTY, FLORIDA
[[Image here]]
SUPPLEMENTAL AFFIDAVIT IN SUPPORT OF PETITION FOR INJUNCTION FOR PROTECTION AGAINST ( ) DOMESTIC VIOLENCE ( ) REPEAT VIOLENCE
I, {full legal name}-, being sworn, certify that the following statements are true:
*371 [[Image here]]
3._ Check here if you are attaching copies of medical records for treatment you may have received for injuries referred to in your petition or in this supplemental affidavit, or copies of any police or sheriff reports concerning incidents of violence involving you and Respondent.
I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this supplemental affidavit and that the punishment for knowingly making a false statement includes fines and/or imprisonment.
[[Image here]]
*372 [Print, type, or stamp commissioned name of notary or clerk.]
_ Personally known
_ Produced identification
Type of identification produced_
INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.980(i), PETITIONER’S REQUEST FOR CONFIDENTIAL FILING OF ADDRESS
When should this form be used?
If you are the petitioner in a petition for injunction for protection against domestic violence action and you fear that disclosing your address to the respondent would put you in danger, you should complete this form and file it with the clerk of the circuit court.
You cannot use this form in a petition for injunction for protection against repeat violence action.
This form should be typed or printed in black ink. After completing this form, you should file the original with the clerk of the circuit court in the county where your petition was filed and keep a copy for your records.
FORM 12.9800). PETITIONER’S REQUEST FOR CONFIDENTIAL FILING OF ADDRESS
IN THE CIRCUIT COURT OF THE __JUDICIAL CIRCUIT, IN AND FOR_COUNTY, FLORIDA
[[Image here]]
PETITIONER’S REQUEST FOR CONFIDENTIAL FILING OF ADDRESS
I, {full legal name}-, Petitioner in the above injunction for protection against domestic violence action, request that the Court maintain and hold as confidential, the following address:
Address_
City- State_Zip_
Telephone (area code and number)_
This request is being made for the purpose of keeping the location of my residence unknown to Respondent for safety reasons pursuant to section 741.30, Florida Statutes.
Dated: _
Signature of Petitioner
CLERK’S CERTIFICATE AS TO PETITIONER’S REQUEST FOR CONFIDENTIAL FILING OF ADDRESS
*373 [[Image here]]
INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.9800'), MOTION FOR EXTENSION OF INJUNCTION FOR PROTECTION AGAINST DOMESTIC VIOLENCE OR REPEAT VIOLENCE
When should this form be used?
If you are the petitioner on a previously entered injunction for protection against domestic violence or repeat violence and that injunction will soon expire, you may use this form to request that the court extend the injunction. You must file a motion for extension BEFORE the previously entered order expires.
This form should be typed or printed in black ink. After completing this form, you should sign it before a notary public or the clerk of the circuit court. You should then file the original with the clerk in the county where the petition was filed and keep a copy for your records. If you have any questions or need assistance completing this form, the clerk or family law intake staff will help you.
What should I do next?
For your case to proceed, you will need to set a hearing on your motion. You must properly notify the other party of the motion and hearing. You should check with the clerk of court for information on the local procedure for scheduling a hearing. When you know the date and time of your hearing, you should file Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form. You will need to serve a copy of your motion and Notice of Hearing to the other party. Service of your motion must be in a manner that is reasonably calculated to apprise the other party of your motion and the hearing. *Please note that if notice is mailed, the court in certain circumstances may not consider mailing to be adequate notice. If you want to be sure, you should consider using certified mail, return receipt requested, or having the motion personally served. This is a technical area of the law; if you have any questions about it, you should consult a lawyer. For more information on personal service, see the instructions for Summons: Personal Service on an Individual, Florida Family Law Rules of Procedure Form 12.910(a).
You will need to appear at the hearing on your motion. After the hearing, if the judge grants your motion, he or she will prepare an Order Extending Injunction for Protection Against Domestic Violence of Repeat Violence, Florida Supreme Court Approved Family Law Form 12.980(n). After the judge signs the order, the clerk will provide you with the necessary copies. Make sure that you keep a certified copy of the previously entered injunction AND a certified copy of the order extending that injunction with at all times.
Where can I look for more information?
Before proceeding, you should read “General Information for Self-Repre *374 sented Litigants” found at the beginning of these forms. The words that are in “bold underline” are defined in that section. The clerk of the circuit court or family law intake staff will help you complete any necessary domestic or repeat violence forms and will answer any question that you may have.
Special notes ...
With this form you may also file the following:
• Petitioner’s Request for Confidential Filing of Address, Florida Supreme Court Approved Family Law Form 12.980(i), if your petition is for protection against domestic violence and you wish to keep your address confidential.
• When completing this form, you should make sure that your reasons for requesting that the injunction be extended are stated clearly and that you include all relevant facts.
FORM 12.980(j). MOTION FOR EXTENSION OF INJUNCTION FOR PROTECTION AGAINST DOMESTIC VIOLENCE OR REPEAT VIOLENCE
IN THE CIRCUIT COURT OF THE_JUDICIAL CIRCUIT, IN AND FOR_. COUNTY, FLORIDA
[[Image here]]
MOTION FOR EXTENSION OF INJUNCTION FOR PROTECTION AGAINST ( ) DOMESTIC VIOLENCE ( ) REPEAT VIOLENCE
I, {full legal name}_, being sworn, certify that the following statements are true:
SECTION I. PETITIONER (This section is about you. It must be completed. However, if this is a domestic violence case and you fear that disclosing your address to the respondent would put you in danger, you should complete and file Petitioner’s Request for Confidential Filing of Address, Florida Supreme Court Approved Family Law Form 12.980(i), and write “confidential” in the space provided on this form for your address and telephone number.)
1. Petitioner currently lives at: {street address} _ {city, state and zip code} _ Telephone Number: {area code and number} _
2. Petitioner’s attorney’s name, address and telephone number is: _ (If you do not have an attorney, write “none.”)
SECTION II. RESPONDENT (This section is about the person you want to be protected from. It must be completed.)
*375 New information about Respondent, since the current injunction was issued: (If known, write Respondent’s new address, place of employment, physical description, vehicle, aliases or nicknames, or attorney’s name.)
SECTION III. CASE HISTORY AND REASON FOR SEEKING EXTENSION OF INJUNCTION
1.Describe any attempts since the date of the current injunction by either Petitioner or Respondent to get an injunction for protection in this or any other court (other than the injunction you are asking to extend in this motion). -
2.Describe any other court cases (including city, state, and case numbers, if known) since the date of the current injunction between Petitioner and Respondent, including any cases involving the parties’ minor children), divorce, juvenile dependency, guardianship, or other civil or criminal cases. -
3.Petitioner requests that the previously entered injunction for protection against domestic violence or repeat violence be extended for the following specific reasons: {State in detail why you wish the injunction to remain in effect.} -
□ Check here if you are attaching additional pages to continue these facts.
4.Petitioner genuinely fears the continued threat of violence by Respondent.
SECTION IV. REQUESTED RELIEF
1. Petitioner understands that the Court will hold a hearing on this motion and that he or she must appear at the hearing.
2. Petitioner asks the Court to enter an order in this case that extends the previously entered injunction for a period of ( )_or ( ) until modified or dissolved by the court.
I certify that a copy of this document was [/ one only] ( ) mailed ( ) faxed and mailed ( ) mailed by certified mail, return receipt requested, ( ) furnished to a law enforcement officer for personal service to the person(s) listed below on {date}-
Other party or his/her attorney:
*376 Name: _
Address: _
City, State, Zip: _
Fax Number: _
I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this motion and that the punishment for knowingly making a false statement includes fines and/or imprisonment.
[[Image here]]
INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.980(k), MOTION FOR MODIFICATION OF INJUNCTION FOR PROTECTION AGAINST DOMESTIC VIOLENCE OR REPEAT VIOLENCE
When should this form be used?
This form may be used if you are a party to a previously entered injunction for protection against domestic violence or repeat violence and you want the court to modify the terms of the injunction. If you use this form, you are called the moving party.
This form should be typed or printed in black ink. After completing this form, you should sign the form before a notary public or the clerk of the circuit court. You should then file the original with the clerk in the county where the original petition was filed and keep a copy for your records. You must file a motion for modification before the previously entered order expires. If you have any questions or need assistance completing this form, the clerk or family law intake staff will help you.
What should I do next?
For your case to proceed, you will need to set a hearing on your motion. You must properly notify the other party of the motion and hearing. You should check with the clerk of court for information on the local procedure for scheduling a hearing. When you know the date and time of your hearing, you should file Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form. You will need to serve a copy of your motion and Notice of Hearing to the other party. Service of your motion must be in a manner that is reasonably calculated to apprise the other party of your motion and the hearing. *Please note that if notice is mailed, the court in certain circumstances may not consider mailing to be adequate *377 notice. If you want to be sure, you should consider using certified mail, return receipt requested, or having the motion personally served. If you are not represented by an attorney in this action, you must file proof that the other party personally received notice of your motion. This is a technical area of the law; if you have any questions about it, you should consult a lawyer. For more information on personal service, see the instructions for Summons: Personal Service on an Individual, Florida Family Law Rules of Procedure Form 12.910(a).
You will need to appear at a hearing on your motion for modification of injunction, After the hearing, if the judge grants your motion, he or she will prepare a new injunction for protection that contains the modifications. After the judge signs the new injunction, the clerk will provide you with the necessary copies. Make sure that you keep a certified copy of the new injunction with you at all times!
Where can I look for more information?
Before proceeding, you should read “General Information for Self-Represented Litigants” found at the beginning of these forms. The words that are in “bold underline” are defined in that section. The clerk of the circuit court or family law intake staff will help you complete any necessary domestic or repeat violence forms and will answer any question that you may have.
Special notes ...
If the injunction you are seeking to modify is for domestic violence and you want the court to modify alimony, custody of a minor child(ren), or child support, you must establish that there has been a change in eircumstance(s), as required by chapters 61, Florida Statutes, or 741, Florida Statutes, as applicable, that requires this (these) modification(s). Be sure that you make these change(s) clear in your motion.
With this form you may also file the following:
• Petitioner’s Request for Confidential Filing of Address, Florida Supreme Court Approved Family Law Form 12.980(i), if your petition is for domestic violence and you wish to keep your address confidential.
• Uniform Child Custody Jurisdiction Act (UCCJA) Affidavit, Florida Supreme Court Approved Family Law Form 12.902(d), must be completed and attached if the modification(s) you are seeking involves temporary custody of any minor child(ren).
• Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c), must be completed and attached if the modification^) you are seeking involves temporary alimony or temporary child support.
• When completing this form, you should make sure that your reasons for requesting that the injunction be modified are stated clearly and that you include all relevant facts.
FORM 12.980(k). MOTION FOR MODIFICATION OF INJUNCTION FOR PROTECTION AGAINST DOMESTIC VIOLENCE OR REPEAT VIOLENCE
IN THE CIRCUIT COURT OF THE_JUDICIAL CIRCUIT, IN AND FOR_COUNTY, FLORIDA
Case No.:-
Division:_
*378 [[Image here]]
MOTION FOR MODIFICATION OF INJUNCTION FOR PROTECTION AGAINST ( ) DOMESTIC VIOLENCE ( ) REPEAT VIOLENCE
I,{full legal name}-, being sworn, certify that the following statements are true:
SECTION I. MOVING PARTY (This section is about you. It must be completed. However, if you are the Petitioner and this is a domestic violence case and you fear that disclosing your address to the respondent would put you in danger, you should complete and file Petitioner’s Request for Confidential Filing of Address, Florida Supreme Court Approved Family Law Form 12.980(i), and write “confidential” in the space provided on this form for your address and telephone number.)
1. Moving Party is the ( ) Petitioner ( )Respondent in this case.
2. Moving Party currently lives at: {street address} _ {city, state and zip code} _!_ Telephone Number: {area code and number} _
3. Moving Party’s attorney’s name, address and telephone number is:_ (If you do not have an attorney, write “none.”)
SECTION II. NEW INFORMATION
New information since the previous injunction was issued: (If known, write the other party’s new address, place of employment, physical description, vehicle, aliases or nicknames, or attorney’s name.)
SECTION III. CASE HISTORY AND REASON FOR SEEKING MODIFICATION OF INJUNCTION
1. Describe any attempts since the date of the current injunction by either Petitioner or Respondent to get an injunction for protection in this or any other court (other than the injunction you are asking to modify in this motion). _
3. Describe any other court cases (including case numbers, if known) since the date of the current injunction between Petitioner and Respondent, including any cases involving the parties’ minor children), divorce, juvenile dependency, guardianship, or other civil or criminal cases. ___
*379 4. Moving Party requests that the previously entered injunction for protection against domestic violence or repeat violence be modified for the following specific reasons: {State why you wish the injunction to be changed.} -
□ Check here if you are attaching additional pages to continue these facts.
SECTION IV. REQUESTED RELIEF
1. Moving Party understands that the court will hold a hearing on this motion and that he or she must appear at the hearing.
2. Moving Party asks the Court to enter an order in this ease, that modifies the previously entered injunction in the following ways: {State how you wish the injunction to be changed.} ___
I certify that a copy of this document was [/ one only] ( ) mailed ( ) faxed and mailed ( ) mailed by certified mail, return receipt requested, ( ) furnished to a law enforcement officer for personal service to the person(s) listed below on {date}-
Other party or his/her attorney:
Name: _
Address: _
City, State, Zip: -
Fax Number: _
I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this motion and that the punishment for knowingly making a false statement includes fines and/or imprisonment.
[[Image here]]
*380 [Print, type, or stamp commissioned name of notary or clerk.] _ Personally known _ Produced identification Type of identification produced_
FORM 12.980(0. TEMPORARY INJUNCTION FOR PROTECTION AGAINST REPEAT VIOLENCE
IN THE CIRCUIT COURT OF THE_JUDICIAL CIRCUIT, IN AND FOR_COUNTY, FLORIDA
[[Image here]]
TEMPORARY INJUNCTION FOR PROTECTION AGAINST REPEAT VIOLENCE
The Petition for Injunction for Protection Against Repeat Violence under section 784.046, Florida Statutes, and other papers filed in this Court have been reviewed. The Court has jurisdiction of the parties and the subject matter under the laws of Florida. The term “Petitioner” as used in this injunction includes the person on whose behalf this injunction is entered.
It is intended that this protection order meet the requirements of 18 U.S.C. § 2265 and therefore intended that it be accorded full faith and credit by the court of another state or Indian tribe and enforced as if it were the order of the enforcing state or of the Indian tribe.
SECTION I. NOTICE OF HEARING
Because this Temporary Injunction for Protection Against Repeat Violence has been issued without notice to Respondent, Petitioner and Respondent are instructed that they are scheduled to appear and testify at a hearing regarding this matter on {date}_, at _ a.m./p.m., when the Court will consider whether the Court should issue a Final Judgment of Injunction for Protection Against Repeat Violence, which shall remain in effect until modified or dissolved by the Court, and whether other things should be ordered, including, for example, such matters as who should pay the filing fees and costs. The hearing will be before The Honorable {name} _, at {room name/number, location, address, city} _ Florida. If Petitioner and/or Respondent do not appear, this temporary injunction may be continued in force, extended, or dismissed, and/or additional orders may be granted, including the imposition of court costs. All witnesses and evidence, if any, must be presented at this time.
NOTICE: Because this is a civil case, there is no requirement that these proceedings be transcribed at public expense.
YOU ARE ADVISED THAT IN THIS COURT:
*381 _a. a court reporter is provided by the court.
_b. electronic audio tape recording only is provided by the court. A party may arrange in advance for the services of and provide for a court reporter to prepare a written transcript of the proceedings at that party’s expense.
_c. no electronic audio tape recording or court reporting services are provided by the court. A party may arrange in advance for the services of and provide for a court reporter to prepare a written transcript of the proceedings at that party’s expense.
A RECORD, WHICH INCLUDES A TRANSCRIPT, MAY BE REQUIRED TO SUPPORT AN APPEAL. THE PARTY SEEKING THE APPEAL IS RESPONSIBLE FOR HAVING THE TRANSCRIPT PREPARED BY A COURT REPORTER. THE TRANSCRIPT MUST BE FILED WITH THE REVIEWING COURT OR THE APPEAL MAY BE DENIED.
If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance.
Please contact {name} -, {address} _, {telephone} _, within 2 working days of your receipt of this temporary injunction. If you are hearing or voice impaired, call TDD 1-800-955-8771.
SECTION II. FINDINGS
The statements made under oath by Petitioner make it appear that section 784.046, Florida Statutes, applies to the parties, that Petitioner is a victim of repeat violence and that an immediate and present danger of repeat violence exists to Petitioner or to a member of Petitioner’s immediate family.
SECTION III. TEMPORARY INJUNCTION AND TERMS
This injunction shall be effective until the hearing set above and in no event for longer than 15 days, unless extended by court order. This injunction is valid and enforceable in all counties of the State of Florida. The terms of this injunction may not be changed by either party alone or by both parties together. Only the Court may modify the terms of this injunction. Either party may ask the Court to change or end this injunction.
Willful violation of the terms of this injunction, such as refusing to vacate the dwelling which the parties share, going to Petitioner’s residence, place of employment, school, or other place prohibited in this injunction, telephoning, contacting or communicating with Petitioner, if prohibited by this injunction, or committing an act of repeat violence against Petitioner constitutes a misdemeanor of the first degree punishable by up to one year in jail, as provided by sections 775.082 and 775.083, Florida Statutes.
Any party violating this injunction may be subject to civil or indirect criminal contempt proceedings, including the imposition of a fine or imprisonment, and also may be charged with a crime punishable by a fine, jail, or both, as provided by Florida Statutes.
ORDERED and ADJUDGED:
1. Violence Prohibited. Respondent shall not commit, or cause any other person to commit, any acts of violence against Petitioner, including assault, battery, sexual battery, or stalking. Respondent shall not commit any other violation of the injunction through an intentional unlawful threat, word, or act to do violence to the Petitioner.
2. No Contact. Respondent shall have no contact with the Petitioner unless otherwise provided in this section.
a. Unless otherwise provided herein, Respondent shall have no contact with Petitioner. Respondent shall not directly or indirectly contact Petitioner in person, by mail, e-mail, *382 fax, telephone, through another person, or in any other manner. Further, Respondent shall not contact or have any third party contact anyone connected with Petitioner’s employment or school to inquire about Petitioner or to send any messages to Petitioner. Contact at legal proceedings or through legal counsel constitutes an exception. Unless otherwise provided herein, Respondent shall not go to, in, or within 500 feet of: Petitioner’s current residence {list address} _ or any residence to which Petitioner may move; Petitioner’s current or any subsequent place of employment {list address of current employment} _ or place where Petitioner attends school {list address of school} - ; or the following other places (if requested by Petitioner) where Petitioner or Petitioner’s minor child(ren) go often: _
[Initial if applies; Write N/A if not applicable]
— b. Respondent may not knowingly come within 100 feet of Petitioner’s automobile at any time.
_ c. Other provisions regarding contact: _
3.Firearms.
[Initial all that apply; write N/A if does not apply]
— a. Respondent shall not use or possess a firearm or ammunition.
— b. Respondent shall surrender any firearms and ammunition in Respondent’s possession to the_County Sheriffs Department.
— c. Other directives relating to firearms and ammunition: _
4. Mailing Address. Respondent shall notify the Clerk of the Court of any change in his or her mailing address within ten (10) days of the change. All further papers (excluding pleadings requiring personal service) shall be served by mail to Respondent’s last known address. Such service by mail shall be complete upon mailing. Rule 12.080, Fla.Fam.L.R.P., section 784.046, Florida Statutes.
5. Additional order(s) necessary to protect Petitioner from repeat violence:_
SECTION IV. OTHER SPECIAL PROVISIONS

(This section to be used for inclusion of local provisions approved by the chief judge as provided in Florida Family Law Rule 12.610.)

SECTION V. DIRECTIONS TO LAW ENFORCEMENT OFFICER IN ENFORCING THIS INJUNCTION

(Provisions in this injunction that do not include a line for the judge to either initial or write N/A are considered mandatory provisions and should be interpreted to be part of this injunction.)

*383 1. The Sheriff of_County, or any other authorized law enforcement officer, is ordered to serve this temporary injunction upon Respondent as soon as possible after its issuance.
2. This injunction is valid and enforceable in all counties of the State of Florida. Violation of this injunction should be reported to the appropriate law enforcement agency. Law enforcement officers of the jurisdiction in which a violation of this injunction occurs shall enforce the provisions of this injunction and are authorized to arrest without a warrant pursuant to section 901.15, Florida Statutes, for any violation of its provisions, which constitutes a criminal act under section 784.047, Florida Statutes.
3. Should any Florida law enforcement officer having jurisdiction have probable cause to believe that Respondent has knowingly violated this injunction, the officer may arrest Respondent, confine him/her in the county jail without bail, and shall bring him/her before the Initial Appearance Judge on the next regular court day so that Respondent can be dealt with according to law. The arresting agent shall notify the State Attorney’s Office immediately after arrest. THIS INJUNCTION IS ENFORCEABLE IN ALL COUNTIES OF FLORIDA AND LAW ENFORCEMENT OFFICERS MAY EFFECT ARRESTS PURSUANT TO SECTION 901.15(6), FLORIDA STATUTES.
4. Reporting alleged violations. If Respondent violates the terms of this injunction and there has not been an arrest, Petitioner may contact the Clerk of the Circuit Court of the county in which the violation occurred and complete an affidavit in support of the violation or Petitioner may contact the State Attorney’s office for assistance in filing an action for indirect civil contempt or indirect criminal contempt. Upon receiving such a report, the State Attorney is hereby appointed to prosecute such violations by indirect criminal contempt proceedings, or the State Attorney may decide to file a criminal charge, if warranted by the evidence.
[[Image here]]
FORM 12.980(m). FINAL JUDGMENT OF INJUNCTION FOR PROTECTION AGAINST REPEAT VIOLENCE (AFTER NOTICE)
IN THE CIRCUIT COURT OF THE_JUDICIAL CIRCUIT, IN AND FOR_COUNTY, FLORIDA
Case No.:.
Division:—
*384 [[Image here]]
FINAL JUDGMENT OF INJUNCTION FOR PROTECTION AGAINST REPEAT VIOLENCE (AFTER NOTICE)
The Petition for Injunction for Protection Against Repeat Violence under section 784.046, Florida Statutes, and other papers filed in this Court have been reviewed. The Court has jurisdiction of the parties and the subject matter. The term “Petitioner” as used in this injunction includes the person on whose behalf this injunction is entered.
It is intended that this protection order meet the requirements of 18 U.S.C. § 2265 and therefore intended that it be accorded full faith and credit by the court of another state or Indian tribe and enforced as if it were the order of the enforcing state or of the Indian tribe.
SECTION I. HEARING
This cause came before the Court for a hearing to determine whether an Injunction for Protection Against Repeat Violence in this case should be ( ) issued ( ) modified ( ) extended.
The hearing was attended by ( ) Petitioner ( ) Respondent
( ) Petitioner’s Counsel ( ) Respondent’s Counsel
SECTION II. FINDINGS
On {date}-, a notice of this hearing was served on Respondent together with a copy of Petitioner’s petition to this Court and the temporary injunction, if issued. Service was within the time required by Florida law, and Respondent was afforded an opportunity to be heard.
After hearing the testimony of each party present and of any witnesses, or upon consent of Respondent, the Court finds, based on the specific facts of this case, that Petitioner is a victim of repeat violence.
SECTION III. INJUNCTION AND TERMS
This injunction shall be in full force and effect until ( ) further order of the Court ( ) {date}-This injunction is valid and enforceable throughout all counties in the State of Florida. The terms of this injunction may not be changed by either party alone or by both parties together. Only the Court may modify the terms of this injunction. Either party may ask the Court to change or end this injunction.
Willful violation of the terms of this injunction, such as refusing to vacate the dwelling which the parties share, going to Petitioner’s residence, place of employment, school, or other place prohibited in this injunction, telephoning, contacting or communicating with Petitioner, if prohibited by this injunction, or committing an act of repeat violence against Petitioner constitutes a misdemeanor of the first degree punishable by up to one year in jail, as provided by sections 775.082 and 775.083, Florida Statutes.
Any party violating this injunction shall be subject to civil or indirect criminal contempt proceedings, including the imposition of a fine or imprisonment, and also may be charged with a crime punishable by a fine, jail, or both, as provided by Florida Statutes.
*385 ORDERED and ADJUDGED:
1. Violence Prohibited. Respondent shall not commit, or cause any other person to commit, any acts of violence against Petitioner, including assault, battery, sexual battery, or stalking. Respondent shall not commit any other violation of the injunction through an intentional unlawful threat, word or act to do violence to the Petitioner.
2. No Contact. Respondent shall have no contact with Petitioner unless otherwise provided in this section.
a. Unless otherwise provided herein, Respondent shall have no contact with Petitioner. Respondent shall not directly or indirectly contact Petitioner in person, by mail, e-mail, fax, telephone, through another person, or in any other manner. Further, Respondent shall not contact or have any third party contact anyone connected with Petitioner’s employment or school to inquire about Petitioner or to send any messages to Petitioner. Unless otherwise provided herein, Respondent shall not go to, in, or within 500 feet of: Petitioner’s current residence {list address}_or any residence to which Petitioner may move; Petitioner’s current or any subsequent place of employment {list address of current employment} _ or place where Petitioner attends school {list address of school}_; or the following other places (if requested by Petitioner) where Petitioner or Petitioner’s minor children) go often:
[Initial if applies; Write N/A if not applicable]
_ b. Respondent may not knowingly come within 100 feet of Petitioner’s automobile at any time.
_ c. Other provisions regarding contact: _
3.Firearms.
[Initial all that apply; write N/A if does not apply]
_ a. Respondent shall not use or possess a firearm or ammunition.
_ b. Respondent shall surrender any firearms and ammunition in the Respondent’s possession to the_County Sheriffs Department.
_ c. Other directives relating to firearms and ammunition: _
4. Court Costs. Pursuant to section 784,046(3)(b), Florida Statutes, filing fees to the Clerk of the Circuit Court and service fees to the sheriff are waived, subject to subsequent order of the court; OR costs in the amount of $_for the filing fee, plus $_for the sheriffs fee, for a total of $- are taxed against ( ) Petitioner ( ) Respondent ( ) Other {explain} -, for which sum let execution issue. This amount shall be paid to the office of the {name of county}_Clerk of the Circuit Court, within 30 days of the date of this injunction. If Respondent is directed to pay filing fees or service fees and Petitioner has previously paid said fees, the clerk shall refund same to Petitioner, upon payment by Respondent.
5. Mailing Address. Respondent shall notify the Clerk of the Court of any change in his or her mailing address within ten (10) days of the change. All further papers (excluding pleadings requiring personal service) shall be served by mail to Respondent’s last known address. Such service by mail shall be complete upon mailing. Rule 12.080, Fla.Fam.L.R.P., section 784.046, Florida Statutes.
*386 6. Additional order(s) necessary to protect Petitioner from repeat violence:
SECTION IV. OTHER SPECIAL PROVISIONS

(This section to be used for inclusion of local provisions approved by the chief judge as provided in Florida Family Law Rule 12.610.)

SECTION V. DIRECTIONS TO LAW ENFORCEMENT OFFICER IN ENFORCING THIS INJUNCTION

(Provisions in this injunction that do not include a line for the judge to either initial or write N/A are considered mandatory provisions and should be interpreted to be part of this injunction.)

1. This injunction is valid and enforceable in all counties of the State of Florida. Violation of this injunction should be reported to the appropriate law enforcement agency. Law enforcement officers of the jurisdiction in which a violation of this injunction occurs shall enforce the provisions of this injunction and are authorized to arrest without a warrant pursuant to section 901.15, Florida Statutes, for any violation of its provision, which constitutes a criminal act under section 784.047, Florida Statutes.
2. Should any Florida law enforcement officer having jurisdiction have probable cause to believe that Respondent has knowingly violated this injunction, the officer may arrest Respondent, confine him/her in the county jail without bail, and shall bring him/her before the Initial Appearance Judge on the next regular court day so that Respondent can be dealt with according to law. The arresting agent shall notify the State Attorney’s Office immediately after arrest. THIS INJUNCTION IS ENFORCEABLE IN ALL COUNTIES OF FLORIDA AND LAW ENFORCEMENT OFFICERS MAY EFFECT ARRESTS PURSUANT TO SECTION 901.15(6), FLORIDA STATUTES.
3. Reporting alleged violations. If Respondent violates the terms of this injunction and there has not been an arrest, Petitioner may contact the Clerk of the Circuit Court of the county in which the violation occurred and complete an affidavit in support of the violation or Petitioner may contact the State Attorney’s office for assistance in filing an action for indirect civil contempt or indirect criminal contempt. Upon receiving such a report, the State Attorney is hereby appointed to prosecute such violations by indirect criminal contempt proceedings, or the State Attorney may decide to file a criminal charge, if warranted by the evidence.
4. Respondent, upon service of this injunction, shall be deemed to have knowledge of and to be bound by all matters occurring at the hearing and on the face of this injunction.
5. The temporary injunction, if any, entered in this case is extended until such time as service of this injunction is effected upon Respondent.
ORDERED on_
CIRCUIT JUDGE
COPIES TO:
Sheriff of_County
*387 Petitioner (or his or her attorney): — by U.S. Mail
_ by hand delivery in open court (Petitioner must acknowledge receipt in writing on the face of the original order — see below.)
Respondent (or his or her attorney): _ forwarded to sheriff for service
_ by hand delivery in open court (Respondent must acknowledge receipt in writing on the face of the original order — see below.)
_ by certified mail (may only be used when Respondent is present at the hearing and Respondent fails or refuses to acknowledge the receipt of a certified copy of this injunction.)
_State Attorney’s Office
_ Other:_
I CERTIFY the foregoing is a true copy of the original as it appears on file in the office of the Clerk of the Circuit Court of_County, Florida, and that I have furnished copies of this order as indicated above.
[[Image here]]
FORM 12.980(h) ORDER EXTENDING INJUNCTION FOR PROTECTION AGAINST DOMESTIC VIOLENCE OR REPEAT VIOLENCE
IN THE CIRCUIT COURT OF THE_JUDICIAL CIRCUIT, IN AND FOR_COUNTY, FLORIDA
[[Image here]]
*388 ORDER EXTENDING INJUNCTION FOR PROTECTION AGAINST ( ) DOMESTIC VIOLENCE ( ) REPEAT VIOLENCE
THIS CAUSE came before the Court on {date} _, upon Petitioner’s action for an extension of injunction for protection and it appearing to the Court as follows:
_ Ex parte. The claims in the petition for extension of injunction for protection make it appear to the Court that there is an immediate and present danger of domestic and repeat violence, as required under section 741.30 or section 784.046, Florida Statutes. The previously entered injunction is extended until {date}_A full hearing on the petition is scheduled for {date} _ at_ a.m./p.m. in_
NOTICE: Because this is a civil case, there is no requirement that these proceedings be transcribed at public expense.
YOU ARE ADVISED THAT IN THIS COURT:
_a. a court reporter is provided by the court.
_b. electronic audio tape recording only is provided by the court. A party may arrange in advance for the services of and provide for a court reporter to prepare a written transcript of the proceedings at that party’s expense.
_ c. no electronic audio tape recording or court reporting services are provided by the court. A party may arrange in advance for the services of and provide for a court reporter to prepare a written transcript of the proceedings at that party’s expense.
A RECORD, WHICH INCLUDES A TRANSCRIPT, MAY BE REQUIRED TO SUPPORT AN APPEAL. THE PARTY SEEKING THE APPEAL IS RESPONSIBLE FOR HAVING THE TRANSCRIPT PREPARED BY A COURT REPORTER. THE TRANSCRIPT MUST BE FILED WITH THE REVIEWING COURT OR THE APPEAL MAY BE DENIED.
To be completed if this order was entered after an ex parte hearing:
If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact {name} _, {address} _ , {telephone} _, within 2 working days of your receipt of this order. If you are hearing or voice impaired, call TDD 1-800-955-8771.
_. After notice and hearing. Respondent was served with a copy of the temporary extension, if applicable, and a notice of this hearing within the time required by Florida law and was afforded an opportunity to be heard. The notice and opportunity to be heard were sufficient to protect Respondent’s right to due process. The following persons attended the hearing: ( ) Petitioner ( ) Respondent.
After hearing the testimony of each party present and of any witnesses, or upon consent of Respondent, the Court finds that Petitioner is a victim of domestic or repeat violence or reasonably fears that he/she will become a victim of violence from Respondent. The previously entered injunction is extended until {date}_, or until further order of the Court.
[[Image here]]
*389 _ by hand delivery in open court (Petitioner must acknowledge receipt in writing on the face of the original order — see below.)
Respondent (or his or her attorney): _ forwarded to sheriff for service
_ by hand delivery in open court (Respondent must acknowledge receipt in writing on the face of the original order — see below.)
_ by certified mail (may only be used when Respondent is present at the hearing and Respondent fails or refuses to acknowledge the receipt of a certified copy of this injunction.)
_ State Attorney’s Office
_ Other:_
I CERTIFY the foregoing is a true copy of the original as it appears on file in the office of the Clerk of the Circuit Court of_County, Florida, and that I have furnished copies of this order as indicated above.
CLERK OF THE CIRCUIT COURT
(SEAL)
By: - Deputy Clerk
ACKNOWLEDGMENT
I, {Name of Petitioner}_, acknowledge receipt of a certified copy of this Injunction for Protection.
Petitioner
ACKNOWLEDGMENT
I, {Name of Respondent}_ this Injunction for Protection. ., acknowledge receipt of a certified copy of
Respondent
INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.981(a)(1), JOINT PETITION FOR ADOPTION BY STEPPARENT
When should this form be used?
This form should be used when a stepparent is adopting his or her spouse’s biological child. Both the stepparent and his or her spouse must sign this petition. In addition, you must obtain the written consent of the other birth parent or notify him or her of this proceeding. You must also obtain the written consent of the child, if he or she is 12 years of age or older.
This form should be typed or printed in black ink. The name to be given to the children) after the adoption should be used in the heading of the petition. The stepparent is the petitioner, because he or she is the one who is asking the court for legal action. After completing this form, you and your spouse must sign it before a notary public or deputy clerk. You should then file the original and 1 copy with the clerk of the circuit court in the county *390 where either you or the child live and keep a copy for your records.
What should I do next?
For your case to proceed, you must have the written consent of the other birth parent or properly notify him or her of the petition and hearing. If you know where he or she lives, you should use personal service. If you absolutely do not know where he or she lives, you may use constructive service. For more information about personal and constructive service, you should refer the “General Instructions for Self-Represented Litigants” found at the beginning of these forms and the instructions to Florida Family Law Rules of Procedure Forms 12.910(a) and 12.913(b) and N Florida Supreme Court Approved Family Law Form 12.913(a). However, the law regarding constructive service is very complex and you may wish to consult an attorney regarding that issue.
The court may choose not to require consent to an adoption in some circumstances. For more information about situations where consent may not be required, see section 63.072, Florida Statutes.
When you have filed all of the required forms and met the requirements for- consent as outlined above, you are ready to set a hearing on your petition. You should check with the clerk of court, family law intake staff or the judicial assistant to set a final hearing. Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923, along with a copy of the petition, must be mailed or hand delivered to all of the following:
• anyone from whom consent is required if they did not give consent, or if they gave consent but later withdrew it.
• any grandparent who already has court-ordered visitation rights.
• a birth father whose consent is not required, by order of the court.
Where can I look for more information?
Before proceeding, you should read “General Information for Self-Represented Litigants” found at the beginning of these forms. See chapter 63, Florida Statutes, and Florida Family Law Rule 12.200(a)(2) for further information.
Special notes ...
With this petition you must file the following:
• Uniform Child Custody Jurisdiction Act (UCCJA) Affidavit, Florida Supreme Court Approved Family Law Form 12.902(d).
• Stepparent Adoption: Consent of Adoptee, Florida Supreme Court Approved Family Law Form 12.981(b), if the child to be adopted is 12 years of age or older.
• Stepparent Adoption: Consent and Waiver by Parent, Florida Supreme Court Approved Family Law Form 12.981(c)(1), if obtainable.
• Certified copy of noncustodial birth parent’s death certificate, if that parent is deceased
• Certified copy of child’s birth certificate.
These family law forms contain a Final Judgment of Stepparent Adoption, Florida Supreme Court Approved Family Law Form 12.981(g), which the judge may use. You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring a final judgment form with you to the hearing. If so, you should type or print the heading, including the circuit, county case number, division, and the child(ren)’s names, and leave the rest blank for the judge to complete at your hearing.
*391 You should decide how many certified copies of the final judgment you will need and be prepared to obtain them after the hearing. There is a charge for certified copies, and the clerk can tell you how much. The file will be sealed after the final hearing, and then it will take an order from a judge to open the file and obtain a copy of the final judgment.
AS AN ADOPTIVE STEPPARENT, YOU MAY BE LIABLE FOR CHILD SUPPORT IN THE EVENT OF A LATER DIVORCE AND COULD BE LIABLE IN LITIGATION FOR THE ACTIONS OF THE ADOPTEE(S). THIS ADOPTION MAY ALSO AFFECT THE ADOPTEE’S INHERITANCE.
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900 (a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
FORM 12.981(a)(1). JOINT PETITION FOR ADOPTION BY STEPPARENT
IN THE CIRCUIT COURT OF THE_JUDICIAL CIRCUIT, IN AND FOR_COUNTY, FLORIDA
Case No.: _
Division: _
IN RE: THE ADOPTION OF

{use name to be given to children)}

Adoptee(s).
JOINT PETITION FOR ADOPTION BY STEPPARENT
Petitioner, {full legal name}_, being sworn, joined by the birth ( ) mother ( ) father, {full legal name}-, being sworn, files this joint petition for adoption of the above-named minor children), under chapter 63, Florida Statutes.
1. This is an action for adoption of a minor child(ren) by his/her (their) stepparent.
2. I desire to adopt the following child(ren):
Child’s Current Name Birth date Birthplace
a. _
b. _
c. -—
d. _
e. -
f. _
A certified copy of the birth certificate(s) of the children) to be adopted is (are) attached.
3. The children) has (have) resided in my care and custody since {date}_ I wish to adopt the children) because I would like to establish legally the parent-child relationship already existing between the children) and me. Since the above date, I
*392 have been able to provide adequately for the material needs of the child(ren) and am able to continue doing so in the future, as well as to provide for the child(ren)’s mental and emotional well-being. My facilities and resources are as described here: a.Facilities: {describe residence} _
b.Resources: {describe employment, income and other financial resources}
4. I am_years old, and have resided at {street address}_, {city}_, {county}_Florida for_years.
5. I married the birth ( ) father or ( ) mother of the child(ren) on {date}_, in {city}-{county}-, Florida. The following are the dates and places of my divorces, if any:
Date of Divorce Place of Divorce
a. _
b. _
6. The adoptee’s name(s) shall be:
a. _
b. _
c. _
d. _
e. _
f. _
7. A completed Uniform Child Custody Jurisdiction Affidavit (UCCJA), Florida Supreme Court Approved Family Law Form 12.902(d), is filed with this petition.
[[Image here]]
*393 _ a. The following are the names and addresses of persons whose consent to the adoption is required, but who have not consented:
Name Address
1. _
2. _
_ b. The consent of the birth father is not required because:
[/ one only]
_ 1. The minor child(ren) is (are) not the birth father’s because the children) was (were) previously adopted by someone else.
_ 2. The mother and father were never married, and the minor child(ren) has (have) not been established by court proceeding or valid acknowledgment of paternity to be his ehild(ren).
_ 3. To my knowledge, the birth father has not signed a voluntary statement of paternity in the presence of competent witnesses and has not filed such a statement with the Bureau of Vital Statistics.
_ 4. The birth father has not provided the child(ren) with support in a repetitive and customary manner.
_ 5. The birth father did not provide the mother, during her pregnancy, with emotional and financial support.
_ c. The consent of the birth parent should be excused for the following reason:
[/ one only]
_ 1. The birth parent has deserted the children) without providing a means of his/her identification or has abandoned the child(ren).
_ 2. The birth parent’s parental rights have been terminated by a court order. A copy of the order is attached.
_ 3. The birth parent has been declared incapacitated by a court order, and restoration of capacity is medically improbable. A copy of the order is attached.
_ 4. The legal guardian or lawful custodian of the ehild(ren), other than a parent, has failed to respond in writing to a request for consent for a period of 60 days, or his/her reasons for withholding consent are unreasonable.
_ 6. The former spouse’s or birth parent’s consent should be excused because of prolonged, unexplained absence, unavailability, incapacity, or another circumstance constituting unreasonable withholding of consent. {Explain}: -
_ d. The minor children) is (are) 12 years of age or over, and his or her (their) consent is (are) attached.
_ e. The noncustodial birth parent died on {date}-, in-County, {siaie}_A certified copy of the death certificate is attached.
WHEREFORE, I request that this Court enter a Final Judgment of Adoption of the minor child(ren) by Petitioner Stepparent and change the name of the adoptee(s).
I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this petition and that the punishment for knowingly making a false statement includes fines and/or imprisonment.
Dated:_ _
Signature of Stepparent
Printed Name: _
Address:-
City, State, Zip:_
Telephone Number:_
Fax Number:_
*394 [[Image here]]
IF A NONLAWYER HELPED YOU PILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW: [ fill in all blanks]
I, {full legal name and trade name of nonlawyer}_, a nonlawyer, located at {street}_, {city} _, {state} _, {phone}_, helped {name} _, who is the petitioner, fill out this form.
*395 INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.981(a)(2), PETITION FOR ADOPTION OF ADULT BY STEPPARENT
When should this form be used?
This form should be used when a stepparent is adopting his or her spouse’s adult child. You must obtain the written consent of the adult child to be adopted, as well as the written consent of his or her birth parents and spouse (if married).
This form should be typed or printed in black ink. The name to be given to the adoptee after the adoption should be used in the heading of the petition. The stepparent is the petitioner, because he or she is the one who is asking the court for legal action. You must have your signature witnessed by a notary public or deputy clerk.
After completing this form, you should file the original with the clerk of the circuit court in the county where either you or the adoptee live and keep a copy for your records.
What should I do next?
For your case to proceed, you must have the written consent of the adoptee, his or her spouse if married, and the birth parents or properly notify each of them of the petition and hearing. If you know where they live, you must use personal service. If you absolutely do not know where they live, you may use constructive service. For more information about personal and constructive service, you should refer the “General Instructions for Self-Represented Litigants” found at the beginning of these forms and the instructions to
Florida Family Law Rules of Procedure Forms 12.910(a) and 12.913(b) and
Florida Supreme Court Approved Family Law Form 12.913(a). However, the law regarding constructive service is very complex and you may wish to consult an attorney regarding that issue.
The court may choose not to require consent to an adoption in some circumstances. For more information about situations where consent may not be required, see section 63.072, Florida Statutes.
When you have filed all of the required forms and met the requirements for consent as outlined above, you are ready to set a hearing on your petition. You should check with the clerk of court, family law intake staff, or judicial assistant to set a final hearing, and notify the other party(ies) using a Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.
Where can I look for more information?
Before proceeding, you should read “General Information for Self-Represented Litigants” found at the beginning of these forms. See chapter 63, Florida Statutes, and Florida Family Law Rule 12.200(a)(2) for further information.
Special notes ...
With this petition you must file the following:
• Stepparent Adoption: Consent of Adoptee, Florida Supreme Court Approved Family Law Form 12.981(b)
• Stepparent Adoption: Consent of Adult Adoptee’s Spouse, Florida Supreme Court Approved Family Law Form 12.981(c)(2)
• Stepparent Adoption: Consent of Adult Adoptee’s Birth Parents,
Florida Supreme Court Approved *396 Family Law Form 12.981(c)(3), if obtainable
• Certified copy of Adoptee’s Birth Parents’ death certificates, if deceased.
THIS ADOPTION MAY AFFECT THE ADOPTEE’S INHERITANCE.
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900 (a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
FORM 12.981(a)(2). PETITION FOR ADOPTION OF ADULT BY STEPPARENT
IN THE CIRCUIT COURT OF THE_JUDICIAL CIRCUIT, IN AND FOR_COUNTY, FLORIDA
[[Image here]]
*397 Address
7. Notice. Notice to the birth parents was made by:-
8. Consent.
[/ all that apply]
_ a. The consent of the adoptee is attached.
_ b. The adoptee is married to {full legal name of adoptee's spouse} -, and the consent of the spouse is attached.
_ c. The adoptee is not married.
_ d. The consent of ( )_, the birth mother, and ( ) _, the birth father, of the adult is (are) attached to this petition.
_ e. The birth ( ) mother ( ) father is (are) absent, or does (do) not consent to the adoption, and proof of service of process of this petition on the birth ( ) mother ( ) father is attached.
_ f. The birth ( ) mother ( ) father is (are) deceased. A certified copy of the death certificate(s) is (are) attached.
WHEREFORE, I request that this Court enter a Final Judgment of Adoption of the adult by Petitioner Stepparent and change the name of the adoptee.
I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this petition and that the punishment for knowingly making a false statement includes fines and/or imprisonment.
Dated: - -—
Signature of Party
Printed Name:_
Address:-
City, State, Zip:_
Telephone Number:_
Fax Number: -
STATE OF FLORIDA COUNTY OF _
Sworn to or affirmed and signed before me on-by
NOTARY PUBLIC or DEPUTY CLERK
[Print, type, or stamp commissioned name of notary or clerk.]
_ Personally known
_ Produced identification
Type of identification produced-
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW: [ fill in all blanks]
I, {full legal name and trade name of nonlawyer} -, a nonlawyer, located at {street} -, {city} -, {state}_, {phone} _, helped {name}-, who is the petitioner, fill out this form.
*398 INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.981(b), STEPPARENT ADOPTION: CONSENT OF ADOPTEE
When should this form be used?
This form must be completed and signed by the person being adopted, the adoptee, if he or she is over 12 years of age. It must be signed in the presence of a notary public or deputy clerk and two witnesses other than the notary public or deputy clerk.
This form should be typed or printed in black ink. After completing this form, you should file the original with the clerk of the circuit court in the county where the adoption petition is filed and keep a copy for your records.
What should I do next?
A copy of this form must be mailed or hand delivered to the people identified in the instructions for Joint Petition for Stepparent Adoption, Florida Family Law Form 12.981(a).
Special notes ...
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900 (a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
FORM 12.981(b). STEPPARENT ADOPTION: CONSENT OF ADOPTEE
IN THE CIRCUIT COURT OF THE_JUDICIAL CIRCUIT, IN AND FOR_COUNTY, FLORIDA
Case No.: _
Division: _
IN RE: THE ADOPTION OF

{use name to be given to child(ren)}

Adoptee(s).
STEPPARENT ADOPTION: CONSENT OF ADOPTEE
1. I, {full legal name}_, being over the age of 12, consent to my adoption by {name}_, to be his/her legal child and heir at law.
2. I consent to my name being legally changed to {specify}_
I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this consent and that the punishment for knowingly making a false statement includes fines and/or imprisonment.
Dated: _ _
Signature of Adoptee
Printed Name:_
Address:_
*399 [[Image here]]
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW: [ fill in all blanks]
I, {full legal name and trade name of nonlawyer} -, a nonlawyer, located at {street} _, {city} -, {state} _, {phone} _, who is the adoptee, fill out this form. helped {name} _,
INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.981(c)(1), STEPPARENT ADOPTION: CONSENT AND WAIVER BY PARENT
When should this form be used?
This form is to be completed and signed by the birth parent who is giving up all rights to and custody of the child to be adopted. It must be signed in the presence of a notary public or deputy clerk and two witnesses other than the notary or clerk. You should file this form with the petition for adoption.
This form should be typed or printed in black ink. After completing this form, you should file the original with the clerk of the circuit court in the county where the petition was filed and keep a copy for your records.
What should I do next?
A copy of this form must be mailed or hand delivered to the people identified in the instructions for Joint Petition for Stepparent Adoption, Florida Family Law Form 12.981(a).
*400 Special notes ...
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900 (a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
FORM 12.981(c)(1). STEPPARENT ADOPTION: CONSENT AND WAIVER BY PARENT
IN THE CIRCUIT COURT OF THE_JUDICIAL CIRCUIT, IN AND FOR_COUNTY, FLORIDA
Case No.:_
Division: _
IN RE: THE ADOPTION OF

{use name to be given to children)}

Adoptee(s).
STEPPARENT ADOPTION: CONSENT AND WAIVER BY PARENT
1. I, {full legal name} -, am the [/ one only] ( ) father or ( ) mother of the above-named child(ren), who was (were) born on {date}_, at {city, county, and state}_I relinquish all rights to and custody of this (these) minor child(ren), {name(s)}_, and consent to the adoption by Petitioner, {name}-with full knowledge of the legal effect of the stepparent adoption.
2. I understand my legal rights as a parent, and I understand that I do not have to sign this consent and release of my parental rights. I acknowledge that this consent is being-given knowingly, freely, and voluntarily. I further acknowledge that my consent is not given under fraud or duress. I understand that there is no “grace period” in Florida during which I may revoke my consent. I understand that, in signing this consent, I am permanently and forever giving up all my parental rights to and interest in this (these) children). I voluntarily, permanently relinquish all my parental rights to this (these) children).
3. I understand pursuant to section 63.182, Florida Statutes, that: “After one year of the entry of judgment of adoption, any irregularity or procedural defect in the proceedings is cured, and the validity of the judgment of adoption shall not be subject to direct collateral attack because of any irregularity or procedural defect. Any defect or irregularity of, or objection to, a consent that could have been cured had it been made during the proceedings shall not be questioned after the time for taking an appeal has expired.”
4. I consent, release, and give up permanently, of my own free will, my parental rights to this (these) child(ren), for the purpose of adoption.
5. I waive any further notice of this adoption proceeding.
*401 I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this consent and waiver and that the punishment for knowingly making a false statement includes fines and/or imprisonment.
Dated: -- - Signature of Witness Printed Name:Business Address: _ Home Address: _ Social Security No.:Signature of Witness Printed Name:_ Business Address:_ Home Address:_ Social Security No.: _ Signature of Parent Printed Name: _ Address: _ City, State, Zip:Telephone Number: _ Fax Number:_ STATE OF FLORIDA COUNTY OF_ Sworn to or affirmed and signed before me on-by NOTARY PUBLIC or DEPUTY CLERK [Print, type, or stamp commissioned name of notary or deputy clerk.] _ Personally known _ Produced identification Type of identification produced_
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW: [ fill in all blanks]
I, {full legal name and trade name of nonlawyer} -, a nonlawyer, located at {street} -*-, {city} -, {state} _, {phone} -, fill out this form. helped {name} -,
INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.981(c)(2), STEPPARENT ADOPTION: CONSENT OF ADULT ADOPTEE’S SPOUSE
When should this form be used?
This form must be completed by the spouse of an adult who is being adopted.
This form should be typed or printed in black ink. After completing this form, the spouse of the adoptee should sign the form before a notary public or deputy clerk. You should file the original with the clerk of the circuit court in the county where the petition for adoption of an adult was filed and keep a copy for your records.
Special notes ...
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900 (a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and tele *402 phone number on the bottom of the last page of every form he or she helps you complete.
FORM 12.981(c)(2). STEPPARENT ADOPTION: CONSENT OF ADULT ADOPTEE’S SPOUSE
IN THE CIRCUIT COURT OF THE_JUDICIAL CIRCUIT, IN AND FOR_COUNTY, FLORIDA
Case No.:
Division: _
IN RE: THE ADOPTION OF

{use name to be given to children)}

Adoptee(s).
STEPPARENT ADOPTION: CONSENT OF ADULT ADOPTEE’S SPOUSE
1. I, {full legal name}-, am the ( ) wife ( ) husband of {full legal name} _, who Petitioner, {full legal name} wishes to adopt.
2. I consent to the adoption of my spouse by Petitioner.
I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this consent and that the punishment for knowingly making a false statement includes fines and/or imprisonment.
Dated: _ _
Signature of Parent
Printed Name: _
Address: _
City, State, Zip:_
Telephone Number:_
Fax Number:_
STATE OF FLORIDA COUNTY OF_
Sworn to or affirmed and signed before me on_by_
NOTARY PUBLIC or DEPUTY CLERK
[Print, type, or stamp commissioned name of notary or deputy clerk.]
_ Personally known
_ Produced identification
Type of identification produced_
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW: [ fill in all blanks]
I, {full legal name and trade name of nonlawyer} _, a nonlawyer, located at {street} _, {city} _,
*403 {state} _, {phone} _, helped {name} who is the_, fill out this form.
INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.981(c)(3), STEPPARENT ADOPTION: CONSENT OF ADULT ADOPTEE’S BIRTH PARENT(S)
When should this form be used?
This form must be completed by the birth parents of an adult who is being adopted.
This form should be typed or printed in black ink. After completing this form, the birth parents of the adoptee should sign the form before a notary public or deputy clerk. You should file the original with the clerk of the circuit court in the county where the petition was filed and keep a copy for your records.
Special notes ...
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900 (a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
FORM 12.981(c)(3). STEPPARENT ADOPTION: CONSENT OF ADULT ADOPTEE’S BIRTH PARENT(S)
IN THE CIRCUIT COURT OF THE_JUDICIAL CIRCUIT, IN AND FOR_COUNTY, FLORIDA
Case No.:
Division: .
IN RE: THE ADOPTION OF

{use name to be given to children)}

Adoptee(s).
STEPPARENT ADOPTION: CONSENT OF ADULT ADOPTEE’S BIRTH PARENT(S)
1. I/We, {full legal name(s)} -and-, are the birth ( ) mother ( ) father of {full legal name} -, who is 18 or more years old, and who Petitioner, {full legal name} - wishes to adopt.
2. I/We consent to the adoption by Petitioner.
3. I/We waive any further notice of this adoption proceeding.
I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this consent and that the punishment for knowingly making a false statement includes fines and/or imprisonment.
Dated: _
*404 Signature of Birth Mother
Printed Name:_
Address:_
City, State, Zip: _
Telephone Number:_
Fax Number:_
STATE OF FLORIDA COUNTY OF_._
Sworn to or affirmed and signed before me on_by_
NOTARY PUBLIC or DEPUTY CLERK
[Print, type, or stamp commissioned name of notary or deputy clerk.]
_ Personally known
_ Produced identification
Type of identification produced_
I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this consent and that the punishment for knowingly making a false statement includes fines and/or imprisonment.
Dated: _
Signature of Birth Father
Printed Name: _
Address: _
City, State, Zip:_
Telephone Number:_
Fax Number:_
STATE OF FLORIDA COUNTY OF_
Sworn to or affirmed and signed before me on_by
NOTARY PUBLIC or DEPUTY CLERK
[Print, type, or stamp commissioned name of notary or deputy clerk.]
_ Personally known
_ Produced identification
Type of identification produced_
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW: [ fill in all blanks]
I, {full legal name and trade name of nonlawyer} _, a nonlawyer, located at {street} _, {city} _, {state} -, {phone} _, helped {name}_, who is the_, fill out this form.
*405 INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.981(d), STEPPARENT ADOPTION: AFFIDAVIT OF DILIGENT SEARCH
When should this form be used?
This form is to be used in a Joint Petition for Adoption by Stepparent, Florida Supreme Court Approved Family Law Form 12.981(a)(1), to obtain constructive service (also called service by publication) in a stepparent adoption case.
This form includes a checklist of places you can look for information on the location of the birth parent. While you do not have to look in all of these places, the court must believe that you have made a very serious effort to get information about the birth parent’s location and that you have followed up any information you received.
This form should be typed or printed in black ink. After completing this form, you should file the original with the clerk of the circuit court in the county where your petition was filed and keep a copy for your records.
Where can I look for more information?
Before proceeding, you should read “General Information for Self-Represented Litigants” found at the beginning of these forms. For further information, see rule 12.070, Florida Family Law Rules of Procedure and rule 1.070, Florida Rules of Civil Procedure.
Special notes ...
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900 (a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
FORM 12.981(d). STEPPARENT ADOPTION: AFFIDAVIT OF DILIGENT SEARCH
IN THE CIRCUIT COURT OF THE_JUDICIAL CIRCUIT IN AND FOR_COUNTY, FLORIDA
Case No.: _
Division: -
IN RE: THE ADOPTION OF

{use name to be given to children)}

Adoptee(s).
STEPPARENT ADOPTION: AFFIDAVIT OF DILIGENT SEARCH
I, {full legal name}_, being sworn, certify that the following information is true:
1. I am married to the child(ren)’s birth ( ) mother ( ) father, {name}-
2. The last known address of the child(ren)’s other birth parent {name} -, as of {date}_, was:
*406 [[Image here]]
3. The other birth parent is over the age of 18.
4. The other birth parent’s address or location is not known and cannot be determined, although I have made a reasonable effort to locate him/her through the following:
[/ all that apply]
_ United States Post Office inquiry through Freedom of Information Act for current address or any relocations.
— Last known employment of the other birth parent, including name and address of employer. You should also ask for any addresses to which W-2 Forms were mailed, and, if a pension or profit-sharing plan exists, then to what address any pension or plan payment is to be mailed.
_ Unions from which the other birth parent may have worked or that governed particular trade or craft.
_ Regulatory agencies, including professional or occupational licensing.
— Names and addresses of relatives and contacts with those relatives and inquiry as to the other birth parent’s last known address. You are to follow up any leads of any addresses where the other birth parent may have moved. Relatives include, but are not limited to: parents, brothers, sisters, aunts, uncles, cousins, nieces, nephews, grandparents, great-grandparents, former in-laws, stepparents, stepchildren.
— Information about the other birth parent’s possible death and, if dead, the date and location.
— Telephone listings in the last known locations of the other birth parent’s residence.
— Internet at http://www.switchboard.com or other Internet people finder, or the public library checked for me.
— Law enforcement arrest and/or criminal records in the last known residential area of the other birth parent.
— Highway Patrol records in the state of the other birth parent’s last known address.
— Department of Motor Vehicle records in the state of the other birth parent’s last known address.
— Department of Corrections records in the state of the other birth parent’s last known address.
— Title IV-D (child support enforcement) agency records in the state of the other birth parent’s last known address.
— Hospitals in the last known area of the other birth parent’s residence.
— Utility companies, which include water, sewer, cable TV, and electric in the last known area of the other birth parent’s residence.
— Letters to the Armed Forces of the U.S. and their response as to whether or not there is any information about the other birth parent. (See Florida Supreme Court Approved Family Law Form 12.912(a), Memorandum for Certificate of Military Service.)
— Tax Assessor’s and Tax Collector’s Office in the area where the other birth parent last resided.
_ Other: {explain} _
*407 [[Image here]]
I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this affidavit and that the punishment for knowingly making a false statement includes fines and/or imprisonment.
Dated: _ _
Signature of Petitioner
Printed Name:_
Address:-
City, State, Zip:-
Telephone Number:_
Fax Number: -
STATE OF FLORIDA COUNTY OF _
Sworn to or affirmed and signed before me on-by
NOTARY PUBLIC or DEPUTY CLERK
[Print, type, or stamp commissioned name of notary or deputy clerk.]
_ Personally known
_ Produced identification
_ Type of identification produced_
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW: [ fill in all blanks]
I, {full legal name and trade name of nonlawyer} -, a nonlawyer, located at {street} -, {city} -, {state} _, {phone} -, who is the petitioner, fill out this form. helped {name}
INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.981(e), PETITION FOR ADOPTION INFORMATION
When should this form be used?
This form is used to request release of relevant medical or social information on an adoptee. You cannot use this form to find out the identity of birth parent(s).
This form should be typed or printed in black ink. After completing this form, you should sign the form before a notary public or deputy clerk. You should file the original with the clerk of the circuit court in the county where the adoption took place and keep a copy for your records.
Special notes ...
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900 (a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
*408 FORM 12.981(e). PETITION FOR ADOPTION INFORMATION
IN THE CIRCUIT COURT OF THE_JUDICIAL CIRCUIT, IN AND FOR_COUNTY, FLORIDA
Case No.:
Division: .
IN RE: THE ADOPTION OF
Adoptee(s).
PETITION FOR ADOPTION INFORMATION
1. I, {full legal name}_, am interested in this matter as:
[/ one only]
_ adult adoptee (over 18).
_ adoptive parent.
_ adult birth sibling.
_ other: {specify}_
2. The adoptee(s), {name(s)} _
was (were) born on {date}_
3. I request nonidentifying information as to family medical history and social history of the adoptee(s) as follows:
[/ all that apply]
_ If available, to be furnished to adoptive parents before finalization of the adoption.
_ If available, to be furnished to adoptee upon request after adoptee reaches majority.
4. The reason I am requesting disclosure of this information is: _
I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this petition and that the punishment for knowingly making a false statement includes fines and/or imprisonment.
Dated: _ _ Signature of Party
Printed Name: _
Address:_
City, State, Zip:_
Telephone Number: _
Pax Number:_
STATE OF FLORIDA COUNTY OF_
Sworn to or affirmed and signed before me on_by_
NOTARY PUBLIC or DEPUTY CLERK
*409 [Print, type, or stamp commissioned name of notary or deputy clerk.]
_ Personally known
_ Produced identification
Type of identification produced-
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW: [ fill in all blanks]
I, {full legal name and trade name of nonlawyer} -, a nonlawyer, located at {street} -, {city} -, {state} _, {phone} _, helped {name} -, who is the_, fill out this form.
FORM 12.981(f). ORDER RELEASING ADOPTION INFORMATION
IN THE CIRCUIT COURT OF THE_JUDICIAL CIRCUIT, IN AND FOR_COUNTY, FLORIDA
Case No.: _
Division: _
IN RE: THE ADOPTION OF
Adoptee(s).
ORDER RELEASING ADOPTION INFORMATION
This case came before the Court upon the Petition for Adoption Information, and the Court being fully advised in the premises, it is ORDERED:
_ 1. The Petitioner shall receive
_ a. nonidentifying information as to:-
_ b. identifying information as to: --
_ c. all records relating to the adoption proceedings.
_ 2. The petition is denied in whole or in part because:-
ORDERED on_
CIRCUIT JUDGE
COPIES TO:
Petitioner (or his or her attorney)
Respondent (or his or her attorney)
FORM 12.981(g). FINAL JUDGMENT OF STEPPARENT ADOPTION
IN THE CIRCUIT COURT OF THE_JUDICIAL CIRCUIT, IN AND FOR_COUNTY, FLORIDA
Case No.:
Division: .
IN RE: THE ADOPTION OF
*410 Fla. 810 SOUTHERN REPORTER, 2d SERIES
Adoptee(s).
FINAL JUDGMENT OF STEPPARENT ADOPTION
This matter came before the Court on the Petition for Stepparent Adoption filed in this action, and having heard testimony and considered the evidence, the Court finds that:
1. The Court has jurisdiction over the subject matter of the Petition for Adoption.
2. The Court has jurisdiction over the minor child(ren), {name(s)} _, Petitioner, {name} _, and the birth parent to whom Petitioner is married, {name}_, in that they are residents of_County, Florida. Further, the child(ren) and Petitioner have significant connections with the State of Florida.
3. There is no pending litigation regarding the child(ren), in Florida or any other state, nor is there any other person not a party to these proceedings who has, or claims to have, physical custody or visitation rights to the minor child(ren).
4. The best interests of this (these) ehild(ren) would be served and promoted by this adoption, and Petitioner desires the permanent responsibility of a parent in this adoption.
5. The consent of the birth ( ) mother ( ) father who is not married to Petitioner is: [/ only one]
_ attached to the petition.
_ not required because he/she is deceased.
_ waived because:
[/ all that apply]
— the parent has deserted the child(ren) without affording a means of identification.
— the parent has abandoned the child(ren) and has not visited, supported, contacted, or communicated with the child(ren).
— the parent has been judicially declared mentally incapacitated, and restoration of capacity is medically improbable.
— the legal guardian or lawful custodian of the adoptee(s), other than the birth parent, has failed to respond in writing to a request for consent for 60 days, or the Court has examined the written reasons for withholding consent and has found the withholding of consent to be unreasonable.
— other: {specify} _
6. The best interests of the ehild(ren) will be promoted by this adoption.
7. The minor child(ren) is (are) suitable for adoption by Petitioner.
NOW, THEREFORE, IT IS ORDERED that:
1. The minor child(ren) presently known as {name(s)} _ is (are) declared to be the legal children) of Petitioner, {name}_, and is (are) given the name(s) of_, by which minor children) shall hereafter be known.
2. The minor children) shall be the children) and legal heir(s) at law of Petitioner, {name} _, and shall be entitled to all rights and privileges, and subject to all obligations, of children born of Petitioner.
*411 3. All legal relations between the adoptee(s) and the noncustodial parent, and between the adoptee(s) and the relatives of that birth parent, are terminated by this adoption, as are all parental rights and responsibilities of that birth parent.
4. This Final Judgment of Adoption creates a relationship between the adoptee(s) and Petitioner and all relatives of Petitioner that would have existed if the adoptee(s) was (were) a blood descendant of the Petitioner, born within wedlock, entitled to all rights and privileges thereof, and subject to all obligations of a child being born to Petitioner.
ORDERED on_
CIRCUIT JUDGE
COPIES TO:
Petitioner (or his or her attorney)
Respondent (or his or her attorney)
INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.982(a), PETITION FOR CHANGE OF NAME (ADULT)
When should this form be used?
This form should be used when an adult wants the court to change his or her name. This form is not to be used in connection with a divorce action. If you want a change of name because of a dissolution of marriage that is not yet final, the change of name should be done as part of that case.
This form should be typed or printed in black ink. After completing this form, you should sign the form before a notary public or deputy clerk. You should file the original with the clerk of the circuit court in the county where you live and keep a copy for your records.
What should I do next?
Next, you must obtain a hearing date for the court to consider your request. You should ask the clerk of court, family law intake staff, or judicial assistant about the local procedure for setting a hearing. You may be required to attend the final hearing. Included in these forms is a Final Judgment of Change of Name (Adult), Florida Supreme Court Approved Family Law Form 12.982(b), which the judge may use. You should check with the clerk, family law intake staff, or judicial assistant, to see if you need to bring a final judgment form with you. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties’ names, and leave the rest blank for the judge to complete at your hearing or trial.
If the judge grants your petition, he or she will sign this order. This officially changes your name. The clerk can provide you with certified copies of the signed order. There will be charges for the certified copies, and the clerk can tell you how much those charges are.
Where can I look for more information?
Before proceeding, you should read “General Information for Self-Represented Litigants” found at the beginning of these forms. For further information, see section 68.07, Florida Statutes.
Special notes ...
The heading of the form calls for the name of the petitioner. Your current name should go there, as you are the one who is *412 asking the court for something. The judicial circuit, case number, and division maybe obtained from the clerk of court’s office when you file the petition.
It may be helpful to compile a list of all of the people and/or places that will need a copy of your final judgment. This list may include the driver’s license office, social security office, banks, schools, etc. A list will help you know how many copies of your order you should get from the clerk of court after your hearing.
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900 (a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
FORM 12.982(a). PETITION FOR CHANGE OF NAME (ADULT)
IN THE CIRCUIT COURT OF THE_JUDICIAL CIRCUIT, IN AND FOR_COUNTY, FLORIDA
Case No.:
Division: .
IN RE: THE NAME CHANGE OF
Petitioner.
PETITION FOR CHANGE OF NAME (ADULT)
I,{full legal name}-, being sworn, certify that the following information is true:
1. My complete present name is:_ I request that my name be changed to:_
2. I live in- County, Florida, at {street address} _
3. I was born on {date}_, in {city}_, {county}_, {state} {country}_
4. My father’s full legal name: _:_
My mother’s full legal name: _
My mother’s maiden name: _
5. I have lived in the following places since birth:
Dates (to/from) Address
_/_ _
-/_ _
_/_ _
-/_ _
_/_ _
_/_ _

/-

*413 Dates (to/from) Address
_/_ _:-
_/_ _
/
□ Check here if you are continuing these facts on an attached page.
6. Family
[/ all that apply]
_ a. I am not married.
_ b. I am married. My spouse’s full legal name is:_
_ c. I do not have children).
_ d. The name(s), age(s), and address(es) of my children) are as follows (all children, including those over 18, must be listed):
[[Image here]]
□ Check here if you are continuing these facts on an attached page.
7.Former names
[/ all that apply]
_ My name has never been changed by a court.
_ My name previously was changed by court order from_to-on {date} _, by {court, city, and state}A copy of the court order is attached.
_ My name previously was changed by marriage from - to - on {date} _, in {city, county, and state}A copy of the marriage certificate is attached.
_ I have never been known or called by any other name.
_ I have been known or called by the following other name(s): {list name(s) and explain tvhere you were known or called by such name(s)} -
8.Occupation
My occupation is: _ I am employed at: {company and address}
During the past 5 years, I have had the following, jobs:
Dates (to/from) Employer and employer’s address
_/_ _
_/_ _
_/_ _
_/_ _
_/_ _
_/_ _
/
□ Check here if you are continuing these facts on an attached page.
9.Business
[/ one only]
_ I do not own and operate a business.
_ I own and operate a business. The name of the business is: —
The street address is: -
*414 My position -with the business is: _
I have been involved with the business since: {date} _
10. Profession
[/ one only]
_ I am not in a profession.
___ I am in a profession. My profession is: _
I have practiced this profession:
Dates (to/from) Place and address
_/_ _
_/_ _
_/_ _
_/_ _
/
□ Check here if you are continuing these facts on an attached page.
11. Education
I have graduated from the following school(s):
[[Image here]]
□ Check here if you are continuing these facts on an attached page.
12. Felony Convictions
[/ one only]
— I have never been convicted of a felony.
— I was convicted of a felony on {date}_, in {city}_, {county} _, {state}_
□ Check here if you have been convicted of additional felonies, and explain on an attached page.
13. Bankruptcy
[/ one only]
— I have never been adjudicated bankrupt.
— I was adjudicated bankrupt on {date} _, in {city} _, {county}_, {state}_
□ Check here if you have filed additional bankruptcies, and explain on an attached page.
14. Creditor(s)’ Judgments
[/ one only]
— I have never had a money judgment entered against me by a creditor.
— The following creditor(s)’ money judgments) have been entered against me:
Date Amount Creditor Court entering judgment and case number / if Paid □ □□□
□ Check here if these facts are continued on an attached page.
*415 15. I have no ulterior or illegal purpose for filing this petition, and granting it will not in any manner invade the property rights of others, whether partnership, patent, good will, privacy, trademark, or otherwise.
16. My civil rights have never been suspended, or, if my civil rights have been suspended, they have been fully restored..
I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this petition and that the punishment for knowingly making a false statement includes fines and/or imprisonment.
Dated:-
Signature of Petitioner
Printed Name:-
Address: -
City, State, Zip: -
Telephone Number: _
Fax Number: _
STATE OF FLORIDA COUNTY OF _
Sworn to or affirmed and signed before me on-by
NOTARY PUBLIC or DEPUTY CLERK
[Print, type, or stamp commissioned name of notary or deputy clerk.]
_ Personally known
_ Produced identification
Type of identification produced-
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW: [ fill in all blanks]
I, {full legal name and trade name of nonlawyer} -, a nonlawyer, located at {street} -, {city} -, {state} _, {phone} _, helped {name} -, who is the petitioner, fill out this form.
FORM 12.982(b). FINAL JUDGMENT OF CHANGE OF NAME (ADULT)
IN THE CIRCUIT COURT OF THE_JUDICIAL CIRCUIT, IN AND FOR_COUNTY, FLORIDA
Case No.: -
Division: -
IN RE: THE NAME CHANGE OF
Petitioner.
FINAL JUDGMENT OF CHANGE OF NAME (ADULT)
*416 This cause came before the Court on {date}_, for a hearing on Petition for Change of Name (Adult) under section 68.07, Florida Statutes, and it appearing to the Court that:
1. Petitioner is a bona fide resident of_County, Florida;
2. Petitioner’s request is not for any ulterior or illegal purpose; and
3. granting this petition will not in any manner invade the property rights of others, whether partnership, patent, good will, privacy, trademark, or otherwise; it is
ORDERED that Petitioner’s present name, _, is changed to _, by which Petitioner shall hereafter be known.
ORDERED ON_
CIRCUIT JUDGE
COPIES TO:
Petitioner
INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.982(c), PETITION FOR CHANGE OF NAME (MINOR CHILD(REN))
When should this form be used?
This form should be used when parents want the court to change the name of their minor children). For the purposes of this proceeding, a person under the age of 18 is a minor. This form is not to be used in connection with an adoption or paternity action. If you want a change of name for your child(ren) because of 'an adoption or paternity action that is not yet final, the change of name should be done as part of that case.
This form should be typed or printed in black ink. The primary petition should only be completed for one child. If you wish to change the names of more than one child, you should complete and file a Supplemental Form for Petition for Change of Name (Minor Child) for each child. The supplemental form is an attachment to the petition. Be sure that the bottom of each page of each supplemental form is initialed by the petitioner(s). After completing this form, you should sign the form before a notary public or deputy clerk. You should file the original with the clerk of the circuit court in the county where you live and keep a copy for your records.
What should I do next?
If both parents agree to the change of name and live in the county where the change of name is sought, you may both file as petitioners. In this situation, service is not necessary, and you need only to set a hearing. You should ask the clerk of court, family law intake staff, or judicial assistant about the local procedure for setting a hearing.
If only one parent is a resident of the county where the change of name(s) is sought or only one parent asks for the child(ren)’s name(s) to be changed, the other parent must be notified and his or her consent obtained, if possible. If the other parent consents to the change of name, a Consent for Change of Name (Minor Child(ren)), Florida Supreme Court Approved Family Law Form 12.982(d), should be filed.
*417 If the other parent does not consent to the change of name, you may still have a hearing on the petition if you have properly notified the other parent about your petition and the hearing. If you know where he or she Uves, you must use personal service. If you absolutely do not know where he or she lives, you may use constructive service. For more information about personal and constructive service, you should refer the “General Instructions for Self-Represented Litigants” found at the beginning of these forms and the instructions to Florida Family Law Rules of Procedure Forms 12.910(a) and 12.913(b) and Florida Supreme Court Approved Family Law Form 12.913(a). However, the law regarding constructive service is very complex and you may wish to consult an attorney regarding that issue.
Next, you must obtain a final hearing date for the court to consider your request. You should ask the clerk of court, family law intake staff, or judicial assistant about the local procedure for setting a hearing. You may be required to attend the hearing. Included in these forms is a Final Judgment of Change of Name (Minor Child(ren)), Florida Supreme Court Approved Family Law Form 12.982(e), which may be used when a judge grants a change of name for a minor children). If you attend the hearing, you should take the final judgment with you. You should complete the top part of the form, including the circuit, county, case number, division, and the name(s) of the petitioner(s) and leave the rest blank for the judge to complete. It should be typed or printed in black ink.
If the judge grants your petition, he or she will sign this order. This officially changes your child(ren)’s name(s). The clerk can provide you with certified copies of the signed order. There will be charges for the certified copies, and the clerk can tell you how much those charges are.
Where can I look for more information?
Before proceeding, you should read “General Information for Self-Represented Litigants” found at the beginning of these forms. For further information, see section 68.07, Florida Statutes.
Special notes ...
The heading of the form calls for the name(s) of the petitioner(s). This is the parent(s) who is (are) requesting the change of their child(ren)’s name(s). The judicial circuit, case number, and division may be obtained from the clerk of court’s office when you file the petition.
It may be helpful to compile a list of all of the people and places that will need a copy of the final judgment. This list may include the driver’s license office, social security office, banks, schools, etc. A list will help you know how many copies of your order you should get from the clerk of court after your hearing.
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, ..Florida Family Law Rules of Procedure Form 12.900 (a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
FORM 12.982(c). PETITION FOR CHANGE OF NAME (MINOR CHILD(REN))
IN THE CIRCUIT COURT OF THE_JUDICIAL CIRCUIT,
*418 IN AND FOR . COUNTY, FLORIDA
Case No.: _
Division: _
IN RE: THE NAME CHANGE OF
Petitioner/Father,
Petitioner/Mother.
PETITION FOR CHANGE OF NAME (MINOR CHILD(REN))
I/We, {full legal name(s)}_, being sworn, certify that the following information is true:
I am/We are the birth or legal parent(s) of the minor child(ren) named in this petition. [/ only one]
_ a. There is only one minor child named in this petition.
— b. There are {enter number of children} _children named in this petition. The information on the first child is entered below. I/We have attached the completed supplemental forms for each other child.
THE FOLLOWING INFORMATION IS TRUE ABOUT CHILD # 1 :
1.Minor child’s complete present name is:
I/We request that this minor child’s name be changed to:
2.The minor child lives in _ County, Florida, at {street address}
3.The minor child was born on {date} _, in {city, county, state, country} _
4. The minor child’s father’s full legal name: _
The minor child’s mother’s full legal name: _
The minor child’s mother’s maiden name: _
5. The minor child has lived in the following places since birth:
Dates (to/from) Address
-/_ _
_/_ _
_/_ _
_/_ _
-/_ _
/
□ Check here if you are continuing these facts on an attached page.
6. [/ one only]
_ The minor child is not married.
_ The minor child is married to: {full legal name} _
*419 7. [/ one only]
_ The minor child has no children.
_ The minor child is the parent of the following child(ren): {enter full name(s) and date(s) of birth} --
8. Former names.
[/ all that apply]
_ The minor child’s name has never been changed by a court.
_ The minor child’s name previously was changed by court order from _ to _on {date} _, by {court, city, and state}_ A copy of the court order is attached.
_ The minor child’s name previously was changed by marriage from-to-on {date} _, in {city, county, and state}A copy of the marriage certificate is attached.
_ The minor child has never been known or called by any other name.
_ The minor child has been known or called by the following other name(s): {list name(s) and explain where child was known or called by such name(s)} -
9.The minor child is not employed in an occupation or profession, does not own and operate a business, and has received no educational degrees. If the minor child has a job, explain: -
10. Felony Convictions.
[/ one only]
_ The minor child has never been convicted of a felony.
_ The minor child was convicted of a felony on {date} -, in {city} -, {county}_, {state}_
11. Money Judgments.
W one only]
_ The minor child has never been adjudicated bankrupt, and no money judgment has ever been entered against him or her.
_ The following money judgment(s) has been entered against him or her:
Date Amount Creditor Court entering judgment and case number / if Paid
_□
-□
THE FOLLOWING INFORMATION IS TRUE ABOUT PETITIONER(S):
12.Petitioner(s) live in_ County, Florida, at {street address} -
13. I/We have no ulterior or illegal purpose for filing this petition, and granting it will not in any manner invade the property rights of others, whether partnership, patent, good will, privacy, trademark, or otherwise.
14. My/our civil rights have never been suspended, or, if ever suspended, they have been fully restored.
I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this petition and that the punishment for knowingly making a false statement includes fines and/or imprisonment.
*420 [[Image here]]
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW: [ fill in all blanks]
I, {full legal name and trade name of nonlawyer} _, a nonlawyer, located at {street} _, {city} _, {state} _, {phone} _, helped {name} _, who is (are) the petitioner(s), fill out this form.
SUPPLEMENTAL FORM FOR PETITION FOR CHANGE OF NAME (MINOR CHILD(REN))
*421 Case No.: _
THE FOLLOWING INFORMATION IS TRUE ABOUT CHILD # _:
1.Minor child’s complete present name is:
I/We request that minor child’s name be changed to:
2.The minor child lives in_ County, Florida, at {street address}
3.The minor child was born on {date} -, in {city, county, state, country} -
4. The minor child’s father’s full legal name:-
The minor child’s mother’s full legal name:-
The minor child’s mother’s maiden name:-
5. The minor child has lived in the following places since birth:
Dates (to/from) Address
_/_ _
_/_ _
_/_ _
_/_ _
_/_ _
_i._ _:-

i

□ Cheek here if you are continuing these facts on an attached page.
6. [/ one only]
_ The minor child is not married.
_ The minor child is married to: {full legal name}-
7. [/ one only]
_ The minor child has no children.
_ The minor child is the parent of the following child(ren): {enter name(s) and date(s) of
birth} ___ — .
8. Former names
[/ all that apply]
_ The minor child’s name has never been changed by a court.
_ The minor child’s name previously was changed by court order from - to _on {date} _, by {court, city, and state}A copy of the court order is attached.
_ The minor child’s name previously was changed by marriage from-to-on {date} _, in {city, county, and state}A copy of the marriage certificate is attached.
_ The minor child has never been known or called by any other name.
_ The minor child has been known or called by the following other name(s): {list name(s) and explain where child was knomm or called by such name(s)} -
*422 [[Image here]]
9.The minor child is not employed in an occupation or profession, does not own and operate a business, and has received no educational degrees. If the minor child has a job, explain: _._
10. Felony Convictions
[/ one only]
_ The minor child has never been convicted of a felony.
— The minor child was convicted of a felony on {date} _, in {city} _, {county}_, {state}_
11. Money Judgments
[/ one only]
— The minor child has never been adjudicated bankrupt, and no money judgment has ever been entered against him or her.
— The following money judgment(s) has (have) been entered against him or her:
Date Amount Creditor Court entering judgment and case number / if Paid
-□
-□
PETITIONER(S) MUST INITIAL HERE _
INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.982(d), CONSENT FOR CHANGE OF NAME (MINOR CHILD(REN))
When should this form be used?
This form should be used when one parent consents to the other parent’s petition to change the name of their minor child(ren). A parent who is not a petitioner in the case but is consenting to the change of name should complete this form and sign it in front of a notary public or deputy clerk.
This form should be typed or printed in black ink. After this form is signed and notarized, you should file it with the clerk of the circuit court in the county where the petition was filed and keep a copy for your records. This form should be attached to the Petition for Change of Name (Minor Child(ren)), Florida Supreme Court Approved Family Law Form 12.982(c), if obtained prior to the filing of the petition. Otherwise, it may be filed separately after it has been completed.
Where can I look for more information?
Before proceeding, you should read “General Information for Self-Represented Litigants” found at the beginning of these forms. For further information see section 68.07, Florida Statutes, and the instructions for Petition for Change of Name (Minor Child(ren)),
Florida Supreme Court Approved Family Law Form 12.982(c), or Petition for Change of Name (Family), Florida Supreme Court Approved Family Law Form 12.982(f).
*423 Special notes ...
Remember, a person who is NOT an attorney is called a nonlawyer. If a.nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900 (a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
FORM 12.982(d). CONSENT FOR CHANGE OF NAME (MINOR CHILD(REN))
IN THE CIRCUIT COURT OF THE_JUDICIAL CIRCUIT, IN AND FOR_COUNTY, FLORIDA
[[Image here]]
CONSENT FOR CHANGE OF NAME (MINOR CHILD(REN))
I, {full legal name}_, being sworn, certify that the following information is true:
I am the birth or legal ( ) father ( ) mother of the minor child(ren) named in this case, and I give consent for the following name changes:
Minor child(ren)’s complete present name(s):
(1)-
(2) -
(3) -
(4) -
(5) -
(6) -
Minor child(ren)’s name(s) to be changed to: •
(1) -:-
(2)'-
(3) --
(4) -
(5) -
(6) -
I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this consent and that the punishment for knowingly making a false statement includes fines and/or imprisonment.
Dated: _ _
Signature of Consenting Parent
Printed Name: -
, Address: -
City, State, Zip:_
Telephone Number: _
Fax Number: --:-
STATE OF FLORIDA COUNTY OF_
[[Image here]]
*424 NOTARY PUBLIC or DEPUTY CLERK
- [Print, type, or stamp commissioned name of notary or clerk.]
_ Personally known
_ Produced identification
Type of identification produced_
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW: [ fill in all blanks]
I,{full legal name and trade name of nonlawyer} _, a nonlawyer, located at {street} _, {city} _, {state} _, {phone} _, helped {name} _, who is the [/ one only] - petitioner or - consenting parent, fill out this form.
FORM 12.982(e). FINAL JUDGMENT OF CHANGE OF NAME (MINOR CHILD(REN))
IN THE CIRCUIT COURT OF THE_JUDICIAL CIRCUIT, IN AND FOR_COUNTY, FLORIDA
Case No.: _
Division: _
IN RE: THE NAME CHANGE OF
[[Image here]]
FINAL JUDGMENT OF CHANGE OF NAME (MINOR CHILD(REN))
This cause came before the Court on {date}_, for a hearing on Petition for Change of Name under section 68.07, Florida Statutes, and it appearing to the Court that:
1. Petitioner(s) is (are) a bona fide resident(s) of_County, Florida;
2. — Petitioners are the parents of the minor children) named in the petition;
3. — Petitioner is the parent of the minor children) named in the petition, and the other
parent has been properly notified and has either consented or failed to respond; _ Other: _
3. Petitioner’s request is not for any ulterior or illegal purpose; and
4. Granting this petition will not in any manner invade the property rights of others, whether partnership, patent, good will, privacy, trademark, or otherwise; it is
ORDERED that the minor child(ren)’s
present name(s) be changed to
(1)- (1)-
(2) - (2) _
(3) - (3) _
*425 (4) (4)
(5) (5)
(6) (6)
by which minor ehild(ren) shall hereafter be known.
ORDERED ON_
CIRCUIT JUDGE
INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.982(f), PETITION FOR CHANGE OF NAME (FAMILY)
When should this form be used?
This form should be used when a family wants the court to change its name. This form is not to be used in connection with a divorce, paternity, or adoption action. If you want a change of name because of a dissolution of marriage, paternity, or adoption action that is not yet final, the change of name should be done as part of that case.
This form should be typed or printed in black ink. The petition should only be completed for one adult. If you wish to change the name(s) of another adult and/or ehild(ren), you should complete and file a Supplemental Form for Petition for Change of Name (Family) for each additional family member and file the supplemental form(s) as an attachment to the petition. Be sure that the bottom of each child’s supplemental form is initialed. After completing this form, it should be signed before a notary public or deputy clerk. You should then file the original with the clerk of the circuit court in the county where you live and keep a copy for your records.
What should I do next?
If any of the children for whom you are requesting this change of name are not the legal children of both adults filing this petition, you must obtain the consent of the legal parent(s). A parent not named as a petitioner in this action may consent by submitting a Consent for Change of Name (Minor Child(ren)), Florida Supreme Court Approved Family Law Form 12.982(d).
If the other parent does not consent to the change of name, you may still have a hearing on the petition if you have properly notified the other parent about your petition and the hearing. If you know where he or she lives, you must use personal service. If you absolutely do not know where he or she fives, you may use constructive service. For more information about personal and constructive service, you should refer the “General Instructions for Self-Represented Litigants” found at the beginning of these forms and the instructions to Florida Family Law Rules of Procedure Forms 12.910(a) and 12.913(b) and Florida Supreme Court Approved Family Law Form 12.913(a). The law on constructive service is very complex and you may wish to consult an attorney regarding constructive service.
Next, you must obtain a final hearing date for the court to consider your request. You should ask the clerk of court, family law intake staff, or judicial assistant about the local procedure for setting a hearing. You may be required to attend the hearing. Included in these forms is a Final Judgment of Change of Name *426 (Family), Florida Supreme Court Approved Family Law Form 12.982(g), which may be used when a judge grants a change of name for a family. If you attend the hearing, you should take the final judgment form with you. You should complete the top part of this form, including the circuit, county, case number, division, the name(s) of the petitioner(s) and leave the rest blank for the judge to complete. It should be typed or printed in black ink.
If the judge grants your petition, he or she will sign this order. This officially changes your family’s name. The clerk can provide you with certified copies of the signed order. There will be charges for the certified copies, and the clerk can tell you how much those charges are.
Where can I look for more information?
Before proceeding, you should read “General Information for Self-Represented Litigants” found at the beginning of these forms. For further information, see section 68.07, Florida Statutes.
Special notes ...
The heading of the form calls for the name(s) of the petitioner(s). This is (are) the parent(s) who are requesting the change of their family’s name(s). The judicial circuit, case number, and division may be obtained from the clerk of court’s office when you file the petition.
It may be helpful to compile a list of all of the people and places that will need a copy of the final judgment. This list may include the driver’s license office, social security office, banks, schools, etc. A list will help you know how many copies of your order you should get from the clerk of court after your hearing.
Remember, a person who is NOT an attorney is called a nonlawyer, If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900 (a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
FORM 12.982(f). PETITION FOR CHANGE OF NAME (FAMILY)
IN THE CIRCUIT COURT OF THE_JUDICIAL CIRCUIT, IN AND FOR_COUNTY, FLORIDA
[[Image here]]
PETITION FOR CHANGE OF NAME (FAMILY)
I/We, {full legal name(s)}-, being sworn, certify that the following information is true:
There are {enter number}_adults named in this petition. A supplemental form is attached for each adult not set out below.
*427 There are {enter number}_children named in this petition. I am/We are the birth or legal parents of the minor child(ren) named in this petition. I/We have attached a completed supplemental form for each minor child.
THE FOLLOWING INFORMATION IS TRUE ABOUT PETITIONER ( ) HUSBAND ( ) WIFE:
[[Image here]]
*428 _ My name previously was changed by court order from_to_on {date} _, by {court, city, and state}A copy of the court order is attached.
_ My name previously was changed by marriage from to_on {date}_, in {city, county, and state}_ A copy of the marriage certificate is attached.
_ I have never been known or called by any other name.
_ I have been known or called by the following other name(s): {list name(s) and explain ivhere you were known or called by such name(s)} _
8.Occupation
My occupation is: _
I am employed at: {company and address}
During the past 5 years, I have had the following jobs:
[[Image here]]
□ Check here if you are continuing these facts on an attached page.
9. Business
[/ one only]
_ I do not own and operate a business.
_ I own and operate a business. The name of the business is: _
The street address is: _
My position with the business is: _:_
I have been involved with the business since: {date} -
10. Profession
[/ one only]
_ I am not in a profession.
_ I am in a profession. My profession is: -
I have practiced this profession:
Dates (to/from) Place and address
_/_ _
_l_ _
_l_ _
•_/__ _
/
□ Check here if you are continuing these facts on an attached page.
11.Education
I have graduated from the following school(s):
*429 [[Image here]]
□ Cheek here if you are continuing these facts on an attached page.
12. Felony Convictions
[/ one only]
_ I have not been convicted of a felony.
_ I was convicted of a felony on {date}_, in {city}-, {county}-, {state} _
□ Check here if you have been convicted of additional felonies, and explain on an attached page.
13. Bankruptcy
[/ one only]
_ I have never been adjudicated bankrupt.
_ I was adjudicated bankrupt on {date}-, in {city}-, {county}-, {state}_
□ Check here if you have had additional bankruptcies, and explain on an attached page.
14. Creditor(s)’ Judgments
[/ one only]
_ I have never had a money judgment entered against me by a creditor.
_ The following creditor(s)’ money judgment(s) have been entered against me:
Date Amount Creditor Court entering judgment and case number / if Paid
-□
-□
-□
-□
□ Check here if these facts are continued on an attached page.
15. I have no ulterior or illegal purpose for filing this petition, and granting it will not in any manner invade the property rights of others, whether partnership, patent, good will, privacy, trademark, or otherwise.
16. My civil rights have never been suspended, or, if my civil rights have been suspended, they have been fully restored.
I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this petition and that the punishment for knowingly making a false statement includes fines and/or imprisonment.
Dated: - -
Signature of Petitioner
Printed Name:_
Address: _
City, State, Zip: _
Telephone Number:-
Fax Number:_
STATE OF FLORIDA COUNTY OF_
Sworn to or affirmed and signed before me on_by
*430 NOTARY PUBLIC or DEPUTY CLERK
[Print, type, or stamp commissioned name of notary or clerk.]
_ Personally known
_ Produced identification
Type of identification produced_
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW: [ fill in all blanks]
I, {full legal name and trade name of nonlawyer} _, a nonlawyer, located at {street} ___, {city} _, {siaie} _, {phone} _, helped {name} _, who is the petitioner, fill out this form.
ADULT SUPPLEMENTAL FORM FOR PETITION FOR CHANGE OF NAME (FAMILY)
Case No.: _
THE FOLLOWING INFORMATION IS TRUE ABOUT PETITIONER ( ) HUSBAND ( ) WIFE:
1. My complete present name is:
I request that my name be changed to:
2. I live in_ County, Florida, at {street address}
3. I was born on {date} ____, in {city}_, {county}_, {state} {country}_
4. My father’s full legal name: _
My mother’s full legal name: _
My mother’s maiden name: _
5. I have lived in the following places since birth:
Dates (to/from) Address
_/_ _'_
_/_ _
_I._ -.__.....-.-
_/_ _
_/_ _
_l_ _
_/_ _
_/_ ___ — .....
./
□ Check here if you are continuing these facts on an attached page.
6. Family
[/ all that apply]
_ a. I am not married.
_ b. I am married. My spouse’s full legal name is: _
*431 _ c. I do not have children).
_ d. The name(s), age(s), and address(es) of my children) are as follows (all children, including those over 18, must be listed):
[[Image here]]
□ Check here if you are continuing these facts on an attached page.
7.Former names
[/ all that apply]
_ My name has never been changed by a court.
_ My name previously was changed by court order from_to_on {date} _by {cowri, city, and state}_ A copy of the court order is attached.
_ My name previously was changed by marriage from_to _ on {date}_in {city, county, and state}_ A copy of the marriage certificate is attached.
_ I have never been known or called by any other name.
_ I have been known or called by the following other name(s): {list name(s) and explain where you were knoum or called by such name(s)} _
8.Occupation
My occupation is: _ I am employed at: {company and address}
During the past 5 years, I have had the following jobs:
Dates (to/from) Employer and employer’s address
_/_ _
_/_ _
_/_ _
_/_ _
_/_ _
_/_ _
/
□ Check here if you are continuing these facts on an attached page.
9. Business
[/ one only]
_ I do not own and operate a business.
_ I own and operate a business. The name of the business is: __
The street address- is: _
My position with the business is: ______
I have been involved with the business since: {date} _
10. Profession
[/ one only]
_ I am not in a profession.
_ I am in a profession. My profession is: _
I have practiced this profession:
*432 Dates (to/from) Place and address
_/_ _
_/__ _
_/_ _
_/_ _
/
□ Check here if you are continuing these facts on an attached page.
11.Education
I have graduated from the following school(s):
[[Image here]]
□ Check here if you are continuing these facts on an attached page.
12. Felony Convictions
[/ one only]
_ I have not been convicted of a felony.
_ I was convicted of a felony on {date} _, in {city}_, {county}_, {state} _
□ Check here if you have been convicted of additional felonies, and explain on an attached page.
13. Bankruptcy
[/ one only]
_ I have never been adjudicated bankrupt.
_ I was adjudicated bankrupt on {date}_, in {city}_, {county}_, {state} _
□ Check here if you have had additional bankruptcies, and explain on an attached page.
14. Creditors’ Judgments
[/ one only]
_ I have never had a money judgment entered against me by a creditor.
_ The following creditor(s)’ money judgment(s) have been entered against me:
Date Amount Creditor Court entering judgment and case number / if Paid
-□
-□
-□
-□
□ Cheek here if these facts are continued on an attached page.
15. I have no ulterior or illegal purpose for filing this petition, and granting it will not in any manner invade the property rights of others, whether partnership, patent, good will, privacy, trademark, or otherwise.
16. My civil rights have never been suspended, or, if my civil rights have been suspended, they have been fully restored.
I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this petition and that the punishment for knowingly making a false statement includes fines and/or imprisonment.
*433 Dated: - -
Signature of Petitioner
Printed Name: _
Address: -
City, State, Zip: _
Telephone Number: _
Fax Number: _
STATE OF FLORIDA COUNTY OF_
Sworn to or affirmed and signed before me on _by-
NOTARY PUBLIC or DEPUTY CLERK
[Print, type, or stamp commissioned name of notary or clerk.]
_ Personally known
_ Produced identification
Type of identification produced_
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW: [ fill in all blanks]
I,{full legal name and trade name of nonlawyer} -:-, a nonlawyer, located at {street} -, {city} -, {siaie} _, {phone} _, helped {name} -, who is the petitioner, fill out this form. PETITIONER(S) MUST INITIAL HERE_
CHILD SUPPLEMENTAL FORM FOR PETITION FOR CHANGE OF NAME (FAMILY)
Case No.: -
THE FOLLOWING INFORMATION IS TRUE ABOUT MINOR CHILD # _:
1. Minor child’s complete present name is:
I/We request that minor child’s name be changed to:
2.The minor child lives in_ County, Florida, at {street address}
3.The minor child was born on_, in {city, county, state, country}
4. The minor child’s father’s full legal name: -
The minor child’s mother’s full legal name: -
The minor child’s mother’s maiden name: _
5. The minor child has lived in the following places since birth:
Dates (to/from) Address
_/- -
_/- -
*434 Dates (to/from) Address
_/_ _
■_ — /__ _
_/_ _
-/- -
/
□ Check here if continuing these facts on an attached page.
6. [/ one only]
_ The minor child is not married
_ The minor child is married to: {full legal name}_
7. [/ one only]
_ The minor child has no children.
_ The minor child is the parent of the following child(ren): {enter name(s) and date(s) of
birth,}_
8. Former names
[/ all that apply]
_ The minor child’s name has never been changed by court order.
_ The minor child’s name previously was changed by court order from_to _ on {date} _by {court, city, and state}_ A copy of the court order is attached.
___ The minor child’s name previously was changed by marriage from .. to ___ on {date} _, in {city, county, and state}_
_ The minor child has never been known or called by any other name. ;
_ The minor child has been known or called by the following other name(s): {list name(s) and explain where child was known or called by such name(s)} _
9.The minor child is not employed in an occupation or profession, does not own and operate a business, and has received no educational degrees. If the minor child has a job, explain: _
10. Felony Convictions
[/ one only]
_ The minor child has never been convicted of a felony.
_ The minor child was convicted of a felony on {date} _, in {city} _, {county}_, {state}_
11. Money Judgments
[/ one only]
___ The minor child has never been adjudicated bankrupt, and no money judgment has ever been entered against him or her.
_ The following money judgment(s) has been entered against him or her:
Date Amount Creditor Court entering judgment and case number / if Paid
■---□
- .----□
PETITIONER(S) MUST INITAL HERE
*435 FORM 12.982(g). FINAL JUDGMENT OF CHANGE OF NAME (FAMILY)
IN THE CIRCUIT COURT OF THE :_JUDICIAL CIRCUIT, IN AND FOR_COUNTY, FLORIDA
Case No.:
Division: .
IN RE: THE NAME CHANGE OF
Petitioner/Father,
Petitioner/Mother.
FINAL JUDGMENT OF CHANGE OF NAME (FAMILY)
This cause came before the Court on {date}_, for a hearing on Petition for Change of Name under section 68.07, Florida Statutes, and it appearing to the Court that:
1. Petitioners are bona fide residents of_County, Florida;
2. _ Petitioners are the parents of the minor children) named in the petition;
_ Petitioner is the parent of the minor child(ren) named in the petition, and the other
parent has been properly notified and has either consented or failed to respond; ___ Other: -
3. Petitioner’s request is not for any ulterior or illegal purpose; and
4. Granting this petition will not in any manner invade the property rights of others, whether partnership, patent, good will, privacy, trademark, or otherwise; it is
[[Image here]]
*436 INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.983(a), PETITION TO DETERMINE PATERNITY AND FOR RELATED RELIEF
When should this form be used?
This form should be used by a birth mother or father to ask the court to establish paternity, custody, visitation, and/or child support of a minor child or children. This means that you are trying to legally establish who is the father of the child(ren).
This form should be typed or printed in black ink. After completing this form, you should sign the form before a notary public or deputy clerk. You should file the original with the clerk of the circuit court in the county where you live and keep a copy for your records.
What should I do next?
For your case to proceed, you must properly notify the respondent of the petition. If you know where he or she lives, you should use personal service. If you absolutely do not know where he or she lives, you may use constructive service. However, if constructive service is used, the court may only grant limited relief. You should seek legal advice on constructive service in a paternity case. For more information see chapter 49, Florida Statutes, or you may contact Child Support Enforcement at the Florida Department of Revenue if you need assistance with your case.
If personal service is used, the respondent has 20 days to answer after being served with your petition. Your case will then generally proceed in one of the following three ways:
DEFAULT ... If after 20 days, no answer has been filed, you may file a Motion for Default, Florida Supreme Court Approved Family Law Form 12.922(a), with the clerk of court. Then, if you have filed all of the required papers, you may call the clerk, family law intake staff, or judicial assistant to set a final hearing. You must notify the other party of the hearing by using a Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.
UNCONTESTED ... If the respondent files an answer that agrees with everything in your petition or an answer and waiver, and you have complied with mandatory disclosure and filed all of the required papers, you may call the clerk, family law intake staff, or judicial assistant to set a final hearing. You must notify the other party of the hearing by using a Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.
CONTESTED ... If the respondent files an answer or an answer and counterpetition, which disagrees with or denies anything in your petition, and you are unable to settle the disputed issues, you should file a Notice for Trial, Florida Supreme Court Approved Family Law Form 12.924, after you have complied with mandatory disclosure, completed the scientific paternity testing, if necessary, and filed all of the required papers. Then you should contact the clerk, family law intake staff, or judicial assistant for instructions on how to set your case for trial (final hearing). If the respondent files an answer and coun-terpetition, you should answer the counter-petition within 20 days using an Answer to Counterpetition, Florida Supreme Court Approved Family Law Form 12.983(d).
*437 Where can I look for more information?
Before proceeding, you should read “General Information for Self-Represented Litigants” found at the beginning of these forms. The words that are in “bold underline” in these instructions are defined there. For further information, see chapter 742, Florida Statutes.
Special notes ...
More than one child of the same alleged father may be listed on a single petition. However, if you are filing a paternity action involving more than one possible father, a separate petition must be filed for each alleged father.
If the respondent files an answer denying that the person named in the petition is the child(ren)’s father, one of you should file a Motion for Scientific Paternity Testing, Florida Supreme Court Approved Family Law Form 12.983(e). This is used to ask the court to order a scientific test to determine who is the child(ren)’s father.
If the father signed papers at the hospital acknowledging that he was the father, paternity was established as a matter of law. This should be checked on page 2, section 9a on this form.
If the paternity of a child who was conceived or born during a marriage is at issue, the court may appoint a guardian ad litem to assist the court in this matter and to protect the rights of child.
With this petition, you must file the following and provide a copy to the other party:
• Uniform Child Custody Jurisdiction Act (UCCJA) Affidavit, Florida Supreme Court Approved Family Law Form 12.902(d).
• Notice of Social Security Number, N Florida Supreme Court Approved Family Law Form 12.902Q).
• Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c). (This must be filed within 45 days if not filed with the petition.)
• Certificate of Compliance with Mandatory Disclosure, Florida Family Law Rules of Procedure Form 12.932. (This must be filed within 45 days, if not filed with the petition, unless you and the other party have agreed not to exchange these documents.)
• Child Support Guidelines Worksheet,
Florida Family Law Rules of Procedure Form 12.902(e). (If you do not know the other party’s income, you may file this worksheet after his or her financial affidavit has been filed.)
• Affidavit of Indigency, Florida Supreme Court Approved Family Law Form 12.902(a), if you are requesting that filing fees be waived.
Child Custody ... The judge will decide the parenting arrangements based on the child(ren)’s best interests. Regardless of whether there is an agreement between the parties, the court reserves jurisdiction to modify issues relating to minor or dependent child(ren).
The judge may request a parenting evaluation or appoint a guardian ad litem in your case. This means that a neutral person will review your situation and report to the judge concerning parenting issues. The purpose of such intervention is to be sure that the best interests of the child(ren) are being served. For more information, you may consult sections 61.401-61.405, Florida Statutes.
Listed below are some terms with which you should become familiar before completing your petition. If you do not fully understand any of the terms below or their implications, you should speak *438 with an attorney before going any further.
• Shared Parental Responsibility
• Sole Parental Responsibility
• Rotating Custody
• Primary residence
• Secondary Residential Responsibility
• Reasonable visitation
• Specified visitation
• Supervised visitation
• No contact
Many circuits require that parents of a minor or dependent child(ren) who are involved in divorce or paternity actions attend a parenting course and/or mediation before being allowed to schedule a final hearing. You should check with your local clerk of court’s office, family law intake staff, or judicial assistant for more information on the parenting course and mediation requirements in your area.
Child Support ... The court may order one parent to pay child support to assist the other parent in meeting the child(ren)’s material needs. Both parents are required to provide financial support, but one parent may be ordered to pay a portion of his or her support for the child(ren) to the other parent.
If you are requesting custody or primary residential responsibility for one or more children, you should request child support in your petition. Florida has adopted guidelines for determining the amount of child support to be paid. These guidelines are based o.n the combined income of both parents and take into account the financial contributions of both parents. You should file a financial affidavit, and the other parent will be required to do the same. From your financial affidavits, you should be able to calculate the amount of child support that should be paid. Because the child support guidelines take several factors into consideration, change over time, and vary from state to state, your child support obligation may be more or less than that of other people in seemingly similar situations.
Final Judgments ... These family law forms contain a Final Judgment of Paternity, Florida Supreme Court Approved Family Law Form 12.983(g), which the judge may use. You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring it with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties’ names, and leave the rest blank for the judge to complete at your hearing or trial.
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900 (a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
FORM 12.983(a). PETITION TO DETERMINE PATERNITY AND FOR RELATED RELIEF
IN THE CIRCUIT COURT OF THE_JUDICIAL CIRCUIT, IN AND FOR_COUNTY, FLORIDA
Case No.:
Division: _
*439 [[Image here]]
PETITION TO DETERMINE PATERNITY AND FOR RELATED RELIEF
Petitioner, {full legal name}_, being sworn, certifies that the following information is true:
This is an action for paternity and to determine custody, parental responsibility, and child support under chapter 742, Florida Statutes.
SECTION I.
1. Petitioner is the ( ) mother ( ) father of the following minor child(ren):
Name Place of Birth Birth date Sex
(1)-
(2)-
(3)-
(4)-
(5)-
(6)-
2. Petitioner currently lives at: {street address, city, state} -
3.Respondent currently lives at: {street address, city, state}
4. Both parties are over the age of 18, and neither is, nor has been within a 30-day period immediately prior to this date, a person in the military service of the United States as defined by the Amended Sailors’ and Soldiers’ Civil Relief Act of 1940.
5. Neither Petitioner nor Respondent is mentally incapacitated.
6. A completed Uniform Child Custody Jurisdiction Act (UCCJA) Affidavit, Florida Supreme Court Approved Family Law Form 12.902(d), is filed with this petition.
7. A completed Notice of Social Security Number, Florida Supreme Court Approved Family Law Form 12.902®, is filed with this petition.
8. A completed Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c), is, or will be, filed.
9. Paternity Facts.
[/ one only]
_ a. Paternity has previously been established as a matter of law.
_ b. The parties engaged in sexual intercourse with each other in the month(s) of {list month(s) and year(s)} .. — , at {city and state} -••
*440 As a result of the sexual intercourse, ( ) Petitioner ( ) Respondent conceived and gave birth to the minor child(ren) named in paragraph 1. ( ) Petitioner ( ) Respondent is the natural father of the minor children). The mother ( ) was ( ) was not married at the time of the conception and/or birth of the minor child(ren) named in paragraph 1. If the mother was married, the name and address of her husband at the time of conception and/or birth is: _
SECTION II. CHILD CUSTODY, PARENTAL RESPONSIBILITY, AND VISITATION
1.The minor child(ren) currently reside(s) with ( ) Mother ( ) Father ( ) Other: {explain} _
2.Parental Responsibility. It is in the child(ren)’s best interests that parental responsibility be:
[/ one only]
— a. shared by both Father and Mother.
— b. awarded solely to ( ) Father ( ) Mother. Shared parental responsibility would be detrimental to the child(ren) because: _
3.Primary Residential Parent (Custody). It is in the best interests of the child(ren) that the primary residential parent be ( ) Father ( ) Mother ( ) undesignated ( ) rotating because _
4.Visitation or Time Sharing. Petitioner requests that the Court order
[/ all that apply]
_ a. no visitation.
_ b. limited visitation.
_ c. supervised visitation.
_ d. supervised or third-party exchange of children).
— e. visitation or time sharing as determined by the Court.
_ f. a visitation or time sharing schedule as follows:
Explain the requested visitation or time sharing schedule: _
Explain why this schedule is in the best interests of the child(ren):
Has the above visitation or time sharing schedule been agreed to by the parties? ( ) yes ( ) no
5.The minor children) should
[/ only one]
_ a. retain his/her (their) present name(s).
_ b. receive a change of name as follows:
*441 [[Image here]]
SECTION III. CHILD SUPPORT
[/ all that apply]
___ 1. Petitioner requests that the Court award child support as determined by Florida’s child support guidelines, section 61.30, Florida Statutes. A completed Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e), is, or will be, filed. Such support should be ordered retroactive to [/ one only]
_ a. the date when the parents did not reside together in the same household with the child, not to exceed a period of 24 months before the date of filing of this petition.
_ b. the date of the filing of this petition.
_ c. other: {date}_{Explain} _
_ 2. Petitioner requests that the Court award a child support amount that is more than or less than Florida’s child support guidelines. Petitioner understands that a Motion to Deviate from Child Support Guidelines, Florida Supreme Court Approved Family Law Form 12.943, must be completed before the Court will consider this request.
_ 3. Petitioner requests that medieal/dental insurance coverage for the minor children) be provided by:
[/ one only]
_ a. Father.
_ b. Mother.
_ 4. Petitioner requests that uninsured medical/dental expenses for the child(ren) be paid by:
[/ one only]
_ a. Father.
_ b. Mother.
_ c. Father and Mother each pay one-half.
_ d. Father and Mother each pay according to the percentages in the Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e).
_ e. Other {explain}: -
_ 6. Petitioner requests that life insurance to secure child support be provided by:
[/ one only]
_ a. Father.
_ b. Mother.
_ c. Both.
__ 6. ( ) Petitioner ( ) Respondent ( ) Both has (have) incurred medical expenses in the amount of $_on behalf of the minor children), including hospital and other expenses incidental to the birth of the minor child(ren). There should be an appropriate allocation or apportionment of these expenses.
*442 — 7. ( ) Petitioner ( ) Respondent ( ) Both has (have) received past public assistance for this (these) minor children).
PETITIONER’S REQUEST
1. Petitioner requests a hearing on this petition and understands that he or she must attend the hearing.
2. Petitioner requests that the Court enter an order that:
[/ all that apply]
_ a. establishes paternity of the minor child(ren), ordering proper scientific testing, if necessary;
_ b. establishes parental responsibility, custody, and visitation of the minor child(ren);
_ c. awards child support, including medical/dental insurance coverage for the minor children);
— d. determines the appropriate allocation or apportionment of all expenses incidental to the birth of the child(ren), including hospital and medical expenses;
— e. determines the appropriate allocation or apportionment of all other past, present, and future medical and dental expenses incurred or to be incurred on behalf of the minor ehild(ren);
_ f. changes the child(ren)’s name(s);
_ g. other relief as follows: _ -; and grants such other relief as may be appropriate and in the best interests of the minor child(ren).
I understand that I am swearing and affirming under oath to the truthfulness of the claims made in this petition and that the punishment for knowingly making a false statement includes fines and/or imprisonment.
[[Image here]]
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW: [ fill in all blanks]
*443 I, {full legal name and trade name of nonlawyer} - a nonlawyer, located at {street} _, {city} — {state}_, {phone} _, helped {name} who is the petitioner, fill out this form.
INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.983(b), ANSWER TO PETITION TO DETERMINE PATERNITY AND FOR RELATED RELIEF
When should this form be used?
This form should be used when you are responding to a petition to determine paternity. You may use this form to admit or deny the allegations contained in the petition. However, if you wish to ask the court for things not included in the petition, such as custody, visitation, or child support, you should file an Answer to Petition and Counterpetition to Determine Paternity and for Related Relief, Florida Supreme Court Approved Family Law Form 12.983(c).
This form should be typed or printed in black ink. After completing this form, you should sign this form before a notary public or deputy clerk. You should then file the original with the clerk of the circuit court in the county where the petition was filed and keep a copy for your records.
What should I do next?
If you deny that the person named in the petition is the child(ren)’s father, a Motion for Scientific Paternity Testing,
Florida Supreme Court Approved Family Law Form 12.983(e), should be filed. This is used to ask the court to order a scientific test to determine who is the child(ren)’s father.
You have 20 days to file an answer to the other party’s petition. A copy of this form, along with all of the other forms required with this answer, must be mailed or hand delivered to the other party in your ease. After you file your answer, the case will generally proceed in one of the following two ways:
UN CONTE STEP ... This case is uncontested if you and the petitioner agree on all issues raised in the petition. If this is the case, and you and the other party have complied with mandatory disclosure and filed all of the required papers, either party may call the clerk, family law intake staff, or judicial assistant to set a final hearing. If you request the hearing, you must notify the other party of the hearing by using a Notice of Hearing (General),
Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.
CONTESTED ... This case is contested if you and the other party disagree on any issues raised in the petition. If you are unable to settle the disputed issues, either party may file a Notice for Trial, Florida Supreme Court Approved Family Law Form 12.924, after you have complied with mandatory disclosure and filed all of the required papers. Some circuits may require the completion of mediation before a final hearing may be set. You should contact the clerk, family law intake staff, or judicial assistant for instructions on how to set your case for trial (final hearing).
Where can I look for more information?
Before proceeding, you should read “General Information for Self-Represented Litigants” found at the beginning of these forms. The words that are in “bold underline” in these instructions *444 are defined there. For further information, see chapter 742, Florida Statutes.
Special notes ...
With this answer, you must file the following and provide a copy to the other party:
• Uniform Child Custody Jurisdiction Act (UCCJA) Affidavit, Florida Supreme Court Approved Family Law Form 12.902(d).
• Notice of Social Security Number,
Florida Supreme Court Approved Family Law Form 12.902(j).
• Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902 (b) or (c). (This must be filed within 45 days of the service of the petition on you, if not filed at the time you file this answer.)
• Certificate of Compliance with Mandatory Disclosure, Florida Family Law Rules of Procedure Form 12.932. (This must be filed within 45 days of the service of the petition on you, if not filed at the time you file this answer, unless you and the other party have agreed not to exchange these documents.)
• Child Support Guidelines Worksheet,
Florida Family Law Rules of Procedure Form 12.902(e). (If you do not know the other party’s income, you may file this form after the other party files his or her financial affidavit.)
Many circuits require completion of a parenting course or mediation before being allowed to schedule a final hearing. You should check with your local clerk, family law intake staff, or judicial assistant for more information on the parenting course and mediation requirements in your area.
Child Custody ... The judge will decide the parenting arrangements based on the child(ren)’s best interests. Regardless of whether thére is an agreement between the parties, the court reserves jurisdiction to modify issues relating to minor children).
The judge may request a parenting evaluation or appoint a guardian ad litem in your case. This means that a neutral person will review your situation and report to the judge concerning parenting issues. The purpose of such intervention is to be sure that the best interests of the child(ren) are being served. For more information, you may consult sections 61.401-61.405, Florida Statutes.
Listed below are some terms with which you should become familiar before completing your petition. If you do not fully understand any of the terms below or their implications, you should speak with an attorney before going any further.
• Shared Parental Responsibility
• Sole Parental Responsibility
• Rotating Custody
• Primary residence
• Secondary Residential Responsibility
• Reasonable visitation
• Specified visitation
• Supervised visitation
• No contact
Child Support ... The court may order one parent to pay child support to assist the other parent in meeting the child(ren)’s material needs. Both parents are required to provide financial support, but one parent may be ordered to pay a portion of his or her support for the ehild(ren) to the other parent.
If you are requesting custody or primary residential responsibility for one or more children, you should request child support in your petition. Florida has adopted guidelines for determining the amount of child support to be paid. These guidelines are based on the combined income of both *445 parents and take into account the financial contributions of both parents. You should file a financial affidavit, and the other parent will be required to do the same. From your financial affidavits, you should be able to calculate the amount of child support that should be paid. Because the child support guidelines take several factors into consideration, change over time, and vary from state to state, your child support obligation may be more or less than that of other people in seemingly similar situations.
Final Judgments ... These family law forms contain a Final Judgment of Paternity, Florida Supreme Court Approved Family Law Form 12.983(g), which the judge may use. You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring it with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties’ names, and leave the rest blank for the judge to complete at your hearing or trial.
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900 (a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
FORM 12.983(b). ANSWER TO PETITION TO DETERMINE PATERNITY AND FOR RELATED RELIEF
IN THE CIRCUIT COURT OF THE_JUDICIAL CIRCUIT, IN AND FOR_COUNTY, FLORIDA
[[Image here]]
ANSWER TO PETITION TO DETERMINE PATERNITY AND FOR RELATED RELIEF
I, {full legal name} _, Respondent, being sworn, certify that the following information is true:
1. I agree with Petitioner as to the allegations raised in the following numbered paragraphs in the Petition and, therefore, admit those allegations: {indicate section and paragraph number} -
2. I disagree with Petitioner as to the allegations raised in the following numbered paragraphs in the Petition and, therefore, deny those issues: {indicate section and paragraph number} _
*446 3. I currently am unable to admit or deny the following paragraphs due to lack of information: {indicate section and paragraph number} _
4. A completed Uniform Child Custody Jurisdiction Act (UCCJA) Affidavit, • Florida Supreme Court Approved Family Law Form 12.902(d), is filed with this petition.
5. A completed Notice of Social Security Number, Florida Supreme Court Approved Family Law Form 12.902®, is filed with this petition.
6. A completed Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c), is, or will be, filed.
I certify that a copy of this document was [/ one only] ( ) mailed ( ) faxed and mailed ( ) hand delivered to the person(s) listed below on {date}_
Petitioner or his/her attorney:
Name: _
Address: _
City, State, Zip: _
Fax Number: _
I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this answer and that the punishment for knowingly making a false statement includes fines and/or imprisonment.
[[Image here]]
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW: [ fill in all blanks]
I, {full legal name and trade name of nonlawyer} ___, a nonlawyer, located at {street} _, {city} _, {state} -, {phone} _, helped {name} _, who is the respondent, fill out this form.
*447 INSTRUCTIONS FOR FLORIDA FAMILY LAW FORM 12.983(c), ANSWER TO PETITION AND COUN-TERPETITION TO DETERMINE PATERNITY AND FOR RELATED RELIEF
When should this form be used?
This form should be used when you are responding to a petition to determine paternity and asking the court for something different than what was in the petition, such as custody, visitation, and child support. The answer is used to admit or deny the allegations contained in the petition, and the counterpetition is used to ask for whatever you want the court to do for you. The other party has 20 days to answer your counterpetition after being served with your counterpetition.
This form should be typed or printed in black ink. After completing this form, you should sign the form before a notary public or deputy clerk. You should then file the original with the clerk of the circuit court in the county where the petition was filed and keep a copy for your records.
What should I do next?
You have 20 days to file an answer or answer and counterpetition to the other party’s petition. A copy of this form, along with all of the other forms required with this answer and counterpetition, must be mailed or hand delivered to the other party in your case.
If you deny that the person named in the petition is the child(ren)’s father, a Motion for Scientific Paternity Testing, Florida Supreme Court Approved Family Law Form 12.983(e), should be filed. This is used to ask the court to order a scientific test to determine who is the child(ren)’s father.
After you file an answer and counterpetition, the case will then generally proceed as follows:
UNCONTESTED ... This case is uncontested if you and the other party agree on all issues raised in the petition and the counterpetition. If this is the case, and you and the other party have complied with mandatory disclosure and filed all of the required papers, either party may call the clerk, family law intake staff, or judicial assistant to set a final hearing. If you request the hearing, you must notify the other party of the hearing by using a Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.
CONTESTED ... This case is contested if you and the other party disagree on any issues raised in the petition or counterpetition. If you are unable to settle the disputed issues, either party may file a Notice for Trial, Florida Supreme Court Approved Family Law Form 12.924, after you have complied with mandatory disclosure and filed all of the required papers. Some circuits may require the completion of mediation before a final hearing may be set. You should contact the clerk, family law intake staff, or judicial assistant for instructions on how to set your case for trial (final hearing).
Where can I look for more information?
Before proceeding, you should read “General Information for Self-Represented Litigants” for some basic information. The words that are in “bold underline” in these instructions are defined there. For further information, see chapter 742, Florida Statutes.
*448 Special notes ...
If the child(ren)’s father signed papers at the hospital acknowledging that he was the father, paternity was established as a matter of law. This should be checked on page 2, section 9a of the counterpetition part of this form.
With this answer, you must file the following:
• Uniform Child Custody Jurisdiction Act Affidavit, Florida Supreme Court Approved Family Law Form 12.902(d).
• Notice of Social Security Number,
Florida Supreme Court Approved Family Law Form 12.902®.
• Family Law Financial Affidavit,
Florida Family Law Rules of Procedure Form 12.902(b) or (c). (This must be filed within 45 days of service of the petition on you if not filed with this answer.)
• Certificate of Compliance with Mandatory Disclosure, Florida Family Law Rules of Procedure Form 12.932. (This must be filed within 45 days of service of the petition on you, if not filed with this answer, unless you and the other party have agreed not to exchange these documents.)
• Child Support Guidelines Worksheet,
N Florida Family Law Rules of Procedure Form 12.902(e). (If you do not know the other party’s income, you may file this worksheet after his or her financial affidavit has been filed.)
Many jurisdictions may require the completion of a parenting course or mediation before a final hearing may be set. You should contact the office of your local clerk of court, family law intake staff, or the judicial assistant about requirements for parenting courses or mediation where you live.
Child Custody ... The judge will decide the parenting arrangements based on the child(ren)’s best interests. Regardless of whether there is an agreement between the parties, the court reserves jurisdiction to modify issues relating to minor child(ren).
The judge may request a parenting evaluation or appoint a guardian ad litem in your case. This means that a neutral person will review your situation and report to the judge concerning parenting issues. The purpose of such intervention is to be sure that the best interests of the child(ren) is being served. For more information, you may consult section 61.401-61.405, Florida Statutes.
Listed below are some terms with which you should become familiar before completing your petition. If you do not fully understand any of the terms below or their implications, you should speak with an attorney before going any further.
• Shared Parental Responsibility
• Sole Parental Responsibility
• Rotating Custody
• Primary residence
• Secondary Residential Responsibility
• Reasonable visitation
• Specified visitation
• Supervised visitation
• No contact
Child Support ... The court may order one parent to pay child support to assist the other parent in meeting the child(ren)’s material needs. Both parents are required to provide financial support, but one parent may be ordered to pay a portion of his or her support for the child(ren) to the other parent.
If you are requesting custody or primary residential responsibility for one or more children, you should request child support *449 in your petition. Florida has adopted guidelines for determining the amount of child support to be paid. These guidelines are based on the combined income of both parents and take into account the financial contributions of both parents. You should file a financial affidavit, and the other parent will be required to do the same. From your financial affidavits, you should be able to calculate the amount of child support that should be paid. Because the child support guidelines take several factors into consideration, change over time, and vary from state to state, your child' support obligation may be more or less than that of other people in seemingly similar situations.
Final Judgments ... These family law forms contain a Final Judgment of Paternity, Florida Supreme Court Approved Family Law Form 12.983(g), which the judge may use. You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring it with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties’ names, and leave the rest blank for the judge to complete at your hearing or trial.
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900 (a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
FORM 12.983(c). ANSWER TO PETITION AND COUNTERPETITION TO DETERMINE PATERNITY AND FOR RELATED RELIEF
IN THE CIRCUIT COURT OF THE_JUDICIAL CIRCUIT, IN AND FOR_COUNTY, FLORIDA
[[Image here]]
ANSWER TO PETITION AND COUNTERPETITION TO DETERMINE PATERNITY AND FOR RELATED RELIEF
I, {full legal name}_, Respondent, being sworn, certify that the following information is true:
ANSWER TO PETITION
1. I agree with Petitioner as to the allegations raised in the following numbered paragraphs in the Petition and, therefore, admit those allegations: {indicate section and paragraph number} _
*450 2.I disagree with Petitioner as to the allegations raised in the following numbered paragraphs in the Petition and, therefore, deny those issues: {indicate section and paragraph number} _
3.I currently am unable to admit or deny the following paragraphs due to lack of information: {indicate section and paragraph number} _
COUNTERPETITION TO DETERMINE PATERNITY AND FOR RELATED RELIEF
SECTION I. PATERNITY
1. Respondent is the ( ) mother ( ) father of the following minor children):
Name Place of Birth Birth date Sex
(1)_
(2)_
(3)_
(4)-
(5)_
(6)_
2. Petitioner currently lives at: {street address, city, state}_
3.Respondent currently lives at: {street address, city, state}
4. Both parties are over the age of 18, and neither is, nor has been within a 30 day period immediately prior to this date, a person in the military service of the United States as defined by the Amended Sailors’ and Soldiers’ Civil Relief Act of 1940.
5. Neither Petitioner nor Respondent is mentally incapacitated.
6. A completed Uniform Child Custody Jurisdiction Act (UCCJA) Affidavit, Florida Supreme Court Approved Family Law Form 12.902(d), is filed with this counterpetition.
7. A completed Notice of Social Security Number, Florida Supreme Court Approved Family Law Form 12.902(j), is filed with this counterpetition.
8. A completed Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c), is, or will be, filed.
9. Paternity Facts.
[/ one only]
— a. Paternity has previously been established as a matter of law.
— b. The parties engaged in sexual intercourse with each other in the month(s) of {list month(s) and year(s)} _, at {city and state} ____ As a result of the sexual intercourse, ( ) Petitioner ( ) Respondent conceived and gave birth to the minor children) named in paragraph 1. ( ) Petitioner ( ) Respondent is the natural father of the minor children). The mother ( ) was ( ) was not married at the time of the conception and/or birth of the minor children) named in paragraph 1. If the mother was married, the name and address of her husband at the time of conception and/or birth is: __
SECTION II. CHILD CUSTODY, PARENTAL RESPONSIBILITY, AND VISITATION
*451 1.The minor child(ren) currently reside(s) with ( ) Mother ( ) Father ( ) Other: {explain}___
2.Parental Responsibility. It is in the child(ren)’s best interests that parental responsibility be:
[/ one only]
_ a. shared by both Father and Mother.
_ b. awarded solely to ( ) Father ( ) Mother. Shared parental responsibility would be detrimental to the children) because: _
3.Primary Residential Parent (Custody). It is in the best interests of the children) that the primary residential parent be ( ) Father ( ) Mother ( ) undesignated ( ) rotating because_
4.Visitation or Time Sharing. Respondent requests that the Court order:
[/ all that apply]
_ a. no visitation.
_ b. limited visitation.
_ c. supervised visitation.
_ d. supervised or third-party exchange of children).
_ e. visitation or time sharing as determined by the Court.
_ f. a visitation or time sharing schedule as follows:
Explain the requested visitation or time sharing schedule: _
Explain why this request is in the best interests of the child(ren):
Has the above visitation or time sharing schedule been agreed to by the parties?
( ) yes ( ) no
5.The minor children) should
[/ only one]
_ a. retain his/her (their) present name(s).
_ b. receive a change of name as follows:
[[Image here]]
*452 SECTION III. CHILD SUPPORT
[/ all that apply]
_ 1. Respondent requests that the court award child support as determined by Florida’s child support guidelines, section 61.30, Florida Statutes. A completed Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e), is, or will be, filed. Such support should be ordered retroactive to:
[/ one only]
— a. the date when the parents did not reside together in the same household with the child, not to exceed a period of 24 months before the date of filing of this counterpetition.
_ b. the date of the filing of this petition.
_ c. other: {date}_{Explain} _
— 2. Respondent requests that the Court award a child support amount that is more than or less than Florida’s child support guidelines. Respondent understands that a Motion to Deviate from Child Support Guidelines, Florida Supreme Court Approved Family Law Form 12.943, must be completed before the Court will consider this request.
— 3. Respondent requests that medical/dental insurance coverage for the minor child(ren) be provided by:
[/ one only]
_ a. Father.
_ b. Mother.
— 4. Respondent requests that uninsured medical/dental expenses for the children) be paid by:
[/ one only]
_ a. Father.
_ b. Mother.
_ c. Father and Mother each pay one-half.
— d. Father and Mother each pay according to the percentages in the Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e).
_ e. Other {explain}: _
— 6. Respondent requests that life insurance to secure child support be provided by: [/ one only]
— a. Father.
_ b. Mother.
_ c. Both.
— 6. ( ) Petitioner ( ) Respondent ( ) Both has (have) incurred medical expenses in the amount of $-on behalf of the minor children), including hospital and other expenses incidental to the birth of the minor children). There should be an appropriate allocation or apportionment of these expenses.
— 7. ( ) Petitioner ( ) Respondent ( ) Both has (have) received past public assistance for this (these) minor children).
RESPONDENT’S REQUEST
1. Respondent requests a hearing on this petition and understands that he or she must attend the hearing.
*453 2. Respondent requests that the Court enter an order that:
[/ all that apply]
_ a. establishes paternity of the minor children), ordering proper scientific testing, if necessary;
_ b. establishes parental responsibility, custody, and visitation of the minor children);
_ c. awards child support, including medical/dental insurance coverage, for the minor child(ren);
_ d. determines the appropriate allocation or apportionment of all expenses incidental to the birth of the child(ren), including hospital and medical expenses;
_ e. determines the appropriate allocation or apportionment of all other past, present, and future medical and dental expenses incurred or to be incurred on behalf of the minor child(ren);
_ f. changes the child(ren)’s name(s); and
_ g. other relief as follows: - __; and grants such other relief as may be appropriate and in the best interests of the minor ehild(ren).
I certify that a copy of this document was [/ one only] ( ) mailed ( ) faxed and mailed ( ) hand delivered to the person(s) listed below on {date}-
Petitioner or his/her attorney:
Name: _:-
Address: -
City, State, Zip: -
Fax Number: _
I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this answer and counterpetition and that the punishment for knowingly making a false statement includes fines and/or imprisonment.
Dated: -
Signature of Respondent/Counterpetitioner
Printed Name:_
Address: _
City, State, Zip: -
Telephone Number:-
Fax Number:-
STATE OF FLORIDA COUNTY OF_
Sworn to or affirmed and signed before me on- by
NOTARY PUBLIC or DEPUTY CLERK
[Print, type, or stamp commissioned name of notary or clerk.]
_ Personally known
_ Produced identification
Type of identification produced-
*454 IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW: [ fill in all blanks] '
I, {full legal name and trade name of nonlawyer}_, a nonlawyer, located at {street} _, {city} _, {state} _, {phone}_, helped {name} _, who is the respondent, fill out this form.
INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.983(d), ANSWER TO COUNTERPETITION
When should this form be used?
This form may be used by a petitioner to respond to the respondent’s counterpetition in a paternity case. You may use this form to admit or deny the allegations contained in the respondent’s counterpetition.'
This form should be typed or printed in black ink. After completing this form, you should sign the form before a notary public or deputy clerk. You should then file the original with the clerk of the circuit court in the county where the petition was filed and keep a copy for your records.
What should I do next?
A copy of this form must be mailed or hand delivered to the other party in your case.
If the respondent has denied that the person named in the petition is the father of the ehild(ren) and requested a scientific paternity test, you must now wait until the test is complete. You should then proceed according to the instructions in Petition to Determine Paternity and for Related Relief, Florida Supreme Court Approved Family Law Form 12.983(a).
Where can I look for more information?
Before proceeding, you should read “General Information for Self-Represented Litigants” found at the beginning of these forms. The words that are in “bold underline” in these instructions are defined there. For further information, see chapter 742, Florida Statutes.
Special notes ...
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900 (a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
FORM 12.983(d). ANSWER TO COUNTERPETITION
IN THE CIRCUIT COURT OF THE_JUDICIAL CIRCUIT, IN AND FOR_COUNTY, FLORIDA
Case No.:
Division: .
Petitioner/Counterrespondent,
and
*455 Respondent/Counterpetitioner.
ANSWER TO COUNTERPETITION
I,{full legal name} _, Petitioner/Counterrespondent, being sworn, certify that the following information is true:
1. I agree with Petitioner as to the allegations raised in the following numbered paragraphs in the Petition and, therefore, admit those allegations: {indicate section and paragraph number} -
2.I disagree with Petitioner as to the allegations raised in the following numbered paragraphs in the Petition and, therefore, deny those issues: {indicate section and paragraph number} _
3.I currently am unable to admit or deny the following paragraphs due to lack of information: {indicate section and paragraph number}-
I certify that a copy of this document was [/ one only] ( ) mailed ( ) faxed and mailed ( ) hand delivered to the person(s) listed below on {date}-
Respondent or his/her attorney:
Name: _
Address: _
City, State, Zip: -
Fax Number: -
I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this answer and that the punishment for knowingly making a false statement includes fines and/or imprisonment.
Dated: _ _ Signature of Petitioner/Counterrespondent
Printed Name: _:-
Address:-
City, State, Zip: -
Telephone Number: -
Pax Number: _
STATE OF FLORIDA COUNTY OF _
Sworn to or affirmed and signed before me on-by
NOTARY PUBLIC or DEPUTY CLERK
[Print, type, or stamp commissioned name of notary or clerk.]
_ Personally known
_ Produced identification
Type of identification produced_
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW: [ fill in all blanks]
*456 I, {full legal name and trade name of nonlawyer} _ a nonlawyer, located at {street} _, {city} {state}-, {phone} _, helped {name} who is the petitioner, fill out this form.
INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.983(e), MOTION FOR SCIENTIFIC PATERNITY TESTING
When should this form be used?
This form should be used when the mother or alleged father wants the court to order a scientific paternity test to determine the paternity of a minor child(ren).
This form should be typed or printed in black ink. After completing this form, you should sign the form before a notary public or deputy clerk. You should file the original with the clerk of the circuit court in the county where the petition was filed and keep a copy for your records.
What should I do next?
A copy of this form must be mailed or hand delivered to the other party in your case.
When you have filed this motion, you are ready to set a hearing on this motion. You should check with the clerk, family law intake staff, or judicial assistant for information on the local procedure for scheduling a hearing. When you know the date and time of your hearing, you should file a Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form. A copy of this motion and the Notice of Hearing must be mailed or hand delivered to the other party in your case.
Where can I look for more information?
Before proceeding, you should read “General Information for Self-Represented Litigants” found at the beginning of these forms. The words that are in “bold underline” in these instructions are defined there. For further information, see chapter 742, Florida Statutes.
Special notes ...
These family law forms contain an Order on Motion for Scientific Paternity Testing, Florida Supreme Court Approved Family Law Form 12.983(f), which the judge may use. You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring it with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties’ names, and leave the rest blank for the judge to complete at your hearing or trial.
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900 (a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
FORM 12.983(e). MOTION FOR SCIENTIFIC PATERNITY TESTING
IN THE CIRCUIT COURT OF THE_JUDICIAL CIRCUIT, IN AND FOR_COUNTY, FLORIDA
*457 [[Image here]]
MOTION FOR SCIENTIFIC PATERNITY TESTING
( ) Petitioner ( ) Respondent certifies that the following information is true:
1. At this time, other than testimony, very little or no substantial proof of paternity or nonpaternity is available in this action.
2. I request, under section 742.12, Florida Statutes, that the Court enter an order for appropriate scientific testing of the biological samples of Petitioner and Respondent and the minor child(ren) listed below, so that a determination of paternity of the minor child(ren) can be made to a reasonable degree of medical certainty:
Name Birth date
(1)-
(2) -
(3)-
(4) -
(5) -
(6)-
3.I request that the costs of the scientific testing initially be borne by ( ) Petitioner ( ) Respondent ( ) both Petitioner and Respondent.
I certify that a copy of this document was [/ one only] ( ) mailed ( ) faxed and mailed ( ) hand delivered to the person(s) listed below on {date}-
( ) Petitioner ( ) Respondent or his/her attorney:
Name: _
Address: _
City, State, Zip: _
Fax Number: _
Dated: _ _
Signature of Party
Printed Name: _
Address:-
City, State, Zip: -
Telephone Number:-
Pax Number:_
STATE OF FLORIDA COUNTY OF_
Sworn to or affirmed and signed before me on-by
NOTARY PUBLIC or DEPUTY CLERK
*458 [Print, type, or stamp commissioned name of notary or clerk.]
_ Personally known
_ Produced identification
Type of identification produced_
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW: [ fill in all blanks]
I, {full legal name and trade name of nonlawyer}_, a nonlawyer, located at {street} _, {city} ,_, {state} -, {phone} _, helped {name} _, who is the [/ one only]_petitioner or_respondent, fill out this form.
FORM 12.983(f). ORDER ON MOTION FOR SCIENTIFIC PATERNITY TESTING
IN THE CIRCUIT COURT OF THE_JUDICIAL CIRCUIT, IN AND FOR_COUNTY, FLORIDA
[[Image here]]
ORDER ON MOTION FOR SCIENTIFIC PATERNITY TESTING
This cause having come to be heard on {date}_, upon a motion/stipulation for scientific paternity testing, and the Court having been fully advised in the premises, it is therefore FOUND:
1. That the Court has jurisdiction over the parties and subject matter of this action.
2. [/ one only]
— a. That the natural mother of the dependent children) at issue was not married to any individual at the time of conception or birth of the children).
— b. That the natural mother of the dependent child(ren) at issue was married to an individual other than the alleged father at the time of conception or birth of said child(ren); however, a court order has determined that said individual is not the child(ren)’s father.
It is therefore ORDERED:
1. The above motion is GRANTED.
2. Petitioner, Respondent, and the minor child(ren) shall appear for the purpose of appropriate scientific paternity testing:
[/ one only]
_ a. immediately.
— b. at-a.m./p.m. on {date}_at {location}_
— c. at a time and place to be specified by the Florida Department of Revenue. Appropriate scientific paternity testing on Petitioner, Respondent, and the minor child(ren) shall be in {city} _, Florida, with at least 30 days advance written *459 notice. If the Florida Department of Revenue fails to notify the partyfies), the party(ies) shall contact the Florida Department of Revenue for further instructions.
3. The costs of the scientific paternity testing shall be assessed ( ) at a later date ( ) against Petitioner ( ) against Respondent ( ) Other {explain}-
4. The test results, together with the opinions and conclusions of the test laboratory, shall be filed with the Court. Any objection to the test results must be made in writing and must be filed with the Court at least 10 days before the hearing. If no objection is filed, the test results shall be admitted into evidence with no further predicate. Nothing in this paragraph prohibits a party from calling an outside expert witness to refute or support the testing procedure or results or the mathematical theory on which they are based.
5. Test results are admissible in evidence and should be weighed along with other evidence of the paternity of the alleged father unless the statistical probability of paternity equals or exceeds 95 percent. A statistical probability of 95 percent or more creates a rebuttable presumption that the alleged father is the biological father of the children). If the party fails to rebut the presumption of paternity, the Court may enter a summary judgment of paternity. If the test results show the alleged father cannot be the biological father, the case shall be dismissed with prejudice.
6. The Court reserves jurisdiction over the parties and the subject matter of this action to enforce the terms and provisions of this and all previous orders as well as to enter such other orders as may be just.
[[Image here]]
*460 Respondent.
FINAL JUDGMENT OF PATERNITY
This cause came before the Court upon a Petition to Determine Paternity and for Related Relief, under chapter 742, Florida Statutes. The Court having reviewed the file and heard the testimony, makes these findings of fact and reaches these conclusions of law:
1. The Court has jurisdiction of the subject matter and the parties.
2. Paternity. [/ one only] ( ) By operation of law, ( ) The Court finds that {'full legal name}_, is the natural and biological father of the minor children), listed below:
The parties’ dependent or minor child(ren) is (are):
[[Image here]]
SECTION I. CUSTODY OF AND VISITATION WITH DEPENDENT OR MINOR CHILD(REN)
1. Jurisdiction. The Court has jurisdiction to determine custody of and visitation with the parties’ minor ehild(ren) listed in paragraph 2 above.
2. Parental Responsibility for the Minor Child(ren).
[/ one only]
— a. Not adjudicated. Since no request for relief was made in this action, parental responsibility of the minor child(ren) is governed by sections 742.031 and 744.301, Florida Statutes.
— b. The parties shall have shared parental responsibility for the parties’ minor children). ( ) Mother ( ) Father shall have primary residential responsibility of the minor child(ren) and the other parent shall have secondary residential responsibility, as set forth in paragraph 3 below. OR The primary residential parent shall be ( ) undesignated ( ) rotating with time sharing for the ( ) Mother ( ) Father as set forth in paragraph 4 below.
— c. ( ) Mother ( ) Father shall have sole parental responsibility for the parties’ minor child(ren). Shared parental responsibility would be detrimental to the child(ren) at this time because: _ The other parent shall have visitation with the parties’ minor child(ren) as set forth in paragraph 3 below.
3.Secondary Residential Responsibility, Visitation or Time Sharing with Minor Child(ren). The parent granted secondary residential responsibility, visitation, or time sharing shall have:
[/ one only]
*461 _ a. reasonable visitation or time sharing with the parties’ minor child(ren) after reasonable notice and as agreed to by the parties, subject to any limitations in paragraph 5 below. The Court reserves jurisdiction to set a specific schedule.
_ b. the following specified visitation or time sharing with the parties’ minor children), subject to any limitations set out in paragraph 5 below: {specify days and times} -
_ c. no contact with the parties’ minor child(ren) until further order of the Court, due to the existing conditions that are detrimental to the welfare of the minor child(ren). {explain} _
4. Limitations on Parental Responsibility, Visitation and Time Sharing. Neither parent shall take the child(ren) from the custody of the other parent or any child care provider or other person entrusted by the other parent with the care of the child(ren) without the agreement of the other parent during the other parent’s time of parental responsibility or visitation. The above reasonable (paragraph 3.a. above) or specified (paragraph 3.b. above) visitation shall be:
[/ if applies]
_ a. supervised by a responsible adult who is mutually agreeable to the parties. If the parties cannot agree, the supervising adult shall be: {name}-
_ b. at the supervised visitation center located at: {address} - and shall be subject to the available times and rules of the supervised visitation center. The cost of such visits shall be paid by ( ) Mother ( ) Father ( ) Both.
o. Communication Arrangements for Secondary Parenting, Visitation, and Time Sharing with Child(ren).
[/ if applies]
_ The parties’ communications to arrange visitation or time sharing and discuss issues relating to the child(ren) (if shared parenting or visitation is provided in paragraph 2 above) are restricted as follows: ( ) telephone, ( ) fax, e-mail, or letter, ( ) A responsible person shall coordinate the visitation or time sharing arrangements of the minor child(ren). If the parties cannot agree, the responsible person shall be: {name} ( ) other conditions for arrangements or discussions: {explain}
6. Exchange of Minor Child(ren). The exchange of the minor children) shall be on time as scheduled and as agreed to by the parties. The following conditions, if checked below, shall also apply.
[/ all that apply]
_ a. The parties shall exchange the children) at the following location(s): _
*462 [[Image here]]
_ b. The parent granted secondary parenting, visitation, or time sharing shall not get out of the vehicle, and the other parent shall not approach the vehicle, during the time the children) are exchanged.
_ c. A responsible person shall conduct all exchanges of the ehild(ren). Neither parent shall accompany the responsible person when that person is transferring the child(ren) from one parent to the other. If the parties’ cannot agree, the responsible person shall be: {name} _
_ d. Other conditions for exchange of the child(ren) are as follows: _
7. Injunction Prohibiting Removing the Child(ren). The Court hereby prohibits and enjoins the ( ) Mother ( ) Father ( ) Both from permanently removing the minor child(ren) from the ( ) State of Florida ( ) {specify} _
without a court order or the written consent of the other party.
[[Image here]]
SECTION II. CHILD SUPPORT
1. The Court finds that there is a need for child support and that the ( ) Mother ( ) Father (hereinafter Obligor) has the present ability to pay child support. The amounts in the Child Support Guidelines Worksheet,- Florida Family Law Rules of Procedure Form 12.902(e), filed by the ( ) Mother ( ) Father are correct OR the Court makes the following findings: The Mother’s net monthly income is $_, (Child Support Guidelines_%). The Father’s net monthly income is $_, (Child Support Guidelines_%). Monthly child care costs are $_Monthly health/dental insurance costs are $_
2. Amount. Obligor shall be obligated to pay child support in the amount of $_per month payable ( ) in accordance with Obligor’s employer’s payroll cycle, and in any event at least once a month ( ) other {explain}: _ beginning {date}_, and continuing until
( ) the youngest of the minor children) reaches the age of 18, become(s) emancipated, marries, dies, or otherwise becomes self-supporting OR one of the minor children reaches the age of 18, become(s) emancipated, marries, dies, or otherwise becomes self-supporting and either party files a supplemental petition to modify child support and the court enters such an order.
OR
( ) {date/event}_,
{explain}_
*463 If the child support ordered deviates from the guidelines by more than 5%, the factual findings which support that deviation are: -
3.Arrearage/Retroactive Child Support.
[/ if applies]
_ a. There is no retroactive child support or arrearage at the time of this Final Judgment.
_ b. ( ) Mother ( ) Father ( ) both has (have) incurred medical expenses in the amount of $_on behalf of the minor children), including hospital and other expenses incidental to the birth of the minor child(ren). Petitioner shall pay-%, Respondent shall pay_%, which shall be paid as follows: ( ) added to arrearage in paragraph c below ( ) other {explain} -
_ c. The ( ) Mother ( ) Father shall pay to the other party the child support arrearage of:
$_for retroactive child support, as of {date}-$_for previously ordered unpaid child support, as of {date}_ $_for previously incurred medical expenses. The total of $_in child support arrearage shall be repaid at the rate of $_per month, payable ( ) in accordance with Obligor’s employer’s payroll cycle, and in any event at least once a month ( ) other {explain} _ beginning {date}_, until paid in full including statutory interest.
4.Insurance.
[/ all that apply]
_ a. Health/Dental Insurance. ( ) Mother ( ) Father shall be required to maintain ( ) health ( ) dental insurance coverage for the parties’ minor child(ren), so long as reasonably available. The party providing coverage shall be required to convey insurance cards demonstrating said coverage to the other party. OR ( ) Health ( ) dental insurance is not reasonably available at this time.
_ b. Reasonable and necessary uninsured medical/dental/prescription drug costs for the minor ehild(ren) shall be assessed as follows:
( ) Shared equally by both parents.
( ) Prorated according to the child support guideline percentages.
( ) Other {explain}:-
As to these uninsured medical/dental/prescription drug expenses, the party who incurs the expense shall submit request for reimbursement to the other party within 30 days, and the other party, within 30 days of receipt, shall submit the applicable reimbursement for that expense, according to the schedule of reimbursement set out in this paragraph.
5. Life Insurance (to secure payment of support). To secure the child support obligations in this judgment, ( ) Mother ( ) Father ( ) each party shall maintain life insurance coverage, in an amount of at least $_, on ( ) his life ( ) her life ( ) his/her life naming the ( ) minor children) as the beneficiary(ies) ( ) primary residential parent as the beneficiary as Trustee for the minor child(ren), so long as reasonably available. The obligation to maintain the life insurance coverage shall continue until the youngest child turns 18, becomes emancipated, marries, dies, or otherwise becomes self-supporting.
6. IRS Income Tax Exemption(s). The party granted primary residential responsibility or sole parental responsibility of the minor children) shall have the benefit of any tax exemption(s) for the children), OR, if checked here, ( ) assignment of any tax exemption(s) for the child(ren) shall be as follows: -
*464 Further, each party shall execute any and all IRS forms necessary to effectuate the provisions of this paragraph.
7. Other provisions relating to child support: _
SECTION III. METHOD OF PAYMENT
Obligor shall pay court-ordered child support/alimony and arrears, if any, as follows:
1. Central Governmental Depository.
[/ if applies]
_ a. Obligor shall pay court-ordered support directly to the Central Governmental Depository in {name} _ County, along with any depository service charge.
_ b. Both parties have requested and the court finds that it is in the best interests of the child(ren) that support payments need not be directed through the Central Governmental Depository. However, either party may subsequently apply to the depository pursuant to section 61.13(l)(d)3, Florida Statutes, to require payments through the Central Governmental Depository.
2. Income Deduction,
if applies]
_ a. Immediate. Obligor shall pay through income deduction, pursuant to a separate Income Deduction Order which shall be effective immediately. Obligor is individually responsible for paying this support obligation until all of said support is deducted from Obligor’s income. Until support payments are deducted from Obligor’s paycheck, Obligor is responsible for making timely payments directly to the Central Governmental Depository or the Obligee, as previously set forth in this order.
_ b. Deferred. Income deduction is ordered this day, but it shall not be effective until a delinquency of $_, or, if not specified, an amount equal to one month’s obligation occurs. Income deduction is not being implemented immediately based on the following findings: Income deduction is not in the best interests of the child(ren) because: {explain} _
AND
there is proof of timely payment of a previously ordered obligation without an income deduction order in eases of modification,
AND
( ) there is an agreement by the Obligor to advise the central governmental depository of any change in payor and health insurance OR ( ) there is a signed written agreement providing an alternative arrangement between the Obligor and the Obligee.
3. Bonus/one-time payments. ( ) All ( )_% ( ) No income paid in the form of a bonus or other similar one-time payment, up to the amount of any arrearage or the remaining balance thereof owed pursuant to this order, shall be forwarded to Obligee pursuant to the payment method prescribed above.
4. Other provisions relating to method of payment._
SECTION IV. CHILD(REN)’S NAME(S)
— a. There shall be no change to the child(ren)’s name(s).
_ b. It is in the child(ren)’s best interests that the child(ren)’s present name(s) shall be changed to
(1) - (1) -
(2)_ (2)_
(3)_ (3) _
*465 (4) _ (4) -
(5) _ (5) -
(6)_ (6) -
by which the minor children) shall hereafter be known.
SECTION V. ATTORNEY FEES, COSTS, AND SUIT MONEY
_ 1. ( ) Petitioner’s ( ) Respondent’s request(s) for attorney fees, costs, and suit money is (are) denied because_
_ 2. The Court finds there is a need for and an ability to pay attorney fees, costs, and suit money. ( ) Petitioner ( ) Respondent is hereby ordered to pay to the other party $_in attorney fees, and $_in costs. The Court further finds that the attorney fees awarded are based on the reasonable rate of $_per hour and _reasonable hours. Other provisions relating to attorney fees, costs, and suit money are as follows: -
_ 3. The costs of the scientific paternity testing shall be assessed ( ) against Petitioner ( ) against Respondent ( ) Other {explain}-
SECTION YI. OTHER PROVISIONS
[[Image here]]
2. The Court reserves jurisdiction to modify and enforce this Final Judgment.
ORDERED on_
CIRCUIT JUDGE
COPIES TO:
Petitioner (or his or her attorney)
Respondent (or his or her attorney)
Central Governmental Depository
_ Other:_
I CERTIFY the foregoing is a true copy of the original as it appears on file in the office of the Clerk of the Circuit Court of_County, Florida, and that I have furnished copies of this order as indicated above.
CLERK OF THE CIRCUIT COURT
(SEAL)
By: - Deputy Clerk
*466 INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.984, PETITION FOR GRANDPARENT VISITATION
When should this form be used?
This form should be used when grandparents are requesting visitation in one of the following circumstances:
• The mother and/or father of the child(ren) with whom visitation is requested are/is deceased.
• The parents of the children) with whom visitation is requested are divorced.
• The mother or father of the children) with whom visitation is requested has deserted the child(ren).
• The parents of the child were not married when the child(ren) was/were born and did not marry after the child(ren)’s birth, and paternity has been established.
This form should be typed or printed in black ink. After completing this form, you should sign the form before a notary public. You should file the original with the clerk of the circuit court in the county where the children) lives/live and keep a copy for your records.
What should I do next?
For your case to proceed, you must properly notify the other party(ies) of the petition. If you know where he and/or she lives, you must use personal service. If you absolutely do not know where he and/or she lives, you may use constructive service. However, if constructive service is used, the court may only grant limited relief, if any. For more information on constructive service, see Notice of Action for Dissolution of Marriage, Florida Supreme Court Approved Family Law Form 12.913(a), and Affidavit of Diligent Search and Inquiry, Florida Family Law Rules of Procedure Form 12.913(b). If you need to use constructive service, use the Notice of Action for Dissolution of Marriage, Florida Supreme Court Approved Family Law Form 12.913(a), striking through “for Dissolution of Marriage” and inserting “for Grandparent Visitation.” The law regarding constructive service is very complex and you may wish to consult an attorney regarding these issues.
If personal service is used, the respondents) has/have 20 days to answer after being served with your petition. Your case will then generally proceed in one of the following three ways:
DEFAULT ... If after 20 days, no answer has been filed, you may file a Motion for Default, Florida Supreme Court Approved Family Law Form 12.922(a), with the clerk of court. Then, if you have filed all of the required papers, you may call the clerk, family law intake staff, or judicial assistant to set a final hearing. You must notify the other party(ies) of the hearing by using a Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.
UNCQNTESTED ... If the respondents) file(s) an answer that agrees with everything in your petition or an answer and waiver, and you have filed all of the required papers, you may call the clerk, family law intake staff, or judicial assistant to set a final hearing. You must notify the other party(ies) of the hearing by using a Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.
*467 CONTESTED ... If the respondent(s) file(s) an answer that disagrees with or denies anything in your petition, and you are unable to settle the disputed issues, you should file a Notice for Trial, Florida Supreme Court Approved Family Law Form 12.924, after you have filed all of the required papers. Then you should contact the clerk, family law intake staff, or judicial assistant for instructions on how to set your case for trial (final hearing). Some circuits may require, the completion of mediation before a final hearing may be set.
Where can I look for more information?
Before proceeding, you should read “General Information for Self-Represented Litigants” found at the beginning of these forms. For further information, see chapter 752 and section 61.13(2)(b)2.c., Florida Statutes.
Special notes ...
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900 (a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
FORM 12.984. PETITION FOR GRANDPARENT VISITATION
IN THE CIRCUIT COURT OF THE_JUDICIAL CIRCUIT, IN AND FOR_COUNTY, FLORIDA
[[Image here]]
PETITION FOR GRANDPARENT VISITATION
I/We, {full legal namefsj} -, being sworn, certify that the following information is true:
1. This is a request for grandparent(s) visitation, under chapter 752, Florida Statutes.
2. The minor grandchildren) has (have) been living in the State of Florida within the jurisdiction of this Court.
3. I/We desire visitation with the following minor grandchild(ren).
[[Image here]]
*468 [[Image here]]
4. The [/ one only] ( ) mother ( ) father of my (our) grandchildren) is my (our) [/ one only ] ( ) son ( ) daughter. A copy of the my (our) child’s (respondent’s) birth certificate is attached.
5. [/ all that apply]:
_ a. The ( ) mother ( ) father of the grandchildren) has (have) died.
___ b. The mother and father of the grandchild(ren) are divorced.
— c. The ( ) mother ( ) father of the grandchild(ren) has (have) deserted the grandchildren).
_ d. The parents were not married when the grandchild(ren) was (were) born and did not marry after the grandchild(ren)’s birth, and paternity has been established.
6. I/We are requesting the following visitation: {explain} _
7. It is in the best interests of the grandchild(ren) that the grandparent(s) be allowed reasonable rights of visitation with the grandchildren). This is in the grandchild(ren)’s best interests because: {explain} _
I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this petition and that the punishment for knowingly making a false statement includes fines and/or imprisonment.
Dated: _ _
Signature of Grandparent
Printed Name: _
Address:_
City, State, Zip: _
Telephone Number: _
Fax Number:_
STATE OF FLORIDA COUNTY OF_
Sworn to or affirmed and signed before me on_by
NOTARY PUBLIC or DEPUTY CLERK
[Print, type, or stamp commissioned name of notary or clerk.]
_ Personally known
_ Produced identification
Type of identification produced_
*469 IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW: [ fill in all blanks]
I, {full legal name and trade name of nonlaivyer} -:-, a nonlawyer, located at {street} -, {city} -, {state} _, {phone} _, helped {name} -, who is the (one of the) petitíoner(s), fill out this form.
I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this petition and that the punishment for knowingly making a false statement includes fines and/or imprisonment.
Dated: _ _
Signature of Grandparent
Printed Name:_
Address:_
City, State, Zip:_
Telephone Number:_
Fax Number:_
STATE OF FLORIDA COUNTY OF_
Sworn to or affirmed and signed before me on_by
NOTARY PUBLIC — STATE OF FLORIDA
[Print, type, or stamp commissioned name of notary.]
_ Personally known
_ Produced identification
Type of identification produced_
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW: [ fill in all blanks]
I, {full legal name and trade name of nonlawyer} -- a nonlawyer, located at {street} _, {city}-, {state} _, {phone}_, helped {name} -, who is the (one of the) petitioner(s), fill out this form.
FORM 12.990(a). FINAL JUDGMENT OF SIMPLIFIED DISSOLUTION OF MARRIAGE
IN THE CIRCUIT COURT OF THE_JUDICIAL CIRCUIT, IN AND FOR_COUNTY, FLORIDA
[[Image here]]
FINAL JUDGMENT OF SIMPLIFIED DISSOLUTION OF MARRIAGE
*470 This cause came before this Court for a hearing on the parties’ Petition for Simplified Dissolution of Marriage. The Court, having reviewed the file and heard the testimony, makes these findings of fact and reaches these conclusions of law:
1. The Court has jurisdiction over the subject matter and the parties.
2. At least one party has been a resident of the State of Florida for more than 6 months immediately before filing the Petition for Simplified Dissolution of Marriage.
3. The parties have no minor or dependent children in common, and the wife is not pregnant.
4. The marriage between the parties is irretrievably broken. Therefore, the marriage between the parties is dissolved, and the parties are restored to the status of being single.
5. Marital Settlement Agreement.
[/ one only]
_ a. The parties have voluntarily entered into a Marital Settlement Agreement,
and each has filed the required Financial Affidavit. Therefore, the Marital Settlement Agreement is filed as “Exhibit A” in this case and is ratified and made a part of this final judgment. The parties are ordered to obey all of its provisions. — b. There is no marital property or marital debts to divide, as the parties previously have divided all of their personal property. Therefore, each is awarded the personal property he or she presently has in his or her possession. Each party shall be responsible for any debts in his or her own name.
6. ( ) yes ( ) no The wife’s former name of {full legal name} _ is restored.
7. The Court reserves jurisdiction to enforce the marital settlement agreement.
ORDERED on_
CIRCUIT JUDGE
COPIES TO:
Petitioner (or his or her attorney)
Respondent (or his or her attorney)
Other:_
FORM 12.990(b)(1). FINAL JUDGMENT OF DISSOLUTION OF MARRIAGE WITH MINOR CHILD(REN) (UNCONTESTED)
IN THE CIRCUIT COURT OF THE_JUDICIAL CIRCUIT, IN AND FOR_COUNTY, FLORIDA
[[Image here]]
*471 FINAL JUDGMENT OF DISSOLUTION OF MARRIAGE WITH MINOR CHILD(REN) (UNCONTESTED)
This cause came before this Court for a hearing on a Petition for Dissolution of Marriage. The Court, having reviewed the file and heard the testimony, makes these findings of fact and reaches these conclusions of law:
1. The Court has jurisdiction over the subject matter and the parties.
2. At least one party has been a resident of the State of Florida for more than 6 months immediately before filing the Petition for Dissolution of Marriage.
3. The marriage between the parties is irretrievably broken. Therefore, the marriage between the parties is dissolved, and the parties are restored to the status of being single.
4. Marital Settlement Agreement. The parties have voluntarily entered into a Marital Settlement Agreement, and each has filed .the required Family Law Financial Affidavit. Therefore, the Marital Settlement Agreement is filed as “Exhibit A” in this, case and is ratified and made a part of this final judgment. The parties are ordered to obey all of its provisions.
5. The Court finds that the parties have the present ability to pay support as agreed to in the marital settlement agreement as ratified and made part of this final judgment.
6. ( ) yes ( ) no The wife’s former name of {full legal name}_is restored.
7. The Court reserves jurisdiction to modify and enforce this final judgment.
ORDERED on_
CIRCUIT JUDGE
COPIES TO:
Petitioner (or his or her attorney)
Respondent (or his or her attorney)
Other:_
FORM 12.990(b)(2). FINAL JUDGMENT OF DISSOLUTION OF MARRIAGE WITH PROPERTY BUT NO DEPENDENT OR MINOR CHILD(REN) (UNCONTESTED)
IN THE CIRCUIT COURT OF THE_JUDICIAL CIRCUIT, IN AND FOR_COUNTY, FLORIDA
[[Image here]]
FINAL JUDGMENT OF DISSOLUTION OF MARRIAGE WITH PROPERTY BUT NO DEPENDENT OR MINOR CHILD(REN) (UNCONTESTED)
*472 This cause came before this Court for a hearing on a Petition for Dissolution of Marriage. The Court, having reviewed the file and heard the testimony, makes these findings of fact and reaches these conclusions of law:
1. The Court has jurisdiction over the subject matter and the parties.
2. At least one party has been a resident of the State of Florida for more than 6 months immediately before filing the Petition for Dissolution of Marriage.
3. The parties have no minor or dependent children in common, and the wife is not pregnant.
4. The marriage between the parties is irretrievably broken. Therefore, the marriage between the parties is dissolved, and the parties are restored to the status of being single.
5. Marital Settlement Agreement. The parties have voluntarily entered into a Marital Settlement Agreement, and each has filed the required Family Law Financial Affidavit. Therefore, the Marital Settlement Agreement is filed as “Exhibit A” in this case and is ratified and made a part of this final judgment. The parties are ordered to obey all of its provisions.
6. The Court finds that the parties have the present ability to pay support as agreed to in the marital settlement agreement as ratified and made part of this final judgment.
7. ( ) yes ( ) no The wife’s former name of {full legal name}_is restored.
8. The Court reserves jurisdiction to enforce this final judgment.
ORDERED on_
CIRCUIT JUDGE
COPIES TO:
Petitioner (or his or her attorney)
Respondent (or his or her attorney)
Other: ■_
FORM 12.990(b)(3). FINAL JUDGMENT OF DISSOLUTION OF MARRIAGE WITH NO PROPERTY OR DEPENDENT OR MINOR CHILD(REN) (UNCONTESTED)
IN THE CIRCUIT COURT OF THE_JUDICIAL CIRCUIT, IN AND FOR_COUNTY, FLORIDA
[[Image here]]
*473 FINAL JUDGMENT OF DISSOLUTION OF MARRIAGE WITH NO PROPERTY OR DEPENDENT OR MINOR CHILD(REN) (UNCONTESTED)
This cause came before this Court for a hearing on a Petition for Dissolution of Marriage. The Court, having reviewed the file and heard the testimony, makes these findings of fact and reaches these conclusions of law:
1. The Court has jurisdiction over the subject matter and the parties.
2. At least one party has been a resident of the State of Florida for more than 6 months immediately before filing the Petition for Dissolution of Marriage.
3. The parties have no minor or dependent children in common, and the wife is not pregnant.
4. The marriage between the parties is irretrievably broken. Therefore, the marriage between the parties is dissolved, and the parties are restored to the status of being single.
5. There is no marital property or marital debts to divide, as the parties have previously divided all of their personal property. Therefore, each is awarded the personal property he or she presently has in his or her possession. Each party shall be responsible for any debts in his or her own name.
6. ( ) yes ( ) no The wife’s former name of {full legal name}-is restored.
7. The Court reserves jurisdiction to enforce this judgment.
[[Image here]]
FINAL JUDGMENT OF DISSOLUTION OF MARRIAGE WITH DEPENDENT OR MINOR CHILD(REN)
*474 This cause came before this Court for a trial on a Petition for Dissolution of Marriage. The Court, having reviewed the file and heard the testimony, makes these findings of fact and reaches these conclusions of law:
1. The Court has jurisdiction over the subject matter and the parties.
2. At least one party has been a resident of the State of Florida for more than 6 months immediately before filing the Petition for Dissolution of Marriage.
3. The marriage between the parties is irretrievably broken. Therefore, the marriage between the parties is dissolved, and the parties are restored to the status of being single.
SECTION I. MARITAL ASSETS AND LIABILITIES
A. Date of Valuation of Property. The assets and liabilities listed below are divided as indicated. The date of valuation of these assets and liabilities is, unless otherwise indicated:
_ a. date of filing petition for dissolution of marriage_
_ b. date of separation_
_ c. date of divorce trial_
B. Division of Assets.
1. The assets listed below are nonmarital assets. Each party shall keep, as his or her own, the assets found to be nonmarital, and the other party shall have no further rights or responsibilities regarding these assets.
[[Image here]]
*475 [[Image here]]
Division of Liabilities/Debts.
The liabilities listed below are nonmarital liabilities and, therefore, are owed as indicated. Each party shall owe, as his or her own, the liabilities found to be nonmarital, and the other party shall have no responsibilities regarding these debts.
[[Image here]]
*476 [[Image here]]
SECTION II. EXCLUSIVE USE AND POSSESSION OF HOME
[/ all that apply]
*477 _ 1. ( ) Petitioner ( ) Respondent, as a condition of support, shall have exclusive use and possession of the dwelling located at: -until {date or event} -
_ 2. ( ) Petitioner ( ) Respondent may make visits to the premises described in the paragraph above for the purpose of obtaining any items awarded in this Final Judgment. These visits shall occur after notice to the person granted exclusive use and possession of the dwelling and at the earliest convenience of both parties or as ordered in paragraph 4 below.
_ 3. Upon the termination of the right of exclusive use and possession, the dwelling shall be sold and the net proceeds divided_% to Petitioner and-% to Respondent, with the following credits and/or setoffs being allowed: -
_ 4. Other:
SECTION III. CUSTODY OF AND VISITATION WITH DEPENDENT OR MINOR CHILD(REN)
1. Jurisdiction. The Court has jurisdiction to determine custody of and visitation with the parties’ minor child(ren) listed in paragraph 2 below.
2. The parties’ dependent or minor child(ren) is (are):
[[Image here]]
3.Parental Responsibility for the Minor Child(ren).
[/ one only]
_ a. The parties shall have shared parental responsibility for the parties’ minor child(ren). ( ) Mother ( ) Father shall have primaiy residential responsibility of the minor child(ren) and the other parent shall have secondary residential responsibility, as set forth in paragraph 4 below. OR The primary residential parent shall be ( ) undesignated ( ) rotating with time sharing for the ( ) Mother ( ) Father as set forth in paragraph 4 below.
_ b. ( ) Mother ( ) Father shall have sole parental responsibility for the parties’ minor child(ren). Shared parental responsibility would be detrimental to the ehild(ren) at this time because: The other parent shall have visitation with the parties’ minor children) as set forth in paragraph 4 below.
4.Secondary Residential Responsibility, Visitation, or Time Sharing with Minor Child(ren). The parent granted secondary residential responsibility, visitation, or time sharing shall have:
*478 [/ one only]
— a. reasonable visitation or time sharing with the parties’ minor children) after reasonable notice and as agreed to by the parties, subject to any limitations in paragraph 5 below. The Court reserves jurisdiction to set a specific schedule.
— b. the following specified visitation or time sharing with the parties’ minor child(ren), subject to any limitations set out in paragraph 5 below: {specify days and times} _
- c. no contact with the parties’ minor child(ren) until further order of the Court, due to the existing conditions that are detrimental to the welfare of the minor child(ren). {explain} _
5. Limitations on Parental Responsibility, Visitation, and Time Sharing. Neither parent shall take the children) from the custody of the other parent or any child care provider or other person entrusted by the other parent with the care of the child(ren) without the agreement of the other parent during the other parent’s time of parental responsibility or visitation. The above reasonable (paragraph 4.a. above) or specified (paragraph 4.b. above) visitation shall be:
[/ if applies]
— a. supei-vised by a responsible adult who is mutually agreeable to the parties. If the parties cannot agree, the supervising adult shall be: {name}_
— b. at the supervised visitation center located at: {address} _ subject to the available times and rules of the supervised visitation center. The cost of such visits shall be paid by ( ) Mother ( ) Father ( ) Both.
6. Communication Arrangements for Secondary Parenting, Visitation, and Time Sharing with Child(ren).
[/ if applies]
— The parties’ communications to arrange visitation or time sharing and discuss issues relating to the child(ren) (if shared parenting or visitation is provided in paragraph 3 above) are restricted as follows: ( ) telephone, ( ) fax, e-mail, or letter, ( ) A responsible person shall coordinate the visitation or time sharing arrangements of the minor children). If the parties cannot agree, the responsible person shall be: {name} -( ) other conditions for arrangements or discussions: {explain} _
7. Exchange of Minor Child(ren). The exchange of the minor children) shall be on time as scheduled and as agreed to by the parties. The following conditions, if checked below, shall also apply.
[/ all that apply]
— a. The parties shall exchange the children) at the following location(s): _
— b. The parent granted secondary parenting,.visitation, or time sharing shall not get out of the vehicle, and the other parent shall not approach the vehicle, during the time the children) are exchanged.
— c. A responsible person shall conduct all exchanges of the child(ren). Neither parent shall accompany the responsible person when that person is transferring the children) *479 from one parent to the other. If the parties’ cannot agree, the responsible person shall be: {name} -
_ d. Other conditions for exchange of the child(ren) are as follows: _
_ 8. Injunction Prohibiting Removing the Child(ren). The Court hereby prohibits and enjoins the ( ) Mother ( ) Father ( ) Both from permanently removing the minor children) from the ( ) State of Florida ( ) {specify} - without a court order or the written consent of the other party.
[[Image here]]
SECTION IV. ALIMONY
1. ( ) The Court denies the request(s) for alimony OR
( ) The Court finds that there is a need for, and that ( ) Petitioner ( ) Respondent (hereinafter Obligor) has/had the present ability to pay, alimony as follows:
[/ all that apply]
_ a. Permanent Periodic. Obligor shall pay permanent periodic alimony to Obligee in the amount of $_per month, payable ( ) in accordance with Obligor’s employer’s payroll cycle, and in any event, at least once a month ( ) other {explain} _ beginning {date}_This alimony shall continue until modified by court order, the death of either party, or remarriage of Obligee, whichever occurs first.
_ b. Lump Sum. Obligor shall pay lump sum alimony to Obligee in the amount of $_This amount shall be paid as follows: -
_ c. Rehabilitative. Obligor shall pay rehabilitative alimony to Obligee in the amount of $_per month, payable ( ) in accordance with Obligor’s employer’s payroll cycle, and in any event, at least once a month ( ) other {explain} - beginning {date}_This rehabilitative alimony shall continue until modified by court order, the death of either party or until {date/event} _, whichever occurs first. The rehabilitative plan presented demonstrated the following:
_ d. Retroactive. Obligor shall pay retroactive alimony in the amount of $_for the period of {date}_, through {date}_, which shall be paid pursuant to paragraph 3 below.
2. Reasons for ( ) Awarding ( ) Denying Alimony. The Court has considered all of the following in awarding^denying alimony:
a. The standard of living established during the marriage;
b. The duration of the marriage;
c. The age and the physical and emotional condition of each party;
*480 d. The financial resources of each party, the nonmarital and the marital assets and liabilities distributed to each;
e. The contribution of each party to the marriage, including, but not limited to, services rendered in homemaking, child care, education, and career building of the other party; and
f. All sources of income available to either party.
[[Image here]]
□ Check here if additional pages are attached.
3.Arrearage/Retroactive Alimony.
[/ one only]
_ a. There is no alimony arrearage at the time of this Final Judgment.
_ b. The ( ) Petitioner ( ) Respondent shall pay to the other party the alimony arrearage of: $_ for retroactive alimony, as of {date}_$_for previously ordered unpaid alimony, as of {date}_The total of $_ in alimony arrearage shall be repaid in the amount of $_per month, payable ( ) in accordance with Obligor’s employer’s payroll cycle, and in any event at least once a month ( ) other {explain} _ beginning {date}_, until paid in full including statutory interest.
4. Insurance.
[/ all that apply]
_ a. Health Insurance. ( ) Petitioner ( ) Respondent shall be required to pay health insurance premiums for the other party not to exceed $_per month. Further, ( ) Petitioner ( ) Respondent shall pay any reasonable and necessary uninsured medical costs for the other party not to exceed $_ per year. As to these uninsured medical expenses, the party who is entitled to reimbursement of the uninsured medical expense shall submit request for reimbursement to the other party within 30 days, and the other party shall, within 30 days after receipt, submit the applicable reimbursement for that expense.
_ b. Life Insurance (to secure payment of support). To secure the alimony obligations set forth in this judgment, Obligor shall maintain life insurance coverage on his/her life naming Obligee as the sole irrevocable beneficiary, so long as reasonably available. This insurance shall be in the amount of at least $_and shall remain in effect until the obligation for alimony terminates.
5. Other provisions relating to alimony: _
SECTION V. CHILD SUPPORT
1. The Court finds that there is a need for child support and that the ( ) Mother ( ) Father (hereinafter Obligor) has the present ability to pay child support. The amounts in the Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e), filed by the ( ) Mother ( ) Father are correct OR the Court makes the following findings: The Mother’s net monthly income is $_, (Child Support Guidelines_%). The Father’s net monthly income is $_, (Child Support Guidelines_%). Monthly child care costs are $_Monthly health/dental insurance costs are $_
*481 2.Amount. Obligor shall be obligated to pay child support in the amount of $-, per month payable ( ) in accordance with Obligor’s employer’s payroll cycle, and in any event at least once a month ( ) other {explain}: - beginning {date}_, and continuing until
( ) the youngest of the minor children) reaches the age of 18, become(s) emancipated, marries, dies, or otherwise becomes self-supporting OR one of the minor children reaches the age of 18, become(s) emancipated, marries, dies, or otherwise becomes self-supporting and either party files a supplemental petition to modify child support and the court enters such an order.
OR
( ) {date/event} -,
{explain}-
If the child support ordered deviates from the guidelines by more than 5%, the factual findings which support that deviation are: -
3.Arrearage/Retroactive Child Support.
[/ one only]
_ a. There is no child support arrearage at the time of this Final Judgment.
_ b. The ( ) Mother ( ) Father shall pay to the other party the child support arrearage of: $_for retroactive child support, as of {date}_$_for previously ordered unpaid child support, as of {date}_The total of $_in child support arrearage shall be repaid in the amount of $_per month, payable ( ) in accordance with Obligor’s employer’s payroll cycle, and in any event at least once a month ( ) other {explain} - beginning {date}_, until paid in full including statutory interest.
4.Insurance.
[/ all that apply]
_ a. Health/Dental Insurance. ( ) Mother ( ) Father shall be required to maintain ( ) health ( ) dental insurance coverage for the parties’ minor children), so long as reasonably available. The party providing coverage shall be required to convey insurance cards demonstrating said coverage to the other party. OR ( ) Health ( ) dental insurance is not reasonably available at this time.
_ b. Reasonable and necessary uninsured medical/dental/prescription drug costs for
the minor children) shall be assessed as follows:
( ) Shared equally by both parents.
( ) Prorated according to the child support guideline percentages.
( ) Other {explain}: - As to these uninsured medical/dental/prescription drug expenses, the party who incurs the expense shall submit request for reimbursement to the other party within 30 days, and the other party, within 30 days of receipt, shall submit the applicable reimbursement for that expense, according to the schedule of reimbursement set out in this paragraph.
_ 5. Life Insurance (to secure payment of support). To secure the child support obligations in this judgment, ( ) Petitioner ( ) Respondent ( ) Each party shall maintain life insurance coverage, in an amount of at least $-, on ( ) his life ( ) her life ( ) his/her life naming the ( ) minor child(ren) as the beneficiary(ies) ( ) primary residential parent as the beneficiary as Trustee for the minor child(ren), so long as reasonably available. The obligation to maintain the life insurance coverage shall *482 continue until the youngest child turns 18, becomes emancipated, marries, dies, or otherwise becomes self-supporting.
6. IRS Income Tax Exemption(s). The party granted primary residential responsibility or sole parental responsibility of the minor child(ren) shall have the benefit of any tax exemption(s) for the child(ren), OR, if checked here, ( ) assignment of any tax exemption(s) for the child(ren) shall be as follows: _ Further, each party shall execute any and all IRS forms necessary to effectuate the provisions of this paragraph.
7. Other provisions relating to child support: _
SECTION VI. METHOD OF PAYMENT
Obligor shall pay court-ordered child supporValimony and arrears, if any, as follows:
1. Central Governmental Depository.
[/ if applies]
— a. Obligor shall pay court-ordered support directly to the Central Governmental Depository in {name} _ County, along with any depository service charge.
— b. Both parties have requested and the court finds that it is in the best interests of the children) that support payments need not be directed through the Central Governmental Depository. However, either party may subsequently apply to the depository pursuant to section 61.13(l)(d)3, Florida Statutes, to require payments through the Central Governmental Depository.
2. Income Deduction.
[/ if applies]
— a. Immediate. Obligor shall pay through income deduction, pursuant to a separate Income Deduction Order which shall be effective immediately. Obligor is individually responsible for paying this support obligation until all of said support is deducted from Obligor’s income. Until support payments are deducted from Obligor’s paycheck, Obligor is responsible for making timely payments directly to the Central Governmental Depository or the Obligee, as previously set forth in this order,
— b. Deferred. Income deduction is-ordered this day, but it shall not be effective until a delinquency of $-, or, if not specified, an amount equal to one month’s obligation occurs. Income deduction is not being implemented immediately based on the following findings: Income deduction is not in the best interests of the child(ren) because: {explain} _
AND
there is proof of timely payment of a previously ordered obligation without an income deduction order in cases of modification,
AND
( ) there is an agreement by the Obligor to advise the central governmental depository of any change in payor and health insurance OR ( ) there is a signed written agreement providing an alternative arrangement between the Obligor and the Obligee.
3.Bonus/one-time payments. ( ) All ( )_% ( ) No income paid in the form of a bonus or other similar one-time payment, up to the amount of any arrearage or the remaining balance thereof owed pursuant to this order, shall be forwarded to Obligee pursuant to the payment method prescribed above.
*483 4. Other provisions relating to method of payment.
SECTION VII. ATTORNEY FEES, COSTS, AND SUIT MONEY
_ 1. ( ) Petitioner’s ( ) Respondent’s request(s) for attorney fees, costs, and suit money is (are) denied because-:-
_ 2. The Court finds there is a need for and an ability to pay attorney fees, costs, and suit money. ( ) Petitioner ( ) Respondent is hereby ordered to pay to the other party $_in attorney fees, and $_in costs. The Court further finds that the attorney fees awarded are based on the reasonable rate of $_per hour and _reasonable hours. Other provisions relating to attorney fees, costs, and suit money are as follows: .-
SECTION VIII. OTHER PROVISIONS
1. Former Name. The wife’s former name of {full name}-is restored.
2. Other Provisions. -
3.The Court reserves jurisdiction to modify and enforce this Final Judgment.
[[Image here]]
*484 FINAL JUDGMENT OF DISSOLUTION OF MARRIAGE WITH PROPERTY BUT NO DEPENDENT OR MINOR CHILD(REN)
This cause came before this Court for a trial on a Petition for Dissolution of Marriage. The Court, having reviewed the file and heard the testimony, makes these findings of fact and reaches these conclusions of law:
1. The Court has jurisdiction over the subject matter and the parties.
2. At least one party has been a resident of the State of Florida for more than 6 months immediately before filing the Petition for Dissolution of Marriage.
3. The parties have no minor children in common, and the wife is not pregnant.
4. The marriage between the parties is irretrievably broken. Therefore, the marriage between the parties is dissolved and the parties are restored to the status of being single.
SECTION I. MARITAL ASSETS AND LIABILITIES
A. Date of Valuation of Property. The assets and liabilities listed below are divided as indicated. The date of valuation of these assets and liabilities is, unless otherwise indicated:
— a. date of filing petition for dissolution of marriage_
— b. date of separation_
— c. date of divorce trial_
Division of Assets.
The assets listed below are nonmarital assets. Each party shall keep, as his or her own, the assets found to be nonmarital, and the other party shall have no further rights or responsibilities regarding these assets.
[[Image here]]
2. The assets listed below are marital assets. Each party shall keep, as his or her own, the assets awarded in this section, and the other party shall have no further rights or responsibilities regarding these assets. Any personal item(s) not listed below are awarded to the party currently in possession or control of the item(s).
[[Image here]]
*485 [[Image here]]
Division of Liabilities/Debts. O
The liabilities listed below are nonmarital liabilities and, therefore, are owed as indicated. Each party shall owe, as his or her own, the liabilities found to be nonmarital, and the other party shall have no responsibilities regarding these debts. i-
LIABILITIES: DESCRIPTION OF DEBT(S) Current Wife’s Husband’s (Describe each item as clearly as possible. Amount Nonmarital Nonmarital You do not need to list account numbers.) Owed Liability Liability
*486 [[Image here]]
2. The liabilities listed below are marital liabilities and are divided as indicated. Each party shall hold the other party harmless and pay, as his or her own, the marital liabilities awarded below.
[[Image here]]
D. Contingent assets and liabilities will be divided as follows:
E. The distribution of assets and liabilities in this final judgment is equitable; if each party does not receive approximately one-half, the distribution is based on the following facts and reasoning: _
*487 [[Image here]]
SECTION II. EXCLUSIVE USE AND POSSESSION OF HOME
[/ all that apply]
_ 1. ( ) Petitioner ( ) Respondent, as a condition of support, shall have exclusive use and possession of the dwelling located at: -:- until {date or event} -
_ 2. ( ) Petitioner ( ) Respondent may make visits to the premises described in the paragraph above for the purpose of obtaining any items awarded in this Final Judgment. These visits shall occur after notice to the person granted exclusive use and possession of the dwelling and at the earliest convenience of both parties or as ordered in paragraph 4 below.
_ 3. Upon the termination of the right of exclusive use and possession, the dwelling shall be sold and the net proceeds divided_% to Petitioner and_% to Respondent, with the following credits and/or setoffs being allowed: _
_ 4. Other:
SECTION III. ALIMONY
1. ( ) The Court denies the request(s) for alimony OR
( ) The Court finds that there is a need for, and that ( ) Petitioner ( ) Respondent (hereinafter Obligor) has/had the present ability to pay, alimony as follows:
[/ all that apply]
_ a. Permanent Periodic. Obligor shall pay permanent periodic alimony to Obligee in the amount of $_ per month, payable ( ) in accordance with Obligor’s employer’s payroll cycle, and in any event, at least once a month ( ) other {explain} beginning {date}_This alimony shall continue until modified by court order, the death of either party, or remarriage of Obligee, whichever occurs first.
_ b. Lump Sum. Obligor shall pay lump sum alimony to Obligee in the amount of $ This amount shall be paid as follows:
_ c. Rehabilitative. Obligor shall pay rehabilitative alimony to Obligee in the amount of $_per month, payable ( ) in accordance with Obligor’s employer’s payroll cycle, and in any event, at least once a month ( ) other {explain} - beginning {date}_This rehabilitative alimony shall continue until modified by court order, the death of either party or until {date/event} -, whichever occurs first. The rehabilitative plan presented demonstrated the following:
_ d. Retroactive. Obligor shall pay retroactive alimony in the amount of $-for the period of {date}_, through {date}_, which shall be paid pursuant to paragraph 3 below.
*488 2.Reasons for ( ) Awarding ( ) Denying Alimony. The Court has considered all of the following in awarding/denying alimony:
a. The standard of living established during the marriage;
b. The duration of the marriage;
c. The age and the physical and emotional condition of each party;
d. The financial resources of each party, the nonmarital and the marital assets and liabilities distributed to each;
e. The contribution of each party to the marriage, including, but not limited to, services rendered in homemaking, child care, education, and career building of the other party; and
f. All sources of income available to either party. Additionally, the Court has considered the following factors in reaching its decision:
□ Check here if additional pages are attached.
3.Arrearage/Retroactive Alimony.
[/ one only]
— a. There is no alimony arrearage at the time of this Final Judgment.
— b. The ( ) Petitioner ( ) Respondent shall pay to the other party the alimony arrearage . of: $_ for retroactive alimony, as of {date}_ $_for previously ordered unpaid alimony, as of {date}_The total of $-in alimony arrearage shall be repaid in the amount of $_per month, payable ( ) in accordance with Obligor’s employer’s payroll cycle, and in any event at least once a month ( ) other {explain} _ beginning {date}_, until paid in full including statutory interest.
4. Insurance.
[/ all that apply]
— a. Health Insurance. ( ) Petitioner ( ) Respondent shall be required to pay health insurance premiums for the other party not to exceed $_per month. Further, ( ) Petitioner ( ) Respondent shall pay any reasonable and necessary uninsured medical costs for the other party not to exceed $_per year. As to these uninsured medical expenses, the party who is entitled to reimbursement of the uninsured medical expense shall submit request for reimbursement to the other party within 30 days, and the other party shall, within 30 days after receipt, submit the applicable reimbursement for that expense.
— b. Life Insurance (to secure payment of support). To secure the alimony obligations set forth in this judgment, Obligor shall maintain life insurance coverage on his/her life naming Obligee as the sole irrevocable beneficiary, so long as reasonably available. This insurance shall be in the amount of at least $_and shall remain in effect until the obligation for alimony terminates.
5. Other provisions relating to alimony: _
SECTION IV. METHOD OF PAYMENT
Obligor shall pay court-ordered alimony and arrears, if any¡ as follows:
1. Central Governmental Depository.
[/ if applies]
*489 _ a. Obligor shall pay court-ordered support directly to the Central Governmental Depository in {name}_County, along with any depository service charge.
_ b. Both parties have requested and the court finds that support payments need not be directed through the Central Governmental Depository. However, either party may subsequently apply to the depository pursuant to section 61.13(l)(d)3, Florida Statutes, to require payments through the Central Governmental Depository.
2. Income Deduction.
[/ if applies]
_ a. Immediate. Obligor shall pay through income deduction, pursuant to a separate Income Deduction Order which shall be effective immediately. Obligor is individually responsible for paying this support obligation until all of said support is deducted from Obligor’s income. Until support payments are deducted from Obligor’s paycheck, Obligor is responsible for making timely payments directly to the Central Governmental Depository or the Obligee, as previously set forth in this order.
_ b. Deferred. Income Deduction is ordered this day, but it shall not be effective until a delinquency of $_, or, if not specified, an amount equal to one month’s obligation occurs. Income deduction is not being implemented immediately based on the following findings: There are no minor or dependent child(ren) common to the parties,
AND
there is proof of timely payment of a previously ordered obligation without an income deduction order in cases of modification,
AND
( ) there is an agreement by the Obligor to advise the central governmental depository of any change in payor and health insurance OR ( ) there is a signed written agreement providing an alternative arrangement between the Obligor and the Obligee.
3. Bonus/one-time payments. ( ) All ( )_% ( ) No income paid in the form of a bonus or other similar one-time payment, up to the amount of any arrearage or the remaining balance thereof owed pursuant to this order, shall be forwarded to Obligee pursuant to the payment method prescribed above.
4. Other provisions relating to method of payment.-
SECTION V. ATTORNEY FEES, COSTS, AND SUIT MONEY
_ 1. ( ) Petitioner’s ( ) Respondent’s request(s) for attorney fees, costs, and suit money is (are) denied because-
_ 2. The Court finds there is a need for and an ability to pay attorney fees, costs, and suit money. ( ) Petitioner ( ) Respondent is hereby ordered to pay to the other party $_in attorney fees, and $_in costs. The Court further finds that the attorney fees awarded are based on the reasonable rate of $_per hour and-reasonable hours. Other provisions relating to attorney fees, costs, and suit money are as follows:
SECTION VI. OTHER PROVISIONS
1. Former Name. The wife’s former name of {full name}-is restored.
2. Other Provisions. -
*490 3. The Court reserves jurisdiction to modify and enforce this Final Judgment.
[[Image here]]
FORM 12.993(a). SUPPLEMENTAL FINAL JUDGMENT MODIFYING PARENTAL RESPONSIBILITY/VISITATION
[[Image here]]
SUPPLEMENTAL FINAL JUDGMENT MODIFYING PARENTAL RESPONSIBILITY/VISITATION
This cause came before this Court on a Supplemental Petition for Modification of Parental Responsibility and Visitation. The Court, having reviewed the file, heard the testimony, and being otherwise fully advised, makes these findings of fact and reaches these conclusions of law:
SECTION I. FINDINGS
1. The Court has jurisdiction over the subject matter and the parties.
2. The last order establishing or modifying parental responsibility or visitation was entered on {date}_
3. There has been a substantial change in circumstances of the parties since the entry of the last order, specifically: _
4. It is in the best interests of the minor children) that the current parental responsibility/visitation order be changed because: _
*491 [[Image here]]
SECTION II. CUSTODY OF AND VISITATION WITH DEPENDENT OR MINOR CHILD(REN)
1. Jurisdiction. The Court has jurisdiction to determine custody of and visitation with the parties’ minor child(ren) listed in paragraph 2 below.
2. The parties’ dependent or minor child(ren) is (are):
[[Image here]]
3.Parental Responsibility for the Minor Child(ren).
[/ one only]
_ a. The parties shall have shared parental responsibility for the parties’ minor child(ren).
( ) Mother ( ) Father shall have primary residential responsibility of the minor child(ren) and the other parent shall have secondary residential responsibility, as set forth in paragraph 4 below. OR The primary residential parent shall be ( ) undesig-nated ( ) rotating with time sharing for the ( ) Mother ( ) Father as set forth in paragraph 4 below.
_ b. ( ) Mother ( ) Father shall have sole parental responsibility for the parties’ minor child(ren).
Shared parental responsibility would be detrimental to the child(ren) at this time because: The other parent shall have visitation with the parties’ minor ehild(ren) as set forth in paragraph 4 below.
4.Secondary Residential Responsibility, Visitation, or Time Sharing with Minor Child(ren). The parent granted secondary residential responsibility, visitation, or time sharing shall have:
[/ one only]
_ a. reasonable visitation or time sharing with the parties’ minor child(ren) after reasonable notice and as agreed to by the parties, subject to any limitations in paragraph 5 below. The Court reserves jurisdiction to set a specific schedule.
_ b. the following specified visitation or time sharing with the parties’ minor child(ren), subject to any limitations set out in paragraph 5 below: {specify days and times} -
_ e. no contact with the parties’ minor child(ren) until further order of the Court, due to the existing conditions that are detrimental to the welfare of the minor child(ren). {explain} -
*492 [[Image here]]
5. Limitations on Parental Responsibility, Visitation or Time Sharing. Neither parent shall take the child(ren) from the custody of the other parent or any child care provider or other person entrusted by the other parent with the care of the children) without the agreement of the other parent during the other parent’s time of parental responsibility or visitation. The above reasonable (paragraph 4.a. above) or specified (paragraph 4.b. above) visitation shall be:
[/ if applies]
_ a. supervised by a responsible adult who is mutually agreeable to the parties. If the parties cannot agree, the supervising adult shall be: {name}_
_ b. at the supervised visitation center located at: {address} _ subject to the available times and rules of the supervised visitation center. The cost of such visits shall be paid by ( ) Mother ( ) Father ( ) Both.
6. Communication Arrangements for Secondary Parenting, Visitation, or Time Sharing with Child(ren).
[/ if applies]
_ The parties’ communications to arrange visitation or time sharing and discuss issues relating to the children) (if shared parenting or visitation is provided in paragraph 3 above) are restricted as follows: ( ) telephone, ( ) fax, e-mail, or letter, ( ) A responsible person shall coordinate the visitation or time sharing arrangements of the minor child(ren). If the parties cannot agree, the responsible person shall be: {name}
( ) other conditions for arrangements or discussions: {explain}
7. Exchange of Minor Child(ren). The exchange of the minor child(ren) shall be on time as scheduled and as agreed to by the parties. The following conditions, if checked below, shall also apply.
[/ all that apply]
_ a. The parties shall exchange the child(ren) at the following location(s): _
_ b. The parent granted secondary parenting, visitation, or time sharing shall not get out of the vehicle, and the other parent shall not approach the vehicle, during the time the child(ren) are exchanged.
_ c. A responsible person shall conduct all exchanges of the child(ren). Neither parent shall accompany the responsible person when that person is transferring the child(ren) from one parent to the other. If the parties’ cannot agree, the responsible person shall be: {name} _
_ d. Other conditions for exchange of the child(ren) are as follows: _
_ 8. Injunction Prohibiting Removing the Child(ren). The Court hereby prohibits and enjoins the ( ) Mother ( ) Father ( ) Both from permanently removing the minor child(ren) from the ( ) State of Florida ( ) other {specify} _ without a court order or the written consent of the other party.
*493 [[Image here]]
SECTION III. CHILD SUPPORT
1. Modification of Child Support.
[/ one only]
_ a. The modification of parental responsibility or visitation entered above does not necessitate a modification of child support. The previous order or final judgment establishing or modifying child support shall remain in effect.
_ b. The Court finds that there is a need for modification of child support and that the ( ) Mother ( ) Father (hereinafter Obligor) has the present ability to pay child support. The amounts in the Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e), filed by the ( ) Mother ( ) Father are correct OR the Court makes the following findings: The Mother’s net monthly income is $-, (Child Support Guidelines-%). The Father’s net monthly income is $_, (Child Support Guidelines _%). Monthly child care costs are $_Monthly health/dental insurance costs are $_
2. Amount. Obligor shall be obligated to pay child support in the amount of $_, per month payable ( ) in accordance with Obligor’s employer’s payroll cycle, and in any event at least once a month ( ) other {explain}: _ beginning {date}_, and continuing until
( ) the youngest of the minor ehild(ren) reaches the age of 18, become(s) emancipated, marries, dies, or otherwise becomes self-supporting OR one of the minor children reaches the age of 18, become(s) emancipated, marries, dies, or otherwise becomes self-supporting and either party files a supplemental petition to modify child support and the court enters such an order.
OR
( ) {date/event} _,
{explain}_
If the child support ordered deviates from the guidelines by more than 5%, the factual findings which support that deviation are: _
3.Arrearage/Retroactive Child Support.
[/ one only]
_ a. There is no child support arrearage at the time of this Supplemental Final Judgment.
_ b. The ( ) Mother ( ) Father shall pay to the other party the child support arrearage of: $_ for retroactive child support, as of {date}_ $_for previously ordered unpaid child support, as of {date}_The total of $_ in child support arrearage shall be repaid in the amount of $-, per month payable ( ) in accordance with Obligor’s employer’s payroll cycle, and in any event at least once a month ( ) other {explain} _ beginning {date}_, until paid in full including statutory interest.
*494 4.Insurance.
[/ all that apply]
_ a. Health/Dental Insurance. ( ) Mother ( ) Father shall be required to maintain ( ) health ( ) dental insurance coverage for the parties’ minor child(ren), so long as reasonably available. The party providing coverage shall be required to convey insurance cards demonstrating said coverage to the other party. OR ( ) Health ( ) dental insurance is not reasonably available at this time.
_ b. Reasonable and necessary uninsured medical/dental/prescription drug costs for the minor children) shall be assessed as follows:
( ) Shared equally by both parents.
( ) Prorated according to the child support guideline percentages.
( ) Other {explain}: _ As to these uninsured medical/dental/prescription drug expenses, the party who incurs the expense shall submit a request for reimbursement to the other party within 30 days, and the other party, within 30 days of receipt, shall submit the applicable reimbursement for that expense, according to the schedule of reimbursement set out in this paragraph.
5. Life Insurance (to secure payment of support). To secure the child support obligations in this judgment, ( ) Petitioner ( ) Respondent ( ) Each party shall maintain life insurance coverage, in an amount of at least $_, on ( ) his life ( ) her life ( ) his/her life naming the ( ) minor ehild(ren) as the benefieiary(ies) ( ) primary residential parent as the beneficiary as Trustee for the minor child(ren), so long as reasonably available. The obligation to maintain the life insurance coverage shall continue until the first of the parties’ minor children reaches the age of 18 or until one of the parties’ children becomes emancipated, marries, dies, otherwise becomes self-supporting, at which time the amount of life insurance shall be recomputed.
6. IRS Income Tax Exemption(s). The party granted primary residential responsibility or sole parental responsibility of the minor child(ren) shall have the benefit of any tax exemption(s) for the child(ren), OR, if checked here, ( ) assignment of any tax exemption(s) for the child(ren) shall be as follows: _ Further, each party shall execute any and all IRS forms necessary to effectuate the provisions of this paragraph.
7.Other provisions relating to child support: _
SECTION IV. METHOD OF PAYMENT
Obligor shall pay court-ordered child support and arrears, if any, as follows:
1. Central Governmental Depository.
[/ if applies]
— a. Obligor shall pay court-ordered support directly to the Central Governmental Depository in {name of county}_County, along with any depository service charge.
_ b. Both parties have requested and the court finds that it is in the best interests of the child(ren) that support payments need not be directed through the Central Governmental Depository. However, either party may subsequently apply to the depository pursuant to section 61.13(l)(d)3, Florida Statutes, to require payments through the Central Governmental Depository.
2. Income Deduction.
[/ if applies]
*495 _ a. Immediate. Obligor shall pay through income deduction, pursuant to a separate Income Deduction Order which shall be effective immediately. Obligor is individually responsible for paying this support obligation until all of said support is deducted from Obligor’s income. Until support payments are deducted from Obligor’s paycheck, Obligor is responsible for making timely payments directly to the Central Governmental Depository or the Obligee, as previously set forth in this order.
_ b. Deferred. Income deduction is ordered this day, but it shall not be effective until a delinquency of $_, or, if not specified, an amount equal to one month’s obligation occurs. Income deduction is not being implemented immediately based on the following findings: Income deduction is not in the best interests of the child(ren) because: {explain} -
AND
there is proof of timely payment of a previously ordered obligation without an income deduction order,
AND
( ) there is an agreement by the Obligor to advise the central governmental depository of any change in payor and health insurance OR ( ) there is a signed written agreement providing an alternative arrangement between the Obligor and the Obligee.
3. Bonus/one-time payments. ( ) All ( )_% ( ) No income paid in the form of a bonus or other similar one-time payment, up to the amount of any arrearage or the remaining balance thereof owed pursuant to this order, shall be forwarded to Obligee pursuant to the payment method prescribed above.
4. Other provisions relating to method of payment. -
SECTION Y. ATTORNEY FEES, COSTS, AND SUIT MONEY
_ 1. ( ) Petitioner’s ( ) Respondent’s request(s) for attorney fees, costs, and suit money is (are) denied because-
_ 2. The Court finds there is a need for and an ability to pay attorney fees, costs, and suit money. ( ) Petitioner ( ) Respondent is hereby ordered to pay to the other party $_in attorney fees, and $_in costs. The Court further finds that the attorney fees awarded are based on the reasonable rate of $_per hour and-reasonable hours. Other provisions relating to attorney fees, costs, and suit money are as follows: -
SECTION VI. OTHER
1.Other Provisions.
2. The Court reserves jurisdiction to modify and enforce this Supplemental Final Judgment.
3. Unless specifically modified by this supplemental final judgment, the provisions of all final judgments or orders in effect remain the same.
[[Image here]]
*496 [[Image here]]
SUPPLEMENTAL FINAL JUDGMENT MODIFYING CHILD SUPPORT
This cause came before this Court on a Supplemental Petition for Modification of Child Support. The Court, having heard the testimony and reviewed the file and financial affidavits of the parties and being otherwise fully advised, makes these findings of fact and reaches these conclusions of law:
SECTION I. FINDINGS
1. The Court has jurisdiction over the subject matter and the parties.
[[Image here]]
*497 SECTION II. CHILD SUPPORT
1. The Court finds that there is a need for modification of child support and that the ( ) Mother ( ) Father (hereinafter Obligor) has the present ability to pay child support. The amounts in the Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e), filed by the ( ) Mother ( ) Father are correct OR the Court makes the following findings: The Mother’s net monthly income is $_, (Child Support Guidelines _%). The Father’s net monthly income is $_, (Child Support Guidelines-%). Monthly child care costs are $_Monthly health/dental insurance costs are $_
2. Amount. Obligor shall be obligated to pay child support in the amount of $_, per month payable ( ) in accordance with Obligor’s employer’s payroll cycle, and in any event at least once a month ( ) other {explain}: _ beginning {date}_, and continuing until
( ) the youngest of the minor child(ren) reaches the age of 18, become(s) emancipated, marries, dies, or otherwise becomes self-supporting OR one of the minor children reaches the age of 18, become(s) emancipated, marries, dies, or otherwise becomes self-supporting and either party files a supplemental petition to modify child support and the court enters such an order.
OR
( ) {date/event} -,
{iexplain}-
If the child support ordered deviates from the guidelines by more than 5%, the factual findings which support that deviation are: _
3.Arrearage/Retroactive Child Support.
[/ one only]
_ a. There is no child support arrearage at the time of this Supplemental Final Judgment.
_ b. The ( ) Mother ( ) Father shall pay to the other party the child support arrearage of: $_ for retroactive child support, as of {date}_ $_for previously ordered unpaid child support, as of {date}The total of $_in child support arrearage shall be repaid in the amount of $._, per month payable ( ) in accordance with his or her employer’s payroll cycle, and in any event at least once a month ( ) other {explain} - beginning {date}_, until paid in full including statutory interest.
4.Insurance.
[/ all that apply]
_ a. Health/Dental Insurance. ( ) Mother ( ) Father shall be required to maintain ( ) health ( ) dental insurance coverage for the parties’ minor child(ren), so long as reasonably available. The party providing coverage shall be required to convey insurance cards demonstrating said coverage to, the other party. OR ( ) Health ( ) Dental insurance is not reasonably available at this time.
_ b. Reasonable and necessary uninsured medical/dental/prescription costs for the minor children) shall be assessed as follows:
( ) Shared equally by both parents.
( ) Prorated according to the child support guideline percentages.
( ) Other {explain}: - As to these uninsured medical/dental/prescription expenses, the party who incurs the expense shall submit a request for reimbursement to the other party within 30 days, and the other party, within 30 days of receipt, shall submit the applicable reimburse *498 ment for that expense, according to the schedule of reimbursement set out in this paragraph.
5. Life Insurance (to secure payment of support). To secure the child support obligations in this judgment, ( ) Mother ( ) Father ( ) Each party shall maintain life insurance coverage, in an amount of at least $-, on ( ) his life ( ) her life ( ) his/her life naming the ( ) minor child(ren) as the beneficiary(ies) ( ) primary residential parent as the beneficiary as Trustee for the minor child(ren), so long as reasonably available. The obligation to maintain the life insurance coverage shall continue until the first of the parties’ minor children reaches the age of 18 or until one of the parties’ children becomes emancipated, marries, dies, otherwise becomes self-supporting, at which time the amount of life insurance coverage shall be recomputed.
6. IRS Income Tax Exemption(s). The party granted primary residential responsibility or sole parental responsibility of the minor child(ren) shall have the benefit of any tax exemption(s) for the children), OR, if checked here, ( ) assignment of any tax exemption(s) for the child(ren) shall be as follows: _ Further, each party shall execute any and all IRS forms necessary to effectuate the provisions of this paragraph.
7. Other provisions relating to child support: _
SECTION III. METHOD OF PAYMENT
1. Central Governmental Depository.
[/ if applies]
_ a. Obligor shall pay court-ordered support directly to the Central Governmental Depository in {name of county}__ County, along with any depository service charge.
_ b. Both parties have requested and the court finds that it is in the best interests of the child(ren) that support payments need not be directed through the Central Governmental Depository. However, either party may subsequently apply to the depository pursuant to section 61.13(l)(d)3, Florida Statutes, to require payments through the Central Governmental Depository.
2. Income Deduction.
[/ if applies]
___ a. Immediate. Obligor shall pay through income deduction, pursuant to a separate Income Deduction Order which shall be effective immediately. Obligor is individually responsible for paying this support obligation until all of said support is deducted from Obligor’s income. Until support payments are deducted from Obligor’s paycheck, Obligor is responsible for making timely payments directly to the Central Governmental Depository or the Obligee, as previously set forth in this order.
_ b. Deferred. Income deduction is ordered this day, but it shall not be effective until a delinquency of $_, or, if not specified, an amount equal to one month’s obligation occurs. Income deduction is not being implemented immediately based on the following findings: Income deduction is not in the best interests of the children) because: {explain} _
AND
there is proof of timely payment of a previously ordered obligation without an income deduction order,
AND
*499 ( ) there is an agreement by the Obligor to advise the central governmental depository of any change in payor and health insurance OR ( ) there is a signed written agreement providing an alternative arrangement between the Obligor and the Obligee.
3. Bonus/one-time payments. ( ) All ( )_% ( ) No income paid in the form of a bonus or other similar one-time payment, up to the amount of any arrearage or the remaining balance thereof owed pursuant to this order, shall be forwarded to Obligee pursuant to the payment method prescribed above.
4. Other provisions relating to method of payment. -
SECTION IY. ATTORNEY FEES, COSTS, AND SUIT MONEY
_ 1. ( ) Petitioner’s ( ) Respondent’s request(s) for attorney fees, costs, and suit money is (are) denied because-
_ 2. The Court finds there is a need for and an ability to pay attorney fees, costs, and suit money. ( ) Petitioner ( ) Respondent is hereby ordered to pay to the other party $_in attorney fees, and $_in costs. The Court further finds that the attorney fees awarded are based on the reasonable rate of $_per hour and — reasonable hours. Other provisions relating to attorney fees, costs, and suit money are as follows: —
SECTION V. OTHER
[[Image here]]
2. The Court reserves jurisdiction to modify and enforce this Supplemental Final Judgment.
3. Unless specifically modified by this supplemental final judgment, the provisions of all final judgments or orders in effect remain the same.
ORDERED on-
CIRCUIT JUDGE
COPIES TO:
Petitioner (or his or her attorney)
Respondent (or his or her attorney)
Central Governmental Depository
Other: _
FORM 12.993(c). SUPPLEMENTAL FINAL JUDGMENT MODIFYING ALIMONY
IN THE CIRCUIT COURT OF THE_JUDICIAL CIRCUIT, IN AND FOR_COUNTY, FLORIDA
*500 [[Image here]]
SUPPLEMENTAL FINAL JUDGMENT MODIFYING ALIMONY
This cause came before this Court on a Supplemental Petition for Modification of Alimony. The Court, having heard the testimony and reviewed the file and financial affidavits of the parties and being otherwise fully advised, makes these findings of fact and reaches these conclusions of law:
SECTION I. FINDINGS
1. The Court has jurisdiction over the subject matter and the parties.
2. The last order awarding or modifying alimony was entered on {date}_
3. There has been a substantial change in circumstances of the parties since the entry of the last order, specifically: _
SECTION II. ALIMONY
1. ( ) The Court denies the request(s) for modification of alimony OR
( ) The Court finds that there is a need to modify alimony and that ( ) Petitioner ( ) Respondent (hereinafter Obligor) has/had the present ability to pay alimony as follows:
[/ all that apply]
— a. Permanent Periodic. Obligor shall pay permanent periodic alimony to Obligee in the amount of $____ per month, payable ( ) in accordance with Obligor’s employer’s payroll cycle, and in any event, at least once a month ( ) other {explain} beginning {date}_, This alimony shall continue until modified by court order, the death of either party, or remarriage of Obligee, whichever occurs first.
— b. Lump Sum. Obligor shall pay lump sum alimony to Obligee in the amount of $_This amount shall be paid as follows: _
- c. Rehabilitative. Obligor shall pay rehabilitative alimony to Obligee in the amount of $-per month, payable ( ) in accordance with Obligor’s employer’s payroll cycle, and in any event, at least once a month ( ) other {explain} _ beginning {date}_This rehabilitative alimony shall continue until modified by court order, the death of either party or until {date/event} __, whichever occurs first. The rehabilitative plan presented demonstrated the following:
*501 _ d. Retroactive. Obligor shall pay retroactive alimony in the amount of $-for the period of {date} _, through {date} _, which shall be paid pursuant to paragraph 3 below.
2.Reasons for ( ) Awarding ( ) Denying Modification of Alimony. The Court has considered all of the following in awarding/denying the modification of alimony request:
a. The standard of living established during the marriage;
b. The duration of the marriage;
c. The age and the physical and emotional condition of each party;
d. The financial resources of each party, the nonmarital and the marital assets and liabilities distributed to each;
e. The contribution of each party to the marriage, including, but not limited to, services rendered in homemaking, child care, education, and career building of the other party; and
f. All sources of income available to either party.
[[Image here]]
□ Check here if additional pages are attached.
3.Arrearage/Retroactive Alimony.
[/ one only]
_ a. There is no alimony arrearage at the time of this Supplemental Final Judgment.
_ b. The ( ) Petitioner ( ) Respondent shall pay to the other party the alimony arrearage of: $_ for retroactive alimony, as of {date}-$_for previously ordered unpaid alimony, as of {date}-The total of $_in alimony arrearage shall be repaid in the amount of $- per month, payable ( ) in accordance with Obligor’s employer’s payroll cycle, and in any event at least once a month ( ) other {explain} - beginning {date}_, until paid in full including statutory interest.
4. Insurance.
[/ all that apply]
_ a. Health Insurance. ( ) Petitioner ( ) Respondent shall be required to pay health insurance premiums for the other party not to exceed $-per month. Further, ( ) Petitioner ( ) Respondent shall pay any reasonable and necessary uninsured medical costs for the other party not to exceed $-per year. As to these uninsured medical expenses, the party who is entitled to reimbursement of the uninsured medical expense shall submit request for reimbursement to the other party within 30 days, and the other party shall, within 30 days after receipt, submit the applicable reimbursement for that expense.
_ b. Life Insurance (to secure payment of support). To secure the alimony obligations set forth in this judgment, Obligor shall maintain life insurance coverage on his/her life naming Obligee as the sole irrevocable beneficiary, so long as reasonably available. This insurance shall be in the amount of at least $_and shall remain in effect until the obligation for alimony terminates.
[[Image here]]
SECTION III. METHOD OF PAYMENT
*502 1. Central Governmental Depository.
[/ if applies]
_ a. Obligor shall pay court-ordered support directly to the Central Governmental Depository in {name of county}_County, along with any depository service charge.
_ b. Both parties have requested that support payments not be directed through the Central Governmental Depository. However, either party may subsequently apply to the depository pursuant to section 61.08, Florida Statutes, to require payments through the Central Governmental Depository.
2. Income Deduction.
[/ if applies]
_ a. Immediate. Obligor shall pay through income deduction, pursuant to a separate Income Deduction Order which shall be effective immediately. Obligor is individually responsible for paying this support obligation until all of said support is deducted from Obligor’s income. Until support payments are deducted from Obligor’s paycheck, Obligor is responsible for making timely payments directly to the Central Governmental Depository or the Obligee, as previously set forth in this order.
___ b. Deferred. Income Deduction is ordered this day, but it shall not be effective until a delinquency of $__, or, if not specified, an amount equal to one month’s obligation occurs. Income deduction is not being implemented immediately based on the following findings: There is (are) no minor or dependent child(ren) common to the parties,
AND
there is proof of timely payment of a previously ordered obligation without an income deduction order,
AND
( ) there is an agreement by the Obligor to advise the central governmental depository of any change in payor and health insurance OR ( ) there is a signed written agreement providing an alternative arrangement between the Obligor and the Obligee.
3. Bonus/one-time payments. ( ) All ( )_% ( ) No income paid in the form of a bonus or other similar one-time payment, up to the amount of any arrearage or the remaining balance thereof owed pursuant to this order, shall be forwarded to Obligee pursuant to the payment method prescribed above.
4. Other provisions relating to method of payment._
SECTION IV. ATTORNEY FEES, COSTS, AND SUIT MONEY
_ 1. ( ) Petitioner’s ( ) Respondent’s request(s) for attorney fees, costs, and suit money is (are) denied because_
_ 2. The Court finds there is a need for and an ability to pay attorney fees, costs, and suit money. ( ) Petitioner ( ) Respondent is hereby ordered to pay to the other party $_in attorney fees, and $_ in costs. The Court further finds that the attorney fees awarded are based on the reasonable rate of $_per hour and_reasonable hours. Other provisions relating to attorney fees, costs, and suit money are as follows: _
SECTION V. OTHER
1. Other Provisions:
*503 [[Image here]]
2. The Court reserves jurisdiction to modify and enforce this Supplemental Final Judgment.
3. Unless specifically modified by this supplemental final judgment, the provisions of all final judgments or orders in effect remain the same.
[[Image here]]
FINAL JUDGMENT FOR SUPPORT UNCONNECTED WITH DISSOLUTION OF MARRIAGE WITH DEPENDENT OR MINOR CHILD(REN)
This cause came before this Court on a Petition for Support Unconnected with Dissolution of Marriage under section 61.09, Florida Statutes. The Court, having reviewed the file and heard the testimony, makes these findings of fact and reaches these conclusions of law:
1. The Court has jurisdiction over the subject matter and the parties.
2. Petitioner has custody of the following minor child(ren) common to the parties or the children) has (have) primary residence with Petitioner.
[[Image here]]
SECTION I. ALIMONY
*504 1. ( ) The Court denies the request(s) for alimony. OR
( ) The Court finds that there is a need for alimony and that Respondent has/had the ability to support Petitioner and has failed to do so. Respondent (hereinafter Obligor) has the present ability to pay alimony as follows:
[/ all that apply]
___ a. Permanent Periodic. Obligor shall pay permanent periodic alimony to Obligee in the amount of $_ per month, payable ( ) in accordance with Obligor’s employer’s payroll cycle, and in any event, at least once a month ( ) other {explain} beginning {date}_This alimony shall continue until modified by court order, the death of either party, or remarriage of Obligee, whichever occurs first.
_ b. Lump Sum. Obligor shall pay lump sum alimony to Obligee in the amount of $_This amount shall be paid as follows: ___
c.Rehabilitative. Obligor shall pay rehabilitative alimony to Obligee in the amount of $_per month, payable ( ) in accordance with Obligor’s employer’s payroll cycle, and in any event, at least once a month ( ) other {explain} _ beginning {date}_This rehabilitative alimony shall continue until modified by court order, the death of either party or until {date/event} _, whichever occurs first. The rehabilitative plan presented demonstrated the following:
_ d. Retroactive. Obligor shall pay retroactive alimony in the amount of $_for the period of {date} _, through {date} _, which shall be paid pursuant to paragraph 3 below.
2.Reasons for ( ) Awarding ( ) Denying Alimony. The Court has considered all of the following in awarding/denying alimony:
a. The standard of living established during the marriage;
b. The duration of the marriage;
c. The age and the physical and emotional condition of each party;
d. The financial resources of each party, the nonmarital and the marital assets and liabilities distributed to each;
e. The contribution of each party to the marriage, including, but not limited to, services rendered in homemaking, child care, education, and career building of the other party; and
f. All sources of income available to either party.
[[Image here]]
□ Check here if additional pages are attached.
3.Arrearage/Retroactive Alimony.
[/ one only]
_ a. There is no alimony arrearage at the time of this Final Judgment.
_ b. Respondent shall pay to Petitioner the alimony arrearage of: $_ for retroactive alimony, as of {date}_$_ for previously ordered unpaid alimony, as of {date}_The total of $_in alimony arrearage shall be repaid in the amount of $_per month, payable ( ) in accordance with Obligor’s employer’s payroll cycle, and in any event, at least once a month ( ) other {explain} _ beginning {date}_, until paid in full including statutory interest.
*505 4. Insurance.
[/ all that apply]
_ a. Health Insurance. ( ) Petitioner ( ) Respondent shall be required to pay health insurance premiums for the other party not to exceed $__ per month. Further, ( ) Petitioner ( ) Respondent shall pay any reasonable and necessary uninsured medical costs for the other party not to exceed $-per year. As to these uninsured medical expenses, the party who is entitled to reimbursement of the uninsured medical expense shall submit a request for reimbursement to the other party within 30 days, and the other party shall, within 30 days after receipt, submit the applicable reimbursement for that expense.
_ b. Life Insurance (to secure payment of support). To secure the alimony obligations set forth in this judgment, Obligor shall maintain life insurance coverage on his/her life naming Obligee as the sole irrevocable beneficiary, so long as reasonably available. This insurance shall be in the amount of at least $_and shall remain in effect until the obligation for alimony terminates.
5. Other provisions relating to alimony: -
SECTION II. CHILD SUPPORT
1. The Court finds that there is a need for child support and that the ( ) Mother ( ) Father (hereinafter Obligor) has the present ability to pay child support. The amounts in the Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e), filed by the ( ) Mother ( ) Father are correct OR the Court makes the following findings: The Mother’s net monthly income is $_, (Child Support Guidelines _%). The Father’s net monthly income is $_, (Child Support Guidelines _%). Monthly child care costs are $_Monthly health/dental insurance costs are $-
2. Amount. Obligor shall be obligated to pay child support in the amount of $-, per month payable ( ) in accordance with Obligor’s employer’s payroll cycle, and in any event at least once a month ( ) other {explain}: - beginning {date}_, and continuing
( ) until the first of the parties’ minor children reaches the age of 18 or until one of the parties’ children becomes emancipated, marries, dies, otherwise becomes self-supporting, at which time the child support shall be recomputed under the then-current Child Support Guidelines
OR
( ) until {date/event} _,
{explain}-
If the child support ordered deviates from the guidelines by more than 5%, the factual findings which support that deviation are:
3.Arrearage/Retroactive Child Support.
y one only]
_ a. There is no child support arrearage at the time of this Final Judgment.
_ b. The ( ) Mother ( ) Father shall pay to the other party the child support arrearage of: $_ for retroactive child support, as of {date}-$_for previously ordered unpaid child support, as of {date}_ The total of $_in child support arrearage shall be repaid in the amount of $_per month, payable ( ) in accordance with Obligor’s employer’s payroll
*506 cycle, and in any event, at least once a month ( ) other {explain} beginning {date}_, until paid in full including statutory interest.
4. Insurance.
[/ all that apply]
_ a. Health/Dental Insurance. ( ) Mother ( ) Father shall be required to maintain ( ) health ( ) dental insurance coverage for the parties’ minor child(ren), so long as reasonably available. The party providing coverage shall be required to convey insurance cards demonstrating said coverage to the other party. OR ( ) Health ( ) dental insurance is not reasonably available at this time.
_ b. Reasonable and necessary uninsured medical/dental/prescription drug costs for the minor child(ren) shall be assessed as follows:
( ) Shared equally by both parents.
( ) Prorated according to the child support guideline percentages.
( ) Other {explain}: _ As to these uninsured medical/dental/prescription drug expenses, the party who incurs the expense shall submit a request for reimbursement to the other party within 30 days, and the other party, within 30 days of receipt, shall submit the applicable reimbursement for that expense, according to the schedule of reimbursement set out in this paragraph.
5. Life Insurance (to secure payment of support). To secure the child support obligations in this judgment, ( ) Petitioner ( ) Respondent ( ) Each party shall maintain life insurance coverage, in an amount of at least $._, on ( ) his life ( ) her life ( ) his/her life naming the ( ) minor ehild(ren) as the beneficiary(ies) ( ) primary residential parent as the beneficiary as Trustee for the minor children). The obligation to maintain the life insurance coverage shall continue until the youngest child turns 18, becomes emancipated, marries, dies, or otherwise becomes self-supporting.
6. IRS Income Tax Exemption(s). Petitioner shall have the benefit of any tax exemption^) for the child(ren), OR, if checked here, ( ) assignment of any tax exemption(s) for the child(ren) shall be as follows: _ Further, each party shall execute any and all IRS forms necessary to effectuate the provisions of this paragraph.
7. Other provisions relating to child support: _
SECTION III. METHOD OF PAYMENT
Obligor shall pay court-ordered child suppori/alimony and arrears, if any, as follows:
1. Central Governmental Depository.
[/ if applies]
— a. Obligor shall pay court-ordered support directly to the Central Governmental Depository in {name} ___ County, along with any depository service charge.
— b. Both parties have requested and the court finds that it is in the best interests of the child(ren) that support payments need not be directed through the Central Governmental Depository. However, either party may subsequently apply to the depository pursuant to section 61.08 or 61.13, Florida Statutes, to require payments through the Central Governmental Depository.
2. Income Deduction.
[/ if applies]
*507 _ a. Immediate. Obligor shall pay through income deduction, pursuant to a separate Income Deduction Order which shall be effective immediately. Obligor is individually responsible for paying this support obligation until all of said support is deducted from Obligor’s income. Until support payments are deducted from Obligor’s paycheck, Obligor is responsible for making timely payments directly to the Central Governmental Depository or the Obligee, as previously set forth in this order.
_ b. Deferred. Income deduction is ordered this day, but it shall not be effective until a delinquency of $_, or, if not specified, an amount equal to one month’s obligation occurs. Income deduction is not being implemented immediately based on the following findings: Income deduction is not in the best interests of the child(ren) because: {explain} --
AND
there is proof of timely payment of a previously ordered obligation without an income deduction order in cases of modification,
AND
( ) there is an agreement by the Obligor to advise the central governmental depository of any change in payor and health insurance OR ( ) there is a signed written agreement providing an alternative arrangement between the Obligor and the Obligee.
3. Bonus/one-time payments. ( ) All ( )-% ( ) No income paid in the form
of a bonus or other similar one-time payment, up to the amount of any arrearage or the remaining balance thereof owed pursuant to this order, shall be forwarded to Obligee pursuant to the payment method prescribed above.
4. Other provisions relating to method of payment.-
SECTION IV. ATTORNEY FEES, COSTS, AND SUIT MONEY
_ 1. ( ) Petitioner’s ( ) Respondent’s request(s) for attorney fees, costs, and suit money is (are) denied because-
_ 2. The Court finds there is a need for and an ability to pay attorney fees, costs, and suit money. ( ) Petitioner ( ) Respondent is hereby ordered to pay to the other party $_in attorney fees, and $_in costs. The Court further finds that the attorney fees awarded are based on the reasonable rate of $per hour and_reasonable hours. Other provisions relating to attorney fees, costs, and suit money are as follows: -
SECTION V. OTHER PROVISIONS
[[Image here]]
2. The Court reserves jurisdiction to modify and enforce this Final Judgment.
ORDERED on_
CIRCUIT JUDGE
*508 COPIES TO:
Petitioner (or his or her attorney)
Respondent (or his or her attorney)
Central Governmental Depository
Other: _
FORM 12.994(b). FINAL JUDGMENT FOR SUPPORT UNCONNECTED WITH DISSOLUTION OF MARRIAGE WITH NO DEPENDENT OR MINOR CHILD(REN)
IN THE CIRCUIT COURT OF THE_JUDICIAL CIRCUIT, IN AND FOR_COUNTY, FLORIDA
[[Image here]]
FINAL JUDGMENT FOR SUPPORT UNCONNECTED WITH DISSOLUTION OF MARRIAGE WITH NO DEPENDENT OR MINOR CHILD(REN)
This cause came before this Court on a Petition for Support Unconnected with Dissolution of Marriage under section 61.09, Florida Statutes. The Court, having reviewed the file and heard the testimony, makes these findings of fact and reaches these conclusions of law:
1. The Court has jurisdiction over the subject matter and the parties.'
2. The parties have no minor or dependent children in common, and the wife is not pregnant.
SECTION I. ALIMONY
1. ( ) The Court denies the request(s) for alimony. OR
( ) The Court finds that there is a need for alimony and that Respondent has/had the ability to support Petitioner and has failed to do so. Respondent (hereinafter Obligor) has the present ability to pay alimony as follows:
[/ all that apply]
— a. Permanent Periodic. Obligor shall pay permanent periodic alimony to Obligee in the amount of $- per month, payable ( ) in accordance with Obligor’s employer’s payroll cycle, and in any event, at least once a month ( ) other {explain} beginning {date}-This alimony shall continue until modified by court order, the death of either party, or remarriage of Obligee, whichever occurs first.
— b. Lump Sum. Obligor shall pay lump sum alimony to Obligee in the amount of $-This amount shall be paid as follows: _
— c. Rehabilitative. Obligor shall pay rehabilitative alimony to Obligee in the amount of $-per month, payable ( ) in accordance with Obligor’s employer’s payroll cycle, and in any event, at least once a month ( ) other {explain} _ beginning {date}-This rehabilitative alimony shall continue until modified by court order, the death of either party or until {date/event} _, *509 whichever occurs first. The rehabilitative plan presented demonstrated the following:
d.Retroactive. Obligor shall pay retroactive alimony in the amount of $_for the period of {date} _, through {date} _, which shall be paid pursuant to paragraph 3 below.
Reasons for ( ) Awarding ( ) Denying Alimony. The Court has considered all of the following in awarding'denying alimony: 2.
a. The standard of living established during the marriage;
b. The duration of the marriage;
c. The age and the physical and emotional condition of each party;
d. The financial resources of each party, the nonmarital and the marital assets and liabilities distributed to each;
e. The contribution of each party to the marriage, including, but not limited to, services rendered in homemaking, child care, education, and career building of the other party; and
f. All sources of income available to either party. Additionally, the Court has considered the following factors in reaching its decision:
□ Check here if additional pages are attached.
Arrearage/Retroactive Alimony. 3.
[/ one only]
_ a. There is no alimony arrearage at the time of this Final Judgment.
_ b. Respondent shall pay to Petitioner the alimony arrearage of: $_for retroactive alimony, as of {date}_ $_for previously ordered unpaid alimony, as of {date}The total of $_ in alimony arrearage shall be repaid in the amount of $_per month, payable ( ) in accordance with Obligor’s employer’s payroll cycle, and in any event at least once a month ( ) other {explain} _ beginning {date}_, until paid in full including statutory interest.
4. Insurance.
[/ all that apply]
_ a. Health Insurance. ( ) Petitioner ( ) Respondent shall be required to pay health insurance premiums for the other party not to exceed $_per month. Further, ( ) Petitioner ( ) Respondent shall pay any reasonable and necessary uninsured medical costs for the other party not to exceed $_per year. As to these uninsured medical expenses, the party who is entitled to reimbursement of the uninsured medical expense shall submit a request for reimbursement to the other party within 30 days, and the other party shall, within 30 days after receipt, submit the applicable reimbursement for that expense.
_ b. Life Insurance (to secure payment of support). To secure the alimony obligations set forth in this judgment, Obligor shall maintain life insurance coverage on his/her life naming Obligee as the sole irrevocable beneficiary, so long as reasonably available. This insurance shall be in the amount of at least $_and shall remain in effect until the obligation for alimony terminates.
5. Other provisions relating to alimony:_
*510 SECTION II. METHOD OF PAYMENT
Obligor shall pay court-ordered alimony and arrears, if any, as follows:
1. Central Governmental Depository.
[/ if applies]
_ a. Obligor shall pay court-ordered support directly to the Central Governmental Depository in {name}_County, along with any depository service charge.
2. Income Deduction.
[/ if applies]
_ a. Immediate. Obligor shall pay through income deduction, pursuant to a separate Income Deduction Order which shall be effective immediately. Obligor is individually responsible for paying this support obligation until all of said support is deducted from Obligor’s income. Until support payments are deducted from Obligor’s paycheck, Obligor is responsible for making timely payments directly to the Central Governmental Depository or the Obligee, as previously set forth in this order.
_ b. Deferred. Income Deduction is ordered this day, but it shall not be effective until a delinquency of $_, or, if not specified, an amount equal to one month’s obligation occurs. Income deduction is not being implemented immediately based on the following findings: There are no minor child(ren) common to the parties,
AND
there is proof of timely payment of a previously ordered obligation without an income deduction order in cases of modification,
AND
( ) there is an agreement by the Obligor to advise the central governmental depository of any change in payor and health insurance OR ( ) there is a signed written agreement providing an alternative arrangement between the Obligor and the Obligee.
3. Bonus/One-Time Payments. ( ) All ( ) _% ( ) No income paid in the form of a bonus or other similar one-time payment, up to the amount of any arrearage or the remaining balance thereof owed pursuant to this order, shall be forwarded to Obligee pursuant to the payment method prescribed above.
4. Other provisions relating to method of payment: _
SECTION III. ATTORNEY FEES, COSTS, AND SUIT MONEY
_ 1. ( ) Petitioner’s ( ) Respondent’s request(s) for attorney fees, costs, and suit money is (are) denied because_
— 2. The Court finds there is a need for and an ability to pay attorney fees, costs, and suit money. ( ) Petitioner ( ) Respondent is hereby ordered to pay to the other party $_ in attorney fees, and $_ in costs. The Court further finds that the attorney fees awarded are based on the reasonable rate of $-per hour and — reasonable hours. Other provisions relating to attorney fees, costs, and suit money are as follows: _
SECTION IV. OTHER PROVISIONS
[[Image here]]
*511 [[Image here]]
2. The Court reserves jurisdiction to modify and enforce this Final Judgment.
ORDERED on_
CIRCUIT JUDGE
COPIES TO:
Petitioner (or his or her attorney)
Respondent (or his or her attorney)
Central Governmental Depository
Other: _

. We have jurisdiction. See art. V, § 2(a), Fla. Const.

. Specifically, we discuss forms 12.980(d)(1) (“Temporary Injunction for Protection Against Domestic Violence With Minor Children)”); 12.980(d)(2) (“Temporary Injunction for Protection Against Domestic Violence Without Minor Child(ren)”); 12.980(e)(1) ("Final Judgment of Injunction for Protection Against Domestic Violence With Minor Child(ren) (After Notice)”); 12.980(e)(2) ("Final Judgment of Injunction for Protection Against Domestic Violence Without Minor Child(ren) (After Notice)”); 12.980(Z) ("Temporary Injunction for Protection Against Repeat Violence”); and 12.980(m) ("Final Judgment of Injunction for Protection Against Repeat Violence (After Notice)”).

. This seems especially true insofar as measures already exist to guard against the possible abuse identified by Judge Sullivan (i.e., inappropriately pursuing support matters through domestic violence injunction proceedings instead of through pending litigation between the parties). Specifically, a petitioner seeking an injunction for protection against domestic violence is affirmatively required to disclose, under oath and penalty of perjury, the existence of any other cause(s) of action currenlly pending between the parties. See § 741.30(i)(b), (3)(b)-(c) Fla. Stat. (1999); accord Fla. Fam. L. Form 12.980(b). As such, the petitioner will either properly advise the trial court of any such pending litigation (thereby providing the trial court with information pertinent to its guarding against the abuse at issue) or improperly fail to do so (thereby subjecting the petitioner to perjury charges).

. Judge Sullivan suggests adding standard language that “contact at legal proceedings or through legal counsel constitutes an exception” to the prohibition against third-party contact, urging that "[t]he addition of this exception on the form itself [would] eliminate[] the frequent necessity of having to hand write it into the injunction and avoids turning legal proceedings into technical violations.” Judge Sullivan’s point is well-taken, but we decline to incorporate such standard language at the present time. We instead refer to the Advisory Workgroup on The Florida Supreme Court Approved Family Law Forms established in this opinion.

. The sixteen “rules forms” are forms 12.900(a) ("Disclosure From Nonlawyer”); 12.901(a) ("Petition for Simplified Dissolution of Marriage”); 12.902(b) ("Family Law Financial Affidavit (Short Form)”); 12.902(c) ("Family Law Financial Affidavit”); 12.902(e) ("Child Support Guidelines Worksheet”); 12.902(f)(3) ("Marital Settlement Agreement for Simplified Dissolution of Marriage”); 12.910(a) ("Summons: Personal Service on an Individual”); 12.913(b) ("Affidavit of Diligent Search and Inquiry”); 12.920(a) ("Motion for Referral to General Master”); 12. 920(b)("Order of Referral to General Master”); 12.920(c) ("Notice of Hearing Before General Master”); 12.930(a) ("Notice of Service of Standard Family Law Interrogatories”); 12.930(b) ("Standard Family Law Interrogatories for Original or Enforcement Proceedings”); 12.930(c) ("Standard Family Law Interrogatories for Modification Proceedings”); 12.932 ("Certificate of Compliance with Mandatory Disclosure”); and 12.990(a) ("Final Judgment of Simplified Dissolution of Marriage”).

. Specifically, we have added an. oath block to form 12.902(e) ("Child Support Guidelines Worksheet”). See Reddick v. Reddick, 728 So.2d 374 (Fla. 5th DCA 1999). We have also added a certificate of service block to many of the forms.

. Two such modifications are based on comments by attorney Henry P. Trawick, Jr. First, we disapprove the rules committee’s proposal to strike much of its 1995 commentary to rule 12.000 ("Preface”) due to its historical significance. Second, due to potentially misleading language in rule 12.015(a) ("Forms Adopted as Rules”), we change it in pertinent part to read as follows: "The forms listed in this rule shall be adopted by the rulemaking process in Fla. R. Jud. Admin. 2.130. The Family Law Rules Committee of The Florida Bar shall propose amendments to these forms and any associated instructions.”
Additionally, for obvious reasons, we have sua sponte stricken a reference to "the best interest of the child” in form 12.990(c)(2) ("Final Judgment of Dissolution of Marriage with Property But No Dependent or Minor Children ”) (emphasis added). We have also modified several paternity-related forms to reflect statutory language that the court has discretion to award child support retroactive to the date when the parents did not reside together in the same household with the child, “not to exceed a period of 24 months preceding the filing of the petition,” regardless of whether that date precedes the filing of the petition. § 61.30(17), Fla. Stat. (1999); see Fla. Fam. Law Forms 12.983(a) ("Petition to Determine Paternity and for Related Relief”) and 12.983(c) ("Answer to Petition and Counterpetition to Determine Paternity and for Related Relief”). Finally, we have modified the clerk's signature block in several forms to allow for the signature of a "notary public or deputy clerk.”

. We originally contemplated that the "Florida Supreme Court Approved Forms” would be "removed from the rules and published separately” from the sixteen "rules forms.” In re Amendments to the Florida Family Law Rules of Procedure, 724 So.2d 1159, 1160 (Fla. 1998). However, upon further consideration, we have decided not to take such action because of the importance of having all of the family law rules and forms published comprehensively and consecutively in one place.